**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No.: 08 Civ. 11117 (TPG)<br>ECF Case |
| This Document Relates to:<br>State Law Action, 08 Civ. 11183 | |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF AUSTIN CAPITAL MANAGEMENT, LTD. AND**
**AUSTIN CAPITAL MANAGEMENT GP CORPORATION**

For their answer to Plaintiffs' First Consolidated and Amended Class Action and Verified Derivative Complaint (the "Complaint") in the above-captioned action, defendants Austin Capital Management, Ltd. ("Austin Capital") and Austin Capital Management GP Corporation ("Austin Capital GP") (collectively, the "Austin Capital Defendants"), state as follows in response to each of the respective paragraphs of the Complaint:

1. The Austin Capital Defendants admit only that this action relates to a fraud perpetrated by Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities, LLC ("BMIS"). As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

2. Admit that numerous persons and investors lost money as a result of the fraud perpetrated by Madoff and BMIS. The Austin Capital Defendants further aver that funds of hedge funds under Austin Capital's management paid substantial management fees inuring to the benefit of Tremont Group Holdings, Inc., Tremont Partners, Inc., (collectively "Tremont") and Rye Investment Management Group ("Rye"). The Austin Capital Defendants further aver that they relied on Tremont's and Rye's integrity and monitoring of Madoff and BMIS. As to

the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

3. This paragraph consists solely of Plaintiffs' characterization of their Complaint, to which no response is required.

4. Admit that Tremont and Rye were paid substantial sums to manage the Rye Select Broad Market Prime Fund, L.P. ("Prime Fund") and to monitor Madoff and BMIS and aver that Tremont and Rye failed to fulfill their responsibilities in that capacity. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

5. Admit.

6. Admit that Tremont and Rye failed to investigate Madoff or BMIS and to monitor what Madoff or BMIS were doing with their clients' assets. To the extent any allegations purport to relate to the Austin Capital Defendants, they are denied. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

7. Admit.

8. This paragraph consists solely of Plaintiffs' characterization of their Complaint, to which no response is required.

9. Admit.

10. This paragraph consists solely of Plaintiffs' characterization of their Complaint, to which no response is required.

11. To the extent any allegations purport to relate to the Austin Capital Defendants, they are denied. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

12. Admit.

13. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

14. As to the Austin Capital Defendants, deny. The Austin Capital Defendants otherwise lack knowledge or information sufficient to admit or deny.

15.-18. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

19. This paragraph merely characterizes the Complaint and no response is required.

20.-23. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

24. Admit that the Laborers' Local 17 Pension Fund invested in the Austin Capital Safe Harbor Erisa Dedicated Fund, Ltd. ("SHED") and that, among many other investments, SHED had an interest in the Prime Fund. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

25. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

26.-35. Admit.

36. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

37. Admit.

38. Admit that KPMG provided auditing services to the Prime Fund. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

39.-43. Admit.

44.-46. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

47. Admit that Austin Capital is a Texas limited partnership with its principal offices at 5000 Plaza on the Lake, Suite 250, Austin, Texas. Further admit and aver that Austin Capital is the manager of SHED. The remaining allegations in this paragraph are denied.

48.-54. Admit.

55.-56. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

57. Admit that SHED had, among its many investments, an interest in the Prime Fund. The remaining allegations in this paragraph are denied.

58. Aver that Austin Capital Safe Harbor Master Account, G.P. is a Texas general partnership maintaining its principal place of business in Texas, and that most or all of SHED assets were invested through the Austin Capital Safe Harbor Master Account, G.P. as part of Austin Capital's master-feeder fund structure, and otherwise deny.

59.-60. Admit.

61. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

62.-63. Admit.

