UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
IN RE TREMONT SECURITIES LAW,   :
STATE LAW AND INSURANCE           :   Master File No.:
LITIGATION                                       :   08 Civ. 11117 (TPG)
                                                      :
-------------------------------------------------------- x   **JURY TRIAL DEMANDED**
This Document Relates to: State Law Actions   :
08 Civ. 11183 (TPG)                             :   "ECF Case"
-------------------------------------------------------- X

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
# TO DEFENDANT KPMG'S MOTION TO DISMISS

**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue
26th Floor West
New York, New York 10017
(212) 894-7200

*Counsel for Plaintiffs Arthur E. Lange*
*Revocable Trust and Arthur C. Lange*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, California 94710
(510) 725-3000

*Counsel for Plaintiffs Eastham Capital*
*Appreciation Fund LP, NPV Positive Corp.,*
*John Dennis, Daniel Jackson, Laborers*
*Local Pension Plan 17 and Richard Peshkin*

Co-Lead Counsel for Plaintiffs

# MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

This Court should deny Defendant KPMG's motion to dismiss Plaintiffs' First Consolidated and Amended Class Action and Verified Derivative Complaint.

A. **Plaintiffs Agree That a Stay Is Appropriate While the Claims Against the Defendant KPMG Are Mediated and then Arbitrated.**

Derivative Plaintiffs concede that the derivative claims on behalf of the Rye Funds against Defendant KPMG LLP must be mediated and then arbitrated, pursuant to the terms of the contract between the Funds and KPMG. Plaintiffs agree to submit to a stay of the claims against KPMG and to pursue mediation and arbitration with KPMG.

B. **Plaintiffs' Standing to Sue on Behalf of the Nominal Defendant Rye Funds Is Not An Issue to Be Arbitrated.**

Now that Plaintiffs have agreed to arbitration, at least in concept, KPMG asserts that Plaintiffs must also agree that their standing to arbitrate the claims, including demand futility, is an issue to be decided by the arbitrators. Contrary to KPMG, however, the issue of Plaintiffs' derivative standing to sue KPMG is not subject to arbitration with KPMG. Plaintiffs' derivative standing is a gateway matter for this Court. Once these claims are stayed, Plaintiffs' derivative standing should not be an issue that can be asserted at mediation or arbitration to defeat the mediation or arbitration.

First, KPMG is the party demanding that Plaintiffs pursue their claims under a contract with the Rye Funds and pursuant to the terms of that contract. By so demanding, KPMG is impliedly, if not explicitly recognizing standing.

Second, KPMG points to no language in the contract that states that standing of a third party to sue derivatively is an issue to be decided by the arbitrator. As stated in <u>Howsam v. Dean Witter Reynolds, Inc</u>., 537 U.S. 79, 83 (2002), the question whether the parties have submitted a particular dispute to arbitration, i.e., the "question of arbitrability," is "an issue for

judicial determination [u]nless the parties clearly and unmistakably provide otherwise." As stated by the Supreme Court in *Howsam*, Gateway issues are typically decided by the Court:

> The Court has found the phrase applicable in the kind of narrow circumstance where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate.

*Id.* Standing to sue is just such a gateway issue.

If the dispute with KPMG is arbitrable, standing must be assumed. Plaintiffs are third parties to the contract. Whether they can take control of litigation, because the party or parties who normally would control the litigation of claims are conflicted, or refuse to do so, is not KPMG's prerogative or concern.

Moreover, the Funds themselves, have not asserted that they have an arbitration agreement between themselves and their limited partners that clearly require arbitration of standing to bring derivative claims. The only issues KPMG raises on standing are issues raised by the Rye Funds themselves and their general partners. Since the Nominal Defendant Rye Funds and the Tremont Defendants already seek to have these standing issues determined by the Court, any purported arbitrability of standing has been waived.

