UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION : : : | Master Docket No. 08-Civ-11117(TPG) <u>CLASS ACTION</u> |
| This Document Relates To: : : INSURANCE ACTION, 09-Civ-557. : | MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT |

Plaintiffs Chateau Fiduciaire S.A., as Trustee of The Map Trust, The Geoffrey Rabie Credit Shelter Trust, The Joanne Brenda Rabie Credit Shelter Trust, The Harriet Rutter Klein Revocable Trust and the Matthew L. Klein Irrevocable Family Trust (collectively, "Lead Plaintiffs") in this consolidated action (the "Action") have reached a partial settlement agreement (the "Settlement") with defendants Argus Group Holdings Limited, a company registered in Bermuda under the Companies Act 1981 and located at 12 Wesley Street, Hamilton, Bermuda ("Argus Group"), Argus International Life Bermuda Limited, a company incorporated and existing under the laws of Bermuda and located at 12 Wesley Street, Hamilton, Bermuda ("Argus International"), and Tremont International Insurance Limited ("TIIL" and, collectively with Argus Group and Argus International, the "Argus Defendants"). The Settlement provides for various forms of relief, including: (i) loans to policyholders, including, among other purposes, to prevent policy lapses; (ii) the assignment of certain of the Argus Defendants' claims to a litigation trust; and (iii) cooperation by the Argus Defendants in exchange for releases relating to the claims asserted. Accordingly, Lead Plaintiffs respectfully move for an order:

    a.    conditionally certifying a class under Federal Rule of Civil Procedure 23(b)(3), solely for purposes of the Settlement, consisting of: all persons and entities who purchased or otherwise acquired Variable Universal Life ("VUL") or Deferred Variable Annuities ("DVA") policies (collectively, the "Policies") issued by TIIL or Argus International from May 10, 1994 through December 11, 2008 (the "Class Period") including any and all past and present heirs, executors, administrators, successors and assigns, policy holders, policy owners, policy beneficiaries, parties responsible for payment of policy premiums, trusts, trustees, insured, and/or any other party with any direct or interest in the VUL or DVA Policies issued by TIIL or Argus International during the Class Period, excluding the Individual Settling Parties, and Defendants, and any entity in which the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity (the "Settlement Class").

    b.    preliminarily approving the Settlement embodied in the Stipulation of Settlement ("Stipulation"), annexed as Exhibit A, to the accompanying Declaration of David A. Rosenfeld in Support of Lead Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement, dated August 31, 2009 ("Declaration of

David A. Rosenfeld") and the Preliminary Approval Order, annexed as Exhibit B to the Declaration of David A. Rosenfeld;

c.  directing that notice of the Settlement ("Notice") be disseminated to the Settlement Class in the manner set forth in paragraphs 7 and 8 of the attached Preliminary Approval Order, and in the proposed form of the Notice annexed as Exhibit C to the Declaration of David A. Rosenfeld; and

d.  scheduling a Final Settlement Hearing to determine whether final approval shall be given to the Settlement as fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e).

Lead Plaintiffs respectfully suggest that if the Preliminary Approval Order is entered by the Court on September 3, 2009, the following dates could reasonably be inserted in the Preliminary Approval Order to give notice to the Settlement Class and to schedule further proceedings with respect to the Settlement:

a.  Date for publication of notice: On or before September 4, 2009.

b.  Deadline for members of the Settlement Class to object to the Settlement or the attorneys' fees outlined in paragraph 13 of the Stipulation ("Fee Application"): September 27, 2009.

c.  Deadline for members of the Settlement class to submit exclusion forms: September 27, 2009.

d.  Deadline for filing papers in support of the Settlement and in support of the Fee Applications: October 7, 2009.

e.  Final Settlement Hearing: at the Court's convenience on or after October 7, 2009.

