UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
In re TREMONT SECURITIES LAW, STATE : Master Docket No. 08-Civ-11117(TPG)
LAW AND INSURANCE LITIGATION         :
                                     : CLASS ACTION
                                     :
This Document Relates To:            : PRELIMINARY APPROVAL ORDER
                                     : IN CONNECTION WITH PARTIAL
    INSURANCE ACTION, 09-Civ-557.    : SETTLEMENT PROCEEDINGS
---------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/09

WHEREAS, Lead Plaintiffs in the above captioned consolidated class action, having applied pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an Order preliminarily approving the partial settlement of this class action (the "Insurance Action") in accordance with the Stipulation of Partial Settlement entered into by the parties, dated as of July 21, 2009, and the exhibits attached thereto (the "Stipulation"), which would provide for the dismissal of the Insurance Action with prejudice as to the Argus Defendants, and the Court having read and considered the Stipulation and the parties having consented to the entry of this Order:

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. The terms of the Settlement set forth in the Stipulation are hereby preliminarily approved as fair, reasonable, and adequate, subject to the further consideration at the Fairness Hearing referred to in paragraph 4 below.

3. Preliminary Class Certification For Partial Settlement Purposes: Based upon the submissions of the parties, the Court conditionally makes the following findings: (a) the members of the Settlement Class are so numerous as to make joinder impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) the claims of the Lead Plaintiffs and the defenses thereto are typical of the claims of Settlement Class Members and the defenses thereto; (d) Lead Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class Members in this action; (e) a class action is superior to all other available methods for fairly and efficiently resolving this action; and (f) accordingly, for purposes of the Settlement only, the Court preliminarily approves Chateau Fiduciaire S.A., The Geoffrey Rabie Credit Shelter Trust, the Joanne Brenda Rabie Credit Shelter Trust, The Harriet Rutter Klein Revocable Trust, and The

/558257v5                                                              - 1 -

Matthew L. Klein Irrevocable Trust as representatives of the Settlement Class, represented by Plaintiffs' Interim Co-Lead Counsel, Wolf Haldenstein Adler Freeman & Herz LLP and Coughlin Stoia Geller Rudman & Robbins LLP, and hereby conditionally certifies a Settlement Class comprised of: All persons and entities that purchased and/or held variable universal life ("VUL") insurance policies or deferred variable annuities ("DVA") (collectively, "Policies") issued by Tremont International Insurance Limited ("TIIL") or Argus International and managed by Tremont Capital Management or Rye Investment Management or SHL Capital Ltd. from May 10, 1994 through December 11, 2008. The Individual Settling Parties are not included in the Settlement Class. This matter is preliminarily certified as a class action for partial settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). If the Settlement does not receive Final approval, the Argus Defendants retain their right to assert that the Insurance Action may not be certified as a class action.

4. A Fairness Hearing shall be held on December 11, 2009 at 11 a.m., before the Honorable Thomas P. Griesa, United States District Judge, at the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312 (the "Settlement Hearing") to: (a) determine whether the partial Settlement of the Insurance Action is fair, reasonable and adequate and in the best interest of the Settlement Class and should be finally approved by the Court; (b) determine whether or not the Final Approval Order and Judgment, substantially in the form attached hereto as Exhibit B, should be entered in the Action, *inter alia,* dismissing the Insurance Action with prejudice as to the Argus Defendants and extinguishing and releasing all Released Claims as defined in the Stipulation; (c) finally certify the Settlement Class; (d) consider the application for an award of attorneys' fees and

expenses to be paid by the Argus Defendants; and (e) hear and rule on such other matters as the Court may deem appropriate.

5. The Court reserves the right to adjourn the Fairness Hearing without further notice other than by announcement at the Fairness Hearing or any adjournment thereof.

6. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the parties to the Stipulation and without further notice to the members of the Settlement Class.

7. In order to facilitate dissemination of the Notice of Pendency of Class Action and Proposed Partial Settlement and Settlement Fairness Hearing ("Notice"), substantially in the form attached hereto as Exhibit A, Argus Defendants are directed to provide to Plaintiffs' Interim Lead Counsel, as soon as reasonably practicable, but not more than seven (7) business days after the date this Order is entered by the Court, a list in electronic form, containing contact information for each Settlement Class Member whom the Argus Defendants can identify through reasonable effort.

8. Within seven (7) business days after receipt of the information described in paragraph 7 above, Plaintiffs' Interim Lead Counsel shall, through personal notice, and, where possible, through e-mail, provide a Notice of Pendency and Proposed Settlement of Class Action to all Settlement Class Members of record who can be identified by the Argus Defendants as provided in the preceding paragraph.

9. At the Fairness Hearing, any Settlement Class Member who desires to do so may appear personally or by counsel, provided that a notice of appearance is served and filed as hereinafter provided, and show cause, if any, as to:

(a) why the Settlement should not be approved as fair, reasonable, and in the best interests of the Settlement Class;

(b)    why the Final Approval Order and Judgment should not be entered;

(c)    why the Court should not certify the defined Settlement Class for purposes of effectuating the Settlement; and/or

(d)    why the Court should not grant the petition for attorneys' fees and expenses.

10.    Unless the Court in its discretion otherwise directs, no Settlement Class Member or any other Person shall be heard or shall be entitled to contest any of these matters and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member or any other Person shall be received and considered, except by Order of the Court for good cause shown, unless, no later than ten (10) calendar days prior to the Fairness Hearing the following documents are served and filed in the manner provided below:

(a)    a Notice of Intention to Appear;

(b)    a detailed statement of such Person's specific objections to any matter before the Court; and

(c)    the grounds for such objections and any reasons why such Person desires to appear and be heard, as well as all documents and writings which such person desires the Court to consider.

11.    Such documents shall be filed with the Clerk of the Court, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, and served by overnight mail or hand delivery upon the following counsel:

| Plaintiffs' Interim Co-Lead Counsel: | For the Argus Defendants: |
|---|---|
| David A. Rosenfeld, Esq. | Jack C. Auspitz, Esq. |
| Edward Y. Kroub, Esq. | Joel C. Haims, Esq. |
| COUGHLIN STOIA GELLER | MORRISON & FOERSTER, LLP |
| RUDMAN & ROBBINS LLP | 1290 Avenue of the Americas |
| 58 South Service Road, Suite 200 | New York, New York 10104-0050 |
| Melville, NY 11747 | Telephone: (212) 468-8000 |
| Telephone: (631) 367-7100 | Facsimile: (212) 468-7900 |
| | |
| Daniel W. Krasner, Esq. | Counsel for Individual Settling Parties: |
| Demet Baser, Esq. | Sherrie R. Savett, Esq. |
| WOLF HALDENSTEIN ADLER | Glen L. Abramson, Esq. |
| FREEMAN & HERZ, LLP | BERGER & MONTAGUE, P.C. |
| 270 Madison Avenue | 1622 Locust Street |
| New York, NY 10016 | Philadelphia, PA 19103 |
| Telephone: (212) 545-4653 | Telephone: (215) 875-3000 |

12. Unless the Court otherwise directs, no Settlement Class Member or other Person shall be entitled to object to the Settlement, or to the Final Approval Order and Judgment to be entered herein, or otherwise to be heard, except by serving and filing written objections as described above. Any Person who fails to object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Insurance Action.

13. Settlement Class Members shall be bound by all determinations and judgments in the Insurance Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than fifteen (15) calendar days prior to the Fairness Hearing, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name and address of the Person seeking exclusion, that the sender requests to be excluded from the Settlement Class, and must be signed by such Person. Such Persons requesting exclusion are also requested to state: their telephone number and the policy number of any VUL or DVA Policy purchased or otherwise

acquired during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14.     Any Settlement Class Member who does not timely and validly request exclusion from the Class shall be bound by all determinations and judgments in the Insurance Action, whether favorable or unfavorable.

15.     Any papers in support of the Settlement and the application for attorneys' fees and expenses to paid by the Argus Defendants shall be filed with the Court no later than six (6) calendar days prior to the Fairness Hearing.

16.     Pending final determination of whether the Stipulation shall be approved, Plaintiffs, all Settlement Class Members, Individual Settling Parties, and each of them, and any and all past and present heirs, executors, administrators, successors and assigns, policy holders, policy owners, policy beneficiaries, parties responsible for payment of policy premiums, trusts, trustees, insured, and/or any other party with any direct or indirect interest in the VUL or DVA Policies issued by TIIL or Argus International during the Class Period are barred from commencing or prosecuting any action or proceeding asserting directly or indirectly any one or more of the Released Claims against any Released Parties. All pretrial proceedings in the Action relating to the claims against Argus Defendants are stayed and suspended until further order of the Court.

17.     If the partial Settlement provided for in the Stipulation shall be approved by the Court following the Fairness Hearing, a Final Approval Order and Judgment shall be entered as described in the Stipulation.

18.     If the Stipulation is not approved by the Court, or is terminated in accordance with Section 14 of the Stipulation or shall not become effective for any reason whatsoever, this Insurance

Action shall proceed, completely without prejudice to any Settling Party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court (except as provided in the Stipulation), and neither the Stipulation nor any provision contained in the Stipulation nor any action undertaken pursuant thereto nor the negotiation thereof by any Settling Party shall be deemed a presumption, concession or admission by any of the Argus Defendants in the Insurance Action, or in any other actions or proceedings, of any fault, liability, or wrongdoing as to the facts or claims alleged or asserted in the Insurance Action, or any other actions or proceedings, and shall not be offered or received in evidence or otherwise used by any person in the Insurance Action or in any other action or proceeding, whether civil, criminal, or administrative.

19. The Court hereby retains jurisdiction to consider all further applications arising out of or connected with the proposed partial Settlement.

\* \* \*

IT IS SO ORDERED.
DATED: October 14, 2009

THE HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE