UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE TREMONT SECURITES LAW,
STATE LAW AND INSURANCE
LITIGATION

_____/

Master File No.
08 Civ. 11117 (TPG)

ECF Case

MEMORANDUM

## MEMORANDUM OF NOMINAL DEFENDANT FUTURESELECT PRIME ADVISOR II LLC IN SUPPORT OF ITS REPLY TO DENNIS' OPPOSITION TO THE MOTION TO DISMISS THE DERIVATIVE CLAIMS

Nominal Defendant FutureSelect Prime Advisor II LLC ("Prime Advisor") respectfully submits this Memorandum of Law in support of its reply to Plaintiff John Dennis' Opposition to Prime Advisor's motion to dismiss the derivative claims brought by Prime Advisor limited partner John Dennis ("Dennis") in Plaintiffs' First Consolidated and Amended Class Action and Verified Derivative Complaint (the "Complaint" or "Compl.").

## INTRODUCTION

Nominal Defendant Prime Advisor moves to dismiss Dennis' derivative claims purportedly brought on its behalf against third parties[1] on two grounds, lack of subject matter jurisdiction and failure to state a claim for failure to allege facts demonstrating that Dennis has standing to assert the derivative

---

[1] Dennis' Opposition is riddled with misstatements and confusion, including regarding the current posture of the claims asserted by Dennis. Initially, Dennis asserted derivative claims against Future Select Portfolio Management ("FutureSelect"), Ronald Ward, FutureSelect's principal, as well as derivative claims against the Tremont and Auditor Defendants. Movant Prime Advisor was named as a nominal defendant only and no claims were alleged against Prime Advisor. FutureSelect and Ward moved to dismiss Dennis' claims. Prime Advisor did not join in that motion and was under no obligation to respond to the Complaint as Dennis asserts no claims against Prime Advisor. On March 30, 2010 this Court dismissed for lack of venue Dennis' claims against FutureSelect and Mr. Ward, leaving only Dennis' derivative claims on behalf of Prime Advisor against third parties such as the Tremont Defendants, which are the claims that are the subject of the instant motion to dismiss. Thus, all of Dennis' references to the claims against FutureSelect and Mr. Ward are irrelevant to this motion.

1

claims. Prime Advisor seeks to dismiss these claims because Prime Advisor is pursuing its own claims in Washington state court, and does not want or need Mr. Dennis to pursue them separately. This Court already has dismissed Dennis' other claims for lack of venue in this Court. (March 30, 2010 Order Docket #343). Dennis fails to establish any ground on which the Court can maintain this lawsuit and Prime Advisor's Motion to Dismiss should be granted.

### Prime Advisor's Motion Is Timely

Dennis argues that Prime Advisor's motion to dismiss is untimely. As a matter of black-letter law, however, lack of subject matter jurisdiction and the failure to state a claim are two unwaivable defenses. *See, e.g.*, Fed. R. Civ. Pro. 12(h).

### Prime Advisor's Motion to Dismiss Should Be Granted Because the Court Does Not Have Subject Matter Jurisdiction Over Dennis' State Law Derivative Claims

Dennis offers no argument that the Court does in fact have diversity or federal question jurisdiction over Dennis' state law claims and there are none—Dennis by his own admission is stateless and therefore cannot be subject to diversity jurisdiction. As a result, Dennis' claims should be dismissed.

With no diversity or federal question jurisdiction, Dennis argues this Court should exercise its discretion to find supplemental jurisdiction over Dennis' derivative state law non-class claims by virtue of the Court having jurisdiction over *different* plaintiffs' class claims. Thus, Dennis argues that even though the actual plaintiff—Prime Advisor—is pursuing these state law claims in state court, this Court should take the extraordinary step of asserting supplemental jurisdiction over Mr. Dennis' state law non-class claims brought purportedly on behalf of Prime Advisor. But Dennis' claim is not a class claim, thus there is no jurisdiction under the Class Action Fairness Act. Moreover, even if supplemental jurisdiction did stretch that far—and Dennis cites no authority that it does—Dennis cannot satisfy the "same case or controversy" test because Dennis' state law derivative non-class claims and other

plaintiffs' federal securities law class claims do not arise from the same case or controversy.

### Prime Advisor's Motion Should Be Granted Because Dennis Cannot Establish Demand Futility for His Derivative Claims and Therefore Fails to State a Claim

Although the Court should not reach this argument because it lacks subject matter jurisdiction over Dennis' claims, Dennis does not refute that the Complaint lacks any allegations regarding the futility of a demand on Prime Advisor to bring the third party claims Dennis purports to bring derivatively. Instead, Dennis makes two different arguments to keep his derivative claims alive, yet both rest on material misapprehension, if not misrepresentation, of the record.

First, Dennis argues that even if demand was not futile, it is moot because Prime Advisor somehow "acquiesced" to Dennis' derivative suit. In making this argument, Dennis presents a materially incomplete record to the Court. The sole statement Dennis relies on for this argument was made *before* the filing of Dennis' derivative claims. It is impossible to "acquiesce" to a lawsuit before that lawsuit exists.

Dennis next argues that the demand requirement for Dennis' derivative claims is excused because it would be futile to assert a demand on Future Select Portfolio Management (Prime Advisor's operating manager) because it would be asking it to sue itself. Dennis either is confused or seeks to confuse the Court. By the instant motion Prime Advisor is seeking to dismiss the claims Dennis purports to raise on a derivative basis *against third parties*, *i.e.* the Tremont Defendants—not claims against Prime Advisor or any FutureSelect related entity. Thus, the demand Dennis must show as futile would be a demand to sue third parties such as Tremont and—as the Complaint lacks any such allegations—Dennis cannot. Again, Prime Advisor is asserting those claims already in Washington state court.

In sum, Dennis cannot establish a basis for this Court to maintain jurisdiction over the remaining derivative claims asserted by Dennis or—assuming that the Court somehow had jurisdiction—that that

the Complaint states a cause of action for derivative claims on Prime Advisor's behalf. Accordingly, the Court should grant Prime Advisor's motion to dismiss.

## ARGUMENT

### I. Prime Advisor's Motion Is Timely

Dennis ignores the unambiguous rule that lack of subject matter jurisdiction and failure to state a claim are not waiveable defenses.[2] *See* Fed. R. Civ. Pro. 12(h), 23.1; *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (noting that a failure to raise argument that court lacked subject matter jurisdiction until appeal did not act to confer jurisdiction as such a challenge can be raised any time); *Hu v. Skadden, Arps, Slate, Meagher & Flom LLP*, 76 F. Supp. 2d 476, 478 (S.D.N.Y. 1999) (dismissing an action for lack of subject matter jurisdiction based on motion made more than two years from suit's inception, stating that the "timing of defendant's motion does not detract from its merit"); *Moody v. Federal Reserve Bank of New York*, 861 F. Supp. 10, 13 (S.D.N.Y. 1994) (motion to dismiss for failure to state a claim brought after mistrial still timely); *Stender v. Lucky Stores, Inc.*, 766 F. Supp. 830, 831 n.1(N.D. Cal. 1991) (under Federal Rule 12(h)(2), motion to dismiss for failure to state a claim is timely, despite defendant's failure to raise the issue in its answer or at any time previously in three years proceeding an imminent trial).

### II. Absent Subject Matter Jurisdiction, the Court Must Dismiss Dennis' Claims

#### A. The Court Does Not Have Federal Question or Diversity Jurisdiction Over Dennis' Claims

Dennis asserts only state law claims that are already being pursued by Prime Advisor in

---

[2] Thus, because lack of subject matter jurisdiction can never be waived, Dennis' argument that Prime Advisor "effectively acquiesced" to jurisdiction over Dennis' derivative claims is contrary to the Federal Rules and case law. No party can "acquiesce" to subject matter jurisdiction in federal court— jurisdiction either exists or it does not. Moreover, because Prime Advisor never responded to the Complaint, its motion to dismiss therefore is not "late-filed." *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 125 (2d Cir. 2001) (motion to dismiss for failure to state a claim filed over three years after receiving Complaint was timely because defendant had never answered the complaint).

Washington state court. Therefore, there is no federal question jurisdiction, and Dennis does not argue that federal question jurisdiction exists. In addition, no diversity jurisdiction exists over his derivative claims purporting to be on behalf of Prime Advisor. By his own admission in the Complaint, Dennis is an American citizen living in Switzerland. (Compl. ¶ 23.) Dennis is therefore neither a citizen of any state nor a citizen of a foreign state, and there is no diversity jurisdiction over Dennis' claims. *See, e.g., Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (no diversity jurisdiction over stateless citizen's claims); *Batton v. Gulf*, 261 F. Supp. 2d 575, 582 (M.D. La. 2003) (a party who is not the citizen of a state cannot bring a case or be subject to federal jurisdiction based only on diversity of citizenship); *Long v. District of Columbia*, 820 F.2d 409, 416 (D.D.C. 1987) (reversing trial court's exercise of pendant jurisdiction over plaintiff's state law claim against a party the plaintiff could not have originally sued in diversity).

Because there is no federal question or diversity jurisdiction over Dennis' purported derivative claims, they must be dismissed.

### B. This Court Does Not Have Supplemental Jurisdiction Over Dennis' Derivative Claims

Because Dennis cannot refute Prime Advisor's primary argument—that because Dennis is a citizen domiciled abroad he is stateless and cannot establish diversity jurisdiction—Dennis in vain argues for supplemental jurisdiction over Dennis' claims.

Dennis argues that other plaintiffs' class claims warrant supplemental jurisdiction over Dennis' derivative state law claims on behalf of Prime Advisor. (Opp. at 3-4.) Yet Dennis cites no cases where the court exercised supplemental jurisdiction under these circumstances. Neither CAFA nor other plaintiffs' federal securities law claims create a basis for exercising jurisdiction over Dennis' non-class derivative claims.

Dennis' reliance on *Promisel v. First American Artificial Flowers, Inc.*, 943 F.2d 251 (2d Cir.

1991) and similar cases for the principle that exercising supplemental jurisdiction is favored where the claims derive from a common nucleus of operative facts, or when claims would normally be tried in one proceeding, is misplaced. All of Dennis' cases involve plaintiffs who asserted federal claims and sought supplemental jurisdiction over their *own*, related state law claims. *Id.* at 252; *In re Bank of America Corp. Securities, Derivative, and ERISA Litig.*, 2010 WL 3448194 at *61 n.17 (S.D.N.Y. Aug. 27, 2010) (derivative plaintiffs had federal securities claim so court exercised pendent jurisdiction over same plaintiffs' state law claims); *Bodner v. Banque Paribas*, 114 F. Supp.2d 117, 127 (E.D.N.Y. 2000) (same); *In re Bristol-Meyers Squibb Derivative Litig.*, 2007 WL 959081 at *5 (S.D.N.Y. Mar. 30, 2007) (same).

  That is not this case. Dennis has no federal claims which could form the basis for supplemental jurisdiction. Moreover, even if the Court could use different plaintiffs' federal law class claims as the basis to assert supplemental jurisdiction over state law derivative claims asserted by a non-diverse plaintiff, the Court would also have to find, under 28 U.S.C. § 1367(a), that Dennis's derivative claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Id.* Dennis claims do not satisfy this test. Dennis' conclusorily state that "the derivative claims form part of the same case or controversy as the Class claims" but provide no basis for that statement. (Opp. at 4.) In fact, the differences among the claims are substantial—the derivative state law claims asserted on Prime Advisor's behalf for breach of fiduciary duty and professional malpractice are unique to Dennis and arise under Washington law.

  Finally, Dennis asks the Court to exercise supplemental jurisdiction over Washington state law claims *even though Prime Advisor is pursuing these same state law claims in the proper forum – Washington state court*. Dennis cannot cite any support for such an extraordinary result, and doing so would be contrary to purpose of supplemental jurisdiction. *See, e.g., Pride Mobility Prods. Corp. v.*

6

*Dylewski*, 2009 WL 249356 at *9 (M.D. Pa. Jan. 27, 2009) (declining to exercise supplemental jurisdiction when substantially similar claims also being pursued in state court litigation: "The Court believes that the presence and similarity of the state court action provides an additional, compelling reason for the Court to decline to exercise supplemental jurisdiction").

### III. Prime Advisor's Motion to Dismiss For Lack of Standing Should Be Granted Because Dennis' Demand Requirement Is Not Excused

Prime Advisor also moves to dismiss Dennis' derivative claims for lack of standing based on Dennis' failure to satisfy the pre-suit demand requirement of Federal Rule of Civil Procedure 23.1 and for failure to allege any facts as to why a demand on Prime Advisor for the derivative claims would have been futile. *See Ferre v. McGrath*, 2007 WL 1180650 at *7 (S.D.N.Y. Feb. 16, 2007) (dismissing complaint for lack of specificity in demand futility allegations); *AIG Inc. Deriv. Litig.*, 2010 WL 1245000 at *7 (S.D.N.Y Mar. 30, 2010) (Rule 23.1 imposes a more stringent pleading standard on allegations of demand futility than that imposed by Rule 12(b)).

The Complaint contains *no* allegations that could satisfy the strict pleading requirements for demand futility and Dennis' arguments that Prime Advisor "acquiesced" to Dennis' derivative suit materially misrepresents the record. Accordingly, Prime Advisor's motion to dismiss for failure to state a claim should be granted.

### A. Dennis' Argument that Prime Advisor "Acquiesced" to the Dennis' Derivative Lawsuit Misrepresents the Record

Dennis argues that because Future Select Portfolio Manager, the operations manager for Prime Advisor, wrote to Prime Advisor's investors on February 27, 2009 regarding the class action claims against Tremont, Prime Advisor "acquiesced" to Dennis' derivative lawsuit. (Opp. at 4-5).[3] Dennis'

---

[3] On a motion to dismiss, the Court is limited to the pleadings yet Dennis improperly submitted materials extraneous to the pleadings. The Court has the discretion to convert the motion to one for summary judgment. *See, e.g., Sterling v. Mulholland*, 1998 WL 879714 (S.D.N.Y. Dec. 16, 1998)

argument is factually and legally wrong.

First, regardless of what FutureSelect stated in a private letter to Prime Advisor's investors on February 27, 2009, what Dennis fails to tell the Court is that as of that date, *Dennis had not filed any claims*.[4] Therefore, whatever the significance of FutureSelect's February 2009 statements, it cannot be that nominal defendant Prime Advisor "acquiesced" to a lawsuit that had not yet been brought.

Next, Dennis fails to quote or attach a complete copy of the February 27, 2009 letter, and the omitted portion makes clear that even before Dennis filed his lawsuit, FutureSelect had *not* decided to forego its own claims and was in fact actively evaluating its direct claims. Moreover, the quote makes clear that FutureSelect was referring to *class* claims, not derivative claims. The entire relevant portion of the February 27, 2009 letter, with bold indicating what was on the page Dennis did not provide to the court, states:

> Private investors have also filed class-action lawsuits on behalf of investors that indirectly invested in Madoff Securities through investments with Tremont . . . . The fund will be able to share in the recovery from the pending class action lawsuits. For this reason we do not believe it would be worthwhile to initiate our own lawsuit at this time. At some point we will receive a notice asking whether we intend to "opt in" or "opt out" of the **class action litigation. We currently plan to opt in but can revisit this issue again when we receive the notice. In addition, although we currently believe that instituting our own lawsuit would not be cost effective, we are exploring the possibility of bringing a lawsuit jointly with other large Tremont investors.**

---

(converting motion to dismiss for failure to state a claim on grounds that derivative complaint failed to allege demand futility, taking all allegations in complaint as true and granting summary judgment for corporation.)

[4] Dennis first asserted the derivative claims at issue in a lawsuit filed in United States District Court for the Western District of Washington on March 11, 2009—*after* the February 2009 statement Plaintiffs rely on. *See* Exhibit A to Declaration of Emily Alexander (docket sheet for Dennis' initial action). Moreover, the docket sheet reflects that Dennis voluntarily dismissed that action on April 29, 2009, prior to any service of that complaint on any person or entity affiliated with Prime Advisor. *Id.* Further, it was not until June 4, 2009, *over three months* after the February 2009 statement by Future Select that there was service of the complaint in this action, which would be the first complaint served on Prime Advisor that set forth Dennis' derivative claims. *See* Exhibit B to Gordon Declaration (Certificate of Service on showing service on Prime Advisor on June 4, 2009).

8

Exhibit B to Declaration of Emily Alexander. The omitted portion of the February 28, 2009 letter affirmatively states that FutureSelect was contemplating bringing the Tremont-related claims thus there is no support to Dennis' argument that FutureSelect had "acquiesced" to Dennis' derivative suit.

Finally, the sole case Dennis relies on for this argument, *Kaplan v. Peat, Marwick, Mitchell & Co.*, 540 A.2d 726 (Del. 1988), is wholly inapposite. Not only was the February 2009 FutureSelect statement made prior to Dennis filing suit and did not even involve these derivative claims, but it was also made in a private correspondence to investors. By contrast, the statement construed as acquiescence to the derivative suit in *Kaplan* was a vice-president's direct, sworn statement *filed in the derivative lawsuit*. 540 A. 2d at 729 (corporation's vice-president submitted affidavit in the derivative lawsuit setting forth the entity's position regarding the derivative claims).

Finally, even though Prime Advisor did not make any statements concerning this derivative suit, even if Prime Advisor had made such a statement it still would not waive Dennis' demand requirement. In *Sterling v. Mulholland*, 1998 WL 87914, at * 2 (S.D.N.Y. Dec. 16, 1998), the corporation's board first stated that it did not oppose the derivative suit but then changed its mind and the corporation subsequently brought a motion to dismiss derivative suit. *Id.* at *1-2. The court held that a board's statement of "no opposition"— much less affirmative regarding the corporation's intent to pursue its direct claims than FutureSelect's February 2009 statement—was at best ambiguous and did not outweigh the board's subsequent decision to terminate the derivative suit. *See id.* at *2. Because the *Sterling* court found no board approval of the lawsuit and that the derivative plaintiff had not made a demand, the court engaged in the demand futility analysis and dismissed the derivative action for failure to allege with particularity facts demonstrating demand futility. *See id. Sterling* mandates dismissal of Dennis' action.

### B. Dennis Has No Allegations To Establish Demand Futility

9

As in the Complaint, in his Opposition Dennis fails to identify any facts that could establish that a demand on nominal defendant Prime Advisor to pursue claims against third parties would have been futile. Indeed, the complete copy of the February 27, 2009 letter and Prime Advisor's pending lawsuit against the Tremont Defendants and their auditors in Washington State Court, provide the plainest proof that such a demand would *not* have been futile.

Dennis instead centers his entire argument regarding futility on FutureSelect's role as Prime Advisor's manager, citing case law supporting the notion that a demand on a company to sue themselves would be futile. This is irrelevant. Again, the derivative claims against FutureSelect and Ward *already have been dismissed* and are not at issue. The only relevant inquiry for the present motion is whether the Complaint alleges with specificity that demand on Prime Advisor to assert the derivative claims against third parties would have been futile. *Ferre*, 2007 WL 1180650 at *7. Because Dennis has alleged *no* facts that a pre-suit demand on Prime Advisor to pursue claims against third parties would have been futile, Prime Advisor's motion to dismiss should be granted. *See, e.g., Sterling*, 1998 WL 879714 at *2-3.

## CONCLUSION

For the foregoing reasons, Nominal Defendant Prime Advisor respectfully requests that the Court grant the motion to dismiss.

Dated: August 27, 2010

        THOMAS, ALEXANDER & FORRESTER LLP

        Emily Alexander, Esq. (Bar No. EA-3946)
        14 27th Avenue
        Venice, California 90291
        Tel: (310) 961-2536
        Fax: (310) 526-6852
        Email: emilyalexander@tafattorneys.com