UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW, and INSURANCE LITIGATION | : : : : | Master File No.: 08 Civ. 11117 (TPG) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| This Document Relates to: State Law Actions 08 Civ. 11183 (TPG) | : : : | ECF CASE Electronically Filed |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### THE TREMONT DEFENDANTS' MEMORANDUM ADDRESSING CONSOLIDATION OF *LAKEVIEW INVESTMENTS* WITH THE STATE LAW ACTIONS

Seth M. Schwartz
Jason C. Vigna
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
Tremont Partners, Inc.,
Tremont Group Holdings, Inc.,
Robert Schulman, James V. Mitchell,
Harry Hodges and Darren Johnston

The Tremont Defendants[1] respectfully submit this memorandum to address the objection made by plaintiff Lakeview Investments, LP (Docket No. 424, "Objection") to the Order of this Court entered on April 13, 2011 (the "Order"). The Order consolidated the case captioned Lakeview Investments, LP v. Robert Schulman, et al., 11 Civ. 1851 (TPG) (the "Lakeview Action"), with the State Law Actions pending before this Court under the caption In re Tremont Securities Law, State Law and Insurance Litigation, Master File No. 08 Civ. 11117 (TPG).

## ARGUMENT
## THE LAKEVIEW ACTION SHOULD REMAIN CONSOLIDATED WITH THE STATE LAW ACTIONS

The Court appropriately consolidated the Lakeview Action with the State Law Actions pursuant to the Order. Contrary to Lakeview's contention, the Lakeview Action is identical in virtually every material respect to the other State Law Actions. That is why the Judicial Panel on Multidistrict Litigation (the "MDL Panel") transferred the Lakeview Action to this Court, and why the Lakeview Action can and should remain consolidated with the State Law Actions for all pretrial proceedings.

In objecting to consolidation, Lakeview contends that it occupies a unique position in the litigation against Tremont, *i.e.,* it purportedly is the only plaintiff who invested in Rye Select Broad Market XL Fund, L.P. (the "XL Fund"). (Obj. at 2-5.) In reality, Lakeview does not stand alone. Indeed, as alleged in the first consolidated complaint filed in the State Law Actions (the "Consolidated Complaint"), named plaintiff Arthur E. Lange Revocable Trust ("Lange Trust") invested – and lost – approximately $2 million in the XL Fund. Consequently, there is no merit to

---

[1]  The Tremont Defendants or "Tremont" are Tremont Partners, Inc., Tremont Group Holdings, Inc., Robert Schulman, James V. Mitchell, Harry Hodges and Darren Johnston.

1

Lakeview's contention that it alone has standing to seek redress for losses caused by Madoff's theft of the XL Fund's assets. Lakeview therefore has no valid standing objection to consolidation.[2]

Lakeview further objects to consolidation on the ground it is asserting claims absent from the Consolidated Complaint, namely, claims arising under California law. (Obj. at 5.) This Court previously addressed a virtually identical objection in September 2009, when certain plaintiffs who reside in Massachusetts opposed consolidation on the ground their claims arose under Massachusetts law and thus were "different" from the claims asserted in the Consolidated Complaint. This Court properly rejected this "foreign law" argument then and should do so again now. (See Trans. of Sept. 24, 2009 Hearing ("Sept. 24 Trans.") at: 24: 3-11, 16-19; 25: 10-13; 30: 13-15, 20-22 (attached hereto as Exhibit A).)[3]

Rule 42(a) of the Federal Rules of Civil Procedure authorizes consolidation of cases that share common issues of law or fact. The rule nowhere states, however, that all issues in all cases must be identical to warrant consolidation. See id. (See also Sept. 24 Trans. (Ex. A) at 24: 3-4 ("Do we consolidate only those cases where 100 percent of the issues are common? No.").) Consequently, Lakeview cannot sincerely contend that the prerequisites for consolidation are absent here. Without question, the Lakeview Action and the State Law Actions share a number of common issues of law and fact regarding Tremont's management of the hedge funds that invested

---

[2] Lakeview also has sued Tremont in its capacity as an investor in Rye Select Broad Market Fund, L. P. There is no dispute that other plaintiffs in the State Law Actions invested in that Fund.

[3] The Massachusetts plaintiffs had originally commenced actions in the United States District Court for the District of Massachusetts that were subsequently transferred to this Court by the MDL Panel: William Kretschmar Revocable Trust v. Rye Select Broad Market Fund, L.P., 09 Civ. 5440 (TPG), Family Swimmers L.P. v. Rye Select Broad Market Prime Fund, L.P., No. 09 Civ. 8570 (TPG), and Rothschild v. Rye Select Broad Market XL Fund, L.P., No. 09 Civ. 8571 (TPG).

with Madoff.  If Lakeview genuinely harbored a different view, it could and should have made its position known to the MDL Panel when it issued a conditional transfer order finding that the Lakeview Action "involve[s] questions of fact that are common to the" State Law Actions. (Transfer Order dated March 17, 2011, attached hereto as Exhibit B)  Having failed to submit a timely objection to that order, Lakeview is precluded from attempting to do so no now by means of a belated collateral attack before this Court.  See, e.g., Dresser Indus., Inc. v. First Travel Corp., Civ-88-581E, 1990 WL 159037, at *3 (W.D.N.Y. 1990) (rejecting request to reconsider the decision of the transferor court to transfer the action to New York).

Lakeview also has argued that consolidation is inappropriate because it intends to file a motion to remand the Lakeview Action to state court. (Obj. at 5-6.)  But a contemplated remand motion is no reason to revisit the Court's consolidation Order, and Lakeview cites no authority to the contrary.  At the appropriate juncture, should it become necessary, any motion for remand filed by Lakeview can and should be resolved by this Court.  See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001).  In the meantime, pursuant to the order of this Court entered on April 5, 2011, the proceedings in this case and the other State Law Actions have been stayed pending a hearing on the parties' application for court approval of the settlement of this litigation.  Following the hearing, should Lakeview wish to press its remand motion, the motion may be addressed at that time.

**CONCLUSION**

For the foregoing reasons the Tremont Defendants respectfully request that the Court overrule Lakeview's Objection to the Court's Order consolidating the Lakeview Action with the State Law Actions.

Dated: New York, New York
April 21, 2011

Respectfully submitted,

 /s/ Seth M. Schwartz
Seth M. Schwartz (Seth.Schwartz@Skadden.com)
Jason C. Vigna (Jason.Vigna@Skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
Tremont Partners, Inc.,
Tremont Group Holdings, Inc.,
Robert Schulman, James V. Mitchell,
Harry Hodges and Darren Johnston