ADAM D. WHITE (N.Y. Bar No. 2390599)
LAW OFFICE OF ADAM D. WHITE
The Transportation Building
225 Broadway, Suite 2000
New York, NY 10007
Tel: (212) 577-9710
Fax: (212) 577-9715

S. BENJAMIN ROZWOOD (*Pro Hac Vice*)
ROZWOOD & COMPANY, A.P.C.
503 North Linden Drive
Beverly Hills, CA 90210
Tel: (310) 246-1451
Fax: (310) 246-9756

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No.: 08 Civ. 11117 (TPG) |
|---|---|
| This Document Relates to: ALL ACTIONS | |

## NOTICE OF INTENT TO OBJECT AND INITIAL OBJECTIONS TO PROPOSED SETTLEMENT AND AWARD OF ATTORNEYS' FEES OF PLAINTIFF LAKEVIEW INVESTMENT, LP

# NOTICE OF INTENT TO OBJECT TO AND INITIAL OBJECTIONS TO PROPOSED SETTLEMENT AND AWARD OF ATTORNEYS' FEES

Lakeview Investment LP ("Lakeview" or "Objector"), by and through its undersigned counsel, hereby gives notice of its intent to object to the proposed settlement and award of attorneys' fees. The general bases of Lakeview's initial objections, to be more fully set forth in papers filed and evidence proffered by Objector at or before the hearing of the motion for final approval on June 1, 2011, based upon discovery obtained during the interim period and facts adduced at the hearing, include but are not limited to those set forth below.

1. With respect to the Tremont-managed hedge funds in which Plaintiffs in the state law and securities consolidated actions ("Plaintiffs") did not invest, Plaintiffs lack constitutionally required standing to represent any person or group of persons who invested in those particular funds. Plaintiffs also lack standing to release claims that they themselves do not possess. With respect to state securities law and other non-contractual state law claims, Plaintiffs also lack standing to represent Class members who are citizens of different states. Rules of procedure, including those concerning the use of the class action device, may not abridge any substantive right.

2. Plaintiffs' claims do not share the same essential elements as the claims available to the Class members, the elements of the respective defenses are also different, Plaintiffs are required to make a different showing to establish defendants' liability, the burdens of proof are allocated differently, and the Plaintiffs have interests antagonistic to those of absent Class members.

3. Plaintiffs and their attorneys have incurable conflicts of interest arising from their simultaneous pursuit and settlement of (i) "derivative" claims for money damages on behalf of all Tremont-managed hedge funds and (ii) "direct" individual and class claims seeking a money judgment against those same funds.

4. The notice and settlement documents contain inadequate disclosures regarding what Plaintiffs have done to protect the rights of absent Class members, such as limited partners in Rye Select Broad Market XL Fund, L.P., whose money was used in "swap" transactions with financial institutions. Viable derivative claims exist in favor of such Class members against certain swap counterparties, including HSBC USA Bank, N.A. and ABN Amro Bank (Ireland) Ltd. (f/k/a Fortis Prime Fund Solutions Bank (Ireland) Ltd.). Based on filings in the BLMIS liquidation proceedings, it appears that the value of absent Class members' derivative claims against culpable swap counterparties exceeds $450 million. Nevertheless, Plaintiffs propose that all such swap counterparties receive a full release of liability with respect to all such claims, whether direct or derivative, without any consideration or compensation, as well as a portion of the settlement funds.

5. The notice and settlement documents contain inadequate disclosures regarding, *inter alia*: (i) the value of the derivative claims asserted on behalf of or available to various Tremont-managed hedge funds; (ii) the respective relative values and assets of each of the 17 Settling Funds (*i.e.*, each of the eight Rye Funds and nine Tremont Funds included within that term as defined in the Stipulation of Settlement); (iii) the value attributed to the Trustee's claims against each of the Settling Defendants, the value of each of the Settling Funds' claims against their respective insurance carriers; (iv) the amounts and sources of primary and secondary or excess coverage available under the Settling Funds' respective insurance policies; and (v) the definition of the term "net losses" used to define the Class.

6. The notice and settlement documents fail to protect the due process rights of absent class members because they fail to provide absent class members adequate time to evaluate and respond to the memoranda and evidence filed by the parties in support of the proposed settlement. As it stands, Class members only have seven days to respond after receiving the parties' supporting papers. This extremely short time period abridges the constitutional rights of Objector and other Class members to

1  receive a reasonable opportunity to be heard.  It also does not afford the appropriate
2  government officials time to review the materials within the 90-day notice period
3  under the Class Action Fairness Act.

4        7.     Plaintiffs voluntarily subjected the State Law Action (as defined in the
5  Court's order of March 26, 2009) to a stay of discovery under the Private Securities
6  Litigation Reform Act of 1995, and the parties proceeded to settlement and signed
7  a Memorandum of Understanding in early 2010, before taking any discovery.
8  Plaintiffs filed a motion seeking preliminary approval of the proposed settlement on
9  February 25, 2011.  Three days later, the Trustee's complaint against the Tremont
10  defendants was unsealed in *In re Bernard L. Madoff Investment Securities*
11  ("BLMIS"), Case No. 08-01789 (BRL).  The nonpublic information disclosed further
12  facts and evidence of the Tremont defendants' liability, not included or referenced in
13  the consolidated amended complaints filed by Plaintiffs in 2009.  Under the
14  circumstances, the information contained in the notice and settlement documents is
15  insufficient to enable class members or the Court to evaluate whether and to what
16  extent the discussions, negotiations, and process leading to the proposed settlement
17  was fair, reasonable, and adequate to protect the interests of class members.  To date,
18  Plaintiffs have refused to allow Objector's request for discovery concerning the issues
19  identified herein.

20        8.     The notice and settlement documents fail to provide adequate
21  information necessary to evaluate whether the proposed settlement is fair, reasonable,
22  and adequate, and whether the amount of attorneys' fees is reasonable, both as to the
23  Net Settlement Fund and the Fund Distribution Account, and with respect to other
24  aspects of the proposed settlement.  The notice and settlement documents create
25  the misleading impression that all Class members will participate in the Trustee's
26  recoveries in the BLMIS liquidation proceedings, regardless of whether the Tremont-
27  managed hedge funds in which Class members invested were BLMIS customers or
28  instead engaged in swap transactions with non-BLMIS counterparties.

9. The notice and settlement documents contain inadequate disclosures regarding important differences between and among the Settling Funds, including: (i) which ones were BLMIS customers; (ii) which ones had accounts or otherwise invested with BLMIS; (iii) which ones were limited partners or shareholders of the other Settling Funds, and to what extent; (iv) which ones engaged in total return swaps or other financial or securities transactions with other financial institutions (such as HSBC) synthetically designed to mirror returns in one or more of the Settling Funds without any actual investment therein, and to what extent; (v) the extent to which each of the Settling Funds has a claim against any of the others; (vi) which ones are at risk in the Trustee's lawsuits seeking hundreds of millions of dollars from Tremont-managed funds; (vii) which ones are at risk in the Trustee's lawsuits seeking to subordinate and deny claims of Tremont-managed funds worth hundreds of millions of dollars; (viii) what Plaintiffs have done to protect Class members' interests in these funds; and (ix) what will be done to protect these interests going forward.

10. The notice and settlement documents contain in adequate disclosures regarding, *inter alia*: (i) the differences between federal law and the laws of the respective States in which the limited partners in each of the Settling Funds reside or are located; (ii) how many limited partners in each limited partnership reside in each State; (iii) how many shareholders of each of the other entities reside in each State; (iv) the differences between persons investing in different Tremont-managed funds; and (v) the differences between persons investing in the same Tremont-managed fund at different times, under different private placement memoranda, or under different limited partnership agreements.  Including persons owning shares in foreign funds in the Class is an improper extraterritorial extension of federal and state securities laws.

11. Even Class members who opt out still would be prejudiced by the unfair and unreasonable proposed transfer of valuable property, assets, and claims of the Tremont-managed fund in which they invested in favor of persons who own no shares or limited partnership interests in that fund.  Similarly, those who opt out nevertheless

1 are prejudiced by the unfair and unreasonable proposed release of valuable claims
2 held by the Tremont-managed fund in which they invested in favor of persons who are
3 liable to that fund.  Given that the proposed settlement would provide releases from all
4 17 Settling Funds in favor of all defendants, even Class members who opt out would
5 be bound by those releases, thus compromising their ability to hold other defendants
6 liable for the illegal conduct of the Settling Funds, including but not limited to the
7 issuers of the securities themselves.

8    12.   Until the Court addresses the foregoing issues and the specific terms of
9 any resulting Court-approved class action settlement are known, Lakeview lacks
10 reasonably available information material to the decision it is being asked to make
11 and, thus, is not in a position to decide whether to opt out of any settlement in this
12 class action.  Rules of procedure, including those concerning the use of the class
13 action device, may not abridge any substantive right.

Dated: April 21, 2011                    Respectfully submitted,

                                         LAW OFFICE OF ADAM D. WHITE

                                         By:   /s/ Adam D. White_____
                                              ADAM D. WHITE
                                         The Transportation Building
                                         225 Broadway, Suite 2000
                                         New York, NY 10007
                                         Tel: (212) 577-9710
                                         Fax: (212) 577-9715

                                         Attorneys for Objector