UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION<br><br>This Document Relates To:<br><br>Insurance Actions, 09 Civ. 557 (TPG) | MASTER FILE NO.:<br>08 CIV. 11117 (TPG) |

## JOINT DECLARATION OF DEMET BASAR AND DAVID A. ROSENFELD IN SUPPORT OF INSURANCE CLASS COUNSELS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND <u>INSURANCE PLAINTIFFS' INCENTIVE AWARDS</u>

DEMET BASAR and DAVID A. ROSENFELD, under penalty of perjury, declare as follows:

1.  Demet Basar is a member of the law firm Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), co-lead counsel with Robbins Geller Rudman & Dowd LLP ("Robbins Geller") (formerly Coughlin Stoia Geller Rudman & Robbins LLP) (together, "Insurance Class Counsel"), for the putative class in the Insurance Action.[1]

2.  David A. Rosenfeld is a member of the law firm Robbins Geller, co-lead counsel with Wolf Haldenstein for the Insurance Action Plaintiffs.

3.  We are admitted to practice before this Court and have personal knowledge of the matters set forth herein based on our participation and prosecution of the Insurance Action.

---

[1] The named plaintiffs in the Insurance Action are Chateau Fiduciaire, S.A., as the Trustee of the Map Trust, The Geoffrey Rabie Credit Shelter Trust, the Joanne Brenda Rabie Credit Shelter Trust, The Harriet Rutter Klein Revocable Trust, and the Matthew L. Klein Irrevocable Family Trust (the "Insurance Action Plaintiffs").

4. We respectfully submit this Joint Declaration in support of Insurance Class Counsels' Motion for an Award of Attorneys' Fees and Expenses and Insurance Plaintiffs' Incentive Awards in connection with services rendered in this Litigation and the proposed Settlement (the "Settlement"[2]).

5. In the interests of saving the Court's time, we respectfully refer the Court to the Joint Settlement Declaration for a more general discussion of the procedural history of the Consolidated Actions, the negotiation of the Settlement by counsel for all of the Settling Parties, the Settlement and its benefits to the Settlement Class, and certification of the Settlement Class. We address here primarily matters that pertain to the Insurance Action.

6. We respectfully refer the Court to the concurrently filed Declaration of Demet in Support of Motion for Final Approval of Partial Settlement and Class Certification ("Basar Settlement Declaration" or "Basar Settlement Decl.") for a recitation of the procedural history of the Insurance Action and the particulars of the Settlement as it pertains to the Insurance Action.

**Insurance Class Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses**

7. The services rendered and work performed by attorneys, paralegals, and other professionals and paraprofessionals of Wolf Haldenstein and Robbins Geller during the course of the Insurance Action to date can be summarized as follows: investigating, researching and analyzing claims and potential claims, including reviewing publicly-available information concerning Defendants' actions prior to filing the complaint; drafting an initial complaint; monitoring and reviewing pleadings in related actions; moving for, and drafting papers in

---

[2] The Settlement is the partial settlement set forth in the Stipulation of Partial Settlement dated February 25, 2011, attached as Exhibit A to the Joint Declaration of Andrew J. Entwistle, Reed R. Kathrein, and Jeffrey M. Haber in Support of the Settlement ("Joint Settlement Declaration").

support of the appointment of lead counsel; attending a hearing for Consolidation and Appointment of Interim Class Counsel; testing claims and conducting an in-depth analysis of the likelihood of establishing jurisdiction over the Argus Defendants; drafting a lengthy consolidated amended complaint; negotiating and drafting the Stipulation of Partial Settlement with the Argus Defendants ("Argus Settlement") and related documents; attending the preliminary approval hearing, and drafting supporting papers, for the Argus Settlement; preparing and administering the mailing of the notice to the class members in the Argus Settlement; attending the final approval hearing and drafting supporting documents for the Argus Settlement; attending the hearing consolidating the Individual Settling Insurance Plaintiffs' action with the Insurance Action; attending in-person settlement meetings with the Tremont and other Settling Defendants; reviewing materials provided by the Tremont Defendants; drafting opening and reply mediation statements in anticipation of, and participating in, two days of intense mediation with the Settling Defendants before United States District Judge Layn Phillips (retired); conducting extensive legal and factual research prior to the mediation; negotiating and drafting a memorandum of understanding with the Settling Defendants; attending a second mediation with Judge Phillips and Judge Thomas R. Brett (retired) to allocate the proceeds of the settlement amongst the Insurance Subclass and the State and Securities Subclass; drafting and negotiating the Stipulation of Partial settlement with the Tremont Defendants; conducting confirmatory discovery; attending the preliminary approval hearing, and drafting supporting papers, for the Tremont Settlement; and preparing and administering the mailing and/or e-mailing of the Insurance Notice to the members of the Insurance Subclass.

8.  Insurance Class Counsel spent significant time and resources in the process of taking confirmatory discovery from the Settling Defendants as provided for in the Settlement. In

the course of confirmatory discovery, the Defendants produced tens of thousands of records. Plaintiffs' Settlement Class Counsel loaded the production into sophisticated search databases, ran extensive searches on the databases, and conducted a voluminous document review. The document production included, *inter alia*, (i) documents produced by the Settling Defendants to regulators in related investigations; (ii) documents showing the amount of monies remaining in the Settling Funds and the Liquidating Funds; (iii) data supporting net investment figures of Settlement Class Members; and (iv) information about the assets held by and solvency of Tremont Group Holdings, Inc. The document types included e-mails, memoranda, spreadsheets, portfolio data, and a variety of other documents maintained in electronic form.

9. Additionally, our investigation included interviews of current and former employees of the Corporate Defendants and certain of the Individual Defendants, including: Defendant Sandra Manzke (Co-Founder of Tremont Group Holdings, Tremont Capital Management, TIIL and Tremont Advisors); Defendant Robert Schulman (same); Steven Clayton (Chief Compliance Office, TGH); James Mitchell (VP of Relationship Management at Tremont Group Holdings); James Purnell (Managing Director of Investments at Tremont Capital Management); Kurt Wolfgruber (Chief Investment Officer at Oppenheimer, Director at TGH); Patrick Kelly (SVP at Tremont Capital, Tremont Capital Management and Tremont Group Holdings, Inc.); Norman Smith (Controller's Department at MassMutual Financial Group); Lawrence Port (President and Managing Director at MassMutual Capital Partners LLC); Daniel Dinizio; and Monika Pascu (Sales Coordinator and Manager of Investor Services at Rye Investment Management). Many of these current and former employees of the Settling Defendants had direct knowledge about TIIL, the entity formed by Manzke for the purpose of

selling the Policies, TIIL's offering of the Policies, the investment of the Policy investment accounts in Rye Funds, and the sale of TIIL by Tremont Advisors to AGH.

10. Counsel in the Insurance Action also consulted with a damages consultant to develop a formula for compensating Policyholders as a result of the exposure of their Policies to Madoff's Ponzi scheme.

11. On July 21, 2009, the Insurance Class Plaintiffs and the Individual Settling Plaintiffs entered into a Stipulation of Partial Settlement with the Argus Defendants (the "Argus Settlement"), and on January 4, 2010, this Court issued a Final Approval Order and Judgment in Connection with the Partial Settlement Proceedings, approving the Argus Settlement, certifying a class for purposes of the settlement, and dismissing all claims against the Argus Defendants. Under the terms of the Argues Settlement Agreement: (i) Argus International provided an extension of a grace period for policies that were in danger of lapsing and agreed to provide "Premium Payment Loans" at substantially below market interest rates for a period of four years or longer on mutual consent for Policies that were in danger of lapsing or may become in danger of lapsing during the four-year period after the July 21, 2009 date of execution of the Stipulation; (ii) Settlement Class members were relieved of their obligations to pay premiums and other policy costs under certain circumstances, including that Policyholders who avail themselves of a Premium Payment Loan do not incur any obligation to pay for any premiums advanced by the Argus Defendants on behalf of such Policyholders between December 1, 2008 and March 31, 2009; (iii) Argus International agreed to assign a "Litigation Trust," created for the benefit of the Insurance Class and the Individual Settling Insurance Plaintiffs certain claims that only it, as an insurance company, has as a shareholder in the Argus Rye Funds; and (iv) Argus International

agreed to provide internal documents and information relating to the assigned and other claims that may be pursued for the benefit of the Litigation Trust.

13. Certain persons and entities who otherwise would have been Settlement Class members have retained the law firm of Berger & Montague, P.C. ("Berger Montague") to pursue litigation on their behalf and not as part of the Insurance Action (the "Individual Settling Insurance Plaintiffs"). On July 31, 2009, Berger Montague filed an action captioned *The Lugano Trust v. Tremont Capital Management, Inc.*, 09 Civ. 6840 (TPG), in this Court, on behalf of the Individual Settling Insurance Plaintiffs, which this Court then consolidated with the Insurance Action for pre-trial purposes on September 25, 2009.

14. Since the commencement of the Actions, the Settling Parties, including the Insurance Subclass, have invested more than two years litigating Plaintiffs' claims and over a year negotiating the proposed Settlement pending before this Court. These negotiations included countless informal negotiations, both telephonically and in person, and formal negotiations. On March 17 and 18, 2010, the Settling Parties participated in a two-day session under the supervision of United States District Judge Layn Phillips (retired). Prior to the mediation, lead counsel in the Insurance, State Law, and Securities Actions, as well as counsel for the Tremont Defendants, the Oppenheimer Defendants, and the Mass Mutual Defendants, submitted mediation statements to Judge Phillips and subsequently also submitted reply mediation statements. The rigorous advocacy during the mediation and the exchange of information

culminated in a memorandum of understanding ("MOU") memorializing the terms of the settlement in principle among the parties.

15. On August 13, 2010, a second mediation, with Judge Phillips acting as mediator, and Judge Thomas R. Brett (retired) acting as an arbitrator, was conducted to address the allocation of settlement proceeds between the State Law and Securities Actions, on the one hand, and the Insurance Action, on the other hand. Prior to the mediation, Insurance Class Counsel and Berger & Montague, and counsel for the State Law and Securities Plaintiffs, exchanged mediation statements and reply statements. After the conclusion of the session, Judge Phillips informed Plaintiffs' Settlement Counsel that 8.2% of the Initial Settlement Payment, the Fidelity Bond Recovery, and the Remaining Tremont Funds would be allocated to the Insurance Subclass and the Individual Settling Insurance Plaintiffs.

16. As a result of the efforts of Insurance Class Counsel and other Plaintiffs' Counsel, on February 25, 2011, the Insurance Class Plaintiffs, the Individual Settling Insurance Plaintiffs, and the lead plaintiffs in the Securities Action and the State Law Action, entered into the Stipulation with defendants: (i) Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, the Mass Mutual Holding Trust I, Oppenheimer Acquisition Corp., OppenheimerFunds, Inc. (the "Parent Settling Defendants"); (ii) Tremont Group Holdings, Inc., Tremont Partners, Inc., Rye Investment Management (the "Parent Settling Defendants"); (iii) Tremont Group Holdings, Inc., Tremont Partners, Inc., Rye Investment Management (the "Tremont Corporate Defendants," collectively with the Parent Settling Defendants, the "Corporate Settling Defendants"); (iv) Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia Nicoll (the

"Individual Settling Defendants," collectively with the Tremont Corporate Defendants, the "Tremont Defendants"); and (v) the Settling Funds (collectively, the "Settling Defendants").[3]

17. The schedule annexed hereto as Exhibit A and B are the declarations of Demet Basar and David A. Rosenfeld (the "Firm Fee Declarations"), respectively, indicating the amount of time spent by each attorney, paralegal, and other professional and paraprofessional of Wolf Haldenstein and Robbins Geller, respectively, who performed work in this litigation. The schedules attached as exhibits to the Firm Fee Declarations include the name of each such person who worked on the case, hourly billing rates, and the numbers of hours expended. The lodestar calculations are based on each firm's current billing rates. For attorneys and employees no longer employed by the firm, the lodestar calculation is based on the billing rate during his or her last year of employment with Wolf Haldenstein and Robbins Geller. These schedules were prepared from contemporaneous, daily time records regularly prepared and maintained by Wolf Haldenstein and Robbins Geller. These records are available for review at the request of the Court.

18. As shown in Exhibit A, the total number of hours expended on this Litigation by Wolf Haldenstein in connection with the prosecution of this litigation is 2,944.50 hours. The

---

[3] The "Settling Funds" include the "Rye Funds" and the "Tremont Funds." The "Rye Funds" are (i) Rye Select Broad Market Fund, L.P.; (ii) Rye Select Broad Market XL Fund, L.P.; (iii) Rye Select Broad Market Prime Fund, L.P.; (iv) Rye Select Broad Market Insurance Fund, L.P.; (v) Rye Select Broad Market Portfolio Limited; (vi) Rye Select Broad Market XL Portfolio Limited; (vii) Broad Market XL Holdings Limited; and (viii) Rye Select Broad Market Insurance Portfolio LDC (but solely with respect to INTAC Independent Technical Analysis Centre Ltd, LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd., and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.). The "Tremont Funds" are (i) Tremont Market Neutral Fund L.P.; (ii) Tremont Market Neutral Fund II, L.P.; (iii) Tremont Market Neutral Fund Limited; (iv) Tremont Opportunity Fund Limited; (v) Tremont Opportunity Fund II L.P.; (vi) Tremont Opportunity Fund III L.P.; (vii) Tremont Arbitrage Fund, L.P.; (viii) Tremont Arbitrage Fund-Ireland; and (ix) Tremont Strategic Insurance Fund, L.P.

total lodestar for Wolf Haldenstein is $1,476,846.50, consisting of $1,342,506.00 for attorney time and $134,340.50 for non-attorney time. As shown in Exhibit B, the total number of hours expended on this Litigation by Robbins Geller in connection with the prosecution of this litigation is 1609 hours. The total lodestar for Robbins Geller is $734,113.75, consisting of $669,335.00 for attorney time and $64,778.75 for non-attorney time.

19. Both firms undertook their representation of the Insurance Class Plaintiffs on a contingency fee basis, with costs to be advanced by the firms. Other than that, Wolf Haldenstein and Robbins Geller do not have any *ex ante* agreements with the Insurance Plaintiffs with respect to attorneys' fees.

20. Also shown in Exhibit A is a detailed schedule of the un-reimbursed expenses incurred by Wolf Haldenstein in connection with the prosecution of this case, totaling $46,588.35. Exhibit B contains a detailed schedule of the un-reimbursed expenses incurred by Robbins Geller in connection with the prosecution of this case, totaling $7,103.43.

21. Attached as Exhibit C is a declaration of Robert Fryd, who represents Milton Klein, the Trustee of the Harriet Klein and Matthew Klein Trusts, who are two of the named plaintiffs in the Insurance Action. Mr. Fryd and other staff at his firm spent 38.3 hours and have a lodestar of $19,337, and $816.39 in expenses on this litigation. The tasks undertaken by Mr. Fryd's firm included consultations with Mr. Klein concerning his losses and possible claims; review of various documents; review of related cases; factual and legal research; and consultation and coordination with Wolf Haldenstein.

22. Insurance Class Counsel's lodestar together with Mr. Fryd's lodestar results in a combined lodestar of $2,230,297.05

23. Annexed hereto as Exhibit D is the Declaration of Glen L. Abramson in Support of Plaintiffs' Motion for Final Approval of Partial Settlement and Motion for Award of Attorneys' Fees and Expenses.

**<u>Insurance Class Counsel's Fee and Expense Request Should Be Granted</u>**

24. Pursuant to the Stipulation of Settlement, Insurance Subclass Counsel may seek an award of attorneys' fees not to exceed 30% of that portion of the Insurance Settlement Fund allocable to the Insurance Subclass members, plus interest earned at the same rate as the Insurance Settlement Fund, and out-of-pocket expenses. Such fees and expenses will be divided with Berger Montague, counsel for the Individual Settling Insurance Class Plaintiffs, who also participated in the negotiation and finalization of the Settlement. Berger Montague and Insurance Class Counsel have agreed to share any attorneys' fees and expenses that may be awarded by the Court and received by Berger Montague in connection with its representation of the Individual Settling Insurance Plaintiffs in a manner they believe reasonably compensates each of them for their respective efforts in this case. Berger Montague, which represents 29 trusts and/or corporations that are Policyholders, has engagement agreements with its clients providing for the payment of attorneys' fees and expenses.

25. Insurance Class Counsel are requesting an award that is less than the straight time they would charge for its attorneys and staff, as the total lodestar amount is $2,210,960.25, and any award must be shared with Berger & Montague.

26. This Settlement represents a highly favorable result for the Insurance Subclass, one that is attributable to the diligence, determination, hard work, and reputation of Insurance Class Counsel, who developed, litigated, and successfully negotiated the settlement of this Litigation, which provides an immediate recovery in a very difficult case without the risk of

further litigation. In light of these facts, Insurance Class Counsels' request for an award of attorneys' fees of 30% of that portion of the Insurance Settlement Fund allocable to the Insurance Subclass and an additional $54,508.17 in out-of-pocket expenses is fair and reasonable.

**This Court Should Approve Plaintiffs' Requests for Incentive Awards**

27. The Insurance Plaintiffs are seeking a cash award, to be approved by the Court, of $10,000 per Plaintiff (the "Incentive Awards"). The Incentive Awards are apart from and in addition to any payments to members of the Insurance Subclass or Insurance Class Counsel. If not awarded, the amount set aside for the Incentive Awards will not be added to the Settlement Fund, but will instead return to Settling Defendants.

28. The Insurance Plaintiffs have served as representative plaintiffs for the duration of this litigation and have been involved throughout in several ways. Specifically, Insurance Plaintiffs have:

- reviewed the qualifications of counsel;
- provided information to counsel concerning the Policies;
- researched and sent multiple documents to counsel, including trust documents, the Policy, monthly statements, communications, and other documents relevant to the actions, going back to the late 1990s;
- conferred regularly and at length with Insurance Class Counsel about the case and claims;
- reviewed drafts of the original Complaint and provided input to Insurance Class Counsel;
- reviewed the Amended Complaint;
- reviewed all major pleadings;

- conferred with Insurance Class Counsel regarding the Argus Settlement and reviewed related documents;

- conferred with Insurance Class Counsel regarding the mediation with the Tremont and MassMutual/Oppenheimer Defendants;

- conferred with Insurance Class Counsel regarding the mediation concerning the allocation of the settlement proceeds; and

- researched and reviewed press and other public documents in order to evaluate the progress of the litigation, including the adequacy of the proposed settlements.

*See* Insurance Plaintiffs' Incentive Awards Declarations, attached hereto as Compendium Exs. E.

**Conclusion**

29.  Because Plaintiffs' Counsel's contribution to the result achieved and work performed was substantial and its expenses reasonably incurred, the requested award of fees and reimbursement of expenses (which are to be shared with Berger Montague) should be granted in all respects.

30.  Because the incentive awards requested by Plaintiffs are reasonable in light of their efforts in support of the litigation and comport with amounts awarded to plaintiffs in similar actions, Plaintiffs' request for incentive awards should be approved.

We declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of May, 2011, at New York, New York.

      /s/ Demet Basar  
      DEMET BASAR

      /s/ David A. Rosenfeld  
      DAVID A. ROSENFELD

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on May 4, 2011, I caused a true and correct copy of the attached:

> Notice of Insurance Class Counsels' Motion for an Award of Attorneys' Fees and Expenses and Insurance Class Plaintiffs' Incentive Awards;
>
> Memorandum of Law in Support of Insurance Class Counsels' Motion for an Award of Attorneys' Fees and Expenses and Insurance Class Plaintiffs' Incentive Awards; and
>
> Joint Declaration of Demet Basar and David A. Rosenfeld in Support of Insurance Class Counsels' Motion for an Award of Attorneys' Fees and Expenses and Insurance Class Plaintiffs' Incentive Awards

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.



*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD