# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re TREMONT SECURITIES LAW, STATE :   Master Docket No. 08-Civ-11117(TPG)
LAW AND INSURANCE LITIGATION      :

       :   CLASS ACTION

       :

This Document Relates To:        :   DECLARATION OF TREVOR RABIE IN

       :   SUPPORT OF FINAL APPROVAL OF THE

    INSURANCE ACTION, 09-Civ-557.    :   SETTLEMENT, AWARD OF ATTORNEYS'

       x   FEES AND REIMBURSEMENT OF

---------------------------------------------------------------x   EXPENSES, AND INCENTIVE AWARD

I, Trevor Rabie, hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I submit this Declaration in support of the final approval of: (i) the proposed partial settlement; (ii) an award of attorneys' fees and reimbursement of expenses; and (iii) my request for an incentive award.

2.      I am the trustee for the Geoffrey Rabie Credit Shelter Trust ("Geoffrey Rabie Trust"). The Geoffrey Rabie Trust is the owner of a variable universal life insurance policy ("VUL") (the "Policy") issued by Tremont International Insurance Limited ("TIIL"). The Policy was taken over by Argus International Life Bermuda Limited ("Argus") after Argus' acquisition of TIIL in 2007.

3.      On February 18, 2009, the Geoffrey Rabie Trust filed a class action in the United States District Court for the Southern District of New York captioned *The Geoffrey Rabie Credit Shelter Trust et al. v. Argus group Holdings Ltd., et al.*, 09 Civ. 01466 (TPG) (the "Geoffrey Rabie Trust Action") against the Argus Defendants, the Tremont Defendants, the MassMutual/Oppenheimer Defendants and the KPMG/Ernst & Young Defendants in connection with the exposure of the investment account of the Policy to the Ponzi scheme orchestrated by Bernard L. Madoff.

4.      By order dated March 26, 2009, the Geoffrey Rabie Trust Action and other similar actions alleging state law claims were consolidated under the caption the "Insurance Actions," and Robbins Geller Rudman & Dowd LLP (formerly, Coughlin Stoia Geller Rudman & Robbins LLP) ("Robbins Geller") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") were appointed interim co-lead counsel for the class in the Insurance Actions ("Insurance Class Counsel").

5.      On July 21, 2009, the Argus Defendants entered into a settlement agreement with the named plaintiffs in the Insurance Actions and certain individuals who also purchased Policies from TIIL or Argus International but who were represented by a different law firm. The settlement with the Argus Defendants (the "Argus Settlement") was the first settlement in this consolidated litigation. The Argus Settlement was approved by the Court on January 4, 2010, and a class was certified for purposes of that settlement.

6.      Both before and after the Argus Settlement, I regularly communicated with my counsel and was kept abreast of all developments, motion practice and settlement negotiations, including the negotiations of the partial settlement between Plaintiffs and the Tremont and MassMutual/Oppenheimer Defendants. I communicated with my counsel about the mediation between Plaintiffs and the Settling Defendants that took place in March 2010 and the second mediation concerning the allocation of the settlement proceeds among the Insurance Actions, the Securities Actions, and the State Law Actions. Because of my involvement with the litigation through my review of documents and discussions with my counsel, I was well-positioned to evaluate the reasonableness and adequacy of the proposed partial settlement on behalf of the class in the Insurance Actions and the allocation of the settlement proceeds to the Insurance Actions.

7.      Based on my involvement and knowledge of the risks associated with continued prosecution of the Insurance Actions, I endorse the proposed partial settlement because I believe the proposed resolution outweighs the risks of continued litigation and provides a significant result for the class in the Insurance Actions.

**B.      The Attorneys' Fees and Expenses Sought are Reasonable**

8.      I also endorse the application for attorneys' fees by Robbins Geller. I believe that this payment represents fair and reasonable compensation to Robbins Geller for its efforts, for the

-2-

significant result achieved, and the substantial risks undertaken in this litigation. I have also reviewed the litigation expenses incurred by Robbins Geller, and believe that the litigation expenses being requested are reasonable and necessary for the prosecution and successful resolution of the actions. I understand that other counsel will also be submitting requests for attorneys' fees and reimbursement of expenses for their contribution to the prosecution and partial settlement of the Insurance Actions.

**C.      Request for Incentive Award**

9.      In connection with the prosecution and settlement of the Insurance Actions, as trustee for the Geoffrey Rabie Trust, I have diligently performed the following duties in representing the interests of the class in the Insurance Actions:

- reviewed the qualifications of counsel;

- provided information to counsel concerning the VUL Policy;

- researched and sent multiple documents to counsel, including trust documents, the Policy, monthly statements, communications with TIIL and Argus, and other documents relevant to the actions, going back to the late 1990's;

- conferred regularly and at length with my counsel about the case and claims;

- reviewed drafts of the original complaint and provided input to counsel;

- reviewed the amended complaint;

- reviewed all major pleadings;

- conferred with counsel regarding the Argus Settlement and reviewed related documents;

- conferred with counsel regarding the mediation with the Tremont and MassMutual/Oppenheimer Defendants;

- conferred with counsel regarding the mediation concerning the allocation of the settlement proceeds; and

- 3 -

- researched and reviewed press and other public documents in order to evaluate the progress of the litigation, including the adequacy of the proposed settlements.

10.     In connection with my efforts as trustee for the Geoffrey Rabie Trust, as described above, I spent approximately 39 hours on this litigation.

11.     I am a physician specializing in Internal Medicine, Pulmonary Medicine and Palliative Care Medicine. I am currently consulting part time for the Memorial Hermann Hospital System in Houston Texas in the field of Case Management. I am also a part time Hospice Physician and still maintain a part time Internal Medicine and Pulmonary Medicine office based practice. I also serve as a consultant and expert witness in the field of medico-legal medicine which includes malpractice, causation issues, disability claims and product liability issues. I have been active in my medical practice since 1984. I graduated with Honors from the University of Cape Town Medical School in 1976. Completed residency training in Internal Medicine and then Fellowship training in Pulmonary and Critical Care Medicine. I am currently board certified in Internal Medicine, Pulmonary Medicine and Hospice/Palliative Care Medicine.

12.     The hourly rate for my services is $450. Accordingly, I value my time on this litigation at approximately $17,550 (($450/hour) x (39 hours) = $17,550). However, I am not seeking compensation for all of that time and instead seek an incentive award of $10,000.

13.     In light of the work I performed on behalf of plaintiff in the Geoffrey Rabie Trust Action, and in the Insurance Actions as a whole, I believe the amount I am seeking is fair and reasonable and warrants the Court's approval.

**CONCLUSION**

14.     Accordingly, I respectfully request that the Court approve: (i) the partial settlement; (ii) the attorneys' fee and litigation expense reimbursement application; and (iii) my request for incentive award in the amount of $10,000.

- 4 -

I declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED this ____ day of May, 2011 at Houston, Texas.

TREVOR RABIE

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION<br><br>This Document Relates To:<br><br>The Insurance Action | **MASTER FILE NO.:<br>08 CIV. 11117 (TPG)** |

**DECLARATION OF MILTON KLEIN IN SUPPORT OF FINAL APPROVAL OF
THE SETTLEMENT, AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD**

I, Milton Klein, hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I submit this Declaration in support of the final approval of:  (i) the proposed partial settlement; (ii) an award of attorneys' fees and reimbursement of expenses; and (iii) my request for an incentive award.

**A.      The Partial Settlement is Fair and Reasonable**

2.      I am the trustee for the Harriet Rutter Klein Revocable Trust ("Harriet Trust") and the Matthew L. Klein Irrevocable Trust ("Matthew Trust"). The Harriet Trust is the owner of a deferred variable annuity ("DVA") policy and the Matthew Trust is the owner of a Variable Universal Insurance ("VUL") policy (the "Policies") issued by Tremont International Insurance Limited ("TIIL").   Both Policies were taken over by Argus International Life Bermuda Limited ("Argus") after Argus' acquisition of TIIL in 2007.

3.      On March 11, 2009, the Harriet Trust and the Matthew Trust filed two separate class actions in the United States District Court for the Southern District of New York captioned *The Harriet Rutter Klein Revocable Trust v. Tremont Group Holdings, Inc., et al.*, 09 Civ. 2253(TPG) (the "Harriet Trust Action") and *The Matthew L. Klein Irrevocable Family Trust v. Tremont Group Holdings Inc. et al.*, 09 Civ. 2254 (TPG) (the "Matthew Trust Action"),[1] respectively, against the Argus Defendants, the Tremont Defendants, the MassMutual/Oppenheimer Defendants and the KPMG/Ernst & Young Defendants in connection with the exposure of the investment accounts of the Policies to the Ponzi scheme orchestrated by Bernard L. Madoff.

4.      By order dated March 26, 2009, the Harriet Trust Action, the Matthew Trust Action and other similar actions alleging state law claims were consolidated under the caption the "Insurance Actions," and Wolf Haldenstein and Robbins Geller Rudman & Dowd LLP (formerly, Coughlin Stoia Geller Rudman & Robbins LLP) ("Robbins Geller") were appointed interim co-lead counsel for the class in the Insurance Actions ("Insurance Class Counsel").

5.      On July 21, 2009, the Argus Defendants entered into a settlement agreement with the named plaintiffs in the Insurance Actions and certain individuals who also purchased Policies from TIIL or Argus International but who were represented by a different law firm. The settlement with the Argus Defendants (the "Argus Settlement") was the first settlement in this consolidated litigation. The Argus Settlement was approved by the Court on January 4, 2010, and a class was certified for purposes of that settlement.

---

[1] After the filing of the Matthew Trust Action, the Matthew Trust transferred title to its VUL Policy to Laura Klein, Matthew Klein's wife.

6.      Both before and after the Argus Settlement, I regularly communicated with my counsel and was kept abreast of all developments, motion practice and settlement negotiations, including the negotiations of the partial settlement between Plaintiffs and the Tremont and MassMutual/Oppenheimer Defendants.  I communicated with my counsel about the mediation between Plaintiffs and the settling Defendants that took place in March 2010 and the second mediation concerning the allocation of the settlement proceeds among the Insurance Actions, the Securities Actions, and the State Law Actions.  Because of my involvement with the litigation through my review of documents and discussions with my counsel, I was well-positioned to evaluate the reasonableness and adequacy of the proposed partial settlement on behalf of the class in the Insurance Actions and the allocation of the settlement proceeds to the Insurance Actions.

7.      Based on my involvement and knowledge of the risks associated with continued prosecution of the Insurance Actions, I strongly endorse the proposed partial settlement because I believe the proposed resolution outweighs the risks of continued litigation and provides an excellent result for the class in the Insurance Actions.

**B.      The Attorneys' Fees and Expenses Sought are Reasonable**

8.      I also endorse the application for attorneys' fees by Wolf Haldenstein.  I believe that this payment represents fair and reasonable compensation to Wolf Haldenstein for its efforts, for the excellent result achieved, and the substantial risks undertaken in this litigation. I have also reviewed the litigation expenses incurred by Wolf Haldenstein, and believe that the litigation expenses being requested are reasonable and necessary for the prosecution and successful resolution of the actions.  I understand

that other counsel will also be submitting requests for attorneys' fees and reimbursement of expenses for their contribution to the prosecution and partial settlement of the Insurance Actions.

## C.   Request for Incentive Award

9.     In connection with the prosecution and settlement of the Insurance Actions, as trustee for plaintiffs the Harriet Trust and the Matthew Trust, I have diligently performed the following duties in representing the interests of the Insurance class:

- reviewed the qualifications of counsel;

- provided information to counsel concerning the Policies, particularly with respect to the DVA Policy held by the Harriet Trust;

- researched and sent multiple documents to counsel, including trust documents, the Policies, monthly statements, communications with TIIL and Argus, and other documents relevant to the actions, going back to the late 1990's;

- conferred regularly and at length with my counsel about the case and claims;

- reviewed drafts of the original complaint and provided input to counsel;

- reviewed the amended complaint;

- reviewed all major pleadings;

- conferred with counsel regarding the Argus Settlement and reviewed related documents;

- conferred with counsel regarding the mediation with the Tremont and MassMutual/Oppenheimer Defendants;

- conferred with counsel regarding the mediation concerning the allocation of the settlement proceeds;

- reviewed documents relating to the partial settlement with the Tremont and MassMutual/Oppenheimer Defendants; and

- researched and reviewed press and other public documents in order to evaluate the progress of the litigation, including the adequacy of the proposed settlements.

10.    In connection with my efforts as trustee for named plaintiffs the Harriet Trust and the Matthew Trust, as described above, I spent approximately 80 hours on this litigation.

11.    I am the general partner of a real estate investment and management firm with multiple investments throughout the United States, and also manage the financial investments of a family partnership that employs sophisticated trading strategies.  I have been a professional in these fields for over 30 years.  I am an honors graduate of the University of Pennsylvania Wharton School of Business (1962), received a JD degree from the New York University School of Law (1966), passed the New York State Bar examination, and am a certified public accountant (inactive) although I do not practice in those fields.

12.    The hourly rate for my services is $300.  Accordingly, I value my time on this litigation at approximately $24,000.  However, I am not seeking compensation for all of that time and seek an incentive award of $10,000 for each of the two cases, for a total of $20,000.

13.    In light of the work I performed on behalf of plaintiffs in the Harriet Trust Action and the Matthew Trust Action, and in the Insurance Actions as a whole, I believe the amount I am seeking is fair and reasonable and warrants the Court's approval.

**CONCLUSION**

14.     Accordingly, I respectfully request that the Court approve:   (i) the partial settlement; (ii) the attorneys' fee and litigation expense reimbursement application; and (iii) my request for incentive award in the amount of $20,000.

I declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED this     MAY  3 2011     , 2011.

_____
Milton Klein

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION**<br><br>**This Document Relates To:**<br><br>**The Insurance Action** | **MASTER FILE NO.: 08 CIV. 11117 (TPG)** |

## DECLARATION OF MARK FINE IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT, AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD

I, Mark Fine, hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I submit this Declaration in support of the final approval of: (i) the proposed partial settlement; (ii) an award of attorneys' fees and reimbursement of expenses; and (iii) my request for an incentive award.

### A. The Partial Settlement is Fair and Reasonable

2. I am the insured in a Variable Universal Insurance ("VUL") policy issued by Tremont International Insurance Limited ("TIIL") that was purchased by the "The MAP Trust," a trust that was established by my father. Chateau Fiduciaire S.A., the trustee of The Map Trust, is the named plaintiff in this action. I am authorized by the trustee to act as plaintiff, on behalf of The MAP Trust ("Plaintiff"), in this action, including for purposes of this Declaration.

3.      As a result of my efforts and those of my counsel, Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), The MAP Trust was the first to file a class action complaint on behalf of purchasers or holders of VUL policies (the "Policies") against the Argus Defendants, the Tremont Defendants, the MassMutual/Oppenheimer Defendants and the KPMG/Ernst & Young Defendants in connection with the exposure of the investment accounts of the Policies to the Ponzi scheme orchestrated by Bernard L. Madoff. *Chateau Fiduciaire S.A. v. Tremont Group Holdings, Inc., et al.*, 09 Civ. 557(TPG) (filed January 20, 2009).

4.      By order dated March 26, 2009, *Chateau Fiduciaire* and other similar actions were consolidated under the caption the "Insurance Actions" and Wolf Haldenstein and Robbins Geller Rudman & Dowd LLP (formerly, Coughlin Stoia Geller Rudman & Robbins LLP) ("Robbins Geller") were appointed interim co-lead counsel for the class in the Insurance Actions ("Insurance Class Counsel").

5.      On July 21, 2009, the Argus Defendants entered into a settlement agreement with the named plaintiffs in the Insurance Actions and certain individuals who also purchased Policies from TIIL or Argus International but who were represented by a different law firm.  The settlement with the Argus Defendants (the "Argus Settlement") was the first settlement in this consolidated litigation.  The Argus Settlement was approved by the Court on January 4, 2010, and a class was certified for purposes of that settlement.

6.      Both before and after the Argus Settlement, I regularly communicated with Wolf Haldenstein and was kept abreast of all developments, motion practice and settlement negotiations, including the negotiations of the partial settlement between

Plaintiffs and the Tremont and MassMutual/Oppenheimer Defendants. I communicated with my counsel about the mediation between Plaintiffs and the settling Defendants that took place in March 2010 and the second mediation concerning the allocation of the settlement proceeds among the Insurance Actions, the Securities Actions, and the State Law Actions. Because of my involvement with the litigation through my review of documents and discussions with my counsel, I was well-positioned to evaluate the reasonableness and adequacy of the proposed partial settlement on behalf of the class in the Insurance Actions and the allocation of the settlement proceeds to the Insurance Actions.

       7.     Based on my involvement and knowledge of the risks associated with continued prosecution of the Insurance Actions, I strongly endorse the proposed partial settlement because I believe the proposed resolution outweighs the risks of continued litigation and provides an excellent result for the class in the Insurance Actions.

**B.     The Attorneys' Fees and Expenses Sought are Reasonable**

       8.     I also endorse the application for attorneys' fees by Wolf Haldenstein. I believe that this payment represents fair and reasonable compensation to Wolf Haldenstein for its efforts, for the excellent result achieved, and the substantial risks undertaken in this litigation. I have also reviewed the litigation expenses incurred by Wolf Haldenstein, and believe that the litigation expenses being requested are reasonable and necessary for the prosecution and successful resolution of the actions. I understand that other counsel will also be submitting requests for attorneys' fees and reimbursement of expenses for their contribution to the prosecution and partial settlement of the Insurance Actions.

## C.    Request for Incentive Award

9.      In connection with the prosecution and settlement of the Insurance

Actions, as plaintiff, I have diligently performed the following duties in representing the

interests of the Insurance class :

- conducted a search for appropriate counsel to represent the interests of those who were harmed by the investment of the Policies in Rye/Tremont funds;

- provided information to Wolf Haldenstein concerning the Policies, including their issuance and characteristics;

- researched, scanned, faxed and emailed multiple documents and records relevant to the action, including the Policy, monthly statements and correspondence, extending back to the year 2000;

- conferred regularly and at length with Wolf Haldenstein about the case and claims;

- reviewed drafts of the original complaint and provided input to counsel;

- reviewed the amended complaint and provided input to counsel;

- reviewed all major pleadings;

- had extensive discussions with counsel regarding the Argus Settlement and reviewed related documents;

- conferred with counsel regarding  the mediation with the Tremont and MassMutual/Oppenheimer Defendants and with respect to the final settlement and disposition of the case with respect to those defendants;

- conferred with counsel regarding the mediation concerning the allocation of the settlement proceeds;

- reviewed documents relating to the partial settlement with the Tremont and MassMutual/Oppenheimer Defendants; and

- researched and stayed abreast of issues and media releases to be fully able to evaluate the progress of the litigation, including the adequacy of the proposed settlements.

10.    In connection with my service as Plaintiff, as described above, I spent approximately 210 hours on this litigation.  I am an entertainment marketing consultant and work on an hourly basis.   During the relevant period, my hourly was $100 per hour. Accordingly, I value my time on this litigation at approximately $21,000.  However, I am not seeking compensation for all of that time and seek an incentive award of $10,000.

11.    In light of the work I performed and the fulfillment of my duties as a plaintiff in this class action, I believe the amount I am seeking is fair and reasonable and warrants the Court's approval.

## CONCLUSION

12.    Accordingly, I respectfully request that the Court approve:   (i) the partial settlement; (ii) the attorneys' fee and litigation expense reimbursement application; and (iii) my request for incentive award in the amount of $ 10,000.

I declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED this  _MAY 3rd_ , 2011.

_____
                        Mark Fine

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x

In re TREMONT SECURITIES LAW, STATE :    Master Docket No. 08-Civ-11117(TPG)
LAW AND INSURANCE LITIGATION      :

---------------------------------------------- :    CLASS ACTION
     :
This Document Relates To:      :    DECLARATION OF GEOFFREY RABIE IN
     :    SUPPORT OF FINAL APPROVAL OF THE
     INSURANCE ACTION, 09-Civ-557.    :    SETTLEMENT, AWARD OF ATTORNEYS'
     x    FEES AND REIMBURSEMENT OF
     EXPENSES, AND INCENTIVE AWARD

I, Geoffrey Rabie, hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I submit this Declaration in support of the final approval of: (i) the proposed partial settlement; (ii) an award of attorneys' fees and reimbursement of expenses; and (iii) my request for an incentive award.

2. I am the trustee for the Joanne Brenda Rabie Credit Shelter Trust ("Joanne Rabie Trust"). The Joanne Rabie Trust is the owner of a variable universal life insurance policy ("VUL") (the "Policy") issued by Tremont International Insurance Limited ("TIIL"). The Policy was taken over by Argus International Life Bermuda Limited ("Argus") after Argus' acquisition of TIIL in 2007.

3. On February 18, 2009, the Joanne Rabie Trust filed a class action in the United States District Court for the Southern District of New York captioned *The Geoffrey Rabie Credit Shelter Trust and Joanne Brenda Rabie Credit Shelter Trust. v. Argus group Holdings Ltd., et al.*, 09 Civ. 01466 (TPG) (the "Joanne Rabie Trust Action") against the Argus Defendants, the Tremont Defendants, the MassMutual/Oppenheimer Defendants and the KPMG/Ernst & Young Defendants in connection with the exposure of the investment account of the Policy to the Ponzi scheme orchestrated by Bernard L. Madoff.

4. By order dated March 26, 2009, the Joanne Rabie Trust Action and other similar actions alleging state law claims were consolidated under the caption the "Insurance Actions," and Robbins Geller Rudman & Dowd LLP (formerly, Coughlin Stoia Geller Rudman & Robbins LLP) ("Robbins Geller") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") were appointed interim co-lead counsel for the class in the Insurance Actions ("Insurance Class Counsel").

- 1 -

5.    On July 21, 2009, the Argus Defendants entered into a settlement agreement with the named plaintiffs in the Insurance Actions and certain individuals who also purchased Policies from TIIL or Argus International but who were represented by a different law firm. The settlement with the Argus Defendants (the "Argus Settlement") was the first settlement in this consolidated litigation. The Argus Settlement was approved by the Court on January 4, 2010, and a class was certified for purposes of that settlement.

6.    Both before and after the Argus Settlement, I regularly communicated with my counsel and was kept abreast of all developments, motion practice and settlement negotiations, including the negotiations of the partial settlement between Plaintiffs and the Tremont and MassMutual/Oppenheimer Defendants. I communicated with my counsel about the mediation between Plaintiffs and the Settling Defendants that took place in March 2010 and the second mediation concerning the allocation of the settlement proceeds among the Insurance Actions, the Securities Actions, and the State Law Actions. Because of my involvement with the litigation through my review of documents and discussions with my counsel, I was well-positioned to evaluate the reasonableness and adequacy of the proposed partial settlement on behalf of the class in the Insurance Actions and the allocation of the settlement proceeds to the Insurance Actions.

7.    Based on my involvement and knowledge of the risks associated with continued prosecution of the Insurance Actions, I endorse the proposed partial settlement because I believe the proposed resolution outweighs the risks of continued litigation and provides a significant result for the class in the Insurance Actions.

**The Attorneys' Fees and Expenses Sought are Reasonable**

8.    I also endorse the application for attorneys' fees by Robbins Geller. I believe that this payment represents fair and reasonable compensation to Robbins Geller for its efforts, for the

- 2 -

significant result achieved, and the substantial risks undertaken in this litigation. I have also reviewed the litigation expenses incurred by Robbins Geller, and believe that the litigation expenses being requested are reasonable and necessary for the prosecution and successful resolution of the actions. I understand that other counsel will also be submitting requests for attorneys' fees and reimbursement of expenses for their contribution to the prosecution and partial settlement of the Insurance Actions.

## C. Request for Incentive Award

9. In connection with the prosecution and settlement of the Insurance Actions, as trustee for the Joanne Rabie Trust, I have diligently performed the following duties in representing the interests of the class in the Insurance Actions:

- reviewed the qualifications of counsel;

- provided information to counsel concerning the VUL Policy;

- researched and sent multiple documents to counsel, including trust documents, the Policy, monthly statements, communications with TIIL and Argus, and other documents relevant to the actions, going back to the late 1990's;

- conferred regularly and at length with my counsel about the case and claims;

- reviewed drafts of the original complaint and provided input to counsel;

- reviewed the amended complaint;

- reviewed all major pleadings;

- conferred with counsel regarding the Argus Settlement and reviewed related documents;

- conferred with counsel regarding the mediation with the Tremont and MassMutual/Oppenheimer Defendants;

- conferred with counsel regarding the mediation concerning the allocation of the settlement proceeds; and

          •   researched and reviewed press and other public documents in order to evaluate the progress of the litigation, including the adequacy of the proposed settlements.

10.     In connection with my efforts as trustee for the Joanne Rabie Trust, as described above, I spent approximately 15 hours on this litigation.

11.     I am an Endodontist in private practice in Drexel Hill, Pennsylvania since 1987. I graduated with a Bachelor in Dental Science from the University of the Witswatersrand in 1981 and was awarded the Ernest Borgwardt prise in Prosthetic dentistry. I then attended the University of Pennsylvania and obtained my DMD degree in 1986. Concurrently I specialized at U of P in the field of Endodontics and was awarded a certificate in this specialty in 1986. Furthermore I received the Louis I Grossman award for the most outstanding student in Endodontics. Whilst at U of P, I published numerous papers in the Journal of Dental Traumatology and the Journal of Endodontics. I became a Diplomate of the American Board of Endodontics (board certified) in 1991.

12.     The hourly rate for my services is $1,000 based on a 40 hour week. Accordingly, I value my time on this litigation at approximately $15,000 (($1,000/hour) x (15 hours) = $15,000). However, I am not seeking compensation for all of that time and instead seek an incentive award of $10,000.

13.     In light of the work I performed on behalf of plaintiff in the Joanne Rabie Trust Action, and in the Insurance Actions as a whole, I believe the amount I am seeking is fair and reasonable and warrants the Court's approval.

**CONCLUSION**

14.     Accordingly, I respectfully request that the Court approve: (i) the partial settlement; (ii) the attorneys' fee and litigation expense reimbursement application; and (iii) my request for incentive award in the amount of $10,000.

I declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED this 4th day of May, 2011 at Drexel Hill, Pennsylvania.

_____ *Geoffrey* MrD; BDS

GEOFFREY RABIE