UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re TREMONT SECURITIES LAW, STATE : Master Docket No. 08-Civ-11117(TPG)
LAW AND INSURANCE LITIGATION :
: <u>CLASS ACTION</u>
:
This Document Relates To: : ROBBINS GELLER RUDMAN & DOWD
: LLP'S RESPONSE TO THE YALE
    INSURANCE ACTION, 09-Civ-557. : FISHMAN 1998 INSURANCE TRUST AND
: GLENN AKIVA FISHMAN LIFE
: INSURANCE TRUSTS' OBJECTION

---------------------------------------------------------------- x

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ..........................................................................................1

II. FACTUAL HISTORY ........................................................................................................1

III. ARGUMENT .......................................................................................................................4

    A. The Fishman Plaintiffs' Objection Is Unrelated to the Insurance Settlement ..................................................................................................................4

    B. The Fishman Plaintiffs Lack Standing to File an Objection to the Settlement as They Are Not Members of the Settlement Class ..............................7

    C. Robbins Geller Acted Properly with Respect to the Fishman Plaintiffs and Its Fee Request Should Be Granted .......................................................................7

IV. CONCLUSION ..................................................................................................................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Austrian and German Bank Holocaust Litig.*,
   317 F.3d 91 (2d Cir. 2003)..................................................................................................9

*In re Drexel Burnham Lambert Group, Inc.*,
   130 B.R. 910 (Bankr. S.D.N.Y. 1991),
   *aff'd*, 960 F.2d 285 (2d Cir. 1992) .......................................................................................7

*McReynolds v. Richards-Cantave*,
   588 F.3d 790 (2d Cir. 2009)................................................................................................7

**STATUTES, RULES AND REGULATIONS**

New York Rules of Professional Conduct
   Rule 1.2(c)...........................................................................................................................9
   Rule 1.16(b) ........................................................................................................................9
   Rule 1.16(c).........................................................................................................................9
   Rule 1.16(c)(4)....................................................................................................................9

Robbins Geller Rudman & Dowd LLP ("Robbins Geller") respectfully submits this response to the Yale Fishman 1998 Insurance Trust and Glenn Akiva Fishman Life Insurance Trusts' ("Fishman Plaintiffs") Objection Letter filed on May 11, 2011, and in further support of the Settlement and the Insurance Class Counsels' Motion for an Award of Attorneys' Fees and Expenses and Insurance Class Plaintiffs' Incentive Awards (Docket No. 441) ("Insurance Counsels' Fee Motion") filed with this Court on May 4, 2011.

## I.  PRELIMINARY STATEMENT

The Fishman Plaintiffs, whose claims have not been included as part of the Settlement, filed an objection to the Settlement as well as to the attorneys' fees sought by Robbins Geller, one of two interim co-lead counsel who have been litigating this action on a contingent basis since its inception. Their basis for objecting is their disbelief that the settling parties chose to not include their claims as part of the Settlement. But as this Court knows, a party cannot be forced to settle an action simply because the opposing party would like to settle.

Moreover, the Fishman Plaintiffs' basis for objecting to the fees sought by Robbins Geller is similarly misplaced. Robbins Geller represents Settling Plaintiffs in the Insurance Action – an action that relates solely to purchasers of insurance policies with Argus. Notably, this does not include the Fishman Plaintiffs. Thus, the Fishman Plaintiffs lack standing to object to the Settlement or to the attorneys' fees requested by Robbins Geller.

Accordingly, for these reasons, and as discussed more fully below, it is respectfully submitted that the Court reject the objections filed by the Fishman Plaintiffs and fully approve the Settlement and the Insurance Class Counsels' Fee Motion in its entirety.

## II.  FACTUAL HISTORY

As this Court is aware, Plaintiffs in the *Tremont* Action (*see infra*) have agreed to settle their claims with a number of the defendants after more than 17 months of hard fought, arm's-length negotiations between the parties. The preliminary negotiations began in November 2009 and, on March 17 and 18, 2010, the Settling Parties continued their negotiations in a formal mediation with Judge Layn Phillips (retired) acting as the mediator. On March 18, 2010, the Settling Parties entered

into a Memorandum of Understanding ("MOU") setting forth the terms of the Settlement.[1] Throughout the Settlement process, Robbins Geller served, and continues to serve, as Court-appointed interim co-lead counsel in the Insurance action of *In re Tremont Securities Law, State Law and Ins. Litig.*, No 08-Civ.-11117 (TPG) ("*Tremont* Action").

Eight months *following* the execution of the MOU, on November 2, 2010, the Fishman Plaintiffs contacted Robbins Geller for the first time to discuss the nature of their investments in the Tremont Opportunity Fund III, L.P. ("Tremont Fund") and their potential claims against AGL Life Assurance Company ("AGL"), General American Life Insurance Company ("General American"), the Tremont Defendants and others.[2] As was then told to Robbins Geller attorneys, the Fishman Plaintiffs purchased variable universal life insurance policies from AGL and General American, who, in turn, invested the variable accounts of the policies in the Tremont Fund. Robbins Geller then advised the Fishman Plaintiffs that it would consider representing them in potential class actions concerning their policies, but that, in any representation of the Fishman Plaintiffs, Robbins Geller would not, throughout its representation of the Fishman Plaintiffs, take any adverse positions to the claims and rights of the Insurance Class Plaintiffs already represented by Robbins Geller in the *Tremont* Action. The Fishman Plaintiffs agreed to this limitation at that time.

Robbins Geller then conducted a factual investigation into the claims of the Fishman Plaintiffs and, on December 10, 2010, filed two Class Action Complaints on behalf of the Fishman Plaintiffs: (i) one against Defendant AGL, the Tremont Defendants and others; and (ii) one against Defendant General American, the Tremont Defendants and others. *See* Ex. A and Ex. B to the

---

[1] As this Court is further aware, the Settlement provides for, among other things: (i) the creation of a fund consisting of $100 million in cash; (ii) additional monies to the fund from the cash and cash equivalents remaining in Tremont Group Holdings, Inc. after the wind-down of its and its subsidiaries operations; (iii) any recovery pursuant to the Settling Defendants' Assigned Claims to be added to the fund; (iv) a 50% interest in litigation against the third party bond issuers; and (v) payment from the cash and cash equivalents remaining in the Settling Funds to current limited partners and/or shareholders in the Settling Funds.

[2] Robbins Geller is prepared to provide copies of all correspondence between the parties, should the Court request such a production.

Fishman Plaintiffs' Objection Letter.

On or around December 15, 2010, Robbins Geller contacted counsel for the Tremont Defendants to see if the Fishman Plaintiffs' claims were included, or could be included, as part of the Settlement Class.[3] At this time, it was public knowledge that a settlement in principle had been reached with a number of the parties in the *Tremont* Action, but the terms of the settlement were still confidential. After discussions with the various parties, and despite their diligent good faith efforts, Robbins Geller was unable to obtain the consent of all parties to share the confidential terms of the settlement-in-principle with the Fishman Plaintiffs.

Nonetheless, Robbins Geller continued to speak with counsel for the Tremont Defendants on several other occasions in an attempt to include the claims of the Fishman Plaintiffs in the Settlement, but it was to no avail. Robbins Geller kept the Fishman Plaintiffs apprised of these communications and informed them that the Tremont Defendants would not agree to settle their claims at this time. On February 25, 2011, Settlement Class Counsel filed a motion for preliminary approval of the Settlement, disclosing the terms of the settlement. *See* Docket No. 390. Robbins Geller discussed the Settlement with the Fishman Plaintiffs on that same day (since this is the first time that the terms of the Settlement had been made public), and explained that the Settling Defendants and the State Law Plaintiffs were unwilling to include the Fishman Plaintiffs in the Settlement Class. Robbins Geller explained to the Fishman Plaintiffs that although the Fishman Plaintiffs themselves were considered net losers, General American and AGL were considered net winners, and, therefore, under the Lifland Method and the Settlement Plans of Allocation, neither would be receiving any proceeds from the Settlement.

On March 9, 2011, Robbins Geller again reviewed with the Fishman Plaintiffs all of the steps

---

[3] Robbins Geller once again orally communicated to the Fishman Plaintiffs at that time that, throughout the representation, Robbins Geller would not take any position adverse to the claims and rights of the Insurance Class Plaintiffs. The Fishman Plaintiffs did not object to the limitation and instructed Robbins Geller to contact the Settling Parties to see if their claims could be included in the Settlement.

- 3 -

that they took to try to include the Fishman Plaintiffs in the Settlement.[4]  Over the next few months, the Fishman Plaintiffs and Robbins Geller spoke at various times regarding the Settlement.  On May 9 and 10, 2011, the Fishman Plaintiffs contacted Robbins Geller and directed Robbins Geller to file an objection to the Settlement on their behalf.  Robbins Geller immediately responded stating that it could not, and would not, do so and reminding the Fishman Plaintiffs that, at the time they had retained Robbins Geller, they had agreed that Robbins Geller would not take any actions that were adverse to the interests of the members of the Insurance Action and that filing an objection to a settlement that included the Insurance Action would be considered an adverse action.  On May 10, 2011, after receiving a letter from the Fishman Plaintiffs directing Robbins Geller to file an objection on their behalf, Robbins Geller responded by explaining (again) that it could not file an objection to the Settlement.  Robbins Geller made an effort to contact the Fishman Plaintiffs by telephone and invited the Fishman Plaintiffs to call Robbins Geller.  No return phone call was received from the Fishman Plaintiffs.  Instead, on May 11, 2011, the Fishman Plaintiffs served the Objection Letter.

### III. ARGUMENT

#### A. The Fishman Plaintiffs' Objection Is Unrelated to the Insurance Settlement

As discussed further in the Reply of the Insurance Class Plaintiffs to the Objections to Settlement, the objection filed by the Fishman Plaintiffs is unrelated to the Insurance Settlement since the Fishman Plaintiffs purchased insurance Policies from AGL and General American (who then invested the variable accounts of their policies in the Tremont Funds), while the Insurance Settlement only covers purchasers of insurance policies from Argus – not from other insurance companies.

---

[4] To be clear, if the Fishman Plaintiffs would have been included in the Settlement, they would have been included as part of the State Law Action and not the Insurance Action (since the Tremont funds that the Fishman Plaintiffs invested in are covered by the State Law Action).  While the claims asserted by the Fishman Plaintiffs relate to insurance policies that they purchased, the Insurance Action was solely settled on behalf of purchasers of insurance policies issued by Argus and would not have included purchasers of policies issued by AGL or General American.

Indeed, the Fishman Plaintiffs are not part of the definition of the Insurance Subclass clearly defined in the Insurance Notice as "all persons who purchased or otherwise acquired Variable Universal Life ("VUL") insurance policies or Deferred Variable Annuity ("DVA") policies issued by Tremont International Insurance Limited or Argus International Life Bermuda Limited from May 10, 1994 – December 11, 2008 (the "Class Period") to the extent those policies were invested in Rye Select Broad Market Insurance Portfolio LDC ("Insurance Portfolio"), and Rye Select Broad Market XL Portfolio Limited ("XL Portfolio") (together, "Argus Rye Funds")."

Counsel for plaintiff in *Prickett v. Massachusetts Holding LLC*, who, having bought a variable universal life insurance policy from New York Life Insurance and Annuity Corporation and is in the same position as the Fishman Plaintiffs, has submitted a letter to the Court stating that "Mr. Prickett is not a member of the putative settlement class and thus has no standing to object to or opt-out of the Settlement."[5]  Dkt. 457.

Notwithstanding this difference, the Fishman Plaintiffs repeatedly (and incorrectly) argue that they are similar to the Insurance Named Plaintiffs by stating that: (i) their complaint "is almost identical to the complaint filed . . . on behalf of plaintiffs against [] Argus . . ."; (ii) their claims "are identical to the claims of all the other plaintiffs . . ."; and (iii) that they object to Robbins Geller "receiving compensation in the Argus matter as it appears that they are advancing that claim at the expense of our claims." *See* Objection Letter, pp. 1, 3.  Although on its face, it would seem that the

---

[5] While the *Fishman* Actions and other similar individual cases against insurers (other than Argus International) were later consolidated with the Insurance Action (Dkt. No. 414), they are not part of the Insurance Subclass in this Settlement.  Importantly, at the time the Court created the consolidated "Insurance Action," there were only four insurance complaints on file, all of which were class actions brought on behalf of purchasers of VUL or DVA policies issued by Argus International.  *See* March 26, 2009 Consolidation Order, Dkt. No. 44.  Robbins Geller and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") represented plaintiffs in those class actions and were appointed "interim co-lead counsel" in the Insurance Action.  As interim co-lead counsel, Robbins Geller and Wolf Haldenstein, on behalf of the class of Argus policyholders they represent, filed a consolidated amended class action complaint (Dkt. No. 64), entered into a settlement agreement with the Argus Defendants (Dkt. No. 335), and then negotiated and entered into the Settlement now before the Court.  Because the Fishman Plaintiffs are not members of the Settlement Class represented by interim co-lead counsel – and their cases were only filed after a settlement in principle had been reached for Argus, *i.e.,* Insurance Action, policyholders – their cases are not part of the settlement of the Insurance Action despite having been consolidated with the Insurance Action.

claims of the Fishman Plaintiffs should have been included in the Insurance Action Settlement because they were purchasers of variable universal life insurance policies, the fact remains that the Tremont Funds where AGL and General American invested their variable accounts where not part of the Insurance Settlement in which Insurance Subclass members' investment accounts were invested.

Further evidence of this distinction flows from the objection of Philadelphia Financial Life Assurance Company, formerly known as AGL, which sold variable annuities or variable life insurance policies to the Fishman Plaintiffs and others. AGL objected to the Settlement of the *State/Securities Actions* arguing that its policyholders, which include the Fishman Plaintiffs, who suffered losses should be entitled to participate in the *State/Securities* Settlement regardless of whether AGL as a current limited partner and/or shareholder of the: (1) Rye Select Broad Market Prime Fund; (2) Tremont Opportunity Fund III L.P.; (3) Tremont Strategic Insurance Fund, L.P.; and (4) Tremont International Insurance Fund, LP ("AGL-Invested Funds"), is a net winner under the Plan of Allocation of the Net Settlement Fund for the State Law and Securities Law Subclasses. Dkt. No. 486.[6] Under the Plan of Allocation of the Net Settlement Fund, AGL is a net winner because it redeemed, in the aggregate, more than it invested on behalf of its policyholders. Importantly, AGL does not contend that its policyholders are part of the Insurance Subclass and does not contend they are entitled to recover anything from the Insurance Settlement or the Net Insurance Settlement Fund, which AGL acknowledges is "to be disbursed to certain parties that purchased insurance policies issued by Argus International Life Bermuda Limited." *Id.* at 6. In addition, the AGL-Invested and Fishman Plaintiffs- Invested Funds are not part of the Insurance Settlement in which Insurance Subclass members' investment accounts were invested in the Rye Select Broad Market Insurance Portfolio LDC and Rye Select Broad Market XL Portfolio Ltd., which are in liquidation in the Cayman Islands.

---

[6] Robbins Geller hereby incorporates by reference the replies of Settling Class Plaintiffs to the objections of Philadelphia Financial Life f/k/a AGL found in the concurrently filed Reply Memorandum of Law in Further Support of Settling Class Plaintiffs' Motion for Final Approval of Plans of Allocation at p. 8.

Accordingly, the Court should reject the objections filed by the Fishman Plaintiffs. Moreover, the Fishman Plaintiffs' arguments only support the fee application of Robbins Geller in the Insurance Action since it is now abundantly clear that Robbins Geller acted appropriately to protect the interests of the Insurance Subclass, and did not dilute their share of the recovery by including policyholders who were not part of the Settlement.

### B. The Fishman Plaintiffs Lack Standing to File an Objection to the Settlement as They Are Not Members of the Settlement Class

Only class members have standing to object to the Settlement of a class action. The rights and interests of non-settling parties are not affected by the Settlement. "Objectors who are non-Class members lack standing to object to the fairness, reasonableness and adequacy of the Settlement." *In re Drexel Burnham Lambert Group, Inc.*, 130 B.R. 910, 923 (Bankr. S.D.N.Y. 1991), *aff'd*, 960 F.2d 285 (2d Cir. 1992); *see also McReynolds v. Richards-Cantave*, 588 F.3d 790, 794, n.1 (2d Cir. 2009) (noting that only class members have standing to object to the settlement of a class action).

As discussed above, the Fishman Plaintiffs are not members of the Insurance Settlement Class and, since the Fishman Plaintiffs were not direct holders of partnership interests or shareholders in the Tremont Fund, they are not included in the State Law Subclass, or any of the other Subclasses for that matter. Therefore, they lack standing to object to the Settlement and the Court should reject all of the arguments raised in the Fishman Objection Letter.

### C. Robbins Geller Acted Properly with Respect to the Fishman Plaintiffs and Its Fee Request Should Be Granted

The Fishman Plaintiffs inaccurately contend in their Objection Letter that Robbins Geller "have inexcusably sought to exclude our claims from participation in the proposed settlement." *See* Objection Letter, pp. 1-2. The exact opposite is true.

As mentioned in the Factual History section above, Robbins Geller acted in good faith to attempt to *include*, not exclude, the Fishman Plaintiffs as part of the Settlement Class. After filing complaints on behalf of the Fishman Plaintiffs, Robbins Geller took numerous steps over the next

- 7 -

few months to try to include the Fishman Plaintiffs in the Settlement, including the following: (i) repeatedly discussing the Fishman Plaintiffs' concerns with Tremont Defendants' Counsel and asking for their claims to be included in the Settlement; (ii) discussing the Fishman Plaintiffs' concerns with Plaintiff's Settlement Counsel and asking for their claims to be included as part of the State Law settlement; (iii) consistently updating the Fishman Plaintiffs on the progress of the negotiations; (iv) explaining to the Fishman Plaintiffs the different reasons that they were not included in the Settlement Class; and (v) explaining to the Fishman Plaintiffs the different options that were available to them.

The Fishman Plaintiffs primarily object to the Settlement because they are in disbelief that Tremont does not want to settle with them.  *See* Objection Letter, p. 3.  They argue that "[t]his claim that Tremont doesn't want to settle with us, despite the fact that it would not cost Tremont one extra penny to do so . . . makes no sense to us." *Id.*

However illogical Tremont's actions may seem to the Fishman Plaintiffs, this does nothing to minimize the numerous attempts made by Robbins Geller to include the Fishman Plaintiffs as part of the Settlement.  As is their choice, the Settling Parties simply did not want to include the Fishman Plaintiffs' claims and, despite their substantial efforts, Robbins Geller could not convince anyone to include the Fishman Plaintiffs in the Settlement Class.  Indeed, on March 11, 2011, the Tremont Defendants wrote a letter to AGL memorializing this exact issue and stated that "AGL apparently believes that distributions made under the Settlement should be based on the net losses or gains realized by each policyholder, rather than on the net losses or gains directly realized by AGL.  But the approach evidently favored by AGL was considered and rejected by counsel for the settling plaintiffs, who devised the method specified in the Settlement for calculating investor losses and making distributions to investors.  If AGL disagrees with that method, it may . . . file an objection with the Court or opt out of the Class."

The fact that Robbins Geller first represented the Insurance Named Plaintiffs and a few years later agreed to represent the Fishman Plaintiffs does *not* serve as a basis to the Fishman Plaintiffs'

"object[ion] to Robbins Geller receiving compensation in the Argus matter." *See* Letter Objection, p. 3.

The Second Circuit's holding in *In re Austrian and German Bank Holocaust Litig.*, 317 F.3d 91 (2d Cir. 2003), is instructive. The Second Circuit stated that the "issue before us is whether the undertaking of representation of the Austrian Settlement Class by counsel with clients whose interests were potentially adverse to [other clients] provides a basis for forfeiture of the fees fairly earned by those counsel. . . ." *Id.* at 105. The Court held that:

> Whatever deficiency might be thought to arise from that undertaking or from Class Counsel's failure to alert the Court to the potential conflict, the circumstances of this case would not warrant the equitable remedy of fee forfeiture. There is not the slightest indication that any of the Class Counsel who were engaged in this enormously complicated undertaking acted with anything less than the utmost good faith. They achieved extraordinarily beneficial results for their clients. . . . In sum, no basis exists for obliging counsel for the Austrian Settlement Class to forfeit the fees awarded to them [] for their efforts. . . .

*Id.*

Here, Robbins Geller acted with nothing "less than utmost good faith" in their representation of the Insurance Named Plaintiffs and in their representation of the Fishman Plaintiffs. *Id*. at 91. At the outset, Robbins Geller appropriately placed a limitation on their representation of the Fishman Plaintiffs stating that they would not take any adverse position to the claims or interests of the Insurance Named Plaintiffs. *See* Rule 1.2(c) of the New York Rules of Professional Conduct ("NYRPC"). Robbins Geller followed the instructions of the Fishman Plaintiffs throughout the representation up until the point where the Fishman Plaintiffs improperly insisted that Robbins Geller file an objection on their behalf, which was an action against the interests of the Insurance Named Plaintiffs. *Id.* at 1.16(c)(4). Regrettably, Robbins Geller was then required to move to withdraw as counsel for the Fishman Plaintiffs pursuant to NYRPC Rules 1.16(b) and (c).

Accordingly, the Court should reject the arguments raised in the Fishman Plaintiffs' Objection Letter with respect to their inclusion in the Settlement Class. Moreover, the Court should reject their request that Robbins Geller forfeit its fees earned during its representation of the Insurance Named Plaintiffs and Insurance Subclass in the Insurance Action.

**IV.      CONCLUSION**

For the reasons stated herein, Robbins Geller respectfully requests that the Court reject all of the Fishman Plaintiffs' demands and finally approve the Settlement and the Insurance Class Counsels' Fee Motion in its entirety.

DATED:  May 25, 2011                                  ROBBINS GELLER RUDMAN & DOWD LLP
                                                                          SAMUEL H. RUDMAN
                                                                          DAVID A. ROSENFELD
                                                                          EDWARD Y. KROUB


                                                                                   */s/ David A. Rosenfeld*
                                                                          DAVID A. ROSENFELD

                                                                          58 South Service Road, Suite 200
                                                                          Melville, NY  11747
                                                                          Telephone:  631/367-7100
                                                                          631/367-1173 (fax)
                                                                          srudman@rgrdlaw.com
                                                                          drosenfeld@rgrdlaw.com
                                                                          ekroub@rgrdlaw.com

                                                                          *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2011, I caused the foregoing:

Robbins Geller Rudman & Dowd LLP's Response to The Yale Fishman 1998 Insurance Trust and Glenn Akiva Fishman Life Insurance Trusts' Objection

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

/s/ David A. Rosenfeld
DAVID A. ROSENFELD