UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION**<br><br>**This Document Relates To:**<br><br>**Insurance Actions, 09 Civ. 557 (TPG)** | **MASTER FILE NO.:**<br>**08 CIV. 11117 (TPG)** |

**INSURANCE CLASS COUNSELS' CORRECTED REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND INSURANCE CLASS PLAINTIFFS' INCENTIVE AWARDS, AND IN RESPONSE TO CERTAIN OBJECTIONS**

- i -

## TABLE OF CONTENTS

                                                      **Page**

A.    Non-Insurance Subclass Member the Orloff Family Trust's Objection to the Fee and Expense Motion Should Be Denied ....................................................... 2

B.    The Haines Plaintiffs Also Lack Standing and Their Objections Relating to Any Aspect of the Insurance Settlement or the Fee and Expense Motion Should Be Denied .............................................................................................................. 3

        1.    The Haines Plaintiffs' Arguments Concerning the Insurance Allocation Have No Basis in Law or Fact .................................................... 3

        2.    The Insurance Subclass Is Properly Certifiable ........................................... 7

        3.    The Haines Plaintiffs Have No Standing to Object to the Fee and Expense Motion and Their Arguments Lack Merit .................................... 8

C.    The Objection Filed by the Fishman Trusts Does Not Pertain to the Settlement of the Insurance Action .......................................................................... 9

## TABLE OF AUTHORITIES

Page

**CASES**

*A.M.A., et al. v. Met. Life, et al.*,
   Case No. 00 Civ. 2800 (LMM) (GWG)
   (S.D.N.Y. Sept. 20, 2010) ..................................................................................................2

*Cummins Inc. v. New York Life Ins. Co., et al.*,
   former Docket No. 10-cv-9252 (TPG) ..............................................................................10

*Dewey, et al. v. Volkswagen of Am.*,
   728 F. Supp. 2d 546 (D.N.J. 2010) .....................................................................................2

*Feder v. Elec. Data Sys. Corp.*,
   248 Fed. Appx. 579 (5th Cir. 2007) ....................................................................................2

*Goldberger v. Integrated Resources, Inc.*,
   209 F.3d 43 (2d Cir. 2000) ..................................................................................................2

*In re Drexel Burnham Lambert Group, Inc.*,
   130 B.R. 910 (Bankr. S.D.N.Y. 1991) .................................................................................2

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
   246 F.R.D. 156 (S.D.N.Y. 2007) .........................................................................................4

*In re Nigeria Charter Flights Contract Litig.*,
   233 F.R.D. 297 (2d Cir. 2006) .............................................................................................7

*In re Resort Condominiums Int'l, LLC*,
   Civ. Act. No. 06-CV-1222 (PGS) (D.N.J. Dec. 9, 2009) ....................................................2

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) ................................................................................................2

*Malchman v. Davis*,
   588 F. Supp. 1047 (S.D.N.Y. 1985) .................................................................................6, 9

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ................................................................................................8

**OTHER AUTHORITIES**

1 Newberg on Class Actions
   §3.05, at 11-42 (2d ed. 1985) ..............................................................................................8

No member of the Insurance Subclass has objected to the Insurance Class Counsels' Motion for an Award of Attorneys' Fees and Expenses and Insurance Class Plaintiffs' Incentive Awards (the "Fee and Expense Motion") or any aspect of the settlement of the Insurance Action (the "Insurance Settlement"). Two objectors, the Orloff Family Trust and the Haines Plaintiffs,[1] who are not members of the Insurance Subclass, and who therefore have no standing, have nonetheless lodged meritless objections to the Fee and Expense Motion.[2] The Haines Plaintiffs, who purport to be members of the State Law and Securities Law Subclasses, have also lodged meritless objections to the 8.2% allocation of the Settlement proceeds to the Insurance Subclass and the Individual Settling Insurance Plaintiffs (the "Insurance Allocation"), and the certification of a Settlement Class that includes the Insurance Subclass. Finally, the Insurance Plaintiffs wish to clarify that an objection has been filed concerning the participation of certain purchasers of non-Argus variable life insurance policies in the Settlement, but that objection does not apply to or relate to participation in the Insurance Settlement.

---

[1] The "Haines Plaintiffs" are Madelyn Haines and Paul Zamroski, who have filed letters dated May 8, 2011 and May 11, 2011 objecting to various matters relating to the settlement of the State Law and Securities Law Actions.

[2] Insurance Plaintiffs hereby incorporates by reference the replies of Settling Class Plaintiffs to the objections of the Orloff Family Trust and the Haines Plaintiffs found in the concurrently filed Reply Memorandum of Law in Further Support of Settling Class Plaintiffs' Motion for Final Approval of Plans of Allocation.

### A. Non-Insurance Subclass Member the Orloff Family Trust's Objection to the Fee and Expense Motion Should Be Denied

The Orloff Family Trust ("Orloff") is not a member of the Insurance Subclass[3] and its objection (Dkt. No. 464) should be denied on that ground alone.  "[O]nly class members have an interest in the settlement funds, and therefore only class members have standing to object to a settlement."  *Feder v. Elec. Data Sys. Corp.*, 248 Fed. Appx. 579, 580 (5th Cir. 2007); *see also In re Drexel Burnham Lambert Group, Inc.*, 130 B.R. 910, 923 (Bankr. S.D.N.Y. 1991) (noting that only class members have standing to object to the settlement of a class action).  In addition, as more fully set forth in the State and Securities Plaintiffs' Reply Memorandum in Further Support of Plaintiffs' State and Securities Law Class Counsels' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Awards to State Law and Securities Plaintiffs, counsel for Orloff is a "professional objector" whose frequent objections to fee requests in class action settlements are routinely denied.  *See, e.g., A.M.A., et al. v. Met. Life, et al.*, Case No. 00 Civ. 2800 (LMM) (GWG) (S.D.N.Y. Sept. 20, 2010) (memo endorsed granting final approval) *(see* Basar Decl., Ex. B); *Dewey, et al. v. Volkswagen of Am.,* 728 F. Supp. 2d 546, 575 (D.N.J. 2010) ("[T]he Court has considered all objections . . . and finds none warrant rejection of the settlement."); *In re Resort Condominiums Int'l, LLC*, Civ. Act. No. 06-CV-1222 (PGS) (D.N.J. Dec. 9, 2009) (order approving fee and incentive awards) (*see* Basar Decl., Ex. C).  In any event, contrary to Orloff's claims, the Second Circuit: (a) does not require that fee requests be accompanied by billing records, *see Goldberger v.*

---

[3] According to records provided by Argus International, Orloff is not a purchaser or holder of an Argus VUL or DVA Policy and therefore is not a member of the Insurance Subclass.  *See* Declaration of Demet Basar in Further Support of Insurance Class Counsels' for an Award of Attorneys' Fees and Expenses and Insurance Class Plaintiffs' Incentive Awards and in Response to Certain Objections ("Basar Decl., __") ¶¶2-3.  While Orloff expressly takes issue with the State and Securities Law Class Counsel's fee request (Obj. at 2 n.1), the objection nonetheless discusses Insurance Class Counsel's request for fees (Obj. at 5, 7-8), which we address above.

*Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) ("[W]here used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court."); *accord In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005) ("The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting. The district courts may rely on summaries submitted by the attorneys and need not review actual billing records."); and (b) has held that fees may be based on current hourly rates, *see Goldberger,* 209 F.3d at 54 (permitting "use of current hourly billing rates [to] compensate[] counsel for delay in payment"). Accordingly, the Orloff Objections should be rejected.

> **B. The Haines Plaintiffs Also Lack Standing and Their Objections Relating to Any Aspect of the Insurance Settlement or the Fee and Expense Motion Should Be Denied**

The arguments of the Haines Plaintiffs, who are not Insurance Subclass members, concerning the Insurance Allocation, the certification of the Insurance Subclass, and the awarding of fees to Insurance Class Counsel[4] should have no bearing on this Court's consideration of any aspect of the Insurance Settlement or the Fee and Expense Motion.

> **1. The Haines Plaintiffs' Arguments Concerning the Insurance Allocation Have No Basis in Law or Fact**

No member of the Insurance Subclass has objected to the Insurance Allocation. The Haines Plaintiffs, who do not have standing to object, base their invalid "objection" to the 8.2% Insurance Allocation on conjecture about the process by which the Insurance Allocation number was reached, and do so as part of scattershot attacks on certain aspects of the settlement of the State Law and Securities Law Actions. Haines POA Obj. at 8-11; Haines Class Cert. Obj. at 61-64. The allocation of the Net Settlement Fund between the Securities and State Actions, on the one hand, and the

---

[4] Insurance Class Counsel are Wolf Haldenstein Adler Freeman Herz ("Wolf Haldenstein") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") (formerly Coughlin Stoia Geller Rudman & Robbins LLP).

Insurance Action, on the other hand, was the product of an arm's length mediation session conducted on August 10, 2010 under the auspices of Judge Layn R. Phillips (retired) acting as mediator and Judge Thomas R. Brett (retired) acting as arbitrator.  In connection with the allocation mediation, Insurance Class Counsel and Berger & Montague, P.C. ("Berger Montague"), counsel for the Individual Settling Insurance Plaintiffs, submitted a detailed joint mediation statement, as did State and Securities Class Counsel, and each group submitted reply statements addressing issues in the other group's initial mediation statements.

Counsel did not reach agreement during the lengthy mediation.  Judge Phillips then made a proposal regarding the percentage of the Settlement proceeds to be allocated to the Insurance Action, and counsel for all Plaintiffs agreed that Judges Phillips and Brett were in a position to arbitrate a number that was fair to all subclasses.  The fact that the negotiations were overseen by and ultimately resulted in an allocation determined by Judges Phillips and Brett is a testament to the fairness of the Insurance Allocation.[5]  *See* Phillips Declaration (Ex. D to the Joint Declaration of Andrew J. Entwistle, Reed R. Kathrein and Jeffrey M. Haber in Further Support of Plaintiffs' State and Securities Law Settlement Class Counsels' Motion for Attorneys' Fees, Reimbursement of Expenses, and Awards to State Law and Securities Plaintiffs), ¶10 ("the Settlement and allocation are fair, reasonable and adequate and should be approved by this Court" and good faith, arm's length negotiations "resulted in the best possible recovery and allocation under the circumstances."); *cf. In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 246 F.R.D. 156, 170 (S.D.N.Y. 2007) (approving plan of allocation where it was "the result of extensive proceedings conducted before [mediator Judge Phillips] and his subsequent assessment of counsels' arguments").

---

[5] The Haines Plaintiffs' claim that the insurance claims were "weaker" is pure conjecture and is not a basis to question the legitimacy of the allocation mediation.

The Haines Plaintiffs' claim that Wolf Haldenstein's representation of Yvette Finkelstein, one of the Court-appointed lead plaintiffs in the Securities Action, "gave the Insurance Subclass an improper advantage in the mediation proceeding," that the Insurance Plaintiffs therefore received "preferential" treatment, and that the Insurance Allocation is "disproportionate" is entirely groundless.  By making this spurious and unfounded claim,[6] the Haines Plaintiffs are essentially challenging the considered opinion of two former federal judges that the Insurance Allocation was "negotiated by the parties at arm's length, carefully and in good faith, and that the negotiations were hard-fought," and, further, that the Insurance Allocation is "fair and reasonable," with zero evidence.  The premise for the Haines Plaintiffs' argument is that Wolf Haldenstein allegedly represented Ms. Finkelstein in her capacity as lead plaintiff in the Securities Action, that Wolf Haldenstein worked with lead counsel in the Securities Action on allocation issues, and supposedly used confidential and inside information to represent the interests of the Insurance Subclass in the allocation mediation.  *See* Basar Decl., ¶¶15-16.  All of this is untrue.

The Court, knowing Wolf Haldenstein represented Ms. Finkelstein, appointed her one of three lead plaintiffs in the Securities Action, appointed Bernstein Liebhard LP ("Bernstein Liebhard") lead counsel in that action, and appointed Wolf Haldenstein and Robbins Geller interim co-lead counsel in the Insurance Action.  *See* Basar Decl., ¶11.  Wolf Haldenstein did not represent Ms. Finkelstein in her capacity as lead plaintiff in the Securities Action; Bernstein Liebhard did.  *Id.*

---

[6] The Haines Plaintiffs make a number of baseless and inflammatory accusations against Wolf Haldenstein, including that it supposedly engaged in unethical conduct, in their objections to the settlement of the State Law and Securities Actions.  Their objections to the settlement of those actions are addressed in the Reply Memoranda filed by the State Law and Securities Law Class Counsel.  The Haines Plaintiffs' unfounded charges against Wolf Haldenstein in its capacity as one of two Insurance Class Counsel are addressed in the concurrently filed Declaration of Demet Basar in Further Support of the Fee and Expense Motion and in Response to Certain Objections ("Basar Declaration" or "Basar Decl.").  Wolf Haldenstein and its clients reserve the right to seek Rule 11 sanctions against the Haines Plaintiffs and their counsel.

At the allocation mediation, as throughout the allocation negotiation process, Wolf Haldenstein and Robbins Geller advocated only for the interests of the Insurance Subclass, and Berger & Montague advocated for the interests of the Individual Settling Insurance Plaintiffs, whose interests are aligned with the Insurance Subclass viz. allocation issues. *See* Basar Decl., ¶14. Bernstein Liebhard, together with State Law Class Counsel, advocated for the interests of the State and Securities Law Subclasses, which includes lead plaintiff Ms. Finkelstein, in the negotiation and mediation of allocation issues. Wolf Haldenstein performed work relating to the securities claims under the direction of Bernstein Liebhard, but it played no role in the Securities Action during the allocation phase or at the allocation mediation. *See* Basar Decl., ¶13. There was no sharing of confidential or inside information. *See* Basar Decl., ¶21.

The Haines Plaintiffs also assert that this Court lacks sufficient evidence upon which to "independently" review the process by which the Insurance Allocation was formed. What the Haines Plaintiffs essentially ask for is an allocation mini-trial. The mediation was the appropriate forum for an examination of the data and analyses concerning damages, and it is for this Court, not the Haines Plaintiffs, to decide whether the Court has sufficient facts on which to decide that the Insurance Allocation is fair and reasonable. *Malchman v. Davis*, 588 F. Supp. 1047, 1061 (S.D.N.Y. 1985) (rejecting objectors' request for discovery and finding that "a large record exists which is ample to permit decision on the relevant issues" related to settlement and fee application). The Haines Plaintiffs have given this Court no reasoned basis to second-guess the process or the result of the mediation.[7] Indeed, no member of the Insurance Subclass or the Securities or State Law Subclasses other than the Haines Plaintiffs has objected to the Insurance Allocation.

---

[7] As set forth in the Declaration of Demet Basar in Support of the Plan of Allocation ("Basar POA Decl.") (Dkt. No. 444), the Insurance Plaintiffs purchased a different product from that purchased by the Securities and State Law Plaintiffs. The VUL and DVA policies (the "Policies") purchased by the Insurance Plaintiffs

## 2.     The Insurance Subclass Is Properly Certifiable

The Haines Plaintiffs' argument that there is "no justification" for the creation of the Insurance Subclass (Haines POA Obj. at 9) – a class that this Court previously certified as a settlement class in the Argus Settlement (*see* Dkt. No. 316, ¶ 3; Dkt. No. 335) – is wrong.  First, it is beyond dispute that issues concerning class certification, including the creation of subclasses, fall squarely within this Court's discretion.  *See*, *e.g.*, *In re Nigeria Charter Flights Contract Litig.*, 233 F.R.D. 297, 301 (2d Cir. 2006) (explaining that the district court has substantial discretion with respect to class certification, including the creation of subclasses).  Moreover, there is certainly "justification" for the creation of an Insurance Subclass, because the Insurance Subclass purchased a different product, the determination of the losses suffered by the Insurance Plaintiffs required a different analysis from that required with respect to the losses suffered by the Securities and State Law Plaintiffs, and the Insurance Plaintiffs were not shareholders of the Settling Funds.  They were purchasers of Policies from Argus International, which was the direct investor in the Rye Select Broad Market Insurance Portfolio LDC ("Insurance Portfolio"), and Rye Select Broad Market XL Portfolio Limited ("XL Portfolio") (together, "Argus Rye Funds").  The Haines Plaintiffs' argument that an insurance subclass is not appropriate because Argus International, as a direct investor in the Argus Rye Funds, would be an "Eligible Carrier" and thus a member of the State and Securities Law Subclasses, ignores the fact that the Insurance Class Plaintiffs brought actions against the Tremont

---

had a death benefit but also had an investment component which, after the payment of initial high premiums to fund the investments, allowed the Policies to accumulate cash value.  The accumulated cash value had associated rights and benefits, including the ability to use the cash value to pay future premiums, take out low interest loans and pay other costs of insurance.  Thus, the loss of the Policies created greater, multi-faceted losses for the Insurance Plaintiffs, and in order to be made whole, the life insurance/death benefit component as well as the investment component of the Policies had to be taken into account.  All of the foregoing issues with respect to the calculation of the Insurance Plaintiffs' losses were informed by consultation with experts, and the findings were presented to a qualified and experienced mediator, Judge Phillips, as well as Judge Brett, who ultimately acted as arbitrator.

- 7 -

and Controlling Defendants (as well as the Argus Defendants) on behalf of a class of Argus Policyholders, and, through Insurance Class Counsel, participated in the mediations that culminated in this Settlement and are signatories to the Stipulation. This Court acted well within its discretion when it certified a class of Argus Policyholders as part of the Argus Settlement, and there is no reason for the Court to deny certification of the Insurance Subclass now.[8]

### 3. The Haines Plaintiffs Have No Standing to Object to the Fee and Expense Motion and Their Arguments Lack Merit

Despite their lack of standing to challenge Insurance Class Counsels' fee request, the Haines Plaintiffs suggest that Wolf Haldenstein and Robbins Geller overstaffed the Insurance Action (Haines Fee Obj. at 1). There is nothing unusual, and there is certainly nothing improper, about two law firms each having a team of several attorneys and several paralegals working to prosecute a case of this magnitude. The numerous tasks completed by Insurance Class Counsel are set forth in the Joint Declaration of Demet Basar and David Rosenfeld in Support of Insurance Class Counsel's Motion for An Award of Attorneys' Fees and Expenses ("Insurance Fee Declaration") (Dkt. 450) at ¶7; Insurance Fee Decl., Ex. A (Dkt. 450-1) at ¶3; Insurance Fee Decl. Ex. B (Dkt. 450-2) at ¶2. At Wolf Haldenstein, the majority of the work was done by a single partner with day to day responsibility for the case, with the help of two lead associates, who responsibly delegated tasks to paralegals and additional associates. At Robbins Geller, the majority of the work was done by one

---

[8] The Haines Plaintiffs refer to the 54-member Insurance Subclass as too "tiny" to be certified (Haines POA Obj. at 10), but it is well settled that a class of that size is presumed to have satisfied the numerosity requirement. *See Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993) ("[T]he difficulty in joining as few as 40 class members should raise a presumption that joinder is impracticable") (quoting 1 Newberg on Class Actions §3.05, at 11-42 (2d ed. 1985)). Moreover, together with the approximately 30 Individual Settling Insurance Plaintiffs who would have otherwise been members of the Insurance Subclass, the class would exceed 80 members. The consolidation of the Individual Settling Insurance Plaintiffs' action (*Lugano*) with the Insurance Action does not affect the Court's previous superiority determination, because the 54 class members, many of which are foreign trusts, are geographically dispersed throughout the United States and abroad. Dkt. No. 316, ¶3.

partner and one associate, who also delegated work to paralegals and other associates as necessary. Contrary to the Haines Plaintiffs' characterization, that is how an effective legal team operates. Moreover, the Haines Plaintiffs statement that no record evidence exists to support the respective fee requests (Haines Fee Obj. at 1) is patently incorrect. Detailed declarations such as those submitted by Wolf Haldenstein and Robbins Geller constitute record evidence. *See Malchman*, 588 F. Supp. at 1061 (considering attorneys' fee affidavits to be credible evidence).

The Haines Plaintiffs' claim that Wolf Haldenstein should receive no fees for work done on either the Insurance Action or the Securities Action after March 18, 2010,[9] the date the Memorandum of Understanding (MOU) was signed (Haines Fee Objection at 45; *see also* Haines Class Cert. Objection at 64), is premised on Wolf Haldenstein's alleged, but non-existent, conflict of interest. *See* Basar Decl., ¶15. The Haines Plaintiffs have no standing to object to any fees that Wolf Haldenstein seeks for its work in the Insurance Action, and offer no support for their claim that any work performed was duplicative or inefficient.

No member of the Insurance Subclass has objected to Co-Lead Counsels' reasonable request for fees, and the objections of the Haines Plaintiffs, who have no standing to object to such fees and have presented no cogent argument challenging the fee request, should be rejected.

### C. The Objection Filed by the Fishman Trusts Does Not Pertain to the Settlement of the Insurance Action

The objection filed by Yale Fishman 1998 Insurance Trust & Glenn Akiva Fishman Life Insurance Trust ("Fishman Trusts") does not relate to the Insurance Settlement. The Fishman Trusts purchased variable universal life insurance policies from AGL Life Assurance Company, General

---

[9] The Haines Plaintiffs' claim that Wolf Haldenstein should receive no fees for work on the Securities Action after March 18, 2010 is based on their erroneous assumption that Wolf Haldenstein worked on allocation issues in the Securities Action, which is incorrect.

American Life Insurance Company, GenAmerica Financial Corporation, and Metropolitan Life Insurance Company, which, in turn, invested the variable accounts of the policies in the Tremont Opportunity Fund III, L.P. Thus, they are not part of the definition of the Insurance Subclass clearly defined in the Insurance Notice as purchasers or holders of VUL or DVA Policies issued by TIIL or Argus International that were invested in the Argus Rye Funds. Counsel for plaintiff in *Prickett v. Massachusetts Holding LLC*, who, having bought a variable universal life insurance policy from New York Life Insurance and Annuity Corporation, is in the same position as the Fishman Trusts, has submitted a letter to the Court acknowledging that "Mr. Prickett is not a member of the putative settlement class and thus has no standing to object to or opt-out of the Settlement.[10]  Dkt. No. 457.

## CONCLUSION

For the foregoing reasons, foremost of which is that no member of the Insurance Subclass has objected to any aspect of the Insurance Settlement, the Court should grant the Fee and Expense Motion in full, and approve the Settlement and the Plans of Allocation.

Dated: May 26, 2011

                                           **WOLF HALDENSTEIN ADLER**
                                           **FREEMAN & HERZ LLP**

                                      By: ___*/s/ Demet Basar*___

---

[10] *Prickett* and other similar individual cases against insurers other than Argus International were consolidated with the Insurance Action (Dkt. Nos. 340, 341), but they are not part of the Insurance Subclass in this Settlement. At the time the Court created the consolidated "Insurance Action," there were only four insurance complaints on file (09 Civ. 557; 09 Civ. 1466; 09 Civ. 2253; and 09 Civ. 2254), all of which were class actions brought on behalf of purchasers of VUL or DVA Policies issued by Argus International. Dkt. No. 44. Wolf Haldenstein or Robbins Geller represented plaintiffs in those class actions and were appointed "interim co-lead counsel" in the Insurance Action. As interim co-lead counsel, Wolf Haldenstein and Robbins Geller, on behalf of the class of Argus Policyholders they represent, filed a consolidated amended class action complaint (Dkt. 64), entered into a settlement agreement with the Argus Defendants (Dkt. Nos. 295, 316, 335), and negotiated and entered into the Settlement now before the Court. Because plaintiff in *Prickett* and the other similar actions –*i.e.*, *Cummins Inc. v. New York Life Ins. Co., et al.*, former Docket No. 10-cv-9252 (TPG) – are not members of the class interim co-lead counsel represent, those cases are not part of the Insurance Settlement despite having been consolidated with the Insurance Action.

        DANIEL W. KRASNER
        DEMET BASAR
        270 Madison Avenue
        New York, NY 10016
        Telephone: (212) 545-4600
        Facsimile: (212) 545-4653
        krasner@whafh.com
        basar@whafh.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
        SAMUEL H. RUDMAN
        DAVID A. ROSENFELD
        EDWARD Y. KROUB
        58 South Service Road, Suite 200
        Melville, NY 11747
        Telephone: (631) 367-7100
        Facsimile: (631) 367-1173
        srudman@rgrdlaw.com
        drosenfeld@rgrdlaw.com
        ekroub@rgrdlaw.com

        *Plaintiffs' Insurance Class Counsel*

CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2011, I caused the foregoing:

Insurance Class Counsels' Corrected Reply Memorandum in Further Support of Their Motion for an Award of Attorneys' Fees and Expenses and Insurance Class Plaintiffs' Incentive Awards, and in Response to Certain Objections

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send

notification of such public filing to all counsel registered to receive such notice.


/s/ Demet Basar
DEMET BASAR