IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | MASTER FILE NO.:<br>08 CIV. 11117 (TPG) |

## JOINT DECLARATION OF ANDREW J. ENTWISTLE, REED R. KATHREIN AND JEFFREY M. HABER IN RESPONSE TO OBJECTION OF ROYAL BANK OF SCOTLAND NV AND IN FURTHER SUPPORT OF PARTIAL SETTLEMENT, CLASS CERTIFICATION, AND DERIVATIVE FINDINGS

Andrew J. Entwistle and Jeffrey M. Haber, admitted to practice law in the State of New York and this Court, and Reed R. Kathrein, admitted to practice pro hac vice in this action, hereby declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.  Andrew J. Entwistle is a partner in the law firm of Entwistle & Cappucci LLP, co-lead counsel along with Hagens Berman Sobol Shapiro LLP for the plaintiffs in the consolidated State Law Actions.[1]

2.  Reed R. Kathrein is a partner in the law firm of Hagens Berman Sobol Shapiro LLP, co-lead counsel along with Entwistle & Cappucci LLP for the plaintiffs in the consolidated State Law Actions.

3.  Jeffrey M. Haber is a partner in the law firm of Bernstein Liebhard LLP, lead counsel for the plaintiffs in the consolidated Securities Actions.

---

[1] Defined terms have the same meaning as set forth in the Stipulation of Partial Settlement dated February 25, 2011 (the "Stipulation").

4. We respectfully submit this joint declaration in response to the objection of Royal Bank of Scotland NV ("RBS") and in further support of Settling Class Plaintiffs' Motion for Final Approval of the Partial Settlement, Class Certification, and Derivative Findings (the "State and Securities Actions Settlement Reply Declaration"). We have personal knowledge of the matters pertaining to the actions for which we serve as lead counsel described herein and are competent to testify with respect thereto.

5. In discounting the recovery of RBS from the Net Settlement Fund, Plaintiffs' Settling Class Counsel, considered the unique position of RBS and its own actual or opportunity for access to superior knowledge concerning Madoff and the publicly available facts concerning knowledge of Madoff. RBS is not a normal partner in the Settling Funds. Rather, it has contractual relationships with certain Settling Funds whereby it receives a fee for taking other investor funds as collateral for highly leveraged loans made to those investors and one of the Settling Funds invested directly in Madoff. The size of its investment was several multiples of the next largest investor and a multiple of two or three times that of the investors in the leveraged Settling Funds. After review of the swap agreements, interview of witnesses, and other facts in the public domain, including the complaints filed by the bankruptcy trustee against RBS, it was the informed opinion of Plaintiffs' Settlement Class Counsel that RBS itself had similar knowledge to the Settling Defendants. The complaint filed by the Trustee, attached hereto as Exhibit 1 and incorporated herein by this reference, will summarize both the relevant facts and make clear that substantial and unique defenses existed to claims by RBS.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 27th day of May, 2011.

_____
Andrew J. Entwistle

EXECUTED this 27th day of May, 2011.

_____
Reed R. Kathrein

EXECUTED this 27th day of May, 2011.

_____
Jeffrey M. Haber