UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | MDL Docket No: 09-md-02052 (TPG)<br>Master Docket No: 08 Civ. 11117 (TPG) |
| This Document Relates to:<br>All Actions: 08 Civ. 11117 (TPG)<br>09-md-02052 (TPG) | |

**REPLY MEMORANDUM RESPONDING TO LEAD COUNSELS' OPPOSITION TO THE HAINES PLAINTIFFS' MOTION FOR RELIEF FROM MEDIATION AND SETTLEMENT CONFIDENTIALITY PROVISIONS**

**INTRODUCTION**

Lead Counsels' Opposition ("LC-Opposition") to *The Haines Plaintiffs' Motion for Relief From Mediation and Settlement Confidentiality Provisions* (the "Motion") follows an all too familiar pattern. First, Lead Counsel ("LC") make up a fact, then they construct a frivolous argument based around the fact they made up. This time the false-fact that LC invented is as follows: "In the Motion, the Haines Objectors again seek discovery relating to the Settlement, demanding production of 'all mediation related documents.'" LC-Opposition-p.2.

However, the plain language of the two-page Motion proves that the issue in the aptly named *Motion for Relief From Mediation and Settlement Confidentiality Provisions* was not the <u>production</u> of documents as LC repeatedly, but falsely, claim, but rather relief from <u>confidentiality provisions</u> so that documents could be <u>used</u>. The Motion specifically requested "an order that would provide them relief from the current settlement and mediation confidentiality agreements…" (Motion p.1) Nowhere in the Motion did the Haines Plaintiffs demand "production" of documents as LC's Opposition falsely states. LC-Opposition-p.2.

1

As LC know the Haines Plaintiffs <u>already have</u> the mediation documents with respect to the March, 2010 mediation at which they were representative plaintiffs.  <u>Thus, through the Motion the Haines Plaintiffs don't seek to "discover" these settlement and mediation documents they seek to *use* documents within their possession to prove to the Court that LC's reply declarations and memoranda include false statements of material fact with respect to issues crucial to this Courts' settlement related decisions.</u>

In short, the issue is not whether this Court will allow objectors to engage in discovery that *might* demonstrate LC's statements are false, the issue raised by the Motion is whether this Court will close its eyes to specific documents that the Haines Plaintiffs seek to provide to this Court for the purpose of proving that LC are using false statements of material fact to obtain this Court's approval of the settlement of $3.646 billion in class member claims and over $30 million in attorneys fees for LC.

**ARGUMENT**

**A.  LC's Argument That The Motion Is A "Procedurally Defective" Discovery Motion Is Based On A "Fact" LC Simply Made Up**

LC represent that the Motion is one "demanding production of 'all mediation related documents.'"  They base their entire argument on a four-word excerpt from a 100+ word sentence.  The language (not disclosed by LC) regarding the specific order that the Haines Plaintiffs sought through the Motion was "an order that would provide them relief from the current settlement and mediation confidentiality agreements..." Motion 1.  Nowhere does the Motion "demand production" of anything.  The words "production" or "discovery" don't even appear in the Motion.

The false and frivolous nature of LC's claim is further demonstrated by the fact that LC themselves did not treat the Motion as one seeking discovery.  LC's Oppostion

2

wasn't filed until June 10, 2011; however, if Objectors Motion really was a discovery motion as LC contend then LC would have had to file their Opposition no later than June 7, 2011.  See, Local Rule 6.1(a) requiring that with respect to discovery motions "any opposing affidavits and answering memoranda of law shall be served within seven days after service of the moving papers."  That LC did not themselves comply with §6.1(a) which governs discovery motions, demonstrates that they don't even believe their own argument--for good reason, their argument is frivolous as merely reading the two page Motion proves.

**B.  LC's Procedural Argument That The Haines Plaintiffs Excluded Themselves From The Settlement Class Is Also Based On A Falsehood**

As part of their Opposition, LC claim:  "On May 11, 2011, the Haines Objectors—having already excluded themselves from the Settlement Class—submitted additional objections…"  LC-Opposition-p.1.  LC are trying to set-up a lack of standing argument; however, just as in their previous procedural defect argument, the factual representation upon which they base their argument is absolutely false.  The Haines Plaintiffs <u>never</u> excluded themselves from the Settlement Class and are part of the Settlement Class today.

LC's latest misrepresentations are yet further examples of why this Court cannot passively rely on representations made by LC.  <u>Too many of LC's representations are false, whether through neglect or intent, LC are simply not sources of reliable information for this Court to base decisions on</u>.  Therefore, this Court should look at the documents the Haines Objectors seek to introduce to have a sufficient evidentiary basis for its decisions involving $3.646 billion in claims and over $30 million in attorney fees.

**C.  LC's Procedural Argument That The Haines Plaintiffs Objections Were "Nonconforming" Is Directly Contrary To Instructions In The Class Notice With Respect To Objections**

LC now claim that the Haines Objections were not "filed with the Court, despite their counsel's ability to file via ECF…" LC-Opposition-fn.2.  First, nowhere does the Notice state that objections were required to be filed using ECF.  In fact, the Notice states:  "To object, you must send **a letter** saying that you object…" (emphasis added) Notice-p.13.

As LC know "letters" may not be filed electronically.  See, SDNY ECF Rule 13.1: "13.1  May letters be filed electronically?  No.  Letters are submitted in the traditional manner on paper.  **An attorney should not file a letter electronically on the ECF system**." (emphasis added)  Thus, the Haines Plaintiffs' Objections were not "nonconforming," rather as instructed by the Notice, the Haines Objections were "by letter" and were sent to all of the addresses listed in the Notice, including the Clerk of Court, but as per Rule 13.1 were not filed on the ECF system.

LC's argument is not only incorrect, but cynical.  As LC know the Haines Plaintiffs have been arguing <u>against</u> secrecy, and on 11/15/2010 specifically urged this Court that letters to class action courts should <u>not</u> be kept secret from class members: "**Whatever the original justification for secrecy, it no longer exists… Accordingly, the undersigned requests that all prior filings, communications and orders be entered on the Court's ECF website and you instruct all parties to use the ECF system for any future filings.**" (emphasis added, Dkt#367)  However, the Court did not agree, the request was denied without explanation.  (See, Dkt. #367)[1]

---

[1] In fact, the Court never required future letters to it be placed on the ECF system.  With respect to prior communications, it declined to allow the Haines Plaintiffs' July 31, 2010

In short, LC knowingly established an objection procedure requiring that objections be by "letter" which procedure maximized the secrecy that the Haines Plaintiffs had (unsuccessfully) urged the Court to abandon months before.  While the Haines Plaintiffs disagree with LC's and the Court's views on secrecy in the class action settlement process (and have objected based on such secrecy, see Haines Plaintiffs' Objection To Procedure at pp. 6-10) the Haines Plaintiffs nevertheless complied with the objection procedure LC created and set forth in the Notice.

**D.  The May 31, 2011 Timing Of The Motion Was Due Entirely To LC's Actions In Waiting Until May 25-26, 2011 To Make Material False Statements About The Mediation Process And Submit The Mediator's Declaration**

The Motion was sparked by LC's selective use of mediation information in their Reply Papers which were filed over the two day period of May 25-26.  LC's reply papers, for the first time, included a declaration by the Mediator in which he testified about the mediations.  This Mediator's Declaration, which is extensively argued in the Memorandum (pp. 2, 17-20), wasn't filed until Thursday, May 26, 2011.

Because LC waited until May 25-26, 2011 to file the Mediator's Declaration and made false statements of material fact relating to mediation in their reply filing, it was <u>impossible</u> for the Haines Plaintiffs to file their responsive Motion 14 days prior to the

---

submission regarding inadequate representation and Wolf's ethical violations to be filed in the record (even under seal), and the Court instructed LC not to file anything on the record in response to the July/2010 submission.  Moreover, by making its ruling on the July 31, 2010 submission in a secret sealed order (either Dkt #365 or 366) that is <u>still</u> not part of the public record, the Court effectively kept all evidence of the Haines Plaintiffs' July/2010 submission and all evidence introduced therein regarding the adequacy of representation and Wolf's ethical violation, and the Court's exercise of judicial discretion regarding the same out of the public record.  In light of this history, that the Notice sought to keep objections out of the public record by requiring that they be "by letter" was simply consistent with ongoing practice.

5

June 1, 2011 final approval hearing date.[2]  However, this timing issue is now irrelevant in light of the fact that the hearing is now set for August 8, 2011 thus providing LC with over two months notice prior to the hearing date as well as the opportunity to respond to the Motion within the time parameters prescribed by Local Rule 6.1(b).[3]

**E.  LC's Argument About The "Extensive Record" Ignores The Issue Raised By The Motion Which Is That Such "Record" Currently Contains False Statement Of Material Fact About The Mediation And Settlement Process**

LC close by arguing that: "there is an extensive record on the fairness of the Settlement before the Court" and specifically cite to LC's "memoranda and declarations in support of the Settlement, the plans of allocation, and the request for attorneys' fees and expenses."  However, as repeatedly shown herein and in other filings (see, e.g, *Declaration of Vincent T. Gresham in Support of the Haines Plaintiffs' Motion for Relief from Mediation and Settlement Confidentiality Provisions)*, LC's statements in their declarations and memoranda are often false.

---

[2] The Court's 4/5/2011 order required that LC file on replies on May 25, 2011; however, LC did not complete their filing until the next day.  See e.g., Dkt# 517, 518, 519, 520, and 521 all filed 5/26/2011.  Late filings by LC are nothing new, the Court's order required that LC file their initial Motions on May 4, 2011, instead they filed over a three day period of May 4-6, 2011.  See, e.g., Dkt#446, 450 and 452 all filed 5/5/2011 and Dkt#453 filed 5/6/2011.  It would seem that if this Court is going to start denying motions based on timing and other "procedural defects" of the type LC argue at LC-Opposition-p2-4, the only fair way of doing so would be to start by denying LC's motions and replies as they were not filed in accordance with this Courts' 4/5/2011 order.  However, there is no legitimate basis for type of selective, one-sided enforcement that LC urge upon this Court.

[3] In their fn.4, LC seek to "reserve" a right they do not have by asserting that they will not respond to the substantive arguments in the Memorandum unless "instructed by this Court to do so…"  Their argument is silly.  It is not up to this Court to interrupt its vacation to peruse footnotes in opposition filings so that it can "instruct" parties to respond to substantive points raised in the Memorandum.  Courts have no such duty, rather the responsibility is on LC to either respond to arguments with counter-arguments or to waive any responsive arguments, which is the course of action LC voluntarily elected. (That LC had no substantive response to arguments in the Memorandum is not surprising both the law and evidence supporting the Motion are overwhelming.)

For example, one of the Haines Plaintiffs' objections was based on the argument that Wolf Haldenstein ("Wolf") was <u>simultaneously representing</u> lead plaintiffs for both the Securities and Insurance Subclasses and consequently Wolf had a severe conflict of interest because the finite settlement fund had to be divided between the two competing Subclasses.  (See, Objection to Certification §V).  To defeat the Haines Plaintiffs' arguments concerning Wolf's unethical simultaneous representation of adverse clients, LC created "*an extensive record*" consisting of factual statements in a declaration and memoranda that the Haines Plaintiffs were wrong because Wolf didn't represent Ms. Finkelstein, rather she was represented by a different firm, Bernstein Liebhard.[4]

- "**Berstein Liebhard** is sole Lead Counsel and therefore **represents Ms. Finkelstein in her capacity as Lead Plaintiff in the Securities Actions**." (emphasis added in all quotes below, *Declaration of Demet Basar in Further Support of Insurance Class Counsel's Motion For an Award of Attorneys' Fees and Expenses*, Dkt#516 ("Basar-Decl") at ¶9.

- "**Wolf Haldenstein was not involved in the Securities Actions in connection with any allocation related issues**…"  Basar-Decl.-¶13.

- "Wolf Haldenstein was Co-Lead Counsel in the Insurance Action and its individual client, **Ms. Finkelstein, was represented by Bernstein Liebhard in her role as Lead Plaintiff in the Securities Action**."  Basar-Decl-¶15.

- **Wolf Haldenstein did not represent Ms. Finkelstein in her capacity as lead plaintiff in the Securities Action; Bernstein Liebhard did**," (emphasis added, Dkt.#515 Wolf-Fee-Reply-p.5).

- "**Bernstein Liebhard (not Wolf Haldenstein) represents Mrs. Finkelstein** in her capacity as Lead Plaintiff." (emphasis added Dkt.#520 LC-Reply-Settlement-p.5.)

- "**Mrs. Finkelstein is represented by Bernstein Liebhard** in her capacity as a representative of the Securities Subclass."  (emphasis added, Id.)

---

[4]This issue is examined at length in Exhibit 1 to the *Reply Declaration of Vincent T. Gresham in Support of the Haines Plaintiffs' Motion for Relief from Mediation and Settlement Confidentiality Provisions.*

Although the "extensive record" was filled with statements by LC that refuted the Haines Plaintiff's arguments, LCs' statements simply weren't true. That Wolf did <u>in fact</u> represent Ms. Finkelstein at all times and on all issues—including allocations to the competing Insurance Class Wolf <u>also</u> represented--was proven by Ms. Finkelstein's own declaration Dkt.#452-10 at p.40 where she stated:

- "**I am represented by Wolf Haldenstein** Adler Freeman & Herz LLP ("Wolf Haldenstein"). **I,** along with my husband Jacob, both **worked with Wolf** Haldenstein **in connection with my role as Lead Plaintiff in the Securities Actions.**" (emphasis added in all quotations) Finkelstein Decl.-¶2.

- "**Because of** my involvement with the litigation through review of documents and **discussions with Wolf Haldenstein, I believe Wolf Haldenstein was well-positioned to evaluate the reasonableness and adequacy of the** proposed partial settlement on behalf of the Class and **allocation of the settlement proceeds with the Insurance Actions.**" Finkelstein Decl.-¶4.

- "**In connection with my duties and responsibilities as Lead Plaintiff and proposed Class representative in the Securities Actions, I have** diligently, and at the direction of the Court, performed the duties listed below. *** had meetings and **discussions with Wolf Haldenstein attorneys… conferred regularly and at length with counsel…. conferred with counsel regarding the mediation concerning the allocation of the settlement proceeds**…" Finkelstein Decl.-¶8.

<u>As demonstrated by the above example, the reason the Haines Plaintiffs seek to share with this Court the currently confidential mediation and settlement documents is not because LC have failed to create through their unverified statements "an extensive record," but rather because LC's statements which constitute the "extensive record" contain false statements of material fact.</u>

Unlike the publicly filed Finkelstein affidavit which was used to demonstrate the falsity of the "extensive record" LC created with respect to Wolf's conflict issue, the documents that would demonstrate the falsity of LC's statements regarding the settlement and mediation process are currently protected by confidentiality agreements. As

8

extensively argued in the Memorandum, these confidentiality provisions were all waived when LC filed their May 25-26, 2011 replies which contained numerous representations regarding the mediation and settlement process.  Therefore the Haines Plaintiffs should be allowed to prove to this Court through <u>documentary evidence</u> that LC's arguments are based on false statements of material fact.  Only by obtaining and reviewing these documents for itself can this Court can obtain <u>evidence</u> upon which to base its decisions on settlement of $3.646 billion in investor claims and over $30 million in attorneys fees.

## CONCLUSION

The Motion does not seek an order requiring production of documents but rather the Haines Plaintiffs "respectfully request that the Court provide them with relief from the current confidentiality agreements and grant such other and further relief as this Court may deem just and proper." Motion-p.2.  LC concede by failing to oppose the Haines Plaintiffs' arguments that any confidentiality agreements have been waived by the parties through LC's use of mediation information and mediator declaration.  Accordingly, the Haines Plaintiffs should be granted an order that would allow them to provide the Court with settlement and mediation documents and information currently in their possession.

Respectfully submitted June 15, 2011,

<u>         /s/  Vincent T. Gresham</u>

Vincent T. Gresham

   (pro hac 9/24/2010)
   Law Office Of Vincent T. Gresham
   2870 Peachtree Road, #306
   Atlanta Georgia 30305
   T.  (404) 281-2762  F.  (866) 618-3846
   gresham05@comcast.net