UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | MDL Docket No: 09-md-02052 (TPG)<br>Master Docket No: 08 Civ. 11117 (TPG) |
| This Document Relates to:<br>All Actions: 08 Civ. 11117 (TPG)<br>09-md-02052 (TPG) | |

**REPLY MEMORANDUM RESPONDING TO DEFENDANTS' OPPOSITION TO THE HAINES PLAINTIFFS' MOTION FOR RELIEF FROM MEDIATION AND SETTLEMENT CONFIDENTIALITY PROVISIONS**

**INTRODUCTION**

Defendants in their opposition only oppose providing the Haines Plaintiffs with "discovery." Defendants did not oppose the Haines Plaintiffs' "request that the Court provide them with relief from the current confidentiality agreements..." Motion-p.2. Because the relief sought in the Motion is not opposed by Defendants, this Court should grant the requested relief from confidentiality agreements as to the documents that the Haines Plaintiffs already have.

**FACTS**

On May 25-26, 2011, Lead Counsel ("LC") filed specific information that both characterized and purported to provide information relating to the mediations, including (for the first time) a declaration by one of the mediators. Less than one-week after the introduction of the mediator's declaration, the Haines Plaintiffs filed their *Motion for Relief From Mediation and Settlement Confidentiality Provisions* (the "Motion") supported by a memorandum of points and authorities (the "Memorandum") and a declaration (the "Declaration").

1

In the Motion, the Haines Plaintiffs sought an "order that would provide them relief from the current settlement and mediation confidentiality agreements…" (Motion-p.1) and closed with a "request that the Court provide them with relief from the current confidentiality agreements and grant such other and further relief as this Court may deem just and proper."  Motion-p.2.  The Motion did not seek discovery.

## ARGUMENT

**A.  As Defendants Concede There Is No Basis To Keep Secrets From This Court**

Based on their Opposition, Defendants only oppose providing the Haines Plaintiffs with "discovery" which was not requested in the Motion.

Defendants don't contest the Memorandum's arguments that all confidentiality agreements have been waived (Memorandum §I), or that none of the mediation participants continue to have any reasonable expectation of privacy (Memorandum §II).  Nor did Defendants oppose the Haines Plaintiffs' "request that the Court provide them with relief from the current confidentiality agreements..."  Motion-p.2.

The two cases cited in Defendants Opposition, both address the issue of objectors seeking new discovery from settlement proponents.  That is not the situation in this case.  Here the issue raised in the Motion is whether the Haines Plaintiffs (who were named plaintiffs and who participated through counsel at the 3/2010 mediation) can use documents and information in their possession to demonstrate that the reply declarations and memoranda created by LC that Defendants urge this Court to rely upon contain false statements of material fact.

**B.  Defendants' Arguments Regarding Collusion Are Not Responsive To The Issues Raised By The Motion**

Defendants' factual arguments that settlement negotiations of 3/2010 "were conducted entirely at arms' length" and non-collusive (Defendant Opposition p.1), simply sidesteps the issues actually raised by the Haines Plaintiffs.  The Haines Plaintiffs never contended that the settlement reached on 3/18/2010 was "collusive."[1]  Rather they argued that LC's reply declarations and memoranda (a) "misrepresented what occurred at mediation," and (b) "mischaracteriz[ed] Objector's counsel."  (Memorandum p.1)

Defendants' also ignore the requirement that at negotiations LC must be knowledgeable.  A "presumption of fairness" only applies where the settlement results from "arm's length negotiations between experienced, capable counsel **after meaningful discovery**."  (emphasis added)  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir.2005).  The Haines Plaintiffs have argued that LC were acting (a) without obtaining all of the information they have represented to the Court that they had during negotiations, (b) without understanding some key facts about their Rye Fund case as it related to the Swap-counterparties, and (c) on behalf of investors in only <u>some, but not all,</u> of the funds currently designated as "Settling Funds."

With respect to point (c), the Haines Plaintiffs' assert that the documents they seek to show this Court will prove that most of the "Settling Funds" in the Settlement currently before the Court were added <u>after</u> the $100 million settlement fund figure was fixed and agreed to on 3/18/2010.  As extensively argued, this post-agreement addition of

---

[1] Defendants' collusion argument incorrectly presupposes that unless collusion is proven the mediation process was adequate.  However, constitutionally adequate representation requires more being merely non-collusive and mediator supervised.  For example, in *Ortiz v Fibreboard*, 527 U.S. 815 (1999), the Supreme Court rejected a non-collusive settlement negotiated in front of a mediator of the highest integrity-sitting Fifth Circuit Judge Patrick Higginbotham. Id. at 856-57.

investors in completely new and different funds than those represented at the mediation (the "Additional Funds") without a corresponding increase in the $100 million settlement fund harmed through dilution not only the Haines Plaintiffs but <u>all</u> class members.[2]

**C.  Defendants' Conduct With Respect To "Holding Back" Information Is Irrelevant To The Issues Raised By The Motion**

Defendants argue that there is no proof that "defendants held back any material information..." (Defendant Opposition p. 1)  However, the Haines Plaintiffs' argument is not dependent upon whether Defendants "held back" information that LC sought.  The argument is simply that LC did not have the information they claim to have had with respect to the Swap-counterparties and investors in the Additional Funds who were added to the settlement long <u>after</u> reaching the 3/18/2010 $100 million settlement.

First, the Haines Plaintiffs argued that LC did not have sufficient information about the Swap-Counterparties at the time LC decided to include them in the Settlement Class and negotiated the $100 million settlement.  Among other things, this led LC to believe that the amount of claims they were negotiating at mediation was $2 billion less than it actually was.  (See generally Declaration ¶¶40-44).  For this reason, and the other reasons expressed in the Haines Objections, and because the Swap-Counterparties seem to be more properly defendants than plaintiffs,[3] the Haines Plaintiffs have argued that the Swap-Counterparties cannot be part of the Settlement Class.  (See, e.g., Objection to Certification §IV.A.)

---

[2] With respect to that post-settlement addition of funds, the Haines Plaintiffs further describe the process through which (a) 12 new funds were added to the Settlement, <u>at the same time</u> that (b) Defendants agreed not to oppose LC's extraordinarily high fee demands.  See, Haines Plaintiffs Objections concerning the Settlement at §III, pp. 11-18.  This Court may well decide that this massive post-settlement dilution of class members at the same time LC obtained their clear-sailing fee agreement from Defendants was in fact "collusive."

[3] A point the Lakeview objectors also make.

4

Second, Objector argued that LC didn't have information about the Additional Funds because at the time the $100 million settlement was reached, LC were not acting on behalf of these funds, nor the investors in them. Rather LC were acting on behalf of a smaller class consisting of <u>only</u> those investors in the funds named in the <u>operative complaints</u> during mediation.[4]  Consequently, Defendants provided only information relating to those funds, and did not provide the same information with respect to the Additional Funds.  Neither issue turns upon whether the Defendants improperly "held back" information, or simply declined to provide (or were not asked to provide) information on the Additional Funds that were not included in the mediation.

*The issue raised by the Motion is not the conduct of Defendants, nor whether this Court should believe the Haines Plaintiffs or LC, but rather the issue is whether this Court will grant the requested relief from confidentiality provisions so that the Haines Plaintiffs may present to this Court <u>documentary evidence</u> demonstrating that LC have made false statements of material fact in their reply declarations and memoranda filed May 25-26, 2011.*

---

[4] Objector further argues that the investors in the Additional Funds were improperly added to the definition of the Settlement Class long after the $100 million settlement was reached on 3/18/2010.  Consequently, Objector argues that either (a) investors in the Additional Funds cannot be part of this Settlement Class who divvy up the $100 million settlement fund, <u>or</u> (b) if these investors are included in the Settlement Class, then the $100 million settlement fun will need to be increased to reflect their addition.  Failure to take either of these steps will result in unacceptable dilution to the class members who LC were representing during the mediation.  Either (a) or (b) would resolve this problem.

**D.  Defendants' Argument Regarding The "Record Before The Court" Is Unpersuasive Because The "Record" Is Not Accurate**

Defendants argue that the Motion "should be denied because they have not identified any material factual issue that cannot be resolved by reference to the record before the Court."  (Defendant Opposition p.1)  Settlement proponents have indeed attempted to fill the record before the Court with statements that support every aspect of the settlement and refute every aspect of all objections.  The problem is the reliability of these "statements."  For example, at the June 1, 2011 fairness hearing one issue raised by this Court was whether or not the Notice informed those who opted out that they could not object.

As this Court may recall, Defendants' counsel weighed in on the issue and read into the record a sentence in the Notice that read:  "If you are a subclass member or are a current limited partner and/or shareholder of the settling funds, you can object to the settlement if you do not like any part of it…"  This collection of words appears in the Notice on page 13; however, Defendants counsel when creating this "record before the Court" <u>omitted</u> pointing out to this Court that the Notice states repeatedly that those who exclude themselves have no right to object to anything, starting with the bold and all-caps summary entitled **"YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT"** (Notice p.2) which states in relevant part:

| *YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT* | |
|---|---|
| **OBJECT** | DEADLINE: MAY 11, 2011 (21 days before the Final Fairness Hearing.)  Write to the Court about why you do not like the Settlement.  You may not object if you have excluded yourself from the Settlement. |

6

After the initial statement that those who opt-out had no right to object, the same basic information was repeated <u>five more times</u> in the Notice:

- "Those Subclass Members who do not exclude themselves from the Settlement may… object to the terms of the Settlement and still remain in the subclass…" (p.6)
- "If you ask to be excluded, you will not get any payment from the Net Settlement Fund, and you cannot object to the Settlement…" (p.12)
- **"You can object to the Settlement *only if* you stay in the Settlement Class."** ("*only if*" italicized emphasis in original, p.15)
- "If you exclude yourself, you have no basis to object to the Settlement because that portion of the case no longer affects you." (p.15)
- "You cannot speak about or object to the Settlement if you exclude yourself from the Settlement Class." (p.16)[5]

Fortunately, the Class Notice is a public document that this Court can examine for itself and can make its own determination of whether or not the statement in "the record before the Court" created by Defendants' counsel was accurate or not.

The problem the Motion sought to address is that in their reply filing of May 25-26, 2011 another settlement proponent, LC, made numerous statements in the "record before the Court" about what occurred during mediation. (See Memorandum 1-4)  The Haines Plaintiffs were represented at the mediation at which the settlement was reached on 3/18/2010, and they do not agree with many of LCs' statements and believe that currently the "record before the Court" which both Defendants and LC urge this Court to rely upon includes false statements of material fact.

Just as with the Class Notice example discussed above, there exists mediation related documents that can be used to <u>prove</u> whether or not these mediation related statements that currently constitute the "record before the Court" are accurate.  However, unlike the Class Notice example, these mediation related documents are currently subject

---

[5] Examples from Haines Plaintiffs' Objection to Notice at §III, pp. 14-15.

to settlement and mediation confidentiality agreements. Thus, unlike the Class Notice example, this Court is being <u>denied</u> the ability to look at these documents and make its own conclusion about the accuracy or LCs' statements regarding the settlement and mediation process. Unless the sought after relief is granted, this Court will without means to verify LCs' statements or determine which of the competing statements made in LCs' and the Haines Plaintiffs' counsel's declarations are accurate.

As the Notice example above demonstrates, statements made in "the record before the Court" should be verified by looking at documentary evidence when it exists. Such documentary evidence does exist with respect to the mediation related statements made by LC in their reply declarations and memoranda and there is no substitute for this Court being allowed to look at those documents.

As the Motion itself makes clear, it doesn't seek production of documents or discovery, but rather seeks relief from the confidentiality agreements that enabled LC to use mediation information to make their mediation related arguments in their May 25-26, 2011 Reply filings, while simultaneously asserting confidentiality so as to prevent the Haines Plaintiffs from using mediation related documents and information to refute LC's factual representations.

As set forth in the Memorandum, LC's *sword and shield* usage of mediation information and confidentiality provisions is unwarranted, unlawful and unjust and unless it is corrected, the "record before the Court" upon which this Court will base decisions on $3.646 billion in investor claims and over $30 million in attorneys' fees will include false statements of material fact.

## CONCLUSION

As set forth in the Memorandum, LC's May 25-26, 2011 reply filings included false representations of material fact about the March, 2010 mediation at which settlement was reached. There exists documentary evidence demonstrating falsity and this Court should allow such proof to be presented to it so that it can base its decisions on documented fact, not LC fiction.

Respectfully submitted June 15, 2011,

/s/ Vincent T. Gresham

Vincent T. Gresham

(pro hac 9/24/2010)
Law Office Of Vincent T. Gresham
2870 Peachtree Road, #306
Atlanta Georgia 30305
T. (404) 281-2762 F. (866) 618-3846
gresham05@comcast.net.

9