USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION<br><br>This Document Relates To:<br><br>Securities Law Actions, 08 Civ. 11183<br>State Law Actions, 08 Civ. 11212 | Master Docket No. 08-Civ-11117(TPG)<br><br><u>CLASS ACTION</u> |

[PROPOSED] ORDER APPROVING ISSUANCE OF SUPPLEMENTAL NOTICE

The attached form of Supplemental Notice is approved for service on the Class.

IT IS SO ORDERED.

DATED: June 28, 2011                    _____
                                         THE HONORABLE THOMAS P. GRIESA
                                         UNITED STATES DISTRICT JUDGE

                                         [signed] Barbara S. Jones for TPG.

                                         Pt. I

EC.45660.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | MASTER FILE NO.: 08 CIV. 11117 (TPG) |
| This Document Relates To: | |
| State Law Actions, 08 Civ. 11183 | |
| Securities Actions, 08 Civ. 11212 | |

**SUPPLEMENTAL NOTICE OF PENDENCY OF CONSOLIDATED ACTIONS AND HEARING ON MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT, MOTION FOR FINAL APPROVAL OF PLANS OF ALLOCATION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

TO:

a) all persons other than the Settling Defendants who were holders of limited partnership interests in or shares of the Rye Funds[1] (other than Rye Select Broad Market Insurance Portfolio LDC[2]) or the Tremont Funds[3] as of December 11, 2008, and who sustained net losses thereby (the "State Law Subclass");

b) all persons who purchased limited partnership interests in or shares of the Rye Funds (other than Rye Select Broad Market Insurance Portfolio LDC[4]) or the Tremont Funds between May 10, 1994 through and including December 11, 2008 (the "Securities Subclass");[5] and

c) all persons who are holders of limited partnership interests or shares in any of the Settling Funds ("Fund Claimants") and are entitled to a payment (a "Fund Distribution") from the Remaining Fund Proceeds[6] (the "Fund Distribution Account").

**We are providing this Supplemental Notice to: (1) advise you that the Court has set a new date of August 8, 2011 at 3:00 p.m. ("Final Fairness Hearing") to hear further argument on the pending Motion to Approve the Settlement, Motion to Approve the Plans of Allocation and Motion of Plaintiffs' Settlement Class Counsel[7] to Approve Attorneys' Fees and Expenses; (2) advise you that the**

---

[1] The "Rye Funds" are: (i) Rye Select Broad Market Fund, L.P.; (ii) Rye Select Broad Market XL Fund, L.P.; (iii) Rye Select Broad Market Prime Fund, L.P.; (iv) Rye Select Broad Market Insurance Fund, L.P.; (v) Rye Select Broad Market Portfolio Limited; (vi) Rye Select Broad Market XL Portfolio Limited; and (vii) Broad Market XL Holdings Limited.

[2] The following shareholders of Rye Select Broad Market Insurance Portfolio LDC are included in the State Law Subclass: INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.

[3] The "Tremont Funds" are: (i) Tremont Market Neutral Fund L.P.; (ii) Tremont Market Neutral Fund II, L.P.; (iii) Tremont Market Neutral Fund Limited; (iv) Tremont Opportunity Fund Limited; (v) Tremont Opportunity Fund II L.P.; (vi) Tremont Opportunity Fund III L.P.; (vii) Tremont Arbitrage Fund, L.P.; (viii) Tremont Arbitrage Fund-Ireland; and (ix) Tremont Strategic Insurance Fund, L.P.

[4] The following shareholders of Rye Select Broad Market Insurance Portfolio LDC are included in the Securities Subclass: INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.

[5] The State Law Subclass and Securities Subclass are collectively referred to as the "Settlement Class." "Settlement Class Member," "Member of the Settlement Class," "Subclass Member" or "Member of a Subclass" means a person who falls within the definition of the Settlement Class. Excluded from the State Law Subclass and the Securities Subclass are the Settling Defendants, the current and former officers and directors of the Settling Defendants, and the Individual Settling Defendants' spouses and dependent children or their successors and legal representatives. Additionally, Argus International Life Bermuda Limited is excluded from the State Law and Securities Subclasses to the extent it was a purchaser of, and/or a shareholder or limited partner in the Rye Funds or the Tremont Funds.

[6] "Remaining Fund Proceeds" means (i) all amounts remaining in the Rye Funds after resolution of the Settling Funds' claims in or relating to the Madoff Trustee Proceedings and any other matters required to be resolved in the ordinary course; and (ii) all amounts to which the Tremont Funds would otherwise be entitled from the Fund Distribution Account under the Fund Distribution Plan of Allocation as a result of the Tremont Funds' investments in the Rye Funds.

[7] "Plaintiffs' Settlement Class Counsel" are Entwistle & Cappucci LLP, Hagens Berman Sobol Shapiro LLP and Bernstein Liebhard LLP.

EC.45440.3

Settling Parties, with the Court's approval, have agreed to extend the deadline for filing Proof of Claim and Release forms to October 30, 2011 (These forms as well as other documents related to the Settlement are available for review and download on the Settlement website set up by the Notice and Claims Administrator, www.tremontlitigationsettlements.com and you may also contact the Notice and Claims Administrator or Plaintiffs' Settlement Class Counsel to request a copy of the Proof of Claim and Release forms); (3) provide you with additional information and clarification of certain matters regarding submitting Proof of Claim and Release forms, objecting to the Settlement, and permission to re-join the Settlement Class after previously requesting exclusion; and (4) advise you of the availability of the most recent versions of the plans of allocation and final judgments for review.[8]

If you previously filed a request for exclusion and still wish to be excluded from the Settlement Class, you need not do anything. However, if you filed a request for exclusion and now wish to re-join the Settlement Class, you may request to do so prior to August 1, 2011, by sending a letter to the Notice and Claims Administrator (at the address below), and the Settling Parties may, in their discretion, permit you to do so.

If you have not already filed an objection with the Court and you wish to object to the Settlement (including the Settlement Agreement, allocation to the Insurance Subclass, the Plans of Allocation, the Fund Distribution Account, class relief, derivative relief, or Plaintiffs' Settlement Class Counsels' request for attorneys' fees and reimbursement of expenses) you may do so prior to July 22, 2011. You may object whether or not you excluded yourself from the Settlement Class. If you wish to file an objection, follow the instructions in the Original Notice regarding service and filing.

Amended proposed plans of allocation and forms of judgment in connection with the pending Motions were provided to the Court for consideration prior to the hearing on June 1, 2011. These documents are available for review and download on the Settlement website www.tremontlitigationsettlements.com. Among other changes, the proposed plans of allocation and forms of judgment include the following provisions:

- To the extent that the Court approves the Fund Distribution Account Plan of Allocation, the Fund Distribution Account Plan of Allocation will not be subject to further change as to any investor. Each Settling Fund shall use its best efforts to maximize the amount of the Remaining Fund Proceeds attributable to that Settling Fund without regard to the identity or status of the Settling Fund's shareholders or limited partners, and shall distribute those Remaining Fund Proceeds in accordance with the Fund Distribution Plan of Allocation, without regard to the identity or status of those shareholders or limited partners.

- The Settling Funds, Settling Defendants and the Settling Class Plaintiffs agree that the Settling Funds may not assign or transfer any claims relating to the Swap Counterparties other than to Class Counsel. Except as otherwise released in the Settlement Agreement, any claims of the Settling Funds relating to the Swap Counterparties are preserved, except that such preserved claims may only be asserted by the Settling Funds (or by Class Counsel if so assigned) in defense of the Swap Counterparties' assertion of claims against the Settling Funds under the swap contracts.

---

[8] This Supplemental Notice is intended to supplement and clarify, but not replace, the Original Notice. In the event of any question, ambiguity or conflict in the language between the Original Notice and this Supplemental Notice, the Supplemental Notice will control. A copy of the Notice previously forwarded to you is attached hereto.

EC.45440.3

### SUBMITTING A CLAIM FORM

## You may now submit a Claim Form up to and including October 30, 2011 in the manner provided for in the Original Notice.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired limited partnership interests or shares in any of the Settling Funds for the beneficial interest of a person or organization other than yourself, the Court has directed that, within ten (10) calendar days of the receipt of this Supplemental Notice, you either (a) provide to the Notice and Claims Administrator the name and last known address of each person or organization for whom or which you purchased such shares or interests during such time period or (b) request additional copies of the Supplemental Notice, which will be provided to you free of charge, and within ten (10) days mail the Supplemental Notice directly to the beneficial owners of that Settling Fund.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Notice and Claims Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Gross Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of the beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Notice and Claims Administrator:

In re Tremont Securities Law and State Law Litigation Claim Forms
c/o Notice and Claims Administrator
P.O. Box 9675
Dublin, Ohio 43017-4975
(800) 636-7614

### PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

EC.45440.3

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION<br><br>This Document Relates To:<br><br>State Law Actions, 08 Civ. 11183<br><br>Securities Actions, 08 Civ. 11212 | MASTER FILE NO.:<br>08 CIV. 11117 (TPG) |

**NOTICE OF PENDENCY OF CONSOLIDATED ACTIONS, MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT, HEARING ON PROPOSED SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

TO:

a) all persons other than the Settling Defendants who were holders of limited partnership interests in or shares of the Rye Funds[1] (other than Rye Select Broad Market Insurance Portfolio LDC[2]) or the Tremont Funds[3] as of December 11, 2008, and who sustained net losses thereby (the "State Law Subclass");

b) all persons who purchased limited partnership interests in or shares of the Rye Funds (other than Rye Select Broad Market Insurance Portfolio LDC[4]) or the Tremont Funds between May 10, 1994 through and including December 11, 2008 (the "Securities Subclass");[5] and

c) all persons who are holders of limited partnership interests or shares in any of the Settling Funds ("Fund Claimants") and are entitled to a payment (a "Fund Distribution") from the Remaining Fund Proceeds[6] (the "Fund Distribution Account").

**The purpose of this Notice is to provide you with Notice of a Motion to Approve the Settlement, Notice of a Motion to Approve Attorneys' Fees and Expenses, Notice of the Scheduling of the Final Fairness Hearing on the Motions for June 1, 2011, and Information Regarding how to Access and Inspect the Motion and Settlement Documents in Advance of the Hearing. Each and all of the documents related to the Settlement are available for inspection at the offices of Plaintiffs' Settlement Class Counsel during regular business hours. The documents are also available for review and download on the Settlement website set up by the Notice and Claims Administrator, www.tremontlitigationsettlements.com.**

---

[1] The "Rye Funds" are: (i) Rye Select Broad Market Fund, L.P.; (ii) Rye Select Broad Market XL Fund, L.P.; (iii) Rye Select Broad Market Prime Fund, L.P.; (iv) Rye Select Broad Market Insurance Fund, L.P.; (v) Rye Select Broad Market Portfolio Limited; (vi) Rye Select Broad Market XL Portfolio Limited; and (vii) Broad Market XL Holdings Limited.

[2] The following shareholders of Rye Select Broad Market Insurance Portfolio LDC are included in the State Law Subclass: INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.

[3] The "Tremont Funds" are: (i) Tremont Market Neutral Fund L.P.; (ii) Tremont Market Neutral Fund II, L.P.; (iii) Tremont Market Neutral Fund Limited; (iv) Tremont Opportunity Fund Limited; (v) Tremont Opportunity Fund II L.P.; (vi) Tremont Opportunity Fund III L.P.; (vii) Tremont Arbitrage Fund, L.P.; (viii) Tremont Arbitrage Fund-Ireland; and (ix) Tremont Strategic Insurance Fund, L.P.

[4] The following shareholders of Rye Select Broad Market Insurance Portfolio LDC are included in the Securities Subclass: INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.

[5] The State Law Subclass and Securities Subclass are collectively referred to as the "Settlement Class." "Settlement Class Member," "Member of the Settlement Class," "Subclass Member" or "Member of a Subclass" means a person who falls within the definition of the Settlement Class. Excluded from the State Law Subclass and the Securities Subclass are the Settling Defendants, the current and former officers and directors of the Settling Defendants, and the Individual Settling Defendants' spouses and dependent children or their successors and legal representatives. Additionally, Argus International Life Bermuda Limited is excluded from the State Law and Securities Subclasses to the extent it was a purchaser of, and/or a shareholder or limited partner in the Rye Funds or the Tremont Funds.

[6] "Remaining Fund Proceeds" means (i) all amounts remaining in the Rye Funds after resolution of the Settling Funds' claims in or relating to the Madoff Trustee Proceedings and any other matters required to be resolved in the ordinary course; and (ii) all amounts to which the Tremont Funds would otherwise be entitled from the Fund Distribution Account under the Fund Distribution Plan of Allocation as a result of the Tremont Funds' investments in the Rye Funds.

In addition, this Notice describes (a) the pendency of the captioned actions (the "Actions"), (b) the proposed settlement of the Actions (the "Settlement"), (c) the proposed distribution of the proceeds of the Settlement, and (d) the hearing to be held by the Court (the "Fairness Hearing") on June 1, 2011 at which time the Court will consider, among other matters, (i) whether the Settlement should be approved, and (ii) the motion of Plaintiffs' Settlement Class Counsel[7] for awards of attorneys' fees and reimbursement of expenses.

**This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.**

<u>A Federal Court authorized this Notice. This is not a solicitation from a lawyer.</u>

<u>DEADLINES:</u>

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | DEADLINE: August 31, 2011 (Within 90-days of the Final Fairness Hearing.) This is the <u>only</u> way to get a payment from the Net Settlement Fund. A Claim Form is not required to get a payment from the Fund Distribution Account (as described below). |
| EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS | DEADLINE: MAY 11, 2011 (21 days before the Final Fairness Hearing.) Receive no payment from the Settlement, except as explained below. This is the only option that allows you to ever be part of any other lawsuit against the Settling Defendants (defined below) about the Released Claims (defined below).<br><br>If you exclude yourself from the Settlement Class, you may still be entitled to a payment from the Fund Distribution Account if you are a current limited partner or shareholder in one or more of the Settling Funds. |
| OBJECT | DEADLINE: MAY 11, 2011 (21 days before the Final Fairness Hearing.) Write to the Court about why you do not like the Settlement. You may not object if you have excluded yourself from the Settlement. |
| GO TO THE FINAL FAIRNESS HEARING | FINAL FAIRNESS HEARING DATE: JUNE 1, 2011<br><br>Plaintiffs' Settlement Class Counsel must file their motion papers for Final Approval of the Settlement and for Approval of Attorneys' Fees and Expenses on or before May 4, 2011 (28 days before the Final Fairness). Counsel's Reply papers are due May 25, 2011 (7 days before the Final Fairness Hearing).<br><br>The Deadline to ask to speak in Court about the Settlement is May 11, 2011 (21 days before the Final Fairness Hearing). |
| DO NOTHING | Receive no payment from the Net Settlement Fund. Give up rights, except as explained below and in connection with a possible payment from the Fund Distribution Account. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of the Actions still has to decide whether to approve the Settlement. Payments under the Settlement will be made to Settlement Class Members if the Court approves the Settlement and that approval is upheld if any appeals are filed. Payments from the Fund Distribution Account will be made to existing limited partners or shareholders in the Settling Funds through the claims administration process only if the Court approves the Settlement and that approval is upheld if any appeals are filed. Please be patient.

**Your legal rights are affected whether you act or do not act. Please read this Notice carefully.**

---

[7] "Plaintiffs' Settlement Class Counsel" are Entwistle & Cappucci LLP, Hagens Berman Sobol Shapiro LLP and Bernstein Liebhard LLP.

2

## SUMMARY NOTICE

### Statement of Plaintiffs' Recovery

The Settling Plaintiffs[8] on behalf of themselves, the Settling Funds, and the subclasses they represent have entered into a proposed Settlement with the Settling Defendants[9] that, if approved by the Court, will resolve the Actions in their entirety. A settlement fund of $100 million in cash ("Initial Settlement Payment"), plus interest ("Gross Settlement Fund"), is being established for the benefit of the Settlement Class described herein. Additional monies are expected to be added to the Gross Settlement Fund from the amounts remaining in Tremont Group Holdings, Inc. after the wind down of its and its subsidiaries' operations ("Remaining Tremont Funds") and pursuant to the Settling Defendants' assignment of certain legal claims (the "Assigned Claims") and litigation interests (the "Fidelity Bond Recovery") as part of the Settlement, as described herein.[10]

The Settling Plaintiffs estimate that, excluding Swap Counterparties,[11] each Settlement Class Member will receive approximately 5.7% of his or her net investments (i.e., the amount by which his or her contributions to a Settling Fund exceeded his or her redemptions) before deduction of Court-awarded attorneys' fees and expenses (after deduction of such fees and expenses, Settlement Class Members will receive a minimum of approximately 4% of his or her net investments). This is based upon the Settling Plaintiffs' estimate, as determined by their damages consultant consistent with the Plan of Allocation of the Net Settlement Fund described below, that the estimated amount of damages to these investors is approximately $1.646 billion, as compared with the estimated total damages to all purchasers of limited partnership interests and shares in the Settling Funds that are in the State Law Subclass and Securities Subclass.[12]

Published reports have suggested that the Madoff Trustee has collected nearly half of the principal that investors lost in the fraud (see, e.g., New York Times, Business Day, "Court Approves $7.2 Billion Madoff Settlement," January 13, 2011). While the actual amount available in the Fund Distribution Account will depend on a number of unresolved factors and may vary significantly from the Madoff Trustee Proceedings, we note that the Settlement Fund will enhance the amount recovered under the Settlement in the Fund Distribution account, making it possible that the combined recovery for class members covered under this Settlement could be substantial. For example, in certain circumstances, a class member could receive a combined recovery in excess of 55% of his or her loss. This is strictly an example. Class members in other circumstances may receive a substantially higher or lower percentage of their respective losses based upon the plan of allocation, to be approved by the Court, for the Fund Distribution Account.

---

[8] The "Settling Plaintiffs" are Arthur E. Lange Revocable Trust, Arthur C. Lange, Neal J. Polan, Eastham Capital Appreciation Fund LP, NPV Positive Corp., Daniel Jackson, Laborers Local Pension Plan 17, Arthur M. Brainson (on behalf of Arthur M. Brainson IRA R/O), Yvette Finkelstein and the Group Defined Pension Plan and Trust.

[9] The "Settling Defendants" are MassMutual Holding Trust I, Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer Acquisition Corp., OppenheimerFunds Inc. (the "Parent Settling Defendants"), Tremont Group Holdings, Inc., Tremont Partners, Inc., Rye Investment Management (the "Tremont Corporate Defendants," collectively with the Parent Settling Defendants, the "Corporate Settling Defendants"), Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia Nicoll (the "Individual Settling Defendants," collectively with the Tremont Corporate Defendants, the "Tremont Defendants") and the Settling Funds.

[10] Pursuant to the terms of the Settlement, 8.2% of the Initial Settlement Payment, the Fidelity Bond Recovery and the Remaining Tremont Funds will be paid from the Gross Settlement Fund to the Insurance Settlement Fund in connection with the partial settlement of the consolidated Tremont Insurance Actions, 09-Civ-557, which the Honorable Thomas P. Griesa consolidated with the Tremont State Law Actions and the Tremont Securities Actions to form the *In re Tremont Securities Law, State Law and Insurance Litigation*, Master File No. 08-Civ-11117 (TPG) (S.D.N.Y.).

[11] "Swap Counterparties" refer to those financial institutions that entered into swap or similar transactions with certain Settling Funds in order to provide those funds with a leveraged return. As a result of the swap transactions and related agreements, the Swap Counterparties' net investments to the Settling Funds are estimated to total approximately $2.0 billion. Under the Plan of Allocation for the Net Settlement Fund, however, Swap Counterparties claims' will only be valued at 1% of their net investments due to the atypical nature of these investments.

[12] "Eligible Carriers" include the following insurance carriers: (i) New York Life; (ii) Metropolitan Life Insurance Company; (iii) John Hancock Variable Life; (iv) General American; (v) Pacific Life Insurance Company; (vi) Hartford Life Insurance Company; (vii) Pruco Life Insurance Company; (viii) Security Life of Denver; (ix) AIG Life Insurance Company; (x) Sun Life (SLF) Assurance Company; (xi) Scottish Annuity and Life; (xii) Nationwide Life; (xiii) New England Life Insurance Company; (xiv) Acadia Life Limited; (xv) The Scottish Annuity Life Insurance Co. (Cayman) Ltd.; (xvi) AGL Life Assurance Company; (xvii) BF&M Life Insurance Company Limited; and (xviii) The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. "Eligible Policyholders" are the owners of the variable universal life insurance policies and/or deferred variable annuity policies that were issued by Eligible Carriers in connection with their investments in the Rye Funds or the Tremont Funds.

Significantly, the estimated percentage of recovered losses assumes that no additional monies will be added to the Gross Settlement Fund from the Remaining Tremont Funds, the Assigned Claims or the Fidelity Bond Recovery. Any actual recoveries added to the Gross Settlement Fund from those sources will increase the estimated percentage of recovered losses. The estimated percentage of recovered losses further assumes that all Settlement Class Members who purchased such securities timely submit valid Proofs of Claim seeking a payment from the Net Settlement Fund. The number of Settlement Class Members who submit claims varies widely from case to case, and historically is less than 100%. If some Settlement Class Members do not submit claims, your actual recovery could be more than the estimated average amount.

A Settlement Class Member's actual recovery will be determined by the plan of allocation of the Net Settlement Fund, described below, and will depend upon on a number factors. For the State Law Subclass and Securities Subclass, these factors include, among other things, the amounts and timing of each subclass members' investments in the limited partnership interests and shares.

### Statement of Potential Outcome of the Case

The Settling Parties disagree about both liability and damages and do not agree on the amount of damages per limited partnership interest or share that would be recoverable if the Settling Plaintiffs were to prevail on each claim asserted against the Settling Defendants. The Settling Plaintiffs estimate, based on the opinions and analyses of their expert, that the average percentage recovery if the Settling Plaintiffs prevailed on each claim asserted is approximately 5.7% before deduction of Court-awarded attorneys' fees and expenses.

The Settling Defendants state, based on the opinions and analyses of their experts, that aggregate State Law Subclass and Securities Subclass recovery – and, therefore, average percentage recovery if the Settling Plaintiffs prevailed on each claim asserted – could be zero, but in all events significantly less than the approximately 5.7% recovered as a result of the Settlement.

The issues on which the Settling Parties disagree include: (a) whether the statements made or facts allegedly omitted from the Settling Funds' documents, such as marketing literature, performance updates, annual reports, *etc.* were materially false or misleading, or otherwise actionable under the federal securities laws and state common law; (b) whether any allegedly materially false or misleading statements made by the Settling Defendants subject to securities and common law fraud claims were made with the requisite level of intent or recklessness; (c) the appropriate economic methodology for determining the amounts by which limited partnership interests and shares were damaged; (d) whether and to what extent the adverse material facts that the Settling Plaintiffs alleged were concealed were publicly disclosed in Securities and Exchange Commission ("SEC") filings, Settling Fund materials, such as marketing literature, performance updates, annual reports or otherwise; (e) whether the subclasses could have been certified; (f) whether the Settling Plaintiffs could demonstrate reliance on the alleged false and misleading statements; (g) whether the Settling Defendants conducted appropriate due diligence in connection with the investment of Settling Fund assets with Bernard L. Madoff ("Madoff") and Bernard L. Madoff Investment Securities, LLC ("BLMIS"); (h) whether the Settling Plaintiffs could demonstrate that their losses were caused by the acts, alleged breaches of duty, statements and omissions of the Settling Defendants; (i) whether the parent Corporate Settling Defendants were culpable participants and/or aiders and abettors in the wrongs alleged; and (j) whether the Settling Defendants acted diligently and with good faith in discharging their responsibilities.

All Settling Defendants deny that they engaged in any wrongdoing, deny that they are liable to the Settling Plaintiffs or the Settlement Class and deny that the Settling Plaintiffs or the Settlement Class have suffered any recoverable damages relating to their investments in the Settling Funds as alleged in the Actions. All Settling Defendants deny that they are liable to the Settling Funds and deny that the Settling Funds have suffered any recoverable damages relating to the wrongdoing alleged in the Actions.

### Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Settlement Class Counsel will make a Motion to the Court for an award of attorneys' fees from the Gross Settlement Fund (after deduction of the Insurance Settlement Fund) in connection with the Settlement. It is expected that the application will seek up to 30% of the Gross Settlement Fund and 3% of the Fund Distribution Account, plus interest earned at the same rate as the Gross Settlement Fund. Plaintiffs' State Law and Securities Settlement Class Counsel will also apply for reimbursement of out-of-pocket costs and expenses incurred in prosecuting the State Law Subclass and Securities Subclass's claims, including the fees of the Settling Plaintiffs' damages and other experts and consultants, in the estimated total amount of up to $500,000.00, plus interest earned at the same rate as the Gross Settlement Fund. Based upon current information, fees and expenses are estimated at approximately 1.7% of net investments. Application will also be made for the payment of an incentive award to the named Plaintiffs of an amount not to exceed $10,000 per Plaintiff, to be paid from the Net Settlement Fund, in reimbursement for their reasonable costs and expenses (including lost wages) relating to their representation of the Settlement Class.

4

The attorneys representing the Settling Plaintiffs and the Settlement Class have expended considerable time and effort in prosecuting the Actions on a contingent fee basis, and have advanced all of the expenses of the Actions with the expectation that if they were successful in obtaining a recovery for the Settlement Class and the Settling Funds they would be paid from such recovery. In this type of litigation, it is customary for plaintiffs' counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

**Identification of Attorneys' Representatives**

Plaintiffs' State Law Settlement Class Counsel:

ENTWISTLE & CAPPUCCI LLP
Andrew J. Entwistle
Robert N. Cappucci
280 Park Avenue, 26th Floor West
New York, NY 10017
aentwistle@entwistle-law.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Reed R. Kathrein
Lee Gordon
715 Hearst Avenue
Suite 202
Berkeley, CA 94710
reed@hbsslaw.com

Plaintiffs' Securities Settlement Class Counsel:

BERNSTEIN LIEBHARD LLP
Jeffrey M. Haber
10 East 40th Street
22nd Floor
New York, NY 10016
haber@bernlieb.com

**Reasons for the Settlement**

Settling Plaintiffs and Plaintiffs' Settlement Class Counsel, who have extensive experience in securities and complex class-action litigation and shareholder litigation, agreed to the Settlement after considering, among other things: (a) the substantial immediate and future cash benefits to Settlement Class Members and current limited partners and/or shareholders in the Settling Funds; (b) the uncertainty of being able to prove the allegations in the Complaints; (c) the inherent problems of proof and possible defenses to the federal securities law claims asserted against the Settling Defendants; (d) the inherent problems of proof and possible defenses to the state law claims asserted against the Settling Defendants; (e) the risk that the Court may grant, in whole or in part, some or all of the numerous motions to dismiss and, if denied, the likely motions for summary judgment that would be filed by the Settling Defendants; (f) the uncertainty, even if the Settling Plaintiffs were to establish liability at trial against all Settling Defendants, inherent in the Settling Parties' various and competing theories of loss causation and damages; (g) the Settling Defendants' likely positions, expressed during the pendency of the litigation and also in connection with settlement negotiations, concerning the various liability, causation, and damages issues; (h) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals); (i) the desirability of consummating the Settlement in order to provide relief to Settlement Class Members and current limited partners and/or shareholders in the Settling Funds at this juncture of the Actions and without further delay; (j) the Settling Plaintiffs' and Plaintiffs' Settlement Class Counsel's belief that the Settlement is fair, reasonable and adequate and in the best interests of all Settlement Class Members; and (k) that the Settlement has recovered all available funds from the Tremont management entities for the benefit of the Settlement Class Members.

For Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reasons for entering into the Settlement are to bring to an end the substantial expenses, burdens, risks and uncertainties associated with continued litigation of the Actions; to finally put to rest those claims and the underlying matters; and to avoid further expense and disruption to the management and operation of the Corporate Settling Defendants' businesses due to the prosecution and defense of the Actions.

<b>WHAT THIS NOTICE CONTAINS</b>

**Summary Notice**
**Statement of Recovery**
**Statement of Potential Outcome of Case**
**Statement of Attorneys' Fees and Costs Sought**
**Reasons for the Settlement**

**BASIC INFORMATION**
    1. Why Are The Actions Class Actions? .................................................................................. 6
    2. Why Do The Actions Include Derivative Claims? ................................................................ 6
    3. Why Did I Receive This Notice Package? ........................................................................... 7
    4. What Are The Actions About? ............................................................................................. 8
    5. Why Is There A Settlement? ................................................................................................ 9
**WHO IS IN THE SETTLEMENT**
    6. How Do I Know If I Am Part Of The Settlement? ................................................................ 9
    7. Are There Exceptions To Being Included? ......................................................................... 9

5

    8.  Still Unsure About Being A Member Of The Class?......................................................................... 9
**THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE**
    9.  What Does The Settlement Provide? ............................................................................................ 9
**HOW YOU RECEIVE PAYMENT – SUBMITTING A CLAIM FORM**
    10.  How Much Will My Payment Be? ................................................................................................ 10
    11.  How Do I File A Claim? .............................................................................................................. 11
    12.  How Will My Claim Be Processed? ............................................................................................. 11
    13.  What If My Claim Is Denied? ...................................................................................................... 11
    14.  What Am I Giving Up By Staying In The Class? ......................................................................... 12
**EXCLUDING YOURSELF FROM THE SETTLEMENT**
    15.  How Do I Exclude Myself From The Settlement?....................................................................... 12
    16.  If I Do Not Exclude Myself From The Settlement Class, Can I Sue The Settling Defendants For The Same Thing Later?................................................................................................................ 12
    17.  Can I Exclude Myself From The Fund Distribution?................................................................... 12
    18.  If I Exclude Myself, Can I Receive Money From The Settlement?............................................. 12
**OBJECTING TO THE SETTLEMENT**
    19.  How Do I Tell The Court That I Do Not Like The Settlement? ................................................... 13
    20.  What Is The Difference Between Objecting And Excluding? .................................................... 14
**THE LAWYERS REPRESENTING YOU**
    21.  Do I Have A Lawyer In The Case? ............................................................................................. 14
    22.  How Will The Lawyers Be Paid? ................................................................................................ 15
**THE COURT'S SETTLEMENT FAIRNESS HEARING**
    23.  When And Where Will The Court Decide Whether To Approve The Settlement? ..................... 15
    24.  Do I Have To Come To The Fairness Hearing?......................................................................... 15
    25.  May I Speak At The Fairness Hearing? ..................................................................................... 15
**IF YOU DO NOTHING**
    26.  What Happens If I Do Nothing At All? ........................................................................................ 16
**OBTAINING MORE INFORMATION**
    27.  Are There More Details About The Settlement? ....................................................................... 16
    28.  Where Can I Get Additional Information?................................................................................... 16
**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES** ............................................. 16

## BASIC INFORMATION

**1.**    **Why Are The Actions Class Actions?**

A class action is a lawsuit in which one or more persons sue on behalf of other persons who have similar claims. The members of this group are called the class. A class action may also include, as is the case here, a subclass. The settlement of a class action determines the rights of the member of the class, or, as here, each member of a subclass, except for those who choose to exclude themselves from the Settlement (*see* Question 15 below). For this reason, the Settlement must be approved by the Judge. Those Subclass Members who do not exclude themselves from the Settlement may submit a claim (*see* Question 11 below) and may receive payment of money. They may also object to the terms of the Settlement and still remain in the subclass (*see* Question 19 and 20 below).

In the Actions, there are two subclasses:

- Plaintiffs in the State Law Actions, Arthur E. Lange Revocable Trust, Arthur C. Lange, Neal J. Polan, Eastham Capital Appreciation Fund LP, NPV Positive Corp., Daniel Jackson and Laborers Local Pension Plan 17 ("State Law Subclass Plaintiffs"), sue on behalf of individuals and entities who have similar claims arising under state law only. All of these individuals and entities who have similar claims are referred to collectively as the State Law Subclass, or individually as a State Law Subclass Member.

- Court-appointed Lead Plaintiffs in the Securities Actions, Arthur M. Brainson (on behalf of the Arthur M. Brainson IRA R/O), Yvette Finkelstein, and Group Defined Pension Plan and Trust (the "Securities Subclass Plaintiffs"), sue on behalf of individuals and entities who have similar claims arising under both federal and state law. All of these individuals and entities who have similar claims are referred to collectively as the Securities Subclass, or individually as a Securities Subclass Member.

The United States District Court for the Southern District of New York, the Honorable Thomas P. Griesa, is in charge of the Actions.

**2.**    **Why Do The Actions Include Derivative Claims?**

In addition to asserting class claims, the State Law Actions also included derivative claims. In a derivative action, one or more people and/or entities who are shareholders in a corporation, or as here, shareholders or limited partners of an

6

investment fund, sue on behalf of the fund, alleging that the fund was injured, and seek recovery on behalf of the fund. These are claims that belong to the respective funds and once released (as they will be by this Settlement), they cannot be maintained by the funds or any of their shareholders or limited partners.

3. **Why Did I Receive This Notice Package?**

By Order dated March 29, 2011, the Honorable Thomas P. Griesa of the United Stated District Court for the Southern District of New York directed the Actions to proceed as a class action for settlement purposes, consisting of the following subclasses:

a) for the consolidated *State Law Actions*, all Persons other than the Settling Defendants who were holders of limited partnership interests in or shares of the Rye Funds (other than Rye Select Broad Market Insurance Portfolio LDC, except with respect to INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.) or the Tremont Funds as of December 11, 2008, and who sustained net losses thereby (the "State Law Subclass"); and

b) for the consolidated *Securities Actions*, all Persons other than the Settling Defendants who purchased limited partnership interests in or shares of the Rye Funds (other than Rye Select Broad Market Insurance Portfolio LDC, except with respect to INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.) or the Tremont Funds between December 11, 2003 through and including December 11, 2008 for claims arising under the Securities Exchange Act of 1934; and between May 10, 1994 through and including December 11, 2008 for claims arising under common law and state law, and who sustained net losses thereby (the "Securities Subclass").[13]

In addition, the Settlement provides for payment from the Fund Distribution Account to current limited partners and/or shareholders in the Settling Funds. The Fund Distribution Account will be comprised of the Remaining Fund Proceeds, namely: (i) all amounts remaining in the Rye Funds after resolution of the Settling Funds' claims in or relating to the Madoff Trustee Proceedings and any other remaining matters required to be resolved in the ordinary course prior to distribution; and (ii) all amounts to which the Tremont Funds would otherwise be entitled from the Fund Distribution Account as a result of the Tremont Funds' investments in the Rye Funds. The distribution of that cash will be governed by the terms of the Settlement, as summarized below, regardless of whether you, as a Settlement Class Member, a Subclass Member or a Fund Claimant opt out of the Settlement.

The Court authorized this Notice to be sent to you or someone in your family because you or they have been identified as a member of one or more of the subclasses (as long as you do not elect to exclude yourself from the Settlement Class), and/or because you are a current limited partner and/or shareholder of a Settling Fund and may be entitled to a payment from the Fund Distribution Account.

If the description above applies to you, you have a right to know about the proposed Settlement of the Actions, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, then one or more administrators appointed by the Court will distribute the payments that the Settlement permits.

This package explains the Actions, the Settlement, your legal rights, the benefits available under the Settlement, who is eligible to receive the benefits afforded by the Settlement, and how to obtain these benefits.

**NOTE:** This Notice applies *only* to the State Law Subclass and the Securities Subclass. If you are also a member of the Insurance Subclass, due to your purchase of a variable universal life insurance or deferred variable annuity policy from Tremont International Insurance Limited or Argus International Life Bermuda Limited from May 10, 1994 through December 11, 2008 to the extent those policies were invested in Rye Funds or Tremont Funds, you may be entitled to participate in the settlement of the Insurance Action. If you wish to participate, object to, or exclude yourself from the settlement of the Insurance Action, please refer to the notice issued in that action for instructions as to how to so participate, object or request exclusion.

---

[13] Excluded from the State Law Subclass and the Securities Subclass are the Settling Defendants, the current and former officers and directors of the Settling Defendants, and the Individual Settling Defendants' spouses and dependent children or their successors and legal representatives. Additionally, Argus International Life Bermuda Limited is excluded from the State Law and Securities Subclasses to the extent it was a purchaser of, and/or a shareholder or limited partner in the Rye Funds or the Tremont Funds.

4. **What Are The Actions About?**

On December 21, 2008, the first in a series of putative class action complaints was filed against the Settling Defendants and others in the United States District Court for the Southern District of New York, which collectively alleged: (i) that the Settling Defendants and Non-Settling Defendants[14] breached or aided and abetted the breach of fiduciary duties owed to the Settlement Class by, among other things, failing to adequately conduct due diligence on Madoff and BLMIS before selecting Madoff and BLMIS to manage some or all of the assets of the Settling Funds; (ii) that the Settling Defendants fraudulently misrepresented in various offering memoranda, performance updates, financial reports and other documentation that they would and did conduct such due diligence before and after investing with Madoff, that the Settling Funds assets' would be invested as represented and that the reported financial results reflected the performance of the Settling Funds; and/or (iii) that one or more of the Settling Defendants controlled the entities that engaged in the alleged wrongdoing.

In the weeks and months that followed, numerous suits were filed in the Southern District of New York, and elsewhere, alleging substantially similar facts and asserting similar legal theories. On March 26, 2009, the Court entered a consolidation order (the "Consolidation Order") that: (i) created three separate groups of consolidated actions; (ii) consolidated specified cases within each group; and (iii) assigned a master caption and docket number for the three groups: *In re Tremont Securities Law, State Law and Insurance Litigation*, Master File No.: 08 Civ. 11117 (TPG). The three groups were assigned the following captions: (i) Securities Actions, 08 Civ. 11212 (TPG); (ii) State Law Actions, 08 Civ. 11183 (TPG); and (iii) Insurance Actions, 09 Civ. 557 (TPG).

In the Consolidation Order, the Court: (i) appointed Arthur M. Brainson (on behalf of the Arthur M. Brainson IRA R/O), Yvette Finkelstein and Group Defined Pension Plan & Trust as the Lead Plaintiffs in the Securities Actions and appointed Bernstein Liebhard LLP as lead counsel for the class in the Securities Actions; (ii) appointed Entwistle & Cappucci LLP and Hagens Berman Sobol & Shapiro LLP as interim co-lead counsel for the class in the State Law Actions; and (iii) appointed Wolf Haldenstein Adler Freeman & Herz LLP and Robbins Geller Rudman and Dowd LLP (formerly, Coughlin Stoia Geller Rudman & Robbins LLP) as interim co-lead counsel for the class in the Insurance Actions.

Pursuant to the Consolidation Order, on April 20, 2009, Plaintiffs' Settlement Class Counsel filed in their respective actions consolidated and amended complaints (the "Complaints").

- The complaint in the State Law Actions asserted both class and derivative claims based solely on state common law. The complaint asserted claims against the Tremont Defendants for breach of fiduciary duty, breach of contract, and unjust enrichment. The complaint alleged that the Tremont Defendants, who organized, managed and operated the Rye Funds, breached their fiduciary and contractual duties by investing billions of dollars with Madoff and BLMIS without conducting an adequate investigation of Madoff's operations. The State Law Complaint further alleged that the Tremont Defendants turned a blind eye to Madoff's operations despite their knowledge of both "red flag" warnings regarding Madoff's operations and growing suspicions among other sophisticated corporate entities that those operations were not legitimate because the Tremont Defendants feared jeopardizing their lucrative relationship with Madoff, which had generated for them hundreds of millions of dollars in fees over the years. Additionally, the complaint in the State Law Actions alleged claims against the Parent Settling Defendants for unjust enrichment and aiding and abetting the Tremont Defendants' breach of their fiduciary duties.

- The complaint in the Securities Actions alleged that the Settling Defendants had possession of, or direct access to, material information regarding Madoff's operations – information that caused other investment professionals (who did not have direct access to Madoff) to avoid investing with him. Rather than refrain from investing with Madoff or investigating his operations, the Tremont Defendants turned a blind eye to the red flags without disclosing them to investors. The failure of the Tremont Defendants to disclose material information to investors and their intentional misrepresentations regarding the due diligence conducted on outside managers, such as Madoff, both before and after investment, are the basis for the Securities Subclass Plaintiffs' claims under the federal securities laws. In addition, the Securities Actions brought state and common law claims against the Tremont Defendants, including breach of fiduciary duty; common law fraud; negligent misrepresentation; gross negligence and mismanagement; and unjust enrichment. Finally, the Securities Actions alleged claims against the Parent Settling Defendants, including control person liability under the federal securities laws, and unjust enrichment and aiding and abetting a breach of fiduciary duty under the common law.

On May 20, 2009, certain of the Defendants filed separate motions to dismiss the consolidated and amended complaints in the Securities Actions and State Law Actions. These Defendants moved to dismiss the State Law Actions and the Securities Actions on the grounds that the respective complaints failed to state a claim upon which relief could be granted

---

[14] The "Non-Settling Defendants" means the defendants other than the Settling Defendants that have been named in the Complaints, including KPMG LLP and Ernst & Young LLP. The Settling Defendants and the Non-Settling Defendants are collectively referred to as "Defendants."

because, *inter alia*, the State Law and Securities Plaintiffs failed to allege facts that would sustain a claim that the Settling Defendants engaged in any wrongdoing. On July 14, 2009, the plaintiffs in the State Law Actions and the Securities Actions filed oppositions to the Defendants' motions to dismiss. On August 14, 2009, Defendants filed reply briefs in further support of their motions to dismiss. As of the date of the Settling Parties' agreement in principle to settle the Actions, the Settling Defendants' dismissal motions had not been decided. The Court subsequently denied the Settling Defendants' motions to dismiss as moot.

On June 11, 2009, the Judicial Panel on Multidistrict Litigation transferred to the Court for consolidated or coordinated pre-trial proceedings two related actions originally filed in the United States District Court for the District of Massachusetts captioned, *Haines v. Mass. Mut. Life Ins. Co., et al.*, Civil Action No. 09-10182-RWZ (the "*Haines* Action"), and *Kretschmar Revocable Trust v. Rye Select Broad Market Fund, L.P.*, Civil Action No. 09-10182-DPW (the "*Kretschmar* Action").

On September 25, 2009, following a hearing and bench ruling, the Court issued an order consolidating: (i) the *Haines* Action with the Securities Actions; and (ii) the *Kretschmar* Action with the State Law Actions.

While the Settling Defendants' motions to dismiss the State Law Actions and Securities Law Actions complaints were still pending, the Settling Parties began to discuss a possible settlement of the Actions. Following informal and formal arm's-length settlement discussions, including a two-day mediation conducted on March 17 and 18, 2010, the Settling Parties entered into a Memorandum of Understanding ("MOU") setting forth the principal terms of the Settlement on March 18, 2010. Plaintiffs' Settlement Class Counsel also conducted confirmatory discovery in the form of document review and witness interviews. Based on the investigations of Plaintiffs' Settlement Class Counsel, the facts discovered during confirmatory discovery, the uncertain outcome and the risk of any further litigation, Plaintiffs' Settlement Class Counsel and counsel for the Settling Defendants concluded that the proposed Settlement is fair, reasonable and adequate, and that it serves the best interests of the Settlement Class and the Settling Funds.

### 5.    Why Is There A Settlement?

The Court did not decide in favor of the Settling Plaintiffs or the Settling Defendants, who continue to deny liability. Instead, in order to avoid the risks and costs of further litigation and trial, the Settling Parties agreed to the Settlement. The Settling Plaintiffs and Plaintiffs' Settlement Class Counsel believe that the Settlement set forth in the Stipulation confers substantial immediate and future benefits upon Settlement Class Members and the Settling Funds. Based on their evaluation, Plaintiffs' Settlement Class Counsel have determined that the Settlement is in the best interests of the Settling Plaintiffs, Settlement Class Members and the Settling Funds.

## WHO IS IN THE SETTLEMENT

### 6.    How Do I Know If I Am Part Of The Settlement?

By Order dated March 29, 2011, the Court decided that the Actions can proceed as class actions for settlement purposes on behalf of the Members of the Subclasses discussed in Question 3.

You have been identified as a Member of a Subclass, as long as you do not elect to exclude yourself from the subclass.

### 7.    Are There Exceptions To Being Included?

Yes. Excluded from the Settlement Class are the Defendants, the current and former officers and directors of Defendants and the Individual Defendants' spouses and dependent children, and their successors and legal representatives. Also excluded from the Settlement Class are all persons and entities who exclude themselves from the Settlement by timely requesting exclusion in accordance with the requirements set forth in response to Question 15.

### 8.    Still Unsure About Being A Member Of A Subclass?

If you are still not sure whether you are a member of a subclass, you may ask for free help. You may contact the Notice and Claims Administrator for more information. Or you can fill out and return the Proof of Claim and Release form described in Question 11 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

### 9.    What Does The Settlement Provide?

The Gross Settlement Fund from which State Law Subclass Members and Securities Subclass Members will receive payment consists of: (i) an initial settlement amount of $100 million in cash (less 8.2%, or $8,200,000, that will be transferred to the Insurance Settlement Fund pursuant to a mediation conducted under the auspices of an independent mediator to resolve allocation differences between the State Law Actions, the Securities Actions and the Insurance

9

Actions); (ii) the Fidelity Bond Recovery[15] (less 8.2% of which will be transferred to the Insurance Settlement Fund pursuant to the aforementioned mediation); (iii) the Remaining Tremont Funds (less 8.2% of which will be transferred to the Insurance Settlement Fund); and (iv) any recovery from the Assigned Claims, plus any interest that may accrue thereon.

In addition, the Settlement provides for the payment from the Fund Distribution Account to current limited partners and/or shareholders in the Settling Funds. The Fund Distribution Account will be comprised of the Remaining Fund Proceeds, namely: (i) all amounts remaining in the Rye Funds after resolution of the Settling Funds' claims in or relating to the Madoff Trustee Proceedings and any other matters required to be resolved in the ordinary course prior to distribution; and (ii) all amounts the Tremont Funds would otherwise be entitled to from the Fund Distribution Account as a result of the Tremont Funds' investments in the Rye Funds. The distribution of that cash will be governed by the terms of the Settlement and the Fund Distribution Plan of Allocation, as summarized below, regardless of whether you, as a Settlement Class Member, a Subclass Member or a Fund Claimant, opt out of the Settlement. The amount to be distributed from the Fund Distribution Account will depend on several factors and cannot be estimated at this time.

The full terms and conditions of the Settlement are contained in the Stipulation dated February 25, 2011. You can obtain a copy of the Stipulation by contacting: Entwistle & Cappucci LLP, 280 Park Avenue, 26th Floor West, New York, NY 10017, (212) 894-7200, or Hagens Berman Sobol Shapiro LLP, 715 Hearst Avenue, Suite 202, Berkeley, CA 94710, (510) 725-3000, for the State Law Subclass; or Bernstein Liebhard LLP, 10 East 40th Street, 22nd Floor, New York, NY 10016, (212) 779-1414, for the Securities Subclass. All documents related to the Settlement and the motions are available for inspection at the offices of the above noted counsel during regular business hours.

In addition, the Notice and Claims Administrator has posted on its website the Stipulation and accompanying exhibits, including this Notice. The website address for the Notice and Claims Administrator is www.tremontlitigationsettlements.com.

### HOW YOU RECEIVE PAYMENT – SUBMITTING A CLAIM FORM

**10.    How Much Will My Payment Be?**

The Gross Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, claims and administrative expenses and taxes, will be distributed to State Law Subclass Members and Securities Subclass Members using the Net Settlement Plan of Allocation approved by the Court. *See* Exhibit 1, Net Settlement Fund Plan of Allocation for more information. Your share of the Net Settlement Fund will depend on many things, including: (a) the amount you invested (*i.e.*, purchased) in limited partnership interests in or shares of the Settling Funds; (b) whether you redeemed all or a portion of your investment in limited partnership interests or shares in the Settling Funds; (c) the percentage of your fund's assets that were invested with Madoff; and (d) the amount of the recognized losses of other State Law Subclass Members and Securities Subclass Members.

If you are eligible for a payment under the Settlement, the payment you will receive will be a portion of the Net Settlement Fund. Your share will be your Recognized Loss, if any, as determined according to the Net Settlement Plan of Allocation as approved by the Court, divided by the total of all State Law and Securities Subclass Members' recognized losses multiplied by the Net Settlement Fund.

Payment from the Fund Distribution Account will be made to current limited partners and/or shareholders in the Settling Funds using the Fund Distribution Plan of Allocation approved by the Court. *See* Exhibit 2, Fund Distribution Plan of Allocation for more information. Your share of the Fund Distribution will depend on many things, including: (a) the amount you invested (*i.e.*, purchased); (b) whether you redeemed all or a portion of your investment; (c) the amount of money received by the Rye Fund in the Madoff Trustee Proceedings; (d) the amount of money remaining in the fund in which you invested after resolution of the Madoff Trustee Proceedings and any other matters required to be resolved in the ordinary course prior to distribution; and (e) the amount of the recognized losses of the limited partners or shareholders in the fund in which you invested.

If you are eligible for a payment from the Fund Distribution Account, the payment you will receive will be a portion of the fund in which you invested. Your share will be your Recognized Loss, if any, as determined according to the Fund Distribution Plan of Allocation, divided by the sum total of all Fund Distribution Claimants' Recognized Claims for that Settling Fund, multiplied by the amount of the Remaining Fund Proceeds attributable to that Settling Fund. Once all the claims are calculated, Plaintiffs' Settlement Class Counsel, without further notice to either subclass, will apply to the Court for an order distributing the Net Settlement Fund to the Members of the State Law Subclass and Securities Subclass and the Fund Distribution to current limited partners and/or shareholders in the Settling Funds. Plaintiffs' Settlement Class Counsel will also ask the Court to approve payment from the Net Settlement Fund of the Notice and Claims

---

[15] To date, one bond insurer has committed to pay $6 million.

Administrator's fees and expenses incurred in connection with administering the Settlement that have not already been reimbursed.

The Settling Defendants do not have any responsibility or liability with respect to claims administration, the management, investment or distribution of the Gross Settlement Fund, the Net Settlement Fund and the Fund Distribution Account. The distribution of the Net Settlement Fund and Fund Distribution Account is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the distribution shall not affect the validity or finality of the proposed Settlement if approved by the Court. The distribution of the Net Settlement Fund and Fund Distribution Account may be modified in connection with, among other things, a ruling by the Court or an objection filed by a Settlement Class Member or a current limited partner and/or shareholder of a Settling Fund, without further notice.

**11.    How Do I File A Claim?**

To be eligible to receive a payment pursuant to the Settlement from the Net Settlement Fund, you must complete and sign the enclosed Proof of Claim and Release Form, and send it by prepaid first class mail, postmarked on or before August 31, 2011 (90-days following the June 1, 2011 Fairness Hearing), addressed as follows:

In re Tremont Securities Law and State Law Litigation Claim Forms
c/o Notice and Claims Administrator
P.O. Box 9675
Dublin, Ohio 43017-4975

IF YOU DO NOT PROPERLY FILE A PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT RECEIVE ANY PAYMENT FROM THE NET SETTLEMENT FUND BUT YOU WILL BE BOUND BY THE RELEASES AND THE FINAL JUDGMENT OF THE COURT DISMISSING THESE ACTIONS, UNLESS YOU PROPERLY EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS.

Any Subclass Member and limited partner and/or shareholder of the Settling Funds who fails to submit a Proof of Claim by the date above shall be forever barred from receiving any payment pursuant to the Stipulation from the Net Settlement Fund (unless, by Order of the Court, a later submitted Proof of Claim by such Subclass Member or limited partner and/or shareholder of the Settling Funds is approved), but shall in all other respects be bound by all of the terms of the Stipulation, including the terms of the Judgment to be entered in the Actions and the releases provided for, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Notice and Claims Administrator.

Each Proof of Claim shall be submitted to and reviewed by the Notice and Claims Administrator, who shall determine in accordance with the Stipulation the extent, if any, to which each claim shall be allowed.

**12.    How Will My Claim Be Processed?**

To qualify for a payment from the Net Settlement Fund, you must be an eligible Subclass Member and you must submit a Proof of Claim. Each Proof of Claim form will be reviewed by the Notice and Claims Administrator in order to determine whether to accept the claim, in whole or in part. You will be eligible to receive a payment only if you filed a valid Proof of Claim Form.

**13.    What If My Claim Is Denied?**

If your Proof of Claim Form is deficient, the Notice and Claims Administrator will communicate with you in order to remedy any curable deficiencies in the Proof of Claim Form submitted. The Notice and Claims Administrator will also notify you in writing if your Proof of Claim Form has been rejected, in whole or in part, and will give you the reasons for any such rejection.

If any Claimant whose claim has been rejected, in whole or in part, desires to contest such rejection, the Claimant must, within thirty (30) days after the date of mailing of the notice referenced above, serve upon the Notice and Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation. The Notice and Claims Administrator shall provide a copy of the notice to counsel for the Settling Parties.

If the claim remains in dispute and cannot be resolved, Plaintiffs' Settlement Class Counsel shall thereafter present the disputed claim for review to the Court. There shall be no discovery of any type permitted in connection with such a request, and the scope of the Court's review shall be limited to a determination as to whether the Proof of Claim that was submitted was in compliance with the requirements of the Stipulation. Each Claimant expressly waives trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

### 14. What Am I Giving Up By Staying In The Class?

If you complete and mail a valid Proof of Claim form postmarked by August 31, 2011 (90-days after the Fairness Hearing), and if the Court approves the proposed Settlement, you may receive the benefits of the Settlement as described in this Notice (*see* Question 9 above). In exchange for receiving the benefits of the Settlement, you will be prohibited from bringing a lawsuit against any of the Settling Defendants based on allegations relating to the Released Claims. The terms of the release are included in the Proof of Claim that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Net Settlement Fund, but you want to keep the right to sue or continue to sue the Settling Defendants on your own about claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. This is referred to as opting out of the Settlement Class. Opting out of the Settlement Class will have no effect on your rights to receive a payment from the Fund Distribution Account.

### 15. How Do I Exclude Myself From The Settlement?

Excluding yourself is not the same as doing nothing in response to this Notice. Each Member of a Subclass shall be bound by all determinations and judgments in the Actions concerning the Settlement, whether favorable or unfavorable, unless such a person shall mail, by first class mail, a written request for exclusion from the Settlement Class, postmarked no later than May 11, 2011 addressed to:

> In re Tremont Securities Law and State Law Litigation Claim Forms
> c/o Notice and Claims Administrator
> P.O. Box 9675
> Dublin, Ohio 43017-4975

No person may exclude himself or herself from the Settlement Class after that date. In order to be valid, each such request for exclusion must: set forth the name, address and telephone number of the Person seeking exclusion; state that the sender "requests exclusion from [the name of the Subclass] in *In re Tremont Securities Law, State Law, and Insurance Litigation*, Civ. No. 08-11117 (TPG)"; and identify the full name of the Settling Fund(s) purchased, the number of limited partnership interests or shares purchased and redeemed, if applicable, and the limited partnership interests and shares currently held. Any such request for exclusion must be signed by the Person requesting exclusion.

Requests for exclusion shall not be effective unless the request includes the required information and is made within the time period stated above, or the exclusion is otherwise accepted by the Court.

If you ask to be excluded, you will not get any payment from the Net Settlement Fund, and you cannot object to the Settlement, although your right, if any, to receive a payment from the Fund Distribution Account will not be affected. You will not be legally bound by anything that happens in the Actions with respect to Released Claims, except that the final judgment entered by the Court will operate to preclude you from commencing or continuing to maintain any Released Claims that were, could have been or could be asserted by or on behalf of the Settling Funds (the "Released Fund Claims"). You also may be able to sue (or continue to sue) the Settling Defendants or Released Parties in the future, although not with respect to any of the Released Fund Claims.

### 16. If I Do Not Exclude Myself From The Settlement Of The Actions, Can I Sue The Settling Defendants For The Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Settling Defendants or the Released Parties for the Released Claims. If you have a pending lawsuit relating to the Released Claims against any Settling Defendant or Released Party, speak to your lawyer in that case immediately. You must exclude yourself from this Settlement to continue your own lawsuit. Remember, the exclusion deadline is May 11, 2011.

### 17. Can I Exclude Myself From The Fund Distribution?

No. Payment from the Fund Distribution Account will be made to Fund Claimants pursuant to the Fund Distribution Plan of Allocation, as approved by the Court, through the claims and administration process irrespective of whether you choose to exclude yourself from the Settlement Class. You may, however, object to the Fund Distribution Plan of Allocation as set forth herein.

### 18. If I Exclude Myself, Can I Receive A Payment From This Settlement?

Yes. If you exclude yourself from the Settlement, you are only excluding yourself from participating in the Net Settlement Fund; you still may be entitled to receive a payment from the Fund Distribution Account. Remember, if you exclude yourself from the Settlement Class, you will not be entitled to receive any of the benefits of the Settlement, other than a potential payment from the Fund Distribution Account, though you may sue, continue to sue, or be part of a different

12

lawsuit asserting the Released Claims, other than the Released Fund Claims, against the Settling Defendants or the Released Parties.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**19. How Do I Tell The Court That I Do Not Like The Settlement?**

If you are a Subclass Member or a current limited partner and/or shareholder of the Settling Funds, you can object to the Settlement if you do not like any part of it. To object, you must send a letter saying that you object to the Settlement in the *In re Tremont Securities Law, State Law and Insurance Litigation*, Civ. No. 08-11117(TPG), and the reasons why you object to the Settlement. Be sure to include in your statement: (i) your name, address, telephone number and e-mail address; (ii) whether you are objecting to the fairness, reasonableness or adequacy of the Settlement, the Plans of Allocation, the requests for awards of attorneys' fees or the requests for reimbursement of expenses; (iii) the reason(s), if any, for each such objection made, including any legal support and/or evidence you wish to bring to the Court's attention or introduce in support of your objection; and (iv) documentation showing the dates, purchases, contributions, sales and redemptions of limited partnership interests and/or shares in the Settling Funds. Any objection to the Settlement must be served by first class mail, or delivered on the following counsel and filed with the Court by no later than May 11, 2011:

| COURT | COUNSEL FOR SETTLING PARTIES |
|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, NY 10007-1312 | ENTWISTLE & CAPPUCCI LLP<br>Andrew J. Entwistle<br>Robert N. Cappucci<br>280 Park Avenue, 26th Floor West<br>New York, NY 10017<br>aentwistle@entwistle-law.com<br><br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>Reed R. Kathrein<br>Lee Gordon<br>715 Hearst Avenue<br>Suite 202<br>Berkeley, CA 94710<br>reed@hbsslaw.com<br><br>Co-Lead Counsel for the State Law Actions<br><br>BERNSTEIN LIEBHARD LLP<br>Jeffrey M. Haber<br>10 East 40th Street<br>22nd Floor<br>New York, NY 10016<br>haber@bernlieb.com<br><br>Lead Counsel for the Securities Actions<br><br>MORRISON & FOERSTER LLP<br>Jack C. Auspitz<br>Gary S. Lee<br>1290 Avenue of the Americas<br>New York, NY 10104-0050<br>jauspitz@mofo.com<br><br>Counsel for the Joint Official Liquidators of Rye Select Broad Market Insurance Portfolio LDC, Rye Select Broad Market XL Portfolio Limited and Broad Market XL Holdings Limited<br><br>SKADDEN ARPS SLATE MEAGHER & FLOM LLP<br>Seth M. Schwartz<br>Four Times Square<br>New York, NY 10036<br>seth.schwartz@skadden.com |

13

|  | Counsel for Tremont Capital Management, Tremont Group Holdings, Inc., Tremont Partners, Inc., Rye Investment Management, Harry Hodges, James Mitchell, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Stephen Thomas Clayton, Stuart Pologe and Cynthia J. Nicoll |
|---|---|
|  | TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP<br>Jamie B. W. Stecher<br>900 Third Avenue<br>New York, NY 10022<br>stecher@thshlaw.com |
|  | BINGHAM MCCUTCHEN LLP<br>Joseph L. Kociubes<br>One Federal Street<br>Boston, MA 02110<br>joe.kociubes@bingham.com |
|  | Counsel for Massachusetts Mutual Life Insurance Co., MassMutual Holding Trust I, MassMutual Holding Company, MassMutual Life Insurance Co. |
|  | DECHERT LLP<br>William K. Dodds<br>1095 Avenue of the Americas<br>New York, NY 10036-6797<br>william.dodds@dechert.com |
|  | Counsel for Oppenheimer Acquisition Corporation and Oppenheimerfunds Inc. |

You do not need to go to the Fairness Hearing to have your written objection considered by the Court. However, if you file and serve a timely, written objection in accordance with the instructions above, you may appear at the Fairness Hearing either in person or through counsel retained at your expense. If you or your attorney intend to appear at the Fairness Hearing, you must file and effect service of a notice of intention to appear on or before May 11, 2011, setting forth, among other things, your name, address, telephone number and e-mail address (and, if applicable, the name, mailing address, telephone number and e-mail address of your attorney) on Plaintiffs' Settlement Class Counsel and Settling Defendants' counsel (at the addresses set out above). Moreover, if you intend to present evidence at the Fairness Hearing, you must include in your written objections the identity of any witnesses you may call to testify and exhibits you intend to introduce into evidence at the Fairness Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this question will not be permitted to appear at the Fairness Hearing, except for good cause shown.

### 20.   What Is The Difference Between Objecting And Excluding?

Objecting means telling the Court that you do not like something about the Settlement, the Plans of Allocation, or the application for attorneys' fees and litigation expenses, and you want the Court to disapprove the Settlement. You can object to the Settlement *only if* you stay in the Settlement Class. You may still object to the Fund Distribution Plan of Allocation as long as you are a current limited partner and/or shareholder of the Settling Funds. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because that portion of the case no longer affects you.

### THE LAWYERS REPRESENTING YOU

### 21.   Do I Have A Lawyer In This Case?

The Court appointed the law firms listed below to represent you and the other Members of the Settlement Class:

| Plaintiffs' State Law Settlement Class Counsel: | | Plaintiffs' Securities Settlement Class Counsel: |
|---|---|---|
| ENTWISTLE & CAPPUCCI LLP<br>Andrew J. Entwistle<br>Robert N. Cappucci<br>280 Park Avenue, 26th Floor West<br>New York, NY 10017<br>aentwistle@entwistle-law.com | HAGENS BERMAN<br>SOBOL SHAPIRO LLP<br>Reed R. Kathrein<br>Lee Gordon<br>715 Hearst Avenue<br>Suite 202<br>Berkeley, CA 94710<br>reed@hbsslaw.com | BERNSTEIN LIEBHARD LLP<br>Jeffrey M. Haber<br>10 East 40th Street<br>22nd Floor<br>New York, NY 10016<br>haber@bernlieb.com |

14

You will not be individually charged for the services of these lawyers. Attorneys' fees and expenses for those attorneys will be paid out of the Gross Settlement Fund (after deduction of the Insurance Settlement Fund) as set forth herein. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 22.    How Will The Lawyers Be Paid?

Plaintiffs' Settlement Class Counsel will jointly apply to the Court, on behalf of Plaintiffs' Counsel in the State Law and Securities Actions, for attorneys' fees up to 30% of the Gross Settlement Fund and 3% of the Fund Distribution Account, plus interest earned at the same rate as the Gross Settlement Fund. Plaintiffs' State Law and Securities Settlement Class Counsel will also apply for reimbursement of out-of-pocket costs and expenses incurred in prosecuting the State Law Subclass and Securities Subclass's claims, including the fees of the Settling Plaintiffs' damages and other experts and consultants, in the estimated total amount of up to $500,000.00, plus interest earned at the same rate as the Gross Settlement Fund. Such sums as may be approved by the Court will be paid out of the proceeds of the Settlement. Subclass Members are not personally liable for any such fees or expenses.

Plaintiffs' Settlement Class Counsel are also moving the Court to award a payment of up to $10,000 per named Plaintiff for their reasonable costs and expenses (including lost wages) relating to their representation of the Class.

The attorneys' fees and expenses requested will be the only payments to Plaintiffs' Settlement Class Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly-contingent basis and advancing the money necessary to pursue the Actions. To date, Plaintiffs' Settlement Class Counsel have not been paid for their services, including Plaintiffs' Settlement Class Counsel's efforts on behalf of the Settlement Class, or for their substantial litigation expenses. The fees requested will compensate Plaintiffs' Settlement Class Counsel for their work in achieving the Settlement and Plaintiffs' Settlement Class Counsel believe that the fees requested are within the range of fees awarded to counsel under similar circumstances in other cases of this type. The Court has discretion, however, to award less than the amount requested by Plaintiffs' Settlement Class Counsel.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

### 23.    When And Where Will The Court Decide Whether To Approve the Settlement?

The Court will hold a fairness hearing at 2:30 p.m. on June 1, 2011, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 26(B). At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate and should be approved, and will also consider the proposed Plans of Allocation, and the application of Plaintiffs' Settlement Class Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions set forth at Question 19. The Court may also decide how much to pay to Plaintiffs' Settlement Class Counsel for their fees and expenses. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

The Fairness Hearing may be adjourned from time to time without further written notice to the Settlement Class and current limited partners and/or shareholders in the Settling Funds. If you intend to attend the Fairness Hearing, you should confirm the date and time with Plaintiffs' Settlement Class Counsel.

### 24.    Do I Have To Come To The Fairness Hearing?

No. Plaintiffs' Settlement Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you served and filed an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection and otherwise complied with the requirements for submitting one (see Question 19) so that it is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19.

Please be aware that the Court may change the date or time of the Fairness Hearing without further notice to Settlement Class Members and current limited partners or shareholders in the Settling Funds. If you or your attorney plan to come to the Fairness Hearing, you should check with Plaintiffs' Settlement Class Counsel before coming to be sure that the date or time has not changed.

Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval of the matters being considered at the hearing.

### 25.    May I Speak At The Fairness Hearing?

You may speak at the Fairness Hearing if you are a Class Member or a current limited partner and/or shareholder of the Settling Funds and you filed an objection to the Settlement, the Plans of Allocation and/or Plaintiffs' Settlement Class Counsel's application for an award of attorneys' fees and expenses in the manner and the time period described in the

answer to Question 19 above. If you plan to have an attorney speak on your behalf at the Fairness Hearing, your attorney must, no later than May 11, 2011, file a Notice of Appearance with the Clerk of the Court and deliver a copy to Plaintiffs' Settlement Class Counsel and Counsel for the Settling Defendants at the addresses listed in the answer to Question 19 above.

If you or your attorney plan to attend the Fairness Hearing and present evidence at the hearing, your written objections (prepared and submitted in accordance with the answer to Question 19 above) must identify any witness you or your attorney may seek to call to testify, and must identify any documents or other exhibits you or your attorney may seek to introduce into evidence.

You cannot speak about or object to the Settlement if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

### 26. What Happens If I Do Nothing At All?

If you do nothing, you will receive no money from the Net Settlement Fund, but nonetheless will be bound by its terms. Further, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit or be part of any other lawsuit against the Settling Defendants or the Released Parties about the Released Claims. You may, however, be entitled to receive a payment from the Fund Distribution Account.

## OBTAINING MORE INFORMATION

### 27. Are There More Details About The Proposed Settlement?

This Notice summarizes the proposed Settlement and gives Notice of the Motion for Final Approval of the Proposed Settlement and Motion for Attorneys' Fees and Expenses. More details are in the Stipulation. You can get a copy of the Stipulation and any other motion papers and other documents submitted to the Court in connection with the Settlement by contacting any one of Plaintiffs' Settlement Class Counsel listed in Question 21 above. You can also call the Notice and Claims Administrator toll-free at (800) 636-7614; send an e-mail to questions@tremontlitigationsettlements.com or visit the Notice and Claims Administrator's website at www.tremontlitigationsettlements.com, where all of the documents related to the Settlement are available for inspection and download. You will also find answers to questions about the Settlement, a Proof of Claim form, and other information to help you determine whether you are a State Law Subclass Member or a Securities Subclass Member and whether you are eligible for a payment under the Settlement.

### 28. Where Can I Get Additional Information?

For even more detailed information concerning the matters involved in the Actions, reference is made to the pleadings, to the Orders entered by the Court, and the other papers filed in the Actions, which may be inspected at the Office of the Clerk of the U.S. District Court for the Southern District of New York and at the offices of Plaintiffs' Settlement Counsel during regular business hours. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Actions through the Court's online Case Management/Electronic Case Files System at https://ecf.nysd.uscourts.gov.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired limited partnership interests or shares in any of the Settling Funds for the beneficial interest of a person or organization other than yourself, the Court has directed that, within ten (10) calendar days of the receipt of the Notice, you either (a) provide to the Notice and Claims Administrator the name and last known address of each person or organization for whom or which you purchased such shares or interests during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of that Settling Fund. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Notice and Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Gross Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of the beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Notice and Claims Administrator:

In re Tremont Securities Law and State Law Litigation Claim Forms
c/o Notice and Claims Administrator
P.O. Box 9675
Dublin, Ohio 43017-4975
(800) 636-7614

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**
