IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION<br><br>This Document Relates To:<br><br>All Actions | MASTER FILE NO.:<br>08 CIV. 11117 (TPG)<br><br>ECF CASE<br>Electronically Filed |

## RESPONSE TO OBJECTION FILED BY
## COLLINS CAPITAL INVESTMENTS, LLC

Lead Counsel briefly responds to the objection filed by Collins Capital Investments, LLC, investment manager on behalf of Collins Capital Master Fund I, LP, and Collins Capital Master Fund II, LP (collectively, "Collins").

- First, Collins makes an objection to the methodology of the Fund Distribution Plan of Allocation, arguing that all investors should be treated equally, rather than through the methodology applied by the courts in other cases. This argument could have been raised long ago because the operation of the Fund Distribution Account ("FDA") is not implicated by the Trustee Settlement. Regardless, it is an argument for another day as explained below.

- Second, the Fund Distribution Plan of Allocation provides that the proceeds from the Trustee Settlement flow back through the Settling Funds to the FDA for allocation to the Eligible Hedge Funds and distribution in a fair and equitable manner. Collins (and for that matter Lakeview, Phoenix and others) engage in speculation about how that allocation will be made -- in Collins' case hypothesizing that it will be done in the same manner as the claims made in the Bankruptcy Court. This is not necessarily the case as there are myriad complex issues that implicate the allocation question (which is not necessarily limited to the framework of the Trustee Settlement, the structure of which was in part dictated by certain Bankruptcy considerations).

- Third, once the administrative process is completed (including the marshaling of assets and any allocation and distribution decisions), a Plan of Distribution will be presented to this Court by motion on Notice to all Fund Distribution Claimants, at which time any Fund Distribution Claimant may raise an objection to any aspect of that Plan, including the allocation of the proceeds of the Trustee Settlement.

EC.46057.1

- Fourth, the proper time to address speculative objections like those raised by Collins (and similar speculation riddled objections made by Lakeview and Phoenix, among others) is after the administrative process is complete and the Plan of Distribution is presented to the Court for review and approval.

## CONCLUSION

For the foregoing reasons, the objection of Collins should be overruled in its entirety.

DATED:   August 5, 2011

Respectfully submitted,

**ENTWISTLE & CAPPUCCI LLP**

_____
Andrew J. Entwistle
Robert N. Cappucci
280 Park Avenue, 26th Floor West
New York, New York 10017
Telephone: (212) 894-7200


**HAGENS BERMAN SOBOL & SHAPIRO LLP**

_____
Reed S. Kathrein
Lee Gordon
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000

*Co-Lead Counsel for the State Law Actions*

**BERNSTEIN LIEBHARD LLP**

_____
Jeffrey M. Haber
Stephanie M. Beige
Jeffrey D. Lerner
10 East 40th Street, 22nd Floor
New York, New York 10016
Telephone: (212) 779-1414

*Lead Counsel for the Securities Action*