UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No.: 08 Civ. 11117 (TPG) |
| This Document Relates to: All Actions | |

**JOINDER IN OBJECTIONS OF LAKEVIEW INVESTMENT, LP AND OBJECTIONS OF PHOENIX LAKE PARTNERS, L.P. FOLLOWING NOTICE OF PROPOSED SETTLEMENT BETWEEN MADOFF TRUSTEE AND TREMONT HOLDINGS, TREMONT PARTNERS, SETTLING FUNDS AND OTHER DEFENDANTS; NOTICE OF INTENTION TO APPEAR AT THE SECOND FAIRNESS HEARING ON AUGUST 8, 2011**

The proposed settlement would prejudice the right and interests of Phoenix Lake Partners, L.P. ("Phoenix Lake"), even if the Court grants its request for exclusion from the Settlement Class.  Accordingly, as a limited partner of Rye Select Broad Market XL Fund, L.P. ("XL Fund"), Phoenix Lake Partners, L.P. ("Phoenix Lake") hereby objects and joins in the objections of Lakeview Investment, LP ("Lakeview"), including those on filed on July 30, 2011 and August 5 2011 (*see* Doc. 562-563, 581).

In addition, Phoenix Lake specifically objects to:  (1) the proposed relinquishment of direct and derivative claims currently available to Rye Select Broad Market XL Fund, L.P. ("XL Fund"), and its limited partners, against the three large banks named as defendants in the proposed complaint-in-intervention recently filed by Phoenix Lake Partners, L.P. (*see* Doc. 565-17, ¶¶20-23); (2) the Fund Distribution Account ("FDA") Plan of Allocation; and (3) the requested award of attorneys fees with respect to the FDA.

1

## I. THE NOTICE OF PENDENCY IS EXTREMELY MISLEADING AS DIRECTED TO XL FUND LLIMITED PARTNERS.

The Notice of Pendency falsely states and/or implies that Settlement Class members could receive "substantial" recoveries from the FDA due to the Madoff Trustee's recoveries in the proceedings to liquidate Bernard L. Madoff Investment Securities LLC ("BLMIS"), *i.e.*, the "BLMIS Trustee Proceedings."  It does so, in part, by omitting material individual differences between and among the various 16 Settling Funds.[1]  It does so, for example, by creating the misleading impression that XL Fund and Rye Select Broad Market Prime Fund, L.P. ("Prime Fund") have the same chance to receive BLMIS distributions as do Rye Select Broad Market Fund, L.P. ("Market Fund") and Rye Select Broad Market Portfolio, Ltd. ("Market Portfolio").  If an absent member of the Settlement Class hires lawyers and spends hundreds of hours reviewing the *actual* records in the BLMIS Trustee Proceedings, however, it turns out they do not.  XL Fund and Prime Fund will receive *no* BLMIS distributions, while the latter two Settling Funds will receive substantially all of any distributions to the rest of the Settling Funds.  (Indeed, only four of the 16 Settling Funds have BLMIS for which they will receive SIPA distributions.)

One foreseeable consequence of such misleading statements and omissions is to prevent and deter Settling Fund investors from opting out of the Settlement Class and objecting to the proposed settlement.  If the Notice of Pendency disclosed the material differences between and among the different Settling Funds, the reaction of the class to the proposed settlement (one of the *Grinnell* factors), although overwhelmingly negative to begin with (250 of 700 class members objected, opted out, or both), would have been worse than it is now.

---

[1] Capitalized terms used herein have the meanings set forth in the Notice of Pendency, a true and correct copy which is attached as Exhibit XVIII to the July 30, 2011 Declaration of S. Benjamin Rozwood in Support of Further Objections of Lakeview Investment, LP. *See* Doc. 563-17.

2

With respect to XL Fund, for example, it simply is not true that the "recovery for class members covered under this Settlement could be substantial" or that, if the Trustee's recoveries are included, a limited partner of XL Fund "could receive a combined recovery in excess of 55% of his or her loss." *Cf.* Notice of Pendency, at 3. XL Fund will not receive any BLMIS distributions. XL Fund is not a BLMIS customer. XL Fund invested all or substantially all of its capital in connection with investment agreements known as "total return swap contracts." *See* Doc. 565 and 565-1 (memorandum in support of Phoenix Lake motion to intervene and proposed complaint-in-intervention). Consequently, XL Fund will not receive a distribution from the Trustee. Under the proposed settlement, however, XL Fund loses all rights to recover the value of consideration provided by XL Fund pursuant to those swap contracts. *See, e.g.*, Doc. 562-563. Since XL Fund receive no distribution from the BLMIS proceedings, XL Fund would have nothing to show for the $405 million that it paid for it structured investment contracts. <u>Table 1</u> below, taken from the joinder in objections and further objections of Edward L. White, for himself and on behalf of White Trust dated May 3, 2002, and Rigdon O. Dees, III, *see* Doc. 577, at page 2, illustrates the inequities of the distributions under the proposed settlement.

|  | Allowed SIPA Claims | Percentage of Current SIPA Claims | Current Value of Trustee's Recoveries to be Disbursed Under the FDA |
|---|---|---|---|
| Market Fund and Market Portfolio | $ 2,886,177,716 | 29.01% | $ 2,494,585,764 |
| Rye Insurance Fund | $ 40,000,000 | 0.402% | $ 34,572,864 |
| XL Fund | $ --0 | 0.00% | $ --0 |
| Prime Fund | $ --0 | 0.00% | $ --0 |
|  |  |  | $ 2,529,158,448 |

## II.   CLASS COUNSEL IS NOT ENTITLED TO 3% OF THE FDA.

In addition to seeking at least $30 million in attorneys' fees from the Gross Settlement Fund, counsel for the class seek an additional three percent (3%) of the FDA. Considering the estimated recoveries shown above, class counsel would get

3

an additional $75 million dollars.  The FDA will disburse the money currently held in accounts of individual "Rye Select" funds.  According to Tremont Partners, Inc.'s most recent 2011 Form ADV, XL Fund has $34.7 million in its account; Prime Fund has $34.6 million in its account; and Market Fund has $38.2 million in its account.  Although the money in each of these accounts already belongs exclusively to the fund that owns the account, counsel for the class want the Court to give them 3% of those funds for themselves, or more than $3 million.  Thus, in total, counsel for the class want the Court to take approximately $78 million from the FDA for doing absolutely nothing to earn that money.  This is unfair and improper.

As explained by other objectors in opposition to class counsel's request for attorneys' fees, *see* Doc. 481 at 12-15, all of the money distributed to investors through the FDA does so independent of any settlement negotiated by class counsel in this proceeding.  While an attorney's efforts to establish a common recovery fund may entitle the attorney to a reasonable fee from the common fund, *e.g.*, *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir.2000), class counsel played no such role with respect to the FDA.  The distributions investors will receive from the FDA were not generated by class counsel's efforts to settle these actions.  Instead, the money was kept separately in a deposit account or was recovered due to the efforts of the Trustee and the attorneys working for him.  This money should flow to Settling Fund investors under the limited partnership agreements ***even without this suit***.

Second, even assuming that class counsel played some role in "securing meaningful benefits" for the FDA, those efforts are wholly disproportionate to the additional fee sought.  Under settled Second Circuit law, an attorney is entitled only to reasonable fees from a common fund, and the award "must reflect the actual effort made by the attorney to benefit the class." *Central States S.E. & S.W. Areas Health & Welfare Fund v. Merck-Medco Managed Care*, 504 F.3d 229, 249 (2nd Cir.2007); *accord MBA v. World Airways, Inc.*, 369 F. App'x 194, 198-99 (2d Cir.2010) ("the

basic touchstone that a district court should consider is 'what is reasonable under the circumstances'").

Class counsel claim to have "secured meaningful benefits" with respect to the FDA because they (1) ensured that the individual defendants and their spouses will not recover from the FDA, (2) conducting legal research to choose the methods of the Plan of Allocation for the FDA, (3) worked with settling defendants' counsel "to assure the best possible outcome in the Madoff Trustee Litigation," and (4) will ensure that the FDA "is properly and fairly distributed" among the shareholders and limited partners of the Tremont-managed Funds.  None of those "benefits" warrants the award of additional fees sought by class counsel with respect to the FDA.

With respect to claimed benefit number 1, the Settlement Agreement between the Trustee and the Tremont defendants already ensure that the money from the Trustee's distributions will go only to investors.  *See* Trustee's Motion, Ex. A, ¶7 ("Agreement by Tremont Group, Tremont Partners and Tremont Bermuda to Forego Any Profits").  With respect to claimed benefit number 2, class counsel simply relied on the work of the Trustee.  Ultimately, class counsel proposes to distribute FDA funds using the same "net equity" formula adopted by the Trustee with respect to SIPA claims.  *See* Doc. 392 (Supp. Joint Dec.), ¶8, at 3-4.  As for claimed benefits numbers 3 and 4, neither is a sufficiently tangible benefit worth the extraordinary sum that class counsel is proposing.

Dated: August 6, 2011                    Respectfully submitted,

                                                   ROZWOOD & COMPANY, APC

                                                   By:   /s/ Benjamin Rozwood
                                                             BENJAMIN ROZWOOD
                                                 Counsel for Phoenix Lake Partners, L.P.