# ENTWISTLE & CAPPUCCI

Entwistle & Cappucci LLP
280 Park Avenue
26th Floor West
New York, NY 10017

(212) 894-7200 Main
(212) 894-7272 Fax
www.entwistle-law.com

August 4, 2011

**VIA HAND DELIVERY**

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *In re Tremont Securities Law, State Law and Insurance Litigation*,
Master File No. 08 Civ. 11117 (TPG)

Dear Judge Griesa:

## SETTLEMENT WITH THE MADOFF TRUSTEE

We are pleased to report that the negotiations with the Madoff Trustee, Irving Picard, Esq., have been successfully concluded. The cooperative efforts between Plaintiff's State and Securities counsel on the one hand and counsel for Tremont, Oppenheimer and Mass Mutual on the other have resulted in the creation of a substantial benefit for investors in the Settling Funds.

We began working with Defendants' counsel regarding the Trustee proceedings during discussions leading up to the partial Settlement presently before the Court. In this regard, we worked through various bankruptcy issues and laid out our views for the parameters of any settlement with the Trustee: (1) assure the partial class and derivative Settlement before this Court would not be attached by the Trustee; (2) assure the protection of non-Madoff Tremont assets from claims by the Trustee; (3) preserve/maximize the Recognized Claims made by the Rye Funds in the consolidated BLMIS/SIPA proceedings ("Recognized Claims"); (4) negotiate the lowest possible payment on the Madoff Trustee's $2.1 billion preference and fraudulent

Hon. Thomas P. Griesa
August 4, 2011
Page 2

conveyance claims; and (5) assure that any amount paid to the Trustee be credited to the Rye Funds' Recognized Claims. I am pleased to report that each of these goals was achieved.

First, no portion of the Settlement Fund and no non-Madoff assets of any Tremont Funds were impaired by the Trustee Settlement. Second, Defendants ultimately agreed to assure the preservation of the Settling Funds' Recognized Claims by permitting the Funds to borrow the approximately $657 million needed to bridge the gap between the assets remaining in the Settling Funds and the $1 billion ultimately needed to settle the Trustees' $2.1 billion preference and fraudulent conveyance claims. If this creative funding had not been done, the failure to pay the Trustees' claims could have caused the Rye Funds' Recognized Claims to be reduced to zero. Third, the Trustee ultimately agreed that $800 million of the $1 billion Tremont settlement payment would be added to the Rye Funds' claims and that those claims would be recognized in their entirety with the result that the Recognized Claim in the bankruptcy/SIPA proceedings is now $2,986,177,715.00.

Of course, we still have a lot of work left to do in assuring the Fund Distribution Account receives as much out of the Funds' claims as possible. In this regard, we are advised the Trustee has collected assets to fund more than 60 % of the claims. Assuming the 60% to be accurate, it is likely that a benefit of more than $1 billion will flow through the Fund Distribution Account after we repay the lender the approximately $657 million borrowed to fund the settlement with the Trustee.

At the moment, we anticipate several partial payments by the Trustee over time which will be allocated internally and then distributed following resolution of any outstanding claims as provided for in the Fund Distribution Plan of Allocation and the interests of fairness and equity.

## OTHER HEARING RELATED ISSUES

### A.   Supplemental Notice

Pursuant to the Court's direction, a Supplemental Notice was sent on June 29, 2011 using the same lists as the original Notice (see Affidavit of Jose C. Fraga Regarding the Mailing of the Supplemental Notice, Notice, and Proofs of Claim, attached as Exhibit "A").

EC.45989.4

Hon. Thomas P. Griesa
August 4, 2011
Page 3

### B. Supplemental Objections

Supplemental objections were received from four objectors: (1) Philadelphia Financial Life Assurance Company, formerly known as AGL Life Assurance Company ("Philadelphia Life"), filed an objection responding to the Court's request at the last hearing for additional information (to which Tremont has also responded) [the Philadelphia Life Objection makes it clear that Philadelphia Life (not its policyholders) is the owner of the account and that it is a net winner and, therefore, not a Class Member]; (2) John Hancock Life Insurance Co. filed an objection based on a misunderstanding of the mechanics of the Fund Distribution Account (which misunderstanding has been clarified in our brief in response thereto); (3) the Haines Objectors filed yet two more sets of objections -- the first focused on swap transactions they did not participate in and the second (and untimely) objection focused on contrived speculation regarding the allocation of payments to be received from the Trustee; and (4) Lakeview also filed two untimely objections -- the first reiterating, again incorrectly, that the named Plaintiffs do not have standing with respect to the XL Fund and the second, in the thinly veiled guise of a motion to intervene by Rozwood client Phoenix, rehashing arguments rejected by the Court at the last hearing. For the reasons stated in the current and prior responses, each of these Supplemental Objections should be overruled.

We have modified the Chart of Objections to include the supplemental objections by Haines, Philadelphia Life, John Hancock and Lakeview/Phoenix (attached as Exhibit "B").

The Status of the Objections may now be summarized as follows:

- *Withdrawn Objections*: The first 6 objections referenced in the Chart -- the Annuity Carriers, Bankers Trust Co., New Jersey Carpenters Funds, all Swap Counterparties (HSBC, ABN AMRO and RBS), the Accounting Objectors, and the Gallatin Objectors -- have all been withdrawn (with the exception of John Hancock's Supplemental Objection (chart number 13)).

- *Non-Class Member Objections*: Chart numbers 7 and 8 -- the Insurance Trust Objectors and Philadelphia Life -- relate to objections filed by entities or individuals who, by definition, are not members of the Settlement Class and, thus, have no standing to object. Philadelphia Life's supplemental objection does not change these basic facts.

EC.45989.4

Hon. Thomas P. Griesa
August 4, 2011
Page 4

- *Objectors Who Have Also Sought Exclusion from the Settlement*: Chart numbers 9-13 -- the Lakeview Objectors, the FutureSelect Objectors, the Spectrum Objectors, and the Meridian Objectors,[1] and John Hancock have all sought to exclude themselves from the Settlement and, thus, they have no standing to object to any matter related to the partial Settlement other than the Fund Distribution Plan of Allocation. The effort by these objectors to restructure the Settlement to move money from the Settlement Fund to the Fund Distribution Account is, by its nature, an objection to the Settlement by objectors whose exclusion limits their standing to make such an objection.

- *Deficient Objections*: Chart numbers 14-16 -- the Haines Objectors and the Orloff Objector -- are deficient because they fail, among other things, to comply with this Court's April 15, 2011 Order directing Notice and accordingly such objections are properly deemed waived. The Haines Objectors also lack standing to raise objections to the Swap Transactions because they themselves were not involved in any transactions with the Swap Counterparties. In addition, the Haines Objectors do not have standing to object to any aspect of the Insurance Settlement or fee request because they are not members of the Insurance Sub-class. The Haines second supplemental objection and the Lakeview/Phoenix Objectors' Supplemental Objections are all deficient because they are untimely.

While every lawyer may not have been heard from at the last hearing, most if not all of the overlapping issues raised in the objections were discussed with the Court as reflected in the transcript.

### C. Proposed Orders and Final Judgments

Attached hereto are final Proposed Orders and Final Judgments regarding (1) Final Approval of the Settlement (attached as Exhibit "C"); (2) approval of the Plans of Allocation (attached as Exhibit "D"); (3) approval of the Plaintiffs' State and Securities Law Counsel's Fees, Expenses and Awards to State and Securities Law Representatives and Lead Plaintiffs (attached as Exhibit "E"); and (4) Insurance Class Counsel's Motion for Award of Attorneys' Fees, Expenses and Insurance Class Plaintiff Awards (attached as Exhibit "F").[2]

---

[1] Exclusions were requested for five of the Meridian funds (Meridian Diversified Fund LP; Meridian Diversified Fund Ltd.; Meridian Diversified ERISA Fund Ltd.; Meridian Diversified Compass Fund, Ltd.; and Meridian Absolute Return ERISA Fund Ltd.). The remaining two funds (Meridian Horizon Fund LP and Meridian Horizon Fund II LP) are not part of the Class according to their counsel.

[2] Four separate motions are before the Court:

EC.45989.4

### D. Court Requests

At the conclusion of the Hearing, Your Honor made two requests. First, that Philadelphia Life and Tremont provide supplemental information regarding the Philadelphia Life investment. As noted above, this was done by Philadelphia Life in the form of a supplemental objection and by Tremont in the form of a response -- all making clear that Philadelphia Life owned the investment (not its policyholders) and that, in any event, Philadelphia Life was a "net winner" and is, thus, not a member of the Class.

Second, Your Honor asked for additional information on the exclusions from the Settlement. Attached hereto as Exhibit "G" is a Summary Chart of the Exclusions. [The full list of Exclusions is attached to the Final Approval Order (see Exhibit "C," tab 1, attached hereto)]. The Summary Chart is in two columns: the first column reflects all exclusions received and the second column reflects eligible Class Members only. As Your Honor will quickly see, of the 175 eligible exclusions: 137 are members of a group assembled by the Ross and Orenstein Law Firm; and most of the remaining groups -- including the Rozwood, Meridian, and FutureSelect Groups are already engaged in other litigation (though the FutureSelect case was recently dismissed by a District Court in Washington). In any event, the Defendants have struck the bargain of this Settlement, believing, as borne out by the recent FutureSelect dismissal, that they can prevail in litigation if these opt-out claims are pursued. Simply stated, the opinion of a few groups of lawyers to opt-out their clients should not impact this Settlement.

---

- Settling Class Plaintiffs' Motion for Final Approval of Partial Settlement, Class Certification and Derivative Findings;
- Settling Class Plaintiffs' Motion for Approval of Plans of Allocation;
- Plaintiffs' State and Securities Law Class Counsels' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Awards to State and Securities Plaintiffs; and
- Insurance Class Counsels' Motion for an Award of Attorneys' Fees and Expenses and Insurance Class Plaintiffs' Incentive Awards.

Each of the four motions seeks the entry of a separate Order and Final Judgment. Copies of the Orders and Final Judgments were previously submitted to the Court and later placed on the Settlement Website. However, the Trustee Settlement necessitated certain minor additions and clarifications to the Orders which, together with the correction of a few typos and related language are now reflected in the final Proposed Orders and Final Judgments attached hereto.

EC.45989.4

Hon. Thomas P. Griesa
August 4, 2011
Page 6

## CONCLUSION

We appreciate all of Your Honor's time and effort and that of your Law Clerks and Staff in working to bring this difficult and complex matter to conclusion. Please let me know if there is anything else we can provide that will be of assistance in resolving the pending motions.

Respectfully submitted,

**ENTWISTLE & CAPPUCCI LLP**

Andrew J. Entwistle

**HAGENS BERMAN SOBOL & SHAPIRO LLP**
Reed S. Kathrein

**BERNSTEIN LIEBHARD LLP**
Jeffrey M. Haber

*State and Securities Law Counsel*

AJE/aa

cc: Defense Counsel and Counsel for Objectors

EC.45989.4