

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | : : : : | MASTER FILE NO.: 08 CIV. 11117 (TPG) |
| This Document Relates To: | : : | |
| All Actions | : : : : | |

~~[PROPOSED]~~ FINAL JUDGMENT AND
ORDER OF DISMISSAL WITH PREJUDICE
<u>REGARDING SETTLEMENT AND RULES 23 AND 23.1</u>



EC.44989.9

This matter came before the Court for a hearing which was held on June 1, 2011 and August 8, 2011, pursuant to the Order of this Court entered on April 5, 2011, on the application of the Settling Parties for: (i) final approval of the proposed partial settlement ("Settlement") of the above-captioned consolidated actions (collectively, the "Actions"); (ii) certification of the Settlement Class, described as three subclasses, the State Law Subclass, Securities Subclass and Insurance Subclass and Insurance Subclass, for settlement purposes only, with Settling Class Plaintiffs as representatives of their respective subclasses and Plaintiffs' Settlement Class Counsel as class counsel for the respective actions in which they currently serve as lead counsel; (iii) determination that the provisions of Rule 23.1, Fed. R. Civ. P., have been satisfied and that the derivative claims have been properly maintained; (iv) determination that the State Law Plaintiffs have standing to prosecute the derivative claims and are adequate representatives pursuant to Rule 23.1; and (v) determination that the form, method and content of notice satisfies due process, the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995.

The moving parties further seek the Court's determination as to whether Judgment should be entered, dismissing the Actions on the merits and with prejudice, and whether the release of the Released Claims as against the Released Parties, as set forth in the Stipulation, should be ordered.

The Court has received affidavits and declarations attesting to the mailing, and personal delivery, of the Notice and Supplemental Notice and publication of the Summary Notice in accordance with the Preliminary Approval Order. Due and adequate notice having been given to the Settlement Class and present limited partners and/or shareholders of the Settling Funds as

required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in the Actions and otherwise being fully informed of the matters herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of the Actions, including the terms and conditions of the Stipulation and all exhibits thereto, and over all Settling Parties to the Actions and all Settlement Class Members.

2.      Unless otherwise defined herein, all capitalized terms used herein have the meanings set forth and defined in the Stipulation.

3.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for settlement purposes only, the Settlement Class consisting of the following subclasses:

a.      for the consolidated *State Law Actions*, all Persons other than the Settling Defendants who were holders of limited partnership interests in or shares of the Rye Funds (other than Rye Select Broad Market Insurance Portfolio LDC, except with respect to INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.) or the Tremont Funds as of December 11, 2008, and who sustained net losses thereby (the "State Law Subclass");

2

b.      for the consolidated *Securities Actions*, all Persons other than the Settling Defendants who purchased limited partnership interests in or shares of the Rye Funds (other than Rye Select Broad Market Insurance Portfolio LDC, except with respect to INTAC Independent Technical Analysis Centre Ltd., LifeInvest Opportunity Fund, LDC, Scottish Annuity Company (Cayman) Limited, The Scottish Annuity and Life Insurance Company (Bermuda) Ltd. and The Scottish Annuity Life Insurance Co. (Cayman) Ltd.) or the Tremont Funds between December 11, 2003 through and including December 11, 2008 for claims arising under the Exchange Act, and between May 10, 1994 through and including December 11, 2008 for claims arising under common law and state law and who sustained net losses thereby (the "Securities Subclass"); and

c.      for the consolidated *Insurance Actions*, all Persons, other than Settling Defendants, who purchased or otherwise acquired VUL Policies or DVA Policies (collectively, the "Policies") issued by Argus International during the Insurance Period (May 10, 1994 - December 11, 2008) to the extent those policies were invested in Rye Select Broad Market Insurance Portfolio LDC and Rye Select Broad Market XL Portfolio Limited, including any and all past, present, and future heirs, executors, administrators, successors and assigns, policy holders, policy owners, policy beneficiaries, parties responsible for payment of policy premiums, trusts, trustees, insured, and/or any other party with any direct or interest in the Policies during the Insurance Period and who sustained net losses thereby, but excluding the Individual Settling Insurance Plaintiffs (the "Insurance Subclass");

d.      Excluded from the Settlement Class and subclasses are the Settling Defendants, the current and former officers and directors of the Settling Defendants, and the

3

Individual Settling Defendants' spouses and dependent children or their successors and legal representatives.[1] Also excluded from the Settlement Class and subclasses are those Persons who timely and validly requested exclusion from the Settlement Class in accordance with the requirements set forth in the Notice, listed on Exhibit 1 attached hereto.

4.      With respect to the State Law Actions, the Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the members of the State Law Subclass are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the State Law Subclass; (c) State Law Plaintiffs' claims are typical of the claims of the State Law Subclass that they seek to represent; (d) State Law Plaintiffs and Settlement Class Representatives will fairly and adequately represent the interests of the State Law Subclass; (e) the questions of law and fact common to the members of the State Law Subclass predominate over any questions affecting only individual members of the State Law Subclass; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      With respect to the Securities Actions, the Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the members of the Securities Subclass are so numerous that joinder of all members thereof is impracticable; (b) there are

---

[1]   Additionally, Argus International Life Bermuda Limited is excluded from the State Law and Securities Subclasses to the extent it was a purchaser of, and/or a shareholder or limited partner in, the Rye Funds or the Tremont Funds.

4

questions of law and fact common to the Securities Subclass; (c) the claims of the Lead Plaintiffs

are typical of the claims of the Securities Subclass that they seek to represent; (d) the Lead

Plaintiffs will fairly and adequately represent the interests of the Securities Subclass; (e) the

questions of law and fact common to the members of the Securities Subclass predominate over

any questions affecting only individual members of the Securities Subclass; and (f) a class action

is superior to other available methods for the fair and efficient adjudication of the controversy.

      6.      With respect to the Insurance Actions, the Court finds, for the purposes of the

Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the

Federal Rules of Civil Procedure have been satisfied in that:  (a) the members of the Insurance

Subclass are so numerous that joinder of all members thereof is impracticable; (b) there are

questions of law and fact common to the Insurance Subclass; (c) Insurance Class Plaintiffs'

claims are typical of the claims of the Insurance Subclass that they seek to represent; (d)

Insurance Class Plaintiffs will fairly and adequately represent the interests of the Insurance

Subclass; (e) the questions of law and fact common to the members of the Insurance Subclass

predominate over any questions affecting only individual members of the Insurance Subclass;

and (f) a class action is superior to other available methods for the fair and efficient adjudication

of the controversy.

      7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

of the Settlement only, Arthur E. Lange Revocable Trust, Arthur C. Lange, Neal J. Polan, HFM

Charitable Remainder Trust, Eastham Capital Appreciation Fund LP, and NPV Positive Corp.

are certified as Class Representatives for the State Law Actions, and the law firms of Entwistle

& Cappucci LLP and Hagens Berman Sobol Shapiro LLP are appointed Class Counsel for the

State Law Subclass; Arthur M. Brainson (on behalf of the Arthur M. Brainson IRA R/O), Yvette

Finkelstein and Group Defined Pension Plan & Trust are certified as Class Representatives for

the Securities Subclass, and the law firm of Bernstein Liebhard LLP is appointed Class Counsel

for the Securities Subclass; and Chateau Fiduciaire, S.A., as Trustee of the Map Trust, The

Geoffrey Rabie Credit Shelter Trust, the Joanne Brenda Rabie Credit Shelter Trust, the Harriet

Rutter Klein Revocable Trust, and the Matthew L. Klein Irrevocable Family Trust are certified as

Class Representatives for the Insurance Subclass, and the law firms of Wolf Haldenstein Adler

Freeman & Herz LLP and Robbins Geller Rudman and Dowd LLP (formerly, Coughlin Stoia

Geller Rudman & Robbins LLP) are appointed Class Counsel for the Insurance Subclass.

8.      The Court finds that Eastham Capital Appreciation Fund LP, NPV Positive Corp.,

Daniel Jackson, Laborers Local Pension Plan 17, Arthur E. Lange Revocable Trust, Arthur C.

Lange, Neal J. Polan, and HFM Charitable Remainder Trust -- together with the Liquidators and

other Settlement Class Representatives certified by this Final Judgment and Order -- have

standing to prosecute and settle the derivative claims asserted in the State Law Actions and are

adequate representatives of all limited partners and/or shareholders in the Settling Funds.

9.      The Court finds that the provisions of Rule 23.1 of the Federal Rules of Civil

Procedure have been satisfied and the derivative claims asserted in the State Law Actions have

been properly maintained according to the provisions of Rule 23.1 of the Federal Rules of Civil

Procedure.

6

10.     Pursuant to Rule 23 and Rule 23.1 of the Federal Rules of Civil Procedure, the Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class and the Settling Funds, respectively. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

11.     The Court finds that the distribution of the Notice and Supplemental Notice and the publication of the Summary Notice, and the notice methodology, were all implemented in accordance with the terms of the Stipulation, the Court's Order Directing Notice and Setting Final Fairness Hearing, and Order directing service of the Supplemental Notice:

a.     constituted the best practicable notice to Settlement Class Members and current limited partners and/or shareholders of the Settling Funds under the circumstances of the Actions;

b.     was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of the Actions; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement (including the Plans of Allocation, the request for attorneys' fees, and the request for reimbursement of expenses); (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in the Actions, whether favorable or  unfavorable, on all persons who are not excluded from the Settlement Class;

7

    c. was reasonably calculated, under the circumstances, to apprise current limited partners and/or shareholders of the Settling Funds of: (i) the proposed Settlement of the Actions; (ii) their right to object to any aspect of the proposed Settlement (including the Plans of Allocation, the request for attorneys' fees, and the request for reimbursement of expenses); and (iii) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class;

    d. was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

    e. fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d) and Rule 23.1), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of the Court, and any other applicable law.

  12. Pursuant to Rule 23 and Rule 23.1 of the Federal Rules of Civil Procedure, this Court finds that the terms and provisions of the Stipulation were entered into by the Settling Parties at arm's length, without collusion, and in good faith, and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Settling Parties and the Members of the Settlement Class. The Settling Parties and their counsel are hereby directed to implement and consummate the Settlement in accordance with its terms and conditions.

  13. The Actions and all Released Claims and Settling Defendants' Claims are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

8

14.     In accordance with Paragraph 1.55 of the Stipulation, for purposes of this

Judgment, the term "Settling Defendants" shall mean (i) MassMutual Holding Trust I,

Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer

Acquisition Corporation, OppenheimerFunds, Inc., Tremont Group Holdings, Inc., Tremont

Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management Inc., Rye Investment

Management (collectively, the "Corporate Settling Defendants"), along with the Corporate

Settling Defendants' present and former parents, subsidiaries, divisions, affiliates, attorneys,

accountants, insurers, predecessors and successors and all of the Corporate Settling Defendants'

current and former members, officers, directors, principals, shareholders, limited and general

partners, employees and agents of the Corporate Settling Defendants, in each instance only in

their capacity as such, (ii) the Settling Funds, along with the Settling Funds' trustees, directors,

administrators, general partners, employees, attorneys and agents, and each and all of the heirs,

executors, administrators, spouses, assigns and/or bankruptcy estates of such persons, in each

instance only in their capacity as such, (iii) any entity in which any of the Corporate Settling

Defendants has or had a controlling interest or which is or was related to or affiliated with any of

the Corporate Settling Defendants, and (iv) Harry Hodges, James Mitchell, John V. Murphy,

Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra

Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia J. Nicoll (the

"Individual Settling Defendants"), but excluding the Non-Settling Defendants in the Actions and

Madoff or any company owned or controlled by him.  The term "agent" as used in this definition

shall not include any feeder fund or sub-feeder fund or any Swap Counterparty or any other

9

entity that is not owned or controlled by any of the Defendants identified in this paragraph and

Paragraph 1.55 of the Stipulation.

15.     In accordance with Paragraph 1.47 of the Stipulation, for purposes of this Final

Judgment, the term "Released Claims" shall mean: any and all direct, indirect and/or derivative

claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not

limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any

other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or

common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule

or regulation, whether fixed or contingent, accrued or not accrued, liquidated or unliquidated, at

law or in equity, matured or unmatured, whether class or individual in nature, including both

known claims and Unknown Claims (as defined in Paragraph 1.66 of the Stipulation), that have

been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by

the Settling Funds (the "Fund Released Claims"), that could have been asserted in any forum by

Plaintiffs, any Settlement Class Member, any Settling Fund, or any Individual Settling Insurance

Plaintiff or any of them against any of the Released Parties that arise out of, or are based upon, or

related to, the allegations, transactions, facts, matters, or occurrences, representations or

omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that relate

to the purchase, retention, ownership or sale of limited partnership interests in or shares of the

Settling Funds or the Settling Funds' investments in Madoff.  Released claims do not include

Argus' claims in the Bermuda action and do not include any of the Assigned Claims described in

10

Paragraph 2.17 of the Stipulation or assignable claims as described in Paragraph 4 of the Final Order and Judgment Approving the Plans of Allocation.

16.     In accordance with Paragraph 1.56 of the Stipulation, for purposes of this Final Judgment, the term "Settling Defendants' Claims" shall mean: any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Actions or any forum by the Settling Defendants or any of them or the successors and assigns of any of them against any of the Settling Plaintiffs, other Settlement Class Members, the Settling Funds, or any attorney representing any Settling Plaintiff, in each instance only in their capacity as such, which arise out of or relate in any way to the institution, prosecution, or settlement of the Actions (except for claims to enforce the Settlement).

17.     In accordance with Paragraph 1.66 of the Stipulation, for purposes of this Final Judgment, the term "Unknown Claims" shall mean:  any Released Claim that any Settling Plaintiff, Settlement Class Member, Settling Fund, or any current or former owner of limited partnership interests in or shares of the Settling Funds does not know or suspect to exist in his, her, its or a Settling Fund's favor at the time of the release of the Settling Defendants that if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendants, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the Settling Parties have stipulated and agreed that, upon the Effective Date,

11

the Settling Plaintiffs shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Plaintiffs have also stipulated and agreed that they will expressly waive, and each of the Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The Settling Plaintiffs, Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff and the Settling Funds shall

12

expressly have, and each Settlement Class Member and current or former owner of limited

partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling

Funds) shall be deemed to have and by operation of this Final Judgment shall have, fully,

finally, and forever settled and released any and all Released Claims, known or unknown,

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

that now exist, or heretofore have existed upon any theory of law or equity now existing or

coming into existence in the future, including, but not limited to, conduct that is negligent,

reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard

to the subsequent discovery or existence of such different or additional facts.

18.     Plaintiffs, the Settling Funds and every Member of the Settlement Class, on behalf

of themselves, their successors and assigns, and any other Person claiming (now or in the future)

through or on behalf of them, regardless of whether any such Releasing Party ever seeks or

obtains by any means, including, without limitation, by submitting a Proof of Claim and Release,

any distribution from the Net Settlement Fund and the Net Insurance Settlement Fund, shall be

deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

relinquished, and discharged all Released Claims against the Settling Defendants and shall have

covenanted not to sue the Settling Defendants with respect to all such Released Claims, and shall

be permanently barred and enjoined from instituting, commencing, or continuing to maintain any

such Released Claim against the Settling Defendants.

19.     Each of the Settling Defendants on behalf of themselves, their heirs, executors,

administrators, predecessors, successors and assigns, and their affiliates as set forth in Paragraph

13

1.55, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settling Plaintiffs, Settlement Class Members, Plaintiffs' Settlement Counsel, and the named plaintiffs and their counsel in the Actions, in each instance only in their capacity as such, from all Settling Defendants' claims and shall forever be enjoined from prosecuting the Settling Defendants' Claims against the Settling Plaintiffs, Settlement Class Members, Plaintiffs' Settlement Counsel, and the named plaintiffs and their counsel in the Actions, in each instance only in their capacity as such.

20.     All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Final Judgment (except with respect to the Fund Released Claims), and may not make any claim with respect to or receive any benefit from the Settlement, except to the extent they are entitled under the Stipulation to a distribution from the Fund Distribution Account.  Such excluded Persons shall be permanently barred and enjoined from instituting, commencing or continuing to maintain any Released Claims on behalf of those entities or individuals who are bound by this Final Judgment, including without limitation, any Released Claims that were, could have been, or could be asserted by or on behalf of the Settling Funds in the Actions or any other action or proceeding.

21.     The Court finds that all parties to the Actions and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

22.     Neither this Final Judgment, the Stipulation, nor any of the negotiations, documents, proceedings, and acts performed in connection with them shall be:

14

a.      offered or received against the Settling Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants with respect to the truth of any fact alleged by any of the Settling Plaintiffs or the validity of any claim that has been or could have been asserted in the Actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

b.      offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statements or written document approved or made by any Settling Defendant;

c.      offered or received against the Settling Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to or for any other reason as against any of the Settling Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court,  the Settling Defendants may refer to it to effectuate the liability protection granted them hereunder including to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

15

EC.44989.9

     d.    construed against the Settling Defendants or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

     e.    construed as, or received in evidence as, an admission, concession or presumption against the Settling Plaintiffs or the Settlement Class that any of their claims are without merit or that damages recoverable under any of the complaints filed in the Actions would not have exceeded the Gross Settlement Fund and the Insurance Gross Settlement Fund; or

     f.    shall not, in the event the Settlement does not become Final, be used by any of the Settling Parties for any purpose in any trial in the Actions.

23.    Notwithstanding the provisions of paragraph 22 above, the Stipulation and the terms of the Settlement may be offered or received into any action or proceeding: (i) arising under the Stipulation or arising out of this Final Judgment, (ii) where the releases provided pursuant to the Stipulation may serve as a bar to recovery, (iii) to determine the availability, scope, or extent of insurance coverage (including the pending Fidelity Bond Litigation) for the sums expended for the Settlement and defense of the Actions; or (iv) to determine the availability of indemnification, contribution, or advancement of fees and expenses, and the rights or obligations of the Settling Defendants, with respect to the Assigned Claims.

24.    This Final Judgment shall not be construed or used as a presumption, concession, or admission by or against the Settling Defendants of any fault, wrongdoing, breach or liability.

16

25. To the extent permitted by applicable law, all Persons, including without limitation the Non-Settling Defendants in the Actions and any other Persons later named as defendants in the Actions, shall be permanently enjoined, barred and restrained from commencing, prosecuting or asserting any claims or actions for contribution, indemnity or otherwise against the Settling Defendants seeking, as damages or otherwise, the recovery of all or any part of any liability, judgment or settlement which they pay, have paid, or are obligated to pay or agree to pay to the Settlement Class or the Settling Funds, as a result of such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Actions (whether under the Securities Act of 1933 or the Securities Exchange Act of 1934, state law, foreign law or otherwise) as claims, cross-claims, counterclaims, third-party claims or otherwise, whether asserted in the Actions in this Court or in any federal or state court or any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere. To the extent permitted by applicable law, all Persons, including without limitation the Settling Defendants in the Actions, shall be permanently enjoined, barred and restrained from commencing, prosecuting or asserting any claims or actions for contribution, indemnity or otherwise against the Non-Settling Defendants seeking, as damages or otherwise, the recovery of all or any part of any liability, judgment or settlement which they pay, have paid, or are obligated to pay or agree to pay to the Settlement Class or the Settling Funds, as a result of such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Actions (whether under the Securities Act of 1933 or the Securities Exchange Act of 1934, state law, foreign law or otherwise) as claims, cross-claims, counterclaims, third-party claims or

17

otherwise, whether asserted in the Actions in this Court or in any federal or state court or any other court, arbitration proceeding, administrative agency or other forum in the United States or elsewhere, except that nothing in this provision will act as a bar to any Assigned Claims or claims that may be assigned by the Settling Defendants or Settling Funds to the Settlement Class other than claims for contribution, indemnity or otherwise that seek the recovery of all or any part of any liability, judgment or settlement which the Settling Defendants pay, have paid, or are obligated to pay or agree to pay to the Settlement Class or Settling Funds pursuant to this Partial Settlement.

26.     City National Bank shall continue to act as the depository institution holding the Settlement Fund (and it will similarly hold the Fund Distribution Account when funded) in an Investment Management / Qualified Settlement Account invested in the manner provided in the Stipulation.  Accounting-related functions for the Settlement Fund and the Fund Distribution accounts, including but not limited to the filing of tax returns and such services as may be required from time to time for the administration of the Funds through the Notice and Claims Administrator, will be provided by the accounting firm of Citrin Cooperman & Company, LLC at the direction of Plaintiffs' State and Securities Settlement Class Counsel.

27.     Any final verdict or judgment that may be obtained by one or more of the Settling Plaintiffs or one or more members of the Settlement Class, bound by a final judgment approving this Stipulation, against the Non-Settling Defendants in the Actions shall be reduced, to the extent permitted by applicable law, by the amount of the consideration paid by the Settling

18

Defendants pursuant to this Stipulation, or the amount that corresponds to the percentage of responsibility of the Settling Defendants, whichever is greater.

28.     The Released Parties may file the Stipulation and/or this Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

29.     A separate order shall be entered to approve the application by Plaintiffs' State and Securities Law Settlement Class Counsel and Plaintiffs' Insurance Settlement Class Counsel, for approval of the Plans of Allocation.  The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the applications for an award of attorneys' fees and reimbursement of expenses.

30.     A separate order shall be entered to approve the applications by Plaintiffs' State and Securities Law Settlement Class Counsel and Plaintiffs' Insurance Settlement Class Counsel, respectively, for attorneys' fees and reimbursement of costs and expenses as allowed by the Court.  The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the applications for an award of attorneys' fees and reimbursement of expenses.

31.     Exclusive jurisdiction is hereby retained over the Settling Parties and the Members of the Settlement Class for all matters relating to the Actions, including (i) the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment,

19

(ii) disbursement of the Net Settlement Fund, Net Insurance Settlement Fund, and Fund

Distribution Account, and (iii) any application for fees and expenses incurred in connection with

administering and disbursing the settlement proceeds to the Settlement Class Members and the

Fund Distribution Account to current limited partners and/or shareholders of the Settling Funds.

32.     Without further order of the Court, the Settling Parties may agree to reasonable

extensions of time to carry out any of the provisions of the Stipulation.

33.     In the event that the Settlement does not become effective in accordance with the

terms of the Stipulation, then this Judgment shall be rendered null and void to the extent

provided by and in accordance with the Stipulation and shall be vacated and, in such event, all

orders entered, including those certifying a settlement class, and releases delivered in connection

herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

34.     The provisions of this Judgment constitute a full and complete adjudication of the

matter considered and adjudged herein.  There is no just reason for delay in the entry of this

Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b)

of the Federal Rules of Civil Procedure.

35.     The moving and reply papers reflect a variety of factors that support entry of a

final judgment pursuant to 54(b).  The Court is entering a separate final judgment regarding the

fees and expenses and plans of allocation.

36.     Any order or proceeding relating to the Fee and Expense Application or the

Insurance Fee and Expense Application, or any appeal from any Fee and Expense Award or any

other order relating thereto or reversal or modification thereof, shall not operate to terminate or

20

cancel the Stipulation, or affect or delay the finality of the Judgment and the Settlement of the Actions as set forth herein.

37.     In light of all the relevant circumstances, and in light of the factors appearing from the moving and reply papers, the Court expressly finds and determines that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the Stipulation and separately with respect to this Judgment. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

38.     The Court also finds and declares, in accordance with the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), that: (i) the notice and hearing regarding the Settlement was fair, adequate, reasonable, and consistent with this Court's prior Notice Order; and (ii) the Settlement is fair, adequate and reasonable.

39.     The Court has considered the Objections made by various objectors and, to the extent not withdrawn, finds them to lack standing, be deficient and/or to otherwise be without merit and hereby determines that they are overruled.

SIGNED this 19th day of August, 2011

_____
Honorable Thomas P. Griesa
UNITED STATES DISTRICT JUDGE

21

EC.44989.9