UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | : | Master File No. 08 Civ. 11117(TPG) |
| This Document Relates to: | : | |
| ELENDOW FUND, LLC | : | 10 Civ. 9061 (TPG) |
| Plaintiff, | : | |
| - against - | : | **ANSWER AND AFFIRMATIVE DEFENSES** |
| RYE SELECT BROAD MARKET XL FUND, L.P., et al. | : | |
| Defendants. | : | |

Defendants Massachusetts Mutual Life Insurance Company and MassMutual Holding LLC ("MassMutual"),[1] by their attorneys, answer the complaint in this action (the "Complaint") as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

[1] MassMutual Holding LLC is incorrectly referred to as "MassMutual Holdings LLC" in the caption and body of the complaint.

4. Deny the allegations of Paragraph 4 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

5. Deny the allegations of Paragraph 5 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. Deny the allegations of Paragraph 8 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of that paragraph.

9. Deny the allegations of Paragraph 9 of the Complaint.

10. Deny the allegations of Paragraph 10 of the Complaint, except admit that this Court has subject matter jurisdiction over this action.

11. Deny the allegations of Paragraph 11 of the Complaint, except admit that venue is proper in this District.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Deny the allegations of Paragraph 13 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, fourth and fifth sentences of that paragraph.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15. Deny the allegations of Paragraph 15 of the Complaint, except admit the allegations of the first and fourth sentences of that paragraph.

16. Deny the allegations of Paragraph 16 of the Complaint, except admit the allegations of the second sentence of that paragraph.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, except admit the allegations of the first and second sentences of that paragraph.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20. No response is required to Paragraph 20 of the Complaint as that Paragraph does not state allegations against MassMutual or any other Defendant.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24. No response is required to Paragraph 24 of the Complaint as that paragraph does not state allegations against MassMutual or any other Defendant.

25. No response is required to Paragraph 25 of the Complaint as that paragraph does not state allegations against MassMutual or any other Defendant.

26. Deny the allegations of Paragraph 26 of the Complaint, except admit that Oppenheimer Acquisition Corp. is a Delaware Corporation that wholly owns Tremont Group Holdings, Inc. and OppenheimerFunds, Inc. and admit the allegations of the second and third sentences of the paragraph.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28. Admit the allegations of Paragraph 28 of the Complaint to the extent the allegations refer to MassMutual Holding LLC.

29. Deny the allegations of Paragraph 29 of the Complaint, except admit the allegations of the first, second and fourth sentences of that paragraph.

30. Deny the allegations of Paragraph 30 of the Complaint.

31. No response is required to Paragraph 31 of the Complaint as that paragraph does not state allegations against MassMutual or any other Defendant.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, except admit the allegations of the second and third sentences of that paragraph.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, except admit that MassMutual is not a resident of California.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint.

49. Deny the allegations of Paragraph 49 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

50. Deny the allegations of Paragraph 50 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

51. Deny the allegations of Paragraph 51 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint.

60. Deny the allegations of Paragraph 60 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

61. Deny the allegations of Paragraph 61 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

62. Deny the allegations of Paragraph 62 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint.

64. Deny the allegations of Paragraph 64 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Complaint.

69. To the extent Paragraph 69 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 69 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

70. To the extent Paragraph 70 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent

Paragraph 70 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81 of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint, except admit the allegations in the first and second sentences of that paragraph.

83. To the extent Paragraph 83 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 83 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint.

85. To the extent Paragraph 85 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 85 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

86. To the extent Paragraph 85 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 85 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

87. To the extent Paragraph 87 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 87 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

88. To the extent Paragraph 88 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 88 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

89. To the extent Paragraph 89 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 89 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

90. To the extent Paragraph 90 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 90 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

91. To the extent Paragraph 91 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 91 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

92. To the extent Paragraph 92 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 92 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

93. Deny the allegations of Paragraph 93 of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94 of the Complaint

95. Deny the allegations of Paragraph 95 of the Complaint to the extent those allegations are directed at MassMutual, except admit the allegations of the first sentence of that paragraph; and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

96. Deny knowledge or information to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint, except admit that Sandra Manzke and Robert Schulman entered into employment agreements with OppenheimerFunds, Inc. and that the employment agreements are the best evidence of their terms.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Complaint.

98. To the extent Paragraph 98 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 98 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

99. To the extent Paragraph 99 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 99 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

100. To the extent Paragraph 100 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 100 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

101. To the extent Paragraph 101 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 101 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Complaint, except admit the allegations of the first sentence of that paragraph.

103. To the extent Paragraph 101 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 101 contains any additional allegations, they are denied.

104. Deny the allegations of Paragraph 104 of the Complaint, except to the extent the second sentence purports to paraphrase documents, the documents are the best evidence of their content.

105. To the extent Paragraph 105 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 105 contains any additional allegations, they are denied.

106. To the extent Paragraph 106 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 106 contains any additional allegations, they are denied.

107. To the extent Paragraph 107 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 107 contains any additional allegations, they are denied.

108. To the extent Paragraph 108 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 108 contains any additional allegations, they are denied.

109. To the extent Paragraph 109 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 109 contains any additional allegations, they are denied.

110. To the extent Paragraph 110 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 110 contains any additional allegations, they are denied.

111. To the extent Paragraph 111 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 111 contains any additional allegations, they are denied.

112. To the extent Paragraph 112 of the Complaint purports to characterize statements made in a document, the document is the best evidence of its contents. To the extent Paragraph 112 contains any additional allegations, they are denied.

113. To the extent Paragraph 113 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 113 contains any additional allegations, they are denied.

114. To the extent Paragraph 114 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 114 contains any additional allegations, they are denied.

115. To the extent Paragraph 115 of the Complaint purports to quote from a document or documents, those documents are the best evidence of their contents. To the extent Paragraph 115 contains any additional allegations, they are denied.

116. Deny the allegations of Paragraph 116 of the Complaint.

117. Deny the allegations of Paragraph 117 of the Complaint.

118. Deny the allegations of Paragraph 118 of the Complaint.

119. Deny the allegations of Paragraph 119 of the Complaint.

120. Deny the allegations of Paragraph 120 of the Complaint.

121. Deny the allegations of Paragraph 121 of the Complaint.

122. Deny the allegations of Paragraph 122 of the Complaint, except admit that John V. Murphy was an Executive Vice President of MassMutual from 2001-2009.

123. Deny the allegations of Paragraph 123 of the Complaint.

124. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 of the Complaint.

125. Deny the allegations of Paragraph 125 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

126. Deny the allegations of Paragraph 126 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

127. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127 of the Complaint.

128. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128 of the Complaint.

129. Deny the allegations of Paragraph 129 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130 of the Complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the Complaint.

132. Admit the allegations of Paragraph 132 of the Complaint.

133. Paragraph 133 of the Complaint purports to characterize certain Generally Accepted Auditing Standards to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 133.

134. Paragraph 134 of the Complaint purports to characterize certain Generally Accepted Auditing Standards to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 134.

135. Paragraph 135 of the Complaint purports to characterize certain Generally Accepted Auditing Standards to which no response is required. To the extent a

response is required, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 135.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136 of the Complaint.

137. Paragraph 137 of the Complaint purports to characterize certain Generally Accepted Auditing Standards to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 137.

138. Paragraph 138 of the Complaint purports to characterize certain Generally Accepted Auditing Standards to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 138.

139. Paragraph 139 of the Complaint purports to characterize certain Generally Accepted Auditing Standards to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 139.

140. Paragraph 140 of the Complaint purports to characterize certain Generally Accepted Auditing Standards to which no response is required. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 140.

141. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141 of the Complaint.

142. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142 of the Complaint.

143. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143 of the Complaint.

144. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144 of the Complaint.

145. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 of the Complaint.

146. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 of the Complaint.

147. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 of the Complaint.

148. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148 of the Complaint.

149. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149 of the Complaint.

150. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 of the Complaint.

151. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151 of the Complaint.

152. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152 of the Complaint.

153. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153 of the Complaint.

154. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154 of the Complaint.

155. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155 of the Complaint.

156. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156 of the Complaint.

157. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157 of the Complaint.

**COUNT I**

158. In response to Paragraph 158 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

159. Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 159 of the Complaint.

160. Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 160 of the Complaint.

161. Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 161 of the Complaint.

162. Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 162 of the Complaint.

163. Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 163 of the Complaint.

**COUNT II**

164. In response to Paragraph 164 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

165. Deny the allegations of Paragraph 165 of the Complaint.

166. Deny the allegations of Paragraph 166 of the Complaint.

167. Deny the allegations of Paragraph 167 of the Complaint.

**COUNT III**

168. In response to Paragraph 168 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

169. Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 169 of the Complaint.

170. Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 170 of the Complaint.

171. Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 171 of the Complaint.

172. Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 172 of the Complaint.

173. Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 173 of the Complaint.

174. Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 174 of the Complaint.

175. Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 175 of the Complaint.

**COUNT IV**

176. In response to Paragraph 176 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

177. Count IV is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 177 of the Complaint.

178. Count IV is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 178 of the Complaint.

179. Count IV is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 179 of the Complaint.

180. Count IV is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 180 of the Complaint.

**COUNT V**

181. In response to Paragraph 181 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

182. Count V is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 182 of the Complaint.

183. Count V is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 183 of the Complaint.

184. Count V is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 184 of the Complaint.

185. Count V is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 185 of the Complaint.

**COUNT VI**

186. In response to Paragraph 186 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

187. Deny the allegations of Paragraph 187 of the Complaint.

188. Deny the allegations of Paragraph 188 of the Complaint.

**COUNT VII**

189. In response to Paragraph 189 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

190. Count VII is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 190 of the Complaint.

191. Count VII is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 191 of the Complaint.

192. Count VII is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 192 of the Complaint.

**COUNT VIII**

193. In response to Paragraph 193 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

194. Deny the allegations of Paragraph 194 of the Complaint.

195. Deny the allegations of Paragraph 195 of the Complaint.

196. Deny the allegations of Paragraph 196 of the Complaint.

197. Deny the allegations of Paragraph 197 of the Complaint.

**COUNT IX**

198. In response to Paragraph 198 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

199. Count IX is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 199 of the Complaint.

200. Count IX is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 200 of the Complaint.

201. Count IX is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 201 of the Complaint.

202. Count IX is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 202 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain one or more of the claims alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to conduct or was negligent in conducting due diligence on the Broad Market XL Fund, the Broad Market Fund and Madoff. It therefore is barred by the doctrine of comparative or contributory negligence from recovering all or part of the damages to which it claims entitlement in the event Defendants are found liable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, ratification or failure to use due care.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover damages because any damages or losses were caused by intervening and/or superseding events for which Defendants are not legally responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims are barred by the applicable statute of limitations.

**EIGTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the economic loss doctrine.

WHEREFORE, Defendants, Massachusetts Mutual Life Insurance Company and MassMutual Holding LLC, demand judgment against Plaintiff as follows:

(a) Dismissing the entire action with prejudice;

(b) Granting Defendants their reasonable costs, expenses and attorneys' fees; and

(c) Granting such other and further relief as this Court may deem just and proper.

DATED: October 25, 2011

Respectfully submitted,

BINGHAM McCUTCHEN LLP

/s/ Timothy J. Stephens
Kenneth I. Schacter
kenneth.schacter@bingham.com
Timothy J. Stephens
timothy.stephens@bingham.com
399 Park Avenue
New York, New York 10022
(212) 705-7000

Joseph L. Kociubes*
joseph.kociubes@bingham.com
Carol E. Head*

carol.head@bingham.com
One Federal Street
Boston, MA 02110
(617) 951-8000
*admitted pro hac vice in
No. 08 Civ. 11117(TPG)

*Attorneys for Defendants*
*Massachusetts Mutual Life Insurance Company and MassMutual Holding LLC*