UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

IN RE TREMONT SECURITIES LAW,
STATE LAW AND INSURANCE : Master File No. 08 Civ. 11117(TPG)
LITIGATION

:

This Document Relates to:

:

LAKEVIEW INVESTMENT, LP   11 Civ. 1851 (TPG)

:

                Plaintiff,
: **ANSWER AND**
    - against -   **AFFIRMATIVE DEFENSES**

:

ROBERT SCHULMAN, et al.

:

                Defendants.

:

------------------------------------- x

Defendants Massachusetts Mutual Life Insurance Company ("MassMutual"), by its attorneys, answers the complaint in this action (the "Complaint") as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

    2.    Deny the allegations of Paragraph 3 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

    3.    Deny the allegations of Paragraph 3 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

A/74566194.1

4. Deny the allegations of Paragraph 4 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

5. Deny the allegations of Paragraph 5 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, except admit that MassMutual has an agent for acceptance of service of process in California.

7. Deny the allegations of Paragraph 7 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

8. Deny the allegations of Paragraph 8 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, except admit that Tremont Partners, Inc. is the general partner of the Rye Select Broad Market XL Fund L.P. and the Rye Select Broad Market Fund L.P.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, except admit the allegations of the first sentence of that paragraph.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16.     Deny the allegations of Paragraph 16 of the Complaint, except admit the allegations of the fourth and fifth sentences of that paragraph and admit that MassMutual engages in business in California and has an agent for service of process in California.

17.     Deny the allegations of Paragraph 17 of the Complaint and respectfully refer the Court to the document referenced therein for the complete contents thereof.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

A/74566194.1

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.

26. No response is required to Paragraph 26 of the Complaint as that paragraph does not state allegations against MassMutual or any other Defendant.

27. Deny the allegations of Paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, except admit that MassMutual is subject to personal jurisdiction in California.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint refers to a document; that document is the best evidence of its contents. MassMutual admits that it is subject to personal jurisdiction in California. The remaining allegations in Paragraph 30 of the Complaint are irrelevant.

A/74566194.1

31. Paragraph 31 of the Complaint refers to a document; that document is the best evidence of its contents.

32. Deny the allegations of Paragraph 32 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of that paragraph.

33. Deny the allegations of Paragraph 33 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, except admit that MassMutual is not a resident of California.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36. Deny the allegations of Paragraph 36 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.

39. Deny the allegations of Paragraph 39 of the Complaint.

40. To the extent Paragraph 40 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 40 contains any additional allegations, they are denied.

41. Deny the allegations of Paragraph 41 of the Complaint.

42. To the extent Paragraph 42 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 42 contains any additional allegations, MassMutual denies knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

43. Deny the allegations of Paragraph 43 of the Complaint, except to admit that Oppenheimer Acquisition Corp. is a subsidiary of MassMutual and Tremont Group Holdings, Inc. is a subsidiary of Oppenheimer Acquisition Corp.

44. Deny the allegations of Paragraph 44 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

45. Deny the allegations of Paragraph 45 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

46. To the extent Paragraph 46 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 46 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

A/74566194.1

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint.

48. To the extent Paragraph 48 of the Complaint purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 48 contains any additional allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint.

50. Deny the allegations of Paragraph 50 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.

A/74566194.1

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Complaint.

63. Deny the allegations of Paragraph 63 of the Complaint, except admit the allegations of the first sentence of that paragraph and that Oppenheimer Acquisition Corp. acquired Tremont Group Holdings, Inc. for $145.3 million.

64. Deny the allegations of Paragraph 64 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

65. Deny the allegations of Paragraph 65 of the Complaint to the extent those allegations are directed at MassMutual; deny knowledge or information

A/74566194.1

sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint.

68. Deny the allegations of Paragraph 68 of the Complaint, except admit the allegations of the first sentence of that paragraph.

69. Deny the allegations of Paragraph 69 of the Complaint.

70. Deny the allegations of Paragraph 70 of the Complaint.

71. Deny the allegations of Paragraph 71 of the Complaint.

72. Deny the allegations of Paragraph 72 of the Complaint.

73. Deny the allegations of Paragraph 73 of the Complaint.

74. Deny the allegations of Paragraph 74 of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint.

77. Deny the allegations of Paragraph 77 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of that paragraph.

78. Deny the allegations of Paragraph 78 of the Complaint.

79. In response to Paragraph 79 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

80. The First Cause of Action is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 80 of the Complaint.

81. The First Cause of Action is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 81 of the Complaint.

82. The First Cause of Action is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 82 of the Complaint.

83. In response to Paragraph 83 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

84. The Second Cause of Action is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 84 of the Complaint.

85. The Second Cause of Action is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 85 of the Complaint.

A/74566194.1

86. The Second Cause of Action is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 86 of the Complaint.

87. The Second Cause of Action is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 87 of the Complaint.

88. The Second Cause of Action is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 88 of the Complaint.

89. The Second Cause of Action is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 89 of the Complaint.

90. In response to Paragraph 90 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

91. Deny the allegations of Paragraph 91 of the Complaint and state that they are conclusions of law to which no response is required.

92. Deny the allegations of Paragraph 92 of the Complaint and state that they are conclusions of law to which no response is required.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the Complaint.

94. Deny the allegations of Paragraph 94 of the Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Complaint.

96. Deny the allegations of Paragraph 96 of the Complaint.

97. In response to Paragraph 97 of the Complaint, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

98. Deny the allegations of Paragraph 98 of the Complaint and state that they are conclusions of law to which no response is required.

99. Deny the allegations of Paragraph 99 of the Complaint and state that they are conclusions of law to which no response is required.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Complaint.

101. Deny the allegations of Paragraph 101 of the Complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Complaint.

103. Deny the allegations of Paragraph 103 of the Complaint.

104. Deny the allegations of Paragraph 104 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against MassMutual.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain one or more of the claims alleged in the Complaint.

A/74566194.1

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to conduct or was negligent in conducting due diligence on the Broad Market XL Fund, the Broad Market Fund and Madoff. It therefore is barred by the doctrine of comparative or contributory negligence from recovering all or part of the damages to which it claims entitlement in the event Defendants are found liable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, ratification or failure to use due care.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover damages because any damages or losses were caused by intervening and/or superseding events for which MassMutual is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred by the applicable statute of limitations.

### EIGTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

A/74566194.1

WHEREFORE, Defendant, Massachusetts Mutual Life Insurance Company, demands judgment against Plaintiff as follows:

    (a)    Dismissing the entire action with prejudice;

    (b)    Granting Defendant its reasonable costs, expenses and attorneys' fees; and

    (c)    Granting such other and further relief as this Court may deem just and proper.

DATED: October 25, 2011

Respectfully submitted,

BINGHAM McCUTCHEN LLP

/s/ Timothy J. Stephens
Kenneth I. Schacter
kenneth.schacter@bingham.com
Timothy J. Stephens
timothy.stephens@bingham.com
399 Park Avenue
New York, New York 10022
(212) 705-7000

Joseph L. Kociubes*
joseph.kociubes@bingham.com
Carol E. Head*
carol.head@bingham.com
One Federal Street
Boston, MA 02110
(617) 951-8000
*admitted pro hac vice in
No. 08 Civ. 11117(TPG)

*Attorneys for Defendant Massachusetts Mutual Life Insurance Company*