UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE TREMONT SECURITIES LAW,
STATE LAW AND INSURANCE
LITIGATION

:   Master File No. 08 Civ. 11117(TPG)

:

This Document Relates to:

:

LAKEVIEW INVESTMENT, LP          :   11 Civ. 1851 (TPG)

:

                   Plaintiff,

:

      - against -                  :   **ANSWER AND
AFFIRMATIVE DEFENSES**

:

ROBERT SCHULMAN, et al.

:

                 Defendants.

:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendants Rye Select Broad Market XL Fund, L.P. (the "XL Fund") and

Rye Select Broad Market Fund, L.P. f/k/a American Masters Broad Market Fund L.P.

(the "Broad Market Fund") (collectively, the "Funds"), by their attorneys, Tannenbaum

Helpern Syracuse & Hirschtritt LLP, answer the complaint in this action (the

"Complaint") as follows:

       1.     The Funds deny knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

       2.     To the extent that the allegations contained in Paragraph 4 of the

Complaint are addressed to any defendants other than the Funds, the Funds respectfully

decline to answer and, in the alternative, deny knowledge or information sufficient to

form a belief as to the truth of the allegations set forth therein.  To the extent that any of

the allegations contained in Paragraph 4 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained in Paragraph 2 of the Complaint.

3.     The Funds deny the allegations contained in Paragraph 3 of the Complaint.

4.     To the extent that the allegations contained in Paragraph 4 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 4 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained in Paragraph 4, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences thereof.

5.     To the extent that the allegations contained in Paragraph 5 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 5 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

6.     To the extent that the allegations contained in Paragraph 6 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of

the allegations contained in Paragraph 6 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

7.     To the extent that the allegations contained in Paragraph 7 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 7 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

8.     To the extent that the allegations contained in Paragraph 8 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 8 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

9.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and respectfully refer this Court to the Complaint for its terms, content, context and meaning and an accurate account of the specific relief sought therein.

10.    The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.    The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, except admit that Tremont Partners, Inc. is the general partner of the Funds.

12.     The Funds deny the allegations contained in Paragraph 12 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of that Paragraph.

13.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     The Funds deny the allegations contained in Paragraph 14 of the Complaint, except admit that the Broad Market Fund is a Delaware limited partnership organized in May of 1994 and managed by Tremont Partners, Inc.

15.     The Funds deny the allegations contained in Paragraph 15 of the Complaint, except admit that the XL Fund is a Delaware limited partnership organized in July of 2006 and managed by Tremont Partners, Inc.

16.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and respectfully refer this Court to the Tremont Partners' Uniform Application for Investment Advisors Registration filed with the SEC for its terms, content, context and meaning.

18.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and respectfully refer this Court to the PPMs referenced therein for their terms, content, context and meaning.

19.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and respectfully refer this Court to the PPMs referenced therein for their terms, content, context and meaning.

24.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and respectfully refer this Court to the PPMs referenced therein for their terms, content, context and meaning.

25.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     The Funds admit the allegations contained in Paragraph 26 of the Complaint.

27.     The Funds deny the allegations contained in Paragraph 27 of the Complaint.

28.     To the extent that the allegations contained in Paragraph 28 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to

form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 28 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

29.    The Funds deny the allegations contained in Paragraph 29 of the Complaint and further state that to the extent the allegations contained therein paraphrase, selectively quote, or otherwise reference or purport to characterize the contents of the Broad Market Fund's PPM, the Funds respectfully refer this Court to that document for its terms, content, context and meaning.

30.    Because the allegations contained in Paragraph 30 of the Complaint are not addressed to the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

31.    The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32.    The Funds deny the allegations contained in Paragraph 32 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence thereof.

33.    To the extent that the allegations contained in Paragraph 33 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 33 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

34.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and further state that to the extent the allegations contained in Paragraph 36 paraphrase, selectively quote, or otherwise reference or purport to characterize the contents of Tremont Holdings' Form 10-KSB, the Funds respectfully refer this Court to that document for its terms, content, context and meaning.

37.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and further state that to the extent the allegations contained in Paragraph 37 paraphrase, selectively quote, or otherwise reference or purport to characterize the contents of an information package by Putnam Lovell, the Funds respectfully refer this Court to that information package for its terms, content, context and meaning.

38.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and further state that to the extent the allegations contained in Paragraph 40 paraphrase,

selectively quote, or otherwise reference or purport to characterize the contents of Tremont Holdings' privacy policy, the Funds respectfully refer this Court to that policy for its terms, content, context and meaning.

41. The Funds deny the allegations contained in Paragraph 41 of the Complaint.

42. The Funds deny the allegations contained in Paragraph 42 of the Complaint and further state that to the extent the allegations contained in Paragraph 42 paraphrase, selectively quote, or otherwise reference or purport to characterize the contents of Tremont Holdings' website, the Funds respectfully refer this Court to that website for its terms, content, context and meaning.

43. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. To the extent that the allegations contained in Paragraph 44 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 44 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 44.

45. To the extent that the allegations contained in Paragraph 45 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to

form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 45 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

46. The Funds deny the allegations contained in Paragraph 46 of the Complaint and further state that to the extent the allegations contained in Paragraph 46 paraphrase, selectively quote, or otherwise reference or purport to characterize the contents of the XL Fund's PPM, the Funds respectfully refer this Court to that document for its terms, content, context and meaning.

47. To the extent that the allegations contained in Paragraph 47 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 47 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

48. The Funds deny the allegations contained in Paragraph 48 of the Complaint and further state that to the extent the allegations contained in Paragraph 48 paraphrase, selectively quote, or otherwise reference or purport to characterize the contents of the Broad Market Fund's PPM and the XL Fund's PPM, the Funds respectfully refers this Court to those documents for their terms, content, context and meaning.

49. The Funds deny the allegations contained in Paragraph 49 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence thereof.  The Funds further state

that to the extent the allegations contained in Paragraph 49 paraphrase, selectively quote, or otherwise reference or purport to characterize the contents of the Sandra Manzke's testimony in *Picard v. Maxam Absolute Return Fund, L.P.*, Adv. Pro. No. 10-5342-BRL (S.D.N.Y. Bankr. Dec. 8, 2010) or the PPMs for Broad Market Fund and XL Fund, the Funds respectfully refer this Court to those documents and Ms. Manzke's testimony for their terms, content, context and meaning.

50.     To the extent that the allegations contained in Paragraph 50 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 50 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

51.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     To the extent that the allegations contained in Paragraph 52 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 52 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

53.     To the extent that the allegations contained in Paragraph 53 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to

form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 53 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

54.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     The Funds deny the allegations contained in Paragraph 55 of the Complaint.

56.     The Funds deny the allegations contained in Paragraph 56 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences thereof.

57.     Because the allegations contained in Paragraph 57 of the Complaint are not addressed to the Funds, the Funds respectfully declines to answer and, in the alternative, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

58.     To the extent that the allegations contained in Paragraph 58 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 58 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 58. The Funds further state that to the extent the allegations contained in Paragraph 58 paraphrase, selectively quote, or otherwise reference or

purport to characterize the contents of certain documents, the Funds respectfully refer this Court to those documents for their terms, content, context and meaning.

59.     To the extent that the allegations contained in Paragraph 59 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 59 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein, except admit the allegations contained in the first sentence of Paragraph 59.

60.     To the extent that the allegations contained in Paragraph 60 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 60 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third, fourth, fifth, sixth and seventh sentences of Paragraph 60.

61.     To the extent that the allegations contained in Paragraph 61 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 61 of the Complaint are intended to be addressed

to the Funds, the Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

62.     To the extent that the allegations contained in Paragraph 62 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 62 of the Complaint are intended to be addressed to the Funds, the Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

63.     To the extent that the allegations contained in Paragraph 63 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 63 of the Complaint are intended to be addressed to the Funds, the Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

64.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65.     To the extent that the allegations contained in Paragraph 65 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of

the allegations contained in Paragraph 65 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

66.     The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67.     Because the allegations contained in the first sentence of Paragraph 67 of the Complaint are not addressed to the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  The Funds deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67 of the Complaint.

68.     To the extent that the allegations contained in Paragraph 68 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 68 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein, except admit the allegations contained in the first sentence of Paragraph 68.

69.     The Funds deny the allegations contained in Paragraph 69 of the Complaint.

70.     The Funds deny the allegations contained in Paragraph 70 of the Complaint.

71.     The Funds deny the allegations contained in Paragraph 71 of the Complaint.

72. The Funds deny the allegations contained in Paragraph 72 of the Complaint.

73. The Funds deny the allegations contained in Paragraph 73 of the Complaint.

74. The Funds deny the allegations contained in Paragraph 74 of the Complaint.

75. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77. The Funds deny the allegations contained in Paragraph 77 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence thereof.

78. To the extent that the allegations contained in Paragraph 78 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 78 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

79. In response to Paragraph 79 of the Complaint, the Funds incorporate by reference the responses contained in the prior paragraphs with the same force and effect as if set forth at length herein.

80. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and respectfully refer this Court to the Complaint for its terms, content, context and meaning.

81. The Funds neither admit nor deny the allegations contained in Paragraph 81 of the Complaint because the allegations contained therein purport to state conclusions of law to which no response is required.

82. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and respectfully refer this Court to the Complaint for its terms, content, context and meaning.

83. In response to Paragraph 83 of the Complaint, the Funds incorporate by reference the responses contained in the prior paragraphs with the same force and effect as if set forth at length herein.

84. The Funds neither admit nor deny the allegations contained in Paragraph 84 of the Complaint because the allegations contained therein purport to state conclusions of law to which no response is required.

85. The Funds deny the allegations contained in Paragraph 85 of the Complaint, except admit the allegations contained in the first sentence thereof.

86. The Funds deny the allegations contained in Paragraph 86 of the Complaint.

87. The Funds deny the allegations contained in Paragraph 87 of the Complaint.

88. The Funds deny the allegations contained in Paragraph 88 of the Complaint.

89.    The Funds deny the allegations contained in Paragraph 89 of the Complaint.

90.    In response to Paragraph 90 of the Complaint, the Funds incorporate by reference the responses contained in the prior paragraphs with the same force and effect as if set forth at length herein.

91.    The Funds neither admit nor deny the allegations contained in Paragraph 91 of the Complaint because the allegations contained therein purport to state conclusions of law to which no response is required.

92.    The Funds neither admit nor deny the allegations contained in Paragraph 92 of the Complaint because the allegations contained therein purport to state conclusions of law to which no response is required.

93.    To the extent that the allegations contained in Paragraph 93 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 93 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

94.    To the extent that the allegations contained in Paragraph 94 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 94 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

95.     To the extent that the allegations contained in Paragraph 95 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of the allegations contained in Paragraph 95 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

96.     Because the allegations contained in Paragraph 96 of the Complaint are not addressed to the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97.     In response to Paragraph 97 of the Complaint, the Funds incorporate by reference the responses contained in the prior paragraphs with the same force and effect as if set forth at length herein.

98.     The Funds neither admit nor deny the allegations contained in Paragraph 98 of the Complaint because the allegations contained therein purport to state conclusions of law to which no response is required.

99.     The Funds neither admit nor deny the allegations contained in Paragraph 99 of the Complaint because the allegations contained therein purport to state conclusions of law to which no response is required.

100.    To the extent that the allegations contained in Paragraph 100 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.  To the extent that any of

the allegations contained in Paragraph 100 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

101.    To the extent that the allegations contained in Paragraph 101 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 101 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

102.    To the extent that the allegations contained in Paragraph 102 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 102 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

103.    To the extent that the allegations contained in Paragraph 103 of the Complaint are addressed to any defendants other than the Funds, the Funds respectfully decline to answer and, in the alternative, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that any of the allegations contained in Paragraph 103 of the Complaint are intended to be addressed to the Funds, the Funds deny the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

104.    The Complaint fails to state a cause of action against the XL Fund.

## SECOND AFFIRMATIVE DEFENSE

105.    The Complaint is barred, in whole or in part, because any damages Plaintiff is alleged to have suffered are a direct result of Plaintiff's own negligence, malfeasance, improper actions or culpable conduct.

## THIRD AFFIRMATIVE DEFENSE

106.    Plaintiff's claims are barred, in whole or in part, because any injuries or damages sustained by Plaintiff were the result of the intervening or superseding conduct of third parties, including, but not limited to, the conduct of the Bernard L. Madoff or Bernard L. Madoff Investment Securities LLC.

## FOURTH AFFIRMATIVE DEFENSE

107.    The Complaint is barred, in whole or in part, by virtue of Plaintiff's assumption of risk.

## FIFTH AFFIRMATIVE DEFENSE

108.    The Complaint is barred, in whole or in part, by virtue of the equitable doctrines of unclean hands, estoppel, laches, and waiver.

## SIXTH AFFIRMATIVE DEFENSE

109.    The Complaint is barred, in whole or in part, by virtue of Plaintiff's failure to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

110.    Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's own contributory and/or comparative negligence.

## EIGHTH AFFIRMATIVE DEFENSE

111.    Plaintiff lacks standing to maintain one or more of the claims alleged in the complaint.

## NINTH AFFIRMATIVE DEFENSE

112.    One or more of Plaintiff's claims are barred by the applicable statute of limitations.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

The Funds give notice that they intend to rely upon such other and further defenses as may become available during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and all such defenses asserted herein.

WHEREFORE, The Funds demand judgment against Plaintiff as follows:

(a)    Dismissing this action, in its entirety, with prejudice;

(b)    Granting the Funds their reasonable costs, expenses and attorneys' fees;
and

(c)    Granting such other and further relief as this Court may deem just and
proper.

Dated: October 24, 2011

Respectfully submitted,

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

/s/ Jamie B.W. Stecher
Jamie B.W. Stecher
(Stecher@thsh.com)
Ralph A. Siciliano
(siciliano@thsh.com)
David J. Kanfer
(kanfer@thsh.com)
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Defendants*
*Rye Select Broad Market XL Fund,*
*L.P. and Rye Select Broad Market*
*Fund, L.P. f/k/a American Masters*
*Broad Market Fund, L.P.*