UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE TREMONT SECURITIES LAW, STATE     :  Master File No.
LAW AND INSURANCE LITIGATION               08 Civ. 11117 (TPG)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This Document Relates to:                            :

STATE LAW ACTION, 08 Civ. 11183 (TPG),    :
and specifically to:
                                                                  :
LAKEVIEW INVESTMENT, LP, on Behalf of
Itself and All Other Similarly Situated Individuals  :  11 Civ. 1851 (TPG)
and Entities Located in California,
                                                                  :  ECF CASE
                    Plaintiff,                              Electronically Filed
                                                                  :
       - against -
                                                                  :
ROBERT SCHULMAN, et al.,
                                                                  :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THE TREMONT DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
  Tremont Group Holdings, Inc.,
  Tremont Partners, Inc.,
  Robert Schulman, James V. Mitchell,
  Harry Hodges, Darren Johnston,
  Stuart Pologe and Patrick Kelly

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

SUMMARY OF ALLEGATIONS ...........................................................................................2

ARGUMENT .............................................................................................................................5

I. ALL OF PLAINTIFFS' CLAIMS ARE BARRED BY SLUSA ...................................5

    A. The Provisions of SLUSA ................................................................................5

    B. Lakeview's Claims Are Precluded Under SLUSA ..........................................6

II. THE COMPLAINT FAILS TO STATE A CLAIM FOR A DECLARATION OF RIGHTS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 1060 ....................8

    A. The California Code of Civil Procedure Has No Application in Federal Court ..................................................................................................................8

    B. The Complaint Alleges No Controversy Concerning Prospective Conduct as Required To State a Claim Under California Law ..............................................9

III. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE CALIFORNIA CORPORATIONS CODE ................................................................................................10

    A. The Statute's Exclusive Remedy – Rescission – Is Unavailable ...........................10

    B. The Complaint Fails Adequately To Allege That Defendants Mitchell, Hodges and Johnston Are "Control Persons" ...........................................................11

CONCLUSION ..........................................................................................................................13

# TABLE OF AUTHORITIES

## CASES

Allen v. Sully-Miller Contracting Co.,
    28 Cal. 4th 222 (2002) .................................................................................................11

Backus v. Connecticut Community Bank, N.A.,
    3:09-CV-1256, 2009 WL 5184360 (D. Conn. Dec. 23, 2009) ................................6, 7

Barron v. Igolnikov,
    09 Civ. 4471, 2010 WL 882890 (S.D.N.Y. Mar. 10, 2010) ................................6, 7, 8

In re Beacon Associates Litigation,
    745 F. Supp. 2d 386 (S.D.N.Y. 2010)..........................................................................6

County of San Diego v. California,
    79 Cal. Rptr. 3d 489 (Cal. Ct. App. 2008) ...................................................................9

Department of Corporations v. Superior Court,
    63 Cal. Rptr. 3d 624 (Cal. Ct. App. 2007) .................................................................12

Durham v. Kelly,
    810 F.2d 1500 (9th Cir. 1987) ....................................................................................12

Employers Insurance of Wausau v. Musick, Peeler & Garrett,
    871 F. Supp. 381 (S.D. Cal. 1994)..............................................................................10

Hamilton v. Bank of Blue Valley,
    746 F. Supp. 2d 1160 (E.D. Cal. 2010).......................................................................10

Hayden v. Paterson,
    594 F.3d 150 (2d Cir. 2010).........................................................................................5

In re Herald, Primeo & Thema Funds Securities Litigation,
    09 Civ. 289, 2011 WL 5928952 (S.D.N.Y. Nov. 29, 2011) .........................................6

In re J.P. Jeanneret Associates, Inc.,
    09 Civ. 3907, 2011 WL 335594 (S.D.N.Y. Jan. 31, 2011).......................................6, 7

In re Kingate Management Ltd. Litigation,
    09 Civ. 5386, 2011 WL 1362106 (S.D.N.Y. Mar. 30, 2011) .......................................6

McFarland v. Memorex Corp.,
    493 F. Supp. 631 (N.D. Cal. 1980) .............................................................................11

Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,
    547 U.S. 71 (2006) ..................................................................................................6, 7

Metcalf v. Drexel Lending Group,
    08-CV-00731, 2008 WL 4748134 (S.D. Cal. Oct. 29, 2008) .......................................9

Meyer v. Sprint Spectrum L.P.,
    200 P.3d 295 (Cal. 2009) .............................................................................................9

Moss v. Kroner,
    129 Cal. Rptr. 3d 220 (Cal. Ct. App. 2011) ...............................................................11

Newman v. Family Management Corp.,
    748 F. Supp. 2d 299 (S.D.N.Y. 2010) .........................................................................6

Otay Land Co. v. Royal Indemnity Co.,
    86 Cal. Rptr. 3d 408 (Cal. Ct. App. 2008) ...................................................................9

Parcray v. Shea Mortgage, Inc.,
    CV-F-09-1942, 2010 WL 3034022 (E.D. Cal. Jul. 30, 2010) ..................................8, 9

Romano v. Kazakos,
    609 F.3d 512 (2d Cir. 2010) .....................................................................................5, 6

Tcherepnin v. Knight,
    389 U.S. 332 (1967) .....................................................................................................6

Tuttle v. Sky Bell Asset Management, LLC,
    C 10-03588, 2010 WL 4807093 (N.D. Cal. Nov. 19, 2010) ........................................5

Viterbi v. Wasserman,
    123 Cal. Rptr. 3d 231 (Cal. Ct. App. 2011) ...........................................................10, 11

Wolf Living Trust v. FM Multi-Strategy Investment Fund, L.P.,
    09 Civ. 1540, 2010 WL 4457322 (S.D.N.Y. Nov. 2, 2010) .........................................6

## STATUTES AND RULES

15 U.S.C. § 78bb(f)(1) ................................................................................................................5

15 U.S.C. § 78bb(f)(2) ................................................................................................................4

15 U.S.C. § 78bb(f)(5)(B) ...........................................................................................................6

15 U.S.C. § 78bb(f)(5)(E) ...........................................................................................................7

28 U.S.C. § 2201 ...................................................................................................................9

Cal. Code of Civ. P. § 1060 ...............................................................................................8, 9

Cal. Corp. Code § 25501..........................................................................................10, 11, 12

Cal. Corp. Code § 25504................................................................................................11, 12

Fed. R. Civ. P. 12(c) ..............................................................................................................5

Defendants Tremont Group Holdings, Inc. ("TGH"), Tremont Partners, Inc. ("TPI"), Robert Schulman, James V. Mitchell, Harry Hodges, Darren Johnston, Stuart Pologe and Patrick Kelly (collectively, the "Tremont Defendants" or "Tremont") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Title I of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), dismissing the complaint in this action ("Complaint") as against Tremont.

## PRELIMINARY STATEMENT

Plaintiff Lakeview Investment, LP ("Lakeview") is a hedge fund managed by its founder, Richard Glantz, an investment adviser who began investing with Bernard Madoff long before Tremont opened for business. Indeed, Mr. Glantz first invested with Madoff in 1972 and eventually referred dozens of other investors to Madoff's firm, Bernard L. Madoff Investment Securities LLC ("BLMIS"), in exchange for referral fees. Before Madoff's Ponzi scheme collapsed in December 2008, Mr. Glantz caused Lakeview to invest in two of the Rye Select Broad Market Funds managed by TPI (the "Rye Funds"), one of which maintained an account with BLMIS.

In light of Mr. Glantz's longstanding familiarity with Madoff, it is ironic, to say the least, that the gravamen of the Complaint is that Lakeview invested in the Rye Funds because of alleged flaws in the disclosures made by the Funds concerning Madoff. In reality, Lakeview neither needed nor relied on information from the Rye Funds to appraise the merits of its Madoff-related investments. Lakeview sought out Tremont because Lakeview was well-acquainted with Madoff, wanted access to Madoff's investment strategy on a levered basis and knew that the Rye Funds were one of a limited number of outlets providing such access. In any event, Lakeview's belated and unbecoming effort to blame Tremont and the Rye Funds for

1

Lakeview's own investment decisions is unavailing. Indeed, the claims it has alleged in its Complaint not only are meritless, but also are legally insufficient. As demonstrated below:

- This action is barred by SLUSA because it is a covered class action alleging misrepresentations in connection with the purchase and sale of covered securities in violation of state law.

- Even if SLUSA were not fatal to this case, Lakeview still would be unable to proceed with its claim for a "declaration of rights" under the California Code of Civil Procedure (the "CCP"). Because the CCP is a procedural statute, it has no application in this or any other federal district court; moreover, the Complaint alleges no basis for an award of declaratory relief.

- The Complaint's other claims, which are all based on alleged violations of the "blue sky" provisions of the California Corporations Code, also are defective on their face.

Accordingly, the Complaint should be dismissed as against the Tremont Defendants.

## SUMMARY OF ALLEGATIONS

**The Plaintiff Fund, the Rye Funds and the Tremont Defendants**

Lakeview is an investment company based in California. (Compl. ¶¶ 1, 10.) Its sole general partner and investment adviser is Vista Management Company, a corporation owned and controlled by Richard Glantz. (Id. ¶¶ 1, 10, 32 and verification.)[1]

Lakeview alleges that it invested approximately $23,950,000 in defendant Rye Select Broad Market XL Fund, L.P. (the "XL Fund") and $1,200,000 in defendant Rye Select Broad Market Fund, L.P. (the "Broad Market Fund" and, together with the XL Fund, the "Rye Funds"). (Compl. ¶ 10.) The Rye Funds are hedge funds organized as limited partnerships under the law of Delaware with their principal place of business located in Rye, New York. (Id. ¶¶ 14, 15.)[2]

---

[1]   (See also Compl. filed in Picard v. Glantz, Adv. Pro. No. 10-5394 (Bankr. S.D.N.Y.), attached to the accompanying transmittal Declaration of Jason C. Vigna in support of the Tremont Defendants' Motion for Judgment on the Pleadings ("Trans. Decl.") as Ex. A, ¶¶ 75-76.)

[2]   (See also Rye Select Broad Market Fund, L.P. Amended and Restated Ltd. P'ship Agreement ("Broad Market Fund LPA"), attached to the Trans. Decl. as Ex. B, §§ 2.01, 2.03(a); Rye Select Broad Market
*(cont'd)*

The Broad Market Fund invested directly with Madoff, who claimed to employ a "split strike conversion" investment strategy involving "the purchase of equities that are components of the Standard & Poor's ('S&P') 100, the purchase of S&P 100 Index put options, and the sale of S&P 100 call options." (Compl. ¶ 2.) The XL Fund obtained indirect levered exposure to Madoff's investment strategy by structuring its investments to replicate, on a 3 to 1 basis, the returns of the Broad Market Fund, which were generated by Madoff. (Id. ¶ 15.)

The Rye Funds are managed by TPI, the funds' general partner, which is based in Rye, New York. (Compl. ¶¶ 12, 34.)[3] TGH, the parent company of TPI, is also based in Rye. (Id. ¶¶ 12, 13, 34.) The individual defendants are current or former employees of TGH and/or TPI who worked at the Rye office. (Id. ¶¶ 18-24, 34.)

**Lakeview's Lawsuit**

Lakeview commenced this action in the Superior Court of the State of California, Marin County.[4] The claims alleged in the Complaint are brought on behalf of Lakeview and a putative class of "all other California residents that invested in the [Rye Funds] . . . which have been or will be harmed by the conduct herein." (Compl. ¶ 69.) As against Tremont, the Complaint: (i) seeks a declaration under CCP § 1060 that TPI "owed fiduciary duties . . . to plaintiff when soliciting investments" (First Cause of Action); and (ii) alleges that the Tremont Defendants are

---

*(cont'd from previous page)*
XL Fund, L.P. Confidential Private Placement Mem., Feb. 1, 2007 ("XL PPM"), attached to the Trans. Decl. as Ex. C, at viii.)

[3] (See also Broad Market Fund LPA (Trans. Decl. Ex. B) Art. I; Rye Select Broad Market XL Fund, L.P. Amended and Restated Ltd. P'ship Agreement ("XL LPA"), attached to the Trans. Decl. as Ex. D, at 2; Rye Select Broad Market Fund, L.P. Amended and Restated Confidential Private Placement Mem. ("Broad Market Fund PPM"), attached to the Trans. Decl. as Ex. E, at 1-2, 8; XL PPM (Trans. Decl. Ex. C) at vii, ix.)

[4] (See Dkt. No. 11 Civ. 1851 (TPG), dkt. 1 ("Notice of Removal").)

secondarily liable for the Rye Funds' alleged violations of California Corporation Code §§ 25401, *et seq.* (California's "blue sky" law), on the theory that the Tremont Defendants are "control persons" of the Funds (Third and Fourth Causes of Action).

On March 4, 2011, Tremont removed this action to the United States District Court for the Northern District of California pursuant to SLUSA, which provides in relevant part that any "covered class action brought in State court involving a covered security . . . shall be removable to the Federal district court for the district in which the action is pending[.]" 15 U.S.C. § 78bb(f)(2). (See also Notice of Removal.) On April 5, 2011, the Judicial Panel on Multidistrict Litigation transferred Lakeview's action from the Northern District of California to this Court as a "tag-along" action related to numerous other cases then pending before this Court against Tremont under the caption In re Tremont Securities Law, State Law and Insurance Litigation, Master File No. 08 Civ. 11117 (TPG) (the "Consolidated Actions").[5]

On April 13, 2011, this Court consolidated this action with the Consolidated Actions and stayed all proceedings pending resolution of a motion requesting this Court's approval of a proposed partial settlement of the Consolidated Actions (the "Settlement").[6] After this Court preliminarily certified a settlement class comprised of investors in Tremont-managed funds, it approved the Settlement pursuant to a final judgment dated August 19, 2011.[7] Lakeview opted out of the settlement class, and Tremont answered Lakeview's Complaint on October 24, 2011.[8]

---

[5] (See Dkt. No. 11 Civ. 1851 (TPG), dkt. 21.)

[6] (See Dkt. No. 11 Civ. 1851 (TPG), dkt. 25; Dkt. No. 08 Civ. 11117 (TPG), dkt. 419.)

[7] (See Dkt. No. 08 Civ. 11117 (TPG), dkt. 604; 11 Civ. 1851 (TPG), dkt. 33.)

[8] (See Dkt. No. 11 Civ. 1851 (TPG), dkt. 47.)

# ARGUMENT[9]

I.     **ALL OF PLAINTIFFS' CLAIMS ARE BARRED BY SLUSA**

Because this is a putative class action alleging misrepresentations and omissions in connection with the purchase and sale of covered securities, SLUSA not only authorized removal of this case to federal district court, the statute also precludes Lakeview from maintaining this action in any forum. With respect to preclusion, SLUSA provides in pertinent part as follows:

> No covered class action based upon the statutory or common law of any State . . . may be maintained in any State or Federal Court by any private party alleging –
>
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).

Thus, under SLUSA, plaintiffs "are precluded from bringing the [covered] actions in state court and defendants are entitled to remove them to federal court where they are subject to dismissal." Romano v. Kazakos, 609 F.3d 512, 515 (2d Cir. 2010); see also Tuttle v. Sky Bell Asset Mgmt., LLC, C 10-03588, 2010 WL 4807093, at *6 (N.D. Cal. Nov. 19, 2010) ("[W]here the action is removable under SLUSA's removal provision, 'SLUSA unquestionably requires the dismissal of the precluded claim.'" (citation omitted)).

    A.     **The Provisions of SLUSA**

Congress enacted SLUSA to curb widespread abuses of the class action device resulting from plaintiffs' efforts to circumvent the strict pleading requirements of the Private Securities

---

[9] Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Id. A motion for judgment on the pleadings is evaluated under the same standards as a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint. See, e.g., Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).

Litigation Reform Act of 1995 by asserting securities claims under state law, either in state or in federal court.  See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 81-82 (2006) (discussing legislative history).  To close this loophole, SLUSA bars lawsuits where, as here:  (i) the case is a covered class action; (ii) with claims arising under state law; (iii) alleging that defendants made a misrepresentation or omission of material fact; (iv) in connection with the purchase or sale of a covered security.  See, e.g., Romano, 609 F.3d at 518.  In that connection, SLUSA is a remedial statute and thus is construed broadly to achieve its objectives.  See Dabit, 547 U.S. at 85; Tcherepnin v. Knight, 389 U.S. 332, 336 (1967).

### B. Lakeview's Claims Are Precluded Under SLUSA

SLUSA bars the types of claims asserted by Lakeview here, *i.e.*, state law securities claims brought on behalf of a putative class of persons who invested in hedge funds with exposure to Madoff.  Indeed, "'[v]irtually every attempt by an investor in an investment fund whose assets were held and purportedly invested by Madoff to assert [state] law class action claims has been rejected under SLUSA.'"  In re Herald, Primeo & Thema Funds Sec. Litig., 09 Civ. 289, 2011 WL 5928952, at *5 (S.D.N.Y. Nov. 29, 2011) (citation omitted).

In this case, as in numerous other Madoff-related cases,[10] all of the prerequisites for preclusion under SLUSA are satisfied:

(i) In its Complaint, Lakeview asserts its claims on behalf of a covered class, 15 U.S.C. § 78bb(f)(5)(B), alleging that "[t]here are questions of law which are common to the . . .

---

10  See In re Herald, 2011 WL 5928952, at *5; In re Kingate Mgmt. Ltd. Litig., 09 Civ. 5386, 2011 WL 1362106, at *6-9 (S.D.N.Y. Mar. 30, 2011); In re J.P. Jeanneret Assocs., Inc., 09 Civ. 3907, 2011 WL 335594, at *33 (S.D.N.Y. Jan. 31, 2011); Wolf Living Trust v. FM Multi-Strategy Inv. Fund, L.P., 09 Civ. 1540, 2010 WL 4457322, at *3 (S.D.N.Y. Nov. 2, 2010); Newman v. Family Mgmt. Corp., 748 F. Supp. 2d 299, 311-13 (S.D.N.Y. 2010); In re Beacon Assocs. Litig., 745 F. Supp. 2d 386, 429-31 (S.D.N.Y. 2010); Barron v. Igolnikov, 09 Civ. 4471, 2010 WL 882890, at *3-5 (S.D.N.Y. Mar. 10, 2010) (Griesa, J.); Backus v. Conn. Cmty. Bank, N.A., 3:09-CV-1256, 2009 WL 5184360, at *3-10 (D. Conn. Dec. 23, 2009).

[c]lass and which predominate over questions affecting any individual . . . [c]lass member." (Compl. ¶¶ 69, 71, 72);

 (ii) As reflected in the Complaint, all of Lakeview's claims arise under state law: Lakeview's "action seeks relief exclusively under California statutory law" (Compl. ¶ 1), namely, CCP § 1060 (First Cause of Action), and California Corporations Code §§ 25401, *et seq.* (Second, Third and Fourth Causes of Action);

 (iii) The gravamen of the Complaint is that the Rye Funds purportedly made "misleading statements and omissions . . . to plaintiff and similarly situated individuals" (Compl. ¶ 1; see also id. ¶¶ 4, 8, 42, 44, 46, 48, 50, 51, 53, 54, 58, 59, 79, 85, 93, 100 (alleging misstatements or omissions)); and

 (iv) The alleged misrepresentations and omissions were made "in connection with" the purchase and sale of "covered" securities, 15 U.S.C. § 78bb(f)(5)(E), *i.e.*, the S&P 100 stocks and options Madoff purported to purchase and sell on behalf of the Funds pursuant to his "split strike conversion" investment strategy. (Compl. ¶ 2; see also id. ¶ 8.)

SLUSA bars this action even though Lakeview itself did not purchase or sell covered securities. Because the Complaint alleges deception in connection with *Madoff's* purported purchase and sale of covered securities,[11] it satisfies SLUSA's "in connection with" requirement. As previously explained by this Court in language equally applicable here:

> Here, Madoff told investors that he would purchase and sell securities in the S & P 100 Index but never consummated any trades. Central to his fraud,

---

[11] In Dabit, the Supreme Court held that claims based on the alleged *failure* to buy or sell covered securities fall squarely within SLUSA's ambit. See 547 U.S. at 88-89. Consequently, courts that "have encountered this issue in Madoff-related cases have concluded that, in the context of his Ponzi scheme, the 'in connection with' requirement is satisfied by his phony purchases and sales." In re J.P. Jeanneret, 2011 WL 35594, at *33; see also Barron, 2010 WL 882890, at *3-5; Backus, 2009 WL 5184360, at *3-10.

7

> Madoff used prices from the public markets on the trade documentation he sent to customers. In light of the Supreme Court's command that SLUSA be construed expansively, it is enough that this fraudulent scheme was in connection with the trading in the nationally listed securities in which Madoff claimed to be engaged. It is not essential that Madoff actually performed any trades or acquired any securities. And while plaintiff and members of the putative class purchased limited partnership interests in the UBP Funds – which in turn invested in covered securities – rather than covered securities directly from Madoff, SLUSA preemption is justified because the securities transaction need not have been performed by plaintiff. Rather, it is only necessary to demonstrate deception in connection with the purchase or sale of a covered security, not the deception of plaintiff herself.

Barron v. Igolnikov, 09 Civ. 4471, 2010 WL 882890, at *5 (S.D.N.Y. Mar. 10, 2010) (Griesa, J.). For these same reasons, Lakeview's putative class action is subject to and barred by SLUSA, warranting dismissal of this case.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR A DECLARATION OF RIGHTS UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 1060

Even without the bar of SLUSA, the Complaint fails to state any claim against Tremont. With respect to the Complaint's First Cause of Action, it seeks a declaratory judgment under CCP § 1060. This claim invokes a procedural mechanism unavailable in federal court and does not identify a likely future dispute between the parties as required to obtain declaratory relief. Consequently, the First Cause of Action should be dismissed for failure to state a claim for declaratory relief.

### A.   The California Code of Civil Procedure Has No Application in Federal Court

As a threshold matter, Lakeview has not stated a claim for a declaration of rights because CCP § 1060 is inapplicable in federal court. See, e.g., Parcray v. Shea Mortg., Inc., CV-F-09-1942, 2010 WL 3034022, at *2 (E.D. Cal. July 30, 2010) (finding that California Code of Civil Procedure provides no basis for relief in federal court). Moreover, Lakeview has not even attempted to plead the elements of a claim for declaratory relief under the federal Declaratory

Judgment Act, 28 U.S.C. § 2201. Consequently, its claim seeking a declaration of rights necessarily fails as a matter of law. See Parcray, 2010 WL 3034022, at *3-4 (denying claim that failed to satisfy requirements of federal procedural rule).

### B. The Complaint Alleges No Controversy Concerning Prospective Conduct as Required To State a Claim Under California Law

Even if a claim under CCP § 1060 properly could be asserted in this Court, it still should be dismissed because it is legally defective in all events. A claim for declaratory relief requires "'an actual, present controversy over a proper subject.'" Otay Land Co. v. Royal Indem. Co., 86 Cal. Rptr. 3d 408, 412 (Cal. Ct. App. 2008) (dismissing claim for declaratory relief) (citation omitted). And in this context, the only "proper subject" is one likely to affect the parties' future conduct. See, e.g., Meyer v. Sprint Spectrum L.P., 200 P.3d 295, 303-04 (Cal. 2009). As the California Court of Appeal has explained, the purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, "'rather than to redress past wrongs.'" Cnty. of San Diego v. Cal., 79 Cal. Rptr. 3d 489, 512 (Cal. Ct. App. 2008) (citation omitted); see also Metcalf v. Drexel Lending Group, 08-CV-00731, 2008 WL 4748134, at *5 (S.D. Cal. Oct. 29, 2008) (denying declaratory relief in connection with state securities claim, stating, "the purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred").

In this case, the Complaint does not seek relief pertaining to any potential future controversy, but rather, seeks a declaration that TPI owed duties in the past when it managed the investments of the Rye Funds before the collapse of Madoff. (Compl. ¶¶ 81-82.) Thus, Lakeview "ha[s] not, with any particularity alleged that the resolution of the declaratory relief action . . . would, at this point, have any practical consequences." Meyer, 200 P.3d at 304. Indeed, Lakeview has not alleged that the declaratory judgment it requests would alter TPI's

9

future conduct in any way.  The Complaint therefore fails to allege an actual controversy between the parties with respect to any threatened future event, warranting dismissal of the First Cause of Action.  See, e.g., Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1180-81 (E.D. Cal. 2010) (granting motion to dismiss where plaintiff's request for declaratory relief addressed alleged past wrongs rather than future rights).

### III.   THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE CALIFORNIA CORPORATIONS CODE

The Third and Fourth Causes of Action seek to hold the Tremont Defendants secondarily liable for the Rye Funds' alleged violations of California's blue sky law, Section 25501 of the California Corporations Code.  The Complaint, however, states no claim under the statute against Tremont.

#### A.   The Statute's Exclusive Remedy – Rescission – Is Unavailable

In cases where plaintiff continues to hold the securities at issue, *i.e.*, Rye Fund limited partnership interests in this case (Compl. ¶¶ 10, 68), rescission is the only remedy available under California's blue sky laws.  See Cal. Corp. Code § 25501.  Moreover, under the statute, rescission may be obtained solely from the "seller" of the securities at issue (here, the XL Fund and the Broad Market Fund).[12]  See id.; Viterbi v. Wasserman, 123 Cal. Rptr. 231, 236-43 (Cal. Ct. App. 2011) (affirming dismissal of claim under California's blue sky laws where plaintiff held security and defendant was not the seller); see also Employers Ins. of Wausau v. Musick, Peeler & Garrett, 871 F. Supp. 381, 387 (S.D. Cal. 1994) ("A [claim for] violation of [California's blue sky laws] . . . is limited to actual sellers.").

---

[12]   The PPMs issued by the Rye Funds expressly provide that the securities at issue – the limited partnership interests issued by the Funds – are offered solely by the Rye Funds, not by the Tremont Defendants.  (See Broad Market Fund PPM (Trans Decl. Ex. E) at 1; XL PPM (Trans. Decl. Ex. C) at viii.)

The same limitation is applicable to control person claims pursuant to the statute. Where, as here, rescission is the only remedy available under Section 25501, no remedy is available against control persons who otherwise could be held secondarily liable under Section 25504 because rescission is not available against anyone who is not a party to the contract between the purchaser and seller of the securities in question. See Viterbi, 123 Cal. Rptr. 3d at 236-43;[13] McFarland v. Memorex Corp., 493 F. Supp. 631, 648 (N.D. Cal. 1980) ("[I]t would indeed be strange, as the [defendants] have been quick to note, if a victorious plaintiff could present to the [defendants] for repurchase securities that [defendants] never owned."). Accordingly, even if California law were applicable, the Third and Fourth Causes of Action of the Complaint nevertheless should be dismissed because they state no claim as against Tremont under the California Corporations Code.

### B. The Complaint Fails Adequately To Allege That Defendants Mitchell, Hodges and Johnston Are "Control Persons"

The Complaint alleges that defendants Mitchell, Hodges and Johnston are "control persons" who are secondarily liable for the Rye Funds' alleged primary violations of California

---

[13] In Moss v. Kroner, 129 Cal. Rptr. 3d (Cal. Ct. App. 2011), a different branch of the California Court of Appeal declined to follow Viterbi and ruled that a party held secondarily liable as a control person must pay damages to make the plaintiff whole. Moss, however, is wrongly decided because it is inconsistent with settled canons of statutory construction and leads to a nonsensical result. California Corporations Code § 25501 expressly provides that the "purchaser . . . may sue either for rescission *or for damages (if the plaintiff . . . no longer owns the security*) . . . ." Cal. Corp. Code § 25501 (emphasis added). Thus, the plain language of the statute unequivocally provides that to pursue damages as a remedy, the plaintiff must no longer "own[] the security." The statutory analysis need proceed no further. See, e.g., Allen v. Sully-Miller Contracting Co., 28 Cal. 4th 222, 227 (2002) (statutory language should be given "its usual and ordinary meaning," and if there is no ambiguity, the Court should "presume the lawmakers meant what they said, and the plain meaning of the language governs"). The Moss court found no ambiguity in the statutory language, finding instead that it was "inconsistent" with the court's interpretation of the intent of the statute, which, according to the court, was "to expand liability from direct violators to secondary participants." Moss, 129 Cal. Rptr. 3d at 230. This rationale is erroneous given the principles of construction articulated by the California Supreme Court in Allen and other cases. Moreover, if followed, Moss would lead to an absurd result – it would enable a plaintiff to recover damages (presumably original cost of purchase) with respect to a security he or she *still held*, opening the door to duplicative, windfall recoveries.

11

Corporations Code § 25501.  (Compl. ¶¶ 94, 101.)  The Complaint, however, fails to allege facts sufficient to show that any of these defendants is a "control person" within the meaning of Section 25504 of the statute.

To state a claim under Section 25504, the Complaint must adequately allege that Messrs. Mitchell, Hodges and Johnston "materially aid[ed] in the act or transaction constituting the violation."  Cal. Corp. Code § 25504.  As the Ninth Circuit Court of Appeals has held, this requirement is equivalent to the "culpable participation" element of a control person claim under the federal securities laws.  See <u>Durham v. Kelly</u>, 810 F.2d 1500, 1505 (9th Cir. 1987); accord <u>Dep't of Corps. v. Superior Ct.</u>, 63 Cal. Rptr. 3d 624, 631 n.7 (Cal. Ct. App. 2007) (citing this aspect of <u>Durham</u> with approval).  The Complaint here, however, does not adequately plead this element because it is devoid of any allegation explaining what, if anything, Messers. Mitchell, Hodges and Johnston may have done to "materially aid" any misrepresentation alleged in the Complaint.  Indeed, these defendants are mentioned by name only once in the Complaint, and then solely for the purpose of describing the positions they held at TGH.  (Compl. ¶¶ 20, 21, 23.)  Consequently, the control person claims against Messrs. Mitchell, Hodges and Johnston fail as a matter of law.  See, e.g., <u>Durham</u>, 810 F.2d at 1505 (affirming dismissal of § 25504 claim).

## CONCLUSION

For the reasons stated, the Tremont Defendants' motion for judgment on the pleadings should be granted in all respects.

Dated: New York, New York
January 31, 2012

Respectfully submitted,

 /s/ Seth M. Schwartz
Seth M. Schwartz (Seth.Schwartz@Skadden.com)
Jason C. Vigna (Jason.Vigna@Skadden.com)
Erica Goodstein (Erica.Goodstein@Skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
  Tremont Group Holdings, Inc.,
  Tremont Partners, Inc.,
  Robert Schulman, James V. Mitchell,
  Harry Hodges, Darren Johnston,
  Stuart Pologe and Patrick Kelly