UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE TREMONT SECURITIES LAW,  :
STATE LAW AND INSURANCE        :   Master File No.
LITIGATION                     :   08 CIV. 11117 (TPG)
------------------------------------------------------------:
This Document Relates to:      :
State Law Action, 08 Civ. 11183 (TPG), :
Specifically to:               :
                               :
LAKEVIEW INVESTMENT, LP, on Behalf of  :   11 Civ. 1851 (TPG)
Itself and All Other Similarly Situated Individuals :
and Entities Located in California, :   ECF Case
                               :   Electronically Filed
                Plaintiff,     :
                               :
      - against -              :
                               :
ROBERT SCHULMAN, et al.,       :
                               :
                Defendants.    :
------------------------------------------------------------x

**DECLARATION OF ARTHUR S. GABINET IN SUPPORT OF DEFENDANT OPPENHEIMER ACQUISITION CORP.'S MOTION TO DISMISS THE COMPLAINT**

I, ARTHUR S. GABINET, declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am General Counsel of defendant Oppenheimer Acquisition Corp. ("OAC"). The facts stated in this declaration are true and correct based on my personal knowledge, my review of corporate records, and/or interviews with company personnel.

2. I submit this declaration in support of OAC's Motion To Dismiss The Complaint. OAC does not consent to the jurisdiction of any California court, and the submission of this declaration is not and should not be construed as its consent to or recognition of any court's personal jurisdiction over OAC.

3. OAC is a long-established holding company that conducts no business other than owning the stock of two other entities: non-party OppenheimerFunds, Inc. and defendant Tremont Group Holdings, Inc.

4. OAC is strictly a parent holding company and has no offices or employees, and holds no licenses in California.

5. OAC does no business in California and is not qualified as a foreign corporation in California.

6. OAC does not rent or own any real property in California, nor does it have any bank accounts in California.

7. OAC has never promoted, marketed, advertised, or sold any products in California (or for that matter, anywhere else).

8. OAC has never directed Tremont or either of its subsidiaries to promote, market, advertise, or sell any products in California, or anywhere else.

9. OAC has no registered agent in California.

10. Plaintiff never had any interaction with OAC of any kind.

11. At no point in time did OAC play any role in the day-to-day operations of Tremont in any respect.

12. OAC never played any role in any investment-related activities carried out by Tremont Partners, Inc. with respect to any investor's investments in the Rye Select Broad Market XL Fund, L.P. (the "XL Fund") or the Rye Select Broad Market Fund, L.P. (the "Market Fund," collectively, the "Funds"). OAC never: (1) established, reviewed, or in any way participated in the investment strategy for either of the Funds; (2) was represented on either Funds' board; (3) participated in Tremont's due diligence or in the selection of Madoff to manage the Market

Fund; (4) participated in monitoring Madoff's performance as manager of the Market Fund; (5) prepared or reviewed any offering materials for either of the Funds; or (6) entered into any contract with Plaintiff or any swap counterparty with respect to the Funds.

13. OAC has not disseminated any offering materials, financial disclosures, audit materials, or any other written materials to Plaintiff or any other California resident, and was in no way involved in Tremont's California solicitation of business for the Funds or operations there.

14. OAC -- as a holding company -- does not market or solicit potential investors on behalf of itself or any other entity, including its parent or Tremont.

15. OAC never participated in any marketing of Tremont products to California residents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 31 day of January, 2012, in New York, New York.

_____
Arthur S. Gabinet

14305126