UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master Docket 08 Civ. 11117 (TPG) |
| ELENDOW FUND, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RYE SELCT BROAD MARKET XL FUND, L.P., RYE INVESTMENT MANAGEMENT TREMONT CAPITAL MANAGEMENT INC., TREMONT GROUP HOLDINGS, INC, TREMONT PARTNERS, INC., MASSACHUSETTS MUTUAL LIFE INSURANCE CO., MASSMUTUAL HOLDINGS LLC, OPPENHEIMER ACQUISITION CORPORATION, RUPERT ALLAN, JIM MITCHELL and ROBERT SCHULMAN,<br><br>    Defendants. | 10 Civ. 9061 (TPG) |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF RYE SELECT BROAD MARKET XL FUND L.P.

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Defendant*
*Rye Select Broad Market XL Fund L.P.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ................................................................................................................................ 2

    I.     PORTIONS OF THE COMPLAINT SHOULD BE STRICKEN BECAUSE THEY ARE BASED SOLELY ON THE UNTESTED ALLEGATIONS OF OTHER COMPLAINTS ................................................................................................................ 2

    II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE XL FUND UNDER SECTION 10(b) OF THE EXCHANGE ACT ............................................... 2

        A.    The Complaint Identified No Material Omission by the XL Fund ......................... 2

        B.    The Complaint Does Not Adequately Allege Fraudulent Intent ............................. 2

        C.    The Complaint's Failure To Establish Scienter Also Precludes Any Section 10(b) Claim Against The XL Fund Based on Alleged Misstatements ............................. 2

    III.   THE COMPLAINT FAILS TO STATE A CLAIM OF COMMON LAW FRAUD ... 3

    IV.   PLAINTIFF LACKS STANDING TO ASSERT CLAIMS AGAINST THE XL FUND FOR BREACH OF FIDUCIARY DUTY AND AIDING AND ABETTING BREACH OF FIDUCIARY DUTY .................................................................................. 3

        A.    Plaintiff Lacks Standing to Assert Derivative Claims ............................................ 3

        B.    Derivative Claims Belonging to the XL Fund Are Barred by Principles of Res Judicata and Release ............................................................................................... 3

    V.    THE COMPLAINT FAILS TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION ............................................................................................... 4

    VI.   MADOFF'S INTENTIONAL CRIMINAL ACT WAS A SUPERVENING CAUSE. 8

CONCLUSION ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*American Protein Corp. v. AB Volvo*, 844 F. 2d 56 (2d Cir. 1988), *cert. denied*, 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988) .................................................................. 5

*Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533 (Del. 1996) ................................ 4

*Busino v. Meachem*, 270 A.D.2d 606, 704 N.Y.S. 2d 690 (3rd Dep't 2000) ................. 5

*Caraballo v. United States*, 830 F.2d 19 (2d Cir. 1987) ................................................ 9

*Coolite Corp. v. American Cyanamid Co.*, 52 A.D.2d 486, 384 N.Y.S.2d 808 (1st Dep't 1976) .. 5

*Emerald Partners v. Berlin*, Civ.A. No. 9700, 1995 WL 600881 (Del. Ch. Sept. 22, 1995) (collecting cases), *aff'd in part*, 726 A.2d 1215 (Del. 1999) .......................................... 3, 4

*Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613 (10th Cir. 1998) ................... 9

*Goldweber v. Harmony Partners, Ltd.*, 09-61902-CIV., 2010 WL 3702508 (S.D. Fla. Sept. 16, 2010) .................................. 9

*Hercules Powder Co. v. DiSabatino*, 188 A.2d 529 (Del. 1963) .................................... 9

*Hyman v. New York Stock Exchange, Inc.*, 46 A.D.3d 335, 848 N.Y.S. 2d 51 (1st Dep't 2007) ... 4

*Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co., et ano.*, 2011 U.S. Dist LEXIS 110601 (S.D.N.Y. Sept. 28, 2011) ............................... 6

*Michael S. Rulle Family Dynasty Trust v. AGL Life Assurance Co.*, C.A. No. 10-231, 2010 WL 3522135 (E.D. Pa. Sept. 8, 2010) .................................... 9

*Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Investcorp S.A., et al.*, 137 F. Supp. 2d 502 (S.D.N.Y. Apr. 20, 2001) ................................................. 4, 5

*Onex Food Servs., Inc. v. Grieser*, 93 Civ. 0278, 1996 U.S. Dis. LEXIS 2797 (S.D.N.Y. March 8, 1996) .................. 3, 4

*Terra Securities ASA Konkursbo v. Citigroup Global Markets, Inc.*, 09 Civ. 7058, 2011 U.S. Dist. LEXIS 118615 (S.D.N.Y. Oct. 11, 2011) ............... 5, 7

*Toledo Fund, LLC v. HSBC Bank USA, Nat'l Assoc.*, 11 Civ. 7686, 2012 U.S. Dist. LEXIS 13665 (S.D.N.Y. Feb. 3, 2012) .................... 5

*Van Valkenburgh v. Robinson*, 225 A.D.2d 839, 639 N.Y. S. 2d 149 (3d Dep't 1996) ................ 8

*Ventricelli v. Kinney Sys. Rent A Car, Inc.*, 45 N.Y.2d 950, 411 N.Y.S. 2d 555 (1978) ................ 9

**Statutes**

15 U.S.C. §78 (Private Securities Litigation Reform Act) .............................................................. 1

Federal Rules of Civil Procedure Rule 12 .................................................................................... 1

Federal Rules of Civil Procedure Rule 9 ...................................................................................... 1

Restatement (Second) of Torts § 448............................................................................................ 9

Case 1:08-cv-10167-TPG   Document 392   Filed 02/22/12   Page 4 of 14

Defendant Rye Select Broad Market XL Fund L.P. (the "XL Fund") respectfully submits this memorandum of law in support of its motion to: (i) strike portions of the amended complaint (the "Complaint") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and (ii) dismiss the Complaint as against the XL Fund pursuant to Rules 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and Section 101(b) of the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(b)(2).

## PRELIMINARY STATEMENT

Plaintiff Elendow Fund, LLC ("Plaintiff") is a hedge fund that invests in other hedge funds. In 2008, Plaintiff invested a portion of its capital both directly and indirectly with the XL Fund. The XL Fund sought to replicate the returns of Rye Select Broad Market Fund, L.P. on a 3 to 1 leveraged basis, a strategy that gave investors such as Plaintiff indirect leveraged exposure to Bernard Madoff. After Madoff's fraudulent scheme was revealed, the XL Fund's investment activity ceased. Unable to recover its losses from Madoff, the one responsible for the ponzi scheme, Plaintiff commenced this action against a number of entities, including the XL Fund, attempting to hold them responsible for Madoff's criminal conduct.

Because many of the arguments articulated in the Tremont Defendants' Memorandum of Law in Support of Their Motion to Dismiss (dkt. No. 672)[1] (the "Tremont Brief") apply equally to the XL Fund and require dismissal of the Complaint for substantially similar reasons, the XL Fund hereby joins in those arguments to the extent set forth below. For these reasons, and those set forth below and in the Tremont Brief, the causes of action alleged against the XL Fund in the Complaint should be dismissed as a matter of law.

---

[1] In the 08 Civ. 11117 (TPG) docket.

# ARGUMENT

## I.

## PORTIONS OF THE COMPLAINT SHOULD BE STRICKEN BECAUSE THEY ARE BASED SOLELY ON THE UNTESTED ALLEGATIONS OF OTHER COMPLAINTS

The XL Fund hereby adopts and incorporates the legal arguments and authorities set forth in Point I of the Tremont Brief.

## II.

## THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE XL FUND UNDER SECTION 10(b) OF THE EXCHANGE ACT

The XL Fund hereby adopts and incorporates the legal arguments and authorities set forth in Point II of the Tremont Brief.

### A. The Complaint Identified No Material Omission by the XL Fund

The XL Fund hereby adopts and incorporates the legal arguments and authorities set forth in Point II.A of the Tremont Brief.

### B. The Complaint Does Not Adequately Allege Fraudulent Intent

The XL Fund hereby adopts and incorporates the legal arguments and authorities set forth in Point II.B of the Tremont Brief. Further, the allegations regarding motive in the Complaint only refer to the motive of the general partner of the XL Fund. Compl. ¶¶ 3, 4. There are no allegations in the Complaint of the motive of the XL Fund, nor can there be, because the XL Fund did not collect any fees in connection with Plaintiff's investment.

### C. The Complaint's Failure To Establish Scienter Also Precludes Any Section 10(b) Claim Against the XL Fund Based on Alleged Misstatements

The XL Fund hereby adopts and incorporates the legal arguments and authorities set forth in Point II.C of the Tremont Brief.

III.

## THE COMPLAINT FAILS TO STATE A CLAIM OF COMMON LAW FRAUD

The XL Fund hereby adopts and incorporates the legal arguments and authorities set forth in Point IV of the Tremont Brief.

IV.

## PLAINTIFF LACKS STANDING TO ASSERT CLAIMS AGAINST THE XL FUND FOR BREACH OF FIDUCIARY DUTY AND AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

### A. Plaintiff Lacks Standing to Assert Derivative Claims

The XL Fund hereby adopts and incorporates the legal arguments and authorities set forth in Point V.A of the Tremont Brief.

### B. Derivative Claims Belonging to the XL Fund Are Barred by Principles of Res Judicata and Release

In addition to the legal arguments and authorities set forth in Point IV.B of the Tremont Brief, which the XL Fund herby adopts and incorporates by reference, Plaintiff cannot establish, as a matter of law, that the XL Fund owed (and breached) a Fiduciary Duty to Plaintiff.

Delaware law is well settled that a "corporation owes no fiduciary duties to shareholders independently from its agents, and the corporation itself is not liable for a breach of fiduciary duties by its directors." *See Emerald Partners v. Berlin*, Civ.A. No. 9700, 1995 WL 600881, at *8 (Del. Ch. Sept. 22, 1995) (collecting cases), *aff'd in part*, 726 A.2d 1215 (Del. 1999); *see also Onex Food Servs., Inc. v. Grieser*, 93 Civ. 0278, 1996 U.S. Dis. LEXIS 2797, at *24 (S.D.N.Y. March 8, 1996) (applying Delaware law and dismissing breach of fiduciary duty claims against corporation as a matter of law). The Delaware Supreme Court has reasoned that holding a corporation vicariously liable for a director's breach of fiduciary duty "would be flatly inconsistent with the rationale of vicarious liability since it would shift the cost of the directors'

3

breach from the directors to the corporation and hence to the shareholders, the class harmed by the breach." *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 540 (Del. 1996).[2]

This rationale applies equally to the situation currently before this Court in which the Plaintiff is attempting to hold the Fund itself liable for breaches of fiduciary duties that were allegedly committed by those acting on the Fund's behalf. *See Emerald Partners*, 1995 WL 600881, at *8; *Onex Food Servs., Inc.*, 1996 U.S. Dis. LEXIS 2797, at *24. As a result, the claim for breach of fiduciary duty should be dismissed as a matter of law as against the XL Fund.

## V.

## THE COMPLAINT FAILS TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION

In addition to the legal arguments and authorities set forth in Point IV.B of the Tremont Brief, which the XL Fund herby adopts and incorporates by reference, the Plaintiff cannot establish, as a matter of law, that the XL Fund made any negligent misrepresentations or that it can be held liable for the so-called misrepresentations alleged to have been made by certain of its agents, including its general partner and investment manager.

First, the exculpation provision set forth in the XL Fund LPA bars the Plaintiff's claim against the XL Fund. As Plaintiff readily acknowledges, the XL Fund acts though its general partner. Compl. ¶ 14. Since the exculpation clause bars the negligent misrepresentation claim against the general partner (*see* Tremont Brief, Point IV.B), and since the XL Fund can only act through its general partner, the XL Fund cannot be liable for any alleged negligent misrepresentation claimed to have been made by its general partner. *See Official Committee of*

---

[2] As one New York court explained, "to recognize a fiduciary relationship between the corporation and its shareholders would lead to the confounding possibility that a shareholder of a corporation could bring a derivative action on behalf of the corporation against the corporation itself." *Hyman v. New York Stock Exchange, Inc.*, 46 A.D.3d 335, 337, 848 N.Y.S. 2d 51 (1st Dep't 2007) (dismissing shareholder's breach of fiduciary duty claim against corporation on ground that corporation does not owe fiduciary duties to its shareholders).

4

*the Unsecured Creditors of Color Tile, Inc. v. Investcorp S.A., et al.*, 137 F. Supp. 2d 502, 515 (S.D.N.Y. Apr. 20, 2001) ("Ordinarily, a principal cannot be sued for acts of an agent for which the agent cannot be sued.")

What's more, even if the exculpation provision is deemed not to apply to the XL Fund itself, a determination that would "provide an illogical end-run around the protections of the [LPA]" (*see Color Tile*, 137 F. Supp. 2d at 515), the negligent misrepresentation claim must nevertheless be dismissed because the Complaint does not allege, nor can it allege, the required special relationship to assert a claim for negligent misrepresentation against the XL Fund. "To sustain a claim for negligent misrepresentation, a plaintiff must plead (1) a special relationship with the defendant gave rise to the defendant's duty to avoid negligently making misstatements and (2) reasonable reliance upon a defendant's misstatement." *Terra Securities ASA Konkursbo v. Citigroup Global Markets, Inc.*, 09 Civ. 7058, 2011 U.S. Dist. LEXIS 118615 at *19-20 (S.D.N.Y. Oct. 11, 2011) (*internal citation omitted*).

"'[G]enerally there is no liability for words negligently spoken' but . . . 'there is an exception when the parties' relationship suggests a closer degree of trust and reliance than that of the ordinary buyer and seller.'" *American Protein Corp. v. AB Volvo*, 844 F. 2d 56, 63 (2d Cir. 1988), *cert. denied*, 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988) (*citing Coolite Corp. v. American Cyanamid Co.*, 52 A.D.2d 486, 488, 384 N.Y.S.2d 808 [1st Dep't 1976]). The existence of an arms length business relationship does not qualify as a special relationship. *Toledo Fund, LLC v. HSBC Bank USA, Nat'l Assoc.*, 11 Civ. 7686, 2012 U.S. Dist. LEXIS 13665 at *15-16 (S.D.N.Y. Feb. 3, 2012) (finding no special relationship between the bank and the fund based on certain swap transactions) (*citing Busino v. Meachem*, 270 A.D.2d 606, 608-609, 704 N.Y.S. 2d 690 [3rd Dep't 2000]).

5

Since the Complaint in this action alleges that certain negligent misrepresentations "induced" Plaintiff to "purchase limited partnership interests in the XL Fund" (Compl. ¶ 143), there was no relationship of any kind – special or otherwise – between the XL Fund and Plaintiff when the alleged negligent misrepresentations were purportedly made because Plaintiff had not yet become a limited partner of the XL Fund and had not yet entered into any agreements with the XL Fund. Moreover, when Plaintiff eventually decided to become a limited partner in the XL Fund, it expressly "acknowledge[d] and agree[d] that the Partnership Agreement constitutes an arm's length arrangement . . . ." (*see* Vigna Declaration,[3] Exhibit B (Subscription Agreement), p. 22); that it was an accredited investor (*see id* at 15); and that it "has such knowledge and experience in financial and business matters that it is capable of evaluating the merits and risks of its investment . . . . ." (*see id* at 22). Therefore, Plaintiff's claim for negligent misrepresentation must be dismissed because it does not allege, nor can it allege as a matter of law, that there was a special relationship between the parties when the representations were made. This argument is equally applicable to the Plaintiff's claim based on the investment that it made in the XL Fund indirectly through Lakeview Investment, L.P. ("Lakeview").

Plaintiff also cannot satisfy the reasonable reliance element required to state a claim for negligent misrepresentation. "New York courts generally do not permit negligent misrepresentation claims based on arm's-length transactions between sophisticated counterparties." *Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.*, et ano., 2011 U.S. Dist LEXIS 110601 (S.D.N.Y. Sept. 28, 2011). Here, the Plaintiff is itself an investment fund which was making an investment into another investment fund. Despite expressly acknowledging that the investment – which involved highly complicated swap transactions – involved

---

[3] References to the "Vigna Declaration" are to the Declaration of Jason C. Vigna, dated February 8, 2012, submitted on behalf of the Tremont Defendants in support of their motion to dismiss the Complaint (Dkt No. 673).

6

substantial risk, Plaintiff nevertheless represented that it was finically capable of absorbing the complete loss of its investment. *See* Vigna Declaration, Exhibit B (Subscription Agreement), pp. 21-22. Plaintiff's sophistication and acknowledgement of risk placed upon it a "heightened duty" to conduct its own due diligence concerning any investment in the XL Fund. *Terra Securities ASA Kondursbo, et al. v. Citigroup, Inc., et al.*, 2011 U.S. Dist. LEXIS 118615 at *20.

In *Terra Securities,* the plaintiffs were private investment funds which claimed that the defendants, affiliates of Citigroup, Inc., made misrepresentations and omissions in connection with the sale of certain securities known as fund-linked notes. 2011 U.S. Dist. LEXIS 118615 at *6-7. The court dismissed the plaintiffs' negligent misrepresentation claim as a matter of law on the grounds that, *inter alia*, the plaintiffs, as sophisticated investors, "failed to plausibly allege reasonable reliance on Citigroup's alleged misrepresentations." *Id.* at *20. In so holding, the Court stated that the plaintiffs were not shielded "'from the duty to conduct their own research and analysis of United Stated-based investments and publicly available interest rates.'" *Id.* at *17 (citing from the court's earlier decision in the same case, 740 F. Supp.2d 441, 451 n. 8 [S.D.N.Y. 2010]). The court also stated that the fact that the plaintiffs had never previously invested in the subject securities, "does not excuse Plaintiffs' failure to conduct the diligence expected of a pension fund and private investment company or its designated agents." *Id.*

It is undisputed that the Plaintiff in this action was fully aware, at the time it purchased its investment in the XL Fund, that its investment was tied directly to Madoff and his investment strategy. Compl. ¶¶ 38-39. Being an investment fund itself, Plaintiff had the expertise and ability to conduct its own due diligence of Madoff, including contacting Madoff himself, and to perform its own analysis of Madoff's strategy. While the Plaintiff parrots the allegations from pleadings in other Madoff-related actions and quotes at length from various articles in Barron's and Mar/Hedge magazine which questioned Madoff's strategy (Compl. ¶¶ 58-59), it fails to

7

explain why Plaintiff itself should not have been placed on notice by such articles since it had equal access to those widely circulated publications. Plaintiff also alleges that "**Madoff Publicly Spoke of Secrecy**" as early as May of 2001 and claims that other investment professionals were alerted to warning signs about Madoff. Compl. ¶¶ 57-67. These allegations completely undermine the element of reasonable reliance since, regardless of what Plaintiff alleges the XL Fund negligently misrepresented or omitted concerning Madoff and his strategy, Plaintiff, as an investment professional, was in the same position as the XL Fund to evaluate the investment when it chose to invest in the XL Fund directly, and indirectly through Lakeview.

While the XL Fund disputes that it acted negligently, recklessly or fraudulently in connection with the sale of its limited partnership interests, Plaintiff, as a professional investor, had access to most, if not all, of the so-called "red flags" or "warning signs" that it now claims should have alerted the XL Fund to Madoff's Ponzi scheme. As such, Plaintiff's complaint completely fails to satisfy its obligation to plead facts which demonstrate that it acted reasonably in relying on the representations about Madoff in the XL Fund's offering materials. Based on this deficiency alone, its claim for negligent misrepresentation should be dismissed.

## VI.

## MADOFF'S INTENTIONAL CRIMINAL ACT WAS A SUPERVENING CAUSE

All of Plaintiff's claims against the XL Fund should be dismissed for the separate and independent reason that the XL Fund did not cause the losses that it suffered; Madoff did. "It has long been the law that 'an intervening intentional . . . act will generally sever the liability of the original tort-feasor." *Van Valkenburgh v. Robinson*, 225 A.D.2d 839, 840, 639 N.Y. S. 2d 149 (3d Dep't 1996) (citation omitted). A defendant may be held liable for failing to prevent the intentional criminal act of another only when the criminal act was a "normal and forseeable

8

consequence" of the defendant's own actions. *Caraballo v. United States*, 830 F.2d 19, 22 (2d Cir. 1987).

Under the Restatement (Second) of Torts – which has been adopted by both New York and Delaware courts (*see Ventricelli v. Kinney Sys. Rent A Car, Inc.*, 45 N.Y.2d 950, 952, 411 N.Y.S. 2d 555 (1978); *Hercules Powder Co. v. DiSabatino*, 188 A.2d 529, 534-35 (Del. 1963)) – a crime is a normal and foreseeable consequence of a defendant's own actions only where: "(1) the situation [created by the defendant's actions] provides a temptation to which a 'recognizable percentage' of persons would yield, or (2) the temptation is created at a place where 'persons of a peculiarly vicious type are likely to be." *Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 621 (10th Cir. 1998) (quoting Restatement (Second) of Torts § 448 cmt. b (1965)). Neither requirement is plausibly implicated here, and neither has been alleged in the Complaint.

When presented with claims substantially similar to those alleged here, other courts have summarily dismissed them on the ground, among others, that Madoff's theft was a supervening cause of plaintiffs' alleged losses – including losses incurred by variable life insurance policyholders – cutting off the potential liability of any additional alleged tortfeasors. *See Goldweber v. Harmony Partners, Ltd.*, 09-61902-CIV., 2010 WL 3702508, at *5 (S.D. Fla. Sept. 16, 2010) (Plaintiff's damages were caused by Madoff's Ponzi scheme, not by Defendants."); *Michael S. Rulle Family Dynasty Trust v. AGL Life Assurance Co.*, C.A. No. 10-231, 2010 WL 3522135, at *5 (E.D. Pa. Sept. 8, 2010) ("the injury was attributable to Madoff's conduct"), *aff'd*, 10-4034, 2011 WL 3510285 (3d Cir. Aug. 11, 2011) (to be published in F. App'x). For this same reason, all of the Plaintiff's claims against the XL Fund should be dismissed as a matter of law.

## **CONCLUSION**

For the foregoing reasons, and those set forth in the Tremont Brief, the XL Fund's motion to dismiss should be granted and the complaint should be dismissed as against the XL Fund in its entirety.

Dated: New York, New York
February 21, 2012

                TANNENBAUM HELPERN
                SYRACUSE & HIRSCHTRITT LLP

                By: /s/ David J. Kanfer
                    Ralph A. Siciliano
                    siciliano@thsh.com
                    Jamie B.W. Stecher
                    stecher@thsh.com
                    David J. Kanfer
                    kanfer@thsh.com
                    900 Third Avenue
                    New York, New York 10022
                    (212) 508-6700

                *Attorneys for Defendant*
                *Rye Select Broad Market XL Fund L.P.*