ADAM D. WHITE (N.Y. Bar No. 2390599)
LAW OFFICE OF ADAM D. WHITE
The Transportation Building
225 Broadway, Suite 2000
New York, NY 10007
Tel: (212) 577-9710
Fax: (212) 577-9715

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No.: 08 Civ. 11117 (TPG) |
| This Document Relates to:<br><br>State Law Action, No. 08 Civ. 11183 (TPG) | |

**PLAINTIFF LAKEVIEW INVESTMENTS, LP'S OBJECTION TO APRIL 13, 2011 MINUTE ORDER CONSOLIDATING CASE NO. 1:11-CV-01851 WITH 1:08-CV-11183-TPG**

# OBJECTION TO CONSOLIDATION

Pursuant to ¶15 of the Court's March 26, 2009 Order on Consolidation (the "Master Consolidation Order") (Document 44 in No. 1:08-cv-11117), Plaintiff Lakeview Investments, LP ("Lakeview") objects to the Court's April 13, 2011 Minute Orders (the "Consolidation Orders) consolidating Case No. 1:11 CV-01851 with Case No. 1:08-CV-11183.  *See* Document 422 in 1:08-cv-11117; Document 25 in 1:11-cv-01851).

Although Lakeview's objection to the Consolidation Orders is implicit in the concurrent filing of its Motion for Remand or Partial Remand Pursuant to 28 U.S.C. §1447(c) and 15 U.S.C. §77p(d)(4) and Related Relief (the "Remand Motion"), this Objection states additional grounds for vacating those Orders. It also responds to defense counsel's claim that the Court's April 5, 2011 Order Directing Notice and Setting Final Fairness Hearing (the "April 5 Order")  (Document 419 in 1:08-cv-11117) stays consideration of this Objection and the Remand Motion.

The procedural history of Lakeview's action is detailed in its Memorandum filed in support of the Remand Motion.  *See* concurrently filed Mem. in Support of Motion for Remand, §II, at 3-5. After Lakeview served its initial motion for remand in Case No. 1:11 CV-01851, but before that remand motion was properly docketed, the Consolidation Orders were entered and the docket in Case No. 1:11 CV-01851 was closed.[1] Concurrently with this Objection, Lakeview is re-filing the Remand Motion and supporting papers so that they are properly docketed in this action, and Lakeview respectfully requests an order granting the relief requested in the Motion.

---

[1] Although the Remand Motion and Lakeview's supporting documents were electronically filed in Case No. 1:11 CV-01851, the Motion was not properly docketed because the supporting Memorandum was not uploaded separately from the Notice of Motion and Motion.  The undersigned attorney promptly undertook to correct the docket, but before he could do so, Case No. 1:11 CV-01851 was closed.

Defendants removed Lakeview's action from California state court based upon allegations that Lakeview's California-state law claims were precluded by the Securities Litigation Uniform Standard Act of 1998 ("SLUSA"). As explained in the Remand Motion, SLUSA does not preclude Lakeview's action. Indeed, if it did, no viable State Law Action would exist (except for derivative claims) because, under Defendants' theory, all of the state law claims alleged in the State Law Action would be precluded by SLUSA. Moreover, even if SLUSA did preclude some or all of the putative class claims alleged in Lakeview's complaint, SLUSA definitely does not justify refusing to remand Lakeview's individual claims, or any non-covered putative class claims alleged in Lakeview's complaint. *See*, *generally* Remand Motion, §I, at 7-16.

Defendants may be expected to argue, as they previously did in their Notice of Related Cases (Document 3 in 1:11 CV-01851), that Lakeview's action is "related to" the State Court Action because Lakeview has alleged state law claims arising from its investment in two limited partnerships that are identified in the complaint in the State Law Action (Document 63 in 1:08-cv-11183) and the parties' February 25, 2011, Stipulation for Partial Settlement (the "Settlement Stipulation") (Document 392, Ex. A in 1:08-cv-11117-TPG). However, Defendants' argument merely underscores the serious constitutional defect existing with respect to many claims being alleged in the State Law Action and with respect to the classes defined in the Settlement Stipulation. Plaintiffs in the State Court Action seek to represent class members for whom they have no standing to represent, and they are asserting claims that they themselves do not possess and that they, therefore, lack standing to pursue on behalf of others.

Lakeview's California state law claims arise solely from its investments in California totaling almost $24 million in Rye Select Broad Market XL Fund, L.P. (the "XL Fund") and $1.2 million more in Rye Select Broad Market Fund, L.P. (the "Market Fund"). *See* Defs.' Notice of Removal, Ex. A, ¶¶1, 10 (Lakeview's Verified

Complaint) (Document 1 in 1:11 CV-01851). Although the class representatives in the State Law Action claim to represent Lakeview and all other investors in the XL Fund (the "XL Class"), none of named plaintiffs actually invested in the XL Fund; hence, none of them has standing to pursue any claims on behalf of the XL Class. Similarly, because none of the class representatives' investments in the Market Fund (or any other limited partnership fund) is alleged to have occurred in *California*, none has standing to assert claims on behalf of Lakeview and other California investors who do possess claims against the defendants for violations of California state securities laws.

Individual standing is a prerequisite for all actions, including class actions. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). To satisfy constitutional standing requirements, a plaintiff must allege that he has suffered an "injury in fact" which is concrete and particularized, and actual or imminent, nor conjectural or hypothetical *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[I]t is not enough that the conduct of which the plaintiff complains [has] injure[d] someone"; the representative plaintiff "must also show that he is within the class of persons who were concretely affected." Blum v. Yaretsky, 457 U.S. 991, 999 (1982). Rather, "a predicate to [a plaintiff]'s right to represent a class is his eligibility to sue in his own right"; what the plaintiff may not achieve individually the plaintiff "may not accomplish as a representative of a class." *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 734 (3d Cir. 1970); *see also Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) (the individual injury requirement for standing "is not met by alleging 'that injury has been suffered by other, unidentified members of the class to which [the plaintiff] belong[s] and which [the plaintiff] purport[s] to represent'").

An analysis of the standing question therefore precedes any determination under Rule 23. *See German v. Fed. Loan Home Mortgage Corp.*, 885 F. Supp. 537, 547 (S.D.N.Y. 1995); *Vulcan Society of Westchester County v. Fire Dept. of City of White Plains*, 82 F.R.D.379, 398 (S.D.N.Y. 1979); *see also Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981) (stating that the "constitutional threshold [of standing] must

be met before any consideration of the typicality of claims or commonality of issues required for procedural reasons by Fed. R. Civ. P. 23"). "Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others." *Griffin*, 823 F.2d at 1482.  Standing is not merely a pleading requirement, but an indispensable part of the case, and must be established by evidence appropriate for every stage of the litigation. *See Lujan*, 504 U.S. at 561.

Plaintiffs cannot bypass the injury requirement by simply invoking Rule 23, since "it is black letter law that a rule of procedure cannot create standing." *Pub. Emp. Retirement Sys. of Miss. v. Merrill Lynch & Co.*, 714 F. Supp. 2d 475, 480 (S.D.N.Y. 2010).  "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Carey*, 518 U.S. 343, 357 (1996).  Because standing is a question antecedent to class certification that requires plaintiffs to suffer personal injury, "representative plaintiffs have no standing to assert claims in relation to funds in which they did not personally invest." *Hoffman v. UBS-AG*, 591 F. Supp. 2d 522, 532 (S.D.N.Y. 2008); *see also Public Emp. Retirement Sys.*, 714 F. Supp. 2d at 480.

Nor is it sufficient to establish "that a named plaintiff can establish a case or controversy ... [with] [a] defendant by virtue of having standing as to just one of many claims he [or she] wishes to assert.  Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Griffin*, 823 F.2d at 1483; *see also Blum*, 457 U.S. at 999 (a representative plaintiff "who has been subject to injurious conduct of one kind" does not "possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been

subject"). Consequently, a representative plaintiff might have standing to assert one type of claim against a defendant, yet lack standing to assert other types of claims against the same defendant. *See, e.g., Ackerman v. Oryx Communications, Inc.*, 609 F. Supp. 363, 376 (S.D.N.Y. 1984) (standing to assert §11 claims against defendants involved in IPO did not confer standing to assert §12(c) against the same defendants).

This is no small issue. The named plaintiffs in the State Law Action claim to represent investors in the XL Fund, yet none of them is alleged to have invested in the XL Fund. The named plaintiffs claim to represent California investors who possess California state law claims arising from purchases of limited partnership interests in California, yet none of the plaintiffs is a California investor. Because the named plaintiffs in the State Law Action have no standing to assert claims with respect to XL Fund, and because they further lack standing to assert claims arising under California state securities laws and other California state law, these plaintiffs have no standing to represent Lakeview or the other California investors on behalf of whom Lakeview filed its action. Without satisfying constitutional standing requirements, there is no common "injury in fact" between the claims that may be adjudicated in the State Law Complaint and those that Lakeview is pursuing in its Complaint. Hence, the two cases are not "related," and the Consolidation Orders should be vacated.

After receiving a service copy of Lakeview's remand motion that was to be filed in Case No. 1:11-cv-01851, Defendants' counsel have stated that Defendants need not respond to the Remand Motion because the April 5 Order purportedly stays all proceedings in the State Law Action that are unrelated to the proposed settlement. *See* April 5 Order ¶18 (Document 419 in 1:08-cv-11117). However, the stay order did not stay proceedings under the Master Consolidation Order (Document 44 in 1:08-cv-11117). If it had, the Consolidation Orders would not have been entered. Moreover, ¶15 of the Master Consolidation Order expressly contemplates that the

Court will rule on objections to consolidation. Implicit in the Remand Motion, is the argument that Lakeview's action should be remanded to California state court, not consolidated with the State Law Action. Moreover, notwithstanding the April 5 Order, the remand statutes are not discretionary; if grounds for removal do not exist, the action shall be remanded. *See* 28 U.S.C. §1447(c); 15 U.S.C. §77p(d)(4)

For the reasons stated in the Remand Motion and in the Objection above, the Consolidation Orders should be vacated.[2]

Dated: April 14, 2011                     Respectfully submitted,

                                          LAW OFFICE OF ADAM D. WHITE

                                          By:   /s/ Adam D. White_____
                                               ADAM D. WHITE
                                          The Transportation Building
                                          225 Broadway, Suite 2000
                                          New York, NY 10007
                                          Tel: (212) 577-9710
                                          Fax: (212) 577-9715

                                          Attorneys for Plaintiff

---

[2] Lakeview also opposes consolidation of its action with the State Law Action inasmuch as the requirements to plead and prove its California securities law and declaratory relief claims are significantly different than those being asserted by the named representatives in the State Law Action. For instance, California imposes strict liability for California statutory securities claims unless defendants make a specific factual showing set forth under California Corporations Code §25401. Moreover, control person liability under California Corporation Code §25504 is strictly defined by statute, and does not require "knowing participation" or any other type of assistance to hold indirect parent companies, such as defendant MassMutual, jointly and severally liable with the issuer. However, until the Court rules on the parties' motion for an order approving the Settlement Stipulation, the Court need not consider those objections in the context of consolidation. However, Lakeview expresses reserves the right to challenge the merits of consolidation if the Remand Motion is denied in whole or in part and/or the State Law Action is subsequently scheduled for trial.