SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

___

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2710
DIRECT FAX
917-777-2710

FIRM/AFFILIATE OFFICES
___
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
___
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

June 6, 2011

**BY HAND**

Honorable Thomas P. Griesa
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Opposition to Lakeview's proposed order in *In re Tremont Securities Law, State Law and Insurance Litigation*, Master File No. 08 Civ. 11117 (TPG)

Dear Judge Griesa:

On behalf of the Tremont Defendants,[1] we oppose entry of the proposed order (Dkt. No. 540) submitted to the Court by plaintiff Lakeview Investment, LP ("Lakeview"). If entered, Lakeview's proposed order (the "Proposed Order") would operate to: (i) grant Lakeview's "request" to opt out of the class provisionally certified by the Court (the "Class") in connection with the proposed settlement of this litigation (the "Proposed Settlement"); (ii) sustain Lakeview's objection to this Court's determination to consolidate Lakeview's action, Lakeview Investments, L.P. v. Schulman, former docket no. 11 Civ. 1851 (TPG) (the "Lakeview

---

[1] The Tremont Defendants (also referred to herein as "Tremont") are: Tremont Partners, Inc., Tremont Group Holdings, Inc., Tremont (Bermuda) Limited, Tremont Capital Management, Inc., Rye Investment Management, Robert I. Schulman, Rupert A. Allan, Harry Hodges, James Mitchell, Lynn O. Keeshan, Patrick Kelly, Stephen Thomas Clayton, Stuart Pologe and Cynthia J. Nicoll.

Honorable Thomas P. Griesa
June 6, 2011
Page 2

Action"), with the other related litigation pending before this Court (the "Consolidated Tremont Litigation"); and (iii) remand the Lakeview Action to state court.

As explained in more detail below, Lakeview's Proposed Order is either entirely unnecessary or completely unwarranted. The Court therefore should deny Lakeview's request for entry of the order.

Lakeview's Opt-Out Request

On or about May 11, 2011, Lakeview timely exercised its right to opt out of the Class. Because Lakeview had an absolute right to opt out, see Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-812 (1985), there is no need for this Court to enter an order ratifying Lakeview's exercise of that right.

Lakeview's Opposition to Consolidation

Pursuant to an Order entered on April 13, 2011 (the "Lakeview Consolidation Order"), this Court consolidated the Lakeview Action with the Consolidated Tremont Litigation, finding upon review of Lakeview's complaint that Lakeview's "case arises out of the same subject matter as the proceedings under 08 Civ. 11117." (Dkt No. 422.) There is no reason for the Court to reconsider the Lakeview Consolidation Order at this juncture, and Lakeview proffers none. (Compare Lakewood's Objection to Consolidation Order, Dkt. No. 424, with Tremont Defendants' Memorandum Addressing Consolidation of Lakeview Investments with the State Law Actions, Dkt. No. 428.)

Lakeview's Request to Remand

Defendants timely removed the Lakeview Action from a California state court to the United States District Court for the Northern District of California. They did so pursuant to 28 U.S.C. § 1441(b) because Lakeview's claims arise under the laws of the United States, namely, the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 78bb, et seq. The Judicial Panel on Multidistrict Litigation subsequently granted defendants' application to transfer the Lakeview Action to this Court for consolidation with the Consolidated Tremont Litigation.

Following transfer, Lakeview filed a motion to remand its action to state court. (Dkt. No. 425.) This Court, however, had previously entered an order (Dkt. No. 419 at 17, ¶ 18) staying all proceedings in the Consolidated Tremont Litigation pending resolution of the parties' motion for approval of the Proposed Settlement (the "Settlement Motion"). That stay remains in place and, consequently, defendants have not yet filed their papers in opposition to Lakeview's remand motion. Nevertheless, defendants intend to oppose that motion vigorously and have compelling

Honorable Thomas P. Griesa
June 6, 2011
Page 3

grounds to do so. The Tremont Defendants therefore respectfully request that the Court defer taking any action on Lakeview's remand motion pending defendants' submission of opposition papers at an appropriate juncture after the Settlement Motion has been resolved.

* * *

For all these reasons, this Court should deny Lakewood's request for entry of the Proposed Order.

Respectfully submitted,

Seth M. Schwartz

cc:  S. Benjamin Rozwood, Esq. (by e-mail)
     All counsel of record (by e-mail)