UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | : : : : |
| | Master File No. 08 Civ. 11117(TPG) |
| This Document Relates to: | : : |
| LAKEVIEW INVESTMENT, LP | : : |
| | 11 Civ. 1851 (TPG) |
| Plaintiff, | : : : |
| - against - | : : |
| ROBERT SCHULMAN, et al. | : : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### REPLY IN SUPPORT OF
### MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
Tel.: (212) 705-7000

*Attorneys for Defendant Massachusetts
Mutual Life Insurance Company*

A/74813002.4

**TABLE OF CONTENTS**

**Page(s)**

ARGUMENT ...................................................................................................................................1

    A.    The Class Settlement and Judgment Bar All of Lakeview's Claims. .......................1

    B.    The Complaint Was Properly Removed and Is Barred by SLUSA. ........................2

        1.    Lakeview's Complaint Is a "Covered Class Action" Barred by SLUSA. ....................................................................................................3

        2.    The Vast Majority of Decisions from this District and Elsewhere Hold That SLUSA Bars Claims Similar to Lakeview's. ..................................................................................................4

        3.    All of Lakeview's Claims Against MassMutual Should Be Dismissed with Prejudice. ............................................................................5

    C.    Lakeview Fails to State a Claim against MassMutual under California Corporations Code § 24501. ....................................................................5

CONCLUSION ................................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*American Pipe & Constr. Co. v. State of Utah*,
   414 U.S. 538 (1974)..................................................................................................2

*Anwar v. Fairfield Greenwich Ltd.*,
   728 F. Supp. 2d 372 (S.D.N.Y. 2010).......................................................................5

*Barron v. Igolnikov*,
   2010 WL 882890 (S.D.N.Y. 2010)...........................................................................4

*Brown v. Calamos*,
   664 F.3d 123 (7th Cir. 2011) .................................................................................4, 5

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
   600 F.3d 190 (2d Cir. 2010)......................................................................................2

*Durham v. Kelly*,
   810 F.2d 1500 (9th Cir. 1987) ..................................................................................7

*Hellum v. Breyer*,
   194 Cal. App. 4th 1300 (2011) .................................................................................6

*In re Beacon Assoc. Litig.*,
   745 F. Supp. 2d 386 (S.D.N.Y. 2010).......................................................................4

*In re J.P. Jeannerete Assoc's Inc.*,
   769 F. Supp. 2d 340 (S.D.N.Y. 2011).......................................................................4

*In re Kingate Management Ltd. Litig.*,
   2011 WL 1362106 (S.D.N.Y. March 30, 2011) .......................................................4

*In re Merkin*,
   2011 WL 4435873 (S.D.N.Y. Sept. 23, 2011).......................................................4, 5

*Laird v. Capital Cities/ABC*,
   68 Cal. App. 4th 727 (1998) .....................................................................................6

*Levinson v. PSCC Services, Inc.*,
   2009 WL 5184363 (D. Conn. 2009) .........................................................................5

A/74813002.4

*Matsushita Elec. Indus. Co. v. Epstein*,
   516 U.S. 367 (1996)..................................................................................................2

*Newman v. Family Management Corp.*,
   748 F. Supp. 2d 299 (S.D.N.Y. 2010)........................................................................4

*Pension Comm. Of Univ. of Montreal Pension Plan v. Banc of Am. Sec. LLC*,
   750 F. Supp. 2d 450 (S.D.N.Y. 2010)........................................................................5

*Underhill v. National Mortgage Exchange, Inc.*,
   769 F.2d 1426 (9th Cir. 1985) ...................................................................................7

*United States v. Bestfoods*,
   524 U.S. 51 (1998).....................................................................................................6

*Wolf Living Trust v. FM Multi-Strategy Inv. Fund*,
   2010 WL 4457322 (S.D.N.Y. Nov. 2, 2010).............................................................4

**STATUTES**

15 U.S.C.
   § 77o............................................................................................................................7
   § 78bb(f)(2).................................................................................................................2

California Corporations Code
   § 24501...................................................................................................................5, 6
   § 25504...................................................................................................................6, 7

# ARGUMENT[1]

### A.   The Class Settlement and Judgment Bar All of Lakeview's Claims.

Lakeview brought this action on a representative basis "for itself and on behalf of all other California residents" that invested in the Market Fund and the XL Fund.  Compl. ¶¶ 1, 69, 71.  Lakeview, itself, alleges that it made a "capital contribution of $1.2 million to the Broad Market Fund … on August 26, 2008."  *Id.* ¶ 10.  Based on that allegation and its allegation of its investment in the XL Fund, Lakeview's Complaint asserts putative class claims against MassMutual for control person liability.  *Id.* ¶¶ 90-96 (Third Cause of Action); *id.* ¶¶ 97-103 (Fourth Cause of Action).

In its Opposition to Defendants' Motion for Judgment on the Pleadings, Lakeview states "[it] did not opt out of the settlement class with respect to its claims pertaining to the Market Fund" (Opp. at 2) and concedes that its failure to opt out means that "those claims have been dismissed as a result of the Judgment."  Opp. at 5, n.1.[2]  Lakeview, however, postures that its "individual" claims with respect to the XL Fund are still extant. *See* Opp. at 2.  Lakeview misperceives the effect of the class Settlement.

The Court, in approving the class Settlement, made no provision for partial opt outs.  Said another way, the decision to opt out, or in this case, to not opt out, was an all or nothing proposition.  There is no alternative basis for plaintiff to "opt out" with respect to one count of a complaint (here, Count IV), but not opt out with respect to another count of the complaint (here, Count III).  Lakeview's failure to opt out of the Settlement results in the dismissal "with prejudice" of all claims that were or "could have been

---

[1] Capitalized terms herein have the same meaning as in MassMutual's Memorandum of Law in Support of Its Motion for Judgment on the Pleadings ("Opening Brief").

[2] The Judgment is at Docket No. 604 in Civ. Action No. 08-cv-11117-TPG. Lakeview's action was consolidated and placed under the master docket Civ. Action No. 08-cv-11117-TPG.  *See* Docket No. 25 in Civ. Action 11-cv-1851-TPG.

1

asserted in any forum by . . . any Settlement Class Member [or] any Settling Fund . . . that relate to the purchase, retention ownership or sale of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments in Madoff."  Judgment ¶¶ 13, 15 (Civ. Action No. 08-cv-11117-TPG, Docket No. 604); *see also American Pipe & Constr. Co. v. State of Utah*, 414 U.S. 538, 549 (1974) (potential class members are "either non-parties to the suit and ineligible to participate in a recovery or to be bound by a judgment, or else they are full members who must abide by the final judgment …"). The Notice of Settlement made this clear: "Unless you exclude yourself, you give up any right to sue the Settling Defendants or the Released Parties for the Released Claims."  *See* Notice of Pendency of Consolidated Actions, Motion for Final Approval of Proposed Settlement, Hearing on Proposed Settlement and Motion for Attorneys' Fees and Expenses at 12 (Civ. Action No. 08-cv-11117-TPG, Docket No. 554).  Lakeview's claims are barred by the principles of release and res judicata.  *See, e.g., Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 377-79 (1996) (plaintiff who did not opt out bound by releases in settlement judgment); *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) ("Under both New York law and federal law, the doctrine of res judicata, or claim preclusion, provides that [a] final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action.") (internal citations and quotations omitted).

      **B.**     **The Complaint Was Properly Removed and Is Barred by SLUSA.**

As explained in MassMutual's Opening Brief, the Complaint was properly removed pursuant to SLUSA and is barred by SLUSA.  Opening Brief at 5-9.  As a complaint removed under SLUSA -- asserting claims barred by SLUSA -- SLUSA requires that the Court dismiss the claims against MassMutual with prejudice.  15 U.S.C. § 78bb(f)(2).

### 1. Lakeview's Complaint Is a "Covered Class Action" Barred by SLUSA.

Lakeview brought this action on a representative basis on behalf of "all other California residents that invested" in two different Rye Funds -- the Market Fund and the XL Fund -- who "are so numerous that joinder of all its members is impractical." Compl. ¶¶ 69, 71. Lakeview further alleges that "[t]here are questions of law which are common to the . . . [c]lass and which predominate over questions affecting any individual . . . [c]lass member." *Id*. at ¶ 72. Since Lakeview filed its putative class action Complaint on December 10, 2010, it has neither filed an amended complaint nor sought leave to amend.[3] For reasons stated in MassMutual's Opening Brief, the Complaint is a "covered class action." Opening Brief at 5-9.

Lakeview attempts to save its Complaint from SLUSA preemption by arguing that its class claims should now be viewed as "individual" claims. Lakeview is the master of its own complaint. It never brought "individual claims" against MassMutual. It never amended its complaint. Given that Lakeview's complaint was and remains a putative class action complaint, and that Complaint was properly removed pursuant to SLUSA, Lakeview does not now get a "do-over." It cannot now ask the Court to disregard its own Complaint's class allegations in an effort to oust this Court of jurisdiction. Lakeview also cannot, after a dismissal, attempt to revoke the proper jurisdiction this Court had when it dismissed Lakeview's claims.

---

[3] On October 20, 2011, the Court held a status conference to discuss a briefing schedule to address the remaining Tremont actions. On November 14, 2011, the Court directed the plaintiffs in the remaining actions, including Lakeview, to consider whether they wish to file amended or consolidated complaints and, if they elect to do so, file any amended complaints by December 19, 2011. The Court also set a briefing schedule for responses. (*See* Docket No. 54). Lakeview did not file an amended complaint on December 19, 2011. Thus, faced with Lakeview's Complaint, which asserts two purported class claims against MassMutual, MassMutual complied with the schedule established by the Court and filed its motion.

3

The Seventh Circuit rejected a similar argument in *Brown v. Calamos*, 664 F.3d 123, 131 (7th Cir. 2011). In *Brown*, defendants removed the action to federal court pursuant to SLUSA, and, thereafter, also pursuant to SLUSA, the district court dismissed with prejudice. On appeal, plaintiffs asked the court essentially to disregard certain allegations that concerned misrepresentations -- allegations that caused the action to be subject to SLUSA. Plaintiffs sought to transform the prejudicial dismissal to one without prejudice, or alternatively to obtain leave to amend so that the case could be remanded to state court. The Seventh Circuit refused to allow plaintiffs to amend the complaint to delete the offending allegations. A plaintiff cannot "prevent the defendant from defending in a court that obtained jurisdiction of the case on his own initiative." *See Brown*, 664 F.3d at 131. Further, "[a] lawyer who files a securities suit should know about SLUSA and ought to be able to control the impulse to embellish his securities suit with [allegations that bring the cause into SLUSA's ambit]." *Id.* at 128. Here, Lakeview brought class action claims against MassMutual. These claims are barred by SLUSA, and the Complaint should be dismissed with prejudice.

> 2. **The Vast Majority of Decisions from this District and Elsewhere Hold That SLUSA Bars Claims Similar to Lakeview's.**

Lakeview's Opposition ignores the growing body of law in this District and elsewhere that claims exactly like Lakeview's, based on purported misrepresentations made in connection with the sale of limited partnership interests in funds that invested with Madoff, are made "in connection with a covered securities" and are preempted by SLUSA. *See, e.g., In re Merkin*, 2011 WL 4435873, *11 (S.D.N.Y. Sept. 23, 2011); *In re J.P. Jeannerete Assoc's Inc.*, 769 F. Supp. 2d 340, 378 (S.D.N.Y. 2011); *In re Kingate Management Ltd. Litig.*, 2011 WL 1362106 (S.D.N.Y. March 30, 2011); *Wolf Living Trust v. FM Multi-Strategy Inv. Fund*, 2010 WL 4457322, *3 (S.D.N.Y. Nov. 2, 2010); *Newman v. Family Management Corp.*, 748 F. Supp. 2d 299 (S.D.N.Y. 2010); *In re Beacon Assoc. Litig.*, 745 F. Supp. 2d 386 (S.D.N.Y. 2010); *Barron v. Igolnikov*, 2010

4

WL 882890, *5 (S.D.N.Y. 2010); *see also Levinson v. PSCC Services, Inc.*, 2009 WL 5184363, *9 (D. Conn. 2009). (These cases are discussed in MassMutual's Opening Brief at 5-9.)

Rather than directly address these cases, Lakeview asserts that the "few unreported district court cases" holding claims similar to Lakeview's are barred are "distinguishable." Opp. at 8.[4] Lakeview never distinguishes these SLUSA cases, but instead cites *Pension Comm. Of Univ. of Montreal Pension Plan v. Banc of Am. Sec. LLC*, 750 F. Supp. 2d 450 (S.D.N.Y. 2010) and *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372 (S.D.N.Y. 2010). *Montreal Pension* does not involve a limited partnership that invested money with Madoff. *Anwar* is acknowledged as an outlier. *In re Merkin*, 2011 WL 4435873,*11 (highlighting numerous opinions from district courts in the Second Circuit that have held claims exactly like Lakeview's are preempted by SLUSA).

### 3. All of Lakeview's Claims Against MassMutual Should Be Dismissed with Prejudice.

When a specific claim is determined to be barred by SLUSA, it is a decision on the merits, and the Court should dismiss the claim with prejudice. *See Brown*, 664 F.3d at 128 ("But when SLUSA is a bar, it operates as an affirmative defense, which is a defense on the merits, not a jurisdictional defense."). All of Lakeview's claims against MassMutual are precluded by SLUSA and should be dismissed with prejudice.

### C. Lakeview Fails to State a Claim against MassMutual under California Corporations Code § 24501.

Lakeview's claims against MassMutual are dismissed with prejudice by the express language of the Judgment. Lakeview's claims are also barred by SLUSA.

---

[4] A number of these cases are reported. Thus, Lakeview's statement that "[a] few unreported district court decisions" hold otherwise is not true. *See* Opp. at 8.

5

Independent of those two reasons, Lakeview has failed to state a claim for relief under California law.  *See* MassMutual's Opening Brief at 9-14.

Lakeview relies heavily on *Hellum v. Breyer*, 194 Cal. App. 4th 1300 (2011) to argue that California Corporations Code § 24501 creates a presumptive liability for a corporate great grandparent such as MassMutual.  This assertion is wholly unsupported by *Hellum* or any other California case.  California Corporations Code § 25504 states:

> [e]very person who directly or indirectly controls a person liable under Section 25501 or 25503, every partner in a firm so liable, every principal executive officer or director of a corporation so liable . . . are also liable jointly and severally with and to the same extent as such person.

The issue addressed in *Hellum* is whether "the liability of an executive officer or director under section 25504 . . . is contingent upon pleading and proving that the executive officer or director controlled the primary violator."  *Hellum*, 194 Cal. App. 4th at 1310.  Its holding is specifically limited to executive officers and directors.  MassMutual is the corporate great-grand parent of TPI, the general partner of the Market Fund and XL Fund.  California law provides no basis for applying presumptive liability to a corporate great-grandparent of an alleged primary violator, and *Hellum* provides no basis for extending its holding to upstream owners.

California Corporations Code § 25504 does not mandate that a corporate parent, let alone great-grandparent, or for that matter any stockholder, is jointly and severely liable solely based on stock ownership.  California has not, as Lakeview suggests, upended that deeply ingrained principle of corporate law that a parent is not generally liable for the acts of its subsidiary.  *United States v. Bestfoods*, 524 U.S. 51, 62 (1998); *see, e.g., Laird v. Capital Cities/ABC*, 68 Cal. App. 4th 727, 742 (1998) ("to hold a parent corporation liable for the acts or omissions of its subsidiary, . . . the plaintiff must show specific manipulative conduct by the parent toward the subsidiary which relegates the latter to the status of merely an instrumentality, agency, conduit or adjunct of the former.") (internal citations and quotations omitted).

6

With respect to control person liability (not the officer and director liability discussed in *Hellum*), California and federal law are similar.  *See Underhill v. National Mortgage Exchange, Inc*., 769 F.2d 1426, 1433 (9th Cir. 1985) ("[t]he control person statute under California law [§ 25504] is substantially the same as the federal statute [15 U.S.C. § 77o]") (*rev'd on other grounds, Reves v. Ernst & Young*, 494 U.S. 56 (1990)); *Durham v. Kelly*, 810 F.2d 1500, 1504-1505 (9th Cir. 1987) (definition of control person under Section 25504 is the same as Section 15 of the Securities Act and Section 20(a) of the Exchange Act).  Lakeview concedes in its Opposition that it has pled no facts to support its allegation that MassMutual actually controlled a primary violator.  As a result, Lakeview finds itself unable adequately to allege that MassMutual is a controlling person within the meaning of the statute.

## CONCLUSION

For the foregoing reasons, and those in its opening brief, Massachusetts Mutual Life Insurance Company respectfully requests that the Court grant its motion for judgment on the pleadings and dismiss the Complaint against MassMutual with prejudice.

DATED:  March 20, 2012

                                                                Respectfully submitted,

                                                                BINGHAM McCUTCHEN LLP

                                                                /s/ Carol E. Head
                                                                Kenneth I. Schacter
                                                                kenneth.schacter@bingham.com
                                                                Timothy J. Stephens
                                                                timothy.stephens@bingham.com
                                                                399 Park Avenue
                                                                New York, New York 10022
                                                                (212) 705-7000

7

Joseph L. Kociubes*
joseph.kociubes@bingham.com
Carol E. Head*
carol.head@bingham.com
One Federal Street
Boston, MA 02110
(617) 951-8000
*admitted pro hac vice

*Attorneys for Defendant
Massachusetts Mutual Life Insurance
Company*

8