IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master Docket No. 1:08-11117 (TPG) |
| CUMMINS INC., as the authorized representative of the Cummins Inc. Grantor Trust dated September 10, 2007, as amended, | |
| Plaintiff, | |
| v. | Civil Action No. 1:10-9252 (TPG) |
| NEW YORK LIFE INSURANCE COMPANY, NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, TREMONT CAPITAL MANAGEMENT, INC., RYE INVESTMENT MANAGEMENT, MASSMUTUAL HOLDING LLC, MASSACHUSETTS MUTUAL LIFE INSURANCE CO., OPPENHEIMER ACQUISITION CORP., RYE SELECT BROAD MARKET PRIME FUND L.P., RYE SELECT BROAD MARKET XL FUND L.P., RYE SELECT BROAD MARKET INSURANCE PORTFOLIO, LDC, TREMONT OPPORTUNITY FUND III, L.P., TREMONT (BERMUDA) LTD.,TREMONT GROUP HOLDINGS, INC.,and TREMONT PARTNERS, INC., | ECF CASE<br><br>JURY TRIAL DEMANDED |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT *INSTANTER*** 

Plaintiff Cummins Inc. ("Cummins"), in support of its Motion for Leave to File Second Amended Complaint *Instanter*, states as follows:

1. In lieu of filing responses in opposition to Defendants' motions to dismiss (collectively, the "Motions"), and pursuant to Federal Rule of Civil Procedure 15(a)(2), Cummins seeks leave to file, *instanter*, a Second Amended Complaint ("SAC," attached as

Exhibit 1 to the Declaration of Sara Siegall dated April 13, 2012), which Cummins believes will moot Defendants' arguments as to the legal insufficiency of Cummins' claims.

2. In their respective Motions, Defendants rely heavily on the argument that victims of Madoff's fraud, as a matter of law, may not shift the blame to third parties based upon those parties' alleged knowledge of numerous "red flags" and corresponding failure to detect Madoff's fraud.

3. The revisions in the Second Amended Complaint make clear that this is not a "red flags case," and that Cummins' claims are not based upon Defendants' failure to uncover Madoff's ponzi scheme. Put another way, Cummins is not alleging that Defendants knew of, recklessly disregarded, and/or deliberately concealed Madoff's fraud.

4. Rather, the thrust of Cummins' complaint is that the New York Life and Tremont Defendants partnered to induce Cummins' investment in the Tremont Opportunity Fund, III (the "Tremont Fund"), twenty-two percent of which was at all relevant times entrusted to Madoff, on false pretenses. In the course of inducing Cummins to purchase VUL insurance policies and invest its corresponding excess premium payments in the Tremont Fund, the New York Life and Tremont Defendants, with the other Defendants' active assistance: (i) misrepresented the level of oversight and due diligence that Defendants had conducted with respect to Madoff; (ii) misrepresented the percentage of the Tremont Fund's total assets that could be entrusted to Madoff; and (iii) omitted any disclosure that, in truth, Defendants had not and could not verify with any degree of certainty whether Madoff was investing the Tremont Fund's assets in legitimate securities, much less whether he invested those assets in accordance with his touted "split strike conversion strategy," or the investment objectives set forth in Tremont's and New York Life's offering materials.

5.      In addition to differentiating this case from the "red flags cases" on which Defendants rely in their Motions, the proposed Second Amended Complaint contains numerous additional allegations and revisions that respond to and moot Defendants' other arguments. These changes and additions include, without limitation, the following:

a.   Cummins has added allegations concerning a "Participation Agreement" between New York Life and Tremont, demonstrating that New York Life and Tremont at all relevant times were working together to market the Tremont Fund to Cummins and were aware of and approved each other's misrepresentations and omissions concerning the Tremont Fund (SAC ¶¶ 25-26);

b.   Cummins has dropped its breach of contract claim against New York Life based upon the New York Life PPM, and has instead substantially amended its claim against New York Life for breach of the implied covenant of good faith and fair dealing (SAC ¶¶ 143-149);

c.   Cummins has revised its fraud claim to clarify that it is a claim for fraud in the inducement based upon Defendants' knowing misrepresentations and omissions on which Cummins relied in choosing to invest in the Tremont Fund (SAC ¶¶ 27-35, 125-134);

d.   Cummins has added allegations concerning these misrepresentations and omissions and has pleaded pre-existing allegations with greater specificity (SAC ¶¶ 27-35);

e.   Cummins has added allegations concerning the MassMutual Defendants and Oppenheimer Defendants' (i) active participation in the preparation of Tremont's offering materials; (ii) knowledge of the misrepresentations and omissions contained therein; and (iii) knowledge that such materials would be used to induce potential investors such as Cummins to invest in the Tremont Fund (SAC ¶¶ 31-32, 118-124); and

f.   Cummins has added a claim of civil conspiracy based upon both new and pre-existing allegations of each Defendants' intentional participation in furtherance of the New York Life and Tremont Defendants' scheme to induce Cummins' investment in the Tremont Fund on false pretenses (SAC ¶¶ 165-170).

6.      Under Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely given" and "should be denied only for such reasons as undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v.*

*Amero Concrete Co., Inc.*, 404 F.3d 566, 603-604 (2d Cir. 2005); *Anderson News, L.L.C. v. American Media, Inc.*, 10-4591-cv, 2012 WL 1085948, at *19 (2d Cir. April 3, 2012) (stating that permission to amend should be "freely granted" and holding that the trial court abused its discretion in denying plaintiff's request for leave to file an amended complaint).

7.   Further, particularly in complex securities cases, courts typically give plaintiffs at least one opportunity to correct any deficiencies in their complaint following receipt of guidance from the court. *See Ato Ram, II, Ltd. v. SMC Multmedia Corp.*, No. 03 civ 5569, 2004 WL 744792, at *6 (S.D.N.Y. April 7, 2004) (granting motion to dismiss based on certain deficiencies in plaintiff's amended complaint but affording plaintiff leave to correct those deficiencies in a second amended complaint).

8.   Under the law as set forth above, Cummins' motion for leave to file a Second Amended Complaint should be granted. This is Cummins' first attempt to amend its pleading following receipt of motions to dismiss challenging the sufficiency of its claims, the Court has not yet ruled on the sufficiency of Cummins' claims, and discovery has not yet begun.

9.   Allowing Cummins to file the Second Amended Complaint will promote judicial economy, as it will obviate the need to brief most if not all of defendants' arguments in their pending Motions.

10.  This motion is brought in the interests of justice and not for any improper purpose.

For the foregoing reasons, plaintiff Cummins, Inc. respectfully requests that this Court grant its motion for leave to file, *instanter*, the proposed Second Amended Complaint provided herewith as Exhibit A to the Declaration of Sara Siegall, dated April 13, 2012.

| | |
|---|---|
| **Dated: April 13, 2012** | Respectfully submitted, |
| | Plaintiff Cummins Inc., as the authorized representative of the Cummins Inc. Grantor Trust dated September 10, 2007 |
| | By: <u>s/ Sara Siegall</u><br>        One of its attorneys |

**Lead Counsel**

*(Admitted Pro Hac Vice )*

Kevin M. Flynn
Kevin M. Flynn & Associates
77 West Wacker, Suite 4800
Chicago, Illinois 60601
312-456-0240

Robert A. Chapman
Sara Siegall
Chapman Spingola, LLP
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
312-630-9202

**Local Counsel**

Jonathan D. Berg, Esq.
Lagemann Law Offices
300 East 42nd Street, 10th FL
New York, NY 10017
212-599-0990

<u>**CERTIFICATE OF SERVICE**</u>

     I, Sara Siegall, an attorney, hereby certify that on April 13, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF electronic filing system, which will send a notice of electronic filing to counsel of record.

                                      <u>/s/ Sara Siegall</u>