UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE TREMONT SECURITIES LAW, : Master File No.
STATE LAW AND INSURANCE : 08 Civ. 11117 (TPG)
LITIGATION :
---------------------------------------------------------------:
This Document Relates to: :
 :
ELENDOW FUND, LLC, :
 : 10 Civ. 9061 (TPG)
        Plaintiff, :
 :
  -against- : ECF Case
 : Electronically Filed
RYE SELECT BROAD MARKET XL FUND, :
L.P., et al., :
 :
Defendants. :
---------------------------------------------------------------x


**DEFENDANT OPPENHEIMER ACQUISITION CORP.'S REPLY MEMORANDUM IN
FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT**

            David A. Kotler
            DECHERT LLP
            902 Carnegie Center, Suite 500
            Princeton, New Jersey 08540
            Tel.: (609) 955-3200
            Fax: (609) 955-3259

            *Attorneys for Defendant Oppenheimer*
            *Acquisition Corp.*

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.    PLAINTIFF FAILS TO STATE AN AIDING AND ABETTING CLAIM AGAINST OAC .................................................................................................................. 2

    A    Plaintiff Fails To Allege That OAC Had Actual Knowledge Of Tremont's Purported Breach Of Fiduciary Duty ....................................................................... 2

    B.    Plaintiff Fails To Allege OAC's Substantial Assistance In Tremont's Alleged Breach of Fiduciary Duty. ....................................................................... 3

II.    PLAINTIFF FAILS TO STATE A SECTION 20(A) CLAIM AGAINST OAC ............. 4

    A.    Plaintiff Fails To Plead That OAC Controlled A Primary Violator And The Transactions At Issue. ................................................................................. 4

    B.    Plaintiff Fails to Plead The Necessary Element Of Culpable Participation ........... 7

CONCLUSION ............................................................................................................................ 10

## **TABLE OF AUTHORITIES**

*Anwar v. Fairfield Greenwich Ltd.*,
 728 F. Supp. 2d 372 (S.D.N.Y. 2010) ............................................................................... 10

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................................ 4

*Burstyn v. Worldwide XCeed Group, Inc.*,
 01 Civ. 1125, 2002 WL 31191741 (S.D.N.Y. Sept. 30, 2002) ........................................... 8

*CLAL Finance Batucha Investment Management, Ltd. v. Perrigo Co.*,
 09 Civ. 2255, 2010 WL 4177103 (S.D.N.Y. Oct. 7, 2010) ................................................ 8

*CompuDyne Corp. v. Shane*,
 453 F. Supp. 2d 807 (S.D.N.Y. 2006) ................................................................................. 9

*Coronel v. Quanta Capital Holdings, Inc.*,
 07 Civ. 1405, 2009 WL 174656 (S.D.N.Y. Jan. 26, 2009) ................................................. 8

*CRT Invs., Ltd. v. BDO Seidman, LLP*,
 No. 601052/09, 2011 WL 2225050 (1st Dep't 2011) ......................................................... 3

*DGM Invs. Inc. v. New York Futures Exch. Inc.*,
 265 F. Supp. 2d 254 (S.D.N.Y. 2003) (Opp. at 10) ............................................................ 4

*Dietrich v. Bauer*,
 126 F. Supp. 2d 759 (S.D.N.Y. 2001) ................................................................................. 5

*Employees' Ret. Sys. v. J.P. Morgan Chase & Co.*,
 804 F. Supp. 2d 141 (S.D.N.Y. 2011) ............................................................................ 5, 7

*Fezzani v. Bear Stearns & Co.*,
 384 F. Supp. 2d 618 (S.D.N.Y. 2004) ................................................................................. 7

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*,
 479 F. Supp. 2d 349, 360 (S.D.N.Y. 2007) ......................................................................... 4

*H & H Acquisition Corp. v. Fin. Intranet Holdings*,
 669 F. Supp. 2d 351 (S.D.N.Y. 2009) ................................................................................. 5

*Hilton Head Holdings bv v. Peck*,
 No. 11 Civ. 7768, 2012 WL 613729 (S.D.N.Y. Feb 23, 2012) ...................................... 4, 7

*In re Alstom SA Sec. Litig.*,
 406 F. Supp. 2d 433 (S.D.N.Y. 2005) ................................................................................. 5

*In re Blech Sec. Litig.*,
    961 F. Supp. 569 (S.D.N.Y. 1997) ...................................................................................7

*In re Corning, Inc. Sec. Litig.*,
    349 F. Supp. 2d 698 (S.D.N.Y. 2004)................................................................................5

*In re Global Crossing, Ltd. Sec. Litig.*,
    02 Civ. 910, 2005 WL 1907005 (S.D.N.Y. Aug. 8, 2005) .................................................5

*In re Initial Public Offering Sec. Litig.*,
    241 F. Supp. 2d 281 (S.D.N.Y. 2003)................................................................................4

*In re Livent, Inc. Sec. Litig.*,
    148 F. Supp. 2d 331 (S.D.N.Y. 2001)................................................................................8

*In re MBIA, Inc. Sec. Litig.*,
    700 F. Supp. 2d 566 (S.D.N.Y. 2010)................................................................................8

*In re Refco, Inc. Sec. Litig.*,
    503 F. Supp. 2d 611 (S.D.N.Y. 2007)................................................................................9

*In re Sanofi-Aventis Sec. Litig.*,
    774 F. Supp. 2d 549 (S.D.N.Y. 2011)................................................................................6

*In re Sharp Int'l Corp.*,
    403 F.3d 43 (2d Cir. 2005)................................................................................................4

*In re Sotheby's Holdings, Inc.*,
    00 Civ. 1041, 2000 WL 1234601 (S.D.N.Y. Aug. 31, 2000) ............................................5

*JP Morgan Chase Bank v. Winnick*,
    406 F. Supp. 2d 247 (S.D.N.Y. 2005)................................................................................2

*Kalin v. Xanboo, Inc.*,
    526 F. Supp. 2d 392 (S.D.N.Y. 2007)................................................................................8

*Lautenberg Foundation v. Madoff*,
    No. 09 Civ. 816, 2009 WL 2928913 (D.N.J. Sept. 9, 2009).............................................9

*Mishkin v. Ageloff*,
    No. 97 Civ. 2690, 1998 WL 651065 (S.D.N.Y. Sept. 23, 1998).....................................10

*Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*
    741 F. Supp. 2d 474 (S.D.N.Y. 2010)................................................................................7

*Plumbers & Pipefitters' Local No. 562 Supplemental Plan & Trust v. J.P. Morgan Acceptance Corp. I*,
    No. 08 Civ. 1713, 2012 WL 601448 (E.D.N.Y. Feb. 23, 2012)....................................8, 9

*Police & Fire Ret. Sys. v. SafeNet, Inc.*,
   645 F. Supp. 2d 210 (S.D.N.Y. 2009)..................................................................................9

*Rosner v. Bank of China*,
   No. 06 Civ. 138562, 2008 WL 5416380 (S.D.N.Y. Dec. 18. 2008),
   *aff'd*, 349 F. App'x 637 (2d Cir. 2009).................................................................................2

*Ruiz v. Charles Schwab & Co.*,
   736 F. Supp. 461 (S.D.N.Y. 1990) ......................................................................................10

*S.E.C. v. First Jersey Sec., Inc.*,
   101 F.3d 1450 (2d Cir. 1996)..........................................................................................5, 10

*Silverman Partners, L.P. v. First Bank*,
   687 F. Supp. 2d 269 (S.D.N.Y. 2010)...................................................................................3

*Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*,
   64 A.D.3d 472 (1st Dep't 2009) ...........................................................................................3

*STMicroelectronics v. Credit Suisse Group*,
   775 F. Supp. 2d. 525 (E.D.N.Y. 2011) ...........................................................................5, 10

*United States v. Bestfoods*,
   524 U.S. 51 (1998)................................................................................................................6

## STATUTES

15 U.S.C. § 80b-3 ............................................................................................................................6

15 U.S.C. § 80b-4 ............................................................................................................................6

## OTHER AUTHORITIES

Form ADV, Uniform Application for Investment Adviser Registration, Item 10,
   Schedules A and B, *available at* http://www.sec.gov/about/forms/formadv.pdf. .....................6

## PRELIMINARY STATEMENT

Plaintiff's Opposition to OAC's[1] motion to dismiss ("Opp.") does nothing to rebut any of the several independent legal bases for dismissing OAC from this case. Plaintiff offers no support for the conclusory assertions in its Amended Complaint that OAC knew about, controlled, or participated in any alleged misconduct emanating from the Madoff scheme. Rather, Plaintiff relies on irrelevant allegations concerning funds it did not invest in, actions purportedly taken by non-party OFI, and mere indicia of OAC's role as Tremont Group's parent company. However, the law in this District is clear that much more is required to state either an aiding and abetting or a Section 20(a) control person claim than allegations of an ordinary parent-subsidiary relationship; thus, Plaintiff's Opposition only reaffirms the appropriateness of dismissal of the claims against OAC.

First, because Plaintiff is unable to plead OAC's actual knowledge of Tremont's alleged misconduct through its "red flags" allegations, Plaintiff lobbies for a "conscious avoidance" standard. Not only has "conscious avoidance" been rejected by the weight of authority in this District, but Plaintiff's Amended Complaint provides not a single allegation to meet even this lower standard. Moreover, conceding that OAC never did anything to affirmatively participate in Tremont's alleged misconduct, Plaintiff tries to argue that OAC's complete lack of participation constitutes its substantial assistance. However, where -- as here -- a party has no express duty to act, well-settled law establishes that mere inaction is insufficient to allege substantial assistance.

---

[1] Capitalized terms used herein have the same meaning as defined in OAC's Memorandum Of Law In Support Of Its Motion to Dismiss The Amended Complaint. ("OAC Br.").

1

Second, this Court -- and the vast majority of courts in this District -- requires that a plaintiff asserting a Section 20(a) claim plead both that an alleged control person had actual control over the underlying violation and culpably participated in that conduct.  Recognizing that it has pled no facts supporting either element, Plaintiff contends that ordinary indicia of OAC's status as Tremont Group's parent and OAC's alleged failure to supervise Tremont are enough.  The unfortunate facts of Madoff's Ponzi scheme do not justify allowing Plaintiff to proceed to discovery against OAC without carrying its burden of pleading both OAC's actual control over, and active participation in, Tremont's alleged misrepresentations and deficient due diligence.

## ARGUMENT

### I.  PLAINTIFF FAILS TO STATE AN AIDING AND ABETTING CLAIM AGAINST OAC

Plaintiff attempts to support its aiding and abetting claim with the unremarkable -- and legally insufficient -- allegation that "[b]y virtue of its ownership interest and shared executives, OAC had the ability to influence and direct the actions of the Tremont defendants."  Opp. at 10.  This unsupported argument does not begin to carry Plaintiff's burden to allege that OAC had actual knowledge of, and substantially assisted in, Tremont's alleged misconduct.

#### A    Plaintiff Fails To Allege That OAC Had Actual Knowledge Of Tremont's Purported Breach Of Fiduciary Duty

Acknowledging that its "red flags" averments are insufficient to plead OAC's actual knowledge of Tremont's purported misconduct, Plaintiff now posits that the actual knowledge requirement is satisfied by allegations of "conscious avoidance."  Opp. at 10.  Plaintiff's contention "is inconsistent with the prevailing judicial opinion" in this district.  *JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 253 n.4 (S.D.N.Y. 2005); *see also Rosner v. Bank of China*, No. 06 Civ. 138562, 2008 WL 5416380, at *8 (S.D.N.Y. Dec. 18. 2008) (stating that it

2

is "the minority of cases in this District that have permitted an allegation of willful blindness to satisfy the scienter requirement of actual knowledge"), *aff'd*, 349 F. App'x 637 (2d Cir. 2009). Moreover, even if "conscious avoidance" could satisfy the actual knowledge requirement (and it cannot), neither Plaintiff's Amended Complaint nor its Opposition attempts to allege that OAC consciously avoided knowledge of Madoff's fraud and Tremont's alleged breach of fiduciary duty.  *See*, in addition to cases cited in OAC Br. at 7-8, *Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 286 (S.D.N.Y. 2010) (granting motion to dismiss aiding and abetting claim because "red flags" allegations insufficient "to give rise to a strong inference of actual knowledge" of the underlying wrong).

### B. Plaintiff Fails To Allege OAC's Substantial Assistance In Tremont's Alleged Breach of Fiduciary Duty

Plaintiff's attempts to satisfy the substantial assistance element are equally inadequate. Plaintiff's conclusory assertion that OAC had an ownership interest in and shared executives with Tremont (Opp. at 10) shows nothing more than that OAC was Tremont's parent company, and in no way alleges OAC's substantial assistance in any underlying violation.  *See*, in addition to cases cited in OAC Br. at 12-13, *CRT Invs., Ltd. v. BDO Seidman, LLP*, No. 601052/09, 2011 WL 2225050, at *2 (1st Dep't 2011) ("substantial assistance . . . means more than just performing routine business services" for the alleged primary violator).  Moreover, even if Plaintiff's allegations could suffice as evidence of OAC's substantial assistance, Plaintiff fails to allege -- as it must -- how OAC's ownership of Tremont "proximately caused the harm on which the primary liability is predicated."  *Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*, 64 A.D.3d 472, 489 (1st Dep't 2009) (dismissing aiding and abetting claim).

Nor can Plaintiff allege substantial assistance based on OAC's "gross recklessness and failures to act." Opp. at 10.  Plaintiff recognizes that substantial assistance through inaction

3

requires well-pled allegations that "a defendant . . . fails to act *when required to do so*," but fails to provide any basis by which OAC could conceivably owe Plaintiff a duty to supervise its subsidiary. *Id.* (quoting *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 360 (S.D.N.Y. 2007)) (emphasis added). Thus, because "the mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff," Plaintiff's aiding and abetting claim fails as a matter of law. *In re Sharp Int'l Corp.*, 403 F.3d 43, 50 (2d Cir. 2005);[2] *see Hilton Head Holdings bv v. Peck*, No. 11 Civ. 7768, 2012 WL 613729, at *4 (S.D.N.Y. Feb 23, 2012) (dismissing aiding and abetting claim because defendant does not owe a fiduciary duty to plaintiff and, thus, "[o]nly factual content regarding the [defendants'] affirmative assistance will suffice").

## II.  PLAINTIFF FAILS TO STATE A SECTION 20(A) CLAIM AGAINST OAC

Plaintiff argues that it need not allege either OAC's actual control over, or culpable participation in, Tremont's alleged misrepresentations and faulty due diligence to plead its Section 20(a) claim. Opp. at 5, 7. Plaintiff is wrong on both points. *See* OAC Br. at 6, 9.[3]

### A.  **Plaintiff Fails To Plead That OAC Controlled A Primary Violator And The Transactions At Issue**

As detailed in OAC's opening brief (OAC Br. at 11), to allege "control," Plaintiff must provide facts sufficient to show that OAC "not only ha[d] actual control over [Tremont], but

---

[2]  Plaintiff's reliance on *DGM Invs. Inc. v. New York Futures Exch. Inc.*, 265 F. Supp. 2d 254 (S.D.N.Y. 2003) (Opp. at 10) is inapposite because that case involves an agency claim, not aiding and abetting, and Plaintiff does not (and could not) establish an agency relationship between OAC and Tremont.

[3]  Plaintiff also distorts the applicable pleading standard by asserting that it "need not provide anything more than sufficient notice to permit defendant to file an answer." Opp. at 4 (quoting *In re Initial Public Offering Sec. Litig.*, 241 F. Supp. 2d 281, 324 (S.D.N.Y. 2003). *In re Initial Public Offering* was decided prior to the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), which established that "labels and conclusions[] and a formulaic recitation of the elements of a cause of action" do not suffice, and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."

ha[d] actual control over the transaction in question." *H & H Acquisition Corp. v. Fin. Intranet Holdings*, 669 F. Supp. 2d 351, 361 (S.D.N.Y. 2009) (dismissing Section 20(a) claim for failure to allege control over violation). Plaintiff's attempt to dispute the necessity of pleading control over Tremont's alleged violations (Opp. at 5) flies in the face of numerous decisions by the courts of this District and should rejected. *See, e.g.*, *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 487 (S.D.N.Y. 2005) (a Section 20(a) defendant must have "actual control over the transaction in question"); *In re Global Crossing, Ltd. Sec. Litig.*, 02 Civ. 910, 2005 WL 1907005, at *12 (S.D.N.Y. Aug. 8, 2005) (same); *In re Sotheby's Holdings, Inc.*, 00 Civ. 1041, 2000 WL 1234601, at *8 (S.D.N.Y. Aug. 31, 2000) (same).

Unable to allege OAC's actual control over Tremont's allegedly deceptive statements, Plaintiff seeks to alter the standard so that a mere parent-subsidiary relationship is sufficient to satisfy the "control" element. Opp. at 5. As numerous courts in this District have recognized, a parent/subsidiary relationship -- without some further indication that the parent controlled the subsidiary's alleged Section 10(b) violation -- is insufficient to plead control. *See*, in addition to cases collected in OAC Br. at 12, *Employees' Ret. Sys. v. J.P. Morgan Chase & Co.*, 804 F. Supp. 2d 141, 157 (S.D.N.Y. 2011) ("Allegations that an entity was the parent corporation of a primary violator, standing alone, do not make out a claim of control."); *In re Corning, Inc. Sec. Litig.*, 349 F. Supp. 2d 698, 722 (S.D.N.Y. 2004) (corporate shareholder not a control person where it did not have "the power to give directions or orders to" primary violator).[4] That Tremont -- accurately and as required by the federal securities laws -- disclosed OAC's

---

[4] None of the cases Plaintiff cites stands for the proposition that parent company status is itself sufficient to allege control. In *STMicroelectronics v. Credit Suisse Group*, 775 F. Supp. 2d. 525, 536 (E.D.N.Y. 2011), the plaintiff alleged that the parent entity, in addition to being the sole shareholder, was directly involved in the underlying events and "retained ultimate authority to decide how to respond to complaints" about the fraud. Neither *Dietrich v. Bauer*, 126 F. Supp. 2d 759 (S.D.N.Y. 2001), nor *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450 (2d Cir. 1996), is a parent/subsidiary case.

5

ownership, does not in any way infer that OAC controlled Tremont for purposes of a Section 20(a) claim.  *See* 15 U.S.C. § 80b-3, 80b-4; Form ADV, Uniform Application for Investment Adviser Registration, Item 10, Schedules A and B, *available at* http://www.sec.gov/about/forms/formadv.pdf.  Companies filing a Form ADV with the SEC are required to disclose all direct owners of 5% or more of a class of voting securities and any indirect owners that own 25% or more of a class of voting securities of a direct owner, regardless of the actual control exercised by such entities.  OAC was properly named in Tremont Partners' filing as an indirect owner based on its ownership interest in Tremont Group.  Were such a designation alone sufficient to state a control person claim, any parent company with the requisite ownership interest would be exposed to control person claims based on its subsidiary's putative conduct.  No court has adopted such an absolute theory of liability that would squarely conflict with the U.S. Supreme Court's recognition that it is a "general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries."  *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

Nor does Plaintiff sufficiently allege OAC's control of Tremont's alleged misconduct through its recitations that: (1) OAC executives sat on Tremont's board; (2) OAC provided support services to Tremont and "'publicly touted how they often work together' and 'shar[e] information about Tremont's clients;'" and (3) non-party OFI and Tremont shared office space and engaged in joint marketing efforts.  Opp. at 6.  Plaintiff cites no authority that any of these allegations -- individually or collectively -- demonstrates control for purposes of a Section 20(a) claim.  *See In re Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 572 (S.D.N.Y. 2011) (dismissing Section 20(a) claim lacking allegations that defendants "made either of the statements that constitute actionable omissions" or "had 'actual control' over the statements").

Even if Plaintiff could allege that OAC "influenced" Tremont as its corporate parent, it still would fall short of pleading control sufficient to state a viable Section 20(a) claim. *See Fezzani v. Bear Stearns & Co.*, 384 F. Supp. 2d 618, 645 (S.D.N.Y. 2004) ("Allegations of influence are not the same as the power to direct the management and policies of the primary violator."); *In re Blech Sec. Litig.*, 961 F. Supp. 569, 587 (S.D.N.Y. 1997) (advising primary violator to sell securities was an "exercise of influence" but did not amount to actual control). Plaintiff's attempt to remedy this defect with conclusory allegations that OAC participated in and knew about Tremont's general operations and had "'direct and supervisory involvement in the day-to-day actions' of Tremont" (Opp. at 8) is insufficient. *Employees' Ret. Sys.*, 804 F. Supp. 2d at 157 ("allegation that [parent entity] 'had the power to, and did, direct [subsidiary]' is too conclusory to warrant an inference in the plaintiff's favor").

Finally, this novel Section 20(a) pleading standard that Plaintiff offers, *i.e.*, where control may be pled based on nothing more than that the defendant was an indirect parent of an alleged primary violator, should be rejected because Plaintiff cannot make an end-run around the "heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences." *Hilton Head Holdings*, 2012 WL 613729, at *5.

**B.     Plaintiff Fails to Plead The Necessary Element Of Culpable Participation**

Plaintiff also fails to plead OAC's culpable participation in Tremont's alleged underlying misconduct. *See, e.g.*, in addition to the cases cited in OAC Br. at 14, *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 741 F. Supp. 2d 474, 492 (S.D.N.Y. 2010) ("the weight of well-reasoned authority is that to withstand a motion to dismiss a section 20(a) . . . claim, a plaintiff must allege some level of culpable participation at least

7

approximating recklessness"); *Coronel v. Quanta Capital Holdings, Inc.*, 07 Civ. 1405, 2009 WL 174656, at *24 (S.D.N.Y. Jan. 26, 2009) ( "a [Section 20(a)] complaint must allege . . . culpable participation"); *Kalin v. Xanboo, Inc.*, 526 F. Supp. 2d 392, 407 (S.D.N.Y. 2007) ("the weight of Second Circuit precedent favors the view that a Plaintiff plead 'culpable participation' to state a section 20(a) claim").

Plaintiff attempts to dismiss the culpable participation element by arguing that the majority of courts in this District do not understand the language of Section 20(a).  Opp. at 7. Plaintiff is not this first to make this argument, and this Court should reject Plaintiff's call to deviate from the well-established and well-reasoned decisions by the majority of the courts in this District,[5] including this Court's own decision in *CLAL Finance Batucha Investment Management, Ltd. v. Perrigo Co.*, 09 Civ. 2255, 2010 WL 4177103 (S.D.N.Y. Oct. 7, 2010).[6]

Equally misplaced is Plaintiff's reliance on cases finding that culpable participation is not a pleading requirement for claims under Section 15 of the Securities Act of 1933.  *See* Opp. at 9-10 (citing *Plumbers & Pipefitters' Local No. 562 Supplemental Plan & Trust v. J.P. Morgan Acceptance Corp. I*, No. 08 Civ. 1713, 2012 WL 601448 (E.D.N.Y. Feb. 23, 2012)).[7]  Although culpable participation is not an element of a *prima facie* Section 15 case, courts in this District

---

[5] *See In re Livent, Inc. Sec. Litig.*, 148 F. Supp. 2d 331, 354 (S.D.N.Y. 2001) ("the authority available balances toward holding that the plaintiff bears the burden of pleading culpability as part of a *prima facie* case under § 20(a)"); *In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d 566, 598 (S.D.N.Y. 2010) ("having reviewed the relevant cases, the Court . . . continues to find that 'culpable participation' is a pleading requirement to state a § 20(a) claim"); *Burstyn v. Worldwide XCeed Group, Inc.*, 01 Civ. 1125, 2002 WL 31191741, at *7 (S.D.N.Y. Sept. 30, 2002) (rejecting argument that Section 20(a) allows for only a good faith affirmative defense and not a culpable participation pleading requirement).

[6] Plaintiff's misunderstanding of the culpable participation pleading requirement is not surprising given that Plaintiff simply copied entire sections of an opposition brief filed by an unrelated party in a separate action against OAC.  Compare Opp. at 7-8 with 09 Civ. 3708 Dkt. No. 73 at 4-6.

[7] The court issued its initial opinion, to which Plaintiff cites, on December 13, 2011.  Opp. at 8. Due to a clerical error, the court issued a corrected order on February 23, 2012.  OAC cites the corrected opinion, which for purposes relevant to this motion is identical to the opinion cited by Plaintiff.

have routinely held that it is a *prima facie* element of a Section 20(a) case. *See, e.g., Police & Fire Ret. Sys. v. SafeNet, Inc.*, 645 F. Supp. 2d 210, 241-42 (S.D.N.Y. 2009) (dismissing 20(a) claim for failure to allege culpable participation while finding that "[c]ulpable participation is not an element for claims under Section 15"); *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 660 (S.D.N.Y. 2007) ("Unlike § 15, § 20(a) requires that the plaintiff must also 'allege culpable participation in some meaningful sense.'"). Plaintiff ignores this distinction, and its reliance on *Plumbers* is inapposite because -- contrary to Plaintiff's contention -- that case does not hold that culpable participation is not a pleading requirement under Section 20(a). *Plumbers*, 2012 WL 601448, at *21 (finding only that culpable participation "should not be applied to causes of action under Section 15").

Nor can Plaintiff support its fallback argument that allegations that OAC failed to supervise Tremont satisfy the culpable participation element. Opp. at 9. The cases Plaintiff cites demonstrate only that inaction may constitute culpable participation where a defendant has a legal duty to act. Plaintiff cites no case supporting its contention that a parent holding company may culpably participate by failing to act. Plaintiff relies on *Lautenberg Foundation v. Madoff*, No. 09 Civ. 816, 2009 WL 2928913 (D.N.J. Sept. 9, 2009), but there the court expressly stated that "mere inaction is not enough to rise to culpable participation."[8] Likewise, in *CompuDyne Corp. v. Shane*, 453 F. Supp. 2d 807, 829-30 (S.D.N.Y. 2006), the court found that the defendant broker-dealer's culpable participation in its employee's underlying violation was adequately pled by allegations of its failure to supervise because: (1) the primary violator was an agent of the defendant; (2) the defendant had "an 'affirmative duty' to see that its employees comply with

---

[8] The *Lautenberg* court found defendant Peter Madoff's inaction sufficient because he -- unlike OAC -- was a director, officer and general counsel of BMIS, and was "charged with the responsibility and authority to run BMIS in accordance with the law." *Id.* at *2, 15.

9

applicable securities regulations;" and (3) the defendant was "subject to 'certain supervision obligations imposed . . . by Section 15 of the 1934 Act."[9] Plaintiff does not (and cannot) allege that an agency relationship existed between OAC and Tremont or that OAC owed any legal duty to Plaintiff to supervise Tremont's due diligence and disclosures.  *See supra* at Point I.B.  Thus, without "some detail about what [OAC] is alleged to have done, and when [OAC] did it," Plaintiff's Section 20(a) claim must be dismissed.  *Mishkin v. Ageloff*, No. 97 Civ. 2690, 1998 WL 651065, at *26 (S.D.N.Y. Sept. 23, 1998); *see also Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 413-14 (S.D.N.Y. 2010) (allegations of a defendant's "passive" role related to Madoff fraud insufficient for purposes of culpable participation under Section 20(a)).

## CONCLUSION

For the foregoing reasons, as well as those set forth in its opening brief, OAC respectfully submits that its motion to dismiss the Amended Complaint should be granted in its entirety and with prejudice.

Dated:  Princeton, New Jersey
        April 20, 2012

>                                 DECHERT LLP
>
>                                 By: /s/ David A. Kotler
>                                 David A. Kotler
>                                 david.kotler@dechert.com
>                                 902 Carnegie Center, Suite 500
>                                 Princeton, New Jersey  08540
>                                 Tel.: (609) 955-3200
>                                 Fax: (609) 955-3259
>
>                                 *Attorneys for Defendant Oppenheimer Acquisition Corp.*

14405645

---

[9] The other cases cited by Plaintiff, *S.E.C. v. First Jersey Sec., Inc.*, *STMicroelectronics v. Credit Suisse Group* and *Ruiz v. Charles Schwab & Co.*, 736 F. Supp. 461 (S.D.N.Y. 1990) all occur the context of broker-dealers that had clear statutory and fiduciary duties to act.