PILLSBURY WINTHROP SHAW PITTMAN LLP
Maria T. Galeno
Greg T. Lembrich
1540 Broadway
New York, NY 10036-4039
Tel.: (212) 858-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master Docket No. 08-Civ-11117 (TPG) |
| CUMMINS INC.,<br><br>               Plaintiff,<br><br>       - against -<br><br>NEW YORK LIFE INSURANCE COMPANY, et al.,<br><br>              Defendants. | Civil Action No. 1:10-9252 (TPG) |

**MEMORANDUM OF LAW OF DEFENDANTS NEW YORK LIFE INSURANCE COMPANY AND NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

May 10, 2012

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ........................................................................................................................... 3

I.  LEGAL STANDARD ....................................................................................................... 3

II. LEAVE TO FILE A SECOND AMENDED COMPLAINT SHOULD BE DENIED
    AS FUTILE ................................................................................................................... 4

    A. Plaintiff's "New" Claims Are Fatally Deficient ....................................................... 4
        1. Plaintiff Cannot State a Fraudulent Inducement Claim ...................................... 4
        2. Plaintiff's Civil Conspiracy Claim Is Invalid Under New York Law .................. 8
    B. Counts from Plaintiff's Amended Complaint Continue to Fail for the Same Reasons
       Set Forth in Defendants' Pending Motion to Dismiss ............................................. 9
        1. Negligent Misrepresentation ........................................................................... 9
        2. Breach of the Implied Covenant of Good Faith and Fair Dealing ..................... 10
        3. Breach of Fiduciary Duty ................................................................................. 10
        4. Unjust Enrichment .......................................................................................... 10
        5. Violations of New York General Business Law § 349 ...................................... 11

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Alexander & Alexander of N.Y. v. Fritzen,*
   68 N.Y.2d 968 (1986) ...................................................................................................8

*Atkins v. Bohrer,*
   11 Civ. 4939, 2011 WL 6779311 (S.D.N.Y. Dec. 23, 2011) ........................................2

*Brackett v. Griswold,*
   112 N.Y. 454 (1889) ......................................................................................................8

*Cuoco v. Mortisugu,*
   222 F.3d 99 (2d Cir. 2000) ............................................................................................4

*Eaves v. Designs for Finance, Inc.,*
   785 F. Supp. 2d 229 (S.D.N.Y. 2011) ...........................................................................5

*Foman v. Davis,*
   371 U.S. 178 (1962) .......................................................................................................3

*Hafez v. Avis Rent A Car System, Inc.,*
   2000 U.S. App. LEXIS 31032 (2d Cir. Nov. 29, 2000) .................................................4

*Health-Chem Corp. v. Baker,*
   915 F.2d 805 (2d Cir. 1990) ..........................................................................................4

*Joblove v. Barr Laboratoriess, Inc.,*
   466 F.3d 187 (2d Cir. 2006) ........................................................................................3-4

*Jones v. New York State Div. of Military & Naval Affairs,*
   166 F.3d 45 (2d Cir. 1999) ............................................................................................3

*Lewis v. Rosenfeld,*
   138 F. Supp. 2d 466 (S.D.N.Y. 2001) ...........................................................................8

*Litras v. Litras,*
   254 A.D.2d 395 (2d Dep't 1998) ...................................................................................8

*Loop Production v. Capital Connections LLC,*
   797 F. Supp. 2d 338 (S.D.N.Y. 2011) ...........................................................................5

*Maxim Group LLC v. Life Partners Holdings, Inc.,*
   690 F. Supp. 2d 293 (S.D.N.Y. 2010) ........................................................................4-5

*In re Parmalat Securities Litigation,*
   477 F. Supp. 2d 602 (S.D.N.Y. 2007) ...........................................................................8

501008156v6

*Riverbank Realty Co. v. Koffman*,
    179 A.D.2d 542 (1st Dep't 1992) ....................................................................8

*Ruffolo v. Oppenheimer & Co.*,
    987 F.2d 129 (2d Cir. 1993).............................................................................4

*Sawabeh Information Services Co. v. Brody*,
    No. 11 Civ. 4164, 2011 WL 6382701 (S.D.N.Y. Dec. 16, 2011).................5

*Three Crown Ltd. P'ship v. Caxton Corp.*,
    817 F. Supp. 1033 (S.D.N.Y. 1993).............................................................. 5-6

*United States v. McKeon*,
    738 F.2d 26 (2d Cir. 1984) ..............................................................................5

*Van Buskirk v. N.Y. Times Co.*,
    325 F.3d 87 (2d Cir. 2003)................................................................................3

*Ward v. City of New York*,
    15 A.D. 3d 392 (2d Dep't 2005) ......................................................................8

## CODES, RULES AND STATUTES

Federal Rule of Civil Procedure 9(b)........................................................................5

## PRELIMINARY STATEMENT

Defendants New York Life Insurance Company ("New York Life") and New York Life Insurance and Annuity Corporation ("NYLIAC") (collectively the "New York Life Defendants"), submit this memorandum in opposition to the motion of Plaintiff Cummins Inc. ("Cummins") for leave to file a Second Amended Complaint ("Motion").[1] As set forth below, Plaintiff's Proposed Second Amended Complaint fails to cure the fatal defects of its prior Amended Complaint and leave to amend should therefore be denied as futile.

Cummins filed its original complaint in this action on December 10, 2010. On December 18, 2011, after the Court lifted a stay of all Tremont-related actions, Cummins filed its Amended Complaint, in which it added a breach of contract claim, a negligent misrepresentation claim, and a claim under New York General Business Law Section 349. The New York Life Defendants filed a motion to dismiss the Amended Complaint on January 30, 2012. Under the Court's scheduling order, the deadline for Cummins' opposition to the motion to dismiss was February 29, 2012. Cummins requested a generous extension of time to respond and, on February 23, 2012, the parties submitted a stipulation providing for a 45-day extension of time (until April 13, 2012) for Cummins to file its opposition. Thus, Cummins had more than **10 weeks** from the date that the motion to dismiss was filed to prepare and submit its opposition.

Instead of filing an opposition to the motion to dismiss, however, Cummins ignored it and, on the extended April 13, 2012 deadline, filed the Motion seeking leave to file its Proposed Second Amended Complaint. In the Proposed Second Amended Complaint, with respect to the New York Life Defendants, Plaintiff:

- abandoned its breach of contract claim, but applied many of the former contract-based allegations to an enlarged breach of the implied covenant of good faith and

---

[1] New York Life has no involvement in this case other than as parent company to NYLIAC. *See* Proposed Second Amended Complaint ¶ 4. That fact, without more, provides no basis to name New York Life as a defendant in this action, and Plaintiff has alleged nothing more. Accordingly, all claims against New York Life should be dismissed.

fair dealing claim;

- abandoned its common law fraud claim as stated, instead substituting a fraudulent inducement cause of action; and

- added a civil conspiracy claim (not recognized as an independent claim under New York law), alleging that the New York Life Defendants conspired with Tremont Partners, Inc. ("Tremont") to make false and misleading statements to Plaintiff.

Because Cummins failed to oppose the New York Life Defendants' motion to dismiss, and for the reasons discussed in the memorandum of law supporting that motion ("Pending Motion to Dismiss"), the New York Life Defendants' motion to dismiss should be granted. Cummins filed its Amended Complaint more than one year after it initiated this action, and admittedly did so after a "review of complaints filed by the United States Government and the Securities and Exchange Commission [], news reports published in the financial press, and other available information." Amended Compl. at 1-2. That amendment was filed in accordance with this Court's schedule, whereby Plaintiff expressly was given the opportunity either to amend its complaint or stand on its original pleading with the understanding that this process would "arrive at a date when the complaints are final" and "motions against those complaints" could proceed. Tremont Dkt. 631 at 8. Cummins, therefore, had sufficient opportunity to investigate the facts underlying its claims, to consider the substantial Madoff-related jurisprudence that has developed in this District and in other federal courts, and amend its complaint accordingly, with full knowledge that motions to dismiss would immediately follow. *See Atkins v. Bohrer*, 11 Civ. 4939, 2011 WL 6779311, at *9 (S.D.N.Y. Dec. 23, 2011) (denying leave to amend where plaintiff "had already been given an opportunity to amend his pleadings and he took advantage of that opportunity").

Given Plaintiff's failure to oppose the New York Life Defendants' motion to dismiss by the (extended) deadline, the only question raised by Cummins' present Motion is whether the

2

motion to dismiss should be granted with or without prejudice. The New York Life Defendants respectfully submit that their motion to dismiss should be granted with prejudice and that Cummins' motion to amend should be denied as untimely and futile.  As set forth below, to the extent that the Proposed Second Amended Complaint purports to assert new claims, those claims fail as a matter of law.  With respect to the claims in the Proposed Second Amended Complaint that are the same, or essentially the same, as the claims in the Amended Complaint, those claims also fail as a matter of law for the reasons already presented to the Court in the Pending Motion to Dismiss.

After having had more than ample time to investigate its claims and consider other Madoff-related decisions – including numerous cases dismissing claims similar to those Plaintiff asserts here – the Proposed Second Amended Complaint demonstrates that Cummins still cannot state viable claims against the New York Life Defendants.  Thus, Plaintiff should not be permitted a third bite at the apple.

## ARGUMENT

### I.   LEGAL STANDARD

While Rule 15(a) states that the "Court should freely give leave [to amend a complaint] where justice so requires," a motion for leave to amend may be denied when amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that denial of leave to amend is not abuse of discretion where amendment would be futile); *see also Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 91-92 (2d Cir. 2003) (affirming district court's judgment denying leave to amend as futile); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999) (holding that "a district court may properly deny leave when amendment would be futile" and affirming district court's denial of leave to amend).  This is particularly so when substantive deficiencies in the complaint establish that amendment would be futile. *See Joblove*

*v. Barr Labs., Inc.*, 466 F.3d 187, 220-21 (2d Cir. 2006) (finding that district court did not abuse

its discretion in denying plaintiffs leave to amend their pleading where plaintiffs could "prove no

set of facts in support of their claim"); *Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000)

("The problem with [plaintiff]'s causes of action is substantive; better pleading will not cure it.

Repleading would thus be futile. Such a futile request to replead should be denied."); *Hafez v.*

*Avis Rent A Car System, Inc.*, 2000 U.S. App. LEXIS 31032, at *5 (2d Cir. Nov. 29, 2000)

(holding that "the denial of leave to amend does not constitute an abuse of discretion when

granting leave would be unproductive … or where the proposed amendments would be

meritless."); *see also Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where

it appears that granting leave to amend is unlikely to be productive…it is not an abuse of

discretion to deny leave to amend."); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.

1990) (stating that where "there is no merit in the proposed amendments, leave to amend should

be denied").

## II.    LEAVE TO FILE A SECOND AMENDED COMPLAINT SHOULD BE DENIED AS FUTILE

### A.    Plaintiff's "New" Claims Are Fatally Deficient

In its Proposed Second Amended Complaint, Plaintiff adds claims for fraudulent

inducement and civil conspiracy, neither of which can withstand a futility analysis.

#### 1.    Plaintiff Cannot State a Fraudulent Inducement Claim

Under New York law, fraudulent inducement has four elements: "(i) the defendant made

a material false representation, (ii) the defendant intended to defraud the plaintiff thereby, (iii)

the plaintiff reasonably relied upon the representation, and (iv) the plaintiff suffered damage as a

result of such reliance." *Maxim Group LLC v. Life Partners Holdings, Inc.*, 690 F.Supp.2d 293,

306 (S.D.N.Y. 2010).[2] Fraudulent inducement claims are "subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which provides that 'in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Eaves v. Designs for Finance, Inc.*, 785 F.Supp.2d 229, 246-47 (S.D.N.Y. 2011) (applying Rule 9(b) to fraudulent inducement claim).

In its Proposed Second Amended Complaint, Plaintiff not only fails to plead its claim with the requisite particularity, but, as if its Amended Complaint did not exist, seeks to obfuscate facts previously pled that negate its claims against the New York Life Defendants. As with its Amended Complaint, Cummins' key fraud allegation is that it was misled regarding the percentage of assets of Tremont Opportunity Fund III ("TOF III") that could be invested with one manager. *See* Proposed Second Amended Complaint ¶¶ 4-6, 38-39, 126. While the Amended Complaint alleged that it was **Tremont** who made the representations to Cummins that no more than 6% of TOF III's total assets could be invested with one manager, the Proposed Second Amended Complaint states only that "**Defendants**" or "Tremont **and/or** New York Life" made such representations. *Compare* Amended Complaint ¶¶ 8, 10, 62, 99 *with* Proposed Second Amended Complaint ¶¶ 4-6, 38-39, 126, 156; *see United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) ("The law is quite clear that [prior] pleadings constitute the admissions of a party-opponent...."). Thus, Plaintiff has now pled its fraudulent inducement claim in the Proposed Second Amended Complaint with even **less** particularity than it previously pled its common law fraud claim in the Amended Complaint. Plaintiff cannot avoid dismissal of its fraud claim against NYLIAC through vague and incomplete pleading, especially in the face of the heightened particularity requirements for a fraud claim. *See Three Crown Ltd. P'ship v.*

---

[2] Courts have frequently recognized that these elements are substantially the same as those for common law fraud under New York law. *See, e.g., Sawabeh Information Services Co. v. Brody*, No. 11 Civ. 4164, 2011 WL 6382701, at *9 (S.D.N.Y. Dec. 16, 2011) ("The elements of fraudulent inducement are substantially the same as those for common law fraud."); *Loop Production v. Capital Connections LLC*, 797 F.Supp.2d 338, 351 (S.D.N.Y. 2011) (noting that the "elements of a claim for fraudulent inducement are similar" to those of common law fraud).

*Caxton Corp.*, 817 F. Supp. 1033, 1040 (S.D.N.Y. 1993) ("[W]here multiple defendants are charged with fraud, the complaint must be specific as to the nature of each defendant's alleged participation in the fraud"); *see also* Pending Motion to Dismiss at 12-13.

As Plaintiff did in the Amended Complaint, Plaintiff again relies on statements in the NYLIAC PPM to suggest that NYLIAC had control over the investments of its variable universal life insurance ("VUL") policyholders. Proposed Second Amended Complaint ¶ 28. But the statements referenced (such as that NYLIAC had the right to remove TOF III from its platform) do not support the false allegation that NYLIAC had control over TOF III's investments. In fact, the Tremont PPM clearly stated to the contrary. *See* Pending Motion to Dismiss at 8-9 (noting that Tremont "is responsible for selecting [TOF III']s Managers, allocating assets among Managers and monitoring [TOF III]'s investments" and that limited partners, like NYLIAC, "cannot take part in the management or control of [TOF III]'s business").

Plaintiff relies upon the Participation Agreement between NYLIAC and Tremont and alleges that they were "acting in concert to market and sell the Tremont Fund . . . ." Proposed Second Amended Complaint ¶ 26. To the extent Plaintiff is suggesting that the Participation Agreement makes NYLIAC responsible for the statements made by Tremont in its PPM or elsewhere, the Participation Agreement (which Plaintiff concedes it did not have at the time it made its investment) provides no support for such an argument. First, the Participation Agreement does not say that. Second, Plaintiff was expressly on notice that NYLIAC was **not** responsible for Tremont's statements. Cummins was specifically informed that NYLIAC did not independently verify Tremont's statements or information regarding TOF III or any information provided by the underlying funds. Pending Motion to Dismiss at 7. In the NYLIAC PPM, NYLIAC advised prospective purchasers of VUL policies, including Cummins, that

6

"information about the Funds is provided by the Funds," and that NYLIAC does not

"independently verify" information provided by the funds, that it "relies on the performance and

net asset value information provided by the investment adviser, and is not responsible for

incorrect information" provided by the funds. *Id.* Moreover, Plaintiff was informed by both

NYLIAC and Tremont that NYLIAC could not select, control, or monitor TOF III's managers

and investments. *Id.* at 7-8, 8-9. Thus, Plaintiff cannot satisfy the misrepresentation element of

its fraud claim by referring to statements of Tremont. Failure to identify any false statement by

NYLIAC, particularly in light of the express disclaimers and cautionary language in NYLIAC's

PPM, is fatal to Plaintiff's fraudulent inducement claim. *See* Pending Motion to Dismiss at 13-

14.

     In the face of the avalanche of Southern District authority dismissing Madoff-related "red

flags" cases (*see* Pending Motion to Dismiss at 14-16), Plaintiff attempts to retreat from those

allegations, disingenuously arguing that "this not a 'red flags case.'" Motion at 2. Indeed,

Plaintiff asserts that it "is not alleging that Defendants knew of, recklessly disregarded, and/or

deliberately concealed Madoff's fraud." Motion at 2. But, in fact, that is precisely what Plaintiff

is doing. In the Proposed Second Amended Complaint, Plaintiff repeatedly alleges "reckless

disregard" concerning the nature of TOF III's investment with Madoff, including specifically

with respect to Cummins' fraudulent inducement claim. Proposed Second Amended Complaint

¶¶ 41, 44, 51, 129. The fact is that Plaintiff cannot identify any misrepresentation by NYLIAC

to support a fraud claim, much less any reasonable reliance on any purported misrepresentation

or fraudulent intent. Pending Motion to Dismiss at 6-8, 16-17. At the end of the day, Plaintiff's

allegations boil down to a "red flags" argument that NYLIAC could have and should have

detected Madoff's fraud. *See* Proposed Second Amended Complaint ¶¶ 40-41, 43. But, as

Plaintiff well knows, fraud claims based upon such "red flag" allegations have been consistently

dismissed in Madoff-related cases.  Pending Motion to Dismiss at 14-16.  Similarly, Plaintiff's

Amended Complaint should be dismissed with prejudice and without leave to amend.  Indeed,

Plaintiff's red flag claims are particularly weak against NYLIAC, which simply presented TOF

III as one of the many investment options to which Plaintiff could allocate some or all of its

premiums.  Pending Motion to Dismiss at 4.  NYLIAC did not recommend that Plaintiff invest

with Madoff.  Rather, Plaintiff made that decision after conducting its own due diligence and

learning that Tremont invested with Madoff through TOF III's fund of funds structure.

Amended Complaint at ¶¶ 8, 10, 61-62, 99.  NYLIAC was not a party to those discussions.  *Id.* at

¶¶ 8, 99.

### 2.    Plaintiff's Civil Conspiracy Claim Is Invalid Under New York Law

Plaintiff gets "creative" in an attempt to salvage its claims by adding a new claim for civil

conspiracy.  Unfortunately for Plaintiff, New York does not recognize civil conspiracy as an

independent cause of action.  *Alexander & Alexander of N.Y. v. Fritzen*, 68 N.Y.2d 968, 969

(1986) ("[A]s we long ago held, a mere conspiracy to commit a tort is never of itself a cause of

action."); *Lewis v. Rosenfeld*, 138 F. Supp. 2d 466, 479 (S.D.N.Y. 2001) ("It is well settled under

New York law that there is no substantive tort of conspiracy.").[3]  New York courts have so held

since the 19th century.  *Brackett v. Griswold*, 112 N.Y. 454, 467 (1889) (stating that "a mere

conspiracy to commit a [tort] is never of itself a cause of action").  Under New York law, civil

conspiracy cannot support a claim in the absence of an independent actionable tort.  *In re*

*Parmalat Securities Litigation*, 477 F.Supp.2d 602, 613 (S.D.N.Y. 2007) ("With no underlying

torts to support it, the claim for civil conspiracy cannot stand.").  Having failed to plead any

---

[3]  *See also Ward v. City of New York*, 15 A.D. 3d 392, 393 (2d Dep't 2005) ("New York does not recognize civil
conspiracy to commit a tort as an independent cause of action."); *Litras v. Litras*, 254 A.D.2d 395, 396 (2d Dep't
1998) (stating that "an independent cause of action for civil conspiracy is not recognized in this State");
*Riverbank Realty Co. v. Koffman*, 179 A.D.2d 542, 543 (1st Dep't 1992) ("There is no tort of civil conspiracy in
and of itself absent the pleading of specific wrongful acts constituting independent torts.").

actionable tort against New York Life or NYLIAC, Plaintiff cannot plead a civil conspiracy claim.

**B.      Counts from Plaintiff's Amended Complaint Continue to Fail for the Same Reasons Set Forth in Defendants' Pending Motion to Dismiss**

The remaining claims in Plaintiff's Proposed Second Amended Complaint appear in Plaintiff's Amended Complaint and should be dismissed with prejudice for the reasons set forth in the New York Life Defendants' Pending Motion to Dismiss.

**1.      Negligent Misrepresentation**

In both its Amended Complaint and its Proposed Second Amended Complaint, Plaintiff fails to identify any false statement by NYLIAC in the NYLIAC PPM or elsewhere to support a negligent misrepresentation claim. *See* Pending Motion to Dismiss at 13-14, 17. As it did in its Amended Complaint, Plaintiff again seeks to mislead this Court by citing to New York Life promotional materials discussing New York Life's "independence from the demands of Wall Street analysts" and performance of its "own fundamental, bottom-up research" (Proposed Second Amended Complaint ¶¶ 49-50), to suggest that NYLIAC made representations regarding oversight of the funds at issue. But Plaintiff is fully aware that such statements refer to New York Life's own investments, not the selection of third-party investment funds available on NYLIAC's VUL platform. *See* Pending Motion to Dismiss at 17-18. They were made after the onset of the financial crisis in the fall of 2008 and long after Plaintiff made its initial investment. *See* Proposed Second Amended Complaint ¶¶ 36-37 and Exhibit C at 1-2.

Given the disclaimers and cautionary language in NYLIAC's PPM, Plaintiff cannot adequately allege reasonable reliance. *See id.* at 16-17, 18. Moreover, Plaintiff cannot state a claim because NYLIAC owed no special duty to Cummins, a critical element of a negligent representation claim which Plaintiff cannot adequately allege. *Id.* at 18. Plaintiff's claim is also barred by the economic loss doctrine. *Id.* at 18-19. Finally, to the extent that Plaintiff's claim

9

sounds in fraud, Plaintiff has failed to plead with the particularity required under Rule 9(b); to the extent that its claim is not based in fraud, it is barred by New York's three-year statute of limitations. *Id.* at 12-13, 18, 19.

### 2.    Breach of the Implied Covenant of Good Faith and Fair Dealing

In its Proposed Second Amended Complaint, Plaintiff amends its breach of the implied covenant of good faith and fair dealing claim to include many of the allegations in Plaintiff's former breach of contract claim. This amendment, however, does not cure the deficiencies in Plaintiff's implied covenant claim, which still fails to allege bad faith. *Id.* at 21-22. Moreover, where there is a contract between the parties, a breach of the implied covenant of good faith and fair dealing claim cannot substitute for a non-viable breach of contract claim. *Id.*

### 3.    Breach of Fiduciary Duty

No breach of fiduciary duty claim can be properly alleged against NYLIAC because NYLIAC did not owe Cummins any fiduciary duty and there is no allegation that any such duty (even if it existed) was breached. Pending Motion to Dismiss at 20-21. Further, to the extent that Plaintiff's fiduciary duty claim sounds in fraud, it is not pled with the particularity required under Rule 9(b); to the extent that the claim is not based in fraud, it is barred by New York's three-year statute of limitations. *Id.* at 21.

### 4.    Unjust Enrichment

Plaintiff's unjust enrichment cause of action fails because such a claim cannot lie where, as here, there is a contract between the parties governing the subject matter. *Id.* at 19-20. The fees assessed by NYLIAC, which Plaintiff alleges as the basis for its unjust enrichment claim (Proposed Second Amended Complaint ¶¶ 172-73), were set forth in the policies. Pending Motion to Dismiss at 20.

5.      **Violations of New York General Business Law § 349**

Finally, Plaintiff's Section 349 claim fails because (a) the statute does not cover

securities-related transactions (and a VUL policy is unquestionably a security), (b) the statute

does not apply to large commercial transactions between sophisticated entities (Cummins is an

Accredited Investor and Qualified Purchaser), and (c) Plaintiff does not adequately plead a

misrepresentation by NYLIAC. *Id.* at 13-14, 23-24.

## CONCLUSION

WHEREFORE, Defendants New York Life Insurance Company and New York Life

Insurance and Annuity Corporation, by and through their undersigned counsel, respectfully

submit that Plaintiff's motion to file a Second Amended Complaint should be denied for the

reasons set forth above, and Plaintiff's Amended Complaint should be dismissed with prejudice.

Dated: New York, New York
       May 10, 2012

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____
       Maria T. Galeno
       Greg T. Lembrich
       1540 Broadway
       New York, NY  10036
       Telephone: (212) 858-1000
       Fax: (212) 858-1500
       maria.galeno@pillsburylaw.com
       greg.lembrich@pillsburylaw.com

       *Attorneys for Defendants New York Life Insurance*
       *Company and New York Life Insurance and Annuity*
       *Corporation*

11