UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No.<br>: 08 Civ. 11117 (TPG) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| This Document Relates to: | : |
| INSURANCE ACTION, 09 Civ. 557 (TPG), and specifically to: | : |
| | : |
| CUMMINS INC., as the authorized representative of the Cummins Inc. Grantor Trust dated September 10, 2007, as amended, | : 10 Civ. 9252 (TPG) |
| | : ECF CASE |
| Plaintiff, | Electronically Filed |
| | : |
| - against - | |
| | : |
| NEW YORK LIFE INSURANCE COMPANY, et al., | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**THE TREMONT DEFENDANTS' MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
  Tremont Group Holdings, Inc.,
  Tremont Partners, Inc.,
  Tremont (Bermuda) Limited,
  Tremont Capital Management, Inc. and
  Rye Investment Management

The Tremont Defendants respectfully submit this memorandum of law in opposition to plaintiff's motion ("Motion") for leave to file a second amended complaint ("SAC").[1]  Tremont is challenging the sufficiency of plaintiff's *First* Amended Complaint ("FAC") in a pending motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rather than respond to Tremont's dismissal motion, plaintiff ("Cummins") seeks leave to amend the FAC, effectively conceding that it is defective on its face.  As demonstrated below, Cummins' belated request for a third bite at the apple should be denied.

## ARGUMENT

## LEAVE TO AMEND SHOULD BE DENIED

On October 20, 2011, this Court held a scheduling conference (the "Conference") in connection with the Cummins action and the various other related actions that remain pending against Tremont (collectively, the "Remaining Actions").  The Remaining Actions are the lawsuits that were not resolved by the partial settlement (the "Settlement") of In re Tremont Securities Law, State Law and Insurance Litigation, 08 Civ. 11117 (TPG) (the "Consolidated Actions"), either because the plaintiffs in those actions opted out of the Settlement or were not members of the Settlement class certified by this Court.

At the Conference, the Tremont Defendants suggested a timetable for all plaintiffs in all Remaining Actions to file amended complaints, if they wished to do so.  Tremont anticipated that the remaining plaintiffs might want to amend in light of this Court's earlier rulings in Meridian Horizon Fund, LP v. Tremont Group Holdings, Inc., 747 F. Supp. 2d 406 (S.D.N.Y. 2010) (Griesa, J.), and In re Tremont Securities Law, State Law & Insurance Litigation, 703 F. Supp. 2d 362

---

[1]  The Tremont Defendants (also collectively referred to herein as "Tremont") are defendants Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management, Inc. and Rye Investment Management.

(S.D.N.Y. 2010) (Griesa, J.), granting the Rule 12(b)(6) dismissal motions made by certain of the non-settling defendants.[2]  Tremont further contemplated, and therefore proposed, the filing of a final round of motions to dismiss after amended complaints, if any, were submitted to the Court.  No party to the Remaining Actions objected to Tremont's proposal, and the Court approved it, stating:

> What I think you're proposing is that all of the remaining litigation, and I mean all of it, is going to get in a situation *where the pleadings are closed, meaning the complaints are finished*.  People have been given an opportunity to amend and they either have amended or they haven't amended . . . .  I'm interrupting myself, but I think there's a realistic opportunity that people might want to amend complaints. . . .  And if so, that's fine.  They can be given the opportunity to amend so everybody's given an opportunity to amend whether they've got an individual complaint or there is a consolidated complaint, *and then we arrive at a date when the complaints are final*, and you believe that there can be motions against those complaints.

(Tr. of Oct. 20, 2011 Conference (Dkt. in Case No. 08-11117 (TPG) ("M.A. Dkt.") 631), at 7:17 – 8:13 (emphases added).)

Subsequently, on November 14, 2011, the Court entered a scheduling order (the "Order") that, among other things, directed plaintiffs in the Remaining Actions to file amended complaints, if any, on or before December 19, 2011.  (Dkt. 8.)  Pursuant to that Order, Cummins filed its FAC on December 19, 2011 (M.A. Dkt. 642), and Tremont filed its motion to dismiss that complaint on January 31, 2012 (Dkt. 22).  Cummins thereafter requested (and received) an extension of time to respond to Tremont's motion to dismiss from February 29, 2012, until April 13, 2012.  Cummins, however, did not file any papers in opposition to Tremont's motion on April 13.  Rather, Cummins filed its own Motion (M.A. Dkt. 747, 748) seeking leave to amend the FAC without explaining

---

[2]  The Court denied as moot the settling defendants' dismissal motions after the parties advised the Court that lead plaintiffs and the settling defendants had reached an agreement in principle to resolve the litigation.

why it failed to respond to Tremont's motion or why it waited four months to propose filing yet another complaint despite the earlier deadline set by the Court.

    A.    **Rule 16(b) of the Federal Rules of Civil Procedure Governs Motions for Leave To Amend After a Court-Ordered Deadline for Amendment Has Elapsed**

In its Motion, Cummins contends that its request to file the SAC should be granted for the sole reason that, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court should "freely give[]" leave to amend. (Motion at 1, 3.) Cummins' reliance on Rule 15, however, is misplaced because this Court set a deadline of December 19, 2011, for filing amended complaints, making Rule 16(b)(4) the rule applicable to Cummins' Motion. Where, as here, a court-ordered deadline for amended pleadings has been set, Rule 16(b)(4) provides that the deadline "may be modified *only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added).[3]

In Parker v. Columbia Pictures Industries, 204 F.3d 326 (2d Cir. 2000), then-Judge Sotomayor reaffirmed that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." Id. at 340; see also Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003). As Judge Sotomayor explained, "'[i]f we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" Parker, 204 F.3d at 340 (citation omitted).

---

3    In light of the Order establishing December 19 as the deadline for filing amended complaints, "it is immaterial that that deadline was not part of a formal Rule 16 scheduling order." Volunteer Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland, 09 Civ. 4622, 2010 WL 4968247, at *3 (S.D.N.Y. Nov. 24, 2010). Rule 16(b)(4) "applies to any 'motion to amend filed after a deadline the district court has set for amending the pleadings.'" Id. (citation omitted).

3

Pursuant to Rule 16(b), "'at some point both the parties and the pleadings will be fixed,'" "offer[ing] a measure of certainty in pretrial proceedings." <u>Parker</u>, 204 F.3d at 340 (citing Fed. R. Civ. P. 16 Advisory Committee Note (1983 amendment)).  For Cummins, that point came on December 19, 2011.

### B. <u>Cummins Has Failed To Demonstrate Good Cause for Amending Its FAC</u>

In light of the December 19 deadline, "to be entitled to [further] amend [its] pleading to assert any claims or new allegations not raised by the amendment deadline, [Cummins] must first show good cause for [its] failure to meet that deadline."  <u>Fuller v. Interview, Inc.</u>, 07 Civ. 5728, 2011 WL 724533, at *3 (S.D.N.Y. Feb. 25, 2011).  A desire to amend a complaint for "tactical reasons" – such as attempting to avoid likely dismissal – "does not constitute good cause for a substantial and untimely amendment."  <u>In re Wireless Tel. Servs. Antitrust Litig.</u>, 02 Civ. 2637, 2004 WL 2244502, at *6 (S.D.N.Y. Oct. 6, 2004).  In the same vein, "[s]imply stating that additional information has become known to the plaintiff [after the filing deadline established by the Court] does not satisfy the plaintiff's burden of showing diligence."  <u>Samad Bros., Inc. v. Bokara Rug Co. Inc.</u>, 09 Civ. 5843, 2010 WL 4457196, at *4 (S.D.N.Y. Oct. 18, 2010).  Rather, the moving party "must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met."  <u>Fuller</u>, 2011 WL 724533, at *2.

Here, Cummins has not even attempted to make the requisite showing.  While the Motion references a number of new allegations set forth in the SAC (Motion at 2-3), Cummins nowhere demonstrates, as it must, that "information to which it had access prior to [December 19, 2011] was insufficient for it to amend in a timely fashion."  <u>Volunteer Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland</u>, 09 Civ. 4622, 2010 WL 4968247, at *4 (S.D.N.Y. Nov. 24, 2010).  To be sure, Cummins makes passing reference in its Motion to a "Participation Agreement," as if to suggest that this is newly discovered information justifying a second amended complaint.  (Motion at 3.)

4

But the referenced agreement is nothing more than the contract governing certain terms and conditions of the investments made by Cummins' insurance carrier in hedge funds managed by Tremont. Cummins plainly was – or should have been – aware of this information when it filed the FAC, as evidenced by, among other things, the repeated references to and discussion of the Participation Agreement in the FAC and the exhibits Cummins attached to that complaint. (See FAC ¶ 47; FAC Ex. A (NY Life PPM) p. 56; FAC Ex. A, Appendix E (Opportunity Fund PPM) pp. ii, v, vi, 9, 13, 14.) Where, as here, "a party cannot account for its delay in moving to amend after the deadline for doing so has passed, it fails to demonstrate good cause, and the motion must be denied." Volunteer Fire, 2010 WL 4968247, at *5; see also Anwar v. Fairfield Greenwich Ltd., 09 Civ. 0118, 2012 WL 1415621, at *2 (S.D.N.Y. Apr. 13, 2012) (denying leave to file amended complaint where sufficient information "was certainly available to Plaintiffs within the deadline set for amending the Complaints").

## CONCLUSION

For the reasons stated, Cummins' Motion for leave to file a second amended complaint should be denied.

Dated: New York, New York
May 11, 2012

Respectfully submitted,

/s/ Seth M. Schwartz
Seth M. Schwartz (Seth.Schwartz@Skadden.com)
Jason C. Vigna (Jason.Vigna@Skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
  Tremont Group Holdings, Inc.,
  Tremont Partners, Inc.,
  Tremont (Bermuda) Limited,
  Tremont Capital Management, Inc. and
  Rye Investment Management