UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No. 08 Civ. 11117 (TPG) |
| This Document Relates to: | |
| INSURANCE ACTION, 09 Civ. 557 (TPG), and specifically to: | No. 10 Civ. 09252 (TPG) |
| CUMMINS, INC., as the authorized representative of the Cummins Inc. Grantor Trust dated September 10, 2007, as amended, | **Electronically Filed** |
| Plaintiff, | |
| -against- | |
| NEW YORK LIFE INSURANCE COMPANY, ET AL., | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MASSMUTUAL'S OPPOSITION TO PLAINTIFF CUMMINS INC.'S MOTION FOR
<u>LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, NY 10022
Tel.: (212) 705-7000

*Attorneys for Defendants
Massachusetts Mutual Life Insurance Company and
MassMutual Holding LLC*

A/74888818.4

TABLE OF CONTENTS

Page

BACKGROUND ............................................................................................................................1

ARGUMENT .................................................................................................................................2

      A.      Cummins Cannot Establish Good Cause to Extend the Court's Deadline to File Amended Complaints. ...................................................................................2

      B.      MassMutual Would Suffer Prejudice if Cummins Was Allowed Leave to File a Second Amended Complaint. .....................................................................5

      C.      Cummins' Proposed Second Amended Complaint Is Futile. ................................6

CONCLUSION ..............................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bigio v. Coca-Cola Co.*,
  10-3607-CV, 2012 WL 899202 (2d Cir. Mar. 19, 2012) ......................................................... 6

*Block v. First Blood Assoc.*,
  988 F.2d 344 (2d Cir. 1993) .................................................................................................... 5

*Cresswell v. Sullivan & Cromwell*,
  922 F.2d 60 (2d Cir. 1990) ...................................................................................................... 5

*Graves v. U.S.*,
  961 F. Supp. 314 (D.D.C. 1997) ............................................................................................. 6

*Holmes v. Grubman*,
  568 F.3d 329 (2d Cir. 2009) .................................................................................................... 5

*Lucente v. Int'l Bus. Machs. Corp.*,
  310 F.3d 243 (2d Cir. 2002) .................................................................................................... 6

*Parker v. Columbia Pictures Indus.*,
  204 F.3d 326 (2d Cir. 2000) ................................................................................................ 2, 3

*Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*,
  215 F.R.D. 100 (S.D.N.Y. 2003) .................................................................................... 3, 4, 5

*Sanders v. Thrall Car Mfg. Co.*,
  582 F. Supp. 945, 953 (S.D.N.Y. 1983) .................................................................................. 6

*United States v. Bestfoods*,
  524 U.S. 51 (1998) ................................................................................................................. 7

*Zutty v. Rye Select Broad Market Fund, L.P.*,
  No. 113209/2009 (RBL), 2011 WL 5962804 (N.Y. Co. Apr. 15, 2011) .............................. 4, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 6(b)(1) .................................................................................................................... 2

Fed. R. Civ. P. 16(b)(4) .................................................................................................................. 2

Fed. R. Civ. P. Rule 15(a) ........................................................................................................... 2, 5

Massachusetts Mutual Life Insurance Company and MassMutual Holding LLC ("MassMutual") oppose Cummins Inc.'s ("Cummins") motion for leave to file a second amended complaint. Cummins' motion for leave comes four months after the Court-ordered deadline for filing amended complaints (December 19, 2011) has passed. Cummins' motion should be denied for lack of good cause because any "new" facts or claims were available to Cummins when it filed its first amended complaint.

## BACKGROUND

Cummins filed suit on December 10, 2010 (Civ. A. 1:10-cv-09252 Dkt. # 1). On February 9, 2011, the Court consolidated the Cummins action with the Insurance Action (Civ. A. No. 1:09-cv-557) a member action of *In Re Tremont Securities Law State Law and Insurance Litigation*, Civ. A. No. 1:08-cv-11117. (Civ. A. 1:10-cv-09252 Dkt. # 7.) The Court approved a global settlement in *In Re Tremont Securities Law State Law and Insurance Litigation* and entered judgment on August 19, 2011. (1:08-cv-11117 Dkt. # 604.) Thereafter, on October 20, 2011, this Court conducted a case management conference to set a schedule for disposing of those cases (including *Cummins*) that were not resolved by the global settlement. Cummins' counsel attended and spoke at the conference.

After the case management conference, in a written order dated November 14, 2011, the Court set a deadline of December 19, 2011 to file amended complaints. (Civ. A. 1:10-cv-09252 Dkt. # 8, 1:08-cv-11117 Dkt. # 636.) The purpose of this deadline was to "arrive at a date when the complaints are final" after which defendants would file their motions to dismiss.[1] The Court

---

[1] At the case management conference on October 20, 2011, in response to the Tremont Defendants' proposed schedule, the Court said

> Let me see if I understand you. *What I think you're proposing is that all of the remaining litigation, and I mean all of it, is going to get in a situation where the pleadings are closed, meaning the complaints are finished.* People have been given an opportunity to amend and they either have amended or they haven't amended, and then obviously to the extent that there are cases that have been consolidated, and there is one complaint on behalf of the consolidated actions, then there's one complaint, and if that complaint gets amended, it will get amended. If it doesn't, it doesn't. If there are cases that aren't consolidated so there's a consolidated complaint, then there are the complaints in those cases. ….
>
> *(cont'd)*

1

also set a deadline of January 31, 2012 for defendants to file answers or motions to dismiss. (Civ. A. 1:10-cv-09252 Dkt. # 8, 1:08-cv-11117 Dkt. # 636.)  Cummins did not move for an extension of time to file an amended complaint; Cummins took advantage of the time this Court granted all of the remaining plaintiffs and timely filed its first amended complaint on December 19, 2011.  (1:08-cv-11117 Dkt. # 642.)  Defendants filed motions to dismiss on January 30, 2012 and January 31, 2012.  (*See, e.g.,* 1:08-cv-11117 Dkt. # 646, 649, 653, 659.)  Now, four months later, and after Defendants filed their motions to dismiss, Cummins seeks leave to file another amended complaint.  (1:08-cv-11117 Dkt. # 747 & 748.)

## ARGUMENT

### A. Cummins Cannot Establish Good Cause to Extend the Court's Deadline to File Amended Complaints.

"[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."  *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also* Fed. R. Civ. P. 6(b)(1) ("when an act may or must be done within a specified time, the court may for good cause, extend the time … (B) on a motion made after the time has expired if the party failed to act because of excusable neglect.").

The Court entered a scheduling order that set the deadline of December 19, 2011 to file amended complaints.  Any extension of the time to file amended complaints requires "good cause."  *Parker,* 204 F.3d at 340.  "[A] finding of 'good cause' depends on the diligence of the moving party."  *Id..*  Cummins fails to articulate anything resembling good cause for filing its

---

*(cont'd from previous page)*

> And if so, that's fine. *They can be given the opportunity to amend so everybody's given an opportunity to amend whether they've got an individual complaint or there is a consolidated complaint, and then we arrive at a date when the complaints are final, and you believe that there can be motions against those complaints.*

Transcript of October 20, 2011 Conference ("Trans."), at 7-8 (emphasis added), *see also id.* at 15 (1:08-cv-11117 Dkt. # 631).

2

motion for leave to amend four months after the court-ordered deadline for filing amended complaints passed.  Cummins offers no reason for its failing to include the material in its proposed amendments in either its original complaint, filed on December 10, 2010, or its *timely* first amended complaint, filed on December 19, 2011.  Instead, after having reviewed the various defendants' motions to dismiss (filed January 30 and 31, 2012), Cummins now seeks to make arguments that it could have addressed in its original or first, timely, amended complaint.

Cummins' request for leave might be compelling if it could point, for example, to factual allegations that it could not timely make when it was required to the first amended complaint.  But with respect to MassMutual, at least, Cummins alleges no newly discovered facts.  Here, where this plaintiff has already once amended its complaint, there simply is no good cause for further delay.  *See Parker,* 204 F.3d at 340; *Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104-105 (S.D.N.Y. 2003) (denying "motion to amend [that] comes four months, a substantial amount of time, after the deadline in the Scheduling Order has passed [and] this Court has already given [plaintiff] the opportunity to amend its [complaint] once.").

Cummins bulks up its proposed second amended complaint by referring to MassMutual's 2005, 2006, and 2007 Annual Reports (in which MassMutual appropriately discloses that it has many subsidiaries and affiliates, one of which is Tremont Group Holdings, Inc. ("TGHI")).  *See* Proposed Second Amended Complaint ¶¶ 118-122  (1:08-cv-11117 Dkt. # 754).  Each of these annual reports was, of course, available well before December 19, 2011 – indeed, they were available before Cummins filed its initial complaint on December 10, 2010.  The additional "facts" amount to little more than MassMutual disclosed its affiliation with TGHI.  Cummins offers no reason why it did not, could not or should not have included these allegations in the earlier iterations of its complaint.  More importantly, beyond establishing that TGHI is an ultimate affiliate of MassMutual (a fact which MassMutual has never disputed), this Court is left in the dark about what the annual reports add to Cummins' case.

Cummins says its proposed second amended complaint is to "make clear" that its theory of liability is <u>not</u> based on purported "red flags" that should have altered defendants to Madoff's

3

fraud.  *See* Memorandum of Law in Support of Motion for Leave to File Second Amended Complaint ¶¶ 3,4 (1:08-cv-11117 Dkt. # 748) (seeking to amend to make "clear [in the Amended Complaint] that this is not a 'red flags case.'").  Cummins claims amendment is necessary because defendants rely heavily on "red flags" cases in their motions to dismiss.  *See id.*, ¶ 2.

Cummins was well aware before filing its first amended complaint that defendants would focus on its allegations of purported "red flags."  This Court and Cummins were alerted to the fact that defendants likely would file motions to dismiss based, *inter alia*, "on the growing jurisprudence in this district and elsewhere . . . that these cases basically alleging red flags that should have been discovered . . . don't amount to fraud."  *See* Trans. at 14 (1:08-cv-11117 Dkt. # 631).  Cummins had two months between these "red flag" comments and the deadline for filing its first amended complaint to "clarify" its theory of liability with respect to red flag allegations.  Further, the "growing jurisprudence" cited at the conference includes an April 15, 2011 New York Supreme Court decision dismissing claims against the Tremont Defendants, Oppenheimer Acquisition Corp. and MassMutual that were based on a purported "red flag" theory.  *See Zutty v. Rye Select Broad Market Fund, L.P.*, No. 113209/2009 (RBL), 2011 WL 5962804, *13 (N.Y. Co. Apr. 15, 2011) ("even if the complaint did contain such allegations [that defendants knew of any "red flags"], it would still be defective because it also fails to explain how one or more alleged red flags made it so obvious that Madoff was running a Ponzi scheme that defendants must have known about the scheme and wanted to further it ….).

Finally, the one claim against MassMutual that Cummins adds — civil conspiracy — is not based on any newly discovered facts and, as discussed below, is futile.  Cummins also provides no reason why it did not plead this claim its December 19, 2011 amended complaint.

In sum, "[Cummins] offer no explanation for why [it] failed to include the subject matter of the proposed amendment in their earlier amendment.  Nor do[es] [Cummins] try to explain why the deadline set forth by the Court's Scheduling Order could not be reasonably met."  *See Rent-A-Center, Inc.*, 215 F.R.D. at 104-105.  Cummins' motion for leave lacks good cause.  Cummins should be held to the court's scheduling order and its December 19, 2011 amended

4

complaint.  *See Holmes v. Grubman*, 568 F.3d 329, 334-335 (2d Cir. 2009) ("the lenient standard under Rule 15(a) … must be balanced against ... the Court's scheduling order …" and denying leave to amend where party had not been diligent in asserting new claims).

### B. MassMutual Would Suffer Prejudice if Cummins Was Allowed Leave to File a Second Amended Complaint.

"If [a] party was not diligent, the [good cause] inquiry should end." *Rent-A-Center, Inc.*, 215 F.R.D. at 104 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).  But even if the Court considers additional factors under Fed. R. Civ. P. 15(a), Cummins motion for leave to amend should be denied.  "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir.1983)); *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (citation omitted) ("The court plainly has discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant.").

Under the Court's schedule, Cummins had ample time to amend its complaint, and in fact did amend its complaint.  Following that schedule, MassMutual and the other defendants dedicated time and resources to filing a motion to dismiss Cummins' amended complaint.  That was supposed to be the final pleading in the matter.  If Cummins is now permitted to file a second amended complaint, MassMutual and the other defendants will be forced to devote additional resources to re-brief their motions to dismiss to address the proposed second amended complaint and the proceedings will be further delayed.

Further, Cummins' motion for leave to amend does not occur in a vacuum.  Cummins is one of many actions that are consolidated in *In Re Tremont Securities Law State Law and Insurance Litigation.*  The Court's case management schedule of multiple cases was designed to move these cases towards resolution at approximately the same time.  By seeking leave to

5

amend, the *Cummins* action will fall out of schedule with the other cases with which it is consolidated (all of which are several years old), increasing in delay and duplication in the other cases and potentially causing multiple hearings on similar issues. The interests of justice dictate that Cummins should be bound by its amended complaint. *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 953 (S.D.N.Y. 1983) ("While we must give a party a fair chance to present claims and defenses, we also must protect a busy district court [from being] imposed upon by the presentation of theories seriatim.") (quoting *Daves v. Payless Cashways,* 661 F.2d 1022, 1025 (5th Cir.1981)).

### C. Cummins' Proposed Second Amended Complaint Is Futile.

The Court should deny Cummins' motion for leave to file a second amended complaint for the additional reason that amendment would be futile. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).")

Cummins' proposed second amended complaint asserts one new claim against MassMutual — civil conspiracy[2] — and otherwise reasserts the same causes of action previously pled in the first amended complaint. And as to the civil conspiracy claim, Cummins fails to allege that MassMutual engaged in any overt act in further of a conspiracy. This is fatal to Cummins' claim. *Cf. Graves v. U.S.*, 961 F. Supp. 314, 317-318 (D.D.C. 1997) ("[Plaintiff] cannot state a claim against the additional 'defendants,' because he has not alleged that the additional 'defendants' conspired [against him]. Therefore, he will not be permitted to amend his Complaint to add them to this lawsuit.").

Cummins' proposed second amended complaint, like its prior amended complaint (and original complaint before that), alleges no more than that MassMutual was the upstream owner

---

[2] To state a claim for civil conspiracy under New York law, a plaintiff, in addition to alleging an underlying tort, must plead facts sufficient to support an inference of the following elements: "(1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Bigio v. Coca-Cola Co*., 10-3607-CV, 2012 WL 899202 (2d Cir. Mar. 19, 2012) (citations and quotations omitted).

6

of Tremont. These facts are insufficient to state any claim against MassMutual — the corporate great-grandparent of Tremont Partners, Inc., the general partner of the Tremont Opportunity Fund III L.P. As set forth in MassMutual's Memorandum of Law in Support of Its Motion to Dismiss the Amended Complaint (1:08-cv-11117 Dkt. # 650), [i]t is "a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Relying on this principle, other courts have dismissed similar cases against MassMutual brought by investors that lost money to Madoff. *See, e.g., Zutty*, 2011 WL 5962804 at *14.

## CONCLUSION

For the foregoing reasons, MassMutual prays that this Court deny Cummins' motion for leave to file a second amended complaint.

DATED: May 11, 2012                              **BINGHAM McCUTCHEN LLP**

/s/ Carol E. Head
Kenneth I. Schacter
399 Park Avenue
New York, NY  10022-4689
Tel.: 212.705.7000
Fax: 212.752.5378
kenneth.schacter@bingham.com

Joseph L. Kociubes*
joe.kociubes@bingham.com
Carol E. Head*
carol.head@bingham.com
One Federal Street
Boston, MA 02110
Tel.: 617.951.8000
Fax: 617.951.8736
*admitted pro hac vice

*Attorneys for Defendant*
*Massachusetts Mutual Life Insurance*
*Company and MassMutual Holding LLC*