IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
IN RE TREMONT SECURITIES LAW, :
STATE LAW AND INSURANCE : Master File No.
LITIGATION : 08 Civ. 11117 (TPG)
---------------------------------------------------------------:
This Document Relates to: :
Insurance Action, 09 Civ. 557 (TPG), :
Specifically to: :
 :
CUMMINS INC., as the authorized representative : 10 Civ. 9252 (TPG)
of the Cummins Inc. Grantor Trust dated :
September 10, 2007, as amended, :
 : ECF Case
                         Plaintiff, : Electronically Filed
 :
      - against - :
 :
NEW YORK LIFE INSURANCE COMPANY, et :
al., :
 :
                        Defendants. :
---------------------------------------------------------------x

**DEFENDANT OPPENHEIMER ACQUISITION CORP'S. JOINDER IN
THE TREMONT DEFENDANTS' AND MASSMUTUAL'S OPPOSITIONS TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

      Defendant Oppenheimer Acquisition Corp. ("OAC") hereby joins and incorporates by reference the Tremont Defendants' and MassMutual's Oppositions to Plaintiff's Motion for Leave to File Second Amended Complaint, filed May 11, 2012.

      Plaintiff filed its initial complaint in this action in December 2010. 10 Civ. 09052 Dkt. No. 1. Following this Court's approval of the consolidated class action settlement (*In re Tremont Sec. Law, State Law and Insurance Litig.*, 08 Civ. 11117, Dkt. No. 604), in November 2011 this Court implemented a procedure whereby Plaintiff expressly was given the option either to amend its complaint or stand on its initial pleading (*id.* Dkt. No. 636). Having had abundant time to investigate its claims and survey other high profile Madoff-related proceedings, Plaintiff

timely amended its complaint on December 19, 2011.  Plaintiff now seeks leave to amend its complaint yet again, four months after the deadline set by this Court and after defendants have incurred the time and expense of filing motions to dismiss.  Plaintiff's motion should be denied because:

- Plaintiff cannot establish good cause to extend the deadline to amend the pleadings set by this Court.  Plaintiff does not allege any facts as to OAC that are newly discovered since the Amended Complaint was filed.  Moreover, Plaintiff was given ample advance notice of the bases for OAC's motion before filing its Amended Complaint (*see* MassMutual Opp. at 4) and nevertheless failed to "make clear that this is not a 'red flags case'" (Plaintiff's Memorandum of Law In Support Of Motion For Leave To File Second Amended Complaint at 2) in the amended pleading.

- Allowing Plaintiff to amend its complaint will prejudice OAC by forcing OAC to devote further time and expense to briefing a motion to dismiss Plaintiff's claims for a second time; and

- The amendment would be futile as to OAC because the proposed Second Amended Complaint, like its predecessor, asserts claims against OAC based merely on OAC's status as Tremont Group's parent.  Allowing claims to survive a motion to dismiss on this basis alone would violate the basic principles of corporate separateness.  *See* OAC's Memorandum Of Law In Support Of Its Motion To Dismiss The Amended Complaint at 3.

Accordingly, for the foregoing reasons and those set forth in Tremont's and MassMutual's Oppositions to Plaintiff's Motion for Leave to File Second Amended Complaint, Plaintiff's motion should be denied.

Dated:  Princeton, NJ
         May 11, 2012

                      Respectfully Submitted,
                      /s/ David A. Kotler
                      David A. Kotler
                      DECHERT LLP
                      902 Carnegie Center, Suite 500
                      Princeton, New Jersey 08540
                      Tel.: (609) 955-3200
                      Fax: (609) 955-3259

                      *Attorneys for Defendant Oppenheimer Acquisition Corp.*