**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION

Master Docket No. 1:08-11117 (TPG)

CUMMINS INC., as the authorized representative of the Cummins Inc. Grantor Trust dated September 10, 2007, as amended,

Plaintiff,

v.

NEW YORK LIFE INSURANCE COMPANY, NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, TREMONT CAPITAL MANAGEMENT, INC., RYE INVESTMENT MANAGEMENT, MASSMUTUAL HOLDING LLC, MASSACHUSETTS MUTUAL LIFE INSURANCE CO., OPPENHEIMER ACQUISITION CORP., RYE SELECT BROAD MARKET PRIME FUND L.P., RYE SELECT BROAD MARKET XL FUND L.P., RYE SELECT BROAD MARKET INSURANCE PORTFOLIO, LDC, TREMONT OPPORTUNITY FUND III, L.P., TREMONT (BERMUDA) LTD.,TREMONT GROUP HOLDINGS, INC.,and TREMONT PARTNERS, INC.,

Defendants.

Civil Action No. 1:10-9252 (TPG)

ECF CASE

JURY TRIAL DEMANDED

**DECLARATION OF SARA SIEGALL**

I, Sara Siegall, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am admitted to practice before this Court, *pro hac vice*, and am an attorney with the law firm of Chapman Spingola, LLP and counsel for Plaintiff Cummins, Inc. ("Cummins") in this action.

2. I submit this Declaration in further support of Cummins' Memorandum of Law in Support of Motion for Leave to File Second Amended Complaint, *Instanter* (Dkt. No.747), and in reply to defendants' opposition briefs (Dkt Nos. 765, 766, 767, 768, 769).

3. Attached hereto as **Exhibit A** is a true and correct copy of an e-mail I received from Tremont's counsel, Jason Vigna, on September 15, 2011, informing me of a Court-scheduled conference on for October 20, 2011 to "discuss the status" of 14 cases that had been identified to the Court via letter as not being a part of the class action settlement consummated between other MDL parties in the spring and summer of 2011.

4. Attached hereto as **Exhibit B** is a true and correct copy of the transcript from that October 20, 2011 status conference.

5. On February 27, 2012, I reviewed a pleading in another litigation matter, SSR II, LLC v. John Hancock Life Ins. Co., Index No. 652793/11 ("SSR Matter"), pending in the Supreme Court of the State of New York: Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss of Tremont Group Holdings, Inc., Tremont Partners, Inc., and Tremont (Bermuda) Limited. A true and correct copy of this pleading is attached hereto as **Exhibit C**.

6. From reviewing this pleading, I discovered the existence of a Participation Agreement between Tremont entities and various insurers, pursuant to which the insurers agreed to sell and market the Tremont Fund to potential insureds using Tremont's offering materials.

7. On March 6, 2012, I sought from SSR, II's counsel and received copies of certain of these Participation Agreements, which Tremont had filed with the court in the SSR Matter. True and correct copies of these Participation Agreements are attached hereto as **Exhibit D**.

8. On March 9, 2012, I wrote to counsel for New York Life Insurance and Annuity Corporation ("NYLIAC") in the instant matter to request a copy of any Participation Agreement

between Tremont and NYLIAC. A true and correct copy of my March 9, 2012 e-mail is attached hereto as **Exhibit E**.

9. NYLIAC's counsel, Greg Lembrich, responded via e-mail on March 9, 2012, attaching a copy of the requested Participation Agreement. A true and correct copy of this March 9, 2012 e-mail is attached hereto as **Exhibit F**.

10. The amendments reflected in Cummins' proposed Second Amended Complaint are informed in large part by my review of the Participation Agreement attached to Mr. Lembrich's March 9, 2012 e-mail.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of June, 2012.

/s/ Sara Siegall