UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | : Master File No. 08 Civ. 11117(TPG) |
| _____ | : |
| This Document Relates to: | : ***Electronically Filed*** |
| ELENDOW FUND, LLC | : |
| Plaintiff, | : 10 Civ. 9061 (TPG) |
| - against - | : |
| | : **ANSWER AND** |
| RYE SELECT BROAD MARKET XL FUND, L.P., et al. | : **AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Massachusetts Mutual Life Insurance Company and

MassMutual Holding LLC ("MassMutual"),[1] by their attorneys, answer the First

Amended Complaint in this action (the "FAC") as follows:

1.      Deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 1 of the FAC.

2.      Deny knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 2 of the FAC.

3.      Deny the allegations of Paragraph 3 of the FAC to the extent those

allegations are directed at MassMutual; deny knowledge or information sufficient to form

a belief as to the truth of the remainder of the allegations of that paragraph.

---

[1] MassMutual Holding LLC is incorrectly referred to as "MassMutual Holdings LLC" in the caption and body of the First Amended Complaint.

4.      Deny the allegations of Paragraph 4 of the FAC to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

5.      Deny the allegations of Paragraph 5 of the FAC to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

6.      Deny the allegations of Paragraph 6 of the FAC.

7.      Deny the allegations of Paragraph 7 of the FAC.

8.      Deny the allegations of Paragraph 8 of the FAC.

9.      Deny the allegations of Paragraph 9 of the FAC, except admit that venue is proper in this District.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the FAC.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the FAC.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the FAC.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the FAC.

14.      To the extent Paragraph 14 of the FAC purports to quote from a document or documents, those documents are the best evidence of their contents.  To the extent Paragraph 14 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph.

A/74988672.1

15. Admit the allegations of Paragraph 15 of the FAC.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the FAC, except admit the allegations of the first and third sentences.

17. No response is required to Paragraph 17 of the FAC as that Paragraph does not state allegations against MassMutual or any other Defendant.

18. Deny the allegations of Paragraph 18 of the FAC, except admit the allegations of the second sentence of that paragraph.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the FAC, except admit the allegations of the first and second sentences of that paragraph.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the FAC.

21. No response is required to Paragraph 21 of the FAC as that Paragraph does not state allegations against MassMutual or any other Defendant.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the FAC.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the FAC.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the FAC.

25. No response is required to Paragraph 25 of the FAC as that paragraph does not state allegations against MassMutual or any other Defendant.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the FAC.

27.     No response is required to Paragraph 27 of the FAC as that paragraph does not state allegations against MassMutual or any other Defendant.

28.     Deny the allegations of Paragraph 28 of the FAC, except admit that Oppenheimer Acquisition Corp. is a Delaware corporation that wholly owns Tremont Group Holdings, Inc. and OppenheimerFunds, Inc., and admit the second and third sentences of that paragraph.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the FAC.

30.     Admit the allegations of Paragraph 30 of the FAC to the extent the allegations refer to MassMutual Holding LLC.

31.     Deny the allegations of Paragraph 31 of the FAC, except admit the allegations of the first, second and fourth sentences of that paragraph.

32.     Deny the allegations of Paragraph 32 of the FAC.

33.     No response is required to Paragraph 33 of the FAC as that paragraph does not state allegations against MassMutual or any other Defendant.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the FAC.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the FAC.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the FAC.

A/74988672.1

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the FAC.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the FAC.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the FAC.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the FAC.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the FAC.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the FAC.

43.     To the extent Paragraph 43 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 43 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

44.     To the extent Paragraph 44 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 44 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

45.     To the extent Paragraph 45 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 45

A/74988672.1

contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the FAC.

47.     To the extent Paragraph 47 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 47 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the FAC.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the FAC.

50.     To the extent Paragraph 50 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 50 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

51.     To the extent Paragraph 51 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 51 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the FAC.

A/74988672.1

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the FAC.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the FAC.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the FAC.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the FAC.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the FAC.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the FAC.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the FAC.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the FAC.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the FAC.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the FAC.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the FAC.

A/74988672.1

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the FAC.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the FAC.

66.     Deny the allegations of Paragraph 66 of the FAC to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

67.     Deny the allegations of Paragraph 67 of the FAC to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the FAC.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the FAC.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the FAC.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the FAC.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the FAC.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the FAC, except admit the allegations in the first and second sentences of that paragraph.

A/74988672.1

74. To the extent Paragraph 74 of the FAC purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 74 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the FAC.

76. To the extent Paragraph 76 of the FAC purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 76 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

77. To the extent Paragraph 77 of the FAC purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 77 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

78. To the extent Paragraph 78 of the FAC purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 78 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

79. To the extent Paragraph 79 of the FAC purports to quote from a document, the document is the best evidence of its contents. To the extent Paragraph 79 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

A/74988672.1

80.     To the extent Paragraph 80 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 80 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

81.     To the extent Paragraph 81 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 81 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

82.     To the extent Paragraph 82 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 82 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

83.     To the extent Paragraph 83 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 83 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

84.     Deny the allegations of Paragraph 84 of the FAC.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the FAC.

86.     Deny the allegations of Paragraph 86 of the FAC to the extent those allegations are directed at MassMutual, except admit the allegations of the first sentence of that paragraph; and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

10

87.     Deny knowledge or information to form a belief as to the truth of the allegations of Paragraph 87 of the FAC, except admit that Sandra Manzke and Robert Schulman entered into employment agreements with OppenheimerFunds, Inc.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the FAC.

89.     To the extent Paragraph 89 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 89 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

90.     To the extent Paragraph 90 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 90 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

91.     To the extent Paragraph 91 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 91 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

92.     To the extent Paragraph 92 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 92 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

A/74988672.1

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the FAC, except admit the allegations of the first sentence of that paragraph.

94.     To the extent Paragraph 94 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 94 contains any allegations, they are denied.

95.     Deny the allegations of Paragraph 95 of the FAC; to the extent the second sentence purports to paraphrase documents, the documents are the best evidence of their content.

96.     To the extent Paragraph 96 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 96 contains any allegations, they are denied.

97.     To the extent Paragraph 97 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 97 contains any allegations, they are denied.

98.     To the extent Paragraph 98 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 98 contains any allegations, they are denied.

99.     To the extent Paragraph 99 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 99 contains any allegations, they are denied.

A/74988672.1

100.    To the extent Paragraph 100 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 100 contains any allegations, they are denied.

101.    To the extent Paragraph 101 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 101 contains any allegations, they are denied.

102.    To the extent Paragraph 102 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 102 contains any allegations, they are denied.

103.    To the extent Paragraph 103 of the FAC purports to characterize statements made in a document, the document is the best evidence of its contents.  To the extent Paragraph 103 contains any allegations, they are denied.

104.    To the extent Paragraph 104 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 104 contains any allegations, they are denied.

105.    To the extent Paragraph 105 of the FAC purports to quote from a document, the document is the best evidence of its contents.  To the extent Paragraph 105 contains any allegations, they are denied.

106.    To the extent Paragraph 106 of the FAC purports to quote from a document or documents, those documents are the best evidence of their contents.  To the extent Paragraph 106 contains any allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph.

107.    Deny the allegations of Paragraph 107 of the FAC.

108.    Deny the allegations of Paragraph 108 of the FAC.

109.    Deny the allegations of Paragraph 109 of the FAC.

110.    Deny the allegations of Paragraph 110 of the FAC.

111.    Deny the allegations of Paragraph 111 of the FAC.

112.    Deny the allegations of Paragraph 112 of the FAC.

113.    Deny the allegations of Paragraph 113 of the FAC, except admit that John V. Murphy was an Executive Vice President of MassMutual from 2001-2009.

114.    Deny the allegations of Paragraph 114 of the FAC.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 of the FAC.

116.    Deny the allegations of Paragraph 116 of the FAC to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

117.    Deny the allegations of Paragraph 117 of the FAC to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118 of the FAC.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the FAC.

120.    Deny the allegations of Paragraph 120 of the FAC to the extent those allegations are directed at MassMutual; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

14

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 of the FAC.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 of the FAC.

123.    In response to Paragraph 123 of the FAC, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

124.    Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 124 of the FAC.

125.    Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 125 of the FAC.

126.    Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 126 of the FAC.

127.    Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 127 of the FAC.

128.    Count I is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 128 of the FAC.

129.    In response to Paragraph 129 of the FAC, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

A/74988672.1

130.   Deny the allegations of Paragraph 130 of the FAC.

131.   Deny the allegations of Paragraph 131 of the FAC.

132.   Deny the allegations of Paragraph 132 of the FAC.

133.   In response to Paragraph 133 of the FAC, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

134.   Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 134 of the FAC.

135.   Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 135 of the FAC.

136.   Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 136 of the FAC.

137.   Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 137 of the FAC.

138.   Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 138 of the FAC.

139.   Count III is not directed at MassMutual, thus no response is required. To the extent a response is required, MassMutual denies the allegations of Paragraph 139 of the FAC.

A/74988672.1

140.    Count III is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 140 of the FAC.

141.    In response to Paragraph 141 of the FAC, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

142.    Count IV is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 142 of the FAC.

143.    Count IV is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 143 of the FAC.

144.    Count IV is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 144 of the FAC.

145.    Count IV is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 145 of the FAC.

146.    In response to Paragraph 146 of the FAC, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

147.    Count V is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 147 of the FAC.

148.    Count V is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 148 of the FAC.

149.    Count V is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 149 of the FAC.

150.    Count V is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 150 of the FAC.

151.    Count V is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 151 of the FAC.

152.    Count V is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 152 of the FAC.

153.    Count V is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 153 of the FAC.

154.    Count V is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 154 of the FAC.

155.    In response to Paragraph 155 of the FAC, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

A/74988672.1

156.    Count VI is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 156 of the FAC.

157.    Count VI is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 157 of the FAC.

158.    Count VI is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 158 of the FAC.

159.    Count VI is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 159 of the FAC.

160.    Count VI is not directed at MassMutual, thus no response is required.  To the extent a response is required, MassMutual denies the allegations of Paragraph 160 of the FAC.

161.    In response to Paragraph 161 of the FAC, MassMutual repeats and incorporates each and every one of the foregoing paragraphs, as if fully set forth herein.

162.    Deny the allegations of Paragraph 162 of the FAC.

163.    Deny the allegations of Paragraph 163 of the FAC.

164.    Deny the allegations of Paragraph 164 of the FAC.

165.    Deny the allegations of Paragraph 165 of the FAC.

166.    Deny the allegations of Paragraph 166 of the FAC.

A/74988672.1

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain one or more of the claims alleged in the First Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to conduct or was negligent in conducting due diligence on the Broad Market XL Fund, the Broad Market Fund and Madoff.  It therefore is barred by the doctrine of comparative or contributory negligence from recovering all or part of the damages to which it claims entitlement in the event Defendants are found liable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, ratification or failure to use due care.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover damages because any damages or losses were caused by intervening and/or superseding events for which Defendants are not legally responsible.

## SEVENTH AFFIRMATIVE DEFENSE

The claims are barred by the applicable statute of limitations.

A/74988672.1

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

WHEREFORE, Defendants, Massachusetts Mutual Life Insurance Company and MassMutual Holding LLC, demand judgment against Plaintiff as follows:

(a)   Dismissing the entire action with prejudice;

(b)   Granting Defendants their reasonable costs, expenses and attorneys' fees; and

(c)   Granting such other and further relief as this Court may deem just and proper.

DATED:  June 22, 2012

Respectfully submitted,

**BINGHAM McCUTCHEN LLP**

/s/ Carol E. Head_____
Kenneth I. Schacter
kenneth.schacter@bingham.com
Timothy J. Stephens
timothy.stephens@bingham.com
399 Park Avenue
New York, New York 10022
(212) 705-7000

Joseph L. Kociubes*
joseph.kociubes@bingham.com
Carol E. Head*
carol.head@bingham.com
One Federal Street
Boston, MA 02110
(617) 951-8000
*admitted pro hac vice

*Attorneys for Defendants
Massachusetts Mutual Life Insurance
Company and MassMutual Holding
LLC*

21