UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE TREMONT SECURITIES LAW,
STATE LAW AND INSURANCE          :   Master File No. 08 Civ. 11117(TPG)
LITIGATION
_____ :

This Document Relates to:
                                 :   10 Civ. 9061 (TPG)
ELENDOW FUND, LLC
                                 :   ECF CASE
                    Plaintiff,       Electronically Filed
                                 :
        - against -                  **ANSWER AND**
                                 :   **AFFIRMATIVE DEFENSES**
RYE SELECT BROAD MARKET XL FUND,
L.P., et al.                     :

                    Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    Defendant Oppenheimer Acquisition Corp. ("OAC"), by its attorneys, answers the First Amended Complaint in this action (the "Amended Complaint") as follows:

    1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint.

    2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint.

    3. Deny the allegations of Paragraph 3 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

    4. Deny the allegations of Paragraph 4 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge

or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

5. Deny the allegations of Paragraph 5 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

6. Deny the allegations of Paragraph 6 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of that paragraph.

7. Deny the allegations of Paragraph 7 of the Amended Complaint.

8. Admit the allegations of Paragraph 8 of the Amended Complaint.

9. Deny the allegations of Paragraph 9 of the Amended Complaint, except admit that venue is proper in this District.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Amended Complaint and refer to the Subscription Agreement described therein for the complete contents thereof.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint and refer to the Subscription Agreement described therein for the complete contents thereof.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Amended Complaint, except admit the allegations of first and third sentences of that paragraph.

17. No response is required to Paragraph 17 of the Amended Complaint as that Paragraph does not state allegations against OAC or any other Defendant.

18. Deny the allegations of Paragraph 18 of the Amended Complaint, except admit the allegations of the second sentence of that paragraph.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint, except admit the allegations of the first and second sentences of that paragraph.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Amended Complaint.

21. No response is required to Paragraph 21 of the Amended Complaint as that Paragraph does not state allegations against OAC or any other Defendant.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Amended Complaint.

25. No response is required to Paragraph 25 of the Amended Complaint as that Paragraph does not state allegations against OAC or any other Defendant.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Amended Complaint.

27. No response is required to Paragraph 27 of the Amended Complaint as that Paragraph does not state allegations against OAC or any other Defendant.

28. Deny the allegations of Paragraph 28 of the Amended Complaint, except admit that OAC wholly owns OppenheimerFunds, Inc., and admit the first, second and third sentences of that paragraph.

29. Deny the allegations of Paragraph 29 of the Amended Complaint.

30. Admit the allegations of Paragraph 30 of the Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Amended Complaint, except admit the second sentence of that paragraph.

32. Deny the allegations of Paragraph 32 of the Amended Complaint.

33. No response is required to Paragraph 33 of the Amended Complaint as that Paragraph does not state allegations against OAC or any other Defendant.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Amended Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Amended Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Amended Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Amended Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Amended Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Amended Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Amended Complaint and refer to the XL Offering Memorandum described therein for the complete contents thereof.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Amended Complaint and refer to the XL Offering Memorandum described therein for the complete contents thereof.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Amended Complaint and refer to the XL Offering Memorandum described therein for the complete contents thereof.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Amended Complaint and refer to the XL Offering Memorandum described therein for the complete contents thereof.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Amended Complaint and refer to the XL Offering Memorandum described therein for the complete contents thereof.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Amended Complaint and refer to the XL Offering Memorandum described therein for the complete contents thereof.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Amended Complaint and refer to the XL Offering Memorandum described therein for the complete contents thereof.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Amended Complaint and refer to the XL Offering Memorandum described therein for the complete contents thereof.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Amended Complaint and refer to the Form ADV described therein for the complete contents thereof.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Amended Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Amended Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Amended Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Amended Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Amended Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Amended Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 of the Amended Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Amended Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Amended Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Amended Complaint.

66. Deny the allegations of Paragraph 66 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

67. Deny the allegations of Paragraph 67 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

68. Deny the allegations of Paragraph 68 of the Amended Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Amended Complaint, except admit the allegations of the first sentence of that paragraph.

70. Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 70 of the Amended Complaint and refer to the affidavit described therein for the complete contents thereof.

71. Deny the allegations of Paragraph 71 of the Amended Complaint and refer to the affidavit described therein for the complete contents thereof.

72. Deny the allegations of Paragraph 72 of the Amended Complaint.

73. Deny the allegations of Paragraph 73 of the Amended Complaint, except admit the allegations in the first and second sentences of that paragraph.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Amended Complaint and refer to the Proxy Statement described therein for the complete contents thereof.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Amended Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Amended Complaint and refer to the 2000 10-K described therein for the complete contents thereof.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Amended Complaint and refer to the 2000 10-K described therein for the complete contents thereof.

78. Deny the allegations of Paragraph 78 of the Amended Complaint and refer to the Proxy Statement described therein for the complete contents thereof.

79. Deny the allegations of Paragraph 79 of the Amended Complaint and refer to the Proxy Statement described therein for the complete contents thereof.

80. Deny the allegations of Paragraph 80 of the Amended Complaint and refer to the Proxy Statement described therein for the complete contents thereof.

81. Deny the allegations of Paragraph 81 of the Amended Complaint and refer to the Proxy Statement described therein for the complete contents thereof.

82. Deny the allegations of Paragraph 82 of the Amended Complaint and refer to the Proxy Statement described therein for the complete contents thereof.

83. Deny the allegations of Paragraph 83 of the Amended Complaint and refer to the Proxy Statement described therein for the complete contents thereof.

84. Deny the allegations of Paragraph 84 of the Amended Complaint.

85. Deny the allegations of Paragraph 85 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

86. Deny the allegations of Paragraph 86 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC, except admit the allegations of the first sentence of that paragraph; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87 of the Amended Complaint, except admit that Manzke and Schulman entered into employment agreements with non-party OppenheimerFunds, Inc.

88. Deny the allegations of Paragraph 88 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of that paragraph.

89. Deny the allegations of Paragraph 89 and refer to the press release described therein for the complete contents thereof.

90. Deny the allegations of Paragraph 90 of the Amended Complaint and refer to the press release described therein for the complete contents thereof.

91. Deny the allegations of Paragraph 91 of the Amended Complaint and refer to the news article described therein for the complete contents thereof.

92. Deny the allegations of Paragraph 92 of the Amended Complaint and refer to the press release described therein for the complete contents thereof.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93 of the Amended Complaint, except admit the allegations of the first sentence of that paragraph.

94. Deny the allegations of Paragraph 94 of the Amended Complaint and refer to the private placement memoranda described therein for the complete contents thereof.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Amended Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Amended Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97 of the Amended Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98 of the Amended Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 of the Amended Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 of the Amended Complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Amended Complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Amended Complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103 of the Amended Complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 of the Amended Complaint.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the Amended Complaint.

106. Deny the allegations of Paragraph 106 of the Amended Complaint and refer to the Proxy Statement and the employment agreements described therein for the complete contents thereof.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107 of the Amended Complaint.

108. Deny the allegations of Paragraph 108 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

109. Deny the allegations of Paragraph 109 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of that paragraph.

110. Deny the allegations of Paragraph 110 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

111. Deny the allegations of Paragraph 111 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

112. Deny the allegations of Paragraph 112 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

113. Deny that Mr. Murphy was a director of Tremont Capital from 2001-2009, and admit the remaining allegations of Paragraph 113 of the Amended Complaint.

114. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114 of the Amended Complaint.

115. Deny that Mr. Wolfgruber was a director of Tremont Capital from 2003-2009, and admit the remaining allegations of Paragraph 115 of the Amended Complaint.

116. Deny the allegations of Paragraph 116 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

117. Deny the allegations of Paragraph 117 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph and refer to the prospectuses described therein for the complete contents thereof.

118. Deny the allegations of Paragraph 118 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph and refer to the prospectuses described therein for the complete contents thereof.

119. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 of the Amended Complaint and refer to the prospectuses described therein for the complete contents thereof.

120. Deny the allegations of Paragraph 120 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph and refer to the Statement of Additional Information described therein for the complete contents thereof.

121. Deny the allegations of Paragraph 121 of the Amended Complaint to the extent such allegations purport to refer to, or to be directed at, OAC; deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of that paragraph.

122. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 of the Amended Complaint.

123. Count I of the Amended Complaint is not directed at OAC; thus, no response is required.

124. Count I of the Amended Complaint is not directed at OAC; thus, no response is required.

125. Count I of the Amended Complaint is not directed at OAC; thus, no response is required.

126. Count I of the Amended Complaint is not directed at OAC; thus, no response is required.

127. Count I of the Amended Complaint is not directed at OAC; thus, no response is required.

128. Count I of the Amended Complaint is not directed at OAC; thus, no response is required.

129. In response to Paragraph 129 of the Amended Complaint, OAC repeats and incorporates each and every one of its responses to the foregoing paragraphs as if fully set forth herein.

130. Deny the allegations of Paragraph 130 of the Amended Complaint.

131. Deny the allegations of Paragraph 131 of the Amended Complaint.

132. Deny the allegations of Paragraph 132 of the Amended Complaint.

133. Count III of the Amended Complaint is not directed at OAC; thus, no response is required.

134. Count III of the Amended Complaint is not directed at OAC; thus, no response is required.

135. Count III of the Amended Complaint is not directed at OAC; thus, no response is required.

136. Count III of the Amended Complaint is not directed at OAC; thus, no response is required.

137. Count III of the Amended Complaint is not directed at OAC; thus, no response is required.

138. Count III of the Amended Complaint is not directed at OAC; thus, no response is required.

139. Count III of the Amended Complaint is not directed at OAC; thus, no response is required.

140. Count III of the Amended Complaint is not directed at OAC; thus, no response is required.

141. Count IV of the Amended Complaint is not directed at OAC; thus, no response is required.

142. Count IV of the Amended Complaint is not directed at OAC; thus, no response is required.

143. Count IV of the Amended Complaint is not directed at OAC; thus, no response is required.

144. Count IV of the Amended Complaint is not directed at OAC; thus, no response is required.

145. Count IV of the Amended Complaint is not directed at OAC; thus, no response is required.

146. Count V of the Amended Complaint is not directed at OAC; thus, no response is required.

147. Count V of the Amended Complaint is not directed at OAC; thus, no response is required.

148. Count V of the Amended Complaint is not directed at OAC; thus, no response is required.

149. Count V of the Amended Complaint is not directed at OAC; thus, no response is required.

150. Count V of the Amended Complaint is not directed at OAC; thus, no response is required.

151. Count V of the Amended Complaint is not directed at OAC; thus, no response is required.

152. Count V of the Amended Complaint is not directed at OAC; thus, no response is required.

153. Count V of the Amended Complaint is not directed at OAC; thus, no response is required.

154. Count V of the Amended Complaint is not directed at OAC; thus, no response is required.

155. Count VI of the Amended Complaint is not directed at OAC; thus, no response is required.

156. Count VI of the Amended Complaint is not directed at OAC; thus, no response is required.

157. Count VI of the Amended Complaint is not directed at OAC; thus, no response is required.

158. Count VI of the Amended Complaint is not directed at OAC; thus, no response is required.

159. Count VI of the Amended Complaint is not directed at OAC; thus, no response is required.

160. Count VI of the Amended Complaint is not directed at OAC; thus, no response is required.

161. In response to Paragraph 161 of the Amended Complaint, OAC repeats and incorporates each and every one of its responses to the foregoing paragraphs as if fully set forth herein.

162. Deny the allegations of Paragraph 162 of the Amended Complaint.

163. Deny the allegations of Paragraph 163 of the Amended Complaint.

164. Deny the allegations of Paragraph 164 of the Amended Complaint.

165. Deny the allegations of Paragraph 165 of the Amended Complaint.

166. Deny the allegations of Paragraph 166 of the Amended Complaint.

### **FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a cause of action against OAC.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain one or more of the claims alleged in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to conduct or was negligent in conducting due diligence on the Broad Market XL Fund, the Broad Market Fund and Madoff.  It therefore is barred by the doctrine of comparative or contributory negligence from recovering all or part of the damages to which it claims entitlement in the event OAC is found liable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, ratification or failure to use due care.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover damages because any damages or losses were caused by intervening and/or superseding events for which OAC is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

The claims are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

WHEREFORE, OAC demands judgment against Plaintiff as follows:

(a)   Dismissing the entire action with prejudice;

    (b) Granting OAC its reasonable costs, expenses and attorneys' fees; and

    (c) Granting such other and further relief as this Court may deem just and proper.

DATED:  June 22, 2012       /s/ David A. Kotler
              David A. Kotler
              david.kotler@dechert.com
              DECHERT LLP
              902 Carnegie Center, Suite 500
              Princeton, New Jersey 08540
              Tel.: (609) 955-3200
              Fax: (609) 955-3259
              *Attorneys for Defendant*
              *Oppenheimer Acquisition Corp.*

14473899