UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
IN RE TREMONT SECURITIES LAW,
STATE LAW AND INSURANCE      :   Master File No. 08 Civ. 11117 (TPG)
LITIGATION
------------------------------- x
This Document Relates to:
                             :
ELENDOW FUND, LLC,               10 Civ. 9061 (TPG)
                             :
           Plaintiff,            ECF Case
                             :   Electronically Filed
     - against -

RYE SELECT BROAD MARKET XL FUND,
L.P., et al.,

           Defendants.

------------------------------- 

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/12

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Plaintiff Elendow Fund, LLC and defendants Massachusetts Mutual Life Insurance Co., MassMutual Holding LLC, Oppenheimer Acquisition Corp., Tremont Group Holdings, Inc., Tremont Partners, Inc., Rye Investment Management, Tremont Capital Management, Inc., Robert Schulman, Rupert Allan, Jim Mitchell and Rye Select Broad Market XL Fund, L.P. (collectively, the "Parties," and each separately, a "Party"), through their undersigned counsel, hereby stipulate and agree as follows:

1. **Scope of Stipulation:** The term "Discovery Material" shall mean all documents, testimony, exhibits, interrogatory answers, responses to request for admissions, and any other written, recorded, transcribed or graphic matter or data or any thing produced by the Parties in this action (Elendow Fund, LLC v. Rye Select Broad Market XL Fund, L.P., 10 Civ. 9061 (TPG) (S.D.N.Y.)), any copies thereof and all information contained therein. This

stipulation (the "Stipulation") shall apply to all Discovery Material produced by any of the Parties in this action or introduced at any hearing or trial in this action, all information contained in or derived from Discovery Material, and all copies, transcripts, excerpts, notes and summaries of Discovery Material. This Stipulation shall also apply to all Discovery Material produced by any non-party in this action to the extent the non-party wishes to designate Discovery Material as Confidential pursuant to this Stipulation.

    2. **Protection of Confidential Material:** All Discovery Material designated "Confidential" pursuant to this Stipulation ("Confidential Material"), and all information contained in or derived from Confidential Material, shall be used solely in and for the purpose of this action (including any motion, hearing, trial, appeal or retrial) and may not be used for any other purpose, including without limitation any business or commercial purpose, or in connection with any other legal proceeding of any kind. Any person receiving Confidential Material shall safeguard such information so as to avoid use or disclosure of that information except as provided in this Stipulation.

    3. **Confidential Material:** As used herein, the term "Confidential Material" shall mean Discovery Material produced by a Party or non-party that is designated as "Confidential" by the Party or non-party producing it ("Designating Party") using the means set forth in paragraph 5 below. A Party or non-party may designate as "Confidential" any Confidential Material that it believes in good faith constitutes or contains information that is (a) confidential (meaning that it is not generally known and not readily ascertainable by proper means) and (b) proprietary, trade secret, competitively sensitive or personal information.

4. **Permissible Disclosures:**

(a) Except with the prior written consent of the Designating Party, no Confidential Material shall be disclosed to any person except as provided herein.

(b) Material designated as "Confidential" may be shown, provided and made available solely to the following persons:

(i) Counsel for the Parties, including in-house counsel and support personnel (including paralegals and clerical support) when operating under the supervision of such counsel;

(ii) The Parties, and their officers, directors, partners, employees and agents that are involved in or supervising this action;

(iii) Such former officers, directors, partners, employees and agents of the Parties as counsel in good faith deem necessary to assist with respect to this action;

(iv) As to any document, its author, its addressee, and any person (A) indicated on the face of the document as having received a copy, (B) who it can be shown, through questioning at deposition, did or would have been entitled to see such documents during his or her employment or as a designated representative of the Party or non-party designating such document as "Confidential," or (C) who is permitted to see a document designated as "Confidential" by written agreement of the Parties or non-parties prior to the dissemination of Confidential Material;

(v) The Court, officers of the Court, or Court personnel involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court);

(vi) Jurors, in any trial in this action;

3

(vii) Any non-party witness providing oral testimony, and his or her counsel in preparing for any deposition, hearing or trial in this action, provided that any such individuals have signed an acknowledgment in the form attached as Exhibit "A" hereto, which shall be retained by counsel for the Party making the disclosure;

(viii) Outside consultants or experts, and their officers, directors, partners, employees and agents, retained by the Parties in good faith in connection with this action, whether retained to testify at trial or not, provided that any such individuals have signed an acknowledgment in the form attached as Exhibit "A" hereto, which shall be retained by counsel for the Party making the disclosure; and

(ix) Firms, and officers, directors, partners, employees and agents of firms, or persons that have been engaged by the Parties or their counsel for purposes of photocopying, electronic imaging, document storage, or other similar litigation support activities in connection with this action.

5. **Designation:** A Party or non-party designating Discovery Material as "Confidential" will be referred to as a "Designating Party." Any Party or non-party producing or disclosing Confidential Material to any other Party or to the Court shall, to the greatest extent possible, designate that material as "Confidential" at the time of its production or disclosure. Discovery Material may be designated as "Confidential" by any of the following means:

(a) Paper or electronic documents may be designated by stamping them on each page with the legend "CONFIDENTIAL."

(b) Deposition testimony may be designated either (i) at the deposition, by making a statement on the record for the inclusion in the deposition transcript, or (ii) within fifteen days after delivery of the deposition transcript to the Party who took the deposition, by

the Designating Party informing all counsel in writing of such designation with sufficient particularity that the material so designated may be readily identified. For fifteen days after the delivery of the deposition transcript, the entire deposition transcript and any videotape or other recording thereof shall be treated as Confidential. Thereafter, unless a Party or non-party designates Confidential Material in a deposition transcript within the fifteen-day period, none of the transcript or any videotape or other recording thereof shall be treated as Confidential Material.

    (c)  Written discovery responses may be designated by indicating the designation in the responses.

    (d)  Any form of Discovery Material may be designated as "Confidential" by letter or by any other means reasonably calculated to communicate the designation to all Parties receiving the Discovery Material that describes such material with sufficient particularity that the material may be readily identified.

The foregoing is without prejudice to any Party's or non-party's right under paragraph 9 to subsequently designate Confidential Material that was not initially designated as such. In the event that a Party or non-party produces two or more identical or substantially identical copies of a document, and any copy is designated as Confidential Material while other copies are not so designated, all such identical or substantially identical documents shall be treated as "Confidential" once the inconsistent designation is known. Any Designating Party may give notice at any time to any other Party that it is eliminating its previous designation of Discovery Material as Confidential Material.

    6.  **Filing:** In the event that counsel for any Party determines in its sole discretion that it is necessary to file with the Court any document or other material that contains, refers to, attaches or encloses Confidential Material, the following procedures shall be used:

(a)     The Parties agree to refrain, to the greatest extent possible, from including Confidential Material in the titles of documents filed with the Court so that, in all instances, the titles of such documents – and the Court's docket reflecting those titles – may remain public.

(b)     A Party that files with the Court any document or other material that contains, refers to, attaches or encloses Confidential Material shall make such filing under seal. Any Court filing that contains or constitutes Confidential Material shall be filed in a sealed envelope or other appropriate sealed container labeled as required by the rules of the Court. In the event that a Party intending to file Confidential Material cannot obtain approval to file such material under seal, then the Party intending to file such material shall provide the Designating Party with reasonable notice in advance of filing of such material.

7.     **Objection to Designation:** Nothing in this Stipulation shall be or be deemed to be an acknowledgment by any Party that any Discovery Material designated as Confidential Material is in fact entitled to such treatment. A Party shall not be obligated to challenge the propriety of any other Party's or non-party's designation of Discovery Material as Confidential Material, and a failure to do so at the time of the designation shall not preclude any subsequent challenge. Any Party (a "Disputing Party") that disputes the propriety of another Party's or non-party's designation of Discovery Material as Confidential Material may request in writing that the Designating Party withdraw such designation, setting forth the reasons the Disputing Party believes such documentation or information does not qualify as Confidential Material. The Designating Party and the Disputing Party shall confer in good faith during the ten business days following the Designating Party's receipt of the objection in an effort to resolve the objection. If such conference is unsuccessful, and if the Designating Party does not withdraw the designation within fifteen business days after receipt of the initial request to redesignate, the

6

Disputing Party may move the Court at any time thereafter for an order requiring the withdrawal of the designation of the Discovery Material as Confidential Material. During the pendency of such motion, the material designated as Confidential Material shall maintain its protected status unless and until the Parties agree, or the Court orders, otherwise.

8. **Duration:** All provisions of this Stipulation and any Order thereon shall continue to be binding through and after the conclusion of this action (including trials, appeals and retrials, if any), until further Order of the Court, unless the Parties agree otherwise in writing. Within sixty days after the dismissal or unappealed or unappealable final ruling, order, judgment or settlement of all claims and counterclaims in this action, all Confidential Material shall be destroyed, returned to the Designating Party or redacted to remove all Confidential Material. Upon request by a Designating Party, a Party or its counsel shall certify compliance with this provision in writing to counsel for the Designating Party. Notwithstanding the foregoing, the Parties and their counsel may maintain in their files copies or originals of any pleadings, briefs or affidavits filed with the Court, any written discovery requests or responses and any correspondence, memoranda or notes and any drafts thereof, notwithstanding that such materials contain, refer to, attach, enclose or otherwise concern documents or information that was designated as Confidential Material.

9. **Subsequent Designation:** The failure of a Party or a non-party to designate Discovery Material as "Confidential" upon production or as provided in paragraph 5(c) shall not be or be deemed to be a waiver of the Party's or non-party's right to so designate it, unless such Discovery Material has been disclosed to any person (other than the persons listed in paragraph 4) prior to the designation. No person shall be liable for the use, disclosure, or receipt of Discovery Material that was subsequently designated pursuant to this paragraph as

Confidential Material if the use, disclosure, or receipt at issue occurred prior to receipt of written notice of the designation of the Discovery Material as Confidential Material.

10. **Compelled Disclosure:** In the event that a Party is called upon, by subpoena or other compulsory process, to provide or produce Confidential Material in another action or proceeding, that Party shall notify the Designating Party promptly in writing to enable the Designating Party (at its own expense) to exercise any rights available to it, shall make reasonable efforts (also at the Designating Party's expense) to avoid production prior to such notice and shall reasonably cooperate in any effort by the Designating Party to prevent disclosure following such notice.

11. **Modification:** Any Party may apply to the Court at any time for any relief with respect to this Stipulation, including a modification of its terms.

12. **Counterparts:** This Stipulation may be executed in counterparts, each of which shall be considered to be an original and total copy.

13. **Use by Designating Party:** Nothing contained herein shall be construed to limit any Designating Party from using its own Confidential Material in any manner that it may choose.

Dated: July 18, 2012

McLAUGHLIN & STERN, LLP

By: *Lee Shalov /ST*
Lee S. Shalov, Esq.
lshalov@mclaughlinstern.com
260 Madison Avenue
New York, New York 10016
(212) 448-1100

*Attorneys for Plaintiff*
*Elendow Fund, LLC*

8

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By: /s/ Seth M. Schwartz
Seth M. Schwartz
Seth.Schwartz@Skadden.com
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Defendants*
*Tremont Group Holdings, Inc.,*
*Tremont Partners, Inc.,*
*Rye Investment Management,*
*Tremont Capital Management, Inc.,*
*Robert Schulman, Rupert Allan and*
*Jim Mitchell*


DECHERT LLP

By: David Kotler /SI
David A. Kotler
david.kotler@dechert.com
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

*Attorneys for Defendant*
*Oppenheimer Acquisition Corp.*


BINGHAM McCUTCHEN LLP

By: Carol Head /SI
Joseph L. Kociubes
joe.kociubes@bingham.com
Carol E. Head
carol.head@bingham.com
399 Park Avenue
New York, New York 10022

*Attorneys for Defendants*
*Massachusetts Mutual Life Insurance*
*Company and MassMutual Holding LLC*

9

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP

By: *Jamie Stecher /SI*
David J. Kanfer
kanfer@thsh.com
Jamie B.W. Stecher
stecher@thsh.com
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Defendant*
*Rye Select Broad Market XL Fund, L.P.*

**SO ORDERED**

_____  by MM
United States District Judge
7/20/12

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
IN RE TREMONT SECURITIES LAW, :
STATE LAW AND INSURANCE            :   Master File No. 08 Civ. 11117 (TPG)
LITIGATION                         :
---------------------------------- x
This Document Relates to:
                                   :
ELENDOW FUND, LLC,                 :   10 Civ. 9061 (TPG)
                                   :
            Plaintiff,             :   ECF Case
                                   :   Electronically Filed
     - against -                   :
                                   :
RYE SELECT BROAD MARKET XL FUND,   :
L.P., et al.,                      :
                                   :
            Defendants.            :
---------------------------------- x

## ACKNOWLEDGMENT

I, _____, hereby certify my understanding that Confidential Material is being provided to me pursuant to and consistent with the Stipulated Confidentiality Agreement and Order (the "Stipulation") among the Parties to this action. I further certify that I have been provided a copy of and have read the Stipulation and hereby agree to comply with and be bound by the terms of the Stipulation as if I were a Party thereto.

Signed: _____

Name:   _____

Date:   _____