N.Y.S.D. Case #
08-cv-11117(TPG)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS
GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE
PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS
COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC
DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held
at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the
City of New York, on the 10th day of July, two thousand twelve.

Present:    JOSEPH M. McLAUGHLIN,
            SUSAN L. CARNEY,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 13, 2012

Meridian Horizon Fund, LP, Meridian Horizon Fund II,      |
LP, Meridian Diversified Fund, LP, Meridian Diversified   |
Erisa Fund, Ltd., Meridian Diversified Compass Fund,      |
Ltd., Meridian Absolute Returns Erisa Fund, Ltd.,         |
Meridian Diversified Fund, Ltd.,                          |
                                                          |
            *Plaintiffs-Appellants,*                      |
                                                          |
            -v-                                           |        No. 11-3311-cv
                                                          |
KPMG (Cayman), KPMG LLP,                                  |
                                                          |
            *Defendants-Appellees,*                       |
                                                          |
Oppenheimer Acquisition Corporation, Tremont Group        |
Holdings, Inc., Tremont Partners, Inc., Tremont           |
(Bermuda) Limited,                                        |
                                                          |
            *Defendants.*<sup>*</sup>                     |

_____

<sup>*</sup> The Clerk of Court is respectfully directed to amend the case caption to read as shown
above.

|  |  |
|---|---|
| In re Tremont Securities Law, State Law and Insurance Litigation | No. 11-3725-cv |
| ————————————————————— | |
| Arthur M. Brainson, Yvette Finkelstein, Group Defined Pension Plan & Trust, on behalf of themselves and all others similarly situated, | |
| *Plaintiffs-Appellants,* | |
| -v- | |
| Ernst & Young LLP, KPMG LLP, | |
| *Defendants-Appellees.* | |
| ————————————————————— | |

Appearing for Appellants Meridian
Horizon Fund, LP, Meridian Horizon
Fund II, LP, Meridian Diversified
Fund, LP, Meridian Diversified Erisa
Fund, Ltd., Meridian Diversified
Compass Fund, Ltd., Meridian Absolute
Returns Erisa Fund, Ltd.,
Meridian Diversified Fund, Ltd.:

SCOTT M. BERMAN (Anne E.
Beaumont, John N. Orsini, Steven E.
Frankel, on the brief), Friedman
Kaplan Seiler & Adelman LLP, New
York, NY

Appearing for Appellants Arthur M.
Brainson, Yvette Finkelstein, Group
Defined Pension Plan & Trust, and all
others similarly situated:

JEFFREY M. HABER (Christian Siebott,
Stephanie M. Beige, on the brief),
Bernstein Liebhard LLP, New York,
NY

Appearing for Appellee KPMG LLP:

CARTER G. PHILLIPS (Gary F.
Bendinger, Gregory G. Ballard, on the
brief), Sidley Austin LLP, New York,
NY

John K. Villa, David A. Forkner,
Williams & Connolly LLP,
Washington, DC

Appearing for Appellee KPMG (Cayman):   IRA M. FEINBERG (George A. Salter,
                                        Chava Brandriss, on the brief), Hogan
                                        Lovells US LLP, New York, NY

Appearing for Appellee Ernst & Young LLP: DEANNE E. MAYNARD (Brian R.
                                        Matsui, Natalie R. Ram, Tiffany A.
                                        Rowe, on the brief), Morrison &
                                        Foerster LLP, Washington, DC

                                        Robert B. Hubbell, Morrison &
                                        Foerster LLP, Los Angeles, CA

Appeals from the United States District Court for the Southern District of
New York  (Thomas P. Griesa, *Judge*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED,
ADJUDGED, AND DECREED** that the judgments of the district court be and
hereby are **AFFIRMED**.

In these tandem appeals, which we have consolidated for decision,
appellants, investors in various funds managed by Tremont Group Holdings, Inc.
and its affiliates ("Tremont") that fed into Bernard L. Madoff Investment Securities,
LLC ("BLMIS"), appeal from judgments of the United States District Court for the
Southern District of New York (Griesa, *J.*), dismissing their federal securities law
claims and common law claims against appellees, auditors of these funds (the
"Tremont funds").  In No. 11-3311, the plaintiffs-appellants ("*Meridian* Plaintiffs")
alleged in their complaint ("*Meridian* Complaint"), *inter alia*, that KPMG LLP and
KPMG (Cayman) failed to conduct audits of the Tremont funds in accordance with
Generally Accepted Auditing Standards ("GAAS") and knowingly and recklessly
issued false and misleading audit opinions, and, in so doing, violated federal

securities laws (Counts X and XI of the *Meridian* Complaint), committed common

law fraud (Counts XII and XIII of the *Meridian* Complaint), and acted negligently

(Counts XIV and XV of the *Meridian* Complaint). The plaintiffs-appellants in No.

11-3725 ("*Brainson* Plaintiffs") made substantially similar allegations in their

consolidated and amended class action complaint ("*Brainson* Complaint") against

KPMG LLP and Ernst & Young LLP ("E&Y"), contending that KPMG LLP and

E&Y violated federal securities laws (Count I of the *Brainson* Complaint),

committed common law fraud (Count III of the *Brainson* Complaint), aided and

abetted Tremont's breach of fiduciary duty (Count VIII of the *Brainson* Complaint),

made negligent misrepresentations (Count X of the *Brainson* Complaint), and

breached a fiduciary duty to the *Brainson* Plaintiffs (Count XI of the *Brainson*

Complaint). We assume the parties' familiarity with the facts and the record of

prior proceedings, which we reference only as necessary to explain our decision.

A.     Standard of Review and Pleading Standards

We review the dismissal of a complaint for failure to state a claim pursuant

to Fed. R. Civ. P. 12(b)(6) *de novo*, and "accept all well-pleaded facts as true and

consider those facts in the light most favorable to the plaintiff." *Chapman v. New

York State Div. for Youth*, 546 F.3d 230, 235 (2d Cir. 2008). A complaint must

plead claims that are "plausible on [their] face" to survive a motion to dismiss.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A

facially plausible claim is one in which "the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In addition, private securities fraud claims must meet heightened pleading requirements. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). First, a securities fraud claim must be pleaded pursuant to Fed. R. Civ. P. 9(b), "which requires that the circumstances constituting fraud . . . shall be stated with particularity." *Id.* (quotation marks omitted).

Second, private securities fraud claims must also satisfy the requirements of the Private Securities Litigation Reform Act ("PSLRA"). *Id.* Under the PSLRA, "[i]n pleading scienter in an action for money damages requiring proof of a particular state of mind, 'the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Id.* (quoting 15 U.S.C. § 78u-4(b)(2)). A plaintiff may satisfy the PSLRA's pleading requirements for scienter by alleging facts that either (1) show that the defendant had both the "motive and opportunity" to commit the alleged fraud, or (2) constitute "strong circumstantial evidence of conscious misbehavior or recklessness." *Id.*

A "strong inference" is one that is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). When determining whether the facts alleged by a plaintiff support a "strong inference" of scienter, "a court must consider plausible, nonculpable

explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Id.* at 323-24. A reviewing court must assess all of the allegations holistically, not individually. *Id.* at 326. As the Supreme Court has noted, the ultimate inquiry is: "When the allegations are accepted as true and taken collectively, would a reasonable person deem the inference of scienter at least as strong as any opposing inference?" *Id.* at 326.

B.    <u>Federal Securities Claims</u>

Section 10(b) of the Securities Exchange Act of 1934 proscribes the "use or employ, in connection with the purchase or sale of any security . . . , [of] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission ("SEC")] may prescribe as necessary or appropriate . . . ." 15 U.S.C. § 78j(b). SEC Rule 10b-5 was promulgated pursuant to this authority, and provides that it is unlawful:

> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made . . . not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

To plead a misrepresentation or omission claim under Section 10(b) and Rule 10b-5, a plaintiff must allege that defendant "(1) made misstatements or omissions of material fact; (2) with scienter; (3) in connection with the purchase or sale of

6

securities; (4) upon which plaintiffs relied; and (5) that plaintiffs' reliance was the proximate cause of their injury." *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 172 (2d Cir. 2005) (quotation marks omitted).

The district court dismissed the federal securities claims against KPMG LLP, KPMG (Cayman),[1] and E&Y (together, the "Auditors"), holding that plaintiffs' allegations that the Auditors ignored "red flags" of Madoff's fraud and conducted an inadequate audit of the Tremont funds were insufficient to support a strong inference of scienter. We agree with the district court that the inference of scienter that plaintiffs proffer is neither strong nor nearly as compelling as other, competing inferences.

As we have observed, "[f]or recklessness on the part of a non-fiduciary accountant to satisfy securities fraud scienter, such recklessness must be conduct that is highly unreasonable, representing an extreme departure from the standards of ordinary care." *Rothman v. Gregor*, 220 F.3d 81, 98 (2d Cir. 2000) (quotation marks omitted). Such recklessness "must, in fact, approximate an actual intent to aid in the fraud being perpetrated by the audited company." *Id.* (quotation marks omitted); *see also South Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (same).

---

[1] KPMG (Cayman) also contends that we should affirm the district court's dismissal of the federal securities claims against it under *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869, 2884 (2010), because the offshore *Meridian* Plaintiffs' claims arise from wholly foreign transactions, and Section 10(b) does not have extraterritorial effect. Given our disposition of the scienter issue, we need not, and do not, address this issue.

Plaintiffs' allegations do not meet this demanding standard; indeed, they are

an archetypical example of impermissible "allegations of fraud by hindsight."

*Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000) (quotation marks omitted). The

Auditors were responsible for auditing the Tremont funds, not BLMIS. Many of the

purported "red flags" that plaintiffs contend should have put the Auditors on notice

of the Madoff fraud, such as the lack of an independent third-party custodian, and

BLMIS's dual role as both investment manager and administrator, were risks

inherent to BLMIS, not the Tremont entities. Further, these risks were not only

plainly disclosed to plaintiffs in the Tremont offering materials, but also to, *inter*

*alios*, investors in and auditors of other Madoff feeder funds, and the SEC, none of

whom discovered the Madoff scheme. In light of the foregoing, we agree with the

district court that "the more compelling inference as to why Madoff's fraud went

undetected for two decades was his proficiency in covering up his scheme and

deceiving the SEC and other financial professionals." *Meridian Horizon Fund, LP*

*v. Tremont Grp. Holdings, Inc.*, 747 F. Supp. 2d 406, 413 (S.D.N.Y. 2010).

C.    Common Law Fraud Claims

Under New York law,[2] "[t]he essential elements of a cause of action for fraud

are representation of a material existing fact, falsity, *scienter*, deception and

---

[2] KPMG (Cayman) contends that Cayman law applies to the claims brought by offshore
*Meridian* Plaintiffs against it. We need not decide whether New York or Cayman law applies,
because the Cayman analog to common law fraud also contains a scienter element that requires a
showing of "knowledge or recklessness," *Jaffray v. Society of Lloyd's*, [2002] EWCA Civ 1101, para. 49,
and "[i]n the absence of substantive difference . . . a New York court will dispense with choice of law
analysis . . . and if New York law is among the relevant choices, New York courts are free to apply it,"
*Int'l Bus. Machines Corp. v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 143 (2d Cir. 2004).

injury." *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 318 (1995) (quotation marks omitted).[3]  Thus, as explained *supra* Section B, plaintiffs' failure to allege scienter adequately is fatal to their common law fraud claims.

D.    Other Common Law Claims

The district court dismissed the plaintiffs' non-fraud common law claims against the Auditors on the grounds that they were preempted by New York's Martin Act, N.Y. Gen. Bus. L. § 352 *et seq.*, and, in an oral ruling on May 27, 2011, provided other grounds for its determination as to the *Brainson* Plaintiffs' claims, including, *inter alia*, preemption by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  After the district court's initial decision, the New York Court of Appeals held that the Martin Act does not preempt a common law claim where the claim "is not entirely dependent on the Martin Act for its viability." *Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt. Inc.*, 18 N.Y.3d 341, 353 (2011). Accordingly, the district court's dismissal of these claims on this ground was error. Nevertheless, "[w]e may affirm on any ground supported in the record, even if it is not the one on which the district court relied." *Giovanniello v. ALM Media, LLC*, 660 F.3d 587, 591 (2d Cir. 2011).  We do so here, describing below the grounds upon which we rely to affirm.

---

[3] Although the elements are essentially the same, after the Supreme Court's decision in *Tellabs*, 551 U.S. at 314, it is unclear whether the standard for pleading scienter under federal securities law is the same as the standard for pleading scienter under common law fraud.  Here, however, the parties rely almost exclusively on federal securities cases to support their fraud claims and do not raise this issue in their briefs.  As such, we assume, without deciding, that post-*Tellabs* cases concerning scienter under federal securities law are relevant in the common law fraud context.

1.    <u>Negligence</u>

Under New York law,[4] a plaintiff claiming negligence "against an accountant with whom he has no contractual relationship faces a heavy burden." *Sec. Investor Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 73 (2d Cir. 2000).   Accountants may not be held liable in negligence to "noncontractual parties who rely to their detriment on inaccurate financial reports," unless a plaintiff shows (1) that the accountants were "aware that the financial reports were to be used for a particular purpose or purposes"; (2) "in the furtherance of which a known party or parties was intended to rely"; and (3) "some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance." *Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 551 (1985).  "The words 'known party or parties' in the *Credit Alliance* test mean what they say"—plaintiffs must show that the accountants knew "the identity of the specific nonprivy party who would be relying" upon their reports.  *Sykes v. RFD Third Ave. 1 Assocs., LLC*, 15 N.Y.3d 370, 373-74 (2010) (quotation marks omitted).

We conclude that the district court's dismissal of plaintiffs' negligence claims against the Auditors was proper because plaintiffs' pleadings do not satisfy the second prong of the *Credit Alliance* test—they failed to show that the Auditors were aware of the identities of the specific nonprivy parties who would be relying upon

---

[4] We need not address KPMG (Cayman)'s contention that Cayman law applies here.  *See supra* n.2 and *Int'l Bus. Machines Corp.*, 363 F.3d at 143.

10

their reports.  Moreover, plaintiffs' pleadings do not satisfy the third prong of the

*Credit Alliance* test because plaintiffs have failed to allege any form of direct

contact between them and the Auditors.  *See Sec. Investor Prot. Corp.*, 222 F.3d at

75.  Plaintiffs' allegation that the Auditors addressed their audit reports to "The

Partners" of the funds is not sufficient given that Tremont, not the Auditors, sent

the reports to the limited partners.  "The fact that plaintiffs were entitled to and

received a copy of the audited financial statements, or that [the Auditors] knew that

the investors would rely upon the information contained in the financial

statements, does not establish the requisite linking conduct."  *CRT Invs., Ltd. v.*

*BDO Seidman, LLP*, 925 N.Y.S.2d 439, 441 (App. Div. 1st Dep't 2011).

      2.    <u>Fiduciary Duty Claims</u>

      The *Brainson* Plaintiffs' claims against KPMG LLP and E&Y for breach of

fiduciary duty and aiding and abetting Tremont's breach of fiduciary duty were also

properly dismissed.

      "[A] conventional business relationship, without more, is insufficient to

create a fiduciary relationship.  Rather, a plaintiff must make a showing of special

circumstances that could have transformed the parties' business relationship to a

fiduciary one . . . ."  *AHA Sales, Inc. v. Creative Bath Products, Inc.*, 867 N.Y.S.2d

169, 181 (App. Div. 2d Dep't 2008) (citation and quotation marks omitted).  As a

threshold matter, the *Brainson* Plaintiffs did not have a "conventional business

relationship" with KPMG LLP and E&Y.  These auditors' business relationship was

with Tremont; the *Brainson* Plaintiffs were simply recipients of reports drafted by

them at Tremont's request.  To the extent that the *Brainson* Plaintiffs' contacts with KPMG LLP and E&Y could be characterized as a "relationship," the *Brainson* Complaint still fails sufficiently to allege any special circumstances that would transform the relationship into a fiduciary one.

A plaintiff alleging a claim for aiding and abetting a breach of fiduciary duty must show "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach."  *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 169 (App. Div. 1st Dep't 2003).  "Although a plaintiff is not required to allege that the aider and abettor had an intent to harm, there must be an allegation that such defendant had actual knowledge of the breach of duty."  *Id.*  To satisfy the "knowing participation" element, a plaintiff must show that the defendant provided "substantial assistance" to the primary violator, *id.* at 170, which "means more than just performing routine business services for the alleged fraudster," *CRT Invs., Ltd.*, 925 N.Y.S.2d at 441.  For the reasons described *supra* Section B, the *Brainson* Plaintiffs fail to plead sufficient factual matter to show that KPMG LLP and E&Y knowingly participated in Tremont's alleged breach of fiduciary duty.

We have considered plaintiffs' remaining arguments and find them to be unavailing.  Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

12