

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE TREMONT SECURITIES LAW,
STATE LAW, AND INSURANCE
LITIGATION,

08 Civ. 11117 (TPG)

**ORDER**
**This Document Relates**
**to: 08 Civ. 11183**
**10 Civ. 9274**

------------------------------------x

On February 9, 2011, the court consolidated the case captioned The Tremont Insurance Plaintiffs' Litigation Trust v. KPMG LLP, No. 10 Civ. 9274 ("the Litigation Trust action"), into the State Law Action, No. 08 Civ. 11183. Shortly before the court approved a partial settlement in this case, plaintiff objected to the case's consolidation with the State Law Action and requested that it be reconsolidated as part of the Insurance Law Action, No. 09 Civ. 557. Thereafter plaintiff's counsel informed the court that the parties were working on a resolution of the consolidation dispute, and the court deferred resolution of the dispute. However, it appears that the question of consolidation has still not yet been resolved.

Plaintiff's objection is overruled.

## BACKGROUND

The Litigation Trust Action is an action brought by the Tremont Insurance Plaintiff's Litigation Trust ("the Litigation Trust"), a trust created pursuant to the July 29, 2009 settlement in the Insurance Action

between the Insurance Class Plaintiffs and the Argus defendants. Argus International, and its predecessor Tremont International Insurance Limited, were insurance companies that issued variable universal life insurance policies and deferred variable annuity policies and then invested those proceeds in certain Tremont-operated hedge funds that are the subject of this litigation.

Pursuant to this July 29, 2009 settlement, Argus's claims against various third parties were assigned to the Litigation Trust. On December 10, 2010, the Litigation Trust filed the Litigation Trust Action. On February 9, 2011, this court consolidated the Litigation Trust Action with the State Law Action, No. 08 Civ. 11183, because it "asserts claims against KPMG, LLP, and other defendants, based solely on state law."

Plaintiff contends that the Litigation Trust Action should be part of the Insurance Action because it involves allegations that Argus (an insurance company) improperly invested. Plaintiff argues that the Litigation Trust itself is merely a continuation of claims previously asserted in the Insurance Action because the Litigation Trust was created pursuant to a settlement of some of the claims in the Insurance Action. Plaintiff also argues that efficiency would be fostered by having this case, which raises questions of insurance law and insurance-dedicated funds, consolidated with the Insurance Action because it would involve distinct factual and legal issues from the State Law Action.

## DISCUSSION

The decision to consolidate cases for pre-trial purposes rests in the discretion of the trial judge. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), cert. denied, 498 U.S. 920 (1990). "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." Id. at 1285; see also Consorti v. Armstrong World Indus., Inc., 72 F.3d 1003, 1006 (2d Cir. 1995). Consolidation is appropriate where the two actions present common questions or law or fact. Faris v. Longtop Financial Technologies Limited, No. 11 Civ. 3658 (SAS), 2011 U.S. Dist. LEXIS 112970, at *14 (S.D.N.Y. Oct. 4, 2011).

Having reviewed plaintiff's objections, the court is still satisfied that the case was appropriately consolidated with the State Law Action. If Argus, the purchaser of shares in Tremont hedge funds, had brought this action itself, the case would have been appropriately consolidated with the State Law Action because it would have been a suit by an investor in Tremont hedge funds, accusing KPMG and others of violations of state law. The Litigation Trust stands in the shoes of Argus. Although a suit by policyholders alleging misconduct by Argus and others would have been appropriately consolidated with the Insurance Action, a suit by Argus (or somebody standing in its shoes) alleging state law claims is appropriately consolidated with the State Law Action.

Accordingly, the court finds that the benefits of consolidating this case with the State Law Action outweigh the potential concerns raised by plaintiff and the benefits that plaintiff suggests would be gained by consolidating this action with the Insurance Action. The court may revisit this determination if problems arise later. See In re Meridian Funds Group Securities & ERISA Litig., No. 09 MD 2082 (TPG), 2011 U.S. Dist. LEXIS 97486, at *6 (S.D.N.Y. Aug. 30, 2011).

## CONCLUSION

Plaintiff's objection is overruled.

SO ORDERED.

Dated: New York, New York
August 2, 2012

_____
Thomas P. Griesa
U.S. District Judge