IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE TREMONT SECURITIES LAW, :
STATE LAW AND INSURANCE : Master File No.
LITIGATION : 08 Civ. 11117 (TPG)
------------------------------------------------------------:
This Document Relates to: :
:
State Law Actions, 08 Civ. 11183 (TPG) :
Securities Actions, 08 Civ. 11212 (TPG) : ECF Case
Insurance Actions, 09 Civ. 557 (TPG) : Electronically Filed
------------------------------------------------------------x

### DEFENDANT OPPENHEIMER ACQUISITION CORP.'S JOINDER IN THE TREMONT DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO RULE 60 MOTION TO VACATE THE FINAL JUDGMENT

Defendant Oppenheimer Acquisition Corp. ("OAC") hereby joins and incorporates by reference Tremont's Memorandum Of Law In Opposition To Rule 60 Motion To Vacate The Final Judgment (the "Tremont Opposition"), filed on September 17, 2012.

OAC, a holding company that owns the stock of Tremont Group Holdings, Inc. (which itself is a holding company for Tremont Partners, Inc.), is a party to the Settlement approved by this Court's August 22, 2011 Final Judgment (the "Final Judgment"). Madelyn Haines and Paul Zamrowski (together, the "Haines Plaintiffs"), objectors to the Settlement, now move for an order, pursuant to Rule 60 of the Federal Rules of Civil Procedure, vacating the Final Judgment. The Haines Plaintiffs base their Rule 60 Motion on supposed "newly discovered evidence" of a purported misrepresentation made by lead plaintiffs' counsel ("Lead Counsel") to the Court when seeking approval of the Settlement. Specifically, the Haines Plaintiffs argue that Lead Counsel represented that the non-Madoff Tremont Fund would be protected and available to be distributed to Tremont Fund investors.

As set forth in the Tremont Opposition, the Haines Plaintiffs' Rule 60 Motion should be denied because:

- Lead Counsel did not make a misrepresentation to this Court -- the non-Madoff Tremont Fund assets have been protected, and will not be used as consideration for the settlement of an adversary proceeding commenced by the trustee overseeing the liquidation of Bernard L. Madoff Investment Securities, LLC (the "Trustee Settlement").

- Even if the Haines Plaintiffs could show that non-Madoff Tremont Fund assets will be used to fund the Trustee Settlement, they have failed to meet the heavy burden imposed by Rule 60 because (a) the "newly discovered evidence" is not new, (b) the "newly discovered evidence" is not "of such an importance that it probably would have changed the outcome," and (c) the Haines Plaintiffs have failed to present evidence that any litigating party defrauded them or the Court.

Additionally, the Haines Plaintiffs are not entitled to discovery on their Rule 60 motion.

Accordingly, for the foregoing reasons and those set forth in the Tremont Opposition, Haines' Motion For Relief Under FRCP Rule 60 should be denied.

Dated: Princeton, NJ
September 18, 2012

Respectfully Submitted,
/s/ David A. Kotler
David A. Kotler
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540
Tel.: (609) 955-3200
Fax: (609) 955-3259

*Attorneys for Defendant Oppenheimer Acquisition Corp.*

14551459