UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | : : : : | 
| | |
| This Document Relates to: | : : |
| State Law Actions, 08 Civ. 11183 (TPG) | : |
| Securities Actions, 08 Civ. 11212 (TPG) | : |
| Insurance Actions, 09 Civ. 557 (TPG) | : |

Master File No. 08 Civ. 11117 (TPG)

**Electronically Filed**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### THE MASSMUTUAL DEFENDANTS' JOINDER IN TREMONT'S MEMORANDUM IN OPPOSITION TO RULE 60 MOTION TO VACATE FINAL JUDGMENT

Defendants Massachusetts Mutual Life Insurance Company and MassMutual Holding LLC ("MassMutual") join the Tremont Defendants' Opposition to the Rule 60 Motion to Vacate Final Judgment (Docket No. 806).

Approximately one year ago, the Court approved the Settlement and entered Final Judgment in the consolidated class and derivative litigation, *In re Tremont Securities Law, State Law and Insurance Litigation*, Master Docket No. 08 Civ. 11117 (TPG) (S.D.N.Y.) (Docket No. 604). Now, two class members, Madelyn Haines and Paul Zamrowski (the "Haines Plaintiffs"), whose objections to the Settlement the Court overruled and who have a pending appeal of the Final Judgment, move to vacate Final Judgment pursuant to Fed. R. Civ. P. 60(b). ("Motion to Vacate", Docket Nos. 799-801). The crux of the Motion to Vacate is an allegation that "newly discovered evidence" shows that Lead Counsel misrepresented to the Court that "non-Madoff Tremont Fund assets" would be "protected" by the Settlement.

The Haines Plaintiffs invested in two "funds of funds" hedge funds, Tremont Market Neutral Fund, L.P. and Tremont Market Neutral Fund II, L.P. (the "Tremont Funds"). The Tremont Funds invested some, but not all, of their capital in funds with exposure to Bernard Madoff ("Madoff"). Tremont tendered the Haines Plaintiffs $129,885, reflecting their pro rata share of the Tremont Funds' losses due to Madoff, plus interest. The Haines Plaintiffs refused to

accept Tremont's tender, opted to persist in their appeal, and claim that "newly discovered evidence" warrants vacating the Final Judgment.[1]

As set forth in the Tremont Defendants' Opposition, nothing about the Trustee Settlement warrants disturbing the Settlement and Final Judgment in this litigation pursuant to Rule 60. The alleged "newly discovered evidence" stems from a 2010 adversary proceeding in bankruptcy court against the Tremont Funds and others, brought by the Trustee of the Madoff estate, Irving Picard. *Picard v. Tremont Group Holdings, Inc.*, No. 08-01789, Adv. Pro. No. 10-05310 (Bankr. S.D.N.Y). In his complaint, the Trustee alleged, *inter alia*, that under the Bankruptcy Code he is entitled to "claw back" $130.3 million from the Tremont Funds because that amount was traceable to redemptions of the Tremont Funds' investments with Madoff. As part of the settlement of the adversary proceeding, which was publicly filed in July 2011 (the "Trustee Settlement"), the Tremont Funds agreed to pay an aggregate amount of $22.6 million in exchange for releases and other consideration. This settlement amount resulted in a write-down of the accounts of the Tremont Funds' investors, reflected in the Account Statements sent to those investors, including the Haines Plaintiffs. This write down is the alleged "newly discovered evidence" that Lead Counsel did not "protect" "non-Madoff assets".

The Haines Plaintiffs have utterly failed to meet the "onerous standard" under Rule 60(b)(2): (1) The Haines Plaintiffs cannot show they were "justifiably ignorant of [the newly discovered evidence] despite due diligence …" *See United States v. Int'l Brotherhood of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (citations omitted). The Trustee's claims against the Tremont Funds and the Trustee Settlement were known before, and raised at, the August 8, 2011 fairness hearing, as was the fact that various Rye and Tremont Funds would be contributing approximately $350 million toward the Trustee Settlement. *See, e.g.*, Aug. 8, 2011 Hr'g Transcript at 71, 97. (2) The Haines Plaintiffs also cannot show that this "newly discovered evidence" is of "such importance that it probably would have changed the outcome" of the Final

---

[1] In 2009, the Haines Plaintiffs also received an aggregate $166,958 from the Tremont Funds' distributions of liquidated investments with managers other than Madoff.

Judgment.  *See Int'l Brotherhood of Teamsters*, 247 F.3d at 392.  The Tremont Funds' contribution to the Trustee Settlement is not relevant to whether the Settlement ($100 million, plus other consideration) is fair, reasonable and adequate.

Further, as explained more fully in the Tremont Defendants' Opposition, the Haines Plaintiffs cannot show by clear and convincing evidence that Lead Counsel made any misrepresentation to the Court about "non-Madoff Tremont Fund assets," let alone a material misrepresentation as required under Rule 60.  *See Aneja v. M.A. Angeliades, Inc.*, No. 05 Civ. 9678(LAP), 2010 WL 199681, at *2 (S.D.N.Y. Jan. 12, 2010).  The amount of the Tremont Funds' write down reflects amounts traceable to allegedly voidable redemptions of the Tremont Funds' investments with Madoff that were used to settle claims brought by the Trustee in the Madoff bankruptcy -- they are not, as the Haines Plaintiffs claim, "non-Madoff Tremont Fund assets," but rather assets that the Trustee claimed were property of the Madoff estate.

MassMutual respectfully requests that the Court deny the Haines Plaintiffs' Motion to Set Aside Judgment (Docket Nos. 799-801).

DATED:  September 18, 2012

**BINGHAM McCUTCHEN LLP**

/s/ Carol E. Head
Joseph L. Kociubes *(pro hac vice)*
joe.kociubes@bingham.com
Carol E. Head *(pro hac vice)*
carol.head@bingham.com
One Federal Street
Boston, MA 02110
Tel.: 617.951.8000
Fax: 617.951.8736

Kenneth I. Schacter
399 Park Avenue
New York, NY  10022-4689
Tel.: 212.705.7000
Fax: 212.752.5378
kenneth.schacter@bingham.com

*Attorneys for Defendant*
*Massachusetts Mutual Life Insurance*
*Company and MassMutual Holding LLC*