## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master Docket No. 1:08-11117 (TPG) |
| CUMMINS INC., as the authorized representative of the Cummins Inc. Grantor Trust dated September 10, 2007, as amended, Plaintiff, v. NEW YORK LIFE INSURANCE COMPANY, NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, TREMONT CAPITAL MANAGEMENT, INC., RYE INVESTMENT MANAGEMENT, MASSMUTUAL HOLDING LLC, MASSACHUSETTS MUTUAL LIFE INSURANCE CO., OPPENHEIMER ACQUISITION CORP., RYE SELECT BROAD MARKET PRIME FUND L.P., RYE SELECT BROAD MARKET XL FUND L.P., RYE SELECT BROAD MARKET INSURANCE PORTFOLIO, LDC, TREMONT OPPORTUNITY FUND III, L.P., TREMONT (BERMUDA) LTD.,TREMONT GROUP HOLDINGS, INC.,and TREMONT PARTNERS, INC., Defendants. | Civil Action No. 1:10-9252 (TPG)<br><br>ECF CASE<br><br>JURY TRIAL DEMANDED |

### STIPULATION AND [PROPOSED] ORDER CONCERNING THE SCHEDULE FOR PLAINTIFF CUMMINS, INC.'S FILING OF ITS SECOND AMENDED COMPLAINT AND THE PARTIES' BRIEFING OF <u>DEFENDANTS' FORTHCOMING MOTIONS TO DISMISS</u>

Whereas, on September 6, 2012, the Court granted plaintiff Cummins Inc.'s ("Cummins") Motion for Leave to File Second Amended Complaint ("Motion for Leave") in the above captioned matter (1:10-9252 (TPG), Dkt. No 46);

Whereas, Cummins has identified certain clerical corrections it wishes to make to the proposed Second Amended Complaint attached to its Motion for Leave, to which defendants do not object (*See* Reply in Support of Motion for Leave at p. 1, fn 2, 1:08-11117 (TPG), Dkt. 778);

Whereas, on September 12, 2012, the Court granted defendants' motions to dismiss the Amended Complaint of F. Daniel Prickett in the matter *Prickett v. New York Life Insurance Company, et al.*, 1:09-cv-3137 (TPG) (Master Docket 1:09-cv-00557 (TPG)), but granted Prickett leave to amend Count II of his Amended Complaint, for negligent misrepresentation (the "Prickett Order") (1:09-cv-00557 (TPG), Dkt. No. 211);

Whereas, the Court, in the Prickett Order, indicated that it was "possible" that Prickett has a "valid negligent misrepresentation claim against some defendant or defendants" but that Prickett needed to amend his claim to include "specific allegations as to specific defendants" (*Id.* at 18);

Whereas, the Count II of the proposed Second Amended Complaint attached to Cummins' Motion for Leave is a claim for negligent misrepresentation similar in form and substance to the claim that the Court dismissed without prejudice in its Prickett Order;

Whereas, defendants intend to file motions to dismiss Cummins' Second Amended Complaint; and

Whereas, the parties desire to avoid briefing two sets of motions to dismiss with respect to Count II of Cummins' Second Amended Complaint;

**IT IS HEREBY STIPULATED**, by and between undersigned counsel for the parties, without waiving any rights, defenses, or arguments they may assert, except as set forth below, and subject to the approval of the Court, as follows:

Cummins shall have until October 29, 2012 to file its Second Amended Complaint, which shall be identical to the proposed Second Amended Complaint attached hereto as **Exhibit 1**, except that Count II, for negligent misrepresentation, shall be further amended in accordance with the Court's guidance in the Prickett Order;

The New York Life, MassMutual, Oppenheimer and Tremont Defendants shall have until December 7, 2012 to file their respective Motions to Dismiss Cummins' Second Amended Complaint;

The Funds shall have until December 21, 2012 to file their Motion to Dismiss Cummins' Second Amended Complaint;

Cummins shall have until January 25, 2013 to file its Responses to Defendants' Motions to Dismiss. Cummins further stipulates that, in response to defendants' motion to dismiss it's amended negligent misrepresentation claim, it shall not request leave to further amend this claim;

The New York Life, MassMutual, Oppenheimer and Tremont Defendants shall have until February 22, 2013 to file their Replies in Further Support of their respective Motions to Dismiss Cummins' Second Amended Complaint; and

The Funds shall have until March 1, 2013 to file their Reply in Further Support of their Motion to Dismiss Cummins' Second Amended Complaint.

September 28, 2012

*[signature]*
SARA SIEGALL
Chapman Spingola, LLP
77 West Wacker, Suite 4800
Chicago, Illinois 60601
312-606-8665
*Attorney for Cummins, Inc.*

September 28, 2012

*[signature]*
BINGHAM McCUTCHEN LLP
Carol E. Head
One Federal Street
Boston, MA 02110
617-951-8000
*Attorney for Massachusetts Mutual Life Insurance Company and MassMutual Holding LLC*

September 28, 2012

*[signature]*
PILLSBURY WINTHROP SHAW PITTMAN LLP
Greg T. Lembrich
1540 Broadway
New York, NY 10036
212-858-1500
*Attorney for New York Life Insurance Company and New York Life Insurance and Annuity Corporation*

September 28, 2012

*[signature]*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Seth M. Schwartz
Four Times Square
New York, NY 10036
212-735-3000
*Attorney for Tremont Group Holdings, Tremont Partners, Inc., Tremont (Bermuda) Ltd., Tremont Capital Management, Inc., and Rye Investment Management*

4

September __, 2012

TANNENBAUM HELPERN SYRACUSE &
HIRSCHTRITT LLP
David J. Kanfer
900 Third Ave.
New York, NY 10022
212-508-6700
*Attorney for Rye Select Broad Market Prime
Fund, L.P., Rye Select Broad Market Fund XL,
L.P., and Tremont Opportunity Fund III, L.P.*

September __, 2012

DECHERT LLP
William K. Dodds
1095 Ave. of the Americas
New York, NY 10036
212-698-3500
*Attorney for Oppenheimer Acquisition Corp.*

Approved.
Thomas P. Griesa

10/4/12

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE: Oct 4, 2012

5