UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No. 08 Civ. 11117 (TPG) |
| This Document Relates to: | |
| STATE LAW ACTION, 08 Civ. 11183 (TPG), and specifically to: | |
| SPECTRUM SELECT, L.P., Plaintiff, | 12 Civ. 9057 (TPG) |
| - against - | ECF CASES Electronically Filed |
| TREMONT GROUP HOLDINGS, INC., *et al.*, Defendants. | |
| [CAPTION CONTINUED ON NEXT PAGE] | |

**THE TREMONT DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants Tremont Group Holdings, Inc. and Tremont Partners, Inc.

| | | |
|---|---|---|
| ALBERT ANIKSTEIN, *et al.*, | : | |
| Plaintiffs, | : | |
| - against - | : | 12 Civ. 9058 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | : | |
| MICHAEL BECKER., *et al.*, | : | |
| Plaintiffs, | : | |
| - against - | : | 12 Civ. 9060 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | : | |
| ALAN BILGORE, *et al.*, | : | |
| Plaintiffs, | : | |
| - against - | : | 12 Civ. 9061 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | : | |
| KARASEL II, L.P., | : | |
| Plaintiff, | : | |
| - against - | : | 12 Civ. 9062 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | : | |
| [CAPTION CONTINUED ON NEXT PAGE] | : | |

| | | |
|---|---|---|
| SPECTRUM SELECT II, L.P. and SPECTRUM EQUITIES, L.P., | : | |
| Plaintiffs, | : | 12 Civ. 9063 (TPG) |
| - against - | : | |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | | |

| | | |
|---|---|---|
| ROBERT COCCHI, *et al.*, | : | |
| Plaintiffs, | : | |
| - against - | : | 12 Civ. 9064 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | : | |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

SUMMARY OF ALLEGATIONS ........ 2

ARGUMENT ........ 6

I. SLUSA MANDATES DISMISSAL FOLLOWING REMOVAL ........ 6

II. ALL PREREQUISITES FOR SLUSA PRECLUSION ARE SATISFIED ........ 7

A. The Removed Actions Are a "Covered Class Action" ........ 8

B. The Removed Actions Assert State Law Claims ........ 10

C. The Claims Asserted in the Removed Actions Are Based on Allegations That Defendants Misrepresented or Omitted Material Facts ........ 11

D. The Removed Actions Allege Misrepresentations or Omissions in Connection with the Purchase or Sale of a Covered Security ........ 12

CONCLUSION ........ 13

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

Amorosa v. Ernst & Young LLP,
682 F. Supp. 2d 351 (S.D.N.Y. 2010)....................9

Atkinson v. Morgan Asset Management, Inc.,
658 F.3d 549 (6th Cir. 2011) ....................7

Barron v. Igolnikov,
09 Civ. 4471, 2010 WL 882890 (S.D.N.Y. Mar. 10, 2010) ....................8, 12

In re Beacon Associates Litigation,
745 F. Supp. 2d 386 (S.D.N.Y. 2010)....................8

Brown v. Calamos,
664 F.3d 123 (7th Cir. 2011) ....................7

In re Enron Corp. Securities, Derivative & ERISA Litigation,
535 F.3d 325 (5th Cir. 2008) ....................6, 9, 10

Hayden v. Paterson,
594 F.3d 150 (2d Cir. 2010)....................6

In re Herald, Primeo & Thema Securities Litigation,
09 Civ. 289, 2011 WL 5928952 (S.D.N.Y. Nov. 29, 2011) ....................8

Instituto de Prevision Militar v. Merrill Lynch,
546 F.3d 1340 (11th Cir. 2008) ....................8

In re J.P. Jeanneret Associates, Inc.,
09 Civ. 3907, 2011 WL 35594 (S.D.N.Y. Jan. 31, 2011)....................8

In re Kingate Management Ltd. Litigation,
No. 09 Civ. 5386, 2011 WL 1362106 (S.D.N.Y. Mar. 30, 2011) ....................8

Kircher v. Putnam Funds Trust,
547 U.S. 633 (2006)....................7

Lakeview Investment, LP v. Schulman,
11 Civ. 1851, 2012 WL 4461762 (S.D.N.Y. Sept. 27, 2012)....................1, 6, 7, 8, 11, 12

In re Lehman Brothers Securities & ERISA Litigation,
09 MD 2017, 2012 WL 6603321 (S.D.N.Y. Dec. 17, 2012)....................10

Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,
547 U.S. 71 (2006)....................................................6, 7

Newman v. Family Management Corp.,
748 F. Supp. 2d 299 (S.D.N.Y. 2010)....................................................8

In re Refco Inc. Securities Litigation,
859 F. Supp. 2d 644 (S.D.N.Y. 2012)....................................................10

Romano v. Kazacos,
609 F.3d 512 (2d Cir. 2010)....................................................7

Stichting Pensioenfonds ABP v. Merck & Co.,
Civ. A. No. 05-5060 (SRC), 2012 WL 3235783 (D.N.J. Aug. 1, 2012) ..............................9

Wolf Living Trust v. FM Multi-Strategy Investment Fund, L.P.,
09 Civ. 1540, 2010 WL 4457322 (S.D.N.Y. Nov. 2, 2010) ..............................8

In re WorldCom, Inc. Securites Litigation,
308 F. Supp. 2d 236 (S.D.N.Y. 2004)....................................................6, 9, 10

**STATUTES**

15 U.S.C. § 78bb(f)(1) ....................................................7, 8, 11

15 U.S.C. § 78bb(f)(2) ....................................................5, 7

15 U.S.C. § 78bb(f)(5)(B)(ii)....................................................5, 8, 9

15 U.S.C. § 78u-4 ....................................................6

Defendants Tremont Group Holdings, Inc. and Tremont Partners, Inc. (collectively, "Tremont") respectfully submit this memorandum of law in support of their motion for judgment on the pleadings dismissing the complaints in the captioned actions (the "Actions" or "Removed Actions") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Title I of the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 78bb(f) ("SLUSA").

**PRELIMINARY STATEMENT**

The seven Actions are related to eight other lawsuits pending before this Court under the caption In re Tremont Securities Law, State Law and Insurance Litigation, Master File No. 08 Civ. 11117 (S.D.N.Y.) (the "Tremont MDL Litigation"). The Actions originally were filed by more than 100 named plaintiffs in Florida state court and subsequently removed by Tremont to the United States District Court for the Southern District of Florida (the "Southern District of Florida"). Following removal, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") transferred the Actions to this Court for coordination with the Tremont MDL Litigation.

Before the Actions were transferred, plaintiffs objected to Tremont's removal of the litigation to the Southern District of Florida and filed motions to remand the cases to state court. Federal district court Judge Donald M. Middlebrooks denied plaintiffs' remand motions, finding that Tremont had properly removed the Actions pursuant to SLUSA. In light of this ruling, it necessarily follows that the Removed Actions must be dismissed. Indeed, as this Court has held, "[o]nce [a] case is removed from state court pursuant to SLUSA, courts dismiss these claims as being 'precluded' by SLUSA." Lakeview Inv., LP v. Schulman, 11 Civ. 1851, 2012 WL 4461762, at *2 (S.D.N.Y. Sept. 27, 2012) (Griesa, J.) (citation omitted). Tremont's motion for judgment on the pleadings therefore should be granted.

## SUMMARY OF ALLEGATIONS

**The Removed Actions**

Plaintiffs in the Removed Actions are all represented by the same lead law firm. In 2009 and 2010, that firm filed the seven lawsuits comprising the Removed Actions in state circuit courts located in Palm Beach, Fort Lauderdale and Tampa, Florida, respectively.[1] Each complaint names fewer than 50 plaintiffs, but there are more than 100 plaintiffs collectively named in all seven Actions.

Because the Actions alleged essentially the same claims against the same defendants, Tremont filed motions to transfer six of the seven Actions to the Florida circuit court in Palm Beach County where the first-filed Action (the Cocchi Action) was then pending before circuit court Judge David E. French. All of the transfer motions were granted, after which all seven cases appeared on Judge French's docket. Consequently, before they were removed to the Southern District of Florida, all seven Actions were pending before one judge in Florida circuit court.

**Plaintiffs, Tremont and the Rye Funds**

All plaintiffs in the Removed Actions purchased limited partnership interests in one or more of the following three hedge funds: Rye Select Broad Market Fund, L.P., Rye Select Broad Market Prime Fund, L.P. and Rye Select Broad Market XL Fund, L.P. (the "XL Fund") (collectively, the "Rye Funds" or the "Funds").[2] These Funds are all managed by the same general

---

[1] The seven Actions are: (i) Cocchi v. Tremont Group Holdings, Inc. (the "Cocchi Action"); (ii) Spectrum Select, L.P. v. Tremont Group Holdings, Inc. (the "Spectrum I Action"); (iii) Spectrum Select II, L.P. v. Tremont Group Holdings, Inc. (the "Spectrum II Action"); (iv) Becker v. Tremont Group Holdings, Inc. (the "Becker Action"); (v) Karasel II, L.P. v. Tremont Group Holdings, Inc. (the "Karasel Action"); (vi) Bilgore v. Tremont Group Holdings, Inc. (the "Bilgore Action"); and (vii) Anikstein v. Tremont Group Holdings, Inc. (the "Anikstein Action"). The complaints in the seven Actions are attached to the accompanying transmittal declaration of Jason C. Vigna ("Trans. Decl.") as Exhibits A, B, C, D, E, F and G, respectively.

[2] (See Cocchi Compl. ¶ 22; Spectrum Compl. ¶ 10; Spectrum II Compl. ¶¶ 10-11; Becker Compl. ¶ 43; Karasel Compl. ¶ 10; Bilgore Compl. ¶ 26; Anikstein Compl. ¶ 28.) Certain plaintiffs in the Anikstein

partner, defendant Tremont Partners, Inc. ("TPI").[3] They also are named as defendants in all seven of the Removed Actions, as are TPI and its direct and indirect parent companies, namely, Tremont Group Holdings, Inc., Oppenheimer Acquisition Corp., MassMutual Holding LLC and Massachusetts Mutual Life Insurance Company. The auditor of the Rye Funds, KPMG LLP ("KPMG"), also is named as a defendant.

All of the Rye Funds directly or indirectly invested their assets with Bernard Madoff and his firm, Bernard L. Madoff Investment Securities LLC ("BLMIS").[4] Two of the Rye Funds invested directly with Madoff, who claimed to employ a "split strike conversion" strategy involving the purchase and sale of a number of stocks included in the Standard & Poor's ("S&P") 100 Index.[5] The other Rye Fund, the XL Fund, had indirect exposure to Madoff's investment strategy through swap agreements that enabled XL Fund investors to obtain leveraged returns linked to the performance of Rye Funds with direct exposure to Madoff.[6]

After Madoff publicly confessed to running a Ponzi scheme, the plaintiffs in each of the Removed Actions filed complaints in Florida state court alleging that TPI and the other defendants

---

Action also invested in Tremont Market Neutral Fund II, L.P. and Tremont Opportunity Fund II, L.P. (the "Tremont Funds"), which also are funds managed by Tremont Partners, Inc. that indirectly invested with BLMIS. (See Anikstein Compl. ¶ 28.)

3 (See Cocchi Compl. ¶ 26; Spectrum Compl. ¶ 14; Spectrum II Compl. ¶ 15; Becker Compl. ¶ 47; Karasel Compl. ¶ 14; Bilgore Compl. ¶ 30; Anikstein Compl. ¶ 34.)

4 (See, e.g., Cocchi Compl. ¶¶ 1-3; Spectrum Compl. ¶¶ 1-5; Spectrum II Compl. ¶¶ 1-5; Becker Compl. ¶¶ 1-3; Karasel Compl. ¶¶ 1-5; Bilgore Compl. ¶¶ 1-3; Anikstein Compl. ¶¶ 1-3.)

5 (See Cocchi Compl. ¶¶ 2, 42, 94, 107 & n.1; Spectrum Compl. ¶¶ 30, 82, 96; Spectrum II Compl. ¶¶ 31, 83, 97; Becker Compl. ¶¶ 2, 65, 118, 132 & n.1, 141; Karasel Compl. ¶¶ 30, 82, 93; Bilgore Compl. ¶¶ 2, 48, 101, 115 & n.1, 123; Anikstein Compl. ¶¶ 2, 52, 105, 119 & n.1, 128.)

6 (See Cocchi Compl. ¶¶ 42, 94; Spectrum Compl. ¶¶ 30, 82; Spectrum II Compl. ¶¶ 31, 83; Becker Compl. ¶¶ 65, 118; Karasel Compl. ¶¶ 30, 82; Bilgore Compl. ¶¶ 48, 101; Anikstein Compl. ¶¶ 52, 105.)

failed to conduct adequate oversight of Madoff[7] and misrepresented the extent to which they monitored his investment activity.[8] Based on those allegations, plaintiffs asserted essentially identical claims arising under state law in all the Removed Actions, including claims of: (i) securities fraud in violation of Florida Statutes sections 517.301 and 518.11; (ii) common law fraud; (iii) negligent misrepresentation; (iv) breach of fiduciary duty; (v) professional malpractice; (vi) breach of contract; (vii) aiding and abetting breach of fiduciary duty; and (viii) aiding and abetting fraud.

**Coordination of the Actions**

By the summer of 2012, six of the seven Actions had been transferred to Judge French in Palm Beach County. As a result, all of the Actions were pending in one court before one judge.

Because the Actions were substantially identical, defendant KPMG filed substantially identical motions in each of them to compel plaintiffs to arbitrate their claims as against KPMG or, in the alternative, to dismiss those claims for failure to state a cause of action (the "KPMG Motions" (Trans. Decl. Exs. H-U)). In that connection, on September 6, 2012, at the request of KPMG, Judge French entered an order (the "Coordination Order") directing that argument on all of the KPMG Motions would be heard by the court "simultaneously." (Coordination Order (Trans. Decl. Ex. V) ¶ 4.) Consequently, upon entry of the Coordination Order, all seven Actions were proceeding before Judge French as one action for at least one purpose – the simultaneous hearing and resolution of the overlapping issues of fact and law presented by the KPMG Motions.

---

7 (See Cocchi Compl. ¶¶ 4, 56-58, 103, 106-15; Spectrum Compl. ¶¶ 2, 7, 8, 44-46; Spectrum II Compl. ¶¶ 2, 7, 8, 45-47; Becker Compl. ¶¶ 2, 4, 79-81, 128, 131-41; Karasel Compl. ¶¶ 2, 4, 7, 8, 44-46; Bilgore Compl. ¶¶ 2, 4, 62-64; Anikstein Compl. ¶¶ 2, 4, 66-68, 115, 118-28.)

8 (See Cocchi Compl. ¶¶ 84, 85, 89, 91; Spectrum Compl. ¶¶ 74, 75, 78, 79; Spectrum II Compl. ¶¶ 75, 76, 79, 80; Becker Compl. ¶¶ 108, 109, 113, 115; Karasel Compl. ¶¶ 74, 75, 78, 79; Bilgore Compl. ¶¶ 91, 92, 96-98; Anikstein Compl. ¶¶ 95, 96, 100, 102.)

**Removal and Subsequent Proceedings**

On September 8, 2012, two days after entry of the Coordination Order, Tremont removed the Actions to the Southern District of Florida pursuant to SLUSA, which provides in pertinent part that "[a]ny covered class action brought in any State court involving a covered security . . . shall be removable to the Federal district court for the district in which the action is pending." 15 U.S.C. § 78bb(f)(2). SLUSA defines "covered class action" to include, *inter alia*, "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which – (I) damages are sought on behalf of more than 50 persons; and (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose." Id. § 78bb(f)(5)(B)(ii).

Following removal, plaintiffs filed seven identical motions to remand the Removed Actions to state court. On November 14, 2012, Judge Middlebrooks denied the motions, finding that the prerequisites for removal under SLUSA had been satisfied. In his opinion ("Opinion") upholding removal, Judge Middlebrooks rejected the only argument advanced by plaintiffs – namely, the Removed Actions purportedly are not a "covered class action" within the meaning of SLUSA. Noting that SLUSA establishes a four-prong test for determining whether an action or group of actions constitute a covered class action, Judge Middlebrooks held that the first three prongs were satisfied because the complaints in the Removed Actions: (i) were before the same court; (ii) alleged common questions of law or fact, including whether "defendants failed to oversee Bernie Madoff;" and (iii) together sought damages on behalf of more than 50 persons. (Opinion[9] (Trans. Decl. Exs. W-CC) at 3.) As for the fourth prong, Judge Middlebrooks found that, "[a]lthough no formal order of consolidation has been entered in this matter," the Removed Actions had proceeded as a single action for purposes of SLUSA because "the complaints in the

[9] Judge Middlebrooks' Opinion denying the remand motions was entered in each of the Removed Actions. (See Trans. Decl. Exs. W-CC.)

cases are nearly identical and assert identical causes of actions, all plaintiffs are represented by the same law firm, the defendants in each case are nearly identical, the parties regularly file identical motions in each case, and the parties have voluntarily agreed to coordinate discovery amongst themselves." (Id. at 3-4.)

On December 12, 2012, the MDL Panel entered an order transferring the Removed Actions from the Southern District of Florida to this Court for coordination with the other cases comprising the Tremont MDL Litigation. (See MDL Transfer Order (Trans. Decl. Ex. DD).) Tremont has filed with this Court its motion for judgment on the pleadings dismissing the complaints in the Removed Actions on the ground they are precluded by SLUSA.[10]

## ARGUMENT

## I. SLUSA MANDATES DISMISSAL FOLLOWING REMOVAL

Congress enacted SLUSA to prevent plaintiffs from circumventing the stringent pleading requirements applicable to claims of federal securities fraud under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA"). See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 86 (2006) (quoting Pub. L. No. 105-353 § 2(5), 112 Stat. 3227 (1998)); see also In re Enron Corp. Sec., Derivative & ERISA Litig., 535 F.3d 325, 338 (5th Cir. 2008); In re WorldCom, Inc. Sec. Litig., 308 F. Supp. 2d 236, 241-42 (S.D.N.Y. 2004) (examining legislative history).

Following passage of the PSLRA, securities plaintiffs looked for ways to circumvent the statute. To that end, "[r]ather than face the obstacles set in their path by [the PLSRA]," plaintiffs "began bringing [securities] actions under state law, often in state court" – a practice that "had

---

10 A motion to dismiss a complaint on the ground it is barred by SLUSA may be made as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. See generally Lakeview Inv., 2012 WL 4461762. Threshold motions pursuant to Rule 12(b)(6) and Rule 12(c) are governed by the same standards. See, e.g., Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).

previously been rare." Dabit, 547 U.S. at 82 (citing H.R. Rep. No. 105-640, at 10 (1998); S. Rep. No. 105-182, at 3-4 (1998)). By filing in state court, plaintiffs "could assert many of the same causes of action while avoiding the PSLRA's requirements[.]" Romano v. Kazacos, 609 F.3d 512, 517 (2d Cir. 2010). Congress enacted SLUSA in 1998 to stem this "'shif[t] from Federal to State courts[.]'" Dabit, 547 U.S. at 82 (quoting Pub. L. No. 105-353 § 2(2)).

To achieve its objectives, SLUSA authorizes defendants to remove to federal court "covered class actions" commenced in state court. 15 U.S.C. § 78bb(f)(2). The statute further provides that no such "covered class action . . . may be maintained in any State or Federal Court[.]" 15 U.S.C. § 78bb(f)(1). Accordingly, after a covered class action has been removed, the statute requires dismissal of the action on the ground it is "'precluded' by SLUSA." Lakeview Inv., 2012 WL 4461762, at *2 (quoting Romano, 609 F.3d at 518).[11]

In light of the foregoing principles and Judge Middlebrooks' ruling that Tremont properly removed the Removed Actions to federal court, it necessarily follows that the Actions are precluded by SLUSA and should be dismissed. See, e.g., Atkinson v. Morgan Asset Mgmt., Inc., 658 F.3d 549, 556-57 (6th Cir. 2011).

## II. ALL PREREQUISITES FOR SLUSA PRECLUSION ARE SATISFIED

Even if it were necessary to conduct de novo review of Judge Middlebrooks' finding that the Removed Actions are subject to SLUSA, any such review should compel the same conclusion

[11] See also Kircher v. Putnam Funds Trust, 547 U.S. 633, 642-44 (2006) (finding that removal jurisdiction under SLUSA is limited to precluded actions, which should be dismissed following removal); Brown v. Calamos, 664 F.3d 123, 124-25 (7th Cir. 2011), cert. denied, 132 S. Ct. 2774 (2012) ("If such a suit is brought in a state court the defendant can remove it to federal district court and move to dismiss it. And since 'SLUSA is designed to prevent plaintiffs from migrating to state court in order to evade rules for federal securities litigation in the Private Securities Litigation Reform Act of 1995,' . . . the district judge must grant the motion." (citations omitted)); Atkinson v. Morgan Asset Mgmt., Inc., 658 F.3d 549, 556-57 (6th Cir. 2011) (finding that the district court acted properly in dismissing a removed action after denying a motion to remand because "[o]nce a SLUSA-covered action is removed and a plaintiff moves to remand, a motion to dismiss becomes unnecessary because, as we explained, remand itself poses a 'jurisdictional issue.'" (citations omitted)).

reached by courts in numerous other Madoff-related cases – namely, all of the prerequisites for SLUSA preclusion have been satisfied, warranting dismissal of the complaints in the Removed Actions here.[12]

**A. The Removed Actions Are a "Covered Class Action"**

An action is removable under and precluded by SLUSA if, among other things, it is a "covered class action." 15 U.S.C. § 78bb(f)(1). Under SLUSA, this term is defined broadly to include any (i) "group of lawsuits filed in or pending in the same court" that (ii) raise "common questions of law or fact," (iii) collectively seek damages "on behalf of more than 50 persons," and (iv) "are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. § 78bb(f)(5)(B)(ii); see also Instituto de Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1345-46 (11th Cir. 2008).

Judge Middlebrooks properly held that the Removed Actions are a covered class action as defined by the statute. All seven Actions indisputably were pending in the same court at the time of removal – the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida. (See Opinion (Trans. Decl. Exs. W-CC) at 3.) The Removed Actions also raise common questions of law or fact, including whether defendants adequately monitored Madoff's investment activity[13]

---

12 See Lakeview Inv., 2012 WL 4461762, at *2-4; In re Herald, Primeo & Thema Sec. Litig., 09 Civ. 289, 2011 WL 5928952, at *5 (S.D.N.Y. Nov. 29, 2011); In re Kingate Mgmt. Ltd. Litig., 09 Civ. 5386, 2011 WL 1362106, at *6-9 (S.D.N.Y. Mar. 30, 2011); In re J.P. Jeanneret Assocs., Inc., 09 Civ. 3907, 2011 WL 335594, at *33 (S.D.N.Y. Jan. 31, 2011); Wolf Living Trust v. FM Multi-Strategy Inv. Fund, L.P., 09 Civ. 1540, 2010 WL 4457322, at *3 (S.D.N.Y. Nov. 2, 2010); Newman v. Family Mgmt. Corp., 748 F. Supp. 2d 299, 311-13 (S.D.N.Y. 2010); In re Beacon Assocs. Litig., 745 F. Supp. 2d 386, 429-31 (S.D.N.Y. 2010); Barron v. Igolnikov, 09 Civ. 4471, 2010 WL 882890, at *3-5 (S.D.N.Y. Mar. 10, 2010) (Griesa, J.).

13 (See Cocchi Compl. ¶¶ 4, 56-58, 103, 106-15; Spectrum Compl. ¶¶ 2, 7, 8, 44-46; Spectrum II Compl. ¶¶ 2, 7, 8, 45-47; Becker Compl. ¶¶ 2, 4, 79-81, 128, 131-41; Karasel Compl. ¶¶ 2, 4, 7, 8, 44-46; Bilgore Compl. ¶¶ 2, 4, 62-64; Anikstein Compl. ¶¶ 2, 4, 66-68, 115, 118-28.)

and misrepresented their oversight of his operations.[14] (Id.) In addition, the Removed Actions, viewed as a group, have been "'brought on behalf of approximately 100 plaintiffs'" – far exceeding SLUSA's fifty-person threshold. (Id. (citation omitted).) See also Amorosa v. Ernst & Young LLP, 682 F. Supp. 2d 351, 372, 375 (S.D.N.Y. 2010), aff'd sub nom., Amorosa v. AOL Time Warner Inc., 409 F. App'x 412 (2d Cir. 2011).

The Removed Actions also "proceed[ed] as a single action for any purpose" in Florida state court before Tremont removed them to the Southern District of Florida. 15 U.S.C. § 78bb(f)(5)(B)(ii). And they now are proceeding as a "single action" within the meaning of SLUSA before this Court for purposes of coordination with the other cases in the Tremont MDL Litigation pursuant to the order of the MDL Panel.

When deciding whether multiple actions proceed as one for purposes of SLUSA, courts look for "indicia of coordination" among the actions in question. Stichting Pensioenfonds ABP v. Merck & Co., Civ. A. No. 05-5060 (SRC), 2012 WL 3235783, at *15 (D.N.J. Aug. 1, 2012). As Judge Middlebrooks found, such indicia are present here given that in the Removed Actions: (i) the complaints are nearly identical and assert identical claims against identical defendants;[15] (ii) all complaints were filed by the same lead law firm;[16] (iii) plaintiffs and defendants, respectively,

---

[14] (See Cocchi Compl. ¶¶ 84, 85, 89, 91; Spectrum Compl. ¶¶ 74, 75, 78, 79; Spectrum II Compl. ¶¶ 75, 76, 79, 80; Becker Compl. ¶¶ 108, 109, 113, 115; Karasel Compl. ¶¶ 74, 75, 78, 79; Bilgore Compl. ¶¶ 91, 92, 96-98; Anikstein Compl. ¶¶ 95, 96, 100, 102.)

[15] Substantial overlap in the allegations of the complaints provides strong evidence of coordination. See Amorosa, 682 F. Supp. 2d at 374 ("[T]o give *ad seriatim* treatment to otherwise essentially identical complaints would allow plaintiffs 'through artful pleading . . . [to] avoid the clear precepts of SLUSA and its preemption of state law securities claims for damages.'" (citation omitted)); see also In re Enron, 535 F.3d at 340; In re WorldCom, 308 F. Supp. 2d at 245-46.

[16] See In re WorldCom, 308 F. Supp. 2d at 240, 246 (finding that a group of actions filed by the same law firm are proceeding as a single action); see also In re Enron, 535 F.3d at 333, 340.

have filed substantially identical motion papers in each Action;[17] and (iv) plaintiffs' counsel voluntarily offered to coordinate discovery across all seven Actions.[18] (See Opinion (Trans. Decl. Exs. W-CC) at 3-4.) Moreover, as soon as all seven Actions were pending before Judge French, the court entered the Coordination Order directing that all of the KPMG Motions be heard "simultaneously." (Coordination Order (Trans. Decl. Ex. V) ¶ 4.) In light of that directive, the Removed Actions plainly were proceeding as a single action before Judge French for at least one purpose – resolution of the KPMG Motions. In the same vein, the MDL Panel entered an order transferring the Removed Actions to this Court for coordination with the other cases comprising the Tremont MDL Litigation. As Judge Kaplan recognized in In re Lehman Brothers Securities & ERISA Litigation, 09 MD 2017, 2012 WL 6603321 (S.D.N.Y. Dec. 17, 2012), an individual case or cases such as the Removed Actions "proceed as a single action for any purpose" where, as here, those actions have been transferred to this Court by the MDL Panel "for coordinated or consolidated pretrial purposes with . . . multiple individual actions where damages are sought on behalf of more than 50 persons." Id., at *2. Accordingly, the Removed Actions were a "covered class action" as defined by SLUSA when Tremont removed them to the Southern District of Florida, and continue to be a covered class action before this Court.

**B. The Removed Actions Assert State Law Claims**

All of the claims alleged in all of the Removed Actions are "based upon the statutory or

[17] See In re WorldCom, 308 F. Supp. 2d at 246 (filing "exact replications" is an indication of coordination).

[18] See In re Refco Inc. Sec. Litig., 859 F. Supp. 2d 644, 649 (S.D.N.Y. 2012) (cases that "coordinate[] discovery . . . are accordingly proceeding as a single action"); In re Enron, 535 F.3d at 340 ("joint" discovery across cases is an indication of coordination).

common law of any State[.]" 15 U.S.C. § 78bb(f)(1).[19] Thus, the state law prong of SLUSA preclusion also is satisfied. See, e.g., Lakeview Inv., 2012 WL 4461762, at *2.

**C. The Claims Asserted in the Removed Actions Are Based on Allegations That Defendants Misrepresented or Omitted Material Facts**

The complaints in all the Removed Actions allege misrepresentations or omissions of material fact. For example, plaintiffs assert that Tremont disseminated marketing and offering materials containing "entirely fictitious" or "false and misleading" information.[20] The complaints further allege that "Tremont and the Rye Funds misrepresented numerous facts in soliciting Plaintiff's investment in the Rye Funds,"[21] plaintiffs "relied on these representations in making their initial investment"[22] and "[b]ecause of Tremont's and the Rye Funds' misrepresentation and omissions, Plaintiffs were damaged[.]"[23] The claims alleged in the complaints therefore "rely on a theory that defendants made unlawful misstatements or omissions." Lakeview Inv., 2012 WL 4461762, at *3.

---

[19] (See Cocchi Compl. ¶¶ 143-284; Spectrum Compl. ¶¶ 130-261; Spectrum II Compl. ¶¶ 131-262; Becker Compl. ¶¶ 169-368; Karasel Compl. ¶¶ 125-256; Bilgore Compl. ¶¶ 151-322; Anikstein Compl. ¶¶ 156-355.)

[20] (Cocchi Compl. ¶¶ 84, 85; Spectrum Compl. ¶¶ 74, 75; Spectrum II Compl. ¶¶ 75, 76; Becker Compl. ¶¶ 75, 107-09; Karasel Compl. ¶¶ 74, 75; Bilgore Compl. ¶¶ 90-92; Anikstein Compl. ¶¶ 94-96.)

[21] (Cocchi Compl. ¶¶ 143, 159, 232; Spectrum Compl. ¶¶ 130, 146; Spectrum II Compl. ¶¶ 131, 147; Becker Compl. ¶¶ 169, 177, 186, 195, 204, 213, 288, 360; Karasel Compl. ¶¶ 125, 141; Bilgore Compl. ¶¶ 151, 159, 168, 177; Anikstein Compl. ¶¶ 156, 164, 173, 182, 191, 200.)

[22] (Cocchi Compl. ¶¶ 146, 162; Spectrum Compl. ¶¶ 133, 149; Spectrum II Compl. ¶¶ 134, 150; Becker Compl. ¶¶ 172, 180, 189, 198, 207, 216, 353, 362; Karasel Compl. ¶¶ 128, 144; Bilgore Compl. ¶¶ 154, 162, 171, 180; Anikstein Compl. ¶¶ 159, 167, 176, 185, 194, 203.)

[23] (Cocchi Compl. ¶¶ 148, 165; Spectrum Compl. ¶¶ 135, 152; Spectrum II Compl. ¶¶ 136, 153; Becker Compl. ¶¶ 174, 219, 243, 357, 366; Karasel Compl. ¶¶ 130, 147; Bilgore Compl. ¶¶ 156, 166, 175, 183; Anikstein Compl. ¶¶ 161, 171, 180, 189, 198, 206.)

### D. The Removed Actions Allege Misrepresentations or Omissions in Connection with the Purchase or Sale of a Covered Security

The complaints further allege that defendants' purported misrepresentations and omissions were made "in connection with" the purchase and sale of "covered" securities, *i.e.*, the S&P 100 stocks and options Madoff claimed he would purchase and sell for the benefit of the Rye Funds.[24] As this Court previously held, these allegations are sufficient to satisfy SLUSA's "in connection with" requirement:

> Here, the court finds that the 'in connection with' requirement is met. Plaintiff correctly points out that neither the XL Fund nor the Market Fund traded in covered securities. However, the Market Fund was invested with Madoff, who purported to trade in covered securities using his fictional 'split-strike conversion' method. The XL Fund was designed to mimic the returns of the Market Fund. Plaintiff's complaint repeatedly accuses defendants of misrepresentations concerning the extent to which Madoff's split-strike conversion method would be used. These representations concerning the split-strike conversion method appear in the offering documents for the XL Fund and the Market Fund. Thus, Madoff's trading in covered securities (or lack thereof) is central to this complaint, and the 'in connection with' requirement is satisfied.

Lakeview Inv., 2012 WL 4461762, at *3.

Because all four elements of SLUSA preclusion are satisfied here, the Removed Actions are subject to and barred by SLUSA, warranting their dismissal as against all defendants. See, e.g., Lakeview Inv., 2012 WL 4461762, at *4.

---

[24] (See Cocchi Compl. ¶ 107 & n.1; Spectrum Compl. ¶ 96; Spectrum II Compl. ¶ 97; Becker Compl. ¶ 132 & n.1; Karasel Compl. ¶ 93; Bilgore Compl. ¶ 115 & n.1; Anikstein Compl. ¶ 119 & n.1.) See also Barron, 2010 WL 882890, at *5 ("Here, Madoff told investors that he would purchase and sell securities in the S & P 100 Index but never consummated any trades . . . . In light of the Supreme Court's command that SLUSA be construed expansively, it is enough that this fraudulent scheme was in connection with the trading in the nationally listed securities in which Madoff claimed to be engaged.").

**CONCLUSION**

For the reasons stated, Tremont's motion for judgment on the pleadings should be granted.

Dated: New York, New York
January 23, 2013

Respectfully submitted,

/s/ Seth M. Schwartz

Seth M. Schwartz (Seth.Schwartz@Skadden.com)
Jason C. Vigna (Jason.Vigna@Skadden.com)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
Tremont Group Holdings, Inc.
and Tremont Partners, Inc.