UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ x
IN RE TREMONT SECURITIES LAW, STATE    :   Master File No.
LAW AND INSURANCE LITIGATION               08 Civ. 11117 (TPG)
------------------------------------
This Document Relates to:              :

INSURANCE ACTION, 09 Civ. 557 (TPG),   :
and specifically to:
                                       :
F. DANIEL PRICKETT,
                                       :   09 Civ. 3137 (TPG)
              Plaintiff,
                                       :   ECF CASE
         - against -                       Electronically Filed
                                       :
NEW YORK LIFE INSURANCE COMPANY,
et al.,                                :

              Defendants.              :

------------------------------------ x
```

**THE TREMONT DEFENDANTS'
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

    SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    Attorneys for Defendants
     Tremont Group Holdings, Inc. and
     Tremont Partners, Inc.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .............................................................................................................................1

I.      THE COMPLAINT FAILS TO STATE A CLAIM OF NEGLIGENT
        MISREPRESENTATION................................................................................................1

        A.      The Complaint Fails To Adequately Allege the Element of Justifiable
                Reliance................................................................................................................1

                1.      There Is and Can Be No "Special Relationship" Between a
                        Defendant and an Unknown Member of a Known Class ............................2

                2.      Prickett's Authorities Are Distinguishable...................................................5

                3.      SSR II Is on "All Fours" ..............................................................................7

        B.      The Complaint Fails To Adequately Allege Any Misrepresentation by
                Tremont................................................................................................................8

CONCLUSION..........................................................................................................................9

i

# TABLE OF AUTHORITIES

## CASES

Anschutz Corp. v. Merrill Lynch & Co.,
    785 F. Supp. 2d 799 (N.D. Cal. 2011) ................................................................................6

Anwar v. Fairfield Greenwich Ltd.,
    09 Civ. 0118, 2012 WL 3245478 (S.D.N.Y. Aug. 6, 2012) ................................................4

Credit Alliance Corp. v. Arthur Andersen & Co.,
    483 N.E.2d 110 (N.Y. 1985) ................................................................................................2

DiBartolo v. Abbott Laboratories,
    12 Civ. 900, 2012 WL 6681704 (S.D.N.Y. Dec. 21, 2012) ................................................4

Duke v. Touche Ross & Co.,
    765 F. Supp. 69 (S.D.N.Y. 1991) ........................................................................................6

Elbit Systems, Ltd. v. Credit Suisse Group,
    10 Civ. 10, 2013 WL 66466 (S.D.N.Y. Jan. 7, 2013) ..........................................................4

Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York,
    375 F.3d 168 (2d Cir. 2004) ................................................................................................8

King County, Washington v. IKB Deutsche Industriebank AG,
    863 F. Supp. 2d 317 (S.D.N.Y. 2012) ................................................................................7

King County, Washington v. IKB Deutsche Industriebank AG,
    863 F. Supp. 2d 288 (S.D.N.Y. 2012) ................................................................................6

LaSalle National Bank v. Duff & Phelps Credit Rating Co.,
    951 F. Supp. 1071 (S.D.N.Y. 1996) ....................................................................................6

Mandarin Trading Ltd. v. Wildenstein,
    944 N.E.2d 1104 (N.Y. 2011) .........................................................................................1, 7

Meridian Horizon Fund L.P. v. KPMG (Cayman),
    487 F. App'x 636 (2d Cir. 2012) ..........................................................................3, 4, 5, 7, 9

Muller-Paisner v. TIAA,
    289 F. App'x 461 (2d Cir. 2008) ........................................................................................6

Nelson v. Publishers Circulation Fulfillment, Inc.,
    11 Civ. 1182, 2012 WL 760335 (S.D.N.Y. March 7, 2012) ................................................8

Ossining Union Free School District v. Anderson LaRocca Anderson,
    539 N.E.2d 91 (N.Y. 1989) ................................................................................................6

SSR II, LLC v. John Hancock Life Insurance Co. (U.S.A.),
    37 Misc. 3d 1204(A) (table), 2012 WL 4513354 (N.Y. Sup. Ct., N.Y. County Sept.
    28, 2012) ........................................................................................................................7, 8

Stephenson v. PricewaterhouseCoopers, LLP,
    482 F. App'x 618 (2d Cir. 2012)................................................................................2, 3, 7

Sykes v. RFD Third Avenue 1 Associates, LLC,
    938 N.E.2d 325 (N.Y. 2010)..........................................................................................2, 3

Terra Securities ASA Konkursbo v. Citigroup, Inc.,
    740 F. Supp. 2d 441 (S.D.N.Y. 2010)...............................................................................6

Travelers Casualty & Surety Co. ex rel. Reliance Insurance Co. v. Dormitory Authority
    of New York,
    04 Civ. 5101, 2005 WL 1177715 (S.D.N.Y. May 19, 2005)..............................................6

The Tremont Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint as against Tremont with prejudice.[1]

## ARGUMENT

I. **THE COMPLAINT FAILS TO STATE A CLAIM OF NEGLIGENT MISREPRESENTATION**

    A. **The Complaint Fails To Adequately Allege the Element of Justifiable Reliance**

In the Moving Brief, Tremont demonstrated that the Complaint does not adequately allege justifiable reliance, an essential element of Prickett's negligent misrepresentation claim. This fatal pleading defect stems from Prickett's failure to allege *any* relationship between Tremont and Prickett, much less the "'special relationship of trust or confidence'" needed to show Prickett's justifiable reliance on any misrepresentation purportedly made by Tremont. Mandarin Trading Ltd. v. Wildenstein, 944 N.E.2d 1104, 1109 (N.Y. 2011) (citation omitted).

In his Opposition Brief,[2] Prickett contends he has pled the requisite special relationship by alleging Tremont knew that NY Life would offer TOF III as an investment option to its Policyholders. As one of those holders, Prickett argues he should be deemed a "member[] of a 'settled and particularized class'" to whom Tremont owed a duty of care, thereby establishing the requisite "special relationship" between him and Tremont. (Opp'n at 12-15.) Prickett is wrong as a matter of law.

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as set forth in the Tremont Defendants' Memorandum of Law in support of their motion to dismiss the Second Amended Complaint, filed November 28, 2012 ("Moving Brief" or "Mov. Br.," Dkt. 832).

[2] "Opposition Brief" and "Opp'n" refer to Plaintiff's Omnibus Memorandum of Law in Opposition to the Motions To Dismiss of the Tremont Defendants, New York Life Insurance Company, New York Life Insurance and Annuity Corporation and the Tremont Opportunity Fund III, L.P., filed January 22, 2013 (Dkt. 843).

1

1. There Is and Can Be No "Special Relationship" Between
a Defendant and an Unknown Member of a Known Class

Under New York law, absent privity of contract between plaintiff and defendant, there can be no "special relationship" and thus no claim of negligent misrepresentation unless plaintiff adequately alleges the existence of an extra-contractual relationship "'so close as to approach that of privity.'" Sykes v. RFD Third Avenue 1 Assocs., LLC, 938 N.E.2d 325, 326 (N.Y. 2010) (citation omitted). A three-pronged test must be met to make such a showing:

> (1) The [defendants] must have been aware that the [alleged misrepresentations] were to be used for a particular purpose or purposes; (2) in the furtherance of which a *known party or parties was intended to rely*; and (3) there must have been some conduct on the part of the [defendants] linking them to that party or parties, which evinces the [defendants'] understanding of that party or parties' reliance.

Credit Alliance Corp. v. Arthur Andersen & Co., 483 N.E.2d 110, 118 (N.Y. 1985) (emphasis added); accord Sykes, 938 N.E.2d at 326.[3]

At a minimum, Prickett's negligent misrepresentation claim is defective because his Complaint does not allege and cannot allege that he is a "known party," *i.e.*, a person specifically known to Tremont whom Tremont understood would rely on statements made regarding TOF III. As the Second Circuit recently held in Stephenson v. PricewaterhouseCoopers, LLP, 482 F. App'x 618 (2d Cir. 2012), the words "known party," as used by the New York Court of Appeals in Credit Alliance, "mean what they say." Id. at 622. Consequently, "where the complaint does not allege that the defendant *'knew the identity of the specific non-privity party* who would be relying,' a negligence claim fails." Id. (quoting Sykes, 938 N.E.2d at 325) (emphasis added).

---

[3] Although the Credit Alliance case involved accountants who allegedly made misrepresentations in financial reports that were provided to plaintiffs, the New York Court of Appeals has "made clear since Credit Alliance that these requirements [to show a special relationship] do not apply to accountants only." Sykes, 938 N.E.2d at 326.

In this case, with respect to the "known party" prong, the Complaint alleges at most that Tremont knew in general that NY Life, in offering its Policies, made TOF III available as an investment option under those Policies to its Policyholders. The Complaint nowhere alleges, however, that Tremont knew Prickett was one of those Policyholders. The Complaint therefore fails to adequately allege, as it must, facts sufficient to show the existence of a special relationship of trust or confidence between Tremont and Prickett, rendering his negligent misrepresentation claim insufficient as a matter of law. See Stephenson, 482 F. App'x at 622; see also Sykes, 938 N.E.2d at 326 ("While [defendant] obviously knew in general that prospective purchasers of apartments would rely on the offering plan, there is no indication that it knew these plaintiffs would be among them, or indeed that [defendant] knew or had the means of knowing of plaintiffs' existence when it made the statements for which it is being sued.").

Prickett's Complaint also fails to satisfy the "linking conduct" prong of the Credit Alliance test. The Complaint is deficient in this regard because it "fail[s] to allege any form of direct contact between [Prickett] and [Tremont]." Meridian Horizon Fund, L.P. v. KPMG (Cayman), 487 F. App'x 636, 642 (2d Cir. 2012). The Participation Agreement among NY Life, Tremont and the Fund precluded any such contact by flatly prohibiting Tremont "from contacting directly or indirectly or accepting any communications from any [Policyholder] . . . or agent or representative of such [Policyholder] concerning the Interests in the [Fund's] assets held by [NY Life.]" (Participation Agreement (attached to the Dec. 5, 2012 Declaration of Maria T. Galeno ("Galeno Decl.," Dkt. 835) as Ex. H) § 3.2 (g).) Prickett's Complaint nowhere alleges that any such contact occurred – in breach of the Participation Agreement or otherwise – rendering his negligent misrepresentation claim legally insufficient.

To be sure, under the Participation Agreement, NY Life (but *not* Tremont) provided certain Fund documents to Policyholders, including the Fund's PPM, Limited Partnership Agreement and

3

Certificate of Limited Partnership (the "Fund Documents").  (Participation Agreement (Galeno Decl. Ex. H) §§ 1.10, 3.1(e), 5.5.)  But the "'fact that [Policyholders] . . . received a copy of the [Fund Documents], or that [Tremont] knew that [Policyholders] would rely upon the information contained in the [Fund Documents], does not establish the requisite linking conduct.'"  Meridian, 487 F. App'x at 642 (citation omitted).[4]

Given the absence of any direct contact between Tremont and the Policyholders, Prickett attempts to fill this gap by contending NY Life acted "on behalf of" Tremont when communicating with its Policyholders, apparently in an effort to suggest that NY Life acted as Tremont's agent.  (Opp'n at 4-6, 12-13.)  This suggestion is meritless as a matter of law.

To adequately allege the existence of an agency relationship, a plaintiff must plead facts sufficient to show:  (i) the principal's manifestation of intent to grant authority to the agent, and (ii) agreement by the agent.  See, e.g., Elbit Sys., Ltd. v. Credit Suisse Grp., 10 Civ. 10, 2013 WL 66466, at *5 (S.D.N.Y. Jan. 7, 2013).  Here the Complaint has not alleged and cannot allege any such facts because the Participation Agreement expressly precludes NY Life from acting as Tremont's agent.  As set forth in the Participation Agreement:

> [NY Life] will be a limited partner in the [Fund] and will have no authority to act for or represent the [Fund], [Tremont], or their respective affiliates or any of them. In addition, no officer or employee of [NY Life] will be deemed to be an employee or agent of the [Fund] or any of its affiliates . . . .

(Participation Agreement (Galeno Decl. Ex. H) § 8.1.)

---

[4]  Although Stephenson and Meridian are summary orders and therefore are not binding under Second Circuit Rule 32.1.1, they are "nevertheless persuasive authority" followed by courts in this district. Anwar v. Fairfield Greenwich Ltd., 09 Civ. 0118, 2012 WL 3245478, at *3 (S.D.N.Y. Aug. 6, 2012) (to be reported in F. Supp. 2d) (dismissing claims pursuant to Stephenson and Meridian); see also DiBartolo v. Abbott Labs., 12 Civ. 900, 2012 WL 6681704, at *16 (S.D.N.Y. Dec. 21, 2012) (to be reported in F. Supp. 2d) (dismissing negligent misrepresentation claim where plaintiff "ha[d] not alleged that she was a 'known party' to [defendant] or that [defendant] undertook specific conduct linking it to her").

In this connection, it bears noting that contrary to Prickett's contention, the Participation Agreement nowhere obligated NY Life to "'make reasonable efforts to market' the Tremont Fund to [Policyholders] such as Plaintiff." (Opp'n at 4.) Rather, NY Life agreed to "make reasonable efforts to market *the Contracts*" – *i.e.*, the Policies – to its customers. (Participation Agreement (Galeno Decl. Ex. H) § 5.3 (emphasis added).) This reflects the reality that NY Life marketed and sold *Policies*, not hedge fund investments, to its insureds. In the same vein, there is no merit to Prickett's suggestion that the Participation Agreement required NY Life to "promote," *i.e.*, actively market, the Fund to Policyholders. (Opp'n at 4.) There is only one reference in the Agreement to the word "promoting," and it appears in a section specifying the circumstances in which NY Life could terminate its contract with the Fund. (Participation Agreement (Galeno Decl. Ex. H) § 8.5.) Read in context, this section authorized NY Life to discontinue any further investment in the Fund and to cease "promoting," *i.e.*, offering, the Fund as one of several investment options under the Policies. Nothing in the Participation Agreement authorized or obligated NY Life to actively "promote" or otherwise market the Fund or any other investment option to its Policyholders. The Policyholders made their own, independent decisions after reviewing the available options without receiving any guidance, investment advice or sales pitch from NY Life or Tremont.

Because the Complaint fails to adequately allege any special relationship between Tremont and Prickett, the negligent misrepresentation claim fails as a matter of law and should be dismissed. See, e.g., Meridian, 487 F. App'x at 642.

    2.    Prickett's Authorities Are Distinguishable

The authorities cited by Prickett in support of his negligent misrepresentation claim (see Opp'n at 13-15) not only pre-date the Second Circuit's decisions in Stephenson and Meridian, but also are readily distinguishable. Most of the cases bear no resemblance to this one because the complaints there, in contrast to Prickett's Complaint here, alleged that the defendants either: (i)

5

specifically directed their alleged misstatements at the named plaintiffs;[5] (ii) had direct communication with plaintiffs;[6] or (iii) both.[7] In the same vein, King County, Washington v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 288 (S.D.N.Y. 2012), does not support Prickett's contention that he may be considered a "known party" because he purportedly belongs to a "settled and particularized class" of NY Life Policyholders. (Opp'n at 15 (quoting King County, 863 F. Supp. 2d at 308).) In a subsequent decision in the King County case, the court reconsidered its prior opinion sustaining the sufficiency of a negligent misrepresentation claim after the Second

---

[5] In Terra Securities ASA Konkursbo v. Citigroup, Inc., 740 F. Supp. 2d 441 (S.D.N.Y. 2010), aff'd, 450 F. App'x 32 (2d Cir. 2011), for example, certain derivative securities were specifically created for and sold to the plaintiff municipalities by the defendant. See id. at 445-46. Here, by contrast, the Fund sold limited partnership interests to NY Life, *not* Prickett, and neither Tremont nor the Fund knew that Prickett was a Policyholder or would direct NY Life to purchase interests in the Fund. See also Anschutz Corp. v. Merrill Lynch & Co., 785 F. Supp. 2d 799, 826 (N.D. Cal. 2011) (applying California law and finding, "[t]his is not a case where the Ratings Agencies 'merely knew' of the possibility of their ratings being repeated to third parties. Instead . . . the Rating Agencies knew who would review and rely on their ratings and, allegedly, helped structure the very securities at issue so that they would be able to be marketed to the [plaintiff] QIBs").

[6] See King Cnty., Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 288, 308 (S.D.N.Y. 2012) (holding that plaintiff investors were "known" to defendant Rating Agencies where "plaintiffs directly informed the Rating Agencies that they rely on credit ratings in making investment decisions"); Travelers Cas. & Sur. Co. ex rel. Reliance Ins. Co. v. Dormitory Auth. of State of N.Y., 04 Civ. 5101, 2005 WL 1177715, at *6-7 (S.D.N.Y. May 19, 2005) (finding defendant architect had the "functional equivalent" of privity with plaintiff insurance company – suing on behalf of a contractor – because the architect was contractually obligated to maintain "continual communication" with the contractor); Ossining Union Free Sch. Dist. v. Anderson LaRocca Anderson, 539 N.E.2d 91, 95 (N.Y. 1989) (finding privity-like relationship where plaintiffs alleged, among other things, they had direct contact with defendant).

[7] See Muller-Paisner v. TIAA, 289 F. App'x 461, 466 (2d Cir. 2008) (defendants specifically targeted and transacted business with plaintiff retiree who had purchased the subject annuity *from defendants* who advertised that they would assist retirees in purchasing the best option available to them for their post-retirement lives); LaSalle Nat'l Bank v. Duff & Phelps Credit Rating Co., 951 F. Supp. 1071, 1093-94 (S.D.N.Y. 1996) (plaintiffs were select group of qualified investors, some of whom had direct contact with defendant rating agency); Duke v. Touche Ross & Co., 765 F. Supp. 69, 71, 77 (S.D.N.Y. 1991) (finding special relationship where defendant directly solicited plaintiffs to invest in limited partnerships).

Circuit issued its ruling in Stephenson.[8]  Upon reconsideration, the court distinguished Stephenson on the ground that the plaintiff in that case "was not a member of a 'settled and particularized class'; rather, he was 'nothing more than a 'prospective limited partner[], unknown at the time and who might be induced to join [the partnership].'"  King Cnty., Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 323-24 (S.D.N.Y. 2012) (quoting Stephenson, 482 F. App'x at 622).  This distinction actually reinforces the conclusion that Prickett is not a "known person" to Tremont under the Credit Alliance test.  Indeed, Prickett not only was unknown to Tremont, he also never was a limited partner of TOF III – prospective or actual.  Accordingly, his negligent misrepresentation claim fails as a matter of law.

   3.  SSR II Is on "All Fours"

It is telling that Prickett's Opposition Brief nowhere mentions – much less attempts to distinguish – the decision of the New York Supreme Court in SSR II, LLC v. John Hancock Life Insurance Co. (U.S.A.), 37 Misc. 3d 1204(A) (table), 2012 WL 4513354 (N.Y. Sup. Ct., N.Y. County Sept. 28, 2012), an opinion discussed in Tremont's Moving Brief that is on "all fours" with this case.  As SSR II establishes, a Policyholder's direction that a Carrier invest its own assets in a hedge fund does not, without more, create a special relationship between the Policyholder and the

---

[8]  The King County court declined to rely on the Second Circuit's decision in Stephenson as grounds for reconsideration because it is an unpublished summary order.  See King Cnty., Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 323 (S.D.N.Y. 2012).  Be that as it may, the Second Circuit effectively adhered to its holding in Stephenson when it issued its subsequent opinion in Meridian.  See Meridian, 487 F. App'x at 642 ("plaintiffs' pleadings do not satisfy the second prong of the Credit Alliance test [because] they failed to show that the Auditors were aware of the identities of the specific nonprivy parties who would be relying on their reports").  Moreover, Stephenson and Meridian apply the "known person" test the same way the New York Court of Appeals has applied it in decisions rendered subsequent to Credit Alliance.  See, e.g., Mandarin Trading, 944 N.E.2d at 1109 (affirming dismissal of negligent misrepresentation claim where "[t]he complaint does not allege whether Wildenstein had any contact with Mandarin, whether Mandarin solicited the appraisal directly from Wildenstein, whether Wildenstein knew the purpose of the appraisal letter, or whether Wildenstein was even aware of Mandarin's existence").

manager of the hedge fund. See id. at *7. SSR II is further authority warranting dismissal of Prickett's Complaint.

### B. The Complaint Fails To Adequately Allege Any Misrepresentation by Tremont

The Complaint also fails to adequately allege another element of Prickett's claim, *i.e.*, a material misrepresentation by Tremont. As demonstrated in Tremont's Moving Brief, the Complaint does not satisfy this pleading requirement by alleging in conclusory fashion that Tremont purportedly misstated: (i) TOF III's investment objectives and strategies (see Mov. Br. at 9-10); and (ii) Tremont's efforts to conduct due diligence and monitor Madoff's investment activities (see id. at 10-11).

In his Opposition Brief, Prickett does not dispute that Tremont's alleged "pledge" to conduct due diligence "cannot support a claim for negligent misrepresentation because [it is a] promissory representation[] about future events." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 187-88 (2d Cir. 2004). Thus, at a minimum, the purportedly false pledge provides no basis for a negligent misrepresentation claim. See also Nelson v. Publishers Circulation Fulfillment, Inc., 11 Civ. 1182, 2012 WL 760335, at *8 (S.D.N.Y. Mar. 7, 2012) (Griesa, J.).

Even if Tremont's alleged false pledge were otherwise actionable, which it is not, Prickett cannot establish that the purported promise was a "misrepresentation," *i.e.*, that it was false when made. In that connection, Prickett attempts to show falsity by relying on the Complaint's conclusory allegations that Tremont must never have intended to keep its pledge because, according to Prickett, Tremont inevitably would have discovered Madoff's fraud had it conducted the due diligence it purportedly promised to conduct. (See Opp'n at 11.) These allegations fall far short, however, given Madoff's stellar reputation in the securities industry and the extraordinary

and unprecedented means he employed to conceal his fraudulent conduct.  In light of his stature and those efforts, "'the more compelling inference as to why Madoff's fraud went undetected for two decades was his proficiency in covering up his scheme and deceiving the SEC and other financial professionals.'"  <u>Meridian</u>, 487 F. App'x at 641 (citation omitted).

Prickett fares no better with his allegation that Tremont misrepresented TOF III's investment strategy.  The Complaint alleges no facts to show that Tremont pursued any investment strategy other than the one disclosed in the Fund's PPM.  (<u>See</u> Mov. Br. at 9-10.)  To the extent Prickett's Opposition Brief attempts to suggest that TOF III's disclosed strategy was "false" because its "true" strategy involved an undisclosed plan to invest Fund assets in a Ponzi scheme (Opp'n at 12), Prickett has not alleged and cannot allege any facts to substantiate this far-fetched theory.

## **CONCLUSION**

For the reasons stated above and in the Moving Brief, the Tremont Defendants respectfully submit that their motion to dismiss the Complaint should be granted and the Complaint dismissed as against Tremont with prejudice.

Dated: New York, New York
       February 13, 2013

Respectfully submitted,

/s/ Seth M. Schwartz
Seth M. Schwartz (Seth.Schwartz@Skadden.com)
Jason C. Vigna (Jason.Vigna@Skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
  Tremont Group Holdings, Inc. and
  Tremont Partners, Inc.

9