UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE TREMONT SECURITIES LAW, : Master File No.
STATE LAW AND INSURANCE : 08 Civ. 11117 (TPG)
LITIGATION :
 :
------------------------------------------------------------:
This Document Relates to: :
 :
ELENDOW FUND, LLC, :
 : 10 Civ. 9061 (TPG)
          Plaintiff, :
 :
      -against- : ECF Case
 : Electronically Filed
RYE SELECT BROAD MARKET XL FUND, :
L.P., et al., :
 :
Defendants. :
------------------------------------------------------------x

# DEFENDANT OPPENHEIMER ACQUISITION CORP.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

David A. Kotler
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540
Tel.: (609) 955-3200
Fax: (609) 955-3259

*Attorneys for Defendant Oppenheimer Acquisition Corp.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................... 2

    I.    PLAINTIFF ONCE AGAIN FAILS TO STATE AN AIDING AND ABETTING CLAIM AGAINST OAC ................................................................... 2

        A.    Plaintiff Still Fails To Allege That OAC Had Actual Knowledge Of Tremont's Purported Breach Of Fiduciary Duty ................................. 2

        B.    Plaintiff Still Fails To Allege OAC's Substantial Assistance In Tremont's Alleged Breach Of Fiduciary Duty .......................................... 3

    II.    PLAINTIFF ONCE AGAIN FAILS TO STATE A SECTION 20(A) CLAIM AGAINST OAC .................................................................................... 4

        A.    Plaintiff Still Fails To Plead That OAC Controlled A Primary Violator And The Transactions At Issue ..................................................... 5

        B.    Plaintiff Still Fails To Plead The Necessary Element Of Culpable Participation ........................................................................................... 7

    III.    PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND FOR A THIRD TIME .................................................................................................. 9

CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**CASES**

*Agile Safety Variable Fund, L.P. v. Tremont Group Holdings, Inc.*,
   No. 10 CV 2904 (Colo. Dist. Ct. June 11, 2012) .................................................................... 4

*Askenazy v. Tremont Group Holdings, Inc.*,
   No. 2010-04801-BLS2, 2012 WL 440675 (Mass. Super. Ct. Jan. 26, 2012) ................... 2, 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 4

*Burstyn v. Worldwide XCeed Group, Inc.*,
   01 Civ. 1125, 2002 WL 31191741 (S.D.N.Y. Sept. 30, 2002) ............................................... 8

*CompuDyne Corp. v. Shane*,
   453 F. Supp. 2d 807 (S.D.N.Y. 2006) .................................................................................... 8

*Coronel v. Quanta Capital Holdings, Ltd.*,
   07 Civ. 1405, 2009 WL 174656 (S.D.N.Y. Jan. 26, 2009) ..................................................... 7

*CRT Invs., Ltd. v. BDO Seidman, LLP*,
   45 A.D.3d 470 (1st Dep't 2011) ............................................................................................. 3

*DGM Invs., Inc. v. New York Futures Exch., Inc.*,
   265 F. Supp. 2d 254 (S.D.N.Y. 2003) .................................................................................... 4

*Dietrich v. Bauer*,
   126 F. Supp. 2d 759 (S.D.N.Y. 2001) .................................................................................... 5

*Employees' Ret. Sys. v. J.P. Morgan Chase & Co.*,
   804 F. Supp. 2d 141 (S.D.N.Y. 2011) ................................................................................ 5, 6

*Fezzani v. Bear Stearns & Co.*,
   384 F. Supp. 2d 618 (S.D.N.Y. 2004) .................................................................................... 6

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*,
   479 F. Supp. 2d 349 (S.D.N.Y. 2007) .................................................................................... 4

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Group Holdings, Inc.*,
   No. 10-2-30732-0 SEA (Sup. Ct. Wash. June 3, 2011) .......................................................... 4

*Gallop v. Cheney*,
   642 F.3d 364 (2d Cir. 2011) ................................................................................................... 9

*Hilton Head Holdings b.v. v. Peck*,
   No. 11 Civ. 7768, 2012 WL 613729 (S.D.N.Y. Feb. 23, 2012) ................................................. 7

*In re Alstom SA Sec. Litig.*,
   406 F. Supp. 2d 433 (S.D.N.Y. 2005) ........................................................................................ 5

*In re Eaton Vance Mut. Funds Fee Litig.*,
   380 F. Supp. 2d 222 (S.D.N.Y. 2005) ...................................................................................... 10

*In re Initial Public Offering Sec. Litig.*,
   241 F. Supp. 2d 281 (S.D.N.Y. 2003) ........................................................................................ 4

*In re Livent, Inc. Sec. Litig.*,
   148 F. Supp. 2d 331 (S.D.N.Y. 2001) ........................................................................................ 8

*In re MBIA, Inc. Sec. Litig.*,
   700 F. Supp. 2d 566 (S.D.N.Y. 2010) ........................................................................................ 7

*In re Refco, Inc. Sec. Litig.*,
   503 F. Supp. 2d 611 (S.D.N.Y. 2007) ........................................................................................ 8

*In re Sanofi-Aventis Sec. Litig.*,
   774 F. Supp. 2d 549 (S.D.N.Y. 2011) ........................................................................................ 6

*In re Sharp Int'l Corp.*,
   403 F.3d 43 (2d Cir. 2005) ......................................................................................................... 4

*In re Smith Barney Transfer Agent Litig.*,
   No. 05 Civ. 7583, 2012 WL 3339098 (S.D.N.Y. Aug. 15, 2012) ............................................. 5

*JP Morgan Chase Bank v. Winnick*,
   406 F. Supp. 2d 247 (S.D.N.Y. 2005) ........................................................................................ 3

*Lautenberg Foundation v. Madoff*,
   No. 09 Civ. 816, 2009 WL 2928913 (D.N.J. Sept. 9, 2009) ...................................................... 8

*Meridian Horizon Fund, L.P. v. Tremont Group Holdings, Inc.*,
   No. 09 Civ. 3708 (TPG), 2012 WL 6168151 (S.D.N.Y. Dec. 11, 2012) ........................ passim

*Mishkin v. Ageloff*,
   No. 97 Civ. 2690, 1998 WL 651065 (S.D.N.Y. Sept. 23, 1998) ............................................... 9

*Penn. Public Sch. Employees' Ret. Sys. v. Bank of Am. Corp.*,
   874 F.Supp.2d 341 (S.D.N.Y. 2012) .......................................................................................... 7

*Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*,
    741 F. Supp. 2d 474 (S.D.N.Y. 2010) ................................................................................ 7

*Plumbers & Pipefitters' Local No. 562 Supplemental Plan & Trust v. J.P. Morgan Acceptance Corp. I*,
    No. 08 Civ. 1713, 2012 WL 601448 (E.D.N.Y. Feb. 23, 2012) .......................................... 8

*Rosner v. Bank of China*,
    No. 06 Civ. 138562, 2008 WL 5416380 (S.D.N.Y. Dec. 18. 2008), *aff'd*, 349 F. App'x 637 (2d Cir. 2009) ............................................................................................... 3

*Ruiz v. Charles Schwab & Co.*,
    736 F. Supp. 461 (S.D.N.Y. 1990) ...................................................................................... 9

*Ruotolo v. City of N.Y.*,
    514 F.3d 184 (2d Cir. 2008) ................................................................................................. 9

*S.E.C. v. First Jersey Sec., Inc.*,
    101 F.3d 1450 (2d Cir. 1996) ........................................................................................... 5, 9

*Silverman Partners, L.P. v. First Bank*,
    687 F. Supp. 2d 269 (S.D.N.Y. 2010) .................................................................................. 3

*Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*,
    64 A.D.3d 472 (1st Dep't 2009) .......................................................................................... 3

*STMicroelectronics v. Credit Suisse Group*,
    775 F. Supp. 2d 525 (E.D.N.Y. 2011) .............................................................................. 5, 9

*United States v. Bestfoods*,
    524 U.S. 51 (1998) ................................................................................................................ 6

**STATUTES**

15 U.S.C. § 80b-3 ........................................................................................................................ 5

15 U.S.C. § 80b-4 ........................................................................................................................ 5

**OTHER AUTHORITIES**

Form ADV, Uniform Application for Investment Adviser Registration, Item 10, Schedules A and B, *available at* http://www.sec.gov/about/forms/formadv.pdf. ..................... 5

**PRELIMINARY STATEMENT**

Even after conducting limited discovery prior to filing its Second Amended Complaint, Plaintiff still cannot offer any support for its conclusory assertions that OAC knew about, controlled, or participated in any alleged misconduct emanating from the Madoff scheme. Rather, Plaintiff's Opposition to OAC's[1] motion to dismiss ("Opp.") continues to rely upon irrelevant allegations concerning funds it did not invest in, actions purportedly taken by non-party OFI, and mere incidents of OAC's role as Tremont Group's parent company. However, the law in this District requires much more to state either an aiding and abetting or a Section 20(a) control person claim than allegations of an ordinary parent-subsidiary relationship.

First, because Plaintiff is unable to plead OAC's actual knowledge of Tremont's alleged misconduct through its "red flags" allegations, Plaintiff once again lobbies for a "conscious avoidance" standard. Not only has "conscious avoidance" been rejected by the weight of authority in this District, but Plaintiff's Second Amended Complaint provides not a single allegation to meet even this lower standard. Moreover, after conceding that OAC never did anything to affirmatively participate in Tremont's alleged misconduct, Plaintiff tries to argue that OAC's complete lack of participation constitutes its substantial assistance. However, where -- as here -- a party has no express duty to act, well-settled law establishes that mere inaction is insufficient to allege substantial assistance.

Second, this Court repeatedly has made clear that a Section 20(a) claim must be dismissed absent well-pled allegations of <u>both</u> actual control over the underlying violation <u>and</u> culpable participation in that conduct. While recognizing this Court's recent confirmation of that standard, Plaintiff nonetheless continues to contend that (1) it need not allege culpable participation at the pleading stage, and (2) OAC's status as Tremont Group's parent and its alleged failure to supervise Tremont are sufficient to support its control person claim. Of course,

---

[1] Capitalized terms used herein have the same meaning as defined in OAC's Memorandum Of Law In Support Of Its Motion to Dismiss The Second Amended Complaint ("OAC Br.").

1

this Court, along with numerous courts across the country, already has dismissed similar attempts to plead aiding and abetting and control person claims against OAC based on the same allegations relied upon by this Plaintiff.[2]

Plaintiff's feeble attempt to argue that it has adequately pled culpable participation is belied by its simultaneous request for leave to amend its complaint for a *third* time in order to attempt to allege culpable participation.  Plaintiff already has had three chances to plead viable claims against OAC, and has yet to add even a single new allegation concerning OAC in its prior amendments; as such, a fourth attempt by Plaintiff would be entirely futile.  Dismissal of Plaintiff's Second Amended Complaint as against OAC therefore not only is fully warranted, but should be with prejudice.

## ARGUMENT

### I. PLAINTIFF ONCE AGAIN FAILS TO STATE AN AIDING AND ABETTING CLAIM AGAINST OAC

Plaintiff continues to premise its aiding and abetting claim with the unremarkable -- and legally insufficient -- allegation that "[b]y virtue of its ownership interest and shared executives, OAC had the ability to influence and direct the actions of the Tremont defendants."  Opp. at 11.  This unsupported argument cannot carry Plaintiff's burden to allege that OAC had actual knowledge of, and substantially assisted in, Tremont's alleged misconduct.

#### A. Plaintiff Still Fails To Allege That OAC Had Actual Knowledge Of Tremont's Purported Breach Of Fiduciary Duty

Acknowledging that its "red flags" averments are insufficient to plead OAC's actual knowledge of Tremont's purported misconduct, Plaintiff now posits that the actual knowledge requirement is satisfied by allegations of "conscious avoidance."  Opp. at 10.  However,

---

[2]   *See*, in addition to cases cited in OAC Br. at 2 n.1, *Meridian Horizon Fund, L.P. v. Tremont Group Holdings, Inc.*, No. 09 Civ. 3708 (TPG), 2012 WL 6168151 (S.D.N.Y. Dec. 11, 2012); *Askenazy v. Tremont Group Holdings, Inc.*, No. 2010-04801-BLS2, 2012 WL 440675 (Mass. Super. Ct. Jan. 26, 2012).

Plaintiff's contention "is inconsistent with the prevailing judicial opinion" in this district. *JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 253 n.4 (S.D.N.Y. 2005); *see Rosner v. Bank of China*, No. 06 Civ. 138562, 2008 WL 5416380, at *8 (S.D.N.Y. Dec. 18. 2008) (stating that it is "the minority of cases in this District that have permitted an allegation of willful blindness to satisfy the scienter requirement of actual knowledge"), *aff'd*, 349 F. App'x 637 (2d Cir. 2009). Moreover, even if "conscious avoidance" could satisfy the actual knowledge requirement (and it cannot), neither Plaintiff's Second Amended Complaint nor its Opposition even attempt to aver that OAC consciously avoided knowledge of Madoff's fraud and Tremont's alleged breach of fiduciary duty. *See*, in addition to cases cited in OAC Br. at 7-8, *Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 286 (S.D.N.Y. 2010) (granting motion to dismiss aiding and abetting claim because "red flags" allegations insufficient "to give rise to a strong inference of actual knowledge" of the underlying wrong).

      **B.**    **Plaintiff Still Fails To Allege OAC's Substantial Assistance In Tremont's Alleged Breach Of Fiduciary Duty**

Plaintiff's attempt to satisfy the substantial assistance element is equally inadequate. Plaintiff's conclusory assertion that OAC had an ownership interest in and shared executives with Tremont (Opp. at 11) demonstrates nothing more than that OAC was Tremont's parent company, and in no way alleges OAC's substantial assistance in any underlying violation. *See CRT Invs., Ltd. v. BDO Seidman, LLP*, 45 A.D.3d 470, 472 (1st Dep't 2011) ("substantial assistance . . . means more than just performing routine business services" for the alleged primary violator). Moreover, even if Plaintiff's allegations somehow could suffice as evidence of OAC's substantial assistance, Plaintiff still fails to allege -- as it must -- how OAC's ownership of Tremont "proximately caused the harm on which the primary liability is predicated." *Stanfield Offshore Leveraged Assets, Ltd. v. Metro. Life Ins. Co.*, 64 A.D.3d 472, 489 (1st Dep't 2009) (dismissing aiding and abetting claim).

Nor can Plaintiff meet the substantial assistance requirement based on OAC's "gross recklessness and failures to act." Opp. at 11. While Plaintiff concedes that substantial assistance

3

through inaction requires well-pled allegations that "a defendant . . . fails to act *when required to do so*," *id.* at 10 (quoting *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 360 (S.D.N.Y. 2007)) (emphasis added), Plaintiff fails to provide any basis by which OAC could conceivably owe Plaintiff any such duty.  Thus, because "the mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff," Plaintiff's aiding and abetting claim fails as a matter of law.  *In re Sharp Int'l Corp.*, 403 F.3d 43, 50 (2d Cir. 2005).[3]

## II.   PLAINTIFF ONCE AGAIN FAILS TO STATE A SECTION 20(A) CLAIM AGAINST OAC

While acknowledging this Court's recent decision affirming that, in the Second Circuit, "§ 20(a) requires that a plaintiff plead facts showing the defendant's culpable participation," *Meridian*, 2012 WL 6168151, at *1, Plaintiff continues to advocate for a control person standard in which it need not allege *either* OAC's actual control over, *or* culpable participation in, Tremont's alleged misrepresentations and due diligence.  Opp. at 4-5, 7.  Plaintiff's request for a lower pleading standard is not only inconsistent with the clear law in this Circuit, but also with the numerous decisions dismissing similar attempts to plead control person claims arising out of identical facts in other actions by Rye Funds investors against OAC.  *See Meridian*, 2012 WL 6168151; *Agile Safety Variable Fund, L.P. v. Tremont Group Holdings, Inc.*, No. 10 CV 2904 (Colo. Dist. Ct. June 11, 2012) (attached to the Appendix of Unreported Cases ("App'x") as Ex. 1 at 5-7); *Askenazy*, 2012 WL 440675, at *15-17; *FutureSelect Portfolio Mgmt., Inc. v. Tremont Group Holdings, Inc.*, No. 10-2-30732-0 SEA (Sup. Ct. Wash. June 3, 2011) (attached to App'x as Ex. 2 at 2).[4]

---

[3]  Plaintiff's reliance on *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 265 F. Supp. 2d 254 (S.D.N.Y. 2003) (Opp. at 10) is inapposite because that case involves an agency claim, not aiding and abetting, and Plaintiff does not (and could not) establish an agency relationship between OAC and Tremont.

[4]  Plaintiff also distorts the applicable pleading standard by asserting that it "need not provide anything more than sufficient notice to permit defendant to file an answer."  Opp. at 4 (quoting *In re Initial Public Offering Sec. Litig.*, 241 F. Supp. 2d 281, 324 (S.D.N.Y. 2003)).  *In re Initial Public Offering* was decided prior to the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), which established that "labels and

### A. Plaintiff Still Fails To Plead That OAC Controlled A Primary Violator And The Transactions At Issue

As detailed in OAC's opening brief (OAC Br. at 12), to allege "control," Plaintiff must provide facts sufficient to show that OAC "not only ha[d] actual control over [Tremont], but ha[d] actual control over the transaction in question." *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583, 2012 WL 3339098, at *12 (S.D.N.Y. Aug. 15, 2012). Plaintiff's attempt to dispute the necessity of pleading control over Tremont's alleged violations (Opp. at 5) flies in the face of numerous decisions by the courts of this District and should rejected. *See, e.g.*, *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 487 (S.D.N.Y. 2005) (a Section 20(a) defendant must have "actual control over the transaction in question").

Unable to allege OAC's actual control over Tremont's alleged conduct, Plaintiff seeks to alter the standard so that a mere parent-subsidiary relationship is sufficient to satisfy the "control" element. Opp. at 5-6. As numerous courts in this District have recognized, however, a parent/subsidiary relationship -- without some further well-pled indication that the parent controlled the subsidiary's alleged Section 10(b) violation -- is insufficient to plead control. *See*, in addition to cases collected in OAC Br. at 13, *Employees' Ret. Sys. v. J.P. Morgan Chase & Co.*, 804 F. Supp. 2d 141, 157 (S.D.N.Y. 2011) ("Allegations that an entity was the parent corporation of a primary violator, standing alone, do not make out a claim of control.").[5]

That Tremont -- accurately and as required by the federal securities laws -- disclosed OAC's ownership in its SEC filings, does not in any way suggest that OAC controlled Tremont for purposes of a Section 20(a) claim.[6] OAC was properly named in Tremont Partners' filing as

---

conclusions[] and a formulaic recitation of the elements of a cause of action" do not suffice, and that "[f]actual allegations must be enough to raise a right to relief above the speculative level."

[5]    None of the cases Plaintiff cite stand for the proposition that parent company status is itself sufficient to allege control. In *STMicroelectronics v. Credit Suisse Group*, 775 F. Supp. 2d 525, 536 (E.D.N.Y. 2011), the plaintiff alleged that the parent entity, in addition to being the sole shareholder, was directly involved in the underlying events and "retained ultimate authority to decide how to respond to complaints" about the fraud. Neither *Dietrich v. Bauer*, 126 F. Supp. 2d 759 (S.D.N.Y. 2001), nor *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450 (2d Cir. 1996), is a parent/subsidiary case.

[6]    *See* 15 U.S.C. § 80b-3, 80b-4; Form ADV, Uniform Application for Investment Adviser Registration, Item 10, Schedules A and B, *available at* http://www.sec.gov/about/forms/formadv.pdf.

5

an indirect owner based on its ownership interest in Tremont Group.  Were such a designation alone sufficient to state a control person claim, any parent company with the requisite ownership interest would be exposed to control person claims based on its subsidiary's putative conduct.  No court has adopted such an absolute theory of liability, and Plaintiff's argument flies in the face of the U.S. Supreme Court's recognition that it is a "general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries."  *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

        Nor does Plaintiff sufficiently allege OAC's control of Tremont's alleged misconduct through its recitations that: (1) OAC executives sat on Tremont's board; (2) OAC provided support services to Tremont and "'publicly touted how they often work together' and 'shar[e] information about Tremont's clients;'" and (3) non-party OFI and Tremont shared office space and engaged in joint marketing efforts.  Opp. at 6.  Plaintiff cites no authority that any of these allegations -- individually or collectively -- demonstrates control for purposes of a Section 20(a) claim.  *See In re Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 572 (S.D.N.Y. 2011) (dismissing Section 20(a) claim lacking allegations that defendants "made either of the statements that constitute actionable omissions" or "had 'actual control' over the statements").

        Even if Plaintiff could allege that OAC "influenced" Tremont as its corporate parent, it still would fall short of pleading control sufficient to state a viable Section 20(a) claim.  *See Fezzani v. Bear Stearns & Co.*, 384 F. Supp. 2d 618, 645 (S.D.N.Y. 2004) ("Allegations of influence are not the same as the power to direct the management and policies of the primary violator.").  Plaintiff's attempt to remedy this defect with conclusory allegations that OAC participated in and knew about Tremont's general operations and had "'direct and supervisory involvement in the day-to-day actions' of Tremont" (Opp. at 7) is insufficient.  *Employees' Ret. Sys.*, 804 F. Supp. 2d at 157 ("allegation that [parent entity] 'had the power to, and did, direct [subsidiary]' is too conclusory to warrant an inference in the plaintiff's favor").

Finally, Plaintiff's novel Section 20(a) pleading standard whereby control may be pled based on nothing more than allegations that the defendant was an indirect parent of an alleged primary violator, should be rejected because Plaintiff cannot make an end-run around the "heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences." *Hilton Head Holdings b.v. v. Peck*, No. 11 Civ. 7768, 2012 WL 613729, at *5 (S.D.N.Y. Feb 23, 2012).

### B. Plaintiff Still Fails To Plead The Necessary Element Of Culpable Participation

In another action by a Rye Fund investor asserting a Section 20(a) claim against OAC arising out of the Madoff fraud, this Court recently confirmed that "the need for a plaintiff to plead 'culpable participation' [is] the law of the Second Circuit." *Meridian*, 2012 WL 6168151, at *2; *see also Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 741 F. Supp. 2d 474, 492 (S.D.N.Y. 2010) ("the weight of well-reasoned authority is that to withstand a motion to dismiss a section 20(a) . . . claim, a plaintiff must allege some level of culpable participation at least approximating recklessness").

In spite of this clear and definitive directive, Plaintiff continues to urge this Court to abolish the culpable participation element by arguing that the majority of courts in this District do not understand the language of Section 20(a). Opp. at 7. While Plaintiff's misunderstanding of the culpable participation pleading requirement is not surprising given that Plaintiff simply copied entire sections of an opposition brief filed by the plaintiffs in the *Meridian* action, (*compare* Opp. at 7-8; *with* 09 Civ. 3708 Dkt. No. 73 at 4-6), this Court should reject Plaintiff's call to deviate from the well-reasoned and well-established decisions by the majority of the courts in this District,[7] including this Court's decision in *Meridian*.

---

[7] *See e.g., Penn. Public Sch. Employees' Ret. Sys. v. Bank of Am. Corp.*, 874 F.Supp.2d 341, 368 (S.D.N.Y. 2012) ("for [a control person] claim to survive a motion to dismiss, plaintiff must allege . . . particularized facts as to the controlling person's culpable participation in the fraud"); *Coronel v. Quanta Capital Holdings, Ltd.*, 07 Civ. 1405, 2009 WL 174656, at *24 (S.D.N.Y. Jan. 26, 2009) ( "a [Section 20(a)] complaint must allege . . . culpable participation"); *In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d 566, 598 (S.D.N.Y. 2010) ("[h]aving reviewed the

7

Equally misplaced is Plaintiff's reliance on cases finding that culpable participation is not a pleading requirement for claims under Section 15 of the Securities Act of 1933. *See* Opp. at 8 (citing *Plumbers & Pipefitters' Local No. 562 Supplemental Plan & Trust v. J.P. Morgan Acceptance Corp. I*, No. 08 Civ. 1713, 2012 WL 601448 (E.D.N.Y. Feb. 23, 2012)). Although culpable participation is not an element of a *prima facie* Section 15 case, courts in this District routinely have held that it is a *prima facie* element of a Section 20(a) case. *See, e.g., In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 660 (S.D.N.Y. 2007) ("Unlike § 15, § 20(a) requires that the plaintiff must also 'allege culpable participation in some meaningful sense.'"). Plaintiff ignores this distinction, and its reliance on *Plumbers* therefore is inapposite because -- contrary to Plaintiff's contention -- that case does not hold that culpable participation is not a pleading requirement under Section 20(a). *Plumbers*, 2012 WL 601448, at *21 (finding only that culpable participation "should not be applied to causes of action under Section 15").

Plaintiff's fallback allegations that OAC failed to supervise Tremont also cannot satisfy the culpable participation element. Opp. at 9. The cases that Plaintiff cites demonstrate only that inaction may constitute culpable participation where a defendant has a legal duty to act. Plaintiff's reliance on *Lautenberg Found. v. Madoff* is misplaced, as that court expressly stated that "mere inaction is *not enough* to rise to culpable participation." No. 09 Civ. 816, 2009 WL 2928913 (D.N.J. Sept. 9, 2009) (emphasis added).[8] Likewise, in *CompuDyne Corp. v. Shane*, 453 F. Supp. 2d 807, 829-30 (S.D.N.Y. 2006), the defendant's culpable participation in its employee's underlying violation was adequately pled by allegations of its failure to supervise

---

relevant cases, the Court . . . continues to find that 'culpable participation' is a pleading requirement to state a § 20(a) claim"); *Burstyn v. Worldwide XCeed Group, Inc.*, 01 Civ. 1125, 2002 WL 31191741, at *7 (S.D.N.Y. Sept. 30, 2002) (rejecting argument that Section 20(a) allows for only a good faith affirmative defense and not a culpable participation pleading requirement); *In re Livent, Inc. Sec. Litig.*, 148 F. Supp. 2d 331, 354 (S.D.N.Y. 2001) ("the authority available balances toward holding that the plaintiff bears the burden of pleading culpability as part of a *prima facie* case under § 20(a)").

[8]    The *Lautenberg* court found defendant Peter Madoff's inaction sufficient because he -- unlike OAC -- was a director, officer and general counsel of BMIS, and was "charged with the responsibility and authority to run BMIS in accordance with the law." *Id.* at *2, 15.

8

because: (1) the primary violator was an agent of the defendant; (2) the defendant had "an 'affirmative duty' to see that its employees comply with applicable securities regulations;" and (3) the defendant was "subject to certain supervision obligations" specific to broker-dealers.[9] Plaintiff does not (and cannot) allege that an agency relationship existed between OAC and Tremont or that OAC owed any legal duty to Plaintiff to supervise Tremont's due diligence and disclosures. *See supra* at Point I.B. Thus, without "some detail about what [OAC] is alleged to have done, and when [OAC] did it," Plaintiff's Section 20(a) claim must be dismissed. *Mishkin v. Ageloff*, No. 97 Civ. 2690, 1998 WL 651065, at *26 (S.D.N.Y. Sept. 23, 1998).

### III. PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND FOR A THIRD TIME

In recognition of the inherent weaknesses in its factual allegations and lack of authority for its legal propositions, Plaintiff uses its Opposition to request leave to amend its complaint for a third time. *See* Opp. at 4. There is no basis for granting Plaintiff a fourth bite at the apple.

Plaintiff filed its initial complaint in December 2010, an Amended Complaint a year later and the Second Amended Complaint in September 2012. In spite of having had close to two years to investigate its claims and survey other Madoff-related proceedings, as well as the opportunity to conduct limited discovery, the Second Amended Complaint contains not one new factual allegation as against OAC. After three deficient attempts to state a claim against OAC, Plaintiff's request for a fourth opportunity is entirely futile and should be denied. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (affirming dismissal with prejudice "in the absence of any indication that [plaintiff] could - or would - provide additional allegations that might lead to a different result"); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (leave to amend properly denied due to "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment").

---

[9] The other cases cited by Plaintiff, *S.E.C. v. First Jersey Sec., Inc.*, *STMicroelectronics v. Credit Suisse Group* and *Ruiz v. Charles Schwab & Co.*, 736 F. Supp. 461 (S.D.N.Y. 1990) also pertain to broker-dealers that had clear statutory and fiduciary duties to act.

9

Moreover, Plaintiff's assertion leave to amend is warranted due to *Meridian* is illogical, as this Court's holding that culpable participation is a *prima facie* element of a Section 20(a) claim was well-established long before *Meridian* was decided. Opp. at 4. OAC's motion to dismiss Plaintiff's Amended Complaint -- which was fully briefed prior to Plaintiff filing its current pleading -- demonstrated that the majority of courts in this District, *including this Court*, require allegations of both actual control and culpable participation to state a Section 20(a) claim. OAC's Reply in Further Support of its Motion to Dismiss the Amended Complaint, Dkt. No. 42 at 8. Plaintiff thus was given advance notice of the exact bases for OAC's current motion prior to filing its Second Amended Complaint and nevertheless failed to adequately allege either essential element of its Section 20(a) claim. This failure is reason enough to deny leave to amend. *See, e.g., In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend where plaintiffs had "two opportunities to cure the defects in their complaints" and "were on notice that the pleading requirements . . . were not met in their . . . Amended Complaint before the plaintiffs submitted the [Second Amended Complaint]").

## CONCLUSION

For the foregoing reasons, as well as those set forth in its opening brief, OAC respectfully submits that its motion to dismiss the Second Amended Complaint should be granted in its entirety and with prejudice.

Dated: Princeton, New Jersey
February 27, 2013

DECHERT LLP

By: /s/ David A. Kotler
David A. Kotler
david.kotler@dechert.com
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540
Tel.: (609) 955-3200
Fax: (609) 955-3259

*Attorneys for Defendant Oppenheimer Acquisition Corp.*

10