UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------x
                                           :
                                           :
IN RE TREMONT SECURITIES LAW, STATE LAW,   :          08 Civ. 11117
AND INSURANCE LITIGATION                   :
                                           :              Opinion
                                           :
-------------------------------------------x
                                           :
All Actions                                :
                                           :
-------------------------------------------x
```

Madelyn Haines and Paul Zamrowski are members of the plaintiff class in the In re Tremont Securities Law, State Law, and Insurance Litigation.  This case concluded in a final judgment entered on August 19, 2011 pursuant to a settlement agreement.  The settlement was approved after a fairness hearing on August 8, 2011 and over Haines' and Zamrowski's objections.  Haines and Zamrowski now move to set aside the settlement agreement under Fed. R. Civ. P. 60.

The motion is denied.

The essence of Haines and Zamrowski's objections was this.  Unlike some other plaintiffs, Haines and Zamrowski lost only a portion of their overall investment with Tremont when Madoff's Ponzi scheme was exposed.  Their remaining funds remained under Tremont's control.  While many plaintiffs had

invested in Tremont's Madoff-managed Rye funds and lost everything, Haines and Zamrowski had invested in more diversified Tremont "Neutral" funds.

Thus, before the <u>In re Tremont</u> settlement was approved, Haines and Zamrowski raised concerns that Tremont might unfairly use these surviving "non-Madoff" assets to fund Tremont's liability for losses that *were* Madoff-related.  This concern was heightened by the fact that Lead Counsel for the plaintiff class directly represented Rye investors who had lost everything to the Madoff scheme and, thus, unfortunately had no remaining assets to protect.

Days before the hearing to finalize the settlement, Tremont defendants also disclosed that they had agreed to pay $1 billion to settle claims brought against Tremont by Irving Picard, Bernard Madoff Investment Securities' trustee in bankruptcy.  Haines and Zamrowski voiced similar concerns with respect to that agreement, since it created the potential that the non-Madoff assets still under Tremont's control would be used to fund the trustee settlement, to the ultimate, primary benefit of investors in the Rye funds, which, in turn, held bankruptcy claims against BMIS of nearly $3 billion.

Lead Counsel represented that neither would occur.  The non-Madoff assets would be "protected" from inclusion in the <u>In re Tremont</u> settlement fund and from claims by the BMIS trustee.

Haines and Zamrowski claim that newly discovered evidence reveals this to have been untrue.  In August 2012, they say, Haines and Zamrowski received statements from Tremont indicating that as of September 2011 their Tremont

accounts held more than $20 million in proceeds from Tremont's gradual liquidation of their remaining assets.  However, by the end of that month, Haines and Zamrowski claim that these accounts had been almost totally emptied, possibly to fund the trustee settlement.  Thus, they contend, their non-Madoff assets were not protected as Lead Counsel had claimed.

Tremont concedes that the funds taken from Haines' and Zamrowski's accounts were indeed used to fund the trustee settlement.  But they contend that these funds were not "non-Madoff" assets.  Indeed, Tremont contends that the reason these funds were paid over to BMIS pursuant to the settlement agreement is that they were traceable to redemptions of assets that the Tremont Funds had invested with Madoff.

As a threshold matter, because Haines and Zamrowski have appealed the final judgment in this case as well as filing this Rule 60 motion to set it aside, the court is not able to grant the motion under any circumstances.  The maximum relief this court could afford them while their appeal is before the Second Circuit would be to issue an opinion indicating its inclination to grant the motion were it to regain jurisdiction over the matter.  The court is, however, free to deny the motion while the appeal is pending, or to postpone action on it until the appeal has concluded.  See Toliver v. Cnty of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992); Fed. R. Civ. P. 62.1(a)(1)-(a)(3).

Haines and Zamrowski present two theories under which their Rule 60 motion should be granted: newly discovered evidence, Fed R. Civ. P. 60(b)(2), and fraud on the court, Fed. R. Civ. P. 60(b)(3), (d)(3).

To show that a judgment should be set aside due to the discovery of new evidence the movant must demonstrate that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

United States v. Int'l Broth. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001). The evidence presented by the movant in support of such a motion must be highly convincing. Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).

For a judgment to be set aside for fraud on the court, the movant must meet an even higher standard. In addition to the inherently demanding standard that faces any allegations of fraud — misrepresentation with scienter — moreover, for fraud to be the basis of a Rule 60 motion requires the fraud to be so pernicious that it effectively deprives a party of the ability to fully and fairly present his case. State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004). The movant must present evidence to demonstrate the fraud that is clear and convincing. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989).

-4-

Here, Haines and Zamrowski's motion, under both theories, hinges on a crucial factual premise.  They argue that the funds removed from their account were non-Tremont assets.  But they have presented essentially no evidence to support this proposition.  Tremont, meanwhile, has offered a quite plausible alternative theory which Haines and Zamrowski have presented no evidence to rebut, i.e., that the money was taken from their account precisely because it was Madoff-related.  Indeed, the evidence submitted by movants themselves lends support to Tremont's contentions.  The letter that accompanied their August 2011 Tremont account statement (Not. of Mot. Ex. C), for example, explained that "the Trustee sought to claw back amounts redeemed by the [Tremont] Funds from the Rye Select Broad Market Prime Fund, L.P."  This evidence is far short of the movants burden of providing "highly convincing" or "clear and convincing" evidence.

Accordingly, the motion is denied.

This opinion resolves the motion listed under document number 799 on the docket of case 08 Civ. 11117.

So ordered.

Dated: New York, New York
        March 1, 2013

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 1, 2013

-5-