UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No. : 08 Civ. 11117 (TPG) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This Document Relates to:                      :

STATE LAW ACTION, 08 Civ. 11183 (TPG),     :
and specifically to:
                                                                :
SPECTRUM SELECT, L.P.,

                                                            :   12 Civ. 9057 (TPG)
                        Plaintiff,
                                                            :   ECF CASES
            - against -                                         Electronically Filed
                                                            :
TREMONT GROUP HOLDINGS, INC., *et al.*,
                                                            :
                        Defendants.
                                                            :
[CAPTION CONTINUED ON NEXT PAGE]
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# THE TREMONT DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
 Tremont Group Holdings, Inc. and
 Tremont Partners, Inc.

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ALBERT ANIKSTEIN, et al.,                      :

                    Plaintiffs,                :

        - against -                            :    12 Civ. 9058 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,          :

                    Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MICHAEL BECKER., et al.,                       :

                    Plaintiff,                 :

        - against -                            :    12 Civ. 9060 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,          :

                    Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ALAN BILGORE, et al.,                          :

                    Plaintiffs,                :

        - against -                            :    12 Civ. 9061 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,          :

                    Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KARASEL II, L.P.,                              :

                    Plaintiff,                 :

        - against -                            :    12 Civ. 9062 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,          :

                    Defendants.                :

[CAPTION CONTINUED ON NEXT PAGE]               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
------------------------------------x
SPECTRUM SELECT II, L.P. and SPECTRUM   :
EQUITIES, L.P.,
                                        :
            Plaintiffs,
                                        :   12 Civ. 9063 (TPG)
      - against -
                                        :
TREMONT GROUP HOLDINGS, INC., et al.,
                                        :
            Defendants.
------------------------------------x
ROBERT COCCHI, et al.,                  :

            Plaintiffs,                 :

      - against -                       :   12 Civ. 9064 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,   :

            Defendants.                 :
------------------------------------x
```

Tremont respectfully submits this reply memorandum of law in further support of its motion for an order dismissing the complaints in these actions (the "Complaints") as against Tremont pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Title I of SLUSA.[1]

## ARGUMENT

### I. PLAINTIFFS' REQUEST TO STAY THE PROCEEDINGS SHOULD BE DENIED AND THE REMOVED ACTIONS SHOULD BE DISMISSED

Plaintiffs effectively concede, as they must, that controlling Second Circuit authority and decisions of this Court compel the conclusion that SLUSA mandates dismissal of the Removed Actions. See, e.g., Lakeview Inv., LP v. Schulman, 11 Civ. 1851, 2012 WL 4461762 (S.D.N.Y. Sept. 27, 2012) (Griesa, J.). In an effort to avoid dismissal, plaintiffs ask this Court to stay resolution of Tremont's dismissal motion pending the Supreme Court's review of the Fifth Circuit's decision in Roland v. Green, 675 F.3d 503 (5th Cir. 2012), cert. granted sub nom. Willis of Colo. Inc. v. Troice, 133 S. Ct. 977 (2013).[2] (See Opp'n at 3-4.)

Plaintiffs contend that the Supreme Court's review of Roland "raises the possibility" it will find SLUSA does not preclude state law claims unless plaintiffs allege "actual" purchases or sales of "covered securities." (Opp'n at 3.) With this argument, plaintiffs attempt to suggest that the Supreme Court's decision may mandate a finding in this case that SLUSA does not preclude plaintiffs' state law claims against Tremont even though they are based on allegations of fraud in connection with Madoff's failure to purchase covered securities. But the issue presented in

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as in the Tremont Defendants' Memorandum of Law in Support of Their Motion for Judgment on the Pleadings, filed January 23, 2013 ("Moving Brief" or "Mov. Br."). Opposition Brief and "Opp'n" refer to Plaintiffs' Opposition to the Tremont Defendants' Motion for Judgment on the Pleadings, filed February 18, 2013.

[2] Plaintiffs also seek to avoid dismissal by requesting leave of this Court to supplement their Complaints with new claims alleging for the first time violations of the federal securities laws. (See Opp'n at 1-2.) Tremont will oppose this motion in a separate memorandum of law to be filed with this Court.

Roland is fundamentally different and, as a result, any decision by the Supreme Court likely will have no bearing whatsoever here.

In the Roland case, no question has been or will be presented to the Supreme Court as to whether transactions in covered securities must be "actual" transactions in order to trigger SLUSA preclusion.  See generally Petition for Writ of Certiorari, Willis of Colo. Inc. v. Troice, No. 12-86, 2012 WL 3017710 (U.S. Jul. 18, 2012) ("Petition").  Rather, the issue is whether SLUSA precludes claims related to *any* alleged transaction – *either* "real or purported" – that is "merely tangentially related to the 'heart' . . . of the defendants' fraud."  Roland, 675 F.3d at 520-21 (footnote omitted); see also Petition, 2012 WL 3017710, at *18-22.  In Roland, the Ponzi scheme at issue involved soliciting investors to purchase certificates of deposit ("CDs") issued by an offshore bank.  The Fifth Circuit found that the "gravamen of [the] allegedly fraudulent scheme was representing to the [plaintiffs] that the CDs were a 'safe and secure' investment that was preferable to other investments for *many reasons*," only one of which was that the foreign bank issuing the CDs had invested its assets in "instruments that *might be* SLUSA-covered securities," namely, "'highly marketable securities issued by stable national governments, strong multinational companies and major international banks.'"  675 F.3d at 522 (emphasis added).  In light of those allegations, the Fifth Circuit concluded that "the references to [the bank's] portfolio being backed by 'covered securities' [were] merely tangentially related to the 'heart,' 'crux,' or 'gravamen' of the defendants' fraud."  Id. at 521 (footnotes omitted).  No question was presented as to whether the offshore bank actually purchased any securities.  See generally Roland, 675 F.3d 503.

Roland plainly is inapposite because, in this case, there is and can be no dispute that the heart of Madoff's fraudulent scheme was his false claim that he successfully employed a split-

2

strike conversion strategy that depended entirely on the well-timed purchase and sale of securities that indisputably qualify as covered securities – S&P 100 stocks and options.  This significant difference was highlighted by the Fifth Circuit in its Roland opinion by distinguishing the "Madoff feeder fund cases" on the ground that the plaintiffs in those cases, in contrast to the plaintiffs in Roland, invested their money "'for the purpose of purchasing covered securities'" through Madoff.  675 F.3d at 522 (citation omitted).  Thus, even if the Supreme Court were to affirm the Fifth Circuit and hold that a "tangential relationship" is insufficient to trigger SLUSA preclusion, that ruling would do nothing to alter the conclusion that plaintiffs' claims are precluded by SLUSA in this case, where Madoff's false representations regarding covered securities were central, not tangential, to his Ponzi scheme.  See, e.g., Barron v. Igolnikov, 09 Civ. 4471, 2010 WL 882890, at *5 (S.D.N.Y. Mar. 10, 2010) (Griesa, J.) ("Central to his fraud, Madoff used prices from the public markets on the trade documentation he sent to customers.").

   Against the backdrop of no prospect that the Supreme Court will decide whether "actual" securities transactions are a prerequisite to SLUSA preclusion, numerous circuit and district courts repeatedly and squarely have addressed that very issue, with the overwhelming majority concluding that "phantom" transactions are sufficient because the federal securities laws – including SLUSA – are implicated where, as here, a plaintiff alleges that he was "lured . . . to invest" with someone promising to trade covered securities.  E.g., Instituto de Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1349-50 (11th Cir. 2008).  Under this significant body of law, "it is not necessary that the purchase or sale actually transpired; claims based on the alleged failure to buy or sell covered securities fall squarely within SLUSA's ambit."  Barron, 2010 WL

3

882890, at *4.[3]  Accordingly, there is no reason to defer decision on whether the plaintiffs' state law claims are precluded by SLUSA.

## CONCLUSION

For the reasons stated above and in the Moving Brief, Tremont's motion for judgment on the pleadings dismissing the Complaints should be granted and plaintiffs' request for a stay should be denied.

Dated: New York, New York
       March 5, 2013

                                      Respectfully submitted,

                                      /s/ Seth M. Schwartz
                                      Seth M. Schwartz (Seth.Schwartz@Skadden.com)
                                      Jason C. Vigna (Jason.Vigna@Skadden.com)
                                      SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                      Four Times Square
                                      New York, New York 10036
                                      (212) 735-3000

                                     Attorneys for Defendants
                                        Tremont Group Holdings, Inc. and
                                        Tremont Partners, Inc.

---

[3]  Accord In re Herald, Primeo & Thema Sec. Litig., 09 Civ. 289, 2011 WL 5928952, *6 (S.D.N.Y. Nov. 29, 2011); In re J. Ezra Merkin & BDO Seidman Sec. Litig., 817 F. Supp. 2d 346, 360-61 (S.D.N.Y. 2011); In re J.P. Jeanneret Assocs., Inc., 769 F. Supp. 2d 340, 361-63 (S.D.N.Y. 2011); Mandelbaum v. Fiserv, Inc., 787 F. Supp. 2d 1226, 1246-47 (D. Colo. 2011); Wolf Living Trust v. FM Multi-Strategy Inv. Fund, LP, 09 Civ. 1540, 2010 WL 4457322, at *3 (S.D.N.Y. Nov. 2, 2010); Newman v. Family Mgmt. Corp., 748 F. Supp. 2d 299, 312-13 (S.D.N.Y. 2010); In re Beacon Assocs. Litig., 745 F. Supp. 2d 386, 430 (S.D.N.Y. 2010) (all reaching same conclusion).