UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW, AND INSURANCE LITIGATION | Master File No. 08 Civ. 11117 |
| SPECTRUM SELECT, L.P., Plaintiff, v. TREMONT GROUP HOLDINGS, INC., et al., Defendants. | 12 Civ. 9057 |
| ALBERT ANIKSTEIN, et al., Plaintiff, v. TREMONT GROUP HOLDINGS, INC., et al., Defendants. | 12 Civ. 9058 |
| MICHAEL BECKER, et al., Plaintiff, v. TREMONT GROUP HOLDINGS, INC., et al., Defendants. | 12 Civ. 9060 |

| | |
|---|---|
| ALAN BILGORE, *et al.*, <br><br>   Plaintiff, <br><br>   v. <br><br>TREMONT GROUP HOLDINGS, INC., et al., <br><br>   Defendants. | 12 Civ. 9061 |
| KARASEL II, L.P., *et al.*, <br><br>   Plaintiff, <br><br>   v. <br><br>TREMONT GROUP HOLDINGS, INC., et al., <br><br>   Defendants. | 12 Civ. 9062 |
| SPECTRUM SELECT II, L.P. and SPECTRUM EQUITIES, L.P., <br><br>   Plaintiff, <br><br>   v. <br><br>TREMONT GROUP HOLDINGS, INC., et al., <br><br>   Defendants. | 12 Civ. 9062 |
| ROBERT COCCHI, *et al.*, <br><br>   Plaintiff, <br><br>   v. <br><br>TREMONT GROUP HOLDINGS, INC., et al., <br><br>   Defendants. | 12 Civ. 9064 <br><br>**OPINION** |

These are all closely similar actions brought by investors in certain Tremont funds to recover assets lost to the Bernard Madoff Ponzi scheme. They were originally filed in various Florida state courts, but they were eventually consolidated before a single judge in Palm Beach County, Florida, and then removed to the Southern District of Florida pursuant to the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(2). They were then transferred to this court pursuant to an order by the Judicial Panel on Multidistrict Litigation. See In re Tremont Grp. Holdings, Inc. Sec. Litig., MDL No. 2052 (J.P.M.L. 2012).

Defendants now move to dismiss the complaints in these actions pursuant to SLUSA, 15 U.S.C. §§ 78bb(f)(1)(A). Plaintiffs do not seriously contend that dismissal on this basis is not appropriate. Rather, they move for leave to file an amended, consolidated complaint, adding federal securities law claims and incorporating allegations that are apparently the fruits of discovery granted by the Florida state court. 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs also request that the court refrain from ruling on defendants' motions to dismiss pending the Supreme Court's decision in the Troice cases currently pending before it. See Chadbourne & Parke LLP v.Troice, 133 S. Ct. 977 (2013); Proskauer Rose LLP v.Troice, 133 S. Ct. 978 (2013); Willis of Colo. Inc. v. Troice, 133 S. Ct. 977 (2013). Those cases, likely to be argued and decided next term, deal with the proper scope of SLUSA's preclusive effect and therefore, plaintiffs argue, may alter the court's disposition of the state law claims in this action.

The motion to stay is denied. The complaints are dismissed with leave to file a consolidated amended complaint.

## The Complaints

The substance of the present motions has little to do with the details of plaintiffs' complaints, so the court will describe those allegations only briefly.

The complaints allege that the various plaintiffs invested their assets with Tremont's Rye Select Broad Market Fund, the Rye Select Broad Market XL Fund, and the Rye Select Broad Market Prime Fund. The complaint alleges that Tremont and the other defendants made representations about the quality of the investment strategy that the funds would employ, the due diligence that they would perform upon fund managers, and the funds' ongoing investment activities.

The complaints allege that these representations were false. It is alleged that instead of employing a rigorous and careful investment strategy, the funds handed their assets over to a Ponzi scheme. It is further alleged that instead of performing careful due diligence and rigorous monitoring, the funds handed their assets over blindly to Madoff and took his claims about the fund's performance on faith. Meanwhile, the defendants made numerous representations about the funds' past and ongoing performance, which claimed that the funds were achieving steady and consistent gains. These gains were entirely fictional.

Stemming from these allegations, the complaints claim numerous violations of Florida state law. These include state-law securities fraud under Fla. Stat. Ann. § 517.301,

common law fraud, negligent misrepresentation, common law breach of fiduciary duty, breach of statutory fiduciary duties imposed by Fla. Stat. Ann. § 517.11, professional malpractice, breach of contract, as well as several counts of vicarious liability for aiding and abetting the primary violations just listed.

## Discussion

SLUSA ensures that plaintiffs cannot avoid the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 by finding state law vehicles for their securities fraud claims. 15 U.S.C. §§ 78bb(f), 77p(b). See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 82 (2006). Thus, SLUSA bars "covered" collective actions brought under state law that allege "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(A).

The first of these elements — that the action be a "covered" collective action — is more troublesome in this case than most, but it is nonetheless satisfied. Under SLUSA, the definition of a covered action includes either a single class action, a single action with more than 50 plaintiffs, or, as relevant here

> any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which (I) damages are sought on behalf of more than 50 persons; and (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 77p(f)(2)(A)(ii). As described above, these actions were originally filed as separate actions across Florida, none of which individually had 50 or more plaintiffs. Now, however, as the Southern District of Florida and the Judicial Panel on Multidistrict Litigation have recognized, these cases are clearly proceeding as a single action. Indeed, plaintiffs can hardly contend — and have not — that they are not proceeding together given that one of the motions to be resolved by this opinion is a motion to file a consolidated complaint. And there is no dispute that the group of actions seeks damages on behalf of more than 50 people. Therefore, this group of actions is a covered collective action under SLUSA.

Every count in each of the complaints arises under Florida state law. Thus the second element, that the action is "based upon the statutory or common law of any State," 15 U.S.C. § 77p(b), is met as well.

The final question is whether this action alleges "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." This court and others in this circuit routinely dismiss state-law claims like plaintiffs' claims for negligence, breach of fiduciary duty, etc. when those claims are included in a broader complaint that substantially revolves around allegations of misrepresentation. See Romano v. Kazacos, 609 F.3d 512, 521 (2d Cir. 2010); In re Austin Capital Mgmt., Ltd., Sec. & Employee Ret. Income Sec. Act (ERISA) Litig., 09 M.D. 2075, 2012 WL 6644623 (S.D.N.Y. Dec. 21, 2012). Indeed, this court has previously dismissed closely similar claims in many other cases alleging fraud, misrepresentation, and breach of fiduciary duty against defendants

who lost plaintiffs' money to the Madoff Ponzi scheme. See In re Austin Capital Mgmt., Ltd., Sec. & Employee Ret. Income Sec. Act (ERISA) Litig., 09 M.D. 2075, 2012 WL 6644623 (S.D.N.Y. Dec. 21, 2012); Lakeview Inv., LP v. Schulman, 11 CIV. 1851, 2012 WL 4461762 (S.D.N.Y. Sept. 27, 2012).

Accordingly, the court concludes that each of the state law claims in the complaint are precluded by SLUSA as they are included in an action that primarily revolves around allegations of misrepresentation in connection with the sale of securities. Therefore, they are dismissed.

Plaintiff moves, however, for leave to file an amended complaint so that it may replace its state law claims with federal securities claims and to include additional factual allegations based upon discovery obtained in state court.

Defendants argue that plaintiffs ought to be barred from making their proposed amendments on the grounds of undue delay. Plaintiffs' course of litigation in state court, defendants claim, was calculated to allow them to bring a *de facto* class action while dodging SLUSA's preclusive effect for several years. This is why, for example, plaintiffs — all of whom are represented by the same law firm — brought their claims in small groups across Florida. This technique allowed them to avoid removal to federal court and dismissal under SLUSA by carefully evading the definition of a covered action under SLUSA. See 15 U.S.C. § 77p(f)(2)(A)(ii).

This is a plausible explanation, and other courts have denied leave to re-plead under similar circumstances. In re Worldcom, Inc. Sec. Litig., 02 Civ. 3288, 2004 WL 692746

(S.D.N.Y. Apr. 2, 2004). While leave to re-plead is liberally granted at this stage in litigation it may nonetheless "only be given when factors such as undue delay or undue prejudice to the opposing party are absent." SCS Commc'ns, Inc. v. Herrick Co., Inc., 360 F.3d 329, 345 (2d Cir. 2004).

But in this case, to deny plaintiffs leave to amend their complaints is too harsh a result. If plaintiffs are not permitted to bring federal securities claims, they may be left with no remedy at all. Meanwhile, it is less than absolutely clear that plaintiffs' course of litigation in Florida was taken in bad faith. Under these circumstances the court has no attractive options. To refuse leave to amend is harsh, but to grant it may well be to reward three years of delay and tactical games by the plaintiffs. But, their attorneys' conduct aside, these cases contain a number of potentially serious claims by a large number of plaintiffs. The court is not prepared to deny leave to re-plead when to do so may leave so many claims totally barred.

And then there is the question of what allegations the amended complaint may properly contain. As previously discussed, plaintiffs propose to include in their consolidated amended complaint allegations stemming from evidence gathered during discovery in the Cocchi action in Florida state court. Had the action been proceeding in federal court, that discovery would have been impossible due to the mandatory discovery stay imposed by the PSLRA. 15 USC § 78u-4(b)(3)(B). Thus, defendants argue that to permit plaintiffs to include allegations based upon the documents obtained in the Florida action would defeat the goals of the PSLRA and SLUSA, which seeks to ensure that

plaintiffs may not avoid the heightened requirements of the PSLRA by bringing actions in state court. Defendants therefore ask the court bar plaintiffs from including allegations based upon the fruits of their state-court discovery.

However, neither SLUSA nor any other law prohibits plaintiffs from making allegations based upon discovery obtained as it was obtained here. And this is for good reason.

Finally, as is likely evident from the preceding discussion, the motion to stay resolution of defendants' motions to dismiss pending the Supreme Court's decision in the Troice cases is denied. No decision is likely to be forthcoming in that case until either much later this year or in 2014. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis v. N. Am. Co., 299 U.S. 248, 255–57 (1936). Therefore, absent any showing that plaintiffs will face any special hardship in proceeding before the Troice cases are decided, the court is not willing to stay the resolution of dispositive motions in this case on the mere possibility that the Supreme Court may announce a rule that is both relevant and contrary to this court's own holdings.

## Conclusion

The complaints in the above-captioned actions are dismissed with leave to re-plead in a consolidated amended complaint.

This opinion resolves the motions listed as document number 845 in 08 Civ. 11117, numbers 97 and 106 in case number 12 Civ. 9057, numbers 92 and 101 in case number 12 Civ. 9058, numbers 108 and 117 in number 12 Civ. 9060, numbers 118 and 127 in case number 12 Civ. 9061, numbers 113 and 122 in case number 12 Civ. 9062, and numbers 109 and 119 in case number 12 Civ. 9064.

So ordered.

Dated:   New York, New York
         September 3, 2013

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/2013