MANDATE

N.Y.S.D. Case # 08-cv-11117(TPG)

11-3899 (L)
In re: Tremont Securities Law, State Law, and Insurance Litigation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1    At a stated term of the United States Court of Appeals
2    for the Second Circuit, held at the Thurgood Marshall United
3    States Courthouse, 40 Foley Square, in the City of New York,
4    on the 25th day of October, two thousand thirteen.
5
6    PRESENT: DENNIS JACOBS,
7             SUSAN L. CARNEY,
8             CHRISTOPHER F. DRONEY,
9                      Circuit Judges.
10
11   - - - - - - - - - - - - - - - - - - - -X
12
13   IN RE: TREMONT SECURITIES LAW, STATE
14   LAW AND INSURANCE LITIGATION
15
16   Madelyn Haines and Paul Zamrowski,
17           Appellants
18
19           -v.-                                        11-3899
20                                                      11-3923
21                                                      11-4022
22                                                      11-4030*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 25, 2013

---

\* 11-4030 is currently the only open case number. The other case numbers have been determined by orders filed Mar. 13, 2013 (11-3899); Apr. 24, 2012 (11-3923); and Oct. 24, 2012 (11-4022).

1

MANDATE ISSUED ON 10/25/2013

Arthur E. Lange Revocable Trust,
Arthur C. Lange, Neal J. Polan, HFM
Charitable Remainder Trust, Eastham
Capital Appreciation Fund LP, NPV
Positive Corp., Daniel Jackson,
Laborers Local Pension Plan 17, Arthur
M. Brainson, Yvette Finkelstein, and
Group Defined Pension Plan & Trust,
Chateau Fiduciaire S.A., Matthew L.
Klein Irrevocable Family Trust,
Harriet Rutter Klein Revocable Trust,
Geoffrey Rabie Credit Shelter Trust,
and Joanne Brenda Rabie Credit Shelter
Trust,

<u>Plaintiff-Appellees</u>,

and

Massachusetts Mutual Life Insurance
Company, MassMutual Holding LLC,
Oppenheimer Acquisition Corp.,
Tremont Capital Management Inc.,
Tremont Group Holdings, Inc., Rye
Investment Management, Tremont
Partners, Inc., Tremont (Bermuda)
Limited, Harry Hodges, Robert
Schulman, Jim Mitchell, Rupert Allan,
Lynn O. Keeshan, Patrick Kelly,
Stephen Thomas Clayton, Stuart
Pologe, Cynthia J. Nicoll, Tremont
Market Neutral Fund L.P., Tremont
Market Neutral Fund II, L.P., Tremont
Market Neutral Fund Limited, Tremont
Opportunity Fund Limited, Tremont
Opportunity Fund II L.P., Tremont
Opportunity Fund III L.P., Tremont
Arbitrage Fund, L.P., Tremont
Arbitrage Fund-Ireland, Tremont
Strategic Insurance Fund, L.P., Rye
Select Broad Market Fund, L.P., Rye
Select Broad Market XL Fund, L.P.,
Rye Select Broad Market Prime Fund,

L.P., Rye Select Broad Market
Insurance Fund, L.P., and Rye Select
Broad Market Portfolio Limited,
   <u>Defendant-Appellees</u>.

- - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANTS:** | V<small>INCENT</small> T. G<small>RESHAM</small>, Atlanta, Ga. |
| **FOR PLAINTIFF-APPELLEES:** | A<small>NDREW</small> J. E<small>NTWISTLE</small> (Arthur V. Nealon and Robert N. Cappucci, Entiwistle & Cappucci LLP, New York, N.Y., and Reed R. Kathrein and Lee M. Gordon, Hagens Berman Sobol Shapiro LLP, Berkeley, Cal., *on the brief*), Entwistle & Cappucci LLP, New York, N.Y., *for appellees* Arthur E. Lange Revocable Trust, Arthur C. Lange, Neal J. Polan, HFM Charitable Remainder Trust, Eastham Capital Appreciation Fund LP, NPV Positive Corp., and for the benefit of Nominal Defendants, Daniel Jackson, and Laborers Local Pension Plan 17. |
| | J<small>EFFREY</small> M. H<small>ABER</small> (Stephanie M. Beige, *on the brief*), Bernstein Liebhard LLP, New York, N.Y., *for appellees* Arthur M. Brainson, Yvette Finkelstein, and Group Defined Pension Plan & Trust. |
| | D<small>EMET</small> B<small>ASAR</small> (Daniel W. Krasner, *on the brief*), Wolf Haldenstein Adler Freeman & Herz LLP, New York, N.Y., *for appellees* Chateau Fiduciaire S.A., Matthew L. Klein Irrevocable Family Trust, and Harriet Rutter Klein Revocable Trust. |

|   |   |   |
|---|---|---|
|   |   | DAVID A. ROSENFELD, Robbins Geller Rudman & Dowd LLP, Melville, N.Y., *for appellees* Geoffrey Rabie Credit Shelter Trust and Joanne Brenda Rabie Credit Shelter Trust. |
|   | **FOR DEFENDANT-APPELLEES:** | JOSEPH L. KOCIUBES (Carol E. Head, *on the brief*), Bingham McCutchen LLP, Boston, Mass., *for appellees* Massachusetts Mutual Life Insurance Company and MassMutual Holding LLC. |
|   |   | DAVID A. KOTLER, Dechert LLP, Princeton, N.J., *for appellee* Oppenheimer Acquisition Corp. |
|   |   | SETH SCHWARTZ (Jason C. Vigna, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, N.Y., *for appellees* Tremont Capital Management Inc., Tremont Group Holdings, Inc., Rye Investment Management, Tremont Partners, Inc., Tremont (Bermuda) Limited, Harry Hodges, Robert Schulman, Jim Mitchell, Rupert Allan, Lynn O. Keeshan, Patrick Kelly, Stephen Thomas Clayton, Stuart Pologe, and Cynthia J. Nicoll. |
|   |   | JAMIE B.W. STECHER (Ralph A. Siciliano, David J. Kanfer, Zev Feinstein Raben, *on the brief*), Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, N.Y., *for appellees* Tremont Market Neutral Fund L.P., Tremont Market Neutral Fund II, L.P., Tremont Market Neutral Fund Limited, Tremont Opportunity Fund Limited, Tremont |

Opportunity Fund II L.P., Tremont Opportunity Fund III L.P., Tremont Arbitrage Fund, L.P., Tremont Arbitrage Fund-Ireland, Tremont Strategic Insurance Fund, L.P., Rye Select Broad Market Fund, L.P., Rye Select Broad Market XL Fund, L.P., Rye Select Broad Market Prime Fund, L.P., Rye Select Broad Market Insurance Fund, L.P., and Rye Select Broad Market Portfolio Limited.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REMANDED**.

In this consolidated class action, investors in a group of hedge funds that suffered losses in the Madoff Ponzi scheme (plaintiffs) sue those funds, the fund managers, and their controlling entities (defendants) under federal and state law. The United States District Court for the Southern District of New York (Griesa, J.) approved a settlement and certified the settlement class over numerous objections. On this appeal, objectors Madelyn Haines and Paul Zamrowski challenge: the fairness of the settlement terms; certification of the class; and dismissal of the consolidated actions pursuant to Federal Rules of Civil Procedure 23 and 23.1. They also argue that the award of attorney's fees was an abuse of discretion. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

By this order, we return the mandate to the district court for the limited purpose of deciding an issue that potentially moots some of the appellate issues that we would otherwise need to decide.

The Rye Funds were "single manager" funds that invested all of their assets with Bernard L. Madoff Investment

Securities ("BLMIS").  The Tremont Funds were "funds of funds," investing about a quarter of their assets in the Rye Funds (and the rest in unrelated investments) (collectively, the "Funds").  When BLMIS imploded, the Rye Funds became insolvent, and the Tremont Funds lost a quarter of their assets.  The plaintiffs claim that the defendants breached their fiduciary duty by investing in BLMIS without conducting proper due diligence, and made false and misleading statements to investors about Madoff's involvement in managing the Funds' assets.  The Appellants were investors in two Tremont Funds.

Settlement talks begun in November 2009 yielded a Settlement Agreement in February 2011.  While the settlement negotiations were ongoing, the trustee of the BLMIS bankruptcy estate ("Trustee") sued many of the Settling Defendants (as defined in the Settlement Agreement), seeking recovery of approximately $2 billion that BLMIS had transferred to the Tremont and Rye Funds prior to the exposure of the Ponzi scheme.  The Trustee alleged that the bankruptcy estate could disallow approximately $3 billion worth of customer claims filed by the Rye Funds unless the estate recovered the $2 billion of alleged transfers.  In July 2011, this matter was settled: in exchange for releasing all claims and allowing bankruptcy claims by certain Rye Funds, the Settling Defendants agreed to pay $1 billion to the Trustee (the "Trustee Settlement").  The $1 billion was financed partially with cash provided by the Rye and Tremont Funds.

The Appellants allege that the Trustee Settlement was paid in part out of that portion of the Tremont Funds (three-quarters) that was not invested in the Rye Funds--and therefore unrelated to Madoff.  Although the parties dispute the matter fiercely, it is clear that Haines and Zamrowski together lost approximately $80,000 of their non-Madoff investments in that manner.

The district court held fairness hearings regarding the proposed Settlement Agreement in June and August 2011. During this period, on August 4, 2011, lead counsel notified the district court and the class of the Trustee Settlement. On August 8, the district court found the Settlement Agreement to be fair, adequate, and reasonable.  The

district court issued orders dismissing the case and approving attorney's fees on August 19. In approving the settlement, the district court's order defined "Released Claims" as:

> known claims and Unknown Claims . . . that have been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by the Settling Funds . . . that could have been asserted in any forum by Plaintiffs, any Settlement Class Member, any Settling Fund, or any Individual Settling Insurance Plaintiff or any of them against any of the Released Parties that arise out of, or are based upon, or related to, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that *relate to the purchase, retention, ownership or sale of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments in Madoff.*

(emphasis added).

Haines and Zamrowski appealed the district court's order on various grounds. On May 8, 2012, while this appeal was pending, the Settling Defendants made an offer of tender to the Appellants for 100% of Haines's and Zamrowski's share of the Tremont Funds' Rye/Madoff-related losses ($41,375, and $88,510, respectively). The Appellants rejected this tender by letter dated May 18. The Settling Defendants moved to dismiss the appeal on the ground that their offer of tender rendered the appeal moot. The Appellants argue that the purported offer falls short of their total losses because they lost an additional $80,000 of their Tremont investment when the Tremont Funds paid part of the $1 billion Trustee Settlement. The Lead Plaintiffs do not dispute this, but argue that the Trustee Settlement is unrelated to the facts underlying the class claims here, and therefore not at issue.

We think it is clear that, in the consolidated cases, no claim was expressly raised by the Appellants against the

Settling Defendants for the alleged $80,000 loss arising out of the Trustee Settlement. The question relevant to mootness is whether such a claim was released by the Settlement Agreement in this case. If so, and if the Appellants would be barred from recovering on that claim in any future case, the additional $80,000 in losses would remain at issue here, and the offer of tender would not have made the Appellants whole. If, on the other hand, the claim was not released, the additional $80,000 in claimed losses could be litigated in a separate suit against the Settling Defendants, and the offer of tender would have covered all of the Appellants' losses related to this case. The governing principles of mootness are set out in the margin.[1]

The resolution of this dispute rests on the district court's definition of "Released Claims." The last clause of this definition is capacious--it could be argued that a claim based on the $1 billion Trustee Settlement was "relate[d] to the . . . ownership . . . of limited partnership interests in" the Tremont Funds. Ambiguity of a contract term "is a threshold question of law for the court." Walk-In Med. Ctrs., Inc. v. Breuer Capital Corp., 818 F.2d 260, 263 (2d Cir. 1987). The meaning of ambiguous language is a question of fact. Hoyt v. Andreucci, 433 F.3d 320, 331 (2d Cir. 2006). The release language cited above "is susceptible [to] more than one reasonable

---

[1] Despite the Appellants' status as objectors, the appeal would be moot if the Settling Defendants had tendered the full amount of losses--whatever that may be--to the Appellants. See Breneisen v. Motorola, Inc., 656 F.3d 701, 706 (7th Cir. 2011) ("[O]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . because he has no remaining stake." (internal quotation marks omitted)). The Appellants cite U.S. Parole Comm'n v. Geraghty, 445 U.S. 388 (1980), and Deposit Guarantee National Bank, Jackson, Miss. v. Roper, 445 U.S. 326 (1980), which together hold that a class action does not become moot upon offer of tender to the named plaintiff, even if class certification has been denied, because the plaintiff still has a "personal stake" in obtaining class certification on appeal. Neither case applies here because the Appellants are not class representatives.

interpretation," and is therefore ambiguous. <u>Walk-In Med. Ctrs.</u>, 818 F.2d at 264. The district court made no explicit findings as to the meaning of this ambiguous release language.

Accordingly, we **REMAND** to the district court, pursuant to the procedure outlined in <u>United States v. Jacobson</u>, 15 F.3d 19, 22 (2d Cir. 1994), for clarification as to the following question: was the Appellants' potential $80,000 claim arising out of the Trustee Settlement released by the settlement and dismissal of this case?

A mandate shall issue forthwith remanding the case to the district court, where it shall solicit briefing from the parties in an expeditious manner and render a decision within 60 days of the date of this order. After the district court's decision, any party to this appeal may restore jurisdiction to this court within 30 days by letter to the Clerk's Office seeking review, without need for a new notice of appeal. The Clerk's Office will then set an expedited briefing schedule and refer the appeal to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit