UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | : MDL Docket No: 09-md-02052 (TPG)<br>: Master Docket No: 08 Civ. 11117<br>: (TPG)<br>:<br>: |
| This Document Relates to:<br>All Actions: 08 Civ. 11117 (TPG)<br>09-md-02052 (TPG) | :<br>:<br>:<br>:<br>: |

**THE TREMONT MARKET NEUTRAL FUND INVESTORS'
JOINDER TO THE HAINES' OPPOSITION TO TREMONT'S MEMORANDUM
OF LAW ON REMAND FROM THE SECOND CIRCUIT**

Tremont Market Neutral Fund Investors, West Trust, Mr. George P. Turner, Stella Ruggiano Living Trust, Bindler Living Trust, Mr. John G. Johnson, Jr., and William J. Millard Living Trust (collectively the "TMNF Investors") respectfully join in and incorporate by reference *Haines' Opposition To Tremont's Memorandum Of Law On Remand From The Second Circuit* ("Opposition") filed 11/26/2011. Defined terms herein are defined in the Opposition.

**PRELIMINARY STATEMENT**

The TMNF Investors were all members of the putative class in the class action complaint filed by Madelyn Haines and Paul Zamrowski (collectively "Haines"), *Haines v. Massachusetts Mutual Life Ins. Co.*, No. 09-10182-RWZ (D. Mass.). As similarly situated investors, the TMNF Investors share the same concerns as Haines and join Haines' Opposition. Additionally, the TMNF Investors are aware that the Tremont Defendants' Stipulation and Proposed Order (Dkt.#895) only addresses Madelyn Haines'

1

and Paul Zamrowski's claims; however, as set forth below, **all** TMNF investors have similar claims.

Accordingly, any Order this Court enters should make clear that it applies to both Tremont Market Neutral Funds and <u>all</u> investors in those two Tremont Market Neutral Funds. Moreover, if the Court's Order does specifically list investors (as the current proposed order does), then each of the TMNF Investors request that their names and claim amounts be included along with those of Haines and Zamrowski.

### FACTS

The TMNF Investors are all investors in one of the two Tremont Market Neutral Funds, which funds' $22.6 million of non-Madoff cash was taken by Defendants to fund the Trustee Settlement. See, *In re Tremont Sec. Law, State Law & Ins. Litig.*, 11-3899, 2013 WL 5763184 at *6 (2d Cir. Oct. 25, 2013). The TMNF Investors were unaware of this taking before it occurred, and thus never approved of it. Only upon receiving their Account Statements in August, *2012* (<u>Exhibit A</u>, attached hereto) did the TMNF Investors realize that this taking had occurred in *2011*. The TMNF Investors' personal shares of this $22.6 million loss suffered by the two TMNFs are set forth below:

| Name | Amount Taken |
|------|--------------|
| Mr. Julian Bindler | $55,837 |
| Mr. John G. Johnson, Jr. | $68,888 |
| Mr. William J. Millard | $111,332 |
| Mr. Louis M. Ruggiano | $95,428 |
| Mr. George P. Turner | $73,128 |
| Mr. Thomas E. West | $45,631 |
| Total non-Madoff cash taken | $450,244 |

Each of the TMNF Investors signed the release in the Proof of Claims (the "POC-Release") approved by the Court and sent to them in July, 2011. They were required to

sign and return this Proof of Claim Release by October 30, 2011 as a condition precedent to receiving class settlement consideration.  Accordingly in October, 2011 each signed and returned the POC-Release.  (See, Exhibit B, attached hereto).

None of the TMNF Investors were informed of this $22.6 million taking or the personal losses they suffered as a result until they finally received their September 2011 account statements in August, 2012.  Not until that time did they learn that their individual losses amounted to $450,244.  Thus, at the time they, signed the POC-Release, pursuant to the Court approved class notice, they were unaware of (1) that the $1 billion settlement with the Madoff-Trustee would require their funds to pay $22.6 million of non-Madoff cash to the Madoff-Trustee, (2) that a bankrupcy court had approved settlement with the Madoff-Trustee or (3) that the TMNFs' had incurred $22.6 million loss resulting in their loss of $450,244 of non-Madoff cash.

Although, none of their fiduciaries informed them of the $450,244 in additional losses that they had collectively suffered as of 9/30/2011, the POC-Release is drafted so that the "Released Claims" includes "Unknown Claims."  "Unknown Claims" is drafted to include claims that "now exist" even if the signor does not know of such claim.  Thus, when the TMNF Investors, in good faith pursuant to this Court's instructions, signed the POC-Release so that they could receive the meager class consideration provided by the Settlement, they unknowingly released any claims to recover the $450,244 that had been secretly taken from them.

In addition, the TMNF Investors are bound by the same release, discharge and claim precluding language in the Investor Agreement's Settlement Agreement and Final Judgment as are Haines.

3

**ARGUMENT**

All TMNF Investors are in the same situation as Haines, their non-Madoff cash was secretly taken at the same time they--as a condition precedent to receiving settlement consideration--were sent a Court approved release of all unknown claims.  Lead Counsel did not inform them of the $1 billion settlement with the Madoff-Trustee, the $22.6 million taking of their funds' non-Madoff cash or their over $450,000 of individual losses.  The TMNF Investors should enjoy the same relief as afforded to Haines and Zamrowski because they are similarly situated, and because their fiduciaries concealed these losses from them throughout the time that they could have objected.

**CONCLUSION**

For the reasons above, any Order this Court enters should make clear that it applies to both Tremont Market Neutral Funds and all investors in those two Tremont Market Neutral Funds.  Moreover, if the Court's Order does specifically list investors (as the current proposed order does), then each of the TMNF Investors request that their names and claim amounts be included along with those of Haines and Zamrowski.

Dated:  November 26, 2012.

LAW OFFICE OF VINCENT T. GRESHAM

By:  /s/ Vincent T. Gresham
Vincent T. Gresham
2870 Peachtree Road, #204
Atlanta, Georgia 30305
Tel:  (404) 281-2762
gresham05@comcast.net
*Counsel for West Trust, Mr. George P. Turner,*
*Stella Ruggiano Living Trust, Bindler Living Trust,*
*Mr. John G. Johnson, Jr., and William J. Millard*
*Living Trust*

# <u>EXHIBIT A</u>

# THE TREMONT SERIES OF FUNDS

*Account Statement - January 2011 - September 2011*

RECEIVED
AUG - 9 2012

## Personal Information Redacted

| | |
|---|---|
| **Account Name:** | **Bindler Living Trust** |
| Account Type: | Trust |

### Year-To-Date Summary

| | Value at Jan 1, 2011 | Net Contributions/ (Withdrawals) [1] | Net Return | Value at Sep 30, 2011 [2] | Rate of Return |
|---|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 40,070 | $ 0 | $ (40,070) | $ 0 | (100.00)% |
| Relationship Total | $ 40,070 | $ 0 | $ (40,070) | $ 0 | |

### Current Activity

| | Value at Sep 1, 2011 [3] | Contributions | Withdrawals | Value at Sep 30, 2011 [4] |
|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 55,837 | $ 0 | $ 0 | $ 0 |
| Relationship Total | $ 55,837 | $ 0 | $ 0 | $ 0 |

Important Note: All results shown on this statement are not considered final and are subject to adjustment pending the outcome of each fund's annual audit. Past Performance as described herein is not necessarily indicative of future results.

1.   The amount shown reflects the net amount contributed and/or withdrawn, as the case may be, taking into account all contributions and/or withdrawals made during the period.

2.   The above estimated value is net of all fees, expenses, and the performance incentive allocation year-to-date, if applicable.

3.   Please note that the September 1, 2011 value includes the reversal of the reserve requirement that was originally deducted from investor accounts in January 2009. The original footnote from the January 2009 statement is shown here for your reference: Please note that the transaction(s) listed above represent prorata distributions from the Fund representing the initial payment of redemption proceeds to investors as well as the January withdrawal for reserve requirements. The reserve will be held as a "Due to Partner", thus not impacting the NAV. Reserves will be held in the Fund and will be collecting interest. Interest related to the reserve will be moved into the cash account, and added to the distribution amounts that will be paid out to shareholders on a periodic basis. The reserves will not incur management and administration fees. The eventual distribution of this reserve remains to be determined.

4.   Cash contained in each of the partnerships in the Tremont Series of Funds (each, "a Partnership") has been, and will continue to be, held at Bank of New York, 1 Wall Street, New York, New York 10286 in an account in the name of the Partnership and over which Tremont Partners, Inc., the Partnership's General Partner, exercises authority and control.

With respect to the underlying hedge fund interests comprising the securities holdings of the Partnership, such hedge fund interest holdings have been, and will continue to be, maintained in safekeeping by Bank of New York, 1 Wall Street, New York, New York 10286.

---

TREMONT GROUP HOLDINGS, INC.
555 THEODORE FREMD AVENUE
RYE, NY 10580

T: 914 925 1140
F: 914 921 1245
www.tremont.com



# THE TREMONT SERIES OF FUNDS

*Account Statement - January 2011 - September 2011*

RECEIVED
AUG - 9 2012

**Personal Information Redacted**

**Account Name:**       John G. Johnson, Jr.

Account Type:       Individual

## Year-To-Date Summary

| | Value at Jan 1, 2011 | Net Contributions/ (Withdrawals) [1] | Net Return | Value at Sep 30, 2011 [2] | Rate of Return |
|---|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 49,436 | $ 0 | $ (49,436) | $ 0 | (100.00)% |
| Relationship Total | $ 49,436 | $ 0 | $ (49,436) | $ 0 | |

## Current Activity

| | Value at Sep 1, 2011 [3] | Contributions | Withdrawals | Value at Sep 30, 2011 [4] |
|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 68,888 | $ 0 | $ 0 | $ 0 |
| Relationship Total | $ 68,888 | $ 0 | $ 0 | $ 0 |

Important Note: All results shown on this statement are not considered final and are subject to adjustment pending the outcome of each fund's annual audit. Past Performance as described herein is not necessarily indicative of future results.

1.   The amount shown reflects the net amount contributed and/or withdrawn, as the case may be, taking into account all contributions and/or withdrawals made during the period.

2.   The above estimated value is net of all fees, expenses, and the performance incentive allocation year-to-date, if applicable.

3.   Please note that the September 1, 2011 value includes the reversal of the reserve requirement that was originally deducted from investor accounts in January 2009. The original footnote from the January 2009 statement is shown here for your reference:  Please note that the transaction(s) listed above represent prorata distributions from the Fund representing the initial payment of redemption proceeds to investors as well as the January withdrawal for reserve requirements. The reserve will be held as a "Due to Partner", thus not impacting the NAV. Reserves will be held in the Fund and will be collecting interest. Interest related to the reserve will be moved into the cash account, and added to the distribution amounts that will be paid out to shareholders on a periodic basis. The reserves will not incur management and administration fees. The eventual distribution of this reserve remains to be determined.

4.   Cash contained in each of the partnerships in the Tremont Series of Funds (each, "a Partnership") has been, and will continue to be, held at Bank of New York, 1 Wall Street, New York, New York 10286 in an account in the name of the Partnership and over which Tremont Partners, Inc., the Partnership's General Partner, exercises authority and control.

   With respect to the underlying hedge fund interests comprising the securities holdings of the Partnership, such hedge fund interest holdings have been, and will continue to be, maintained in safekeeping by Bank of New York, 1 Wall Street, New York, New York 10286.

TREMONT GROUP HOLDINGS, INC.
555 THEODORE FREMD AVENUE
RYE, NY 10580

T: 914 925 1140
F: 914 921 1245
www.tremont.com



# THE TREMONT SERIES OF FUNDS

*Account Statement - January 2011 - September 2011*



**Personal Information Redacted**

**Account Name:** William J. Millard Living Trust

**Account Type:** Trust

## Year-To-Date Summary

| | Value at Jan 1, 2011 | Net Contributions/ (Withdrawals) [1] | Net Return | Value at Sep 30, 2011 [2] | Rate of Return |
|---|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 79,894 | $ 0 | $ (79,894) | $ 0 | (100.00)% |
| Relationship Total | $ 79,894 | $ 0 | $ (79,894) | $ 0 | |

## Current Activity

| | Value at Sep 1, 2011 [3] | Contributions | Withdrawals | Value at Sep 30, 2011 [4] |
|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 111,332 | $ 0 | $ 0 | $ 0 |
| Relationship Total | $ 111,332 | $ 0 | $ 0 | $ 0 |

Important Note: All results shown on this statement are not considered final and are subject to adjustment pending the outcome of each fund's annual audit. Past Performance as described herein is not necessarily indicative of future results.

1. The amount shown reflects the net amount contributed and/or withdrawn, as the case may be, taking into account all contributions and/or withdrawals made during the period.

2. The above estimated value is net of all fees, expenses, and the performance incentive allocation year-to-date, if applicable.

3. Please note that the September 1, 2011 value includes the reversal of the reserve requirement that was originally deducted from investor accounts in January 2009. The original footnote from the January 2009 statement is shown here for your reference: Please note that the transaction(s) listed above represent prorata distributions from the Fund representing the initial payment of redemption proceeds to investors as well as the January withdrawal for reserve requirements. The reserve will be held as a "Due to Partner", thus not impacting the NAV. Reserves will be held in the Fund and will be collecting interest. Interest related to the reserve will be moved into the cash account, and added to the distribution amounts that will be paid out to shareholders on a periodic basis. The reserves will not incur management and administration fees. The eventual distribution of this reserve remains to be determined.

4. Cash contained in each of the partnerships in the Tremont Series of Funds (each, "a Partnership") has been, and will continue to be, held at Bank of New York, 1 Wall Street, New York, New York 10286 in an account in the name of the Partnership and over which Tremont Partners, Inc., the Partnership's General Partner, exercises authority and control.

   With respect to the underlying hedge fund interests comprising the securities holdings of the Partnership, such hedge fund interest holdings have been, and will continue to be, maintained in safekeeping by Bank of New York, 1 Wall Street, New York, New York 10286.

---

TREMONT GROUP HOLDINGS, INC.
555 THEODORE FREMD AVENUE
RYE, NY 10580

T: 914 925 1140
F: 914 921 1245
www.tremont.com



# THE TREMONT SERIES OF FUNDS

*Account Statement - January 2011 - September 2011*



AUG - 9 2012

**Personal Information Redacted**

| **Account Name:** | **Stella Ruggiano Living Trust** |
| --- | --- |

**Account Type:**  Trust

| Year-To-Date Summary | Value at Jan 1, 2011 | Net Contributions/ (Withdrawals) [1] | Net Return | Value at Sep 30, 2011 [2] | Rate of Return |
| --- | --- | --- | --- | --- | --- |
| Tremont Market Neutral Fund II, LP | $      68,482 | $      0 | $   (68,482) | $      0 | (100.00)% |
| Relationship Total | $      68,482 | $      0 | $   (68,482) | $      0 | |

| Current Activity | Value at Sep 1, 2011 [3] | Contributions | Withdrawals | Value at Sep 30, 2011 [4] |
| --- | --- | --- | --- | --- |
| Tremont Market Neutral Fund II, LP | $      95,428 | $      0 | $      0 | $      0 |
| Relationship Total | $      95,428 | $      0 | $      0 | $      0 |

Important Note: All results shown on this statement are not considered final and are subject to adjustment pending the outcome of each fund's annual audit. Past Performance as described herein is not necessarily indicative of future results.

1. The amount shown reflects the net amount contributed and/or withdrawn, as the case may be, taking into account all contributions and/or withdrawals made during the period.

2. The above estimated value is net of all fees, expenses, and the performance incentive allocation year-to-date, if applicable.

3. Please note that the September 1, 2011 value includes the reversal of the reserve requirement that was originally deducted from investor accounts in January 2009. The original footnote from the January 2009 statement is shown here for your reference: Please note that the transaction(s) listed above represent prorata distributions from the Fund representing the initial payment of redemption proceeds to investors as well as the January withdrawal for reserve requirements. The reserve will be held as a "Due to Partner", thus not impacting the NAV. Reserves will be held in the Fund and will be collecting interest. Interest related to the reserve will be moved into the cash account, and added to the distribution amounts that will be paid out to shareholders on a periodic basis. The reserves will not incur management and administration fees. The eventual distribution of this reserve remains to be determined.

4. Cash contained in each of the partnerships in the Tremont Series of Funds (each, "a Partnership") has been, and will continue to be, held at Bank of New York, 1 Wall Street, New York, New York 10286 in an account in the name of the Partnership and over which Tremont Partners, Inc., the Partnership's General Partner, exercises authority and control.

   With respect to the underlying hedge fund interests comprising the securities holdings of the Partnership, such hedge fund interest holdings have been, and will continue to be, maintained in safekeeping by Bank of New York, 1 Wall Street, New York, New York 10286.

TREMONT GROUP HOLDINGS, INC.
555 THEODORE FREMD AVENUE
RYE, NY 10580

T: 914 925 1140
F: 914 921 1245
www.tremont.com



# THE TREMONT SERIES OF FUNDS

*Account Statement - January 2011 - September 2011*



## Personal Information Redacted

---

| Account Name: | **Pershing LLC as Custodian FBO George P. Turner - IRA** |
|---|---|

Account Type:   IRA

| Year-To-Date Summary | Value at Jan 1, 2011 | Net Contributions/ (Withdrawals) [1] | Net Return | Value at Sep 30, 2011 [2] | Rate of Return |
|---|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 52,479 | $ 0 | $ (52,479) | $ 0 | (100.00)% |
| Relationship Total | $ 52,479 | $ 0 | $ (52,479) | $ 0 | |

| Current Activity | Value at Sep 1, 2011 [3] | Contributions | Withdrawals | Value at Sep 30, 2011 [4] |
|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 73,128 | $ 0 | $ 0 | $ 0 |
| Relationship Total | $ 73,128 | $ 0 | $ 0 | $ 0 |

Important Note: All results shown on this statement are not considered final and are subject to adjustment pending the outcome of each fund's annual audit. Past Performance as described herein is not necessarily indicative of future results.

1.  The amount shown reflects the net amount contributed and/or withdrawn, as the case may be, taking into account all contributions and/or withdrawals made during the period.

2.  The above estimated value is net of all fees, expenses, and the performance incentive allocation year-to-date, if applicable.

3.  Please note that the September 1, 2011 value includes the reversal of the reserve requirement that was originally deducted from investor accounts in January 2009. The original footnote from the January 2009 statement is shown here for your reference: Please note that the transaction(s) listed above represent prorata distributions from the Fund representing the initial payment of redemption proceeds to investors as well as the January withdrawal for reserve requirements. The reserve will be held as a "Due to Partner", thus not impacting the NAV. Reserves will be held in the Fund and will be collecting interest. Interest related to the reserve will be moved into the cash account, and added to the distribution amounts that will be paid out to shareholders on a periodic basis. The reserves will not incur management and administration fees. The eventual distribution of this reserve remains to be determined.

4.  Cash contained in each of the partnerships in the Tremont Series of Funds (each, "a Partnership") has been, and will continue to be, held at Bank of New York, 1 Wall Street, New York, New York 10286 in an account in the name of the Partnership and over which Tremont Partners, Inc., the Partnership's General Partner, exercises authority and control.

    With respect to the underlying hedge fund interests comprising the securities holdings of the Partnership, such hedge fund interest holdings have been, and will continue to be, maintained in safekeeping by Bank of New York, 1 Wall Street, New York, New York 10286.

---

TREMONT GROUP HOLDINGS, INC.
555 THEODORE FREMD AVENUE
RYE, NY 10580

T: 914 925 1140
F: 914 921 1245
www.tremont.com



# THE TREMONT SERIES OF FUNDS

*Account Statement - January 2011 - September 2011*



**Personal Information Redacted**

---

**Account Name:**    West Trust U/A 5/18/93 Thomas E. West and Debra W. West Trustees

**Account Type:**    Trust

## Year-To-Date Summary

| | Value at Jan 1, 2011 | Net Contributions/ (Withdrawals) [1] | Net Return | Value at Sep 30, 2011 [2] | Rate of Return |
|---|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 32,818 | $ 0 | $ (32,818) | $ 0 | (100.00)% |
| Relationship Total | $ 32,818 | $ 0 | $ (32,818) | $ 0 | |

## Current Activity

| | Value at Sep 1, 2011 [3] | Contributions | Withdrawals | Value at Sep 30, 2011 [4] |
|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 45,631 | $ 0 | $ 0 | $ 0 |
| Relationship Total | $ 45,631 | $ 0 | $ 0 | $ 0 |

Important Note: All results shown on this statement are not considered final and are subject to adjustment pending the outcome of each fund's annual audit. Past Performance as described herein is not necessarily indicative of future results.

1. The amount shown reflects the net amount contributed and/or withdrawn, as the case may be, taking into account all contributions and/or withdrawals made during the period.

2. The above estimated value is net of all fees, expenses, and the performance incentive allocation year-to-date, if applicable.

3. Please note that the September 1, 2011 value includes the reversal of the reserve requirement that was originally deducted from investor accounts in January 2009. The original footnote from the January 2009 statement is shown here for your reference: Please note that the transaction(s) listed above represent prorata distributions from the Fund representing the initial payment of redemption proceeds to investors as well as the January withdrawal for reserve requirements. The reserve will be held as a "Due to Partner", thus not impacting the NAV. Reserves will be held in the Fund and will be collecting interest. Interest related to the reserve will be moved into the cash account, and added to the distribution amounts that will be paid out to shareholders on a periodic basis. The reserves will not incur management and administration fees. The eventual distribution of this reserve remains to be determined.

4. Cash contained in each of the partnerships in the Tremont Series of Funds (each, "a Partnership") has been, and will continue to be, held at Bank of New York, 1 Wall Street, New York, New York 10286 in an account in the name of the Partnership and over which Tremont Partners, Inc., the Partnership's General Partner, exercises authority and control.

With respect to the underlying hedge fund interests comprising the securities holdings of the Partnership, such hedge fund interest holdings have been, and will continue to be, maintained in safekeeping by Bank of New York, 1 Wall Street, New York, New York 10286.

---

TREMONT GROUP HOLDINGS, INC.
555 THEODORE FREMD AVENUE
RYE, NY 10580

T: 914 925 1140
F: 914 921 1245
www.tremont.com



# EXHIBIT B



## SECTION D - RELEASE AND SIGNATURE

**The Release**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all Released Parties (as these terms are defined below).

2.      I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Released Claims.

3.      "Released Parties" means the "Settling Defendants" who are defined as: (i) MassMutual Holding Trust I, Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer Acquisition Corporation, OppenheimerFunds, Inc., Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management Inc., Rye Investment Management (collectively, the "Corporate Settling Defendants"), along with the Corporate Settling Defendants' present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors and all of the Corporate Settling Defendants' current and former members, officers, directors, principals, shareholders, limited and general partners, employees and agents of the Corporate Settling Defendants, in each instance only in their capacity as such, (ii) the Settling Funds, along with the Settling Funds' trustees, directors, administrators, general partners, employees, attorneys and agents, and each and all of the heirs, executors, administrators, spouses, assigns and/or bankruptcy estates of such persons, in each instance only in their capacity as such, (iii) any entity in which any of the Corporate Settling Defendants has or had a controlling interest or which is or was related to or affiliated with any of the Corporate Settling Defendants and (iv) Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia J. Nicoll (the "Individual Settling Defendants"), but excluding the Non-Settling Defendants in the Actions and Madoff or any company owned or controlled by him.

4.      "Released Claims" means any and all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, equitable relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule or regulation, whether fixed or contingent, accrued or not accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by the Settling Funds, that have been or could have been asserted in any forum by Settling Plaintiffs, any Settlement Class Member, any Settling Fund, or any Individual Settling Insurance Plaintiff against any of the Released Parties that arise out of, or are based upon, or related to, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that relate to the management or administration of the Settling Funds, the purchase of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments with Madoff. Released claims do not include Argus' claims in the action captioned *Argus Group Holdings Limited, et al. v. Tremont Group Holdings, Inc.*, 2009: No. 153, pending in the Supreme Court of Bermuda, and do not include any of the assigned claims below.

5.      "Unknown Claims" means any Released Claim that any Settling Plaintiff, Settlement Class Member, Settling Fund or any current or former owner of limited partnership interests in or shares of any Settling Fund does not know or suspect to exist in his, her, its or a Settling Fund's favor at the time of the release of the Settling Defendants that if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendants, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542.  The Settling Plaintiffs, Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff and the Settling Funds shall expressly have, and each Settlement Class Member and current or former owner of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Plaintiffs and the Settling Funds acknowledge, and the Settlement Class Members and the current and former owners of limited partnership interests in and shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.



## SECTION D - RELEASE AND SIGNATURE (CONTINUED)

6.      I (we) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notices, that I am (we are) not one of the "Released Parties" as defined above, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund or the Net Insurance Settlement Fund under the terms and conditions of the applicable Plan of Allocation, as set forth in the Notices.

7.      I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the Settling Funds occurring from May 10, 1994 through and including December 11, 2008.

8.      I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

9.      This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

10.     I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**Signature and Certification:**

1.      I (we) have not filed a Request for Exclusion from the Class and I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Settling Funds;

2.      I (we) certify that I (we) am a (are) State Law Subclass Member(s) and/or Securities Subclass Member(s), as defined in the Notice;

3.      I (we) are not acting for any of the defendants, nor am I (are we) such a defendant or otherwise excluded from the State Law Subclass or Securities Subclass;

4.      I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

5.      I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

6.      I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the Claims Administrator or the Court may require;

7.      I (we) declare under penalty of perjury under the laws of the United States of America that the foregoing information and any documents supplied by the undersigned are true and correct.

Executed this _20TH_ day of _October, 2011_ , in _Spokane_ , _WA  USA_ .
                               (Month/Year)          (City)              (State/Country)

X _Julian Bindler_
Signature of Claimant

_Julian Bindler Trustee For The Bindler Living Trust_
Print Name of Claimant                              Date

Signature of Joint Claimant, if any

Print Name of Joint Claimant                          Date

***If Claimant is other than an Individual, or is not the person completing this form,***
***the following also must be provided:***

Signature of Person Completing Form

Print Name of Person Completing Form                    Date

Capacity of Person Signing (Executor, President, Trustee, etc.)

## SECTION D - RELEASE AND SIGNATURE

**The Release**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all Released Parties (as these terms are defined below).

2.      I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Released Claims.

3.      "Released Parties" means the "Settling Defendants" who are defined as: (i) MassMutual Holding Trust I, Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer Acquisition Corporation, OppenheimerFunds, Inc., Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management Inc., Rye Investment Management (collectively, the "Corporate Settling Defendants"), along with the Corporate Settling Defendants' present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors and all of the Corporate Settling Defendants' current and former members, officers, directors, principals, shareholders, limited and general partners, employees and agents of the Corporate Settling Defendants, in each instance only in their capacity as such, (ii) the Settling Funds, along with the Settling Funds' trustees, directors, administrators, general partners, employees, attorneys and agents, and each and all of the heirs, executors, administrators, spouses, assigns and/or bankruptcy estates of such persons, in each instance only in their capacity as such, (iii) any entity in which any of the Corporate Settling Defendants has or had a controlling interest or which is or was related to or affiliated with any of the Corporate Settling Defendants and (iv) John Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia J. Nicoll (the "Individual Settling Defendants"), but excluding the Non-Settling Defendants in the Actions and Madoff or any company owned or controlled by him.

4.      "Released Claims" means any and all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, equitable relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule or regulation, whether fixed or contingent, accrued or not accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by the Settling Funds, that have been or could have been asserted in any forum by Settling Plaintiffs, any Settlement Class Member, any Settling Fund, or any Individual Settling Insurance Plaintiff against any of the Released Parties that arise out of, or are based upon, or related to, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that relate to the management or administration of the Settling Funds, the purchase of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments with Madoff. Released claims do not include Argus' claims in the action captioned *Argus Group Holdings Limited, et al. v. Tremont Group Holdings, Inc.*, 2009: No. 153, pending in the Supreme Court of Bermuda, and do not include any of the assigned claims below.

5.      "Unknown Claims" means any Released Claim that any Settling Plaintiff, Settlement Class Member, Settling Fund or any current or former owner of limited partnership interests in or shares of any Settling Fund does not know or suspect to exist in his, her, its or a Settling Fund's favor at the time of the release of the Settling Defendants that if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendants, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The Settling Plaintiffs, Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff and the Settling Funds shall expressly have, and each Settlement Class Member and current or former owner of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Plaintiffs and the Settling Funds acknowledge, and the Settlement Class Members and the current and former owners of limited partnership interests in and shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.



7

## SECTION D - RELEASE AND SIGNATURE (CONTINUED)

6. I (we) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notices, that I am (we are) not one of the "Released Parties" as defined above, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund or the Net Insurance Settlement Fund under the terms and conditions of the applicable Plan of Allocation, as set forth in the Notices.

7. I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the Settling Funds occurring from May 10, 1994 through and including December 11, 2008.

8. I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

9. This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

10. I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**Signature and Certification:**

1. I (we) have not filed a Request for Exclusion from the Class and I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Settling Funds;

2. I (we) certify that I (we) am a (are) State Law Subclass Member(s) and/or Securities Subclass Member(s), as defined in the Notice;

3. I (we) are not acting for any of the defendants, nor am I (are we) such a defendant or otherwise excluded from the State Law Subclass or Securities Subclass;

4. I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

5. I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

6. I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the Claims Administrator or the Court may require;

7. I (we) declare under penalty of perjury under the laws of the United States of America that the foregoing information and any documents supplied by the undersigned are true and correct.

Executed this _20th_ day of _October, 2011_, in _BRYN MAWR_, _PA_ - _USA_.
<br>(Month/Year)       (City)       (State/Country)

_____
Signature of Claimant

_JOHN G. JOHNSON, JR_
Print Name of Claimant

_10/20/11_
Date

_____
Signature of Joint Claimant, if any

_____
Print Name of Joint Claimant

_____
Date

***If Claimant is other than an individual, or is not the person completing this form,
the following also must be provided:***

_____
Signature of Person Completing Form

_____
Print Name of Person Completing Form

_____
Date

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)

Case 1:09-cv-00557-TPG Document 244 F

## SECTION D - RELEASE AND SIGNATURE

**The Release**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all Released Parties (as these terms are defined below).

2.      I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Released Claims.

3.      "Released Parties" means the "Settling Defendants" who are defined as: (i) MassMutual Holding Trust I, Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer Acquisition Corporation, OppenheimerFunds, Inc., Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management Inc., Rye Investment Management (collectively, the "Corporate Settling Defendants"), along with the Corporate Settling Defendants' present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors and all of the Corporate Settling Defendants' current and former members, officers, directors, principals, shareholders, limited and general partners, employees and agents of the Corporate Settling Defendants, in each instance only in their capacity as such, (ii) the Settling Funds, along with the Settling Funds' trustees, directors, administrators, general partners, employees, attorneys and agents, and each and all of the heirs, executors, administrators, spouses, assigns and/or bankruptcy estates of such persons, in each instance only in their capacity as such, (iii) any entity in which any of the Corporate Settling Defendants has or had a controlling interest or which is or was related to or affiliated with any of the Corporate Settling Defendants and (iv) Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia J. Nicoll (the "Individual Settling Defendants"), but excluding the Non-Settling Defendants in the Actions and Madoff or any company owned or controlled by him.

4.      "Released Claims" means any and all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, equitable relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule or regulation, whether fixed or contingent, accrued or not accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by the Settling Funds, that have been or could have been asserted in any forum by Settling Plaintiffs, any Settlement Class Member, any Settling Fund, or any Individual Settling Insurance Plaintiff against any of the Released Parties that arise out of, or are based upon, or related to, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that relate to the management or administration of the Settling Funds, the purchase of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments with Madoff. Released claims do not include Argus' claims in the action captioned *Argus Group Holdings Limited, et al. v. Tremont Group Holdings, Inc.*, 2009: No. 153, pending in the Supreme Court of Bermuda, and do not include any of the assigned claims below.

5.      "Unknown Claims" means any Released Claim that any Settling Plaintiff, Settlement Class Member, Settling Fund or any current or former owner of limited partnership interests in or shares of any Settling Fund does not know or suspect to exist in his, her, its or a Settling Fund's favor at the time of the release of the Settling Defendants that if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendants, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The Settling Plaintiffs, Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff and the Settling Funds shall expressly have, and each Settlement Class Member and current or former owner of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Plaintiffs and the Settling Funds acknowledge, and the Settlement Class Members and the current and former owners of limited partnership interests in and shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.



## SECTION D - RELEASE AND SIGNATURE (CONTINUED)

6.     I (we) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notices, that I am (we are) not one of the "Released Parties" as defined above, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund or the Net Insurance Settlement Fund under the terms and conditions of the applicable Plan of Allocation, as set forth in the Notices.

7.     I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the Settling Funds occurring from May 10, 1994 through and including December 11, 2008.

8.     I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

9.     This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

10.    I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**Signature and Certification:**

1.     I (we) have not filed a Request for Exclusion from the Class and I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Settling Funds;

2.     I (we) certify that I (we) am a (are) State Law Subclass Member(s) and/or Securities Subclass Member(s), as defined in the Notice;

3.     I (we) are not acting for any of the defendants, nor am I (are we) such a defendant or otherwise excluded from the State Law Subclass or Securities Subclass;

4.     I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

5.     I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

6.     I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the Claims Administrator or the Court may require;

7.     I (we) declare under penalty of perjury under the laws of the United States of America that the foregoing information and any documents supplied by the undersigned are true and correct.

Executed this _20th_ day of _OCToBer 2011_ , in _DARIen_ , _CT   USA_ .
                          (Month/Year)                    (City)              (State/Country)

X _____
Signature of Claimant

_WenDA MiLLARD TRusTee For The William J MiLLARD TRus T_
Print Name of Claimant                                    Date

_____
Signature of Joint Claimant, if any

_____                    _____
Print Name of Joint Claimant                              Date

***If Claimant is other than an individual, or is not the person completing this form,
the following also must be provided:***

_____
Signature of Person Completing Form

_____                    _____
Print Name of Person Completing Form                      Date

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)

6

## SECTION D - RELEASE AND SIGNATURE

**The Release**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all Released Parties (as these terms are defined below).

2.      I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Released Claims.

3.      "Released Parties" means the "Settling Defendants" who are defined as: (i) MassMutual Holding Trust I, Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer Acquisition Corporation, OppenheimerFunds, Inc., Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management Inc., Rye Investment Management (collectively, the "Corporate Settling Defendants"), along with the Corporate Settling Defendants' present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors and all of the Corporate Settling Defendants' current and former members, officers, directors, principals, shareholders, limited and general partners, employees and agents of the Corporate Settling Defendants, in each instance only in their capacity as such, (ii) the Settling Funds, along with the Settling Funds' trustees, directors, administrators, general partners, employees, attorneys and agents, and each and all of the heirs, executors, administrators, spouses, assigns and/or bankruptcy estates of such persons, in each instance only in their capacity as such, (iii) any entity in which any of the Corporate Settling Defendants has or had a controlling interest or which is or was related to or affiliated with any of the Corporate Settling Defendants and (iv) Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia J. Nicoll (the "Individual Settling Defendants"), but excluding the Non-Settling Defendants in the Actions and Madoff or any company owned or controlled by him.

4.      "Released Claims" means any and all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, equitable relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule or regulation, whether fixed or contingent, accrued or not accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by the Settling Funds, that have been or could have been asserted in any forum by Settling Plaintiffs, any Settlement Class Member, any Settling Fund or any Individual Settling Insurance Plaintiff against any of the Released Parties that arise out of, or are based upon, or related to, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that relate to the management or administration of the Settling Funds, the purchase of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments with Madoff. Released claims do not include Argus' claims in the action captioned *Argus Group Holdings Limited, et al. v. Tremont Group Holdings, Inc.*, 2009: No. 153, pending in the Supreme Court of Bermuda, and do not include any of the assigned claims below.

5.      "Unknown Claims" means any Released Claim that any Settling Plaintiff, Settlement Class Member, Settling Fund or any current or former owner of limited partnership interests in or shares of any Settling Fund does not know or suspect to exist in his, her, its or a Settling Fund's favor at the time of the release of the Settling Defendants that if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendants, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542.  The Settling Plaintiffs, Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff and the Settling Funds shall expressly have, and each Settlement Class Member and current or former owner of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Plaintiffs and the Settling Funds acknowledge, and the Settlement Class Members and the current and former owners of limited partnership interests in and shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.



7

## SECTION D - RELEASE AND SIGNATURE (CONTINUED)

6.    I (we) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notices, that I am (we are) not one of the "Released Parties" as defined above, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund or the Net Insurance Settlement Fund under the terms and conditions of the applicable Plan of Allocation, as set forth in the Notices.

7.    I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the Settling Funds occurring from May 10, 1994 through and including December 11, 2008.

8.    I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

9.    This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

10.    I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**Signature and Certification:**

1.    I (we) have not filed a Request for Exclusion from the Class and I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Settling Funds;

2.    I (we) certify that I (we) am a (are) State Law Subclass Member(s) and/or Securities Subclass Member(s), as defined in the Notice;

3.    I (we) are not acting for any of the defendants, nor am I (are we) such a defendant or otherwise excluded from the State Law Subclass or Securities Subclass;

4.    I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

5.    I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

6.    I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the Claims Administrator or the Court may require;

7.    I (we) declare under penalty of perjury under the laws of the United States of America that the foregoing information and any documents supplied by the undersigned are true and correct.

Executed this _20_ day of _October, 2011_ , in _Birchrunville_ , _PA  USA_ .
                     (Month/Year)             (City)         (State/Country)

X _(signature)_
Signature of Claimant

_Lou Ruggiano, Trustee Stella Ruggiano Trust_
Print Name of Claimant                                 Date

_____
Signature of Joint Claimant, if any

_____
Print Name of Joint Claimant                              Date

**If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:**

_____
Signature of Person Completing Form

_____
Print Name of Person Completing Form                     Date

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)

## SECTION D - RELEASE AND SIGNATURE

**The Release**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all Released Parties (as these terms are defined below).

2.      I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Released Claims.

3.      "Released Parties" means the "Settling Defendants" who are defined as: (i) MassMutual Holding Trust I, Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer Acquisition Corporation, OppenheimerFunds, Inc., Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management Inc., Rye Investment Management (collectively, the "Corporate Settling Defendants"), along with the Corporate Settling Defendants' present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors and all of the Corporate Settling Defendants' current and former members, officers, directors, principals, shareholders, limited and general partners, employees and agents of the Corporate Settling Defendants, in each instance only in their capacity as such, (ii) the Settling Funds, along with the Settling Funds' trustees, directors, administrators, general partners, employees, attorneys and agents, and each and all of the heirs, executors, administrators, spouses, assigns and/or bankruptcy estates of such persons, in each instance only in their capacity as such, (iii) any entity in which any of the Corporate Settling Defendants has or had a controlling interest or which is or was related to or affiliated with any of the Corporate Settling Defendants and (iv) Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia J. Nicoll (the "Individual Settling Defendants"), but excluding the Non-Settling Defendants in the Actions and Madoff or any company owned or controlled by him.

4.      "Released Claims" means any and all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, equitable relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule or regulation, whether fixed or contingent, accrued or not accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by the Settling Funds, that have been or could have been asserted in any forum by Settling Plaintiffs, any Settlement Class Member, any Settling Fund, or any Individual Settling Insurance Plaintiff against any of the Released Parties that arise out of, or are based upon, or related to, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that relate to the management or administration of the Settling Funds, the purchase of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments with Madoff. Released claims do not include Argus' claims in the action captioned *Argus Group Holdings Limited, et al. v. Tremont Group Holdings, Inc.*, 2009: No. 153, pending in the Supreme Court of Bermuda, and do not include any of the assigned claims below.

5.      "Unknown Claims" means any Released Claim that any Settling Plaintiff, Settlement Class Member, Settling Fund or any current or former owner of limited partnership interests in or shares of any Settling Fund does not know or suspect to exist in his, her, its or a Settling Fund's favor at the time of the release of the Settling Defendants that if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendants, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The Settling Plaintiffs, Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff and the Settling Funds shall expressly have, and each Settlement Class Member and current or former owner of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Plaintiffs and the Settling Funds acknowledge, and the Settlement Class Members and the current and former owners of limited partnership interests in and shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## SECTION D - RELEASE AND SIGNATURE (CONTINUED)

6.      I (we) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notices, that I am (we are) not one of the "Released Parties" as defined above, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund or the Net Insurance Settlement Fund under the terms and conditions of the applicable Plan of Allocation, as set forth in the Notices.

7.      I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the Settling Funds occurring from May 10, 1994 through and including December 11, 2008.

8.      I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

9.      This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

10.      I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**Signature and Certification:**

1.      I (we) have not filed a Request for Exclusion from the Class and I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Settling Funds;

2.      I (we) certify that I (we) am a (are) State Law Subclass Member(s) and/or Securities Subclass Member(s), as defined in the Notice;

3.      I (we) are not acting for any of the defendants, nor am I (are we) such a defendant or otherwise excluded from the State Law Subclass or Securities Subclass;

4.      I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

5.      I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

6.      I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the Claims Administrator or the Court may require;

7.      I (we) declare under penalty of perjury under the laws of the United States of America that the foregoing information and any documents supplied by the undersigned are true and correct.

Executed this _20_ day of _October, 2011_ , in _Exton_ , _PA_ _USA_ .
                    (Month/Year)                    (City)                    (State/Country)

X _[signature]_
Signature of Claimant

_George P. Turner_                    _10/21/2011_
Print Name of Claimant                    Date


_____
Signature of Joint Claimant, if any


_____                    _____
Print Name of Joint Claimant                    Date

**If Claimant is other than an individual, or is not the person completing this form,
the following also must be provided:**


_____
Signature of Person Completing Form


_____                    _____
Print Name of Person Completing Form                    Date


_____
Capacity of Person Signing (Executor, President, Trustee, etc.)

## SECTION D - RELEASE AND SIGNATURE

**The Release**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all Released Parties (as these terms are defined below).

2.      I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Released Claims.

3.      "Released Parties" means the "Settling Defendants" who are defined as: (i) MassMutual Holding Trust I, Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer Acquisition Corporation, OppenheimerFunds, Inc., Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management Inc., Rye Investment Management (collectively, the "Corporate Settling Defendants"), along with the Corporate Settling Defendants' present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors and all of the Corporate Settling Defendants' current and former members, officers, directors, principals, shareholders, limited and general partners, employees and agents of the Corporate Settling Defendants, in each instance only in their capacity as such, (ii) the Settling Funds, along with the Settling Funds' trustees, directors, administrators, general partners, employees, attorneys and agents, and each and all of the heirs, executors, administrators, spouses, assigns and/or bankruptcy estates of such persons, in each instance only in their capacity as such, (iii) any entity in which any of the Corporate Settling Defendants has or had a controlling interest or which is or was related to or affiliated with any of the Corporate Settling Defendants and (iv) Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia J. Nicoll (the "Individual Settling Defendants"), but excluding the Non-Settling Defendants in the Actions and Madoff or any company owned or controlled by him.

4.      "Released Claims" means any and all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, equitable relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule or regulation, whether fixed or contingent, accrued or not accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by the Settling Funds, that have been or could have been asserted in any forum by Settling Plaintiffs, any Settlement Class Member, any Settling Fund, or any Individual Settling Insurance Plaintiff against any of the Released Parties that arise out of, or are based upon, or related to, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that relate to the management or administration of the Settling Funds, the purchase of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments with Madoff. Released claims do not include Argus' claims in the action captioned *Argus Group Holdings Limited, et al. v. Tremont Group Holdings, Inc.*, 2009: No. 153, pending in the Supreme Court of Bermuda, and do not include any of the assigned claims below.

5.      "Unknown Claims" means any Released Claim that any Settling Plaintiff, Settlement Class Member, Settling Fund or any current or former owner of limited partnership interests in or shares of any Settling Fund does not know or suspect to exist in his, her, its or a Settling Fund's favor at the time of the release of the Settling Defendants that if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendants, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The Settling Plaintiffs, Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff and the Settling Funds shall expressly have, and each Settlement Class Member and current or former owner of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Plaintiffs and the Settling Funds acknowledge, and the Settlement Class Members and the current and former owners of limited partnership interests in and shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.



## SECTION D - RELEASE AND SIGNATURE (CONTINUED)

6.      I (we) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notices, that I am (we are) not one of the "Released Parties" as defined above, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund or the Net Insurance Settlement Fund under the terms and conditions of the applicable Plan of Allocation, as set forth in the Notices.

7.      I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the Settling Funds occurring from May 10, 1994 through and including December 11, 2008.

8.      I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

9.      This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

10.     I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**Signature and Certification:**

1.      I (we) have not filed a Request for Exclusion from the Class and I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Settling Funds;

2.      I (we) certify that I (we) am a (are) State Law Subclass Member(s) and/or Securities Subclass Member(s), as defined in the Notice;

3.      I (we) are not acting for any of the defendants, nor am I (are we) such a defendant or otherwise excluded from the State Law Subclass or Securities Subclass;

4.      I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

5.      I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

6.      I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the Claims Administrator or the Court may require;

7.      I (we) declare under penalty of perjury under the laws of the United States of America that the foregoing information and any documents supplied by the undersigned are true and correct.

Executed this _20th_ day of _October, 2011_ , in _Portola Valley,_ _CA_ _USA_ .
            (Month/Year)                    (City)                    (State/Country)

x _Thomas West_
Signature of Claimant

_Thomas West Trustee For The West Trust_    _10/27/2011_
Print Name of Claimant                    Date

_____
Signature of Joint Claimant, if any

_____    _____
Print Name of Joint Claimant                Date

**If Claimant is other than an individual, or is not the person completing this form,
the following also must be provided:**

_____
Signature of Person Completing Form

_____    _____
Print Name of Person Completing Form        Date

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)