# **<u>EXHIBIT 2</u>**

Attached are the declarations of Madelyn Haines and Paul Zamrowski.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | MDL Docket No: 09-md-02052 (TPG)<br>Master Docket No: 08 Civ. 11117 (TPG) |
| This Document Relates to:<br>All Actions: 08 Civ. 11117 (TPG)<br>09-md-02052 (TPG) | |

**DECLARATION OF MADELYN HAINES
IN SUPPORT OF HAINES' OPPOSITION TO TREMONT'S MEMORANDUM OF LAW
ON REMAND FROM THE SECOND CIRCUIT**

MADELYN HAINES, hereby declares, under penalty of perjury pursuant to 28 U.S.C. §1746, as follows:

1. I am a named plaintiff in *Haines v. Massachusetts Mutual Life Ins. Co.*, No. 09-10182-RWZ (D. Mass.), a class action brought on behalf of investors in Tremont Market Neutral Fund and Tremont Market Neutral Fund II, which case was consolidated for pre-trial purposes only into the Securities Law action.

2. I signed the Proof of Claim release attached hereto as Exhibit A on October 20, 2011, because I had to do so to receive any class consideration pursuant to the Investor Settlement. At the time I signed the release in the Proof of Claim, I did not know that Defendants were taking $22.6 million of non-Madoff cash from the Tremont Market Neutral Funds to pay to the Madoff-Trustee.

3. I did not learn of this taking of the non-Madoff cash until I belatedly received my September 2011 account statement in August, 2012. (See Exhibit B).

4. Prior to the discovery of Madoff's Ponzi Scheme on December 11, 2008, I never redeemed any of my original $150,000 investment.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: November 25, 2013
At: Naples, Florida

*Madelyn Haines*

# **EXHIBIT A**

# SECTION D - RELEASE AND SIGNATURE

**The Release**

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all Released Parties (as these terms are defined below).

2. I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Released Claims.

3. "Released Parties" means the "Settling Defendants" who are defined as: (i) MassMutual Holding Trust I, Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer Acquisition Corporation, OppenheimerFunds, Inc., Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management Inc., Rye Investment Management (collectively, the "Corporate Settling Defendants"), along with the Corporate Settling Defendants' present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors and all of the Corporate Settling Defendants' current and former members, officers, directors, principals, shareholders, limited and general partners, employees and agents of the Corporate Settling Defendants, in each instance only in their capacity as such, (ii) the Settling Funds, along with the Settling Funds' trustees, directors, administrators, general partners, employees, attorneys and agents, and each and all of the heirs, executors, administrators, spouses, assigns and/or bankruptcy estates of such persons, in each instance only in their capacity as such, (iii) any entity in which any of the Corporate Settling Defendants has or had a controlling interest or which is or was related to or affiliated with any of the Corporate Settling Defendants and (iv) Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia J. Nicoll (the "Individual Settling Defendants"), but excluding the Non-Settling Defendants in the Actions and Madoff or any company owned or controlled by him.

4. "Released Claims" means any and all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, equitable relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule or regulation, whether fixed or contingent, accrued or not accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by the Settling Funds, that have been or could have been asserted in any forum by Settling Plaintiffs, any Settlement Class Member, any Settling Fund, or any Individual Settling Insurance Plaintiff against any of the Released Parties that arise out of, or are based upon, or related to, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that relate to the management or administration of the Settling Funds, the purchase of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments with Madoff. Released claims do not include Argus' claims in the action captioned *Argus Group Holdings Limited, et al. v. Tremont Group Holdings, Inc.*, 2009: No. 153, pending in the Supreme Court of Bermuda, and do not include any of the assigned claims below.

5. "Unknown Claims" means any Released Claim that any Settling Plaintiff, Settlement Class Member, Settling Fund or any current or former owner of limited partnership interests in or shares of any Settling Fund does not know or suspect to exist in his, her, its or a Settling Fund's favor at the time of the release of the Settling Defendants that if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendants, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The Settling Plaintiffs, Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff and the Settling Funds shall expressly have, and each Settlement Class Member and current or former owner of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Plaintiffs and the Settling Funds acknowledge, and the Settlement Class Members and the current and former owners of limited partnership interests in and shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.



## SECTION D - RELEASE AND SIGNATURE (CONTINUED)

6. I (we) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notices, that I am (we are) not one of the "Released Parties" as defined above, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund or the Net Insurance Settlement Fund under the terms and conditions of the applicable Plan of Allocation, as set forth in the Notices.

7. I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the Settling Funds occurring from May 10, 1994 through and including December 11, 2008.

8. I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

9. This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

10. I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**Signature and Certification:**

1. I (we) have not filed a Request for Exclusion from the Class and I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Settling Funds;

2. I (we) certify that I (we) am a (are) State Law Subclass Member(s) and/or Securities Subclass Member(s), as defined in the Notice;

3. I (we) are not acting for any of the defendants, nor am I (are we) such a defendant or otherwise excluded from the State Law Subclass or Securities Subclass;

4. I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

5. I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

6. I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the Claims Administrator or the Court may require;

7. I (we) declare under penalty of perjury under the laws of the United States of America that the foregoing information and any documents supplied by the undersigned are true and correct.

Executed this __20__ day of __October 2011__, in _____, _____.
                                     (Month/Year)              (City)            (State/Country)

X _Madelyn C. Haines_____
Signature of Claimant

__Madelyn Haines_____
Print Name of Claimant                                    Date

_____
Signature of Joint Claimant, if any

_____
Print Name of Joint Claimant                              Date

***If Claimant is other than an individual, or is not the person completing this form,
the following also must be provided:***

_____
Signature of Person Completing Form

_____
Print Name of Person Completing Form                      Date

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)

# **EXHIBIT B**

# THE TREMONT SERIES OF FUNDS

*Account Statement - January 2011 - September 2011*



AUG - 9 2012

**Personal Information Redacted**

| Account Name: | Pershing LLC Custodian FBO Madelyn C. Haines IRA |
|---|---|
| Account Type: | IRA |

| Year-To-Date Summary | Value at Jan 1, 2011 | Net Contributions/ (Withdrawals) [1] | Net Return | Value at Sep 30, 2011 [2] | Rate of Return |
|---|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 20,160 | $ 0 | $ (20,160) | $ 0 | (100.00)% |
| Relationship Total | $ 20,160 | $ 0 | $ (20,160) | $ 0 | |

| Current Activity | Value at Sep 1, 2011 [3] | Contributions | Withdrawals | Value at Sep 30, 2011 [4] |
|---|---|---|---|---|
| Tremont Market Neutral Fund II, LP | $ 28,051 | $ 0 | $ 0 | $ 0 |
| Relationship Total | $ 28,051 | $ 0 | $ 0 | $ 0 |

Important Note: All results shown on this statement are not considered final and are subject to adjustment pending the outcome of each fund's annual audit. Past Performance as described herein is not necessarily indicative of future results.

1. The amount shown reflects the net amount contributed and/or withdrawn, as the case may be, taking into account all contributions and/or withdrawals made during the period.
2. The above estimated value is net of all fees, expenses, and the performance incentive allocation year-to-date, if applicable.
3. Please note that the September 1, 2011 value includes the reversal of the reserve requirement that was originally deducted from investor accounts in January 2009. The original footnote from the January 2009 statement is shown here for your reference: Please note that the transaction(s) listed above represent prorata distributions from the Fund representing the initial payment of redemption proceeds to investors as well as the January withdrawal for reserve requirements. The reserve will be held as a "Due to Partner", thus not impacting the NAV. Reserves will be held in the Fund and will be collecting interest. Interest related to the reserve will be moved into the cash account, and added to the distribution amounts that will be paid out to shareholders on a periodic basis. The reserves will not incur management and administration fees. The eventual distribution of this reserve remains to be determined.
4. Cash contained in each of the partnerships in the Tremont Series of Funds (each, "a Partnership") has been, and will continue to be, held at Bank of New York, 1 Wall Street, New York, New York 10286 in an account in the name of the Partnership and over which Tremont Partners, Inc., the Partnership's General Partner, exercises authority and control.

   With respect to the underlying hedge fund interests comprising the securities holdings of the Partnership, such hedge fund interest holdings have been, and will continue to be, maintained in safekeeping by Bank of New York, 1 Wall Street, New York, New York 10286.

TREMONT GROUP HOLDINGS, INC.
555 THEODORE FREMD AVENUE
RYE, NY 10580

T: 914 925 1140
F: 914 921 1245
www.tremont.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | MDL Docket No: 09-md-02052 (TPG)<br>Master Docket No: 08 Civ. 11117 (TPG) |
| This Document Relates to:<br>All Actions: 08 Civ. 11117 (TPG)<br>09-md-02052 (TPG) | |

**DECLARATION OF PAUL ZAMROWSKI
IN SUPPORT OF HAINES' OPPOSITION TO TREMONT'S MEMORANDUM OF LAW
ON REMAND FROM THE SECOND CIRCUIT**

PAUL ZAMROWSKI, hereby declares, under penalty of perjury pursuant to 28 U.S.C. §1746, as follows:

1. I am a named plaintiff in *Haines v. Massachusetts Mutual Life Ins. Co.*, No. 09-10182-RWZ (D. Mass.), a class action brought on behalf of investors in Tremont Market Neutral Fund and Tremont Market Neutral Fund II, which case was consolidated for pre-trial purposes only into the Securities Law action.

2. I signed the Proof of Claim release attached hereto as Exhibit A on October 20, 2011, because I had to do so to receive any class consideration pursuant to the Investor Settlement. At the time I signed the release in the Proof of Claim, I did not know that Defendants were taking $22.6 million of non-Madoff cash from the Tremont Market Neutral Funds to pay to the Madoff-Trustee

3. I did not learn of this taking of the non-Madoff cash until I belatedly received my September 2011 account statement in August, 2012. (See Exhibit B).

4. Prior to the discovery of Madoff's Ponzi Scheme on December 11, 2008, I never redeemed any of my original $250,000 investment.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: November 25, 2013
At: Ocean City, NJ          _____
                                          Paul Zamrowski

# **EXHIBIT A**


# SECTION D - RELEASE AND SIGNATURE

**The Release**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all Released Parties (as these terms are defined below).

2.      I (We) hereby acknowledge that I (we) will not be entitled to receive recovery in any other action against any of the Released Parties based on or arising out of the Released Claims.

3.      "Released Parties" means the "Settling Defendants" who are defined as: (i) MassMutual Holding Trust I, Massachusetts Mutual Life Insurance Company, MassMutual Holding LLC, Oppenheimer Acquisition Corporation, OppenheimerFunds, Inc., Tremont Group Holdings, Inc., Tremont Partners, Inc., Tremont (Bermuda) Limited, Tremont Capital Management Inc., Rye Investment Management (collectively, the "Corporate Settling Defendants"), along with the Corporate Settling Defendants' present and former parents, subsidiaries, divisions, affiliates, attorneys, accountants, insurers, predecessors and successors and all of the Corporate Settling Defendants' current and former members, officers, directors, principals, shareholders, limited and general partners, employees and agents of the Corporate Settling Defendants, in each instance only in their capacity as such, (ii) the Settling Funds, along with the Settling Funds' trustees, directors, administrators, general partners, employees, attorneys and agents, and each and all of the heirs, executors, administrators, spouses, assigns and/or bankruptcy estates of such persons, in each instance only in their capacity as such, (iii) any entity in which any of the Corporate Settling Defendants has or had a controlling interest or which is or was related to or affiliated with any of the Corporate Settling Defendants and (iv) Harry Hodges, James Mitchell, John V. Murphy, Kurt Wolfgruber, Lynn O. Keeshan, Patrick Kelly, Robert I. Schulman, Rupert A. Allan, Sandra Manzke, Stephen Thomas Clayton, Stuart Pologe, Suzanne Hammond and Cynthia J. Nicoll (the "Individual Settling Defendants"), but excluding the Non-Settling Defendants in the Actions and Madoff or any company owned or controlled by him.

4.      "Released Claims" means any and all direct, indirect and/or derivative claims, demands, rights, liabilities, causes of action, or lawsuits whatsoever (including, but not limited to, any claims for damages, equitable relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule or regulation, whether fixed or contingent, accrued or not accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have been asserted in the Actions, or, to the extent they relate to direct or indirect investments in or by the Settling Funds, that have been or could have been asserted in any forum by Settling Plaintiffs, any Settlement Class Member, any Settling Fund, or any Individual Settling Insurance Plaintiff against any of the Released Parties that arise out of, or are based upon, or related to, the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaints filed in the Actions, or that relate to the management or administration of the Settling Funds, the purchase of limited partnership interests in or shares of the Settling Funds or the Settling Funds' investments with Madoff. Released claims do not include Argus' claims in the action captioned *Argus Group Holdings Limited, et al. v. Tremont Group Holdings, Inc.*, 2009: No. 153, pending in the Supreme Court of Bermuda, and do not include any of the assigned claims below.

5.      "Unknown Claims" means any Released Claim that any Settling Plaintiff, Settlement Class Member, Settling Fund or any current or former owner of limited partnership interests in or shares of any Settling Fund does not know or suspect to exist in his, her, its or a Settling Fund's favor at the time of the release of the Settling Defendants that if known by him, her or it, might have affected his, her or its settlement with and release of the Settling Defendants, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Plaintiffs and the Settling Defendants shall expressly waive, and each of the Settlement Class Members and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code §1542. The Settling Plaintiffs, Settlement Class Members, the Settling Funds and current and former owners of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Settling Plaintiff and the Settling Funds shall expressly have, and each Settlement Class Member and current or former owner of limited partnership interests in or shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Plaintiffs and the Settling Funds acknowledge, and the Settlement Class Members and the current and former owners of limited partnership interests in and shares of the Settling Funds (on behalf of themselves and the Settling Funds) shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.



| **SECTION D - RELEASE AND SIGNATURE (CONTINUED)** |
|---|

6.     I (we) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notices, that I am (we are) not one of the "Released Parties" as defined above, and that I (we) believe I am (we are) eligible to receive a distribution from the Net Settlement Fund or the Net Insurance Settlement Fund under the terms and conditions of the applicable Plan of Allocation, as set forth in the Notices.

7.     I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in the Settling Funds occurring from May 10, 1994 through and including December 11, 2008.

8.     I (WE) UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE VERIFYING THE INFORMATION AND REPRESENTATIONS IN THIS PROOF OF CLAIM.

9.     This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

10.    I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

**Signature and Certification:**

1. I (we) have not filed a Request for Exclusion from the Class and I (we) do not know of any Request for Exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in the Settling Funds;

2. I (we) certify that I (we) am a (are) State Law Subclass Member(s) and/or Securities Subclass Member(s), as defined in the Notice;

3. I (we) are not acting for any of the defendants, nor am I (are we) such a defendant or otherwise excluded from the State Law Subclass or Securities Subclass;

4. I (we) have read and understand the contents of the Notice and the Proof of Claim and Release;

5. I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim and Release;

6. I (we) agree to furnish such additional information with respect to this Proof of Claim and Release as the Claims Administrator or the Court may require;

7. I (we) declare under penalty of perjury under the laws of the United States of America that the foregoing information and any documents supplied by the undersigned are true and correct.

Executed this  20th  day of  October , 2011 , in  Berwyn ,  PA   USA .
                   (Month/Year)              (City)         (State/Country)

X _Paul L. Zamrowski_ (signature)
Signature of Claimant

_PAUL  L.  ZAMROWSKI_
Print Name of Claimant                                     Date

_____
Signature of Joint Claimant, if any

_____
Print Name of Joint Claimant                               Date

*If Claimant is other than an individual, or is not the person completing this form,
the following also must be provided:*

_____
Signature of Person Completing Form

_____
Print Name of Person Completing Form                       Date

_____
Capacity of Person Signing (Executor, President, Trustee, etc.)

**EXHIBIT B**

# THE TREMONT SERIES OF FUNDS

*Account Statement - January 2011 - September 2011*

RECEIVED AUG - 3 2012

**Personal Information Redacted**

| Account Name: | Millennium Trust Company, LLC FBO Paul L. Zamrowski - IRA |
|---|---|

| Account Type: | IRA |
|---|---|

| Year-To-Date Summary | Value at Jan 1, 2011 | Net Contributions/ (Withdrawals) [1] | Net Return | Value at Sep 30, 2011 [2] | Rate of Return |
|---|---|---|---|---|---|
| Tremont Market Neutral Fund, LP | $ 25,532 | $ 0 | $ (22,631) | $ 2,901 | (88.64)% |
| Relationship Total | $ 25,532 | $ 0 | $ (22,631) | $ 2,901 | |

| Current Activity | Value at Sep 1, 2011 [3] | Contributions | Withdrawals | Value at Sep 30, 2011 [4] |
|---|---|---|---|---|
| Tremont Market Neutral Fund, LP | $ 55,546 | $ 0 | $ 0 | $ 2,901 |
| Relationship Total | $ 55,546 | $ 0 | $ 0 | $ 2,901 |

Important Note: All results shown on this statement are not considered final and are subject to adjustment pending the outcome of each fund's annual audit. Past Performance as described herein is not necessarily indicative of future results.

1. The amount shown reflects the net amount contributed and/or withdrawn, as the case may be, taking into account all contributions and/or withdrawals made during the period.

2. The above estimated value is net of all fees, expenses, and the performance incentive allocation year-to-date, if applicable.

3. Please note that the September 1, 2011 value includes the reversal of the reserve requirement that was originally deducted from investor accounts in January 2009. The original footnote from the January 2009 statement is shown here for your reference: Please note that the transaction(s) listed above represent prorata distributions from the Fund representing the initial payment of redemption proceeds to investors as well as the January withdrawal for reserve requirements. The reserve will be held as a "Due to Partner", thus not impacting the NAV. Reserves will be held in the Fund and will be collecting interest. Interest related to the reserve will be moved into the cash account, and added to the distribution amounts that will be paid out to shareholders on a periodic basis. The reserves will not incur management and administration fees. The eventual distribution of this reserve remains to be determined.

4. Cash contained in each of the partnerships in the Tremont Series of Funds (each, "a Partnership") has been, and will continue to be, held at Bank of New York, 1 Wall Street, New York, New York 10286 in an account in the name of the Partnership and over which Tremont Partners, Inc., the Partnership's General Partner, exercises authority and control.

   With respect to the underlying hedge fund interests comprising the securities holdings of the Partnership, such hedge fund interest holdings have been, and will continue to be, maintained in safekeeping by Bank of New York, 1 Wall Street, New York, New York 10286.

TREMONT GROUP HOLDINGS, INC.
555 THEODORE FREMD AVENUE
RYE, NY 10580

T: 914 925 1140
F: 914 921 1245
www.tremont.com

