UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE TREMONT SECURITIES LAW, STATE     Master File No.
LAW AND INSURANCE LITIGATION         :    08 Civ. 11117 (TPG)

------------------------------------x

This Document Relates to:             :

STATE LAW ACTION, 08 Civ. 11183 (TPG),    :
and specifically to:

                       :

SPECTRUM SELECT, L.P.,

                       :    12 Civ. 9057 (TPG)

           Plaintiff,

                       :    ECF CASES

     - against -                     Electronically Filed

                       :

TREMONT GROUP HOLDINGS, INC., *et al.*,

                       :

          Defendants.

                       :

[CAPTION CONTINUED ON NEXT PAGE]

------------------------------------x

## MEMORANDUM OF LAW OF OPPENHEIMER ACQUISITION CORP. IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
ALBERT ANIKSTEIN, et al.,                         :

                          Plaintiffs,             :

              - against -                         :   12 Civ. 9058 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,             :

                          Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
MICHAEL BECKER., et al.,                          :

                          Plaintiff,              :

              - against -                         :   12 Civ. 9060 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,             :

                          Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
ALAN BILGORE, et al.,                             :

                          Plaintiffs,             :

              - against -                         :   12 Civ. 9061 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,             :

                          Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
KARASEL II, L.P.,                                 :

                          Plaintiff,              :

              - against -                         :   12 Civ. 9062 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,             :

                          Defendants.             :

[CAPTION CONTINUED ON NEXT PAGE]                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
- - - - - - - - - - - - - - - - - - - - - - - - x
SPECTRUM SELECT II, L.P. and SPECTRUM    :
EQUITIES, L.P.,
                                          :
                    Plaintiffs,
                                          :   12 Civ. 9063 (TPG)
          - against -
                                          :
TREMONT GROUP HOLDINGS, INC., et al.,
                                          :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - x
ROBERT COCCHI, et al.,                    :

                    Plaintiffs,           :

          - against -                     :   12 Civ. 9064 (TPG)

TREMONT GROUP HOLDINGS, INC., et al.,     :

                    Defendants.           :
- - - - - - - - - - - - - - - - - - - - - - - - x
```

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT ....................................................................................................... 4

I.      PLAINTIFFS FAIL TO STATE A SECTION 20(A) CLAIM AGAINST OAC ............ 4

    A.      Plaintiffs Have Failed Plausibly To Allege OAC's "Culpable Participation" In Any Alleged Securities Fraud ................................... 5

        1.      Plaintiffs Fail To Allege That OAC Had Knowledge Of Tremont's Alleged Wrongful Conduct.................................................................. 6

        2.      Plaintiffs Fail To Allege That OAC Participated In Tremont's Alleged Misconduct ........................................................................ 7

    B.      Plaintiffs Fail To Allege Plausibly That OAC "Controlled" Tremont ................. 9

        1.      Plaintiffs' Allegations Of A Typical Parent-Subsidiary Relationship Are Inadequate.................................................................. 10

        2.      Plaintiffs Fail To Allege That OAC Had "Actual Control" Over Tremont's Allegedly Fraudulent Statements ................................. 12

CONCLUSION.................................................................................................... 14

## TABLE OF AUTHORITIES

*Anwar v. Fairfield Greenwich Ltd.*,
   728 F. Supp. 2d 372 (S.D.N.Y. 2010)................................................................8

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007)........................................................................4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................4

*CLAL Fin. Batucha Inv. Mgmt., Ltd. v. Perrigo Co.*,
   09 Civ. 2255, 2010 WL 4177103 (S.D.N.Y. Oct. 7, 2010) (Griesa, J.).................5, 6

*Cohen v. Stevanovich*,
   722 F. Supp. 2d 416 (S.D.N.Y. 2010)........................................................9, 12

*Employee's Ret. Sys. of the Gov't of the Virgin Islands v. J.P. Morgan Chase & Co.*,
   804 F. Supp. 2d 141 (S.D.N.Y. 2011)..........................................................10

*Fezzani v. Bear, Stearns & Co.*,
   384 F. Supp. 2d 618 (S.D.N.Y. 2004)..........................................................11

*Floyd v. Liechtung*,
   No. 10 Civ. 4254, 2013 WL 1195114 (S.D.N.Y. Mar. 25, 2013) ...........................12

*Glonti v. Stevenson*,
   No. 08 cv 8960, 2009 WL 311293 (S.D.N.Y. Feb. 6, 2009) ................................1

*Graham v. Barriger*,
   699 F. Supp. 2d 612 (S.D.N.Y. 2009)...........................................................4

*In re Alstom SA Sec. Litig.*,
   406 F. Supp. 2d 433 (S.D.N.Y. 2005)..........................................................12

*In re Beacon Assocs. Litig.*,
   745 F. Supp. 2d 386 (S.D.N.Y. 2010)...........................................................7

*In re Blech Sec. Litig.*,
   961 F. Supp. 569 (S.D.N.Y. 1997) .........................................................11, 13

*In re Deutsche Telekom AG Sec. Litig.*,
   00 Civ. 9475, 2002 WL 244597 (S.D.N.Y. Feb. 20, 2002)...................................7

*In re Emex Corp. Sec. Litig.*,
   01 Civ. 4886, 2002 WL 31093612 (S.D.N.Y. Sept. 18, 2002).............................5, 9

*In re Flag Telecom Holdings, Ltd. Sec. Litig.,*
    308 F. Supp. 2d 249 (S.D.N.Y. 2004)..................................................................10

*In re Global Crossing Ltd. Sec. Litig.,*
    No. 02 Civ. 910, 2005 WL 1907005 (S.D.N.Y. Aug. 8, 2005) ..........................10, 12

*In re Lehman Bros. Mortg.-Backed Sec Litig.,*
    650 F.3d 167 (2d Cir. 2011)...........................................................................11

*In re SAIC, Inc. Sec. Litig.,*
    12 Civ. 1353, 2013 WL 5462289 (S.D.N.Y. Sept. 13, 2013)...............................5

*In re Satyam Computer Servs. Ltd. Sec. Litig.,*
    915 F. Supp. 2d 450 (S.D.N.Y. 2013).............................................................7

*In re Smith Barney Transfer Agent Litig.,*
    884 F. Supp. 2d 152 (S.D.N.Y. 2012).............................................................12

*In re Tremont Securities Law, State Law And Insurance Litigation,*
    08-11117 (S.D.N.Y. Aug. 19, 2011) ECF. No. 604.............................................1

*In re WorldCom, Inc. Sec. Litig.,*
    02 Civ. 3288, 2004 WL 1097786 (S.D.N.Y. May 18, 2004)..................................10

*Martinez v. City of New York,*
    06 Civ. 1476, 2008 WL 681465 (S.D.N.Y. Mar. 11, 2008) (Griesa, J.), *aff'd*, 338 F.
    App'x 71 (2d Cir. 2009)...............................................................................4

*McIntire v. China MediaExpress Holdings, Inc.,*
    927 F. Supp. 2d 105 (S.D.N.Y. 2013).............................................................8

*Meridian Horizon Fund, L.P. v. Tremont Group Holdings, Inc.,*
    09 Civ. 3708, 2012 WL 6168151 (S.D.N.Y. Dec. 11, 2012) (Griesa, J.).................2, 5, 8

*Plumbers and Pipefitters Local Union No. 630 Pension – Annuity Trust Fund v. Arbitron
Inc.,* 741 F. Supp. 2d 474 (S.D.N.Y. 2010) .............................................................4

*S.E.C. v. First Jersey Sec., Inc.,*
    101 F.3d 1450 (2d Cir. 1996)......................................................................5, 9

*Saltz v. First Frontier LP,*
    782 F. Supp. 2d 61 (S.D.N.Y. 2010), *aff'd,* 485 F. App'x 461 (2d Cir. 2012)..............5, 6

*Schulman v. Delaire,*
    No. 10 Civ. 3639, 2011 WL 672002 (S.D.N.Y. Feb. 22, 2011) ............................6

*Sedona Corp. v. Ladenburg Thalmann & Co.,*
    03 Civ. 3120, 2005 WL 1902780 (S.D.N.Y. Aug. 9, 2005) ................................8

*Solow v. Citigroup, Inc.*,
  507 F. App'x 81 (2d Cir. 2013) ...............................................................5

*Suez Equity Investors, L.P. v. Toronto-Dominion Bank,*
  250 F.3d 87 (2d Cir. 2011)..............................................................8, 10

*United States v. Bestfoods*,
  524 U.S. 51 (1998)...........................................................................2, 11

**STATUTES/RULES**

15 U.S.C. § 78u-4(b)(2) ..................................................................................6

28 U.S.C. § 1658(b) ........................................................................................1

Fed. R. Civ. P. 12(b)(6)....................................................................................1

iv

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Oppenheimer Acquisition Corp. ("OAC") respectfully submits this memorandum of law in support of its motion to dismiss the Consolidated Amended Complaint ("CAC"), which represents the collective effort of plaintiffs from seven cases that were MDL transferred to this Court from the U.S. District Court for the Southern District of Florida for pretrial purposes. OAC seeks dismissal of the CAC for failure to state a viable control person claim against OAC under Section 20(a) of the 1934 Securities Exchange Act.[1]

## PRELIMINARY STATEMENT

Plaintiffs here, like numerous others to proceed before this Court, are hedge fund investors who elected to opt out from the *In re Tremont* class action settlement that this Court approved in 2011.[2] Both prior to and since that time, Plaintiffs (and their counsel) have had access to a wealth of publicly-available information and literally millions of pages of discovery from which they could attempt to plead claims against OAC. Despite this abundant opportunity, Plaintiffs still cannot plead a viable claim against OAC. Their latest effort, a control person claim under Section 20(a) of the Securities Exchange Act, fails as matter of law.

OAC is a holding company that is two corporate levels removed from the Tremont entity in which Plaintiffs invested. Plaintiffs do not -- and cannot -- allege that OAC had anything to

---

[1]     In addition, as set forth in the Tremont Defendants' Memorandum of Law in Support of Their Motion for Judgment on the Pleadings Dismissing the Consolidated Amended Complaint (the "Tremont Brief"), at Argument Point I, Plaintiffs' claims are time-barred by the 5-year period of repose applicable to Section 10(b) and 20(a) claims. *See* 28 U.S.C. § 1658(b); *see also Glonti v. Stevenson*, No. 08 cv 8960, 2009 WL 311293, at *6 (S.D.N.Y. Feb. 6, 2009) (dismissing Section 20(a) claims based on five-year statute of repose and explaining that such claims "allege[] derivative liability based on someone else's violation of Section 10(b). Therefore, the statute of limitations for Section 20(a) claims is identical to that of the Section 10(b) claims.").

[2]     *See* Final Judgment and Order Of Dismissal With Prejudice Regarding Settlement and Rules 23 and 23.1, *In re Tremont Securities Law, State Law And Insurance Litigation*, 08-11117, (S.D.N.Y. Aug. 19, 2011) ECF. No. 604.

do with their hedge fund investments, Tremont's management of those investments, or Plaintiffs' losses due to the Madoff fraud. Instead, the crux of Plaintiffs' claim against OAC is that because it acquired Tremont in 2001 and subsequently interacted with Tremont in a manner befitting of an ordinary corporate parent-subsidiary relationship, OAC therefore knew or should have known both that Madoff was perpetuating the world's largest Ponzi scheme and that Tremont purportedly was committing securities fraud with respect to Plaintiffs' investments in the Funds.

Plaintiffs fatally fail plausibly or adequately to allege OAC's "culpable participation" in Tremont's supposed securities fraud, which this Court already has recognized as a mandatory element of a Section 20(a) claim.[3] Plaintiffs fall equally short in their attempt plausibly or adequately to allege OAC's "control" over Tremont. At bottom, Plaintiffs offer no basis for this Court to depart from the "general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).

The Consolidated Amended Complaint should be dismissed as against OAC in its entirety.

## STATEMENT OF FACTS

Taken together, Plaintiffs are 108 individuals, partnerships, corporations, and investment funds that invested in certain hedge funds (the "Rye Funds" and the "Tremont Funds" or the "Funds"), which in turn invested directly or indirectly in Bernard L. Madoff Investment Securities LLC. CAC ¶¶ 10, 23. Tremont Partners is the investment advisor and general partner

---

[3]     *Meridian Horizon Fund, L.P. v. Tremont Group Holdings, Inc.*, 09 Civ. 3708, 2012 WL 6168151, at *2 (S.D.N.Y. Dec. 11, 2012) (Griesa, J.) (dismissing 20(a) claim against OAC "for failure to plead culpable participation" in Tremont's alleged Section 10(b) violation).

of the Rye Funds and Tremont Funds.  CAC ¶ 14.  Tremont Partners is a wholly-owned subsidiary of Tremont Group.  CAC ¶ 15.

OAC is a holding company that conducts no business other than owning the stock of two other entities: defendant Tremont Group and non-party OppenheimerFunds, Inc. ("OFI").  CAC ¶ 16.  Plaintiffs do not allege that they ever had any interaction with OAC of any kind.  As such, Plaintiffs' allegations against OAC are confined to the following:  (1) OAC acquired Tremont Group, the parent company of Tremont Partners, in 2001; (2) the relationship between OAC and Tremont Group had common characteristics of a parent-subsidiary relationship; (3) OAC was aware that Tremont's relationship with Madoff generated a large portion of Tremont's profits; and (4) during the course of OAC's ownership, Tremont continued to offer funds that invested with Madoff, and even expanded those offerings.

The Consolidated Amended Complaint contains generic statements that *all* of the Defendants marketed the Funds and *all* of the Defendants knowingly misled investors regarding their oversight of Madoff.  CAC ¶¶ 2-5.  Other than these conclusory statements, Plaintiffs do not (and cannot) allege that *OAC* played any role in the marketing or investment-related activities carried out by Tremont Partners with respect to any of Plaintiffs' investments in the Tremont Funds or Rye Funds.  For example, Plaintiffs do not allege that OAC (1) established the investment strategy for the Tremont Funds or Rye Funds; (2) was represented on the board of either the Tremont Funds or Rye Funds; (3) participated in Tremont's due diligence or in the selection of Madoff to manage the Rye Funds; (4) participated in monitoring Madoff's performance as manager of the Rye Funds; (5) prepared any offering materials for the Rye Funds or Tremont Funds; or (6) entered into any contract with -- or even interacted with -- Plaintiffs or with any investors in any Rye or Tremont Fund or any other product managed or sold by

Tremont Partners. Indeed, Plaintiffs concede that Tremont Partners, not OAC, had the "power to direct the investments made by each of the Funds and select investment advisers used by the Funds," CAC ¶ 21, and that Tremont and the Funds, not OAC, provided Plaintiffs with private placement memoranda and other marketing materials and information about the Funds. *See e.g.,* CAC ¶¶ 28, 29, 31.

## ARGUMENT

Pursuant to Rule 12(b)(6), a court must dismiss a complaint that does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Martinez v. City of New York*, 06 Civ. 1476, 2008 WL 681465, at *3 (S.D.N.Y. Mar. 11, 2008) (Griesa, J.) (relying on *Twombly* to dismiss complaint that did not allege "enough facts to state a claim to relief that is plausible on its face"), *aff'd*, 338 F. App'x 71 (2d Cir. 2009). In addition, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Plumbers and Pipefitters Local Union No. 630 Pension – Annuity Trust Fund v. Arbitron Inc.*, 741 F. Supp. 2d 474, 478 (S.D.N.Y. 2010) (dismissing Section 20(a) claim). Complaints that merely plead "labels and conclusions[] and a formulaic recitation of the elements of a cause of action" do not suffice. *Twombly*, 550 U.S. at 555; *see Graham v. Barriger*, 699 F. Supp. 2d 612, 635 (S.D.N.Y. 2009) (dismissing Section 20(a) claim because "the Complaint's control person allegations are limited to legal conclusions . . . and therefore are not entitled to the presumption of truth").

## I.      PLAINTIFFS FAIL TO STATE A SECTION 20(A) CLAIM AGAINST OAC

Plaintiffs' Section 20(a) claim against OAC requires well-pled allegations of: "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007)

(citing *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996)).  Plaintiffs have

failed to allege plausibly that OAC was a "culpable participant" in Tremont's alleged fraud or

that OAC had the ability to control that fraud.[4]  Plaintiffs' Section 20(a) claim therefore fails as a

matter of law and should be dismissed.

### A.   Plaintiffs Have Failed Plausibly To Allege OAC's "Culpable Participation" In Any Alleged Securities Fraud

As this Court recently held in dismissing a similar Section 20(a) claim against OAC, "the

need for a plaintiff to plead culpable participation [is] the law of the Second Circuit." *Meridian*

*Horizon*, 2012 WL 6168151, at *2 (dismissing Section 20(a) claim against OAC "for failure to

plead culpable participation" in Tremont's alleged securities fraud) (citation and quotation

omitted); *accord CLAL Fin. Batucha Inv. Mgmt., Ltd. v. Perrigo Co.*, 09 Civ. 2255, 2010 WL

4177103, at **9-10 (S.D.N.Y. Oct. 7, 2010) (Griesa, J.) (dismissing Section 20(a) claim for

failure to plead culpable participation).

To plead culpable participation, Plaintiffs must plead both: (1) that OAC had a culpable

state of mind of, at a minimum, recklessness with regard to Tremont's alleged underlying

wrongful conduct; and (2) that OAC engaged in some type of act constituting "participation" in

Tremont's alleged underlying wrong.  *See, e.g., In re SAIC, Inc. Sec. Litig.*, 12 Civ. 1353, 2013

WL 5462289, at *16 (S.D.N.Y. Sept. 30, 2013) ("A plaintiff asserting a section 20(a) claim must

allege at least particularized facts of the controlling person's conscious misbehavior or

recklessness."); *In re Emex Corp. Sec. Litig.*, 01 Civ. 4886, 2002 WL 31093612, at **10-11

---

[4]      As a threshold issue, as set forth in the Tremont Brief at Argument Point II, Plaintiffs have failed to plead a primary violation of Section 10(b) by the Tremont entities.  Therefore, they also necessarily have failed to state a Section 20(a) claim against OAC.  *See, e.g. Solow v. Citigroup, Inc.*, 507 F. App'x 81, 83 (2d Cir. 2013) (affirming dismissal of Section 20(a) claim where plaintiff failed to plead primary violation); *accord Saltz v. First Frontier LP*, 782 F. Supp. 2d 61, 72-73 (S.D.N.Y. 2010) (dismissing Section 20(a) claims for failure to plead underlying Section 10(b) violations in connection with Madoff fraud), *aff'd*, 485 F. App'x 461 (2d Cir. 2012).

(S.D.N.Y. Sept. 18, 2002) (dismissing Section 20(a) claim because plaintiff failed to plead "both fraudulent conduct and a culpable state of mind" of the alleged controlling person).

Moreover, Plaintiffs' culpable participation allegations must meet the heightened pleading requirements of the Private Securities Litigation Reform Act (the "PSLRA"; *see* 15 U.S.C. § 78u-4(b)(2)); *CLAL Fin.*, 2010 WL 4177103, at *9 (culpable participation "must be pled with particularity"). Plaintiffs' failure to meet these rigorous standards and inability to plead "particularized facts" as to OAC "regarding what [it] actually did" warrants dismissal. *CLAL Fin.*, 2010 WL 4177103, at *10.

### 1. Plaintiffs Fail To Allege That OAC Had Knowledge Of Tremont's Alleged Wrongful Conduct

Plaintiffs do not (and cannot) allege particularized facts to suggest that OAC had knowledge, or even should have had knowledge, of any of Tremont's alleged misrepresentations. Plaintiffs' failure to allege OAC's culpable state of mind stems from the fatally flawed origin of their claim: a speculative theory that because OAC was Tremont Group's parent it therefore *must have* known of Madoff's fraud, which -- in turn -- *should have* given OAC knowledge of Tremont's allegedly misleading disclosures, purportedly inadequate due diligence, and failure to properly monitor Madoff. *See* CAC ¶¶ 148-51. Not only does this theory assume far too much, but it is directly contrary to the unfortunate truth that Madoff's fraud went undetected by sophisticated investors and regulators for decades. *See Saltz*, 782 F. Supp. 2d at 72 (inference of scienter based on "red flags" of Madoff's fraud is "not as cogent and compelling as the opposing inference of nonfraudulent intent"); *Schulman v. Delaire*, No. 10 Civ. 3639, 2011 WL 672002, at *3 (S.D.N.Y. Feb. 22, 2011) (dismissing complaint that "supports the reasonable inference that Madoff fooled the defendant[s] as he did individual investors, financial institutions, and regulators").

There are no facts in the Consolidated Amended Complaint from which a "strong inference" of OAC's knowledge or reckless disregard could arise. Plaintiffs do not allege that OAC knew of Madoff's fraud, or even that OAC had reason to suspect Madoff's fraud, let alone that OAC ever reviewed the subject disclosure documents and Tremont's due diligence and monitoring procedures (or the results thereof) and concluded that -- in light of its supposed knowledge of Madoff's fraud -- Tremont was violating the securities laws.

Because Plaintiffs cannot provide even plausible supposition as to OAC's knowledge of Madoff's fraud, there is a corresponding absence of particularized facts raising "a strong inference . . . that [OAC] knew or should have known that [the Tremont entities were] engaging in fraudulent conduct." *In re Deutsche Telekom AG Sec. Litig.*, 00 Civ. 9475, 2002 WL 244597, at *7 (S.D.N.Y. Feb. 20, 2002) (dismissing Section 20(a) claim for failure to allege culpable participation). *Accord In re Satyam Computer Servs. Ltd. Sec. Litig.*, 915 F. Supp. 2d 450, 482-83 (S.D.N.Y. 2013) (dismissing Section 20(a) claim because plaintiffs "fail[ed] to allege particularized facts" regarding defendants' scienter); *In re Beacon Assocs. Litig.*, 745 F. Supp. 2d 386, 411 (S.D.N.Y. 2010) (dismissing Section 20(a) claim because "an inference of culpable participation is not 'at least as compelling' as the opposing inference that [Defendant] was not privy to Ivy's specific doubts about Madoff").

### 2.   Plaintiffs Fail To Allege That OAC Participated In Tremont's Alleged Misconduct

Plaintiffs' Section 20(a) claim also fails for the independent reason that Plaintiffs make no allegation of OAC's "participation" in Tremont's alleged misconduct. Instead, Plaintiffs hinge their claim on a vague theory that OAC's "decision not to stop the fraudulent practices in which Tremont was engaged, and indeed to continue them" somehow "made [OAC] culpable participants in the fraud." CAC ¶ 222. Such "general and conclusory allegations against [OAC],

fail[] to set forth particularized facts establishing [OAC's] culpable participation." *McIntire v. China MediaExpress Holdings, Inc.*, 927 F. Supp. 2d 105, 138 (S.D.N.Y. 2013) (finding plaintiffs' "failure to supervise" allegations insufficient to satisfy culpable participation). *See Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 413-14 (S.D.N.Y. 2010) (allegations of a defendant's "passive" role related to Madoff fraud insufficient for purposes of culpable participation under Section 20(a)).

Furthermore, Plaintiffs' scant control allegations also cannot meet the requirement of particularized averments of OAC's participation:

First, Plaintiffs' allegation that Tremont Group "is a wholly-owned subsidiary of [OAC]" (CAC ¶ 16) has nothing to do with Tremont's purported fraudulent disclosures or its due diligence and monitoring of Madoff.  As a matter of law, an allegation of stock ownership is not "culpable participation." *See Meridian Horizon*, 2012 WL 6168151, at *1-2 (finding plaintiffs' allegation of OAC's 100% ownership of Tremont insufficient for culpable participation); *Sedona Corp. v. Ladenburg Thalmann & Co.*, 03 Civ. 3120, 2005 WL 1902780, at *16 (S.D.N.Y. Aug. 9, 2005) (allegation that "publicly-filed documents with the SEC indicate that [primary violators] are wholly-owned subsidiaries of [defendant]" insufficient to allege culpable participation).

Second, Plaintiffs' allegation that OAC was represented on the board of Tremont Group (CAC ¶¶ 157-160) does not demonstrate OAC's participation in Tremont's purported fraud.  Not only is a parent's representation on its subsidiary's board routine, but Plaintiffs again omit any facts from which this Court could infer that OAC's representation on Tremont Group's board bore any logical nexus to any of the Funds' purported misleading offering documents or Tremont's allegedly inadequate due diligence and monitoring. *See, e.g., Suez Equity Investors, L.P. v. Toronto-Dominion Bank,*, 250 F.3d 87, 102 (2d Cir. 2011) (allegations "indicating only

that certain employees worked for multiple defendants . . . are insufficient under § 20 as a matter of law").

Third, Plaintiffs do not, and cannot, provide any competent factual allegations demonstrating how OAC's alleged "influence" over Tremont activities wholly unrelated to Tremont's alleged fraud (CAC ¶ 162, 169, 172), or the purported marketing activities of OAC's subsidiary, non-party OFI (CAC ¶ 168), constitute OAC's "participation" in Tremont's alleged fraud. *See In re Emex Corp.*, 2002 WL 31093612, at \*11 (dismissing Section 20(a) claims where complaint "fail[ed] to provide any particularized facts as to what [the defendants] are alleged to have done or failed to do as a participant in [the controlled person's] primary violation").

**B.      Plaintiffs Fail To Allege Plausibly That OAC "Controlled" Tremont**

Plaintiffs' Section 20(a) claim also fails due to their inability to plead plausibly that OAC "controlled" the Tremont entities.  To plead control, a plaintiff must establish that the defendant "possessed the power to direct or cause the direction of the management and policies of defendant, whether through the ownership of voting securities, by contract, or otherwise." *First Jersey Sec., Inc.*, 101 F.3d at 1473.  Allegations that the defendant owned the equity of the primary violator are not, in themselves, sufficient; Plaintiff also must show that the defendant had "actual control over the *transaction* in question."  *Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 435 (S.D.N.Y. 2010) (emphasis in original).  Plaintiffs' allegations of a parent-subsidiary relationship between OAC and Tremont do not establish that OAC controlled Tremont's allegedly fraudulent conduct.  In the absence of well-pled and plausible allegations that OAC had actual control over the allegedly fraudulent investment, monitoring and disclosure activities, Plaintiffs have not stated a Section 20(a) claim against OAC.

1.   **Plaintiffs' Allegations Of A Typical Parent-Subsidiary Relationship Are Inadequate**

The bulk of Plaintiffs' control allegations rest on the undisputed fact that OAC is the parent of Tremont and depict an unremarkable parent-subsidiary relationship between the two companies. Such allegations are insufficient to plead control for purposes of Section 20(a).

Plaintiffs' primary allegation of "control" -- that "Oppenheimer acquired Tremont Group in 2001" -- fails to satisfy their burden. CAC ¶¶ 16, 39, 153, 220. The mere fact of a parent/subsidiary relationship is patently inadequate to establish control. *See Employee's Ret. Sys. of the Gov't of the Virgin Islands v. J.P. Morgan Chase & Co.*, 804 F. Supp. 2d 141, 157 (S.D.N.Y. 2011) ("Allegations that an entity was the parent corporation of a primary violator, standing alone, do not make out a claim of control."); *In re WorldCom, Inc. Sec. Litig.*, 02 Civ. 3288, 2004 WL 1097786, at *3 (S.D.N.Y. May 18, 2004) (rejecting "proposition that a parent/subsidiary relationship is a sufficient basis from which to infer control"); *see also Suez Equity Investors*, 250 F.3d at 102 (affirming dismissal of Section 20(a) claim against parent and other corporate affiliates of violator).

Likewise, Plaintiffs' allegations that certain directors of OAC also served on Tremont's board following OAC's acquisition of Tremont (CAC ¶¶ 157-160) do not, as a matter of law, establish actual "control" for purposes of Section 20(a). *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp. 2d 249, 273-74 (S.D.N.Y. 2004) (allegation that defendants held "positions as officers and/or directors" of primary violator was inadequate to plead control); *In re Global Crossing Ltd. Sec. Litig.*, No. 02 Civ. 910, 2005 WL 1907005, at *3-4, *12-13 (S.D.N.Y. Aug. 8, 2005) (allegation that employees of defendant served as directors of violator did not create inference of control).

Plaintiffs' conclusory allegation that OAC's relationship with Tremont Partners somehow allowed it to influence Tremont Group's management of the Funds (CAC ¶ 161) is similarly insufficient. *See Fezzani v. Bear, Stearns & Co.*, 384 F. Supp. 2d 618, 645 (S.D.N.Y. 2004) ("Allegations of influence are not the same as the power to direct the management and policies of the primary violator."), *rev'd in part on other grounds*, 99 CIV. 0793, 2004 WL 1781148 (S.D.N.Y. Aug. 10, 2004). Not only are Plaintiffs' "influence" allegations wholly unrelated to Tremont's alleged fraud (*see, e.g.*, CAC ¶ 162, alleging that the OAC's CEO advised Tremont on hiring and other matters unrelated to Tremont's alleged fraud), but allegations of mere influence do not satisfy Plaintiffs' burden to plead a Section 20(a) claim. *See In re Blech Sec. Litig.*, 961 F. Supp. 569, 587 (S.D.N.Y. 1997) (advising primary violator to sell securities was an "exercise of influence" that did not amount to actual control); *see also In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 187 (2d Cir. 2011) (providing "advice and 'strategic direction'" did not suggest "power to direct the primary violators' 'management and policies'" to state a Section 15 claim). The offering of advice by Murphy, in his role as an officer of the parent of Tremont Partners, does not suggest that he had the power to "*direct*, rather than merely inform*" Tremont's management of the Funds. *In re Lehman Bros.*, 650 F.3d at 187.

Finally, to the extent Plaintiffs' purported "control" allegations as to OAC relate to an overlap in officers between Tremont and non-party OFI, a subsidiary of OAC (CAC ¶¶ 163-65), Plaintiffs do not (and cannot) provide any reason that this Court should disregard the corporate veil between OFI and OAC. *See generally Bestfoods*, 524 U.S. at 61 (noting the "general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries."). Even if there were some

unexplained reason to attribute the actions of OFI employees to OAC, Plaintiffs' allegations --

that OFI "directed Tremont to improve its risk management in a variety of areas," (CAC ¶ 167),

or that an OFI employee instructed Tremont to "dial down the risk in the proprietary book,"

(CAC ¶ 180) -- fail to state a Section 20(a) claim for the same reasons that Plaintiffs' allegations

regarding OAC fail. *See, e.g., In re Lehman Bros.*, 650 F.3d at 187 ("[P]roviding advice that

[Tremont] chose to follow does not suggest control."); *In re Global Crossing*, 2005 WL 1907005

at *12 ("[O]fficer or director status alone does not constitute control.").

### 2.    Plaintiffs Fail To Allege That OAC Had "Actual Control" Over Tremont's Allegedly Fraudulent Statements

To properly allege "control" for purposes of Section 20(a), Plaintiffs must provide facts

sufficient to show that OAC "not only ha[d] control over [Tremont], but ha[d] actual control over

the *transaction* in question." *Cohen*, 722 F. Supp. 2d at 435 (emphasis original); *Floyd v.*

*Liechtung*, No. 10 Civ. 4254, 2013 WL 1195114, at *6 (S.D.N.Y. Mar. 25, 2013) (same); *In re*

*Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 487 (S.D.N.Y. 2005) (same); *see also In re Smith*

*Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166 (S.D.N.Y. 2012) (plaintiff must show

that control person "exercised *actual* control over the matters at issue.") (emphasis in original).

To state a viable Section 20(a) claim, Plaintiffs have to allege that OAC had control over

the specific Tremont conduct that forms the basis for Plaintiffs' purported 10b-5 claim -- i.e., that

Tremont misrepresented the safety of investment with Madoff and the extent of its due diligence

on Madoff. *See, e.g., In re Smith Barney*, 884 F. Supp. 2d at 167 (plaintiffs failed to state a 20(a)

claim where they did not allege that the defendant "signed, drafted, approved, or confirmed" the

primary violators' misleading statements or "ordered or encouraged" the violators to sign the

statements); *In re Alstom*, 406 F. Supp. 2d at 487, 494 (allegations that a defendant "signed

financial statements containing materially false or misleading statements" would sufficiently plead "control as to the financial statements").

Plaintiffs' allegations fall far short of establishing OAC's control over Tremont's alleged misconduct.  Nowhere do Plaintiffs allege that OAC either oversaw Tremont Partners' diligence of Madoff or approved the Rye/Tremont Funds' disclosures to their investors.  To the contrary, Plaintiffs allege that they received disclosures from Tremont, not from OAC.  CAC ¶¶ 26-31, 35, 39-56.  And while they allege that OAC and OFI employees "received materials setting forth Tremont's supposed due diligence procedures," (CAC ¶ 185), Plaintiffs do not suggest that OAC had actual control over Tremont's diligence of Madoff.  At most, Plaintiffs allege that OFI employees -- not OAC -- recommended strengthening Tremont's "risk management" and "dialing down the risk."  CAC ¶¶ 167, 180.  Such alleged recommendations by non-party OFI do not establish OAC's control, particularly since the implication of Plaintiffs' claims appears to be that OFI's recommendations -- to the extent that those recommendations had anything to do with Tremont's diligence -- were not adopted by Tremont.  *See In re Blech*, 961 F. Supp. at 587 (rejecting claim that broker's advice to violator established "actual control" and noting that "an exercise of influence is not 'actual control.'").

## CONCLUSION

For the foregoing reasons, OAC's motion to dismiss the Consolidated Amended

Complaint should be granted in its entirety and with prejudice.

Dated: December 6, 2013
      New York, NY

                        DECHERT LLP

                        By:  /s/ David A. Kotler
                        David A. Kotler
                        david.kotler@dechert.com
                        1095 Avenue of the Americas
                        New York, NY 10036
                        Tel.: (212) 698-3500
                        Fax: (212) 698-3599

                        *Attorneys for Defendant*
                        *Oppenheimer Acquisition Corp.*