UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION : | Master File No. 08 Civ. 11117 (TPG) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This Document Relates to:                    :

SPECTRUM SELECT, L.P.,                    :

                                             12 Civ. 9057 (TPG)

                Plaintiff,                    :

- against-                    :

                                   :                    **ANSWER AND AFFIRMATIVE DEFENSES OF TREMONT PARTNERS, INC. AND TREMONT GROUP HOLDINGS, INC.**

TREMONT GROUP HOLDINGS, INC., *et al.*,    :

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                   :

ALBERT ANIKSTEIN, *et al.*,                    :

                                :                    12 Civ. 9058 (TPG)

                Plaintiffs,                    :

- against-                    :

TREMONT GROUP HOLDINGS, INC., *et al.*,    :

                Defendants.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                                   :

MICHAEL BECKER, *et al.*,                    :

                                :                    12 Civ. 9060 (TPG)

                Plaintiffs,                    :

- against-                    :

TREMONT GROUP HOLDINGS, INC., *et al.*,    :

                Defendants.                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        [*Captions continued on next page*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALAN BILGORE, *et al.*,

                          :    12 Civ. 9061 (TPG)

               Plaintiffs,

                          :

 - against-

                          :

TREMONT GROUP HOLDINGS, INC., *et al.*,

                          :

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KARASEL II, L.P.,                           12 Civ. 9062 (TPG)

                          :

               Plaintiff,

                          :

 - against-

                          :

TREMONT GROUP HOLDINGS, INC., *et al.*,

                          :

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SPECTRUM SELECT II, L.P. and       :
SPECTRUM EQUITIES, L.P.,

                          :    12 Civ. 9063 (TPG)

               Plaintiffs,

                          :

 - against-

                          :

TREMONT GROUP HOLDINGS, INC., *et al.*,

                          :

               Defendants.

                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT COCCHI, *et al.*,               :

               Plaintiffs,   :   12 Civ. 9064 (TPG)

 - against-                     :

TREMONT GROUP HOLDINGS, INC., *et al.*, :

               Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Tremont Partners, Inc. and Tremont Group Holdings, Inc. (together, the "Tremont Defendants" or "Tremont"), through their undersigned counsel, for their answer to the Consolidated Amended Complaint in these actions (the "Complaint"), state as follows:

1.      Deny the allegations of paragraph 1 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of that paragraph.

2.      Deny the allegations of paragraph 2 of the Complaint.

3.      Deny the allegations of paragraph 3 of the Complaint.

4.      Deny the allegations of paragraph 4 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

5.      Deny the allegations of paragraph 5 of the Complaint.

6.      Deny the allegations of paragraph 6 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of the final bullet point of that paragraph, admit the allegations of the first sentence of the second bullet point of that paragraph and admit that BMIS sent trade confirmations of reported transactions to Tremont.

7.      Deny the allegations of paragraph 7 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

8.      Deny the allegations of paragraph 8 of the Complaint.

9.      Deny the allegations of paragraph 9 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of that paragraph.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 10 of the Complaint.

11.     Deny the allegations of paragraph 11 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of that paragraph and of the second, third, fourth, fifth and sixth sentences of the first bullet point of that paragraph.

12.     Deny the allegations of paragraph 12 of the Complaint, except admit that Plaintiffs have sued the named defendants, Plaintiffs directly or indirectly invested in the Funds and Tremont Partners, Inc. is the Funds' general partner.

13.     Deny the allegations of paragraph 13 of the Complaint, except admit that the Funds are limited partnerships organized under the laws of the State of Delaware.

14.     Deny the allegations of paragraph 14 of the Complaint, except admit that Tremont Partners, Inc. is the general partner of each of the Rye Funds and that Tremont Partners is based in the State of New York.

15.     Deny the allegations of paragraph 15 of the Complaint, except admit the allegations of the first sentence of that paragraph.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, except admit that Tremont Group Holdings, Inc. is a wholly-owned subsidiary of Oppenheimer Acquisitions Corp., which acquired Tremont Group Holdings, Inc. (which was then known by a different name) in 2001.

17.     Deny the allegations of paragraph 17 of the Complaint and state that they are conclusions of law to which no response is required.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, except admit that the Tremont Defendants are subject to the personal jurisdiction of this Court.

19.     Deny the allegations of paragraph 19 of the Complaint, except admit that venue is proper in this Court.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, except admit the allegations of the first sentence of that paragraph.

21.     Deny the allegations of paragraph 21 of the Complaint, except admit that Tremont Partners had the power to select investment advisors used by the Funds.

22.     Deny the allegations of paragraph 22 of the Complaint.

23.     Deny the allegations of paragraph 23 of the Complaint, except admit the allegations of the first bullet point of that paragraph and admit that Rye XL used a swap transaction entitling it to receive three times the reported return of the Rye Broad Market Fund, Rye XL was not managed by Madoff and Rye XL's returns were determined, in major part, by the performance of the Rye Broad Market Fund.

24.     Deny the allegations of paragraph 24 of the Complaint.

25.     Deny the allegations of paragraph 25 of the Complaint.

26.     Deny the allegations of paragraph 26 of the Complaint, except admit that the interests were offered exclusively through PPMs.

27.     Deny the allegations of paragraph 27 of the Complaint, except admit the allegations of the first sentence of that paragraph.

28.     Deny the allegations of paragraph 28 of the Complaint, except admit that, prior to investing, each Plaintiff was provided a PPM for the Fund in which he, she or it invested.

29.     Deny the allegations of paragraph 29 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the documents, if any, on which Plaintiffs relied and admit that, after Plaintiffs invested in the Funds, Tremont sent

3

one or more Plaintiffs fact sheets for the Funds.

30.     Deny the allegations of paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32.     Deny the allegations of paragraph 32 of the Complaint.

33.     Deny the allegations of paragraph 33 of the Complaint, except admit that statements in the PPMs were made in connection with the sale of limited partnership interests in the Funds.

34.     Deny the allegations of paragraph 34 of the Complaint.

35.     Deny the allegations of paragraph 35 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

36.     Deny the allegations of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

37.     Deny the allegations of paragraph 37 of the Complaint.

38.     Deny the allegations of paragraph 38 of the Complaint.

39.     Deny the allegations of paragraph 39 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

40.     Deny the allegations of paragraph 40 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

41.     Deny the allegations of paragraph 41 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

42.     Deny the allegations of paragraph 42 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

43.     Deny the allegations of paragraph 43 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

4

44.     Deny the allegations of paragraph 44 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

45.     Deny the allegations of paragraph 45 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

46.     Deny the allegations of paragraph 46 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

47.     Deny the allegations of paragraph 47 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

48.     Deny the allegations of paragraph 48 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

49.     Deny the allegations of paragraph 49 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

50.     Deny the allegations of paragraph 50 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

51.     Deny the allegations of paragraph 51 of the Complaint.

52.     Deny the allegations of paragraph 52 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

53.     Deny the allegations of paragraph 53 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

54.     Deny the allegations of paragraph 54 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint.

56.     Deny the allegations of paragraph 56 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

57.     Deny the allegations of paragraph 57 of the Complaint.

58.     Deny the allegations of paragraph 58 of the Complaint.

59.     Deny the allegations of paragraph 59 of the Complaint.

60.     Deny the allegations of paragraph 60 of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint.

62.     Deny the allegations of paragraph 62 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

63.     Deny the allegations of paragraph 63 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

64.     Deny the allegations of paragraph 64 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

65.     Deny the allegations of paragraph 65 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

66.     Deny the allegations of paragraph 66 of the Complaint.

67.     Deny the allegations of paragraph 67 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

68.     Deny the allegations of paragraph 68 of the Complaint.

69.     Deny the allegations of paragraph 69 of the Complaint.

70.     Deny the allegations of paragraph 70 of the Complaint.

71.     Deny the allegations of paragraph 71 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

6

72.     Deny the allegations of paragraph 72 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

73.     Deny the allegations of paragraph 73 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof, except admit that the memorandum referenced therein identified Friehling & Horowitz as BMIS's auditor.

74.     Deny the allegations of paragraph 74 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

75.     Deny the allegations of paragraph 75 of the Complaint.

76.     Deny the allegations of paragraph 76 of the Complaint, except admit the allegations of the third sentence of that paragraph and that James Purnell was employed by Tremont in 2008.

77.     Deny the allegations of paragraph 77 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

78.     Deny the allegations of paragraph 78 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

79.     Deny the allegations of paragraph 79 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof, except admit that Bernard Madoff was arrested on December 11, 2008.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Complaint.

81.     Deny the allegations of paragraph 81 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

82.     Deny the allegations of paragraph 82 of the Complaint, except admit that BMIS mailed paper trade tickets to Tremont after the trades reportedly were executed and sent monthly statements to Tremont.

7

83.     Deny the allegations of paragraph 83 of the Complaint.

84.     Deny the allegations of paragraph 84 of the Complaint.

85.     Deny the allegations of paragraph 85 of the Complaint.

86.     Deny the allegations of paragraph 86 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

87.     Deny the allegations of paragraph 87 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

88.     Deny the allegations of paragraph 88 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

89.     Deny the allegations of paragraph 89 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

90.     Deny the allegations of paragraph 90 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

91.     Deny the allegations of paragraph 91 of the Complaint.

92.     Deny the allegations of paragraph 92 of the Complaint, except admit the allegations of the second sentence of that paragraph.

93.     Deny the allegations of paragraph 93 of the Complaint.

94.     Deny the allegations of paragraph 94 of the Complaint.

95.     Deny the allegations of paragraph 95 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

96.     Deny the allegations of paragraph 96 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

97.     Deny the allegations of paragraph 97 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

98.     Deny the allegations of paragraph 98 of the Complaint.

99.     Deny the allegations of paragraph 99 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

100.    Deny the allegations of paragraph 100 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

101.    Deny the allegations of paragraph 101 of the Complaint.

102.    Deny the allegations of paragraph 102 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

103.    Deny the allegations of paragraph 103 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

104.    Deny the allegations of paragraph 104 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

105.    Deny the allegations of paragraph 105 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Complaint, except admit that on December 11, 2008, Madoff publicly disclosed that he had engaged in a massive fraud.

107.    Deny the allegations of paragraph 107 of the Complaint.

108.    Deny the allegations of paragraph 108 of the Complaint.

109.    Deny the allegations of paragraph 109 of the Complaint.

110.    Deny the allegations of paragraph 110 of the Complaint.

111.    Deny the allegations of paragraph 111 of the Complaint.

112.    Deny the allegations of paragraph 112 of the Complaint.

113.    Deny the allegations of paragraph 113 of the Complaint.

9

114.    Deny the allegations of paragraph 114 of the Complaint.

115.    Deny the allegations of paragraph 115 of the Complaint.

116.    Deny the allegations of paragraph 116 of the Complaint.

117.    Deny the allegations of paragraph 117 of the Complaint.

118.    Deny the allegations of paragraph 118 of the Complaint.

119.    Deny the allegations of paragraph 119 of the Complaint.

120.    Deny the allegations of paragraph 120 of the Complaint, except admit the allegations of the first sentence of that paragraph.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 of the Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122 of the Complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 123 of the Complaint.

124.    Deny the allegations of paragraph 124 of the Complaint.

125.    Deny the allegations of paragraph 125 of the Complaint.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Complaint.

127.    Admit the allegations of paragraph 127 of the Complaint.

128.    Deny the allegations of paragraph 128 of the Complaint, except admit that BMIS sent Tremont paper trade confirmations after reported trades for the Funds were executed.

129.    Deny the allegations of paragraph 129 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph regarding other investors and Madoff.

10

130.     Deny the allegations of paragraph 130 of the Complaint, except admit that Tremont did not have real-time access to the Funds' trade information.

131.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 131 of the Complaint.

132.     Deny the allegations of paragraph 132 of the Complaint, except admit that Tremont was aware that BMIS employed Madoff family members.

133.     Deny the allegations of paragraph 133 of the Complaint.

134.     Deny the allegations of paragraph 134 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof, except admit that Citibank and one of the Funds entered into a $300 million credit facility, the parties extended the term and increased the amount of the facility over time, the facility expired by its terms and, on or about November 26, 2006, Citibank officials met with Madoff.

135.     Deny the allegations of paragraph 135 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

136.     Deny the allegations of paragraph 136 of the Complaint  and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

137.     Deny the allegations of paragraph 137 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

138.     Deny the allegations of paragraph 138 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

139.     Deny the allegations of paragraph 139 of the Complaint.

140.     Deny the allegations of paragraph 140 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

141.     Deny the allegations of paragraph 141 of the Complaint.

11

142.    Deny the allegations of paragraph 142 of the Complaint, except admit that Tremont Group Holdings, Inc. is a wholly-owned subsidiary of Oppenheimer Acquisitions Corp. and was acquired by Oppenheimer in 2001.

143.    Deny the allegations of paragraph 143 of the Complaint.

144.    Deny the allegations of paragraph 144 of the Complaint.

145.    Deny the allegations of paragraph 145 of the Complaint.

146.    Deny the allegations of paragraph 146 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of that paragraph.

147.    Deny the allegations of paragraph 147 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof, except admit that telephonic conferences and meetings were held concerning a potential transaction with Oppenheimer.

148.    Deny the allegations of paragraph 148 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof, except admit that, in or about March 2001, certain information was provided to Oppenheimer after it entered into a confidentiality agreement.

149.    Deny the allegations of paragraph 149 of the Complaint, except admit that a data room was created in connection with the exploration of a potential transaction with Oppenheimer.

150.    Deny the allegations of paragraph 150 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof, except admit that meetings were held concerning a potential transaction with Oppenheimer.

151.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151 of the Complaint.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152 of the Complaint.

153.     Deny the allegations of paragraph 153 of the Complaint, except admit that Tremont Group Holdings, Inc. is a wholly-owned subsidiary of Oppenheimer Acquisitions Corp.

154.     Deny the allegations of paragraph 154 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

155.     Deny the allegations of paragraph 155 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

156.     Deny the allegations of paragraph 156 of the Complaint.

157.     Deny the allegations of paragraph 157 of the Complaint.

158.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof, except admit that in 2001 John V. Murphy, Kurt Wolfgruber, Howard Gunton, Robert Schulman and Sandra Manzke were members of Tremont Advisors' board of directors.

159.     Deny the allegations of paragraph 159 of the Complaint.

160.     Deny the allegations of paragraph 160 of the Complaint.

161.     Deny the allegations of paragraph 161 of the Complaint.

162.     Deny the allegations of paragraph 162 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

163.     Admit the allegations of paragraph 163 of the Complaint.

164.     Deny the allegations of paragraph 164 of the Complaint.

13

165.   Deny the allegations of paragraph 165 of the Complaint.

166.   Deny the allegations of paragraph 166 of the Complaint.

167.   Deny the allegations of paragraph 167 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

168.   Deny the allegations of paragraph 168 of the Complaint.

169.   Deny the allegations of paragraph 169 of the Complaint.

170.   Deny the allegations of paragraph 170 of the Complaint.

171.   Deny the allegations of paragraph 171 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

172.   Deny the allegations of paragraph 172 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

173.   Deny the allegations of paragraph 173 of the Complaint.

174.   Deny the allegations of paragraph 174 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

175.   Deny the allegations of paragraph 175 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

176.   Deny the allegations of paragraph 176 of the Complaint.

177.   Deny the allegations of paragraph 177 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

178.   Deny the allegations of paragraph 178 of the Complaint.

179.   Deny the allegations of paragraph 179 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of that paragraph concerning documents Pfeffer reviewed and admit that Pfeffer received reports from Tremont.

14

180.    Deny the allegations of paragraph 180 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

181.    Deny the allegations of paragraph 181 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

182.    Deny the allegations of paragraph 182 of the Complaint.

183.    Deny the allegations of paragraph 183 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 184 of the Complaint.

185.    Deny the allegations of paragraph 185 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 186 of the Complaint.

187.    Deny the allegations of paragraph 187 of the Complaint, except admit the allegations of the first sentence of that paragraph.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 188 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

189.    Deny the allegations of paragraph 189 of the Complaint.

190.    Deny the allegations of paragraph 190 of the Complaint.

191.    Admit the allegations of paragraph 191 of the Complaint.

192.    Deny the allegations of paragraph 192 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

193.    Deny the allegations of paragraph 193 of the Complaint and respectfully refer the Court to the documents referenced therein for the true and complete contents thereof.

194.    Deny the allegations of paragraph 194 of the Complaint.

195.    Deny the allegations of paragraph 195 of the Complaint.

196.    Deny the allegations of paragraph 196 of the Complaint.

197.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197 of the Complaint.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 198 of the Complaint.

199.    In response to the allegations of paragraph 199 of the Complaint, the Tremont Defendants repeat and incorporate by reference all of the foregoing paragraphs of this Answer as if fully set forth herein.

200.    Deny the allegations of paragraph 200 of the Complaint.

201.    Deny the allegations of paragraph 201 of the Complaint.

202.    Deny the allegations of paragraph 202 of the Complaint.

203.    Deny the allegations of paragraph 203 of the Complaint.

204.    Deny the allegations of paragraph 204 of the Complaint.

205.    Deny the allegations of paragraph 205 of the Complaint.

206.    Deny the allegations of paragraph 206 of the Complaint.

207.    Deny the allegations of paragraph 207 of the Complaint.

208.    Deny the allegations of paragraph 208 of the Complaint.

209.    Deny the allegations of paragraph 209 of the Complaint.

210.    In response to the allegations of paragraph 210 of the Complaint, the Tremont Defendants repeat and incorporate by reference all of the foregoing paragraphs of this Answer as if fully set forth herein.

211.    Deny the allegations of paragraph 211 of the Complaint.

212.    Deny the allegations of paragraph 212 of the Complaint.

213.    Deny the allegations of paragraph 213 of the Complaint.

214.    Deny the allegations of paragraph 214 of the Complaint.

215.    Deny the allegations of paragraph 215 of the Complaint.

216.    Deny the allegations of paragraph 216 of the Complaint.

217.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 217 of the Complaint.

218.    In response to the allegations of paragraph 218 of the Complaint, the Tremont Defendants repeat and incorporate by reference all of the foregoing paragraphs of this Answer as if fully set forth herein.

219.    Deny the allegations of paragraph 219 of the Complaint.

220.    Deny the allegations of paragraph 220 of the Complaint.

221.    Deny the allegations of paragraph 221 of the Complaint.

222.    Deny the allegations of paragraph 222  of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead fraud and scienter with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and section 21D of the Securities Exchange Act of 1934,

17

15 U.S.C. § 78u-4.

### THIRD AFFIRMATIVE DEFENSE

As demonstrated by the documents from Tremont's records attached as exhibits hereto, Plaintiffs' claims are barred in whole or in part by the statute of limitations and repose set forth in 28 U.S.C. § 1658(b).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their breaches of and/or misrepresentations in their respective limited partnership agreements and subscription agreements.

WHEREFORE, Tremont prays that this Court enter a judgment:

(a)     dismissing the claims with prejudice and denying Plaintiffs any relief;

(b)     awarding Tremont the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

(c)     granting Tremont such other and further relief as the Court may deem appropriate.

Dated:  New York, New York
        December 6, 2013

/s/ Seth M. Schwartz
Seth M. Schwartz (Seth.Schwartz@Skadden.com)
Jason C. Vigna (Jason.Vigna@Skadden.com)
John Boyle (John.Boyle@Skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Defendants*
  *Tremont Partners, Inc. and*
  *Tremont Group Holdings, Inc.*

18