UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master File No. 08 Civ. 11117 (TPG) |
| This Document Relates to:<br><br>STATE LAW ACTION, 08 Civ. 11183 (TPG), and specifically to:<br><br>SPECTRUM SELECT, L.P.,<br><br>Plaintiff,<br><br>- against -<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12 Civ. 9057 (TPG)<br><br>ECF CASES<br>Electronically Filed<br><br>**THE RYE FUNDS' ANSWER AND AFFIRMATIVE DEFENSES** |
| ALBERT ANIKSTEIN, *et al.*,<br><br>Plaintiffs,<br><br>- against -<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12 Civ. 9058 (TPG) |
| MICHAEL BECKER., *et al.*,<br><br>Plaintiffs,<br><br>- against -<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12 Civ. 9060 (TPG) |

[CAPTION CONTINUED ON NEXT PAGE]

| | | |
|---|---|---|
| ALAN BILGORE, *et al.*, | : | |
| Plaintiffs, | : | |
| - against - | : | 12 Civ. 9061 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| KARASEL II, L.P., | : | |
| Plaintiff, | : | |
| - against - | : | 12 Civ. 9062 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SPECTRUM SELECT II, L.P. and SPECTRUM EQUITIES, L.P., | : | |
| Plaintiffs, | : | 12 Civ. 9063 (TPG) |
| - against - | : | |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | | |

| | | |
|---|---|---|
| ROBERT COCCHI, *et al.*, | : | |
| Plaintiffs, | : | |
| - against - | : | 12 Civ. 9064 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | : | |
| Defendants. | : | |

Defendants Rye Select Broad Market Funds L.P, Rye Select Broad Market Prime Fund, L.P. and Rye Select Broad Market XL Fund, L.P., Tremont Market Neutral Fund II, L.P., and Tremont Opportunity Fund II, L.P (the "Funds"), answer the Consolidated Amended Complaint (the "Complaint") filed by Plaintiffs herein as follows:

1. The Funds deny the allegations set forth in paragraph 1 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence hereof.

2. The Funds deny the allegations set forth in paragraph 2 of the Complaint.

3. The Funds deny the allegations set forth in paragraph 3 of the Complaint.

4. The Funds deny the allegations set forth in paragraph 4 of the Complaint, and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

5. The Funds deny the allegations set forth in paragraph 5 of the Complaint.

6. The Funds deny the allegations set forth in paragraph 6 of the Complaint, and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning, except admit the allegations in the first sentence of the second bullet point of the paragraph and admit that BMIS sent trade confirmations to Tremont.

7. The Funds deny the allegations set forth in paragraph 7 of the Complaint, and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

8. The Funds deny the allegations set forth in paragraph 8 of the Complaint.

9. The Funds deny the allegations set forth in paragraph 9 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence thereof.

10. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint

11. The Funds deny the allegations set forth in paragraph 11 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of the paragraph, and of the third, fourth, fifth and sixth sentences of the first bullet point of the paragraph.

12. The Funds deny the allegations set forth in paragraph 12 of the Complaint, except admit that the Plaintiffs have sued the named Defendants, Plaintiffs invested either directly or indirectly in the Funds, and Tremont Partners, Inc. is the general partner of the Funds.

13. The Funds deny the allegations set forth in paragraph 13 of the Complaint, except admit that the Funds are Delaware limited partnerships.

14. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, except admit that Tremont Partners, Inc. is the general partner of each of the Rye Funds.

15. The Funds deny the allegations set forth in paragraph 15 of the Complaint, except admit the allegations contained the first sentence thereof.

16. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint purports to assert a conclusion of law to which no response is required.

18. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, except admit that the Funds are subject to the personal jurisdiction of this Court.

19. The Funds deny the allegations of paragraph 19 of the Complaint, but admit that venue is proper in this Court.

20. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, except admit the first sentence thereof.

21. The Funds deny the allegations set forth in paragraph 21 of the Complaint, except admit that Tremont Partners had the power to select investment advisors.

22. The Funds deny the allegations set forth in paragraph 22 of the Complaint.

23. The Funds deny the allegations set forth in paragraph 23 of the Complaint, except admit the first and fourth bullet points of the paragraph, and admit that Rye XL used a swap transaction entitling it to receive three times the reported return of Rye Broad Market Fund, that Rye XL was not managed by Madoff and that Rye XL's returns were determined, in large part, on the performance.

24. The Funds deny the allegations set forth in paragraph 24 of the Complaint, except deny knowledge as information sufficient to Form a belief as to the truth of the allegations contained in second and third sentences thereof.

25. The Funds deny the allegations set forth in paragraph 25 of the Complaint.

26. The Funds deny the allegations set forth in paragraph 26 of the Complaint, except admit that the interests were offered exclusively through PPMs.

27. The Funds deny the allegations set forth in paragraph 27 of the Complaint, except admit that each of the Funds had a separate PPM.

28. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, except admit that the Funds provided investors with copies of the relevant PPM for the fund in which they invested.

29. The Funds deny the allegations set forth in paragraph 29 of the Complaint, except admit that, after Plaintiffs invested in the Funds, Tremont sent one or more Plaintiffs fact sheets for the Funds.

30. The Funds deny the allegations set forth in paragraph 30 of the Complaint, and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

31. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. The Funds deny the allegations set forth in paragraph 32 of the Complaint.

33. The Funds deny the allegations set forth in paragraph 33 of the Complaint, except admit that Statements in the PPMs were made in connection with the sale of limited partnership interests in the Funds.

34. The Funds deny the allegations set forth in paragraph 34 of the Complaint.

35. The Funds deny the allegations set forth in paragraph 35 of the Complaint, and respectfully refer the Court to the documents referenced therein for their true and complete terms, content and meaning.

36. The Funds deny allegations set forth in paragraph 36 of the Complaint, and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

37. The Funds deny the allegations set forth in paragraph 37 of the Complaint.

38. The Funds deny the allegations set forth in paragraph 38 of the Complaint.

39. The Funds deny the allegations set forth in paragraph 39 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

40. The Funds deny the allegations set forth in paragraph 40 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

41. The Funds deny the allegations set forth in paragraph 41 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

42. The Funds deny the allegations set forth in paragraph 42 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

43. The Funds deny the allegations set forth in paragraph 43 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

44. The Funds deny the allegations set forth in paragraph 44 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

45. The Funds deny the allegations set forth in paragraph 45 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

46. The Funds deny the allegations set forth in paragraph 46 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

47. The Funds deny the allegations set forth in paragraph 47 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

48. The Funds deny the allegations set forth in paragraph 48 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

49. The Funds deny the allegations set forth in paragraph 49 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

50. The Funds deny the allegations set forth in paragraph 50 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

51. The Funds deny the allegations set forth in paragraph 51 of the Complaint and respectfully refer the Court to the referenced website or documents themselves for their true and complete terms, content, context and meaning.

52. The Funds deny the allegations set forth in paragraph 52 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

53. The Funds deny the allegations set forth in paragraph 53 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

54. The Funds deny the allegations set forth in paragraph 54 of the Complaint respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

55. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56. The Funds deny the allegations in paragraph 56 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

57. The Funds deny the allegations set forth in paragraph 57 of the Complaint.

58. The Funds deny the allegations set forth in paragraph 58 of the Complaint.

59. The Funds deny the allegations set forth in paragraph 59 of the Complaint.

60. The Funds deny the allegations set forth in paragraph 60 of the Complaint.

61. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint

62. The Funds deny the allegations set forth in paragraph 62 of the Complaint.

63. The Funds deny the allegations set forth in paragraph 63 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

64. The Funds deny the allegations set forth in paragraph 64 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

65. The Funds deny the allegations set forth in paragraph 65 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

66. The Funds deny the allegations set forth in paragraph 66 of the Complaint.

67. The Funds deny the allegations set forth in paragraph 67 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

68. The Funds deny the allegations set forth in paragraph 68 of the Complaint.

69. The Funds deny knowledge or information sufficient to form belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. The Funds deny the allegations set forth in paragraph 71 of the Complaint.

72. The Funds deny the allegations set forth in paragraph 72 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

73. The Funds deny the allegations set forth in paragraph 73 of the Complaint and respectfully refer this Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

74. The Funds deny the allegations set forth in paragraph 74 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

75. The Funds deny the allegations set forth in paragraph 75 of the Complaint.

76. The Funds deny the allegations set forth in paragraph 76 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences thereof.

77. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

78. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

79. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint and respectfully refer this Court to the referenced documents themselves for the true and complete terms, content, context and meaning, except admit that Madoff was arrested on December 11, 2008.

80. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81. The Funds deny the allegations set forth in paragraph 81 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

82. The Funds deny the allegations set forth in paragraph 82 of the Complaint, except admit that BMIS sent paper trade tickets to Tremont after the trades reportedly were executed and sent monthly statements to Tremont.

83. The Funds deny the allegations set forth in paragraph 83 of the Complaint.

84. The Funds deny the allegations set forth in paragraph 84 of the Complaint.

85. The Funds deny the allegations set forth in paragraph 85 of the Complaint.

86. The Funds deny the allegations set forth in paragraph 86 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

87. The Funds deny the allegations set forth in paragraph 87 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

88. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

89. The Funds deny the allegations set forth in paragraph 89 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

90. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint, except admit the allegations in the second sentence thereof.

93. The Funds deny the allegations set forth in paragraph 93 of the Complaint.

94. The Funds deny the allegations set forth in paragraph 94 of the Complaint.

95. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

96. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

97. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

98. The Funds deny the allegations set forth in paragraph 98 of the Complaint.

99. The Funds deny the allegations set forth in paragraph 99 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

100. The Funds deny the allegations set forth in paragraph 100 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

101. The Funds deny the allegations set forth in paragraph 101 of the Complaint.

102. The Funds deny the allegations set forth in paragraph 102 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

103. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

104. The Funds deny the allegations set forth in paragraph 104 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

105. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint and respectfully refer the Court to the referenced documents themselves for their terms, content, context and meaning.

106. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint, except admit that on December 11, 2008, Madoff revealed that he had engaged in a massive fraud.

107. The Funds deny the allegations set forth in paragraph 107 of the Complaint.

108. The Funds deny the allegations set forth in paragraph 108 of the Complaint.

109. The Funds deny the allegations set forth in paragraph 109 of the Complaint.

110. The Funds deny the allegations set forth in paragraph 110 of the Complaint.

111. The Funds deny the allegations set forth in paragraph 111 of the Complaint.

112. The Funds deny the allegations set forth in paragraph 112 of the Complaint.

113. The Funds deny the allegations set forth in paragraph 113 of the Complaint.

114. The Funds deny the allegations set forth in paragraph 114 of the Complaint.

115. The Funds deny the allegations set forth in paragraph 115 of the Complaint.

116. The Funds deny the allegations set forth in paragraph 116 of the Complaint.

117. The Funds deny the allegations set forth in paragraph 117 of the Complaint.

118. The Funds deny the allegations set forth in paragraph 118 of the Complaint.

119. The Funds deny the allegations set forth in paragraph 119 of the Complaint.

120. The Funds deny the allegations set forth in paragraph 120 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence thereof.

121. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Complaint.

122. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Complaint.

123. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Complaint.

124. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Complaint.

125. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Complaint.

126. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the Complaint.

127. The Funds admit the allegations set forth in paragraph 127 of the Complaint.

128. The Funds deny the allegations set forth in paragraph 128 of the Complaint, except admit that BMIS provided paper trade confirmations after reported trades for the Funds were executed.

129. The Funds deny the allegations set forth in paragraph 129 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding other investors and Madoff.

130. The Funds deny the allegations set forth in paragraph 130 of the Complaint, except admit that the Funds did not have real time access to trade information from BMIS.

131. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Complaint.

132. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Complaint.

133. The Funds deny the allegations set forth in paragraph 133 of the Complaint.

134. The Funds deny the allegations in paragraph 134 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning, except admit that Citibank and one of the Funds entered into a $300 million credit facility, the parties extended the term and increased the amount of the facility over time, the facility expired by its terms, and deny knowledge and information sufficient to form a belief as to the truth of the allegations regarding Madoff's meeting with Citibank.

135. The Funds deny the allegations set forth in paragraph 135 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

136. The Funds deny the allegations set forth in paragraph 136 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

137. The Funds deny the allegations set forth in paragraph 137 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

138. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

139. The Funds deny the allegations set forth in paragraph 139 of the Complaint.

140. The Funds deny the allegations in paragraph 140 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

141. The Funds deny the allegations set forth in paragraph 141 of the Complaint.

142. The Funds deny the allegations set forth in paragraph 142 of the Complaint, except admit that Tremont Group Holdings, Inc. is a wholly-owned subsidiary of Oppenheimer Acquisitions Corp. and was acquired by Oppenheimer in 2001.

143. The Funds deny the allegations set forth in paragraph 143 of the Complaint.

144. The Funds deny the allegations set forth in paragraph 144 of the Complaint.

145. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 of the Complaint.

146. The Funds deny the allegations set forth in paragraph 146 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete

terms, content, context and meaning, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of that paragraph.

147. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

148. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

149. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149 of the Complaint.

150. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 150 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

151. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151 of the Complaint.

152. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

153. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153 of the Complaint, except admit that Tremont Group Holdings, Inc. is a wholly-owned subsidiary of Oppenheimer Acquisitions Corp. and was acquired by Oppenheimer in 2001.

154. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

155. The Funds deny the allegations set forth in paragraph 155 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of that paragraph.

156. The Funds deny the allegations set forth in paragraph 156 of the Complaint.

157. The Funds deny the allegations set forth in paragraph 157 of the Complaint.

158. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

159. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained set forth in paragraph 159 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

160. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

161. The Funds deny the allegations set forth in paragraph 161 of the Complaint.

162. The Funds deny the allegations in paragraph 162 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

163. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the Complaint, except admit the allegations contained in the first sentence thereof.

164. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164 of the Complaint and respectfully refer the Court to the website referenced therein for its true and complete content.

165. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165 of the Complaint.

166. The Funds deny the allegations set forth in paragraph 166 of the Complaint.

167. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations contained set forth in paragraph 167 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

168. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 168 of the Complaint.

169. The Funds deny the allegations set forth in paragraph 169 of the Complaint, and respectfully refer this Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

170. The Funds deny the allegations in paragraph 170 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

171. The Funds deny the allegations in paragraph 171 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

172. The Funds deny the allegations in paragraph 172 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

173. The Funds deny the allegations set forth in paragraph 173 of the Complaint.

174. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 174 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

175. The Funds deny the allegations set forth in paragraph 175 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

176. The Funds deny the allegations set forth in paragraph 176 of the Complaint.

177. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 of the Complaint and respectfully refer the Court to the

referenced documents themselves for their true and complete terms, content, context and meaning.

178. The Funds deny the allegations set forth in paragraph 178 of the Complaint.

179. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 179 of the Complaint.

180. The Funds deny the allegations set forth in paragraph 180 of the Complaint and respectfully refer the Court to the referenced documents themselves for their terms, content, context and meaning.

181. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 181 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

182. The Funds deny the allegations set forth in paragraph 182 of the Complaint.

183. The Funds deny the allegations set forth in paragraph 183 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

184. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 184 of the Complaint.

185. The Funds deny the allegations set forth in paragraph 185 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

186. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 186 of the Complaint.

187. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 187 of the Complaint.

188. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

189. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 189 of the Complaint.

190. The Funds deny the allegations set forth in paragraph 190 of the Complaint.

191. The Funds admit the allegations set forth in paragraph 191 of the Complaint.

192. The Funds deny the allegations set forth in paragraph 192 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

193. The Funds deny the allegations set forth in paragraph 193 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

194. The Funds deny the allegations set forth in paragraph 194 of the Complaint.

195. The Funds deny the allegations set forth in paragraph 195 of the Complaint.

196. The Funds deny the allegations in paragraph 196 of the Complaint.

197. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 197 of the Complaint.

198. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 198 of the Complaint.

199. The Funds incorporate by reference the responses contained in the prior paragraphs with the same force and effect as if set forth at length herein.

200. The Funds deny the allegations in paragraph 200 of the Complaint and respectfully refer the Court to the referenced documents themselves for their true and complete terms, content, context and meaning.

201. The Funds deny the allegations set forth in paragraph 201 of the Complaint.

202. The Funds deny the allegations set forth in paragraph 202 of the Complaint.

203. The Funds deny the allegations set forth in paragraph 203 of the Complaint.

204. The Funds deny the allegations set forth in paragraph 204 of the Complaint.

205. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the Complaint.

206. The Funds deny the allegations set forth in paragraph 206 of the Complaint.

207. The Funds deny the allegations set forth in paragraph 207 of the Complaint.

208. The Funds deny the allegations set forth in paragraph 208 of the Complaint.

209. The Funds deny the allegations set forth in paragraph 209 of the Complaint.

210. The Funds incorporate by reference the responses contained in the prior paragraphs with the same force and effect as if set forth at length herein.

211. The Funds deny the allegations set forth in paragraph 211 of the Complaint.

212. The Funds deny the allegations set forth in paragraph 212 of the Complaint.

213. The Funds deny the allegations set forth in paragraph 213 of the Complaint.

214. The Funds deny the allegations set forth in paragraph 214 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence thereof.

215. The Funds deny the allegations set forth in paragraph 215 of the Complaint.

216. The Funds deny the allegations set forth in paragraph 216 of the Complaint.

217. The Funds deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 213 of the Complaint.

218. The Funds incorporate by reference the responses contained in the prior paragraphs with the same force and effect as if set forth at length herein.

219. The Funds deny the allegations set forth in paragraph 219 of the Complaint.

220. The Funds deny the allegations set forth in paragraph 220 of the Complaint.

221. The Funds deny the allegations set forth in paragraph 221 of the Complaint.

222. The Funds deny the allegations set forth in paragraph 222 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Funds upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by virtue of the exculpation provisions set forth in the Limited Partnership Agreements.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' assumption of risk.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead fraud and scienter with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and repose set forth in 28 U.S.C. § 1658(b).

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by virtue of Plaintiffs' own material breaches of their respective subscription and limited partnership agreements with the Funds.

WHEREFORE, the Funds demand judgment:

A. Dismissing the Complaint, with prejudice;

B. Awarding the Funds the costs of defending this action, including reasonable attorneys' fees; and

C. Granting the Funds such other, further and different relief as this Court deems just and appropriate.

Dated: New York, New York
December 19, 2013

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

s/ David J. Kanfer

David J. Kanfer
kanfer@thsh.com

Ralph A. Siciliano
siciliano@thsh.com

900 Third Avenue
New York, New York 10022

(212) 508-6700

*Attorneys for Defendants*
*Rye Select Broad Market Fund, L.P.,*
*Rye Select Broad Market Prime Fund, L.P.,*
*Rye Select Broad Market XL Fund, L.P.,*
*Tremont Market Neutral Fund II, L.P. and*
*Tremont Opportunity Fund II, L.P.*