UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| IN RE TREMONT SECURITIES LAW, | : | |
| STATE LAW AND INSURANCE | | Master File No. |
| LITIGATION | : | 08 Civ. 11117 (TPG) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| This Document Relates to: | : | 12 Civ. 9057 (TPG) |
| | | 12 Civ. 9058 (TPG) |
| SPECTRUM SELECT, L.P., et al., | : | 12 Civ. 9060 (TPG) |
| | | 12 Civ. 9061 (TPG) |
| Plaintiffs, | : | 12 Civ. 9062 (TPG) |
| | | 12 Civ. 9063 (TPG) |
| - against- | : | 12 Civ. 9064 (TPG) |
| | : | |
| TREMONT GROUP HOLDINGS, INC., et al., | : | |
| | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**TREMONT DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT
<u>ON THE PLEADINGS DISMISSING THE CONSOLIDATED AMENDED COMPLAINT</u>**


SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
  Tremont Partners, Inc. and
  Tremont Group Holdings, Inc.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

ARGUMENT ...........................................................................................................................1

I.     PLAINTIFFS' CLAIMS ARE TIME-BARRED ...............................................................1

       A.     Stale Claims Cannot Be Revived Under Rule 15 ....................................................1

       B.     The Repose Period Starts Running on the Date of Purchase ..................................4

       C.     Plaintiffs Filed Their Amended Claims On October 3, 2013 ..................................5

II.    THE COMPLAINT FAILS TO STATE A SECTION 10(b) CLAIM AGAINST
       TREMONT ...........................................................................................................6

       A.     The Complaint Does Not Adequately Allege the Element of Reliance ...................6

       B.     The Complaint Does Not Adequately Allege the Element of Scienter ...................8

CONCLUSION .........................................................................................................................10

**TABLE OF AUTHORITIES**

Page

**CASES**

Affiliated Ute Citizens of Utah v. United States,
    406 U.S. 128 (1972)................................................................6

Arco Capital Corp. v. Deutsche Bank AG,
    949 F. Supp. 2d 532 (S.D.N.Y. 2013)................................4

Arnold v. KPMG LLP,
    334 F. App'x 349 (2d Cir. 2009)........................................4

Ashland Inc. v. Morgan Stanley & Co.,
    652 F.3d 333 (2d Cir. 2011)................................................8

Baldain v. American Home Mortgage Servicing Inc.,
    Civ. S-09-0931, 2010 U.S. Dist. LEXIS 82876 (E.D. Cal. June 28, 2010)................3

Blue Chip Stamps v. Manor Drug Stores,
    421 U.S. 723 (1975)................................................................5

In re Boesky Securities Litigation,
    882 F. Supp. 1371 (S.D.N.Y. 1995)................................2

Brehm v. Eisner,
    746 A.2d 244 (Del. 2000)................................................10

In re Tremont Securities Law, State Law & Insurance Litigation (Elendow Fund, LLC v.
    Rye Select Broad Market XL Fund),
    08 Civ. 11117, 2013 WL 5179064, (S.D.N.Y. Sept. 16, 2013).................8

Footbridge Ltd. Trust v. Countrywide Financial Corp.,
    770 F. Supp. 2d 618 (S.D.N.Y. 2011)................................2

In re Gilat Satellite Networks, Ltd.,
    CV-02-1510, 2005 U.S. Dist. LEXIS 41996 (E.D.N.Y. Sept. 19, 2005)................5

Grondahl v. Merrrit& Harris, Inc.,
    964 F.2d 1290 (2d Cir. 1992)................................4

In re Lehman Bros. Securities & ERISA Litigation,
    799 F. Supp. 2d 258 (S.D.N.Y. 2011)................................2

In re Longtop Financial Technologies Ltd. Securities Litigation,
    939 F. Supp. 2d 360 (S.D.N.Y. 2013)................................1, 3, 6

Matana v. Merkin,
13 Civ. 1534, 2014 U.S. Dist. LEXIS 13747 (S.D.N.Y. Feb. 4, 2014) ............................10

In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,
04 Civ. 3417, 2007 WL 2979642 (S.D.N.Y. Oct. 10, 2007) ................................................6

In re Moody's Corp. Securities Litigation,
274 F.R.D. 480 (S.D.N.Y. 2011) .......................................................................................8

Moore v. Indiana,
999 F.2d 1125 (7th Cir. 1993) ...........................................................................................5

P. Stolz Family Partnership L.P. v. Daum,
355 F.3d 92 (2d Cir. 2004)................................................................................................3

Police & Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc.,
721 F.3d 95 (2d Cir. 2013)......................................................................................1, 2, 3, 5

Resolution Trust Corp. v. Olson,
768 F. Supp. 283 (D. Ariz. 1991) .....................................................................................3

In re Salomon Analyst Metromedia Litigation,
236 F.R.D. 208 (S.D.N.Y. 2006) ......................................................................................7

Starr ex rel. Estate of Sampson v. Georgeson Shareholder, Inc.,
412 F.3d 103 (2d Cir. 2005)......................................................................................6, 7, 8

In re Steadivest, LLC,
09-01013, 2013 Bankr. LEXIS 382 (Bankr. S.D. Miss. Jan. 24, 2013) ............................3

Teamsters Local 445 Freight Division Pension Fund v. Bombardier, Inc.,
05 Civ. 1898, 2006 WL 2161887 (S.D.N.Y. Aug. 1, 2006) ................................................7

Wal-Mart Stores v. Dukes,
131 S.Ct 2541 (2011)........................................................................................................2

## STATUTES AND RULES

28 U.S.C. § 1658(b) ............................................................................................................4

28 U.S.C. § 2072(b) ............................................................................................................1

Tremont respectfully submits this reply memorandum of law in further support of its motion for judgment on the pleadings dismissing the Consolidated Amended Complaint (the "Complaint" or "Amended Complaint").[1]

## ARGUMENT

### I.   PLAINTIFFS' CLAIMS ARE TIME-BARRED

#### A.   Stale Claims Cannot Be Revived Under Rule 15

Federal statutes of repose create a "'*substantive* right . . . to be free from liability'" after a specified period of time.  Police & Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc., 721 F.3d 95, 106 (2d Cir. 2013), petition for cert. filed, 82 U.S.L.W. 3371 (U.S. Nov. 22, 2013) (No. 13-640, 13A270) (citation omitted) ("IndyMac").  Once that period expires, the Rules Enabling Act forecloses "relation back" under Rule 15 of the Federal Rules of Civil Procedure ("Rule 15").  See In re Longtop Fin. Techs. Ltd. Sec. Litig., 939 F. Supp. 2d 360, 379-80 (S.D.N.Y. 2013). Consequently, federal statutes of repose may not be tolled absent express authorization by Congress, and stale federal claims may not be revived under Rule 15.  See IndyMac, 721 F.3d  at 107-110; Longtop, 939 F. Supp. 2d at 379-80.

As for the Rules Enabling Act, it authorizes the Supreme Court to prescribe general rules of practice and procedure – including the Federal Rules of Civil Procedure (the "Federal Rules").  The Act is qualified, however, as follows: "Such rules shall not abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(b).  As the Second Circuit has recognized, "[t]he use of the term 'shall' in [the Act's] language indicates its mandatory nature," thereby binding courts to its "dictates," including the prohibition against construing rules of procedure to "'abridge, enlarge or

---

[1]   Unless otherwise defined herein, capitalized terms have the same meaning as in the Tremont Defendants' Memorandum of Law in Support of Their Motion for Judgment on the Pleadings, filed December 6, 2013 ("Moving Brief" or "Mov. Br.").  The terms "Opposition Brief" or "Opp'n" refer to Plaintiffs' Memorandum of Law in Opposition to the Motion, filed January 31, 2014.

modify any substantive right.'" IndyMac, 721 F.3d at 109 (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2561 (2011)).

Applying this principle to determine the timeliness of claims asserted under the Securities Act of 1933, the Second Circuit in IndyMac held that the applicable statute of repose codified in Section 13 of the Act could not be tolled under Rule 23 of the Federal Rules, finding that such a result would "necessarily enlarge or modify a substantive right and violate the Rules Enabling Act." 721 F.3d at 109; accord Footbridge Ltd. Trust v. Countrywide Fin. Corp., 770 F. Supp. 2d 618, 626 (S.D.N.Y. 2011) (Rule 23 cannot trump a statute of repose). The same rationale precludes relation back under Rule 15. See also In re Lehman Bros. Sec. & ERISA Litig., 799 F. Supp. 2d 258, 310 (S.D.N.Y. 2011) (Rule 15 may not be construed to permit relation back of a claim barred by statute of repose "because such a construction would conflict with the Rules Enabling Act") (citation omitted).[2]

According to plaintiffs, the foregoing analysis is inapplicable where, as here, a complaint has been amended to add new federal claims, but asserts them solely against defendants named in the original complaint. (Opp'n at 21). Courts considering this argument have rejected it, however, on the ground that the bar of a statute of repose is absolute. For example, in Longtop, the court ruled that an amended Section 10(b) claim asserted against originally named defendants did not and could not relate back to the date of the original complaint. Noting the "trend in this District . . . is to hold a period of repose inviolable unless specifically modified by statute," the court held that

---

[2]   None of the authorities cited by plaintiffs mentions, much less considers, the impact of the Rules Enabling Act. Moreover, cases such as In re Boesky Securities Litigation, 882 F. Supp. 1371 (S.D.N.Y. 1995) (Opp'n at 20), effectively have been overruled by IndyMac given that they are based on the erroneous premise, rejected by the Second Circuit, that a "statute of repose only eliminates a remedy; it does not extinguish the right to recover for violations of § 10(b)." In re Boesky, 882 F. Supp. at 1381. Cf. IndyMac, 721 F.3d at 106 ("statutes of repose 'create[] a *substantive* right in those protected to be free from liability after a legislatively-determined period of time'") (citations omitted).

"when a claim is barred by a statute of repose, 'Rule 15 may not be construed to permit relation back because such a construction would conflict with the Rules Enabling Act.'" 939 F. Supp. 2d at 380 (citation omitted); accord In re Steadivest, LLC, 09-01013-EE, 2013 Bankr. LEXIS 382, at *29-30 (Bankr. S.D. Miss. Jan. 24, 2013); Baldain v. Am. Home Mortg. Servicing, Inc., Civ. S-09-0931, 2010 U.S. Dist. LEXIS 82876, at *20 n.6 (E.D. Cal. June 28, 2010); Resolution Trust Corp. v. Olson, 768 F. Supp. 283, 285 (D. Ariz. 1991).

Contrary to plaintiffs' contention (Opp'n at 21), once a claim has been filed with the court and the applicable statute of repose has started to run, a subsequent amendment of the claim does not relate back to the date of the original complaint merely because it arises from the same transaction or occurrence alleged in the original pleading. As recently explained by Judge Scheindlin in language applicable here:

> The rule that [relation back should be liberally granted] "[w]here no new cause of action is alleged" . . . derives from the principle that, in those circumstances, "'adequate notice of the matters raised in the amended pleadings has been given to the opposing party within the statute of limitations by the general fact[] situation alleged in the original pleading.'" *This principle is inapplicable to statutes of repose*, under which it is irrelevant whether parties have notice of a claim.

Longtop, 939 F. Supp. 2d at 379-80 (second and fourth alterations in original) (emphasis added) (footnote omitted) (citations omitted).

Consequently, plaintiffs' contention that they "are merely amending the legal basis for [their] fraud claims" (Opp'n at 22) does nothing to alter the conclusion that all amended claims are time-barred to the extent the applicable statute of repose expired before plaintiffs filed their Amended Complaint.[3] Id.

---

[3]   Because the bar of the statute of repose is absolute, IndyMac, 721 F.3d at 107, the possibility that a plaintiff may find herself without recourse is not necessarily inconsistent with purpose of a statute of repose. See P. Stolz Family P'ship L.P. v. Daum, 355 F.3d 92, 103 (2d Cir. 2004).

**B.      The Repose Period Starts Running on the Date of Purchase**

In Arnold v. KPMG LLP, the Second Circuit squarely held that the statute of repose

applicable to claims arising under Section 10(b) of the Exchange Act "'starts to run on the date the

parties have committed themselves to complete the purchase or sale transaction.'"  334 F. App'x

349, 351 (2d Cir. 2009) (citation omitted).  Plaintiffs nevertheless argue that the statute started to

run in this case in December 2008, the date of Tremont's last alleged misrepresentation.  (Opp'n at

22-24).  This argument falls prey to Arnold (among other authorities), which specifically rejected

the argument – made by plaintiffs here – "that the period of repose begins to run at the time of the

last . . . misrepresentation (even when made after the final purchase or sale of the securities)."

Arnold, 334 F. App'x at 351.

To be sure, plaintiffs attempt to dismiss Arnold as a non-precedential summary order.

(Opp'n at 23).  But Arnold is directly on point and squarely rejects plaintiffs' "last

misrepresentation" theory.  Moreover, in holding that the claims in Arnold were time-barred, the

Second Circuit "relied on a prior [published] decision, which held that 'the statute of repose in

federal securities law claims starts to run on the date the parties have committed themselves to

complete the purchase or sale transaction.'"  Arco Capital Corp. v. Deutsche Bank AG, 949 F. Supp.

2d 532, 545 (S.D.N.Y. 2013) (quoting Grondahl v. Merritt & Harris, Inc., 964 F.2d 1290, 1294 (2d

Cir. 1992)).  Thus, even if plaintiffs could sweep Arnold under the rug, Grondahl indisputably is

binding authority establishing that the statute of repose applicable to the amended claims at issue

here began to run on the date plaintiffs purchased limited partnership interests in the Funds.

Plaintiffs' "last misrepresentation" theory also fails in light of the language of the applicable

statute of repose, 28 U.S.C. § 1658(b), which requires commencement of a claim within five years

of an alleged "violation" of Section 10(b) of the Exchange Act.  In that connection, as the Second

Circuit has held, "[t]he violation occurs on the date that the plaintiff, in reliance on the [alleged]

misrepresentation, purchases, or sells the securities in question." In re Gilat Satellite Networks, Ltd., CV-02-1510, 2005 U.S. Dist. LEXIS 41996, at *69 (E.D.N.Y. Sept. 19, 2005) (citing Grondahl).  Because most of the claims here are based exclusively on alleged "violations," i.e., securities transactions, occurring more than five years before plaintiffs filed their Amended Complaint, all of those claims are time-barred.[4]

### C.   Plaintiffs Filed Their Amended Claims On October 3, 2013

Plaintiffs filed the Amended Complaint containing their amended claims on October 3, 2013.  Plaintiffs did not, as they now contend, "effectively" file those claims eight months earlier in February 2013 by requesting leave to amend in their brief opposing Tremont's motion to dismiss the original complaints.  (Opp'n at 24).  This argument, based on two related rules of procedure, fails to withstand analysis.

The first rule is that "the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations."  Moore v. Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993).  This rule is inapposite here because plaintiffs in this case (in contrast to the plaintiffs in Moore) did not submit a proposed amended complaint along with their request for leave to amend.  Moreover, the statute at issue in this case (in contrast to Moore) is not a statute of limitations subject to equitable tolling, but rather, a statute of repose that cannot be tolled under any circumstances.  See IndyMac, 721 F.3d at 107.  Thus, the Moore rule does nothing to alter the conclusion that plaintiffs'

---

[4]   Plaintiffs contend Tremont made misrepresentations until Madoff was arrested on December 11, 2008. (Opp'n at 24).  With one exception, however, no plaintiff purchased partnership interests in December 2008.  Without such a purchase, a misrepresentation, by itself, does not constitute a violation of Section 10(b) of the Exchange Act.  E.g., Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975). Consequently, plaintiffs fail in their effort to stretch the statute of repose by alleging "continuing misrepresentations" untethered to any subsequent purchase of limited partnership interests in the Funds.

unadorned request for leave to amend in February 2013 had no effect whatsoever on the running of the statute of repose.

The other rule states that "[w]hen a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitation purposes." In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 04 Civ. 3417, 2007 WL 2979642, at *4 (S.D.N.Y. Oct. 10, 2007) (alteration in original) (citation omitted). This rule is based on the theory "that a newly-named defendant is on notice at the time a plaintiff files its motion because the plaintiff attached the proposed amended complaint to the motion." Id. But again, in this case, no proposed amended complaint accompanied plaintiffs' request for leave to amend, and the statute at issue here is a statute of repose, "under which it is irrelevant whether parties have notice of a claim." Longtop, 939 F. Supp. 2d at 380. Accordingly, all of plaintiffs' amended claims are time-barred by the statute of repose to the extent they are based on securities transactions occurring on or before October 3, 2008, i.e., more than five years before the filing of the Amended Complaint.

## II. THE COMPLAINT FAILS TO STATE A SECTION 10(b) CLAIM AGAINST TREMONT

### A. The Complaint Does Not Adequately Allege the Element of Reliance

As demonstrated in Tremont's Moving Brief, the Amended Complaint fails to adequately allege reliance by plaintiffs on any misrepresentation purportedly made by Tremont. (See Mov. Br. at 11-12). Plaintiffs do not dispute this point, arguing instead that they are entitled a presumption of reliance under Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 153 (1972). Plaintiffs are wrong as a matter of law.

The Affiliated Ute presumption applies solely to Section 10(b) claims "'involving primarily a failure to disclose.'" Starr ex rel. Estate of Sampson v. Georgeson S'holder, Inc., 412 F.3d 103,

109 n.5 (2d Cir. 2005) (quoting <u>Affiliated Ute</u>, 406 U.S. at 153).  The claims here, however, are not

primarily omission claims.  On the contrary, the gravamen of the Complaint is that Tremont made

affirmative misrepresentations regarding its oversight of Madoff which were false and misleading

because Tremont purportedly conducted no oversight whatsoever.  (Compl. ¶¶ 30, 32, 35, 37-59).

While plaintiffs now seek to recharacterize the Complaint as one alleging "numerous material

omissions" purportedly made by Tremont (Opp'n at 10), the Complaint does *not* allege that

Tremont violated Section 10(b) by failing to disclose material facts.  Rather, the Complaint alleges

various "omissions" solely for purposes of attempting to show (a) Tremont's purported

representations were false and misleading, and (b) Tremont made the alleged misstatements with

intent to deceive plaintiffs.  As pled in the Complaint:  "Considering what they knew and what they

failed to do and disclose, Defendants' *representations to Plaintiffs* were false and misleading, and

made with fraudulent and reckless *intent*."  (Compl. ¶ 56 (emphasis added)); <u>see</u> <u>id.</u> ¶ 59

("Tremont's omission of the true facts about its monitoring process with respect to Madoff . . .

underscore the *fraudulent and reckless intent* behind [Tremont's purported] *misstatements*"); ¶ 68

(Tremont never disclosed "true facts . . . necessary to make *its representations* about its vigilant

and thorough research and management not misleading) (emphasis added).[5]

   Under the circumstances, this is a misrepresentation, not an omission, case.  <u>See Starr</u>, 412

F.3d at 109 n.5.  Because affirmative statements (*i.e.*, the alleged due diligence representations)

"are central to the alleged fraud, [plaintiffs] cannot . . . rely on the <u>Affiliated Ute</u> presumption."

<u>Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.</u>, 05 Civ. 1898, 2006 WL

---

[5]   As then District Court Judge Lynch noted in <u>In re Salomon Analyst Metromedia Litigation</u>, "affirmative
misleading statements always omit *something*; namely, they omit the information that would correct or
mitigate their misleading nature and thereby render the statements true." 236 F.R.D. 208, 219 (S.D.N.Y.
2006), <u>vacated in part on other grounds</u>, 544 F.3d 474 (2d Cir. 2008).  Nevertheless, where, as here,
"positive misstatements form the primary basis of the . . . claims . . . the <u>Affiliated Ute</u> exception does
not apply."  <u>Id.</u> at 219-20 (citation omitted).

2161887, at *9 (S.D.N.Y. Aug. 1, 2006), aff'd, 546 F.3d 196 (2d Cir. 2008); see also Starr, 412

F.3d at 109 n.5 (Affiliated Ute presumption not applicable where, as here, plaintiff alleged in

essence that omissions "exacerbated the misleading nature of the [defendants'] affirmative

statements"); In re Moody's Corp. Sec. Litig., 274 F.R.D. 480, 494 (S.D.N.Y. 2011) (no

presumption of reliance for claim alleging that misrepresentations "left investors with an allegedly

false impression of the quality and thoroughness of [its] examination into loan originator

standards").  Consequently, plaintiffs' undisputed failure to adequately allege reliance in their

Complaint warrants dismissal of their amended pleading.  See Ashland Inc. v. Morgan Stanley &

Co., 652 F.3d 333, 339 (2d Cir. 2011) (affirming dismissal of Section 10(b) claim for failure to

plead reasonable reliance).

>      **B.      The Complaint Does Not Adequately**
>      **Allege the Element of Scienter**

Although plaintiffs attempt to distinguish this Court's decision in Elendow, it is virtually on

"all fours" and compels the conclusion that plaintiffs have not adequately alleged scienter here.  In

this case, plaintiffs' allegations of fraudulent intent are based on essentially the same e-mails and

other documents relied on by Elendow in framing its complaint.  The plaintiffs here also have

repeated Elendow's tactic of wrenching various words and phrases out of context from Tremont's

documents in the hope it will carry the day.  But as this Court recognized when reviewing those

documents in context with its decision in Elendow, the documents show that Tremont did

continually monitor trading activity on behalf of the Funds:

> In short, the allegations in the complaint tend to show that Tremont did what due
> diligence it could on Madoff.  It may be that a serious program of due diligence
> simply should not have tolerated Madoff's obstructions and lack of transparency.
> But this is a criticism of Tremont's due-diligence practices, not an allegation that
> they did not exist.

In re Tremont Sec. Law, State Law & Ins. Litig. (Elendow Fund, LLC v. Rye Select Broad Mkt.

XL Fund), 08 Civ. 11117, 2013 WL 5179064, at *6 (S.D.N.Y. Sept. 16, 2013).

Plaintiffs contend their Complaint is different in this case because it alleges "Tremont's deliberate and systematic ignorance of the very basics about Madoff's operation and assets, extending from the inception of the Rye Fund through the collapse of Madoff's scheme."  (Opp'n at 19).  But Elendow alleged essentially the same thing:  Tremont's purported misrepresentations were false because Tremont "conducted no due diligence or oversight with respect to Madoff and BLMIS . . . and failed to monitor Madoff's operations."  (Elendow Compl. ¶ 51).  Here, as in Elendow, these "no monitoring" allegations are facially inadequate because they are entirely conclusory and undermined by the documents integral to the Complaint.  For example, in this case, pointing to nothing other than a "Madoff Operations Review," one of the due diligence memoranda prepared by Tremont in 2006 (see Trans. Decl. Ex. B), plaintiffs baldly contend that Tremont conducted no diligence on Madoff prior to preparation of that document.  (Opp'n at 4-6).  No facts have been alleged, however, to support this conclusory assertion, which is as baseless as it is erroneous.  Plainly, nothing in the Madoff Operations Review states or implies that Tremont engaged in no prior due diligence of Madoff.  Moreover, the Complaint itself alleges that as early as 2001, in connection with its contemplated acquisition of Tremont, Oppenheimer reviewed Tremont's due diligence files concerning "Tremont's business with Madoff and BMIS, as well as on Madoff's investment strategy and the overall nature of BMIS's operations."  (Compl. ¶ 151).[6]

Plaintiffs also fail in their effort to establish scienter by arguing Tremont did not "'check information that [it] had a duty to monitor.'"  (Opp'n at 16).  In that connection, plaintiffs allege no facts to show that Tremont had any duty to check any particular category of information.  (Cf. Opp'n at 16).  Neither the PPMs nor the DDQs referenced in the Complaint contain any

---

[6]   Tremont's diligence efforts prior to 2006 are irrelevant in all events given that Tremont admittedly conducted operational due diligence in 2006 (Opp'n at 4; CAC ¶ 71), and any Section 10(b) claim based on conduct occurring before 2006 is time-barred under the applicable statute of repose.  (See Point I, supra)

representation that Tremont would monitor any aspect of Madoff's business other than his trading activity (see, e.g., Compl. ¶ 43), which, as the Complaint acknowledges, Tremont did in fact monitor.  (Id. ¶¶ 82-84, 128).  While the Complaint accuses Tremont of failing to follow certain purported "best practices" when monitoring Madoff (see, e.g., Compl. ¶¶ 6, 86, 89), such practices are at best "aspirational ideals," not legal requirements.  See Brehm v. Eisner, 746 A.2d 244, 256 (Del. 2000).  Moreover, plaintiffs cite no law imposing any duty on Tremont to check particular aspects of Madoff's business, "such that [its] failure to have done so would bespeak an intent to blind [itself] to obvious truths so as to give rise to an inference of fraudulent intent." Matana v. Merkin, 13 Civ. 1534, 2014 U.S. Dist. LEXIS 13747, at *12 (S.D.N.Y. Feb. 4, 2014).

In sum, the Complaint and the documents integral to it establish the absence of any basis for plaintiffs' conclusory allegations that Tremont knowingly or recklessly failed to monitor Madoff.  The most compelling inference to be drawn from the Complaint and the underlying documents is that Tremont continually monitored Madoff throughout the course of its relationship with him and, despite those efforts, was duped along with numerous other sophisticated investors, the SEC and NASD.

## CONCLUSION

For the reasons stated above and in the Moving Brief, Tremont's Motion for Judgment on the Pleadings Dismissing the Consolidated Amended Complaint should be granted.

Dated:  New York, New York
      February 28, 2014

              Respectfully submitted,

              /s/ Seth M. Schwartz
              Seth M. Schwartz (Seth.Schwartz@Skadden.com)
              Jason C. Vigna (Jason.Vigna@Skadden.com)
              John Boyle (John.Boyle@Skadden.com)
              SKADDEN, ARPS, SLATE,
                MEAGHER & FLOM LLP

Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
  Tremont Partners, Inc. and
  Tremont Group Holdings, Inc.