**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re TREMONT GROUP HOLDINGS, INC. Securities Litigation | Master File No. 08- cv-11117 (TPG) |
| SPECTRUM SELECT, L.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12-cv-9057 (TPG) |
| ALBERT ANIKSTEIN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12-cv-9058 (TPG) |
| MICHAEL BECKER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12-cv-9060 (TPG) |
| ALAN BILGORE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12-cv-9061 (TPG) |
| KARASEL II, L.P., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12-cv-9062 (TPG) |
| [CAPTION CONTINUES ON NEXT PAGE] | |

| | |
|---|---|
| SPECTRUM SELECT II, L.P., *et al.*, <br>  Plaintiffs, <br> v. <br> TREMONT GROUP HOLDINGS, INC., *et al.*, <br>  Defendants. | 12-cv-9063 (TPG) |
| ROBERT COCCHI, *et al.*, <br>  Plaintiffs, <br> v. <br> TREMONT GROUP HOLDINGS, INC., *et al.*, <br>  Defendants. | 12-cv-9064 (TPG) |

**MEMORANDUM OF LAW IN
SUPPORT OF NON-PARTY KPMG LLP'S
<u>MOTION TO INTERVENE PURSUANT TO FRCP 24(B)</u>**

**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

*Of Counsel for non-party KPMG LLP*

*Attorneys for non-party KPMG LLP*

Non-party KPMG LLP ("KPMG") respectfully submits this memorandum in support of its Motion to Intervene and submit as a non-party pursuant to Federal Rule of Civil Procedure 24(b) ("Motion to Intervene") the accompanying Memorandum of Law in Opposition to Plaintiffs' Motion for Reinstatement of their State Law Complaints, Withdrawal of Consolidated Amended Complaint, and Remand.

## PRELIMINARY STATEMENT

KPMG has not been a party to this action since Plaintiffs voluntarily dropped KPMG from the case upon concluding that continuing to pursue claims against KPMG would be futile. Plaintiffs filed a motion for leave to file a consolidated amended complaint before this Court in which they chose not to name KPMG as a defendant.[1] On September 3, 2013, the Court granted Plaintiffs' motion for leave to file the consolidated complaint asserting federal claims against certain defendants and dropping KPMG from the case. *In re Tremont Sec. Law, State Law & Ins. Litig.*, 2013 WL 4730263, at *3 (S.D.N.Y. Sept. 3, 2013). Plaintiffs now have filed a Motion for Reinstatement of Their State-Law Complaints, Withdrawal of Consolidated Amended Complaint, and Remand, in which they seek to reverse course again and undo their strategic decision to assert federal claims against certain defendants and affirmatively invoke this Court's jurisdiction, based on their reading of *Chadbourne & Parke LLP v. Troice*, 134 S. Ct. 1058 (2014). Specifically, Plaintiffs seek to have this Court reinstate KPMG as a defendant (among other things) even though Plaintiffs voluntarily dropped KPMG from the case. In order to protect

---

[1] *Anikstein et al., v. Tremont Group Holdings, Inc., et al.*, 12-cv-9058 (TPG), ECF No. 113 at 1 n.1 ("*Anikstein*"); *Becker v. Tremont Grp Holdings, Inc.*, 12-cv-9060 (TPG), ECF No. 129, at 1 n.1 ("*Becker*"); *Bilgore v. Tremont Grp Holdings, Inc.*, 12-cv-9061 (TPG), ECF No. 139 at 1 n.1  ("*Bilgore*"); *Cocchi v. Tremont Grp Holdings, Inc.*, 12-cv-9064 (TPG), ECF No. 132 at 1 n.1 ("*Cocchi*"); *Karasel I v. Tremont Grp Holdings, Inc.*, 12-cv-9062 (TPG), ECF No. 134 at 1 n.1 ("*Karasel*"); *Spectrum Select, L.P. v. Tremont Grp Holdings, Inc.*, 12-9057 (TPG), ECF No. 119 at 1 n.1 ("*Spectrum I*"); and *Spectrum Select II, L.P. v. Tremont Grp Holdings, Inc.*, 12-cv-9063 (TPG), ECF No. 128 at 1 n.1 ("*Spectrum II*").

its substantial and obvious interest at stake in this dispute, non-party KPMG now moves to

intervene in this litigation.

## PROCEDURAL BACKGROUND

The present action is a consolidation of several actions originally filed in Florida state

court in 2009 and 2010 against former Defendant KPMG, Defendants Tremont Group Holdings,

Inc. and Tremont Partners, Inc. (together, the "Tremont Defendants"), and others. On September

7, 2012, the Florida state court actions were removed to the United States District Court for the

Southern District of Florida pursuant to the Securities Litigation Uniform Standards Act,

15.U.S.C. §§ 78bb(f) *et seq.* ("SLUSA").[2] Following that court's decision that removal was

proper, the Judicial Panel on Multidistrict Litigation transferred the actions to this Court for

coordination with the other lawsuits pending before this Court under the caption *In re Tremont*

*Sec. Law, State Law & Ins. Litig.*, No. 08-cv-11117 (S.D.N.Y.).[3]

By October 26, 2012, KPMG had fully submitted its motion to dismiss the complaints on

various grounds including preclusion under SLUSA,[4] and the Defendants filed with this Court

motions for judgment on the pleadings dismissing the complaints in the removed actions on the

ground they are precluded by SLUSA.[5] On February 18, 2013, Plaintiffs chose – on their own

initiative and prior to any decision on then-pending motions to dismiss – to seek leave to amend

---

[2] *Anikstein*, 12-cv-9058, ECF No. 1.; *Becker*, 12-cv-9060, ECF No. 1; *Bilgore*, 12-cv-9061, ECF No. 1; *Cocchi*, 12-cv-9064, ECF No. 1; *Karasel*, 12-cv-9062, ECF No. 1; *Spectrum I*, 12-cv-9057, ECF No. 1; and *Spectrum II*, 12-cv-9063, ECF No. 1.

[3] *Anikstein*, 12-cv-9058, ECF No. 74; *Becker*, 12-cv-9060, ECF No. 88; *Bilgore*, 12-cv-9061, ECF No. 99; *Cocchi*, 12-cv-9064, ECF No. 89; *Karasel*, 12-cv-9062, ECF No. 100; *Spectrum I*, 12-cv-9057, ECF No. 84; and *Spectrum II*, 12-cv-9063, ECF No. 89.

[4] *See Anikstein*, 12-cv-9058, ECF Nos. 27, 28, 71, 72, 98; *Becker*, 12-cv-9060, ECF Nos. 42, 43, 81, 82, 114; *Bilgore*, 12-cv-9061, ECF Nos. 41, 42, 96, 97, 124; *Cocchi*, 12-cv-9064, ECF Nos. 62, 63, 86, 87, 115; *Karasel*, 12-cv-9062, ECF Nos. 32, 33, 93, 94, 119; *Spectrum I*, 12-cv-9057, ECF Nos. 37, 38, 81, 82, 103; *Spectrum II*, 12-cv-9063, ECF Nos. 36, 37, 86, 87, 113.

[5] *Anikstein*, 12-cv-9058, ECF Nos. 92, 93, 94, 105; *Becker*, 12-cv-9060, ECF Nos. 108, 109, 110, 121; *Bilgore*, 12-cv-9061, ECF Nos. 118, 119, 120, 131; *Cocchi*, 12-cv-9064, ECF Nos. 109, 110, 111, 124; *Karasel*, 12-cv-9062, ECF Nos. 113, 114, 115, 126; *Spectrum I*, 12-cv-9057, ECF Nos. 97, 98, 99, 110; and *Spectrum II*, 12-cv-9063, ECF Nos. 107, 108, 109, 120.

to file a consolidated amended complaint asserting federal claims in federal court against certain defendants.[6] In doing so, Plaintiffs recognized the futility of continuing to pursue claims against KPMG, and so they voluntarily dropped KPMG from the case.[7] On September 3, 2013, this Court granted Plaintiffs' motion for leave to file the consolidated complaint asserting federal claims and dropping KPMG from the case. *In re Tremont*, 2013 WL 4730263, at *3.

In the current Motion, based on their reading of *Troice*, 134 S. Ct. 1058, Plaintiffs seek to reverse course again and undo their strategic decision to assert federal claims and affirmatively invoke this Court's jurisdiction. Specifically, they seek to reinstate their state-law complaints, withdraw the consolidated federal complaint that superseded those complaints, and have the case remanded. The relief Plaintiffs seek would have this Court reinstate KPMG as a defendant, even though Plaintiffs voluntarily dropped KPMG from the case.

On March 10, 2014, KPMG informed the court that it "intends to move to intervene for the purpose of responding to Plaintiffs' motions."[8] On the same date, this Court issued its Order to Show Cause ordering Defendants to "serve and file their papers in opposition to Plaintiffs motion's . . . by March 24, 2014."[9]

## ARGUMENT

Under Federal Rule of Civil Procedure 24(b), a Court may exercise its discretion and grant permissive intervention when: (1) an application is timely; and (2) a federal statute confers a conditional right to intervene or (3) an applicant's claim and the main action share a question

---

[6] *Anikstein*, 12-cv-9058, ECF No. 101; *Becker*, 12-cv-9060, ECF No. 117; *Bilgore*, 12-cv-9061, ECF No. 127; *Cocchi*, 12-cv-9064, ECF No. 119; *Karasel*, 12-cv-9062, ECF No. 122; *Spectrum I*, 12-cv-9057, ECF No. 106; and *Spectrum II*, 12-cv-9063, ECF No. 116.

[7] *Anikstein*, 12-cv-9058, ECF No. 113 at 1 n.1; *Becker*, 12-cv-9060, ECF No. 129, at 1 n.1; *Bilgore*, 12-cv-9061, ECF No. 139 at 1 n.1;*Cocchi*, 12-cv-9064, ECF No. 132 at 1 n.1; *Karasel*, 12-cv-9062, ECF No. 134 at 1 n.1; *Spectrum I*, 12-9057, ECF No. 119 at 1 n.1;; and *Spectrum II*, 12-cv-9063, ECF No. 128 at 1 n.1.

[8] *Anikstein*, 12-cv-9058, ECF No. 142 at 1; *Becker*, 12-cv-9060, ECF No. 159 at 1; *Cocchi*, 12-cv-9064, ECF No. 161 at 1; *Karasel*, 12-cv-9062, ECF No. 163 at 1; *Spectrum I*, 12-9057, ECF No. 149 at 1; and *Spectrum II*, 12-cv-9063, ECF No. 158 at 1.

[9] *In re Tremont*, 08-11117 (TPG), ECF. No. 927 at 3.

of law or fact in common. FRCP 24(b); *see e.g. Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011) (*citing U.S. v. City of N.Y.*, 198 F.3d 360, 367 (2d Cir.1999)). "A district court has broad discretion in deciding whether to grant permissive intervention, but must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Louis Berger Grp., Inc.*, 802 F. Supp. 2d at 488. Additional relevant factors courts should consider "'include the nature and extent of the intervenors' interests,' the degree to which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (*citing H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir.1986)).  It is clear here that these factors weigh in favor of granting KPMG's motion to intervene.

  *First*, the motion is timely. Timeliness is evaluated based on "(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness." *United States v. N.Y.*, 820 F.2d at 557. Evaluation of an application's timeliness must be based on "the totality of the circumstances before the court" and involves an exercise of the trial court's discretion. *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agri. and Mkts.*, 847 F.2d 1038, 1043-44 (2d Cir. 1988).

KPMG has taken prompt action to intervene in this case upon learning of Plaintiffs'

motions. Plaintiffs filed their Motions on March 7, 2014.[10] Non-Party KPMG is filing this

Motion to Intervene on the same date the Court, in its Order to Show Cause, ordered the

Defendants in this action to oppose to Plaintiffs' motions to reinstate the state-law complaints,

withdraw their consolidated amended complaint, and remand the actions to Florida state court. [11]

Therefore, non-party KPMG's Motion to Intervene and its accompanying opposition to

Plaintiffs' motions will not unduly delay or prejudice the adjudication of the original parties'

rights. *Louis Berger Grp., Inc.*, 802 F. Supp. 2d at 488.

*Second*, there can be little question that non-Party KPMG "has a claim or defense that

shares with the main action a common question of law or fact." FRCP 24(b)(1)(B). Plaintiffs'

motion is premised on the argument that *Troice* requires the Court to reverse its prior SLUSA-

related rulings in this matter. KPMG intends to oppose the motion on this very point of law, as

detailed in KPMG's memorandum of law (submitted herewith). Consequently this factor also

points to granting KPMG's motion. FRCP 24(b); *see e.g. Louis Berger Grp., Inc.*, 802 F. Supp.

2d at 488.

*Third*, KPMG has a *significant* interest in intervening, and its interests may not otherwise

be adequately represented. 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the

State court from which it was removed is not reviewable on appeal or otherwise." *See, e.g.,*

*Medisys Health Network , Inc. v. Local 348-S United Food & Commercial Workers, AFL-CIO &*

*CLC*, 337 F.3d 119, 124 (2d Cir. 2003) ("§ 14479d) prohibits review of all remand orders

pursuant to § 1447(c), *whether erroneous or not*."). As a result, if KPMG is not permitted to

---

[10] *Anikstein*, 12-cv-9058, ECF Nos. 138-141; *Becker*, 12-cv-9060, ECF Nos. 155-158; *Bilgore*, 12-cv-9061, ECF Nos. 164-167; *Cocchi*, 12-cv-9064, ECF Nos. 157-160; *Karasel*, 12-cv-9062, ECF Nos. 159-162; *Spectrum I*, 12-cv-9057, ECF Nos. 145-148; and *Spectrum II*, 12-cv-9063, ECF Nos. 154-157.
[11] *In re Tremont*, 08-11117 (TPG), ECF. No. 927 at 3.

intervene and the Court remands the matter on the ground that the case falls outside of SLUSA, KPMG will have no legal recourse and will be wholly foreclosed from presenting its arguments on why *Troice* does not require the Court to disturb its prior rulings. While KPMG and the Tremont Defendants share some common arguments, especially with respect to Plaintiffs' misinterpretation of *Troice*, there are differences in their respective positions that could prevent the Tremont Defendants from adequately representing KPMG's interests and arguments. As KPMG may otherwise have no opportunity to be heard, granting this motion for KPMG to intervene and present *its* position to the Court would preserve KPMG's legal interests, provide the Court with a full development of the legal issues in question, and further the interests of a just and equitable adjudication on this and related issues.

## CONCLUSION

For the foregoing reasons, non-party KPMG respectfully requests that the Court grants its Motion to Intervene.

Dated: March 24, 2014                           **SIDLEY AUSTIN LLP**
New York, New York

                                           By:  /s/ Gregory G. Ballard

Of Counsel for non-party KPMG LLP:            Gary F. Bendinger
                                           Gregory G. Ballard
WILLIAMS & CONNOLLY LLP             Gazeena K. Soni
725 Twelfth Street, N.W.                   787 Seventh Avenue
Washington, D.C. 20005                 New York, NY 10019
                                           Telephone: (212) 839-5300
                                           Facsimile: (212) 839-5599
                                           gbendinger@sidley.com
                                           gballard@sidley.com
                                           gsoni@sidley.com

                                           *Attorneys for non-party KPMG LLP*

6