UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW, AND INSURANCE LITIGATION | **Master File No.**<br><br>**08 Civ. 11117** |
| SPECTRUM SELECT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12 Civ. 9057 |
| ALBERT ANIKSTEIN, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>Defendants. | 12 Civ. 9058 |
| MICHAEL BECKER, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>TREMONT GROUP HOLDINGS, INC., et al.,<br><br>Defendants. | 12 Civ. 9060 |

*Caption continued on next page.*

| | |
|---|---|
| ALAN BILGORE, *et al*., | |
| Plaintiff, | |
| v. | 12 Civ. 9061 |
| TREMONT GROUP HOLDINGS, INC., et al., | |
| Defendants. | |
| KARASEL II, L.P., *et al.*, | |
| Plaintiff, | |
| v. | 12 Civ. 9062 |
| TREMONT GROUP HOLDINGS, INC., et al., | |
| Defendants. | |
| SPECTRUM SELECT II, L.P. and SPECTRUM EQUITIES, L.P., | |
| Plaintiff, | |
| v. | 12 Civ. 9063 |
| TREMONT GROUP HOLDINGS, INC., et al., | |
| Defendants. | |
| ROBERT COCCHI, *et al.*, | 12 Civ. 9064 |
| Plaintiff, | |
| v. | |
| TREMONT GROUP HOLDINGS, INC., et al., | **OPINION** |
| Defendants. | |

In these consolidated actions, investors in certain Tremont funds seek to recover assets lost to the Bernard Madoff Ponzi scheme.  Plaintiffs originally brought separate actions in various Florida state courts, but they were eventually consolidated, removed to federal court, and transferred to this court's docket.

In light of a recent Supreme Court decision, plaintiffs move to reinstate their original state-law claims and withdraw their consolidated amended complaint.  They also request that the court remand the case to the Florida state courts.  The motion is granted in part and denied in part.

Defendants have pending motions to dismiss and a motion for judgment on the pleadings.  Because the court grants plaintiffs leave to amend their complaint, those motions are denied.

## The Complaints

The original state-law complaints and the current consolidated amended complaint turn on the same allegations.  Plaintiffs invested their assets with Tremont's Rye Select Broad Market Fund, the Rye Select Broad Market XL Fund, and the Rye Select Broad Market Prime Fund.  The funds are limited partnerships, and plaintiffs invested by purchasing limited partnership interests.  The complaints allege that buying interest in the funds would give plaintiffs the ability to invest in securities managed by Bernard Madoff because the funds would entrust their capital, at least in part, to Madoff's brokerage.  Although the XL Fund was not directly managed by Madoff, its returns were still determined by the performance of the Madoff managed funds because it was leveraged against those funds.  The complaints allege that Tremont and the other defendants made representations about the quality of the investment strategy that the funds would employ, the due diligence that they would perform upon fund managers, and the funds' ongoing investment activities.  The complaints allege that these representations were false.

Plaintiffs allege that instead of employing a rigorous and careful investment strategy, the funds handed their assets over to a Ponzi scheme. Plaintiffs further allege that instead of performing rigorous monitoring, the funds blindly trusted Madoff. Meanwhile, defendants made numerous representations about the funds' past and ongoing performance, contending that the funds were achieving steady and consistent gains. These gains were entirely fictional.

The original state-law complaints—but not the consolidated amended complaint—also included allegations against KPMG, LLP, an accounting firm. Plaintiffs contended that KPMG should have discovered that Madoff was running a Ponzi scheme and that he did not actually purchase securities.

**Procedural History**

Plaintiffs originally filed a series of complaints in various Florida state courts, but the actions were eventually consolidated before a single judge in Palm Beach County, Florida, and then removed to the Southern District of Florida pursuant to the Securities Litigation Uniform Standards Act (SLUSA), 15 U.S.C. § 78bb(f)(2). Plaintiffs moved to remand the litigation to state court, but Judge Middlebrook of the Southern District of Florida found that the cases were properly removed under SLUSA. The Judicial Panel on Multidistrict Litigation then transferred the cases to this court because they involve common questions of fact with the other Madoff related litigation pending in this court. See In re Tremont Grp. Holdings, Inc. Sec. Litig., MDL No. 2052 (J.P.M.L. 2012).

After being transferred to this court, Tremont moved to dismiss the complaints as barred by SLUSA, on the ground of preemption, because they contained only Florida state-law claims. In response, plaintiffs moved to amend their complaints to replace their state-law claims with

4

federal securities law claims.  The court granted both motions, finding that plaintiffs' state-law claims were precluded by SLUSA.  See In re Tremont, No. 08 Civ. 11117, 2013 WL 4730263, at *3 (Sept 3, 2013).

Plaintiffs then filed a consolidated amended complaint based solely on federal securities laws.  The Tremont defendants filed an answer to that complaint, along with a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Other defendants filed motions to dismiss the complaint under Rule 12(b).

On February 26, 2014, the Supreme Court issued its decision in Chadbourne & Parke LLP v. Troice, 134 S. Ct. 1058 (2014).  On March 7, relying on Troice, plaintiffs filed this motion asking the court to revisit its prior order dismissing plaintiffs' state-law claims as preempted by SLUSA.

## Discussion

SLUSA ensures that plaintiffs cannot avoid the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 by finding state-law vehicles for their securities fraud claims.  15 U.S.C. §§ 78bb(f), 77p(b).  See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 82 (2006).  SLUSA bars large class actions brought under state law that allege "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security."  15 U.S.C. § 78bb(f)(1)(A).  A covered security is a security listed, or authorized for listing, on a national securities exchange or a security issued by an investment company.  § 78bb(f)(5)(E) (referencing § 77r(b)).

*The Supreme Court's Opinion in* Troice

The Supreme Court refined SLUSA's preclusion standard in Troice by clarifying what "connection" to covered securities is sufficient. There, the plaintiffs bought certificates of deposit in a bank and were promised a fixed rate of return on that investment. Troice, 134 S. Ct. at 1065. The certificates of deposit were not themselves "covered securities." The plaintiffs expected that the bank would use the money it received to buy, among other things, covered securities. Instead, the money was lost in a Ponzi scheme run by the bank's proprietor. The question was whether plaintiffs' claims of fraud—based on the purchase of uncovered securities—were precluded by SLUSA based on the bank's misrepresentation about purchasing covered securities for itself.

The Supreme Court held that the real issue was what the plaintiffs bought, not what the bank might buy. This obviously related to the language of the statute, which only precludes state-law class-action claims that allege fraud "in connection with the purchase or sale of a covered security," and goes on to define "covered security" in a way that does not include a certificate of deposit. The fact that the bank might purchase covered securities was not sufficient to bring the plaintiffs' claims within the statute. Essentially, the Court stated that the only "connection" that matters under SLUSA was whether the plaintiffs themselves bought or sold an "an ownership interest" covered securities. Id. at 1066. The Court found that the allegations in the complaints specified that the plaintiffs' claims rested upon their purchases of uncovered securities, the certificates of deposit, and thus were not precluded by SLUSA.

*Applying SLUSA to Plaintiffs' Claims*

Here, plaintiffs' state-law claims are not precluded by SLUSA.  In this court's September 3, 2013, decision, the court did not really come to grips with whether plaintiffs' bought or sold a covered security.  Other considerations arising from various judicial decisions were discussed, but the crucial issue about whether plaintiffs' had "an ownership interest" in a "covered security" was not really analyzed.

It's now time to make such an analysis, and the court is reminded of the need to do this by the Supreme Court's decision in Troice.  SLUSA requires that the fraud underlying the claims must be in connection with the purchase or sale of covered securities.  Plaintiffs did not buy an ownership interest in covered securities; they bought limited partnership interests in funds. There is no dispute that these limited partnership interests are not covered securities.  Thus, like the plaintiffs in Troice, plaintiffs here did not acquire any ownership interest in covered securities, so there is not a sufficient connection between the material misrepresentations alleged and transactions in covered securities.

Defendant's attempts to avoid this result are not persuasive.  Defendants rely on allegations in plaintiffs' complaint and pre-Troice decisions that held that plaintiffs' purchase of an interest in a fund—even though not a covered security—was sufficient under SLUSA.  See, e.g., In re Herald, 730 F.3d 112 (2d Cir. 2013).  For example, plaintiffs alleged in their state-law complaint that "the Rye Funds were little more than a conduit for Defendants to hand Plaintiffs' funds over to Madoff" and that plaintiffs knew Madoff traded in covered securities.  But these allegations are not sufficient to convert the purchase of a limited partnership interest into the purchase of a covered security.  Knowledge that the fund would buy covered securities for itself does not

create the required ownership interest in covered securities.  The allegations in the complaint are focused on acquiring a limited partnership interest.  Accordingly, plaintiffs' state-law claims are not precluded.

*Addition of Non-Party KPMG*

The court will allow plaintiffs to submit a consolidated amended complaint pleading state-law claims.  However, this amendment must await resolution of whether non-party KPMG can properly be added as a party.  If plaintiffs wish to add KPMG as a defendant, plaintiffs must move for such amendment within fourteen days of this order, attaching a proposed amended complaint.  Any opposition by KPMG must be filed within fourteen days of the service of plaintiffs' papers.  Plaintiffs may then reply within seven days of the service of any opposition.

The time for filing the consolidated amended complaint, if any, is stayed pending resolution of any motion regarding non-party KPMG.

*Plaintiffs' Motion to Remand to State Court*

Plaintiffs' motion to remand the case to state court is denied.  The court may retain jurisdiction over this action, even after the dismissal of all federal claims.  The court considers factors such as judicial economy, convenience, fairness, and comity.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988).

Because the court is already administering the multidistrict litigation arising out of these facts, judicial economy favors exercising supplemental jurisdiction to avoid waste of resources and inconsistent rulings.  The court has familiarity with the facts and parties, so the case can proceed fairly and expeditiously in this court.  Moreover, the court already found that proceeding in this court will serve the convenience of the parties and witnesses.  Finally, the court considers

plaintiffs' prior willingness to submit to federal jurisdiction by voluntarily filing the consolidated amended complaint, which pleaded federal law claims.  There is also a chance that the Second Circuit may decide the SLUSA preclusion issue differently and remand the case to this court for further proceedings under federal law.  For all these reasons, the court will exercise supplemental jurisdiction over the case.  See 28 U.S.C. § 1367(c).

*Pending Motions to Dismiss and Motion for Judgment on the Pleadings*

Because plaintiffs will be permitted to amend their complaint, defendants' pending motions to dismiss and motion for judgment on the pleadings are denied.

## Conclusion

Plaintiff's motion is granted in part and denied in part.  Plaintiffs' state-law claims are not precluded by SLUSA.  Plaintiffs will be permitted to amend their complaint, pending the court's decision on whether KPMG can properly be added as a party.  Plaintiffs' motion to remand the action to state court is denied.  Defendants' motions to dismiss and motion for judgment on the pleadings are denied.

This opinion resolves the motions listed as documents number 904, 906, and 909 in case number 08 Civ. 11117; documents number 130, 132, and 133 in 12 Civ. 9057; documents number 123, 125, and 126 in 12 Civ. 9058; documents number 139, 141, and 142 in 12 Civ. 9060; documents number 149, 151, and 152 in 12 Civ. 9061; documents number 144, 146, 147 in 12 Civ. 9062; documents number 138, 140, and 141 in 12 Civ. 9063; and documents number 142, 144, and 145 in 12 Civ. 9064.

So ordered.

Dated:   New York, New York
         April 14, 2014

Thomas P. Griesa
United States District Judge

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4 / 14 / 2014
```