UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | :<br>:<br>: | Master File No.<br>08 Civ. 11117 (TPG) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | | |
| This Document Relates to: | : | |
| SPECTRUM SELECT, L.P., | : | 12 Civ. 9057 (TPG) |
| Plaintiff, | : | |
| | | ECF CASES |
| - against- | : | Electronically Filed |
| | : | |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | | |
| | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

[*Caption Continued on Following Pages*]

# MEMORANDUM OF LAW IN SUPPORT OF TREMONT'S
# MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

    SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
    Four Times Square
    New York, New York 10036
    (212) 735-3000

    *Attorneys for Defendants*
     *Tremont Partners, Inc. and*
     *Tremont Group Holdings, Inc.*

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
ALBERT ANIKSTEIN, et al.,
                                                  :    12 Civ. 9058 (TPG)
                              Plaintiffs,
                                                  :
       - against-
                                                  :
TREMONT GROUP HOLDINGS, INC., et al.,
                                                  :
                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
MICHAEL BECKER, et al.,
                                                  :    12 Civ. 9060 (TPG)
                              Plaintiffs,
                                                  :
       - against-
                                                  :
TREMONT GROUP HOLDINGS, INC., et al.,
                                                  :
                              Defendants.
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
ALAN BILGORE, et al.,
                                                  :    12 Civ. 9061 (TPG)
                              Plaintiffs,
                                                  :
       - against-
                                                  :
TREMONT GROUP HOLDINGS, INC., et al.,
                                                  :
                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KARASEL II, L.P.,                              :
                                                                  12 Civ. 9062 (TPG)
                    Plaintiff,                 :

        - against-                             :

TREMONT GROUP HOLDINGS, INC., et al., :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
SPECTRUM SELECT II, L.P. and
SPECTRUM EQUITIES, L.P.,                       :  12 Civ. 9063 (TPG)

                    Plaintiffs,                :

        - against-                             :

TREMONT GROUP HOLDINGS, INC., et al., :

                    Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
ROBERT COCCHI, et al.,
                                               :  12 Civ. 9064 (TPG)
                    Plaintiffs,
                                               :
        - against-
                                               :
TREMONT GROUP HOLDINGS, INC., et al.,
                                               :
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

THE COURT SHOULD CERTIFY AN INTERLOCUTORY APPEAL ................................. 2

    A.    The Opinion Involves a Controlling Question of Law ............................................ 2

    B.    There Is Substantial Ground for Difference of Opinion as to Whether
        SLUSA Precludes Plaintiffs' State Law Claims ...................................................... 3

    C.    Certification of an Interlocutory Appeal Will Materially Advance the
        Ultimate Termination of This Litigation ................................................................. 6

CONCLUSION ......................................................................................................................... 7

## TABLE OF AUTHORITIES

### CASES

California Public Employees' Retirement System v. WorldCom, Inc.,
    368 F.3d 86 (2d Cir. 2004) ............................................................................... 2, 6

Chadbourne & Parke LLP v. Troice,
    134 S. Ct. 1058 (2014) ..................................................................................... *passim*

In re Herald, Primeo and Thema,
    730 F.3d 112 (2d Cir. 2013) ..................................................................................... 1

In re Herald, Primeo and Thema Securities Litigation,
    09 Civ. 289, 2011 U.S. Dist. LEXIS 137773 (S.D.N.Y. Nov. 29, 2011) ................. 6

In re Kingate Management Limited Litigation,
    09 Civ. 5386, 2011 WL 1362106 (S.D.N.Y. Mar. 30, 2011) .................................. 2

Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro
    in Amministrazione Straordinaria,
    921 F.2d 21 (2d Cir. 1990) ....................................................................................... 2

In re Lloyd's American Trust Fund Litigation,
    96 Civ. 1262, 1997 WL 458739 (S.D.N.Y. Aug. 12 1997) ................................. 3, 6

Macklowe v. Planet Hollywood, Inc.,
    Civ.A. No. 13450, 1994 Del. Ch. LEXIS 182 (Del. Ch. Sept. 29, 1994) ................ 5

McGraw-Hill Cos. v. Vanguard Index Trust,
    139 F. Supp. 2d 544 (S.D.N.Y. 2001) ..................................................................... 5

Merrill Lynch, Pierce, Fenner & Smith v. Dabit,
    547 U.S. 71 (2006) ............................................................................................... 3, 4

Montefiore Medical Center v. Teamsters Local 272,
    09 Civ. 3096, 2009 U.S. Dist. LEXIS 105832 (S.D.N.Y. Nov. 12, 2009) .............. 2

Stoody-Broser v. Bank of America, N.A.,
    No. C-08-02705, 2012 U.S. Dist. LEXIS 112352 (N.D. Cal. Aug. 9, 2012) .......... 2

Yale M. Fishman 1998 Insurance Trust v. General American Life Insurance Co.,
    11 Civ. 1284, 2013 U.S. Dist. LEXIS 31888 (S.D.N.Y. March 7, 2013) ................ 4

### REGULATIONS

15 U.S.C. § 78bb(f)(2) ..................................................................................................... 1

iii

28 U.S.C. § 1292(b) ................................................................................................1, 2, 3

28 U.S.C. § 1292(b) ................................................................................................1, 2, 3

Defendants Tremont Partners, Inc. and Tremont Group Holdings, Inc. ("Tremont") respectfully submit this memorandum of law in support of their motion for an order certifying an interlocutory appeal to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b).

**PRELIMINARY STATEMENT**

In its opinion dated April 14, 2014 (the "Opinion"), this Court: (i) held that the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(2), does not preclude plaintiffs from asserting state law claims against Tremont and other defendants (the "SLUSA Preclusion Issue"); (ii) granted plaintiffs leave to amend their consolidated amended complaint to assert state law claims in place of their pending federal securities law claims; (iii) denied defendants' motions to dismiss the complaint; and (iv) denied plaintiffs' motion to remand these actions to state court and determined to exercise supplemental jurisdiction over plaintiffs' state law claims. Tremont seeks interlocutory review solely with respect to the SLUSA Preclusion Issue.

As the Opinion recognizes, "the Second Circuit may decide the SLUSA preclusion issue differently and remand the case to this court for further proceedings under federal law." (Opinion at 9.) For this and the other reasons set forth below, Tremont respectfully submits that the Opinion presents a controlling question of law as to which there is substantial ground for difference of opinion, the resolution of which may materially advance the ultimate termination of this litigation. Accordingly, this Court should certify the SLUSA Preclusion Issue for interlocutory review by the Second Circuit pursuant to 28 U.S.C. § 1292(b).[1]

---

[1] There are two other Madoff-related cases with appeals pending before the Second Circuit raising substantially the same SLUSA preclusion issue addressed by this Court in the Opinion. One of the appeals is In re Herald, Primeo and Thema, 730 F.3d 112 (2d Cir. 2013), where the Second Circuit has asked the defendants to respond to a petition for rehearing and rehearing en banc filed after issuance of
*(cont'd)*

**ARGUMENT**

**THE COURT SHOULD
CERTIFY AN INTERLOCUTORY APPEAL**

Interlocutory review is appropriate where an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 23 (2d Cir. 1990).  As shown below, all the requirements for certification of an interlocutory appeal are satisfied here.

A.  **The Opinion Involves a Controlling Question of Law**

Orders pertaining to the propriety of removal under federal statutes or addressing questions of SLUSA preclusion present controlling questions of law.  See California Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 95-96 (2d Cir. 2004) (interlocutory appeal addressing question of whether the district court "erred when it exercised bankruptcy jurisdiction over generally nonremovable claims under the Securities Act of 1933"); Stoody-Broser v. Bank of Am., N.A., No. C08-02705,  2012 U.S. Dist. LEXIS 112352, at *5-6 (N.D. Cal. Aug. 9, 2012) (certifying question of SLUSA preclusion for interlocutory review); see also Montefiore Med. Ctr. v. Teamsters Local 272, 09 Civ. 3096, 2009 U.S. Dist. LEXIS 105832, at *25 (S.D.N.Y. Nov. 12,

---

*(cont'd from previous page)*
the panel's decision, cited above, affirming the dismissal of a complaint pursuant to SLUSA.  The other case, In re Kingate Management Ltd., No. 11-1397-cv (2d Cir.), also is an appeal from a district court order finding SLUSA preclusion where plaintiffs alleged they invested in hedge funds in reliance on representations that Madoff would purchase and sell covered securities on their behalf.  See In re Kingate Mgmt. Ltd. Litig., 09 Civ. 5386, 2011 WL 1362106, at *8-9 (S.D.N.Y. Mar. 30, 2011).  The Kingate appeal has been fully briefed and argued, and remains *sub judice* before the Second Circuit.  While a ruling by the Second Circuit in Herald or Kingate may be dispositive of the SLUSA Preclusion Issue here, Tremont nevertheless submits that certification of interlocutory review in this case is appropriate given that there can be no assurance the Second Circuit will squarely address the same SLUSA Preclusion Issue in the appeals pending in Herald and Kingate.

2

2009) (certifying question of ERISA preemption for interlocutory appeal), aff'd, 642 F.3d 321 (2d Cir. 2011).

  **B.** **There Is Substantial Ground for Difference of Opinion as to Whether SLUSA Precludes Plaintiffs' State Law Claims**

  Under 28 U.S.C. § 1292(b), there is substantial ground for difference of opinion regarding a controlling question of law when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." In re Lloyd's Am. Trust Fund Litig., 96 Civ. 1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) (citing Klinghoffer, 921 F.2d at 25). Both prongs are satisfied here.

  Addressing the issue of SLUSA preclusion, the Opinion finds, based on the Supreme Court's ruling in Chadbourne & Parke LLP v. Troice, 134 S. Ct. 1058 (2014), that "the only 'connection' that matters under SLUSA [is] whether the *plaintiffs themselves* bought or sold 'an *ownership interest*' [in] covered securities." (Opinion at 6 (citing Troice, 134 S. Ct. at 1066 (emphasis added in part)).) Because the plaintiffs in this case purchased uncovered securities, the Opinion reasons, there is no connection that matters and thus no SLUSA preclusion under Troice. (See id. at 7.)

  There is substantial ground for difference of opinion on this question in light of the Supreme Court's decision in Merrill Lynch, Pierce, Fenner & Smith v. Dabit, 547 U.S. 71 (2006). In that case, the "only disputed issue" before the Court pertained to the proper construction of SLUSA's "in connection with" requirement, *i.e.*, the requirement of deception "'in connection with the purchase or sale' of [covered] securities." Dabit, 547 U.S. at 84. With respect to that issue, the respondent urged the Court to construe the statute narrowly and find SLUSA preclusion only in cases where plaintiffs are purchasers or sellers of covered securities. See id. The Supreme Court rejected that argument, reasoning:

3

> [W]hen this Court *has* sought to give meaning to the phrase ["in connection with"] in the context of § 10(b) and Rule 10b-5, it has espoused a broad interpretation. A narrow construction would not, as a matter of first impression, have been unreasonable; one might have concluded that an alleged fraud is "in connection with" a purchase or sale of securities only when the plaintiff himself was defrauded into purchasing or selling particular securities . . . . But this Court . . . has rejected that view. Under our precedents, it is enough that the fraud alleged "coincide" with a securities transaction – whether by the plaintiff or *by someone else*. The requisite showing, in other words, is "deception 'in connection with the purchase or sale of any security,' *not deception of an identifiable purchaser or seller*."

547 U.S. at 85 (second and third emphases added) (citations omitted). The Court therefore held that "the identity of the plaintiffs does *not* determine whether the complaint alleges fraud 'in connection with the purchase or sale' of securities." Id. at 89 (emphasis added); see also Yale M. Fishman 1998 Ins. Trust v. General American Life Ins. Co., 11 Civ. 1284, 2013 U.S. Dist. LEXIS 31888, at *19 (S.D.N.Y. March 7, 2013) (Griesa, J.) (finding that, under Dabit, "SLUSA's operative language must be read broadly to cover not only purchasers or sellers of covered securities but also claims where the fraud 'coincides with' a covered securities transaction by someone else").

Having determined in Dabit that claims may be precluded under SLUSA even if the plaintiffs are not purchasers or sellers of covered securities, the Supreme Court did not revisit that determination in Troice. See Troice, 134 S. Ct. at 1066 ("We do not here modify Dabit."). The question in Troice was *not* whether the "in connection with" requirement may be satisfied only in cases where plaintiffs purchase or sell covered securities. The Court also did not rule in Troice that the plaintiffs' purchase of *un*covered securities, by itself, foreclosed SLUSA preclusion. Rather, the Court considered whether the alleged purchase of covered securities by the defendant bank, the alleged "fraudster," satisfied the statute's "in connection with" requirement. Refining the holding of Dabit, the Court answered the question in the negative. While SLUSA does not require

4

a covered securities transaction by the plaintiff, it does require a transaction in covered securities by or on behalf of someone "other than the fraudster." Troice, 134 S. Ct. at 1066. As explained by the Court:

> the "someone" making that decision to purchase or sell must be a party *other than the fraudster*. If the *only party* who decides to buy or sell a covered security as a result of a lie *is the liar*, that is not a "connection" that matters.
>
> . . . [A] fraud [is] "in connection with" a purchase or sale of a covered security [when it] involve[s] victims who took, *who tried to take*, who divested themselves of, who tried to divest themselves of, or who maintained *an ownership interest* in financial instruments that fell within the relevant statutory definition.

Id. (emphasis added in part).

Applying these principles, the Court found that the plaintiffs' state law claims were not precluded by SLUSA because: (a) the *only* party alleged to have purchased covered securities was the fraudster, *i.e.*, the defendant bank, and (b) the bank acted solely "*for itself*," not plaintiffs, who were holders of certificates of deposit – uncovered debt securities – issued by the bank and marketed as "safe" investments in light of the assets purportedly owned by the bank, which included covered securities. Id. at 1071. In contrast, in this case, Madoff allegedly purchased covered securities *not* for his own account, but rather, on behalf of others, including customers of Madoff such as the Rye Funds, and investors in the Rye Funds such as plaintiffs who owned limited partnership interests in those "pass-through" investment vehicles. See McGraw-Hill Cos. v. Vanguard Index Trust, 139 F. Supp. 2d 544, 546 (S.D.N.Y. 2001) ("As with all investment companies, purchasers of shares in [a fund] gain an undivided interest in the portfolio of securities held and managed by the fund."), aff'd, 27 F. App'x 23 (2d Cir. 2001); Macklowe v. Planet Hollywood, Inc., Civ.A. No. 13450, 1994 Del. Ch. LEXIS 182, at *11 (where a limited partnership owned shares of Planet Hollywood, the plaintiff, as a limited partner, had "a beneficial

interest in her Planet Hollywood shares, even though that interest is indirectly held").  Troice does not foreclose SLUSA preclusion on these alleged facts, involving a fraudster's false promise to purchase covered securities on behalf of the victims of his fraudulent scheme.  See 134 S. Ct. at 1067 (citing SEC v. Zandford, 535 U.S. 813, 815, 820 (2002), as an example of fraud "in connection with" the purchase of a security where the fraudster falsely told customers he would purchase securities on their behalf and for their benefit).

In sum, in light of the Supreme Court's decision in Dabit, as clarified by Troice, Tremont respectfully submits there is substantial ground for difference of opinion regarding the question of whether "Madoff's announced intention to purchase covered securities (*i.e.*, stocks and options) for the benefit of Funds in which Plaintiffs invested satisfies the requirement that Plaintiffs' [state law] claims . . . were made 'in connection with the purchase or sale of a covered security.'"  In re Herald, Primeo and Thema Sec. Litig., 09 Civ. 289, 2011 U.S. Dist. LEXIS 137773, at *35-36 (S.D.N.Y. Nov. 29, 2011), aff'd, 730 F.3d 112 (2d Cir. 2013) (finding SLUSA preclusion); see also Troice at 1069 (citing precedent finding "in connection with" requirement satisfied where the misrepresentations at issue "were material to a [securities] transaction by or *on behalf of* someone other than the fraudster" (emphasis added)).  There also is substantial ground for difference of opinion on this issue because it has not yet been addressed by the Second Circuit post-Troice, and will impact several pending Madoff-related cases.  See WorldCom, 368 F.3d at 90 (accepting interlocutory appeal of issue "of first impression in the courts of appeals" that would determine "whether scores of pending lawsuits are properly in federal court").

> **C.    Certification of an Interlocutory Appeal Will Materially Advance the Ultimate Termination of This Litigation**

An interlocutory appeal "may materially advance the ultimate termination of the litigation when reversal could result in dismissal of the action."  In re Lloyd's, 1997 WL 458739,

6

at *7.  A finding of SLUSA preclusion on appeal may have that impact here because it could result in:  (a) this Court's dismissal of plaintiffs' state law claims pursuant to SLUSA if plaintiffs amend their complaint to assert such claims as authorized by the Opinion or, alternatively, (b) Tremont's renewal of its motion to dismiss plaintiffs' federal securities law claims if the Second Circuit addresses SLUSA before plaintiffs drop the federal claims from their complaint.

## CONCLUSION

For the reasons stated, Tremont respectfully submits that this Court should grant Tremont's motion and enter an order certifying the SLUSA Preclusion Issue for interlocutory review by the Second Circuit.

Dated:  April 25, 2014
New York, New York

>                        Respectfully submitted,
>
>                        SKADDEN, ARPS, SLATE,
>                          MEAGHER & FLOM LLP
>
>               By:      /s/ Seth M. Schwartz
>                        Seth M. Schwartz (Seth.Schwartz@Skadden.com)
>                        Jason C. Vigna (Jason.Vigna@Skadden.com)
>                        Four Times Square
>                        New York, New York 10036
>                        (212) 735-3000
>
>                        Attorneys for Defendants
>                        Tremont Partners, Inc. and
>                        Tremont Group Holdings, Inc.