USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW, AND INSURANCE LITIGATION | Master File No.<br>08 Civ. 11117 |
| SPECTRUM SELECT, L.P.,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>　　　　　　　Defendants. | 12 Civ. 9057 |
| ALBERT ANIKSTEIN, *et al.*,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>TREMONT GROUP HOLDINGS, INC., *et al.*,<br><br>　　　　　　　Defendants. | 12 Civ. 9058 |
| MICHAEL BECKER, *et al.*,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　　　v.<br><br>TREMONT GROUP HOLDINGS, INC., et al.,<br><br>　　　　　　　Defendants. | 12 Civ. 9060 |

*Caption continued on next page.*

| | |
|---|---|
| ALAN BILGORE, *et al.*,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TREMONT GROUP HOLDINGS, INC., et al.,<br><br>　　　　　　　　Defendants. | 12 Civ. 9061 |
| KARASEL II, L.P., *et al.*,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TREMONT GROUP HOLDINGS, INC., et al.,<br><br>　　　　　　　　Defendants. | 12 Civ. 9062 |
| SPECTRUM SELECT II, L.P. and SPECTRUM EQUITIES, L.P.,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TREMONT GROUP HOLDINGS, INC., et al.,<br><br>　　　　　　　　Defendants. | 12 Civ. 9063 |
| ROBERT COCCHI, *et al.*,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TREMONT GROUP HOLDINGS, INC., et al.,<br><br>　　　　　　　　Defendants. | 12 Civ. 9064<br><br>**ORDER** |

In these consolidated actions, investors in certain Tremont funds seek to recover assets lost to the Bernard Madoff Ponzi scheme. Following the Supreme Court's decision in <u>Chadbourne & Parke LLP v. Troice</u>, 134 S. Ct. 1058 (2014), this court held that plaintiffs' state-law claims were not precluded by the Securities Litigation and Uniform Standards Act ("SLUSA"). <u>In re Tremont Sec. Law, State Law, & Ins. Litig.</u>, 08 Civ. 11117, 2014 WL 1465713 (S.D.N.Y. Apr. 14, 2014). Defendants move for a certificate of appealability. The motion is granted.

The court has discretion to certify an interlocutory order for appeal when (1) the order involves a controlling issue of law; (2) there is substantial ground for differences of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Here, these requirements are met. First, whether SLUSA precludes plaintiffs' state-law claims is a controlling, threshold legal question. Second, there is substantial ground for differences of opinion as to the scope of SLUSA preclusion after *Troice*. See, e.g., <u>In re Harbinger Capital Partners Funds Investor Litig.</u>, No. 12 Civ. 1244 (S.D.N.Y. Apr. 30, 2014). And the court's prior order recognized this fact. See <u>In re Tremont</u>, 08 Civ. 11117, 2014 WL 1465713, at *4. Moreover, the scope of SLUSA preclusion in the present case is an issue of first impression in this Circuit, and its resolution will help the court resolve other pending cases. See <u>Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.</u>, 368 F.3d 86, 90 (2d Cir. 2004). Third and finally, an immediate appeal will materially advance the ultimate termination of the litigation. As this court held in a prior order, if SLUSA precludes plaintiffs' state-law claims, those claims cannot move forward. Accordingly, defendants' motion is granted. The court certifies for interlocutory appeal its order dated April 14, 2014. See <u>In re Tremont</u>, 08 Civ. 11117, 2014 WL 1465713. These cases are stayed pending resolution of the interlocutory appeal.

945

This order resolves the motions listed as document number ~~167~~ in case number 08 Civ. 11117; document number 167 in 12 Civ. 9057; document number 160 in 12 Civ. 9058; document number 178 in 12 Civ. 9060; document number 185 in 12 Civ. 9061; document number 181 in 12 Civ. 9062; document number 176 in 12 Civ. 9063; and document number 179 in 12 Civ. 9064.

So ordered.

Dated:New York, New York
May 22, 2014

Thomas P. Griesa
United States District Judge