**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re TREMONT GROUP HOLDINGS, INC. Securities Litigation | Master File No. 08- cv-11117 (TPG) |
| SPECTRUM SELECT, L.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TREMONT GROUP HOLDINGS, INC., *et al.*, <br><br> Defendants. | 12-cv-9057 (TPG) |
| ALBERT ANIKSTEIN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TREMONT GROUP HOLDINGS, INC., *et al.*, <br><br> Defendants. | 12-cv-9058 (TPG) |
| MICHAEL BECKER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TREMONT GROUP HOLDINGS, INC., *et al.*, <br><br> Defendants. | 12-cv-9060 (TPG) |
| ALAN BILGORE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TREMONT GROUP HOLDINGS, INC., *et al.*, <br><br> Defendants. | 12-cv-9061 (TPG) |
| KARASEL II, L.P., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TREMONT GROUP HOLDINGS, INC., *et al.*, <br><br> Defendants. <br><br> [CAPTION CONTINUES ON NEXT PAGE] | 12-cv-9062 (TPG) |

| | |
|---|---|
| SPECTRUM SELECT II, L.P., *et al.*, | |
| Plaintiffs, | |
| v. | 12-cv-9063 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | |
| Defendants. | |
| ROBERT COCCHI, *et al.*, | |
| Plaintiffs, | |
| v. | 12-cv-9064 (TPG) |
| TREMONT GROUP HOLDINGS, INC., *et al.*, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY KPMG LLP'S
MOTION TO INTERVENE FOR PURPOSES OF INTERLOCUTORY APPEAL**

**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

*Of Counsel for non-party KPMG LLP*

*Attorneys for non-party KPMG LLP*

Non-party KPMG LLP ("KPMG") respectfully submits this memorandum in support of its Motion to Intervene for Purposes of Interlocutory Appeal.

## PRELIMINARY STATEMENT

While the Court has stayed proceedings pending interlocutory appeal, KPMG makes the present motion for the limited purpose of protecting its ability to be heard in the event the Second Circuit decides to hear the interlocutory appeal from this Court's April 14, 2014 order (the "April 14 Order"). In the April 14 Order, this Court held that Plaintiffs' state-law claims were not precluded by the Securities Litigation Uniform Standards Act, 15 U.S.C. §§ 78bb(f) *et seq*. ("SLUSA") and that "[i]f plaintiffs wish to add KPMG as a defendant, plaintiffs must move for such amendment within fourteen days of this order, attaching a proposed amended complaint." (Dkt. 159 at 8.)[1] Plaintiffs never did so, and KPMG remains a non-party. On May 22, 2014, this Court granted Tremont's motion to certify the April 14 Order for interlocutory appeal and stayed the case pending resolution of the appeal. In opposing that motion, Plaintiffs stated that "if the Court certifies interlocutory review, Plaintiffs reserve the right to raise any issues decided in the Order." (Dkt. 167 at 2 n.1.) In its May 29 letter to the Court, Tremont represented that it will file a petition for interlocutory appeal with the Second Circuit by Monday, June 2, 2014. (Dkt. 177 at 2.)[2] In order to protect its substantial and obvious interest in this dispute, non-party KPMG moves to intervene for the limited purpose of the interlocutory appeal. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (the "better practice" is to seek to intervene in the district court to secure the ability to participate as a party in the appeal).

---

[1] References in the form "Dkt. __" are to the ECF docket entries in *Anikstein et al., v. Tremont Grp. Holdings, Inc., et al.*, 12-cv-9058 (TPG) ("*Anikstein*"), which are illustrative of identical filings by the parties in each of the other above-captioned matters.

[2] Tremont also noted that it will move to vacate the Court's April 14, 2014 order in light of the Second Circuit's recent decision in *In re Herald, Primeo and Thema*, No. 12-156-cv (2d Cir. May 28, 2014), which found that the Supreme Court's decision in *Chadbourne & Park LLP v. Troice*, 134 S. Ct. 1058 (2014), "confirms the logic and holding" of its previous decision that state-law claims by investors in Madoff feeder fund investors – such as the plaintiffs here – satisfy the "in connection with" requirement and are precluded by SLUSA. (Dkt. 177 at 1.)

## PROCEDURAL BACKGROUND

The present action is a consolidation of several actions originally filed in Florida state court in 2009 and 2010 against former defendant KPMG, defendants Tremont Group Holdings, Inc. and Tremont Partners, Inc. (together, "Tremont"), and others. On September 7, 2012, the Florida state court actions were removed to the United States District Court for the Southern District of Florida pursuant to SLUSA. Following that court's decision that removal was proper, the Judicial Panel on Multidistrict Litigation transferred the actions to this Court for coordination with the other lawsuits pending before this Court under the caption *In re Tremont Sec. Law, State Law & Ins. Litig.*, 08-cv-11117 (TPG) (S.D.N.Y.).

By October 26, 2012, KPMG had fully submitted its motion to dismiss the complaints on various grounds including preclusion under SLUSA (Dkt. 27, 28, 71, 72, & 98), and defendants filed with this Court motions for judgment on the pleadings dismissing the complaints in the removed actions on the ground they are precluded by SLUSA (Dkt. 92-94 & 105). On February 18, 2013, while those motions were pending, Plaintiffs filed a motion seeking leave to amend to file a consolidated amended complaint asserting federal claims in federal court against certain defendants. (Dkt. 101.) That amended pleading asserted no claims against KPMG. (Dkt. 113 at 1 n.1.) On September 3, 2013, the Court granted Plaintiffs' motion for leave to file the consolidated complaint asserting federal claims against certain defendants and dismissing KPMG from the case. *In re Tremont Sec. Law, State Law & Ins. Litig.*, 2013 WL 4730263, at *3 (S.D.N.Y. Sept. 3, 2013).

In the motion that led to this Court's issuance of the April 14 Order, Plaintiffs sought to reinstate their state-law complaints, withdraw the consolidated federal complaint that superseded those complaints, and have the case remanded. (Dkt. 138-140 & 155-156.) The relief Plaintiffs sought would have added KPMG back as a defendant. KPMG moved to intervene for purposes

2

of responding to the motion. (Dkt. 146-148.) In an Order dated April 9, 2014, this Court granted KPMG's motion to intervene, noting that "[t]he state-law complaints named KPMG as a defendant, but the current, operative complaint does not name KPMG as a defendant" and that "[a]ccordingly, KPMG has an interest in opposing plaintiffs' motion to reinstate the original complaints." (Dkt. 157 at 2-3.)

On April 14, 2014, this Court issued the April 14 Order. (Dkt. 159.) In that order, this Court held that Plaintiffs' state-law claims were not precluded by SLUSA, denied Plaintiffs' remand motion and decided instead to exercise supplemental jurisdiction, allowed Plaintiffs to submit a consolidated amended complaint pleading state-law claims, held that such "amendment must await resolution of whether non-party KPMG can properly be added as a party," and ordered that "[i]f plaintiffs wish to add KPMG as a defendant, plaintiffs must move for such amendment within fourteen days of this order, attaching a proposed amended complaint." (Dkt. 159 at 8.)[3]

Tremont moved for certification of the April 14 Order for interlocutory appeal (Dkt. 160-161), and Plaintiffs opposed that motion, noting that "if the Court certifies interlocutory review, Plaintiffs reserve the right to raise any issues decided in the Order, including whether these actions should be remanded to Florida state court" (Dkt. 167 at 2 n.1). On May 22, 2014, this Court granted Tremont's motion to certify the April 14 Order for interlocutory appeal and stayed the cases pending resolution of the appeal. (Dkt. 176.) In its May 29 letter to the Court, Tremont represented that it will file a petition for interlocutory appeal with the Second Circuit by Monday, June 2, 2014. (Dkt. 177.)

---

[3] Plaintiffs did not file such a motion or attached a proposed amended complaint as ordered by the Court, but rather filed a second motion to re-instate the state-court complaints (Dkt. 164-166, 175), which motion KPMG has opposed (Dkt. 168-169).

## ARGUMENT

Under Federal Rule of Civil Procedure 24(b), a Court may exercise its discretion and grant permissive intervention when: (1) an application is timely; and (2) a federal statute confers a conditional right to intervene or (3) an applicant's claim and the main action share a question of law or fact in common. Fed. R. Civ. P. 24(b); *see*, *e.g.*, *Louis Berger Grp. v. State Bank of India*, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011) (citing *U.S. v. City of N.Y.,* 198 F.3d 360, 367 (2d Cir.1999)). "A district court has broad discretion in deciding whether to grant permissive intervention, but must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Louis Berger Grp.*, 802 F. Supp. 2d at 488 (citing *S.E.C. v. Bear, Stearns & Co.*, 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003). Additional relevant factors courts should consider "'include the nature and extent of the intervenors' interests,' the degree to which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (citing *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir.1986)). When an appeal implicates rights of a non-party, the "better practice" is to seek to intervene in the district court for the purpose of appeal as a means of securing the ability to participate as a party in the ultimate appeal. *See Marino*, 484 U.S. at 304; *accord Drywall Tapers & Pointers of Greater N.Y., Local Union 1974 v. Nastasi & Assocs.*, 488 F.3d 88, 94-95 (2d Cir. 2007) (following *Marino* and remanding case to district court to allow it to rule on non-party's motion to intervene for purposes of appeal).

4

All factors weigh in favor of granting KPMG's present motion to intervene for purposes of interlocutory appeal. *First*, the motion is timely. Timeliness is evaluated based on "(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness." *U.S. v. N.Y.*, 820 F.2d 554, 557 (2d Cir. 1987). Evaluation of an application's timeliness must be based on "the totality of the circumstances before the court" and involves an exercise of the trial court's discretion. *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agri. & Mkts.*, 847 F.2d 1038, 1043-44 (2d Cir. 1988). In the present circumstances, KPMG's motion is timely. This Court granted Tremont's motion to certify the April 14 Order for interlocutory appeal on May 22, 2014 and stayed the cases pending resolution of the interlocutory appeal. (Dkt. 176.) Tremont has not yet filed its Second Circuit application pursuant to 28 U.S.C. § 1292(b), and the Second Circuit has not yet decided whether to accept the interlocutory appeal. Therefore, KPMG's present motion to intervene will not unduly delay or prejudice the adjudication of the original parties' rights. *See*, *e.g.*, *Louis Berger Grp.*, 802 F. Supp. 2d at 488.

*Second*, non-party KPMG "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). KPMG has multiple defenses that are implicated by the April 14 Order. KPMG has an interest in the question of whether Plaintiffs' state-law claims are viable under SLUSA. Additionally, KPMG has an interest in defending the other aspects of the April 14 Order which relate directly to whether Plaintiffs may add KPMG back into the case as a party. Consequently, this factor also points to granting KPMG's motion. *See*, *e.g.*, *Louis Berger Grp.*, 802 F. Supp. 2d at 488.

*Third*, KPMG has a significant interest in intervening, and its interests may not otherwise be adequately represented. While KPMG and Tremont share some common arguments, there are differences in their positions that could prevent Tremont from adequately representing KPMG's interests and arguments on the SLUSA issue that may be presented to the Second Circuit. Additionally, KPMG alone has an interest in defending this Court's rulings regarding whether KPMG can be added back into the case as a party, and consequently without KPMG's participation in any interlocutory appeal KPMG's interests will not be protected. KPMG's participation in any interlocutory appeal will significantly contribute to full development of the issues and to the just and equitable adjudication of the questions presented. *See*, *e.g.*, *Diversified Grp.*, 217 F.R.D. at 157.

## CONCLUSION

For the foregoing reasons, non-party KPMG respectfully requests that the Court grants its Motion to Intervene for Purposes of Interlocutory Appeal.

Dated: May 30, 2014                    **SIDLEY AUSTIN LLP**
New York, New York

                                        By: /s/ Gregory G. Ballard

Of Counsel for non-party KPMG LLP:       Gary F. Bendinger
   Gregory G. Ballard
WILLIAMS & CONNOLLY LLP                  Gazeena K. Soni
725 Twelfth Street, N.W.                 787 Seventh Avenue
Washington, D.C. 20005                  New York, NY 10019
   Telephone: (212) 839-5300
   Facsimile: (212) 839-5599
   gbendinger@sidley.com
   gballard@sidley.com
   gsoni@sidley.com

   *Attorneys for non-party KPMG LLP*

6