UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | : <br> : Master File No. <br> : 08 Civ. 11117 (TPG) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This Document Relates to:                             :

SPECTRUM SELECT, L.P.,                         :

           12 Civ. 9057 (TPG)

       Plaintiff,            :

           ECF CASES
    - against-                           :   Electronically Filed

                     :

TREMONT GROUP HOLDINGS, INC., *et al.*,
                     :

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

  [*Caption Continued on Following Pages*]


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
TREMONT'S MOTION FOR: (A) RELIEF FROM THE
OPINION OF THIS COURT DATED APRIL 14, 2014, AND
<u>(B) LIMITED RELIEF FROM THE STAY ENTERED ON MAY 22, 2014</u>**


                   SKADDEN, ARPS, SLATE,
                    MEAGHER & FLOM LLP
                  Four Times Square
                  New York, New York 10036
                  (212) 735-3000

                  *Attorneys for Defendants*
                   *Tremont Partners, Inc. and*
                   *Tremont Group Holdings, Inc.*

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
ALBERT ANIKSTEIN, et al.,
                                                  :   12 Civ. 9058 (TPG)
                              Plaintiffs,
                                                  :
        - against-
                                                  :
TREMONT GROUP HOLDINGS, INC., et al.,
                                                  :
                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
MICHAEL BECKER, et al.,
                                                  :   12 Civ. 9060 (TPG)
                              Plaintiffs,
                                                  :
        - against-
                                                  :
TREMONT GROUP HOLDINGS, INC., et al.,
                                                  :
                              Defendants.
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
ALAN BILGORE, et al.,
                                                  :   12 Civ. 9061 (TPG)
                              Plaintiffs,
                                                  :
        - against-
                                                  :
TREMONT GROUP HOLDINGS, INC., et al.,
                                                  :
                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KARASEL II, L.P.,                                  :
                                                                   12 Civ. 9062 (TPG)
                        Plaintiff,                 :

        - against-                                 :

TREMONT GROUP HOLDINGS, INC., et al., :

                        Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
SPECTRUM SELECT II, L.P. and
SPECTRUM EQUITIES, L.P.,                           :   12 Civ. 9063 (TPG)

                        Plaintiffs,                :

        - against-                                 :

TREMONT GROUP HOLDINGS, INC., et al., :

                        Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                   :
ROBERT COCCHI, et al.,
                                                   :   12 Civ. 9064 (TPG)
                        Plaintiffs,
                                                   :
        - against-
                                                   :
TREMONT GROUP HOLDINGS, INC., et al.,
                                                   :
                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

Tremont[1] respectfully submits this reply memorandum of law in further support of its motion for an order of this Court setting aside the 4/14 Opinion.[2]

## ARGUMENT

## THE 4/14 OPINION SHOULD BE SET ASIDE IN LIGHT OF *HERALD*

### A.  The Court Should Reconsider the 4/14 Opinion

The Second Circuit issued its decision in Herald II *after* this Court certified the 4/14 Opinion for interlocutory review.  If this Court concludes, as we respectfully submit it should, that Herald II mandates dismissal of plaintiffs' state law claims and the 4/14 Opinion therefore should be set aside, Tremont's pending petition for appellate review would become moot.  Under the circumstances, the interests of orderly procedure and judicial economy favor reconsideration of the 4/14 Opinion in light of Herald II.

### B.  *Herald* Is Virtually On All Fours

Plaintiffs' attempt to distinguish Herald II fails.  Contrary to plaintiffs' contention, SLUSA preclusion in Herald II did not turn on the identity of the alleged *fraudsters*.  (Cf. Opp'n at 6.)  Rather, it turned on the investment activity of the *victims* – the plaintiff feeder fund investors – who were induced to invest *indirectly* in the covered securities Madoff agreed to purchase on behalf of the feeder funds.  As explained by the Second Circuit:  "Madoff Securities fraudulently induced attempted investments in covered securities [by plaintiff hedge fund investors], albeit through feeder funds (not alleged in the instant complaints as anything other than intermediaries)." Herald II (In re Herald, Primeo & Thema), Nos. 12-156-cv(L), 12-162-cv(Con), 2014 WL2199774, at *2 (2d Cir. May 28, 2014).  Thus, in Herald, as in this case, the victims who "'tried to take . . . an

---

[1]  Capitalized terms not defined herein are defined as set forth in Tremont's moving brief filed in support of this motion on June 3, 2014 (Dkt. No. 203).

[2]  Plaintiffs have not opposed Tremont's request for limited relief from the extant stay of this litigation for purposes of resolving this motion.

ownership position in . . . covered securities'" purchased by Madoff were the investors in intermediary feeder funds whose failed efforts to take that ownership position satisfied SLUSA's "in connection with" requirement.  Id. (citation omitted).

According to plaintiffs, Herald is distinguishable because Madoff's customers – the feeder funds – were the victims in that case, not the fraudsters "who made the misrepresentations," as plaintiffs allege with respect to the Rye Funds were here.  (Opp'n at 7, 8.)  In reality, in Herald, the state law claims barred by SLUSA were based in significant part on allegations that the *defendant feeder funds* misrepresented their due diligence on Madoff, and the defendant banks conspired with the feeder funds to defraud the plaintiff feeder fund investors, thereby exposing plaintiffs to Madoff's Ponzi scheme.  See Herald I (In re Herald, Primeo & Thema), 730 F.3d 112, 116-17, 119 & n.7 (2d Cir. 2013).  In light of these allegations, the Second Circuit did not find in Herald II that the victims of the alleged fraud were the defendant feeder funds, but rather, found that the victims were the plaintiff feeder fund investors who attempted to invest in covered securities, "albeit through feeder funds."  Herald II, 2014 WL 2199774, at *1-2.

The claims in Herald resemble those alleged by plaintiffs here, *i.e.*, by misrepresenting Tremont's due diligence on Madoff, Tremont and the Rye Funds exposed plaintiffs to Madoff's fraudulent scheme.  Thus, Herald is not materially distinguishable on the facts, and it compels the conclusion that Madoff feeder fund investors are "victims" for SLUSA purposes under Chadbourne & Parke LLP v. Troice, 134 S. Ct. 1058 (2014), even when plaintiffs accuse the feeder funds (or other parties) of fraud in connection with Madoff's feigned purchases and sales of covered securities.

## **CONCLUSION**

For the reasons stated above and in its moving brief, Tremont's motion to vacate the 4/14 Opinion should be granted.

Dated: June 30, 2014
       New York, New York

                      Respectfully submitted,

                      SKADDEN, ARPS, SLATE,
                        MEAGHER & FLOM LLP

            By:   /s/ Seth M. Schwartz
                    Seth M. Schwartz (Seth.Schwartz@Skadden.com)
                    Jason C. Vigna (Jason.Vigna@Skadden.com)
                    Four Times Square
                    New York, New York 10036
                    (212) 735-3000

                    Attorneys for Defendants
                    Tremont Partners, Inc. and
                    Tremont Group Holdings, Inc.