SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
212-735-2710
DIRECT FAX
917-777-2710

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

August 21, 2014

**BY HAND AND VIA ECF**

Honorable Thomas P. Griesa
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Spectrum Select, L.P. v. Tremont Group Holdings, Inc.*, 12 Civ. 9057 (TPG); *Anikstein v. Tremont Group Holdings, Inc.*, 12 Civ. 9058 (TPG); *Becker v. Tremont Group Holdings, Inc.*, 12 Civ. 9060 (TPG); *Bilgore v. Tremont Group Holdings, Inc.*, 12 Civ. 9061 (TPG); *Karasel II, L.P. v. Tremont Group Holdings, Inc.*, 12 Civ. 9062 (TPG); *Spectrum Select II, L.P. v. Tremont Group Holdings, Inc.*, 12 Civ. 9063 (TPG); *Cocchi v. Tremont Group Holdings, Inc.*, 12 Civ. 9064 (TPG)

Dear Judge Griesa:

On behalf of the Tremont Defendants, we respond to plaintiffs' letter to this Court dated August 20, 2014. Contrary to plaintiffs' contention, the Second Circuit's decision in Fairfield Picard v. Fairfield Greenwich Ltd., No. 13-1289 (2d Cir. Aug. 8, 2014) has nothing to do with SLUSA. The case therefore has no bearing on whether SLUSA bars plaintiffs' state law claims under the rationale of In re Herald, Primeo & Thema, No. 12-156-cv, 2014 WL 2199774 (2d Cir. May 28, 2014) ("Herald II"), the Second Circuit opinion squarely addressing the scope of SLUSA in light of Chadbourne & Parke LLC v. Troice, 134 S. Ct. 1058 (2014).

The claims in Fairfield arose under the Bankruptcy Code and SIPA. The question presented was whether certain feeder fund litigation ran afoul of those

Honorable Thomas P. Griesa
August 21, 2014
Page 2

statutes on the ground it allegedly involved property of the Madoff bankruptcy estate or claims against Madoff belonging to the trustee of the estate. See Slip op. at 10. The Second Circuit answered that question in the negative. See id. at 12, 14, 17, 19, 22.

In contrast, in this case and in Herald, the question is one of SLUSA preclusion, which raises no issue regarding property of the Madoff estate or claims against Madoff. Rather, the question is whether the claims of plaintiff Madoff feeder fund investors satisfy SLUSA's "in connection with" requirement. In Herald, the Second Circuit answered that question in the affirmative, as other courts subsequently have recognized:

> The Madoff Funds were marketed primarily as vehicles for exposure to covered securities. Thus, [in Herald II], the Second Circuit concluded with little apparent difficulty that the victims of the fraud [the feeder fund investors] had intended to take an ownership interest in covered securities. Given that interrelationship, [Herald II] fits comfortably within the confines of the "in connection with" requirement.

Hidalgo-Velez v. San Juan Asset Mgmt., Inc., --- F.3d ----, 2014 WL 3360698, at *7 (1st Cir. July 9, 2014); accord In re Harbinger Capital Partners Funds Investor Litigation, 12 Civ. 1244, 2014 U.S. Dist. LEXIS 94018, at *9 (S.D.N.Y. July 7, 2014) (in Herald II, the "Second Circuit unmistakably adopted a broad reading of Troice under which even an indirect ownership interest in covered securities -- for instance, the interest conveyed by an investment in a feeder fund -- triggers SLUSA preclusion").

Here too, the state law claims previously dismissed by this Court were premised on allegations that plaintiffs were induced by Tremont to try to take an indirect ownership interest in covered securities through investments in the Rye Funds, which plaintiffs described in their complaints as "little more than a conduit for Defendants to hand Plaintiffs' funds over to Madoff." (See, e.g., Cocchi Compl. ¶ 2.) Thus, under Herald and the subsequent decisions construing it, the state law claims alleged by plaintiffs here also easily satisfy SLUSA's "in connection with" requirement.

Respectfully submitted,

Seth M. Schwartz

cc: All counsel (via ECF)