UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW, AND INSURANCE LITIGATION | Master File No. 08 Civ. 11117 |
| CAYMAN NATIONAL TRUST COMPANY, LTD., as trustee of THE INTERNATIONAL DAD TRUST, Plaintiff, v. TREMONT OPPORTUNITY FUND III, L.P., et al., Defendants. | 11 Civ. 1687 **OPINION** |

    This case concerns money lost in Bernard Madoff's Ponzi scheme. Plaintiff Cayman National Trust Company caused its insurance carrier to invest approximately $4 million with two Tremont funds. The Tremont funds then invested part of that sum in Bernard Madoff's scheme, losing approximately $1.5 million of plaintiff's money. Plaintiff claims defendants—the Tremont funds and related entities—induced plaintiff's investment decision through misrepresentations, violating Texas common law and § 33A(2) of the Texas Securities Act.

1

On May 12, 2013, the court denied defendants' motions to dismiss plaintiff's claims. On June 6, 2013, two groups of defendants filed motions for reconsideration pursuant to Rule 6.3 of the Local Civil Rules of the Southern District of New York. The first reconsideration motion comes from Tremont Partners, Inc., Tremont Group Holdings, Inc., and Rye Investment Management ("Tremont defendants"). It argues, first, that the complaint did not sufficiently allege a fiduciary relationship between Tremont Defendants and plaintiff, and second, that Federal Rule of Civil Procedure 9(b) applies to plaintiff's claim under the Texas Securities Act. The second reconsideration motion, filed by Tremont Opportunity Fund II, L.P. and Tremont International Insurance Fund L.P. ("Fund defendants"), incorporates the same arguments and additionally contends that the Fund defendants in particular cannot have had a fiduciary relationship with plaintiff.

The court denies the motions.

## Applicable Legal Standard

A party moving for reconsideration must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3. The standard is strict and reconsideration should be denied unless a moving party brings forth information that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). For purposes of reconsideration, controlling decisions include decisions from the United States Court of Appeals

for the Second Circuit, but not decisions from other circuits or district courts. *Ades v. Deloitte & Touche,* 843 F. Supp. 888, 892 (S.D.N.Y.1994).

Here, the potentially relevant grounds for reconsideration are limited to "the need to correct a clear error or prevent manifest injustice." *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992). Reconsideration is not warranted where the movant attempts to relitigate an issue already decided. *New York v. Parenteau,* 382 F. App'x 49, 50 (2d Cir. 2010).

**Discussion**

<u>*Reconsideration as to Whether Plaintiff Sufficiently Alleges a Fiduciary Relationship with Defendants*</u>

Plaintiff's second cause of action, for breach of fiduciary duty under Texas common law, cannot prevail unless defendants owed plaintiff a fiduciary duty. Defendants argue that the court overlooked the complaint's failure to allege facts sufficient to show such a duty. The argument fails on the merits and falls short of the Local Rule 6.3 standard for reconsideration.

Under Texas law, a financial advisor owes a formal fiduciary duty to clients. *W. Reserve Life Assure. Co. of Ohio v. Graben,* 233 S.W.3d 360, 373 (Tex. App. 2007). In this case, the court already found that the complaint alleged defendants acted as financial advisors to plaintiff, and therefore owed a formal fiduciary duty. *In re Tremont Securities Law, State Law, and Ins. Litig.*, No. 11 Civ. 1687, 2013 WL 2257053, (S.D.N.Y. May 23, 2013) at *9.

The court's conclusion rested on clear allegations in the complaint that between 2004 and 2006, defendants met with plaintiff, communicated, and exchanged written documents concerning defendant's ongoing management of the funds that held plaintiff's money. Compl. ¶¶ 12-17. According to the complaint, plaintiff directed an initial investment to defendants in 2005 and continued to interact with defendants thereafter. Defendants' subsequent representations concerning their management of plaintiff's investment induced plaintiff to direct a second investment to defendants in 2006. *Id.* Thus, plaintiff has plausibly alleged that defendants went much further than providing routine information about the Tremont funds, and assumed the role of a financial advisor.

Equally important, defendants attempt to relitigate the question of whether they served as financial advisors. They fail to highlight controlling decisions or factual matters the court overlooked, as Local Rule 6.3 requires. Defendants merely reargue whether the complaint supports the court's conclusions. The court declines to reconsider its finding that plaintiff sufficiently alleged a fiduciary relationship.

*Reconsideration as to Whether Plaintiff Alleges a Fiduciary Relationship with Tremont Defendants but not Fund Defendants*

Fund defendants argue, additionally, that the court overlooked a distinction between Fund defendants and Tremont defendants. Namely, Fund defendants contend that plaintiff received investment advice only from Tremont

4

defendants, not from Fund defendants.  If true, Fund defendants owed no fiduciary duty to plaintiff.  Accordingly, plaintiff's cause of action for breach of fiduciary duty could not prevail against Fund defendants, even if it could prevail against Tremont defendants.

Fund defendants ground this argument in the contention that they are only funds, not advisers.  They observe that, as fund entities, they are recipients of Tremont defendants' investment advice, just as plaintiff claims to be.  As such, Fund defendants argue, they cannot have acted as financial advisers and cannot have owed or breached any fiduciary duty to plaintiff.

This argument has already been decided, and Fund defendants set forth no law or fact requiring reconsideration under Local Rule 6.3.  Tremont defendants are general partners, managers, or parents of Fund defendants, and it is plausible that they acted on behalf of Fund defendants in rendering investment advice to plaintiff.  For the foregoing reasons, Fund defendants fail to identify anything the court overlooked, and fail to show clear error or manifest injustice in the court's finding that plaintiff stated a sufficient claim against Fund defendants.  *See* Local Civ. R. 6.3.

*Reconsideration as to Whether Federal Rule of Civil Procedure 9(b) Applies to Plaintiff's Texas Securities Act Claim*

Plaintiff claims defendants violated § 33A(2) of the Texas Securities Act, which creates a cause of action for "a person buying [a] security" against the seller of the security, if the sale was made by means of a material omission or

misrepresentation." Vernon's Ann. Tex. Civ. St. Art. 581-33A(2).  In finding that plaintiff adequately stated a § 33A(2) claim, the court applied the "short and plain statement" standard of Rule 8 of the Federal Rules of Civil Procedure. *In re Tremont Securities Law, State Law, and Ins. Litig.*, No. 11 Civ. 1687, 2013 WL 2257053, (S.D.N.Y. May 23, 2013) at *11-12.  Defendants move for reconsideration, arguing that the court overlooked legal authority that mandates the application of the more exacting Rule 9(b) pleading standard to § 33A(2) violations.

As a threshold matter, the court must examine whether defendants set forth controlling authority, as required by Local Rule 6.3.  If defendants argue only that the court erred by overlooking non-controlling decisions, reconsideration is inappropriate.  *See Ades,* 843 F. Supp. at 892.  Controlling authorities do not include decisions from district courts or circuit courts other than the Second Circuit.  *Id.*

Here, defendants argue for reconsideration based on a case from the Northern District of Texas: *Billitieri v. Sec. Am., Inc.*, No. 09-CV-1568-F, 2010 WL 6785484 (N.D. Tex. July 26, 2010).  Tremont Def. Mem. in Supp. of Mot. for Recons. at 5-6, ECF No. 58.  That case is not a controlling authority.  Furthermore, *Billitieri* was already cited in defendants' reply brief and considered by the court.  Finally, the *Billitieri* court itself acknowledges ambiguity in the Fifth Circuit precedent in holding that Rule 9(b) applies to

claims under § 33A(2).  See *Billitieri*, 2010 WL 6795484 at *5.  The court declines to reconsider the issue.

## Conclusion

The motions for reconsideration are denied.  This resolves the motions listed as document numbers 57 and 60 in this case, 11-cv-1687.

SO ORDERED.

Dated: New York, New York
       November 14, 2014

*[signature]*

Thomas P. Griesa
United States District Judge