UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE TREMONT SECURITIES, STATE LAW, AND INSURANCE LITIGATION<br><br>This document relates to:<br>Insurance Action, 09 Civ. 557 (TPG) | MASTER FILE NO.: 08 CIV. 11117 (TPG)<br><br>DECLARATION OF DEMET BASAR IN SUPPORT OF MOTION FOR FINAL APPROVAL OF PLAN OF ALLOCATION FOR THE INSURANCE SETTLEMENT FUND AND AUTHORIZING DISTRIBUTION OF THE FUND |

I, DEMET BASAR, declare as follows:

1. I am a partner with the law firm of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"). Wolf Haldenstein serves as Court-appointed Co-Lead Counsel with Robbins Geller Rudman & Dowd LLP ("Robbins Geller") in the Insurance Action,

## I.   PROCEDURAL HISTORY

2. The Settling Parties[1] entered into a Stipulation of Settlement dated February 25, 2011 (the "Stipulation"), wherein the Settling Parties agreed, in substance, that in exchange for an Initial Settlement Amount of $100,000,000, plus the Fidelity Bond Recovery, plus the Remaining Tremont Fund, plus any accrued interest (the "Gross Settlement Fund"), there would be a full and complete settlement of all of the Released Claims against the Settling Defendants, including claims in the Insurance Action. Eight point two percent (8.2%) of the Gross Settlement Fund was to be transferred to the Insurance Settlement Fund. The Insurance Settlement Fund, net of any taxes on the income thereof, net of the amounts due to the Individual Settling Insurance Plaintiffs, and net of any funds used to pay Court-awarded attorneys' fees and

---

[1] Unless otherwise indicated, all capitalized terms shall have the same meaning as in the Stipulation of Settlement dated February 25, 2011.

expenses and other costs, including notice and administrative costs and escrow fees, and incentive awards to the Insurance Class Plaintiffs, is the Net Insurance Settlement Fund.

3.  By its Order Directing Notice And Setting Final Fairness Hearing In Connection With Motion For Approval Of Proposed Settlement And Motion For Attorneys' Fees And Expenses (the "Preliminary Approval Order"), the Court directed that the Notice Of Pendency Of Class Action, Motion For Final Approval Of Proposed Settlement Of The Insurance Action, Hearing On Proposed Settlement And Motion For Attorneys' Fees And Expenses (the "Notice") be mailed to all identifiable members of the Insurance Subclass and to Individual Settling Insurance Plaintiffs. The Notice included the terms of the proposed Plan of Allocation for the Insurance Settlement Fund ("Insurance Plan of Allocation"). The mailing of the Notice was conducted in accordance with the Preliminary Approval Order.

4.  The Preliminary Approval Order also approved the retention of The Garden City Group, Inc. ("GCG" or the "Insurance Claims Administrator") to facilitate notice, to administer the Net Insurance Settlement Fund, to perform all analyses and accounting procedures in connection with the Proofs of Claim submitted, and to effectuate distribution of the Net Settlement Fund. GCG has consented to the jurisdiction of this Court.

5.  On May 4, 2011, Settling Plaintiffs filed a Motion for Final Approval of Partial Settlement, Class Certification and Derivative Findings and a Motion for Final Approval of Plans of Allocation, including the Insurance Plan of Allocation. On the same date, Co-Lead Counsel in the Insurance Action filed a Motion for an Award of Attorneys' Fees and Expense and Insurance Class Plaintiffs' Incentive Awards.

6.  Thereafter, the Court held hearings on June 1, 2011 and August 8, 2011 to consider, among other things, whether the proposed Settlement should be granted final approval.

At the August 6, 2011 hearing, the Court approved the Settlement from the bench, but deferred ruling on the Plans of Allocation, including the Insurance Plan of Allocation.

7. By its Final Judgment and Order of Dismissal with Prejudice Regarding Settlement and Rules 23 and 23.1 (the "Final Approval Order") filed August 19, 2011, the Court formally approved the Settlement as fair, reasonable and adequate and in the best interests of the Class. Dkt. 604. In addition, the notice procedures were declared to be proper, and the Action was dismissed with prejudice. *Id.* The Final Approval Order also stated that "[a] separate order shall be entered to approve the application by …Plaintiffs' Insurance Settlement Class Counsel for approval of the Plan[] of Allocation."

8. By its Order and Final Judgment Granting Insurance Class Counsel's Motion for an Award of Attorney's Fees and Expenses and Class Plaintiffs' Incentive Awards dated August 19, 2011, the Court approved Class Counsel's request for attorneys' fees and expenses and for payment of incentive awards in the amount of $10,000 to each Insurance Class Plaintiff.

9. Subsequently, various appeals were filed. The last appeal was resolved on October 6, 2014, when the United States Supreme Court denied appellants' petition for a writ of certiorari.

## II. THE INSURANCE SETTLEMENT FUND

10. Following the entry of the Court's Preliminary Approval Order, the Settling Defendants caused to be paid $100,000,000 in cash into an interest-bearing escrow account for the benefit of the Classes. In accordance with the terms of the Stipulation, 8.2% of this amount, plus interest, totaling $8,412,198.82, was transferred to the Insurance Settlement Fund on December 23, 2011. Between February 2013 and October 2014, an additional $1,751,884.74 in recoveries from the Fidelity Bond Litigation was deposited into the Insurance Settlement Fund. In addition, $7.43 in taxes and $948,138.93 in Court-awarded attorneys' fees and expenses have

been withdrawn from the Insurance Settlement Fund. As of November 3, 2014, the balance of the Net Insurance Settlement Fund was $9,210,858.53.

### III. THE PROPOSED PLAN OF ALLOCATION

11.     The Insurance Class Plaintiffs and the Individual Settling Insurance Plaintiffs, in consultation with their damages consultants, developed the Insurance Plan of Allocation. The Insurance Plan of Allocation is set forth in full on pages 10 to 13 of the Notice, which is attached as Exhibit A hereto. *See also* Declaration of Demet Basar in support of the Motion for Final Approval of Plan of Allocation (Dkt. 444).

12.     As described in the Insurance Plan of Allocation, Eligible Insurance Subclass Members and the Individual Settling Insurance Plaintiffs are to recover on the basis of the same formula. Because damages in the Insurance Action are not calculated by net investments in the Rye Funds, however, Eligible Insurance Subclass Members and the Individual Settling Insurance Plaintiffs will recover varying amounts based on their particular Policies, including the amount of premiums paid, outstanding loan amounts, and the investments in the investment account of the Policies.

13.     Only those members of the Insurance Subclass who do not opt out of the Settlement and who submit valid Proofs of Claim ("Authorized Insurance Claimants") and Individual Settling Insurance Plaintiffs who submit valid Proofs of Claim are entitled to participate in the Insurance Settlement Fund. Based on the information set forth in the valid Proofs of Claim, the Insurance Claims Administrator will determine each Authorized Insurance Claimant's and each Individual Settling Insurance Plaintiff's share of the Insurance Settlement Fund. Once this determination has been made, the proportion of the Insurance Settlement Fund allocable to the Individual Settling Insurance Plaintiffs, as determined by multiplying the Insurance Settlement Fund by a fraction, the numerator of which is the sum of the Individual

Settling Insurance Plaintiffs' recognized claims and the denominator of which is the sum total of all recognized claims, will be distributed to counsel for the Individual Settling Insurance Plaintiffs. The amount remaining in the Insurance Settlement Fund after payment of taxes and tax expenses and such distribution to counsel for the Individual Settling Insurance Plaintiffs, less Court-approved attorneys' fees and expenses and incentive awards to the Insurance Class Plaintiffs, and notice and administration expenses, is the "Net Insurance Settlement Fund." Each Authorized Insurance Claimant will receive a distribution determined by multiplying the Net Insurance Settlement Fund by a fraction, the numerator of which is the Authorized Insurance Claimant's recognized claim and the denominator of which is the sum total of the recognized claims of all Authorized Insurance Claimants.

14. No Insurance Subclass Member has objected to the proposed Insurance Plan of Allocation. The Insurance Plan of Allocation was not the subject of any appeal relating to the Settlement.

15. Insurance Class Plaintiffs submit that the Insurance Plan of Allocation is fair and reasonable and respectfully request that it be approved by the Court.

## IV.    CLAIMS PROCESSING AND DETERMINATIONS

16. In accordance with the Notice, all Insurance Subclass Members and Individual Settling Insurance Plaintiffs wishing to participate in the Insurance Settlement Fund were required to complete a Court-approved Proof of Claim and Release (the "Proof of Claim") and submit it to GCG as the Insurance Claims Administrator.

17. Seventy-seven (77) Proofs of Claim were submitted by claimants, two (2) of which were late but otherwise authorized in whole or in part, and are recommended for approval. Six (6) of the claims submitted were determined to be duplicates. One claim for the benefit of the wife of one of the Settling Defendants was rejected because the claimant was excluded from

the definition of the Settlement Class. Cirami Aff., ¶¶ 20-22. Co-Lead Counsel respectfully recommends that if any new or corrected Insurance Proofs of Claim received after December 5, 2014 a reasonable time in advance of any subsequent distribution (if any), are found to be eligible, such claims may, at Co-Lead Counsel's discretion, be included in subsequent distributions that are approved.

18.     If this Motion is granted and distribution is approved, GCG shall calculate a proposed allocation percentage (the "Pro Rata Share") for each Insurance Subclass Member or Individual Settling Insurance Plaintiff that returned a completed Proof of Claim. Cirami Aff., ¶ 25. GCG has calculated the combined total of the Recognized Losses (the "Total Recognized Loss"). *Id.* at ¶ 7. To determine the Pro Rata Share of each claimant, it shall calculate the percentage each claimant's Recognized Loss represents of the Total Recognized Loss. *Id.* at ¶ 25.

## V.     SUMMARY OF CLAIMS PROCESSING

19.     As stated above, seventy (70) Proofs of Claim were submitted properly and considered valid.

20.     Insurance Class Plaintiffs respectfully request that this Court approve the administrative determinations of GCG and Co-Lead Counsel, and direct GCG to approve all valid Proofs of Claim.

## VI.    TAXES AND EXPENSES

21.     The Insurance Settlement Fund was invested pursuant to the terms of the Stipulation. Thus, the interest earned on the settlement proceeds through November 3, 2014 is $1,570.58. Under the provisions of §1.468B of the Internal Revenue Code, taxes must be paid on the Settlement Fund. Monies payable to the Internal Revenue Service at the time of

distribution, if any, on the interest earned on the settlement proceeds will be withheld from payment to the claimants and immediately paid to the Internal Revenue Service.

22. Insurance Class Plaintiffs respectfully request that GCG be paid the sum of $8,921.10 from the Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with the administration of the Settlement and the disbursement of the Net Insurance Settlement Fund.  *See* Cirami Aff., ¶ 35.

23. Insurance Class Plaintiffs respectfully request that each Insurance Class Plaintiff be paid, as an incentive award, the amount of $10,000 from the Insurance Settlement Fund, as previously approved by the Court.

24. Insurance Class Plaintiffs respectfully request that the sum of $7,500 be held in the Escrow Account for payment of tax preparation fees for 2014, 2015 and 2016.

**VII.    DISTRIBUTION PROCESS**

25. The Net Insurance Settlement Fund is ready to be distributed upon approval of the Insurance Plan of Allocation.  Insurance Class Plaintiffs therefore respectfully request that the Court direct GCG to distribute the Net Insurance Settlement Fund to the claimants whose claims GCG administratively determined to be valid.  Pursuant to the Notice, if these administrative determinations are approved, each of these claimants will receive a *pro rata* share of the Net Insurance Settlement Fund based on his, her, or its claim compared to the total claims of all accepted claimants.

26. Insurance Class Plaintiffs respectfully recommend that one (1) year after the distribution of the GCG be authorized to destroy hard copies of documents related to this Action. Insurance Class Plaintiffs also respectfully request that three (3) years after the distribution of the Net Insurance Settlement Fund, GCG be authorized to destroy electronic versions of the Proof of Claim records.

- 8 -

27. Insurance Class Plaintiffs respectfully request this Court release and discharge all persons who are involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms filed in this Action, or who are otherwise involved in the administration or taxation of the Insurance Settlement Fund, or the Net Insurance Settlement Fund, from any and all claims arising out of such involvement, and, pursuant to the release terms of the Settlement, bar all Insurance Subclass Members and Individual Settling Insurance Plaintiffs, whether or not they are to receive payment from the Net Insurance Settlement Fund, from making any further claim against the Net Insurance Settlement Fund or the Settling Parties beyond the amount allocated to them by the Settlement as approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of December, 2014, at New York, New York.

/s/ Demet Basar
DEMET BASAR