UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:  MASTER FILE NO.: 08 CIV. 11117 (TPG)
IN RE TREMONT SECURITIES, STATE   :
LAW, AND INSURANCE LITIGATION   :  [~~PROPOSED~~] ORDER GRANTING FINAL
:  APPROVAL OF PLAN OF ALLOCATION
This document relates to:   :  FOR THE INSURANCE SETTLEMENT
Insurance Action, 09 Civ. 557 (TPG)   :  FUND AND AUTHORIZING
:  DISTRIBUTION OF THE FUND
---------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/14

WHEREAS, by its Final Judgment And Order of Dismissal With Prejudice Regarding Settlement and Rules 23 and 23.1 (the "Final Approval Order"), filed August 19, 2011, this Court approved the terms of the Stipulation of Settlement dated February 25, 2011 (the "Stipulation"); and

WHEREAS, this Court had directed the Settling Parties to consummate the terms of the Stipulation; and

WHEREAS, that portion of the settlement proceeds allocable to the Insurance Subclass and the Individual Settling Insurance Plaintiffs has been deposited into an interest-bearing escrow account on behalf of the Insurance Subclass and the Individual Settling Insurance Plaintiffs (the "Insurance Settlement Fund"); and

WHEREAS, on May 4, 2011, Settling Plaintiffs filed a Motion for Final Approval of Partial Settlement, Class Certification and Derivative Findings and a Motion for Final Approval of Plans of Allocation, including the Plan of Allocation for the Insurance Settlement Fund ("Insurance Plan of Allocation"); and

WHEREAS, Co-Lead Counsel now seek approval of the Insurance Plan of Allocation as fair and reasonable; and

WHEREAS, as set forth in the Notice Of Pendency Of Class Action, Motion For Final Approval Of Proposed Settlement Of The Insurance Action, Hearing On Proposed Settlement And Motion For Attorneys' Fees And Expenses (the "Notice"), the deadline for Insurance Subclass Members and Individual Settling Insurance Plaintiffs to submit Proof of Claim and Release forms ("Proof of Claim") in order to participate in the distribution of the Insurance Settlement Fund was August 31, 2011; and

WHEREAS, in satisfaction of due process requirements, all Insurance Subclass Members who filed Proofs of Claim that were in any way ineligible or deficient were: (1) informed that their Proof of Claim was ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claim being finally rejected, or to contest the determination as to the deficiency, by requesting a further review of their claim; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Co-Lead Counsel now seek authorization to distribute the proceeds of the Insurance Settlement Fund to Authorized Insurance Claimants, after deduction of any taxes, payment to the Individual Settling Insurance Plaintiffs in accordance with their allocable pro rata share of the Insurance Settlement Fund, and fees and expenses (including incentive awards to the Insurance Class Plaintiffs) approved by this Order or previously approved by the Court (the "Net Insurance Settlement Fund"); and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Insurance Settlement Fund;

NOW, THEREFORE, upon considering: (1) the Affidavit of Stephen J. Cirami (the "Cirami Affidavit") of The Garden City Group, Inc. ("GCG"); (2) the Declaration of Demet Basar, one of Co-Lead Counsel for Insurance Class Plaintiffs; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby:

ORDERED, that the Insurance Plan of Allocation is finally approved; and it is further

ORDERED, that the administrative determinations of GCG accepting the Proofs of Claim and described in the Cirami Affidavit, calculated pursuant to the Insurance Plan of Allocation be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that to the extent that any new or corrected Insurance Proofs of Claim received after December 15, 2014, but a reasonable time in advance of a subsequent distribution (if any), are found to be eligible, such claims may, at Co-Lead Counsel's discretion, be included in subsequent distributions that are approved; and it is further

ORDERED, that payment be made from the Insurance Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on the interest earned on the Insurance Settlement Fund while in escrow, if any; and it is further

ORDERED, that the sum of $7,500 be held in the Escrow Account for payment of tax preparation fees for 2014 and thereafter as may be necessary; and it is further

ORDERED, that the portion of the Insurance Settlement Fund allocable to the Individual Settling Insurance Plaintiffs shall be distributed to Berger & Montague, P.C. on behalf of the Individual Settling Insurance Plaintiffs; and it is further

ORDERED, that the Insurance Class Plaintiffs: Chateau Fiduciaire, S.A., as Trustee of the Map Trust, The Geoffrey Rabie Credit Shelter Trust, the Joanne Brenda Rabie Credit Shelter Trust, the Harriet Rutter Klein Revocable Trust, and the Matthew L. Klein Irrevocable Family Trust, each be paid an incentive award in the amount of $10,000 from the Insurance Settlement Fund, for a total of $50,000, as previously approved by the Court; and it is further

ORDERED, that GCG be paid the sum of $8,921.10 from the Insurance Settlement Fund as payment for its outstanding fees and expenses incurred and its fees and expenses to be

incurred in connection with the administration of the Settlement and the disbursement of the Net Insurance Settlement Fund; and it is further

ORDERED, that the Net Settlement Fund shall be distributed to the Authorized Insurance Claimants pursuant to the Insurance Plan of Allocation in proportion to each Authorized Insurance Claimant's approved claims as compared to the total approved claims of all accepted claimants; and it is further

ORDERED, that the checks for distribution to the Authorized Insurance Claimants shall bear the notation "CASH PROMPTLY, VOID 180 DAYS AFTER DISTRIBUTION DATE." Co-Lead Counsel and GCG are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed its check within said time; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Insurance Settlement Fund comply with the terms of the Stipulation and the Insurance Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Insurance Settlement Fund and/or the Net Insurance Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Insurance Subclass Members and Individual Settling Insurance Plaintiffs, whether or not they are to receive payment from the Insurance Settlement Fund are barred from making any further claims against the Insurance Settlement Fund beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that GCG is hereby authorized destroy paper or hard copies of Proofs of Claim forms and supporting documents not less than one (1) year after distribution of the Net Insurance Settlement Fund to the eligible claimants and may discard electronic copies of the

same not less than three (3) years after distribution of the Net Insurance Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.

DATED: 12/22/14

_____
THE HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE