**VENABLE® LLP**

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   TWENTY-FIFTH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

Kostas D. Katsiris
T 212.370.8262
F 212.307.5598
kkatsiris@venable.com

April 10, 2015

BY HAND AND ECF

Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/15

Re:   *In re Tremont Securities Law, State Law and Insurance Litigation,*
      08 Civ. 11117 (TPG)

Dear Judge Griesa:

This firm represents Lehman Brothers Finance AG in Liquidation ("LBF"), the former Swiss affiliate of Lehman Brothers Holdings Inc. LBF is currently the subject of liquidation (bankruptcy) proceedings in Switzerland, as well as an ancillary proceeding filed under Chapter 15 of the United States Bankruptcy Code in aid of the Swiss proceeding, which is pending in the United States Bankruptcy Court for the Southern District of New York. *In re Lehman Brothers Finance AG, In Liquidation,* Case No. 09-10583 (SCC) (Bankr. S.D.N.Y.).

We write to request the Court's permission to file a short opposition to the pending Motion for Approval of Distribution of the Net Settlement Fund (the "Motion") on or before next Friday, April 17. We respectfully request permission to file this opposition in light of the following circumstances.

Pursuant to the Net Settlement Fund Plan of Allocation (the "Plan"), a "Swap Counterparty" is defined as "a party that entered into a swap transaction or similar arrangement with any of the Rye Select Funds ... in order to provide said Fund with a leveraged return." As we can further explain if granted permission to file our opposition to the Motion, LBF is not a Swap Counterparty because it did not enter any swap transaction or other arrangement to provide the Fund with a leveraged return. Indeed, aside from subscribing for approximately 20,500 Class D shares of the Fund (the "LBF-subscribed Shares") in the spring and summer of 2008, LBF entered into no contractual arrangements whatsoever with any of the Rye Select Funds. These LBF-subscribed Shares, together with approximately 54,500 Class D shares of the Fund (the "LBSF-subscribed Shares") subscribed by Lehman Brothers Special Financing Inc. ("LBSF"), are the

*Approved. Thomas P. Griesa*
4/14/15
USDJ

**VENABLE**®LLP

Honorable Thomas P. Griesa
April 10, 2015
Page 2

basis for claim number 1000500.[1] Notwithstanding these facts, the claims administrator, Garden City Group ("GCG"), incorrectly classified the 20,500 LBF-subscribed Shares as shares acquired by a Swap Counterparty.

We assume that GCG has mistakenly identified LBF as being an affiliate of LBSF. In fact, LBF and LBSF are separate legal entities that have been completely unaffiliated since December 22, 2008, the date the Swiss Court appointed Pricewaterhouse Coopers AG Zurich as liquidator of LBF. As liquidator, Pricewaterhouse Coopers AG Zurich is responsible to LBF's creditors in the Swiss bankruptcy proceeding for recovering all assets that properly belong to the LBF estate. For this reason, LBF seeks to have the portion of claim number 1000500 attributable to the 20,500 LBF-subscribed Shares reclassified as a claim not subject to the 99% discount applicable to claims of Swap Counterparties.

We respectfully submit that allowing LBF to file a short opposition to address this apparent error by GCG is warranted in light of LBF's prior attempts to address this situation. Specifically, on March 18, 2015, we contacted Jamie Firenze, a GCG representative, and spoke with her on March 19. At that time we expressed LBF's objection to the classification of at least a portion of claim number 1000500 as the claim of a Swap Counterparty. Ms. Firenze stated that she would have class counsel, Entwistle & Cappucci ("E&C"), contact Venable to discuss LBF's objection. We did not hear from E&C until Friday afternoon, March 27, when Robert Cappucci left a voicemail for the Venable lawyer who had spoken with Ms. Firenze eight days before. When we returned Mr. Cappucci's call the following Tuesday, March 31, he informed us that the deadline for filing objections had passed on March 27 – the same day that he first followed up on our message relayed to E&C through GCG. Neither LBF nor Venable was aware of this deadline until Mr. Cappucci informed us after the deadline had passed, and Mr. Cappucci did not mention the deadline in his voicemail left on the afternoon of March 27.

We are aware that other claimants have timely filed objections to the Motion, and that E&C has until today, April 10, to respond. Notwithstanding this schedule, for the reasons set forth above, we respectfully request the Court's permission to file a limited objection to the Motion on behalf of LBF by April 17, 2015, for the sole purpose of requesting that the Court reclassify the portion of claim number 1000500 attributable to the 20,500 LBF-subscribed Shares as shares not subject to the 99% discount applicable to claims of Swap Counterparties. We note that if our request is granted, LBF's objection will be based on factors unique to claim number 1000500, arising solely by virtue of the fact that LBF is a separate and distinct legal entity from LBSF. Accordingly, the Court's adjudication of LBF's objection will not have any impact on the

---

[1] We understand that, by contrast, LBSF, a former affiliate of LBF, did enter into a swap transaction (the "LBSF/XL Swap") with Rye Select Broad Market XL Portfolio Limited Fund (the "XL Fund"), for the purpose of providing leverage to investors in the XL Fund. We further understand that LBSF (through a Cayman Islands subsidiary) acquired the LBSF-subscribed Shares in connection with the LBSF/XL Swap.

# VENABLE LLP

Honorable Thomas P. Griesa
April 10, 2015
Page 3

classification of other claims in this case. In particular, LBF does not object to the definition of Swap Counterparty, nor to the 99% discount applied to claims of Swap Counterparties. LBF's position is a more limited one: that a portion of the claim number 1000500 was improperly classified because LBF does not fall within the Plan's definition of Swap Counterparty.

Thank you for your consideration of this request.

Respectfully yours,

Kostas D. Katsiris

cc:   Robert Cappucci, Esq.