UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECF CASE

-----------------------------------------------------------x
IN RE TREMONT SECURITIES LAW, :
STATE LAW AND INSURANCE : Master File No.:
LITIGATION : 08 Civ. 11117 (TPG)
:
-----------------------------------------------------------x
This Document Relates to: All Actions :
:
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/15

[PROPOSED] ORDER GRANTING SETTLING CLASS PLAINTIFFS' MOTION FOR APPROVAL OF: (i) CREATION OF NET SETTLEMENT FUND RESERVE AND DISTRIBUTION OF UNRESERVED PORTION OF NET SETTLEMENT FUND TO AUTHORIZED CLAIMANTS; AND (ii) READMISSION TO SETTLEMENT CLASS OF SETTLING PLAINTIFFS

Settling Class Plaintiffs, on notice to Defendants' counsel, filed a motion with this Court (the "Motion") for an order approving the Distribution of Net Settlement Fund pursuant to the Net Settlement Fund Plan of Allocation ("NSF POA") (ECF No. 988-1) approved by Order dated December 22, 2014 (ECF No. 994) in the above-captioned class actions (the "Actions"), including creation of a Net Settlement Reserve, distribution of the unreserved portion of the Net Settlement Fund and the proposed readmission of 146 parties (the "Settling Plaintiffs") to the Settlement Class. The Court having considered all the submissions and arguments in support of the Motion, including the Affidavit of Stephanie Amin-Giwner of the Garden City Group, Inc. ("GCG"), the Court-appointed Claims Administrator, sworn to on February 27, 2015 with exhibits (the "Amin-Giwner Affidavit") (ECF No. 1005), Settling Plaintiffs' Joinder in the Settling Class Plaintiffs' Motion for Approval of Distribution of Net Settlement Fund (ECF No. 1006) and Settling Class Plaintiffs' Memorandum in Support of Motion for Approval of Distribution of Net Settlement Fund (ECF No. 1004) and the Reply Memorandum in Further

Support of Motion for Approval of Distribution of Net Settlement Fund; and the Court also having considered the responses to the Motion filed by various Class members;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Amin-Giwner Affidavit and in the Stipulation of Partial Settlement dated as of February 23, 2011 (the "Stipulation") (ECF No. 392-1), and all terms used herein shall have the meanings as set forth in the Amin-Giwner Affidavit and in the Stipulation and in the NSF POA.

2. This Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including the Settlement Class Members.

3. The portion of Settling Class Plaintiffs' Motion seeking approval of creation of a Net Settlement Fund Reserve and Initial Distribution of the unreserved portion of the Net Settlement Fund to Authorized Claimants is **GRANTED** and objections thereto are overruled.

4. The portion of Settling Class Plaintiffs' Motion seeking approval of readmission to the Settlement Class of the Settling Plaintiffs and distribution of the NSF Reserve to Authorized Claimants including existing Class Members, when and as approved by GCG, is **GRANTED**, and objections thereto are overruled.

5. The provisions of this Order at par. 3 and par. 4 are independent of each other, and an appeal from either par. 3 or par. 4 shall not impact the effectiveness of the other.

6. Payments to Authorized Claimants by GCG pursuant to the NSF POA and Distribution Plan and the provisions of this Order at par. 3 and 4 shall be conclusive against all Authorized Claimants. No Person shall have any claim against the State Law and Securities Plaintiffs, Plaintiffs' State Law and Securities Class Counsel or GCG based upon Disbursements

or determinations made substantially in accordance with the NSF POA and Distribution Plan or orders of this Court, except in the case of fraud or willful misconduct.

7. The Court retains jurisdiction over the Actions and all parties thereto, including the Settlement Class Members and over any further application or matter which may arise herein.

8. GCG shall be paid the sum of $555,461.23 from the Net Settlement Fund as payment for its outstanding fees and expenses incurred and to be incurred in connection with administration of the Settlement and the Distribution Plan.

9. GCG may destroy paper copies of Proofs of Claim and supporting documents not less than one (1) year after final distribution of the Net Settlement Fund and may discard electronic copies of the same not less than three (3) years after such final distribution.

SO ORDERED

Dated: New York, New York
June 5, 2015

HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE