# ENTWISTLE & CAPPUCCI

Entwistle & Cappucci LLP
280 Park Avenue
26th Floor West
New York, NY 10017

(212) 894-7200 Main
(212) 894-7272 Fax
www.entwistle-law.com

June 29, 2015

**VIA ECF**

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *In re Tremont Securities Law, State Law and Insurance Litigation*, **Master File No. 08 Civ. 11117 (TPG)**

Dear Judge Griesa:

We write as Co-Lead Counsel in the above-captioned matter to seek the Court's guidance on two recent actions by counsel for FutureSelect.[1]

First, FutureSelect served a subpoena upon non-party Fortress Group LLC ("Fortress") seeking substantially the same confidential mediation-related material as the same counsel sought in an objection overruled by Your Honor in the recent Net Settlement Fund ("NSF") distribution decision. *See* Future Select's Subpoena, attached as Exhibit A (the "Subpoena"); ECF No. 1072 at 11, 13. I called counsel for FutureSelect to ask that they either stay or withdraw the request, which was made on very short notice. I was told that counsel would check and call me back, but at the time of this writing, I have heard nothing directly from counsel (though counsel for Fortress tells me counsel declined a similar request in a call this past Friday).

It seems to us that, having rejected substantially the same request for protected materials made by the same lawyers for the same client,[2] the Court should strike the Subpoena in the interests of judicial efficiency and the well-recognized need to protect the mediation process.

---

[1] FutureSelect Prime Advisor II LLC (a sub-feeder fund that invested in two Rye Funds -- Rye Select Broad Market Prime Fund, L.P. ("Prime") and Rye Select Broad Market XL Fund, L.P. ("XL")), the Merriwell Fund, L.P. and Telesis IIW, LLC (collectively, "FutureSelect").

[2] Ronald C. Ward, one of the "Ward Objectors" (ECF No. 1070 at 1), whose request for discovery of confidential mediation-related material was denied by this Court on June 5, 2015 (ECF No. 1072 at 13) is the President of FutureSelect Portfolio Management, Inc., which manages the investment fund, FutureSelect Prime Advisor II LLC. ECF No. 212 at 6.

Honorable Thomas P. Griesa
June 29, 2015
Page 2 of 3

Absent that, we ask the Court's guidance as to how Your Honor would like the parties to proceed.

Second, FutureSelect has filed a motion seeking the appointment of subclasses in connection with the Fund Distribution Account ("FDA") Plan of Allocation ("FDA POA") and distribution. In the first instance, Your Honor rejected requests for subclasses made during the lead counsel process (ECF No. 236 at 26-30; ECF No. 314 at 3-4) and again in overruling objections on that and similar bases to the now final Settlement of this case as a whole (ECF No. 489 at 10-14; ECF No. 454 at 10-11; May 8, 2011 Letters of Madelyn Haines and Paul Zamrowski Containing Their Objection to Class Certification at 44-51;[3] ECF No. 604). The present motion seeks substantially the same relief.

In this regard, we note counsel for FutureSelect misreads the underlying notices and the record related to the Settlement hearings as a whole in that no person who wished to object to the FDA aspect of the Settlement was denied an opportunity to do so on the basis of their status as an opt out. *See* Final Judgment Order ECF No. 604 at 9 (clearly stating limited partners of the Settling Funds had a right to object to the Settlement). To be sure, opt outs had no standing to object to the NSF portion of the Settlement that they opted out of, but there were not and could not be any opt outs to the FDA portion of the Settlement, a fact made plain by the underlying documents and proceedings and the fact that counsel for FutureSelect (an opt out of the class case that continues to litigate against Tremont) joined in submissions, received confidential materials and otherwise participated in and had a full opportunity to advocate and ask questions within the mediation of the FDA POA. We also note that Lead Plaintiffs invested in both Prime and XL, participated in the mediation and support the Consensus Proposal as do other Prime and XL investors.

Of course, FutureSelect is free to object to the FDA POA and distribution motion when filed to advance its own interests and objections, but that does not create the need for or right to subclasses at this late stage of the proceedings where: (i) the issue was long ago disposed of by the Court; (ii) the Order on the Settlement (including the FDA structure) is long since final; (iii) there has been a protracted mediation process that enjoyed vigorous advocacy by sophisticated investors represented by excellent lawyers (including movant FutureSelect); (iv) where Lead Plaintiffs themselves are invested in the very Funds for which subclasses are sought; and (v) all persons so desiring (including FutureSelect) have an opportunity to advocate their position before the Court when the FDA Plan of Allocation approval motion is filed.

For the above reasons, we respectfully request that FutureSelect's motion be deemed withdrawn without prejudice to renewal in the form of an objection to the FDA POA -- assuming it continues to believe it prudent to do so after a more considered view of the facts, prior rulings and procedural posture here.

---

[3] The relevant pages of this objection are attached as Exhibit B.

EC.58819.1

Honorable Thomas P. Griesa
June 29, 2015
Page 3 of 3

      In sum then, Lead Counsel respectfully make two requests for relief. First, as to Future Select's Subpoena served on Fortress, we ask that it be struck in the interests of judicial efficiency, the Court's prior rulings and the well-recognized need to protect the mediation process. Second, as to FutureSelect's motion for subclasses, we respectfully request that FutureSelect's motion be deemed withdrawn without prejudice to renewal in the form of an objection to the FDA POA.[4]

Respectfully submitted,

Andrew J. Entwistle

Encl.

cc (via e-mail):

    Irwin H. Warren
    Weil, Gotshal & Manges LLP
    767 5th Avenue
    New York, NY 10153-0119
    irwin.warren@weil.com

    Mark Forrester
    Thomas, Alexander & Forrester LLP
    14 27th Avenue
    Venice, California 92091
    markforrester@tafattorneys.com

---

[4] Lead Counsel respectfully reserve our right to respond further if the Court so directs.

EC.58819.1