**Weil, Gotshal & Manges LLP**

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

July 1, 2015

Irwin H. Warren
+1 212 310 8648
irwin.warren@weil.com

The Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 26B
New York, NY 10007-1312

Re: *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117

Dear Judge Griesa:

  I write on behalf of Fortress Group LLC ("Fortress") to correct certain misstatements in the June 30, 2015 letter to the Court from Mark Forrester, counsel for FutureSelect Prime Advisor II LLC ("FutureSelect"), which likely would be of immediate significance to the Court's consideration of both that letter, and the June 29, 2015 letter from Co-Lead Counsel, Andrew Entwistle, requesting that the Court strike the subpoena served on Fortress by Mr. Forrester, to which Mr. Forrester was responding. In particular, Mr. Forrester simply misstates the facts regarding Fortress' objections to his subpoena. We will not restate the points raised by Mr. Entwistle; and we respectfully reserve all of our positions and arguments as to the variety of other inaccuracies and mischaracterizations in Mr. Forrester's letter as to Fortress, the mediation process, the nature of this proceeding regarding a Plan of Allocation ("PoA") for the Fund Distribution Account ("FDA") and the resulting issues that will be before the Court, FutureSelect's claims to the FDA, etc., until such time as briefing and related proceedings are scheduled to go forward.

  First, Mr. Forrester misstates the facts as to Fortress' objection to the subpoena that Mr. Forrester served on Fortress. Mr. Entwistle asked that the subpoena be stricken, including in light of "the well-recognized need to protect the mediation process," which has been on-going here for more than a year, under the auspices of former United States District Court Judge Layn Phillips. See, In re Teligent, Inc., 640 F.3d 53, 59 (2d Cir. 2011) (affirming denial of discovery of confidential mediation communications). Mr. Forrester responded that supposedly, "Fortress itself has not objected nor requested an extension." Mr. Forrester simply misstates the facts. <u>Fortress timely served its Objections and Responses to the subpoena on June 29.</u> Moreover, counsel for Fortress sent a courtesy copy of such Objections and Responses to Mr. Forrester (and to his colleague who signed the subpoena on his behalf)

The Honorable Thomas P. Griesa                               **Weil, Gotshal & Manges LLP**

July 1, 2015
Page 2


on June 30, before Mr. Forrester sent his letter to the Court (see Exhibit A hereto):  Mr. Forrester therefore was aware of Fortress' objections at the time he wrote to the Court to say there had been none.

Second, Mr. Forrester asserts that Mr. Entwistle has no standing to seek relief from the subpoena.  Mr. Forrester again is incorrect.  Not only Fortress, but Mr. Entwistle and every other person or entity that participated in the mediation, has standing to object to FutureSelect's subpoena because that subpoena violates the rights, protections and agreements of every participant in the mediation. Specifically, the subpoena seeks all documents concerning the mediation and any efforts to achieve as much consensus as possible regarding a FDA PoA.  It thus violates – indeed, flaunts – the express conditions and proscriptions that Judge Phillips set out, both orally and in writing, at the outset of the mediation and that he reaffirmed thereafter.  Every participant in the mediation was instructed by Judge Phillips, and was required to agree, that the entire mediation process and all communications pursuant thereto are and must remain confidential, including, in particular, being off limits from discovery, court papers, arguments or other Court proceedings.  In addition, the written Mediation Confidentiality Agreement, which Judge Phillips required participants to sign, further provided, inter alia:  "no statement made during the course of the mediation or any materials generated for the purpose of the mediation may be offered into evidence, disseminated, published in any way, or otherwise publicly disclosed."  There was no "carve out" from any such obligations for FutureSelect or its counsel, which participated in the mediation.

By seeking discovery, FutureSelect and its counsel have already violated the mediation confidentiality conditions, rules and agreements that Judge Phillips imposed, and on which all participants relied.  Moreover, FutureSelect's subpoena necessarily and improperly asks Fortress to violate its agreements with and the obligations of confidentiality Fortress owes to the mediator and to every other participant in the process.  Fortress is not willing to do so.  (Indeed, these were the principal reasons why I told Mr. Forrester last week that I did not request an extension of time to respond to his subpoena.)  In such circumstances, not only Fortress (which has already objected to the subpoena), but also every other mediation participant, including Class Counsel, is entitled to and has standing to enforce the protections of such conditions and agreements.  If FutureSelect, notwithstanding these facts, seeks to compel Fortress to comply with the subpoena, we of course will respond in due course.

Respectfully submitted,

*/s/ Irwin H. Warren*
Irwin H. Warren

cc:  all counsel of record (via ECF)

# EXHIBIT A

# Bookman, Adam

| | |
|---|---|
| **From:** | Bookman, Adam |
| **Sent:** | Tuesday, June 30, 2015 12:11 PM |
| **To:** | 'markforrester@tafattorneys.com'; 'melissalawton@tafattorneys.com'; 'matthew.menchel@kobrekim.com' |
| **Cc:** | Warren, Irwin |
| **Subject:** | Fortress - Responses and Objections |
| **Attachments:** | 45968-0043(2015-06-29 13-55-14).pdf |

Attached please find a courtesy copy of Fortress' responses and objections to FutureSelect's subpoena, which were sent out last night via FedEx.

Best regards,
Adam



Adam J. Bookman

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
adam.bookman@weil.com
+1 212 310 8954 Direct
+1 212 310 8007 Fax

1