# ENTWISTLE & CAPPUCCI

Entwistle & Cappucci LLP
280 Park Avenue
26th Floor West
New York, NY 10017

(212) 894-7200 Main
(212) 894-7272 Fax
www.entwistle-law.com

July 7, 2015

**VIA ECF**

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/15
```

Re:  *In re Tremont Sec. Law, State Law & Ins. Litig.*, No. 08 Civ. 11117 (TPG);
     **Briefing Schedule for Motion for Approval of Fund Distribution Account
     Plan of Allocation, Distribution Procedures, Attorneys' Fees and
     Reimbursement of Expenses, et al.**

Dear Judge Griesa:

   As Plaintiffs' Settlement Class Counsel, we write briefly to update our recent correspondence to the Court with respect to applications by FutureSelect Prime Advisor II LLC, *et al.* (the "FutureSelect Entities" or "FutureSelect") and related matters. The Court may recall that the FutureSelect Entities were investors in two of the Rye Funds -- Rye Select Broad Market XL Fund, L.P. (the "XL Fund") (which did not directly invest in Madoff/BLMIS, but made certain cross investments in other Rye Funds and 3x leveraged synthetic investments through swap transactions) and Rye Select Market Prime Fund, L.P. (which also made investments in the other Rye Funds, including the XL Fund). The Court may also recall the FutureSelect Entities opted out of the Net Settlement Fund ("NSF") class action portion of the Settlement, but did participate in the mediation conducted by Plaintiffs' Settlement Class Counsel and retired United States District Judge Layn Phillips on the plan of allocation issues.

   As the Court is aware, FutureSelect has recently (1) served a subpoena seeking confidential mediation materials that we previously asked the Court to strike, (2) made a procedurally improper motion for subclasses (that we previously asked the Court either to deem withdrawn or treat as an objection) and (3) most recently, made a putative motion to approve what FutureSelect mischaracterizes as a plan of allocation, even though FutureSelect has no authority to make a motion to approve a plan of allocation. ECF No. 604, at 20. Leaving aside the obvious procedural defects and standing issues, each of their self-serving applications is substantively infirm.

   First, FutureSelect wholly ignores the fact that the Fund Distribution Account ("FDA") portion of the underlying Settlement is derivative in nature in the sense it is a vehicle for the orderly and equitable distribution of the assets allocable to investors in each of several Rye and

EC.58876.1

Honorable Thomas P. Griesa
July 7, 2015
Page 2

Tremont Funds. Unlike the NSF portion of the Settlement addressing class-wide damages claims (claims FutureSelect continues to litigate in an opt-out proceeding), the FDA structure embedded in the Settlement seeks only to distribute to investors their *pro rata* share of the Fund assets contributed to the FDA by the Funds in which they made their original investment. The Settlement thus requires that an allocation through the FDA plan of allocation begin first at the Fund level to credit all investors in a given Fund with the assets that Fund contributed to the FDA, and then to determine the *pro rata* share of each investor in the contributed assets, based on each investor's net investment in those Funds.

Moreover, as will be explained more fully in our responses to the motions, FutureSelect is simply wrong that the Court should recast the FDA as a mechanism for class-wide relief, rather than a tool for the orderly distribution of the assets contributed to the FDA by the various Rye and Tremont Funds, and equally wrong in suggesting that it is somehow appropriate to take assets the investors in one Fund contributed to the FDA and reallocate them to investors in Funds that contributed little or no assets to the FDA. Of course, our intent here is not to litigate the FutureSelect applications by letter, but rather to simply set the stage for our proposal as to how the Court may most effectively address the unusual procedural posture of the now pending FutureSelect applications in the context of Plaintiffs' Settlement Class Counsel's soon to be filed Motion for Approval of Fund Distribution Account Plan of Allocation, Distribution Procedures, Attorneys' Fees and Reimbursement of Expenses ("Approval Motion"). In this regard, we propose the below briefing schedules and that both of FutureSelect's motions be heard on the same day as the approval hearing ("Approval Hearing") on Plaintiffs' Settlement Class Counsel's Approval Motion:

1) Plaintiffs' Settlement Class Counsel's Motion for Approval of Fund Distribution Account Plan of Allocation, Distribution Procedures, Attorneys' Fees and Reimbursement of Expenses:

| | |
|---|---|
| July 10, 2015 | Approval Motion |
| August 10, 2015 | Responsive papers |
| August 17, 2015 | Reply papers |
| August 24, 2015 | Approval Hearing at 2:00 p.m. (or other time designated by the Court) |

---

[1] The FDA is, by definition, structured as a "pour over" account, effecting a quasi-liquidation of the Funds. Stipulation of Partial Settlement (ECF No. 392-1), at 1.19. Pursuant to the terms of the Settlement, all of the assets remaining in the Funds -- including the claims in the Madoff Bankruptcy preserved by the Trustee Settlement -- were poured into the FDA for the benefit of limited partners or shareholders of the Settling Funds as of December 11, 2008. *Id.*, at 2.20-2.23.

EC.58876.1

Honorable Thomas P. Griesa
July 7, 2015
Page 3

2) FutureSelect's Motion to Certify FDA Subclasses and Appoint Subclass Counsel (ECF No. 1076), filed on June 25, 2015:

    July 13, 2015    Opposition papers

    July 23, 2015    Reply papers (Return Date: August 24 Approval Hearing)

3) FutureSelect's Motion for Approval of Investor Fund Distribution Account Plan of Allocation (ECF No. 1082), filed on July 6, 2015:

    July 23, 2015    Opposition papers

    August 3, 2015    Reply papers (Return Date: August 24 Approval Hearing)

Under the above schedule, all pending applications can be heard at the same time as any actual objections that may be filed to the Approval Motion -- all at the Approval Hearing to be held on August 24, 2015.

Respectfully submitted,

Andrew J. Entwistle

Jeffrey M. Haber
**BERNSTEIN LIEBHARD LLP**

Reed R. Kathrein
**HAGENS BERMAN SOBOL SHAPIRO LLP**

*Schedule Approved:*

*Thomas P. Griesa* /MP
USDJ    7/13/15

EC.58876.1