UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
IN RE TREMONT SECURITIES LAW, STATE    :    Master File No.
 LAW AND INSURANCE LITIGATION          :    No. 08 CV 11117 (TPG)
                                       :
                                       :    ECF CASE
----------------------------------------------------------------X

## MEMORANDUM OF THE ROYAL BANK OF SCOTLAND N.V. IN SUPPORT OF CLASS COUNSEL'S MOTION FOR APPROVAL OF FUND DISTRIBUTION ACCOUNT PLAN OF ALLOCATION AND IN OPPOSITION TO FUTURESELECT'S MOTION

The Royal Bank of Scotland N.V. (formerly known as ABN AMRO Bank N.V.) ("RBS") respectfully submits this Memorandum in support of the Fund Distribution Account ("FDA") Plan of Allocation of the Plaintiffs' Settlement Class Counsel (Dkt. No. 1088) (the "Consensus PoA"), and in opposition to the FDA Plan of Allocation submitted by FutureSelect Prime Advisor II LLC, The Merriwell Fund, L.P., and Telesis IIW, LLC (collectively, "FutureSelect") (Dkt. No. 1083).  RBS is a Settlement Class Member and Fund Distribution Claimant that suffered a net loss of $1.04 billion through its investments in Rye Select Broad Market Fund, L.P. ("Rye Onshore") and Rye Select Broad Market Portfolio Limited ("Rye Offshore").

RBS joins and adopts the arguments set forth in the memoranda of law submitted by Dolos X LLC, Dolos XI LLC, Dolos XII LLC, and SPCP Group, LLC in support of the Consensus PoA and in opposition to the submission by FutureSelect, but writes separately to correct a number of mischaracterizations offered by FutureSelect in its Memorandum of Law in Support of FutureSelect's Motion for Approval of Investor Fund Distribution Account Plan of Allocation.

As an initial matter, the Consensus PoA is not, as FutureSelect opportunistically terms it, a "Fortress PoA."  Nor, as FutureSelect mistakenly avers, was the Consensus PoA "submitted by

Class Counsel on behalf of Fortress." Quite the contrary, the Consensus PoA embodies a negotiated compromise reached at the end of more than a year of arduous and complex mediation led by retired United Stated District Judge Layn R. Phillips and, as a result of great efforts expended in that mediation, now enjoys the support of a broad group of very differently situated investors (representing the vast majority of mediation participants). That group includes some, like RBS, that hold claims of a size comparable to or greater than those of Fortress and its affiliated funds.

Nor did all or even a majority of the Rye and Tremont investors that participated in the mediation and now support the Consensus PoA purchase their interests in the secondary market. Though FutureSelect takes great pains to stress that it has held its investment since before revelation of the BLMIS fraud (and therefore suffered what it terms "*actual* losses"), the very same is true of a variety of the Consensus PoA's supporters including, in particular, RBS.

Specifically, RBS has held the same Rye fund interests for which it now seeks recovery under the FDA since before 2008, and suffered catastrophic losses on those investments when the BLMIS fraud was revealed. In the 2006-2007 time period, RBS entered into two total return swaps ("TRS's") with two Tremont-sponsored special purpose vehicles, Rye Select Broad Market XL Fund LP and Rye Select Broad Market XL Fund LP/Portfolio Limited (the "XL Funds"). Those TRS's were designed to offer the XL funds a leveraged exposure to Rye Select Broad Market Fund, LP ("Rye Onshore") and Rye Select Broad Market Portfolio Limited ("Rye Offshore"), respectively. As contemplated by the terms of the TRS's, RBS hedged its exposure to those instruments by making subscription investments in Rye Onshore and Rye Offshore in amounts that would offset the leverage being provided to the XL funds. Under those off-setting hedges, RBS held subscription investments in Rye Onshore and Rye Offshore purchased for hundreds of millions of dollars, but which were rendered worthless when the BLMIS fraud was

discovered. As such, FutureSelect's assertion that the Consensus PoA is supported only by those who seek to "profit it from it . . . through speculative purchases from actual Tremont victims" is incorrect —the losses suffered by RBS were direct and egregious in scale, and even under the best possible outcome will not be fully compensated in the FDA distribution process.

Finally, FutureSelect's motion mischaracterizes the nature and purpose of the FDA, as well as the legal basis on which Tremont fund investors may claim entitlement to FDA distributions. As an investor in Rye Select Broad Market XL Fund, L.P. ("Rye XL") and Rye Select Broad Market Prime Fund, L.P. ("Prime Fund"), FutureSelect has no legal entitlement to participation in FDA distributions for two principal reasons: In the first instance, Prime Fund is a "net winner" fund that, under Second Circuit law, would be (but for concessions made to Prime Fund in the mediation process) barred from settlement recovery here. *See In re Madoff,* 654 F.3d 229, 238 (2d Cir. 2011). But more importantly, as has been detailed more thoroughly elsewhere,[1] the monies available for distribution from the FDA are funded almost entirely[2] from a settlement between the BLMIS Trustee and the Rye and Tremont Funds (the "Settlement Agreement") that, in exchange for releases from clawback liability, granted allowed claims against the bankruptcy estate to three Rye Funds. Those three funds are Rye Onshore, Rye Offshore, and Rye Select Broad Market Insurance Fund, L.P. ("Rye Insurance")—the two funds in which FutureSelect invested, Rye XL and Prime Fund, were not granted similar claims. That

---

[1] *See* Response by Dolos X, LLC, Dolos XI, LLC and Dolos XII, LLC in Opposition to FutureSelect Prime Advisor II LLC's Motion for Approval of Investor Fund Distribution Account Plan of Allocation and in Support of Class Counsel's Motion for Approval of Fund Distribution Account Plan of Allocation at 10-12, 16-17; SPCP Group, LLC's Memorandum of Law in Support of Plaintiff Settlement Class Counsel's Motion for Approval of Fund Distribution Account Plan of Allocation, and in Opposition to FutureSelect's Motion for Approval of Investor Fund Distribution Account Plan of Allocation at 6-8.

[2] Some FDA funds are also provided by cash-on-hand from Rye XL and Prime Fund. In Class Counsel's Consensus PoA, those cash-on-hand funds are returned to those funds in full, for distribution to their investors.

Settlement Agreement, which was so ordered by the United States Bankruptcy Court for the Southern District of New York and affirmed by this Court, provides that the funds received in connection with the allowed claims should be "allocated among Broad Market Fund [Rye Onshore], Portfolio Limited [Rye Offshore], Rye Insurance, and their respective partners and/or investors," and not to other funds participating in that settlement, like Rye XL and Prime Fund, or to investors in those other funds, like FutureSelect.

Given these facts, RBS initially advocated and continues to hold the view that investors in funds other than the three with allowed claims—Rye Onshore, Rye Offshore and Rye Insurance—hold no legal entitlement to distributions from the FDA.  Nonetheless, through more than a year of mediation, RBS has been convinced to lend its support to the Consensus Proposal, which permits a measure of recovery to investors in other Tremont funds that more than fairly reflects those other funds' contributions to the Settlement Agreement.  FutureSelect's suggestion that the Consensus PoA does nothing more than maximize profits for Rye Onshore and Rye Offshore investors like Fortress is just false—quite the opposite, the Consensus PoA grants distributions to other funds' investors that, but for the successful mediation process and painful compromise, RBS and other similarly situated parties would have litigated to prevent.

## CONCLUSION

Great efforts were expended to reach the compromise reflected in Class Counsel's Consensus PoA, which RBS understands is supported by the vast majority of mediation participants.  FutureSelect's motion in support of its own, alternative Plan of Allocation seeks to derail that hard-fought compromise based on little more than mischaracterizations of its supporters and the nature and purpose of the FDA itself.  As such, RBS requests that the Court deny FutureSelect's motion and enter an order approving the Consensus PoA.

Dated: New York, New York
July 23, 2015

Respectfully submitted,

/Michael S. Feldberg
Michael S. Feldberg
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
212-610-6300

michael.feldberg@allenovery.com

*Counsel for The Royal Bank of Scotland N.V.*