64. Admit the allegations in the first sentence of paragraph 64. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

65. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

66. Admit and aver that the investment strategy purportedly employed by Madoff and BMIS involved purchases and sales of individual stocks within the S&P 100 and derivatives on those stocks and/or the S&P 100 index. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

67. Admit and aver that Madoff claimed that he would opportunistically time purchases and sales of individual stocks within the S&P 100 and derivatives on those stocks and/or the S&P 100 index, refer to the Austin Capital Defendants' response to paragraph 66, and except as admitted, averred, and referred, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

68. Refer to the Austin Capital Defendants' response in paragraph 66, and except as referred, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

69. Admit that Madoff's strategy purportedly involved the hedging of risk and that the purported strategy endeavored to obtain positive investment returns regardless of market

fluctuations. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

70. Admit that Madoff enjoyed a favorable reputation and apparently had a favorable investment record. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

71. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

72.-76. Admit.

77.-82. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

83.-85. Admit.

86.-88. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

89. Admit.

90.-97. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

98.-122. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

123.-132. Admit.

133.-134. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

135.-136. These paragraphs appear to characterize and refer to a *MAR/Hedge* article. The Austin Capital Defendants refer to that article for a full and accurate portrayal of its contents and, except as referred, deny.

137.-138. These paragraphs appear to characterize and refer to a *Barron's* article. The Austin Capital Defendants refer to that article for a full and accurate portrayal of its contents and, except as referred, deny.

139.-154. The Austin Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in this paragraph, and therefore deny same.

155.-214. Admit.

215. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

216. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 216. Admit the allegations in the second sentence of paragraph 216.

217.-225. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

226.-234. Admit.

235. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

236.-237. Admit.

238.-239. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

240.-241. Admit.

242. Admit the allegations in the first sentence of paragraph 242. To the extent any of the remaining allegations in paragraph 242 relate to the Austin Capital Defendants, they are denied; otherwise, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

243.-245. Admit.

246. Admit and aver that Tremont violated its responsibilities to investors in the Prime Fund and thereby caused a loss to the Prime Fund and its investors. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

247. Refer to the Austin Capital Defendants' responses in paragraphs 248 through 294, and, except as referred, deny.

248.-249. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

250. Admit.

251.-254. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

255. This paragraph appears to quote and paraphrase records of a lawsuit brought by the Securities and Exchange Commission ("SEC"); refer to those records for a full and accurate portrayal of their content. To the extent further response is required, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

256.-257 These paragraphs appear to quote and paraphrase records of a lawsuit brought by the Securities and Exchange Commission ("SEC"); refer to those records for a full

and accurate portrayal of their content. To the extent further response is required, Austin Capital lacks knowledge or information sufficient to admit or deny.

258.-261. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

262. Admit.

263.-265. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

266. Admit.

267.-271. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

272. Admit.

273.-278. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

279. Admit.

280.-282. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

283. Admit.

284.-288. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

289. Admit.

290. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

291. Admit.

292.-293. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

294. Admit.

295.-298. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

299. This paragraph appears to quote and paraphrase a *Wall Street Journal* article and the Austin Capital Defendants refer to that article for a full and accurate portrayal of its contents. To the extent further response is required, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

300.-303. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

304. This paragraph appears to quote and paraphrase a *New York Times* article and the Austin Capital Defendants refer to that article for a full and accurate portrayal of its contents. To the extent further response is required, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

305.-307. This paragraph appears to quote and paraphrase a *Pension & Investment* article and the Austin Capital Defendants refer to that article for a full and accurate portrayal of its contents. To the extent further response is required, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

308. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

309. This paragraph appears to quote and paraphrase a *Financial Times* article and the Austin Capital Defendants refer to that article for a full and accurate portrayal of its

contents. To the extent further response is required, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

310. Deny as to the Austin Capital Defendants. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

311. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

312.-323. Admit.

324.-326. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

327.-332. Admit.

333. Admit that KPMG had a fiduciary duty to audit the Rye Funds in accordance with GAAS. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

334.-359. Admit.

360. Admit that KPMG assumed the professional duties, described in this paragraph and all of its subparts, in connection with its audit of the Rye Funds. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

361. Admit.

362. Admit that KPMG breached the professional duties and violated GAAS as described in this paragraph and all of its subparts. As to the remaining allegations of this

paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

363.-366. Admit as to KPMG and otherwise the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

367.-376. Admit.

377. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

378. Admit.

379. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

380.-389. Admit.

390.-395. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

396. Deny.

397. Admit and aver that Austin Capital is an investment management firm that manages a family of funds-of-hedge-funds and is the investment manager of SHED. The remaining allegations of this paragraph are denied.

398. Admit and aver that Austin Capital GP is the general partner of Austin Capital and that Austin Capital is the managing general partner of the Safe Harbor Master Account, G.P. Admit and aver further that several Safe Harbor funds, including SHED, invest in the Safe Harbor Master Account, G.P through a master-feeder structure. The remaining allegations of this paragraph are denied.

399. Admit only that Austin Capital received management fees in accordance with the constituent documents of SHED. The remaining allegations of this paragraph are denied.

400. Admit only that a small portion of SHED assets were invested, through the Safe Harbor Master Account, G.P., in the Prime Fund. The remaining allegations of this paragraph are denied.

401. Admit that Austin Capital has held, at certain times, a fiduciary status with respect to SHED for some, but not all, purposes. The remaining allegations of this paragraph are denied.

402. Deny, and aver that this paragraph contains attorney argument and legal conclusions to which no response is required.

403. Admit and aver that Austin Capital is the managing shareholder of SHED and that Austin Capital GP is the general partner of Austin Capital. The remaining allegations of this paragraph are denied.

404. Admit.

405. Admit only that a small portion of SHED assets were invested in the Prime Fund. The remaining allegations of this paragraph are denied.

406. Admit.

407. Admit only that immediately upon learning of Madoff's arrest, Austin Capital notified its investors that a small portion of the assets some of the funds-of-hedge-funds it managed were exposed to Madoff via the Prime Fund. The remaining allegations of this paragraph are denied.

408.-410. Deny.

411.-416. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

417. Deny, and aver that this paragraph contains attorney legal conclusions and is otherwise merely a characterization of the complaint to which no response is required.

418. The allegations in the first sentence of paragraph 418 are denied. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence of paragraph 418.

419.-421. To the extent any of the allegations in this paragraph purport to relate to the Austin Capital Defendants, they are denied. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

422.-423. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

424. Admit and aver only that the Laborers' Local 17 Pension Fund is a shareholder of SHED and that SHED is a general partner of the Austin Capital Safe Harbor Master Account, G.P. and that the Austin Capital Safe Harbor Master Account, G.P. is a limited partner of the Prime Fund. The remaining allegations of this paragraph are denied.

425. This paragraph is merely a characterization of the Complaint to which no response is required.

426-427. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

428. Admit and aver only that the Laborers' Local 17 Pension Fund is a shareholder of SHED and that SHED is a general partner of the Austin Capital Safe Harbor

Master Account, G.P. and that the Austin Capital Safe Harbor Master Account, G.P. is a limited partner of the Prime Fund. The remaining allegations of this paragraph are denied**.**

429.-431. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

432. Admit that plaintiffs have made no demand on the Austin Capital Defendants. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and all of its subparts.

433. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 432 of this Answer as if fully set forth here.

434. This paragraph is merely a characterization of the complaint to which no response is required.

435.-445. Admit.

446. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 445 of this Answer as if fully set forth here.

447. This paragraph is merely a characterization of the complaint to which no response is required.

448.-459. Admit.

460. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 459 of this Answer as if fully set forth here.

461. Admit that Plaintiffs purport to sue as class representatives.

462.-470. Admit.

471. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 470 of this Answer as if fully set forth here.

472. Admit that Plaintiffs purport to sue as class representatives.

473.-480. Admit.

481. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 480 of this Answer as if fully set forth here.

482. Admit that Plaintiffs purport to sue derivatively or as class representatives.

483.-489. Admit as to KPMG. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

490. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 489 of this Answer as if fully set forth here.

491. Admit that Plaintiffs purport to sue derivatively or as class representatives.

492.-496. Admit.

497. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 496 of this Answer as if fully set forth here.

498.-500. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

501. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 500 of this Answer as if fully set forth here.

502. Admit that Plaintiffs purport to sue derivatively.

503. Admit and aver that funds managed by Austin Capital invested in the Rye Funds and paid management fees to Tremont, Rye, and Tremont Affiliates in conjunction with those investments. As to the remaining allegations of this paragraph, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

504.-506. Admit.

507. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 506 of this Answer as if fully set forth here.

508. Admit that Plaintiffs purport to sue derivatively and otherwise deny.

509.-512. The Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

513. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 512 of this Answer as if fully set forth here.

514. Admit that Plaintiffs purport to sue derivatively and otherwise deny.

515.-516. Admit.

517. The Austin Capital Defendants understand this paragraph to be referring to defendants Tremont and Tremont Affiliates and on that basis admit. To the extent any of the allegations in this paragraph purport to relate to the Austin Capital Defendants, they are denied.

518. Admit.

519. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 518 of this Answer as if fully set forth here.

520. Admit that Plaintiffs purport to sue derivatively and otherwise deny.

521.-527. Admit as to KPMG and otherwise lack knowledge or information sufficient to admit or deny.

528. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 527 of this Answer as if fully set forth here.

529. Admit that Plaintiffs purport to sue derivatively and otherwise deny.

530.-534. Admit.

535. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 534 of this Answer as if fully set forth here.

536. Admit that Plaintiffs purport to sue derivatively and otherwise deny.

537. Admit.

538. The Austin Capital Defendants understand this paragraph to be referring to defendants Tremont and Tremont affiliates and on that basis admit. To the extent any of the allegations in this paragraph purport to relate to the Austin Capital Defendants, they are denied.

539. Admit.

540. Admit and aver that investors in Tremont and Rye were harmed and otherwise lack knowledge or information sufficient to admit or deny.

541. Admit that funds managed by Austin Capital were damaged by Tremont as alleged in paragraphs 537-540. Otherwise, the Austin Capital Defendants lack knowledge or information sufficient to admit or deny.

542. Admit that plaintiffs purport to sue derivatively and that plaintiffs seek restitution and disgorgement.

543. The Austin Capital Defendants incorporate by reference the admissions, denials, averments, and responses contained in paragraphs 1 through 542 of this Answer as if fully set forth here.

544. Deny, and aver that this paragraph contains attorney legal conclusions to which no response is required.

545. Admit and aver that Austin Capital was, at certain times, a fiduciary for certain purposes, and otherwise deny.

546.-547. Deny.

## PRAYER FOR RELIEF

WHEREFORE, the Austin Capital Defendants deny that plaintiff is entitled to any of the relief sought in the Complaint, and further deny each and every allegation of the Complaint not expressly admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Austin Capital Defendants acted at all times in conformance with any applicable requirements of reasonableness or due care.

3. The Austin Capital Defendants acted at all times in conformance with any applicable fiduciary duties, including, without limitation, any duty to act with the care, skill,

prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims.

4. The Austin Capital Defendants acted at all times in good faith and in the honest belief that their decisions were in the best interest of their clients and consistent with applicable law.

5. Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, laches, waiver, ratification, and unclean hands.

6. Plaintiffs lack standing to pursue their claims.

7. Plaintiffs have failed to join indispensable parties.

8. Plaintiffs have brought this action in an improper venue.

9. Any losses alleged by Plaintiffs were not caused by any act, fault, or omission of the Austin Capital Defendants, but were caused by an intervening, superseding cause for which the Austin Capital Defendants are not responsible and cannot be held liable.

10. Any losses alleged by Plaintiffs were not caused by any act, fault, or omission of the Austin Capital Defendants, but were caused by circumstances, entities, or persons for which the Austin Capital Defendants are not responsible and cannot be held liable.

11. Any losses alleged by Plaintiffs were caused in part or in whole by the acts, faults, omissions, comparative negligence, or contributory negligence of the Plaintiffs themselves for which the Austin Capital Defendants are not responsible and cannot be held liable.

12. The Austin Capital Defendants were not fiduciaries of any or all of the Plaintiffs.

13. The Austin Capital Defendants reserve the right to assert additional defenses that might be discovered during the course of this litigation.

WHEREFORE, the Austin Capital Defendants respectfully request that all claims asserted against them in the Complaint be dismissed with prejudice at plaintiffs' cost and that the Austin Capital Defendants be awarded their costs herein, including attorneys' fees, and such other and further relief to which they may be entitled.

Dated: May 20, 2009

Respectfully submitted,

/s/ Richard J. Bedell, Jr.

Richard J. Bedell, Jr., (OH 0038891)
Admitted *pro hac vice*
rjbedell@jonesday.com
Geoffrey J. Ritts (OH 0062603)
Admitted *pro hac vice*
gjritts@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-7065
Facsimile: (216) 579-0212

Harold K. Gordon
hkgordon@jonesday.com
JONES DAY
222 East 41st Street
New York, NY 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Defendants Austin Capital Management Limited and Austin Capital Management GP Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | MASTER FILE NO. 08 CIV. 11117 (TPG) |
| This Document Relates to: State Law Actions 08 Civ. 11183 (TPG) | |

**CERTIFICATE OF SERVICE**

I certify that on May 20, 2009, I caused the foregoing *Answer and Affirmative Defenses of Austin Capital Management, Ltd., and Austin Capital Management GP Corporation* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

I also certify that on May 20, 2009, I caused the foregoing *Answer and Affirmative Defenses of Austin Capital Management, Ltd., and Austin Capital Management GP Corporation* to be sent via first-class mail to the parties shown below who are not on the Court's CM/ECF system.

Klari Neuwelt, Esq.
LAW OFFICE OF KLARI NEUWELT
110 East 59th Street, 29th Floor
New York, NY 10022
*Counsel for Plaintiff John F. Keane, Jr.*

Edward T. Dangel III, Esq.
DANGEL & MATTCHEN, LLP
10 Derne Street
Boston, MA 02114
*Counsel for Plaintiff John F. Keane, Jr.*

Lawrence J. Zweifach, Esq.
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
*Counsel for Defendant Ernst & Young LLP*

Bank of New York Alternative Investment Services, Inc.,
c/o Bank of New York Mellon
One Wall Street, 42 Floor
New York, NY 10286
*Defendant in State Law Actions*

FutureSelect Portfolio Management, Inc.
2316 216th Place N.E.
Redmond, WA 98074
*Defendant in State Law Actions*

Ron Ward
c/o FutureSelect Portfolio Management, Inc.
2316 216th Place N.E.
Redmond, WA 98074
*Defendant in State Law Actions*

SS&C Technologies Holdings, Inc.
675 Third Avenue, 14th Floor
New York, NY 10017
*Defendant in State Law Actions*

SS&C Fund Services
675 Third Avenue, 14th Floor
New York, NY 10017
*Defendant in State Law Actions*

FutureSelect Prime Advisor II, LLC
2316 216th Place N.E.
Redmond, WA 98074
*Nominal Defendant in State Law Actions*

Austin Capital Safe Harbor ERISA Dedicated Fund, Ltd.
c/o CITCO Fund Services (Cayman Islands) Limited
Windward I, 2nd Floor
Regatta Office Park, West Bay Road
P.O. Box 31106
Grand Cayman KY1-1205
Cayman Islands
*Nominal Defendant in State Law Actions*

Austin Capital Safe Harbor Master Account, G.P.
5000 Plaza on the Lake Boulevard, Suite 250
Austin, TX 78756
*Nominal Defendant in State Law Actions*

Dated: May 20, 2009

/s/ Richard J. Bedell, Jr.
Richard J. Bedell, Jr., (OH 0038891)
Admitted *pro hac vice*

One of the attorneys for Defendants Austin Capital Management Limited and Austin Capital Management GP Corporation