### C. **This Court Has Supplemental Jurisdiction Over KPMG**

While this Court may not have complete diversity jurisdiction over KPMG, it does have supplemental jurisdiction. First, as recognized by KPMG, the ERISA claims against Austin, provide original jurisdiction through 28 U.S.C. Section 1331 (federal question), in addition to diversity jurisdiction over most other parties through Section 1332. In addition, as these cases are coordinated, and consolidated by the MDL, there also exists original federal question jurisdiction through the Securities actions in 08 Civ. 11212. See KPMG's motion to

dismiss not contesting original jurisdiction. (Docket Entry 36). Original jurisdiction is also not contested in 09-3708 (TPG) (Meridian).

Supplemental jurisdiction exists even where no original jurisdiction exists over a party. As stated in Cromer Fin. v. Berger, 137 F. Supp. 2d 452, 486 (S.D.N.Y. 2001):

> Where no federal claims exist against a defendant, the Court may nonetheless exercise jurisdiction over a pendent state claim, where [t]he state and federal claims ... derive from a common nucleus of operative fact. If, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then there is power in federal courts to hear the whole. Baylis v. Marriott Corp., 843 F.2d 658, 664 (2d Cir.1988) (quoting United Mine Workers, 383 U.S. at 725-26, 86 S.Ct. 1130). Even where the sole defendant with federal claims against it is dismissed from the case, the court still has power to exercise supplemental jurisdiction over the state claims against remaining defendants, provided the state and federal claims derive from a common nucleus of operative fact.

See also Mizuna, Ltd. v. Crossland Fed. Sav. Bank, 90 F.3d 650, 657 (2d Cir. N.Y. 1996) ("Once the district court exercised original jurisdiction over Mizuna's claim against the Bank under 12 U.S.C. § 1819(b)(2) and 28 U.S.C. § 1331, it also had supplemental jurisdiction over Mizuna's claim against Royal because the two claims are clearly 'so related' as to be part of the same controversy").

Here, there is no question that the claims in these cases are "so related" as to be part of the same case or controversy. They each stem from the dealings of the Defendants with Bernard Madoff and the failure to address the numerous red flags concerning the nature of Madoff's conduct. They involve breaches of duties (under the securities laws, state laws, federal ERISA laws or contracts) by the Defendants towards a common set of investors in the Rye Funds

3

managed by the Tremont Defendants. As such, Plaintiffs respectfully submit that the Court should exercise supplemental jurisdiction over the claims.

### D. KPMG's Other Arguments, Including Demand Futility, Should Be Denied

KPMG's other arguments, including demand futility and standing, should be denied for the reasons set forth in the following opposition briefs (filed concurrently herewith):

(1) Plaintiffs' Opposition to the Tremont Defendants' Motion to Dismiss;

(2) Plaintiffs' Opposition to the Oppenheimer Defendants' Motion to Dismiss;

(3) Plaintiffs' Opposition to the MassMutual Defendants' Motion to Dismiss; and

(4) Plaintiffs' Opposition to the Nominal Defendant Rye Funds' Motion to Dismiss.

## CONCLUSION

For the reasons set forth herein, KPMG's motion to dismiss the derivative claims of Derivative Plaintiffs should be denied. This Court should find that the Derivative Plaintiffs have standing and have met the requirements of demand futility. All remaining issues should be stayed pending mediation and arbitration.

Dated: New York, New York

    July 14, 2009

                      ENTWISTLE & CAPPUCCI LLP

                      By:      /s/ Andrew J. Entwistle
                           ANDREW J. ENTWISTLE

                      280 Park Avenue
                      26th Floor West
                      New York, New York 10017

Telephone: (212) 894-7200

*Counsel for Plaintiffs Arthur E. Lange Revocable Trust and Arthur C. Lange*


HAGENS BERMAN SOBOL SHAPIRO LLP


By:       /s/ Reed Kathrein
      REED KATHREIN

715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (501) 725-3001
Admitted Pro Hac Vice

*Counsel for Plaintiffs Eastham Capital Appreciation Fund LP, NPV Positive Corp., John Dennis, Daniel Jackson, Laborers Local Pension Plan 17 and Richard Peshkin*

Co-Lead Counsel for Plaintiffs