The Consolidated Amended Class Action Complaint (the "Complaint") alleges claims against the Argus Defendants for violations of common law fraud, breach of fiduciary duty, gross negligence, unjust enrichment, injunctive relief, promissory estoppel and violations of New York General Business Law §349 relating to the Policies in connection with their exposure to Bernard L. Madoff ("Madoff") and/or Bernard L. Madoff Investment Securities ("BLMIS") and its affiliates. The investment accounts of most of the Policies were invested in Rye or Tremont funds that were

managed by one or more of the Tremont Defendants who, in turn, invested with Madoff. Plaintiffs allege the Tremont Defendants failed to conduct adequate due diligence and failed to monitor fund assets that were invested with Madoff, and that the offering materials for the funds contained false and misleading statements. Plaintiffs also allege that the Argus Defendants wrongfully permitted the Policies' investment accounts to be ultimately invested with Madoff, and that the Policies contained false and misleading statements concerning the Argus Defendants' discretion to deem investments inappropriate. Plaintiffs are continuing the claims against the remaining Defendants.

Lead Plaintiffs have conducted an exhaustive investigation into the conduct of the Argus Defendants prior to filing the Complaint. After testing Lead Plaintiffs' claims and after conducting an in-depth analysis, informed by legal and factual research, of the difficulty of establishing jurisdiction over the Bermuda-based Argus Defendants, and, even if jurisdiction were established, establishing their liability and recovering damages at trial, Lead Plaintiffs concluded that entering into the Settlement best served the interests of the Settlement Class.

The Settlement is in the best interests of all parties and the Settlement Class. It sets forth for the following forms of relief:

a. <u>Loans to Policyholders</u>:
The partial Settlement provides that for Settlement Class Members whose VUL Policies are threatened with lapsing beginning December 1, 2008 through the 4 year term described below by virtue of losses due to investments in the Rye Select Funds or the SHL Fund, Argus International will offer the option of one of two loan facilities sufficient to fund minimum policy premiums. The following terms under both the Option One Premium Payment Loan Facility and Option Two Premium Payment Loan Facility are the same:

(i) the initial term of the loan will be up to 4 years but in no event extend beyond 4 years from the Execution Date (July 21, 2009);
(ii) the interest rate on the loan will be fixed at 2.5% per annum for as long as the loan is outstanding;
(iii) policyholders will have the option to take out a premium payment loan at any time during a 4-year period so long as their Policy is in effect at the time, or take loans for less than the full premium due provided that they pay the balance of the full premium due;

(iv)     at the end of the initial 4-year term, policyholders will be required to repay only the interest then outstanding on the loan and any principal, at the option of the holder of a premium payment loan, shall be paid out of the Death Benefit (as that term is defined in the VUL policy) or by the holder of the premium payment loan in whole or in part, as long as the policy remains in force; and

(v)     at the end of the initial 4-year term, Argus International and any policyholder who took out a premium payment loan can agree by mutual consent to extend the Premium Payment Loan.

The following terms under both Option One and Option Two are different:
Under Option One, (i) Argus International will extend the grace period for each policy threatened with lapsing until the Option One Loan Start Date; and (ii) the principal amount of the loans shall include all premiums advanced by the Argus Defendants on behalf of the policyholders between December 1, 2008 through the Option One Loan Start Date.
Under Option Two, (i) Argus International will extend the grace period for each policy threatened with lapsing until the Option Two Loan Start Date; (ii) the principal amount of the loans will include any and all premiums advanced by the Argus Defendants on behalf of the policyholders between April 1, 2009 through the Option Two Loan Start Date; and (iii) policyholders will not be responsible for payment nor incur any obligation to pay for any and all premiums advanced by the Argus Defendants on behalf of policyholders between December 1, 2008 and March 31, 2009.
If a policy holder terminates or allows his/her policy to lapse by September 17, 2009, subject to certain conditions, he/she shall not be liable for any and all premiums, costs and/or fees that have accrued under his/her VUL or DVA policy, including in the investment account, between December 1, 2008 through July 21, 2009.

The Settlement also provides that VUL policyholders whose policies are not at risk of lapsing are eligible to take out a special policy loan on enhanced terms. The enhanced terms include 2.5% interest rate per annum on the loan and that the loan limit will be increased to 90% of the cash value of the policies. Policyholders whose policies are not now at risk of lapsing but that are threatened with lapsing during the 4 year term of the enhanced policy loan, can take out an Option Two Premium Payment Loan for the remainder of the 4 years.

Furthermore, VUL policyholders not at risk of policy lapse shall receive a credit to their respective separate accounts equal to the amount of any Administrative Fees, Cost of Insurance and M&E Charges paid between December 1, 2008, and March 31, 2009.

b.     Assignment of Certain Claims:
Under the Settlement, a litigation trust will be created for the benefit of Settlement Class Members and Argus International will assign certain claims to the litigation trust. These claims include, inter alia, Rye Select Funds shareholders' claims: (i) against the Tremont Defendants/Oppenheimer/MassMutual in connection with

investment advisory services provided to Argus International by one or more Tremont Defendants; and (ii) against E & Y/KPMG arising from audit opinions sent to Rye Select Funds shareholders concerning the funds' investments and values. The assigned claims also include Argus International's claims against Tremont Bermuda Ltd. based on its recommendation to TIIL/Argus International to offer the Rye Select Funds as an investment option for policyholders, and Argus International's claims as a shareholder of the SHL Fund.

If the litigation trust obtains any recovery in connection with the assigned claims, after deduction of appropriate fees and costs, the recovery will be divided between Settlement Class Members and Individual Settling Parties pro rata to the losses suffered by each of them as determined by reference to the value of their share of the affected Investment Accounts (as that term is defined in the VUL or DVA policy) as of November 30, 2008. The recovery will be deposited into the respective Investment Account(s) of Settlement Class Members and Individual Settling Parties on whose behalf the recovery was obtained or, in the case of policies that have lapsed, paid directly to the policyholder of record at the time the respective policy lapsed. The Settlement also provides that Settlement Class Members be assigned an interest in a certain claim asserted in Bermuda by Argus International against Tremont Life Holdings, Ltd. and Tremont Group Holdings, Inc.

c. <u>Cooperation by the Argus Defendants</u>

Under the Settlement, the Settlement Class will have the right to consult with Argus International with respect to the Cayman Rye Funds Liquidation. The Settlement Class will also be entitled to review documents and other information relating to the claims brought in the Action and the Assigned Claims in order to assist Plaintiffs' Counsel's pursuit of claims against third parties, including the other Defendants in the Action, relating to the allegations concerning the Policies issued by TIIL or Argus International during the Class Period.

While the Settlement does not provide for a monetary payment to the Settlement Class, Lead Plaintiffs' counsel has worked relentlessly to ensure that the terms of the loan packages offered, the assignments of certain of the Argus Defendants' claims to the litigation trust, and the cooperation by the Argus' Defendants confer a benefit to the Class.

This Court should provisionally certify the Settlement Class because it meets all of the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(c)(1)(B), as discussed herein. The Stipulation provides that, for the sole purpose of implementation, approval, and consummation of the Settlement, the parties will jointly request the Court to approve the certification

of the Settlement Class, comprised of the Settlement Class described herein with Lead Plaintiffs serving as representatives of the Class ("Class Representatives").

The Argus Defendants do not dispute that the numerosity, commonality, typicality and adequacy requirements of Rule 23(a) are met, and court-appointed co-lead counsel, Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") meet the adequacy requirements of Rule 23(g). Accordingly, the Court should find that:

> a. the members of the Settlement Class are so numerous as to make joinder impracticable, as shown in Exhibit A of the Stipulation;
>
> b. there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members;
>
> c. the claims of the Lead Plaintiffs and the defenses thereto are typical of the claims of Settlement Class Members and the defenses thereto; and
>
> d. Lead Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class Members in this action.

Certification of a class under Rule 23(b)(3) is warranted where "questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication the controversy." When determining whether common questions of fact predominate, the inquiry is directed primarily toward whether the issue of liability is common to class members. *In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 486 (S.D.N.Y. 2002). Here, the Argus Defendants' liability would have to be established or defeated on a class-wide basis because the Settlement Class Members' damages arose from the exposure of the investment accounts of their Policies to Madoff, BLMIS and its affiliates. Accordingly, class issues predominate over individual issues such as individual damage amounts. When considering whether a proposed class is superior

for purposes of settlement, the court "need not inquire whether the case, if tried, would present intractable management problems … or the proposal is that there be no trial." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Accordingly, a class should be certified for settlement purposes. In addition, certain Individual Settling Parties, each of which knew about the existence of the Action since it was first filed, have entered into the Settlement together with the Settlement Class Members. Also, to Lead Plaintiffs' knowledge, no other litigation has been brought elsewhere on behalf of the same class. Finally, because Settlement Class members are dispersed throughout the country, it is desirable to concentrate the lawsuit in one forum as a class action, as opposed to having numerous separate trials.

In addition, Rule 23(c)(1)(B) is satisfied because the Preliminary Approval Order identifies the claims of the Settlement Class. For purposes of the Settlement, the Court has already appointed Coughlin Stoia and Wolf Haldenstein provisionally as interim co-lead class counsel for the Settlement Class and should further appoint Coughlin Stoia and Wolf Haldenstein as Class Counsel pursuant to Rule 23(g).

The Court should preliminarily approve the Settlement because the applicable requirements of Federal Rule of Civil Procedure 23(e) are satisfied. The parties: have asked the Court to direct notice in a reasonable manner to all Class members in accordance with Rule 23(e)(1); have asked the Court to hold a Final Settlement Hearing in accordance with Rule 23(e)(2); have filed this motion identifying the Stipulation which embodies the Settlement in accordance with Rule 23(e)(3); and have provided for any Class member to object to the Settlement at the Final Settlement Hearing in accordance with Rule 23(e)(5). Finally, the Settlement is well within the range of what might ultimately be found fair, reasonable and adequate to the Settlement Class.

The form and content of the proposed Notice (Ex. C) should be approved because: (a) it identifies the Action that has been partially settled (subject to Court approval) and the parties to the Action; (b) describes the Settlement Class; (c) provides a summary of Plaintiffs' claims and the terms of the Settlement; (d) gives notice of: (i) the date and location of the Final Settlement Hearing, (ii) the matters that will be considered at the hearing; (e) identifies where documents relating to the Settlement will be available for review by members by the Settlement Class; and (f) informs members of the Settlement Class of their right to object to the Settlement and/or the granting of any award of fees and expenses to Interim Class Counsel. The parties submit that the Court should exercise its discretion and find that the form and content of the Notice to the Settlement Class is appropriate under Rule 23(c)(2)(A).

The manner of dissemination of the proposed Notice should be approved under Federal Rule of Civil Procedure 23(e)(1), which provides that, where a proposed settlement is presented to a court for approval, the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Pursuant to the notice program in paragraphs 7 and 8 of the attached Preliminary Approval Order.

As set forth above, Class Counsel will file papers in support of the Settlement, and their Fee Applications, 6 days prior to the Final Settlement Hearing.

For the reasons stated above, the parties request that the Court enter the Preliminary Approval Order annexed as Exhibit B, and schedule a Final Settlement Hearing at which members of the Settlement Class may be heard on the fairness of the Settlement.

DATED:  August 31, 2009         COUGHLIN STOIA GELLER
                                   RUDMAN & ROBBINS LLP
                                SAMUEL H. RUDMAN
                                DAVID A. ROSENFELD
                                EDWARD Y. KROUB


                                     */s/ David A. Rosenfeld*
                                   DAVID A. ROSENFELD

                                58 South Service Road, Suite 200
                                Melville, NY  11747
                                Telephone:  631/367-7100
                                631/367-1173 (fax)

                                WOLF HALDENSTEIN ADLER
                                  FREEMAN & HERZ, LLP
                                DANIEL W. KRASNER
                                DEMET BASAR
                                STACEY T. KELLY
                                270 Madison Avenue
                                New York, NY  10016
                                Telephone:  212/545-4600
                                212/545-4653 (fax)

                                *Plaintiffs' Interim Co-Lead Counsel*

# CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on August 31, 2009, I caused a true and correct copy of the attached:

Notice of Motion for Preliminary Approval of Partial Class Action Settlement;

Memorandum of Law in Support of Lead Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement; and

Declaration of David A. Rosenfeld in Support of Lead Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement

to be served electronically on all counsel registered for electronic service for this case.

/s/ *David A. Rosenfeld*
David A. Rosenfeld