# Ross Orenstein & Baudry LLC

JEFF ROSS
612.436.9801
jross@rossbizlaw.com

August 5, 2015

**Electronically Filed and By Federal Express**

The Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *In re Tremont Sec. Law, State Law & Ins. Litig.*, No. 08 Civ. 11117 (TPG) – HSBC Bank Plc's July 23, 2015 Memorandum of Law

Dear Judge Griesa:

My firm, along with Faegre Baker Daniels LLP, represents 146 expected claimants in the Fund Distribution Account (the "Ross Group").[1]

I write regarding Lead Class Counsel's Motion for Approval of Fund Distribution Account ("FDA") Plan of Allocation, Distribution Procedures, Attorneys' Fees and Reimbursement of Expenses (Dkt. No. 1088), and specifically HSBC Bank Plc's July 23, 2015 Memorandum of Law in support of the Consensus Proposal set forth in Lead Class Counsel's motion.

---

[1] Our clients include all of the plaintiffs in Agile Safety Variable Fund LP v. Tremont Group Holdings, Inc., et al., Case No. 2010 CV 2904 (Colo. Dist. Ct.); Askenazy v. Tremont Group Holdings, Inc., et al., Civil Action No. 10-040801-BLS2 (Mass. Super. Ct.); Spectrum Select, L.P. v. Tremont Group Holdings, Inc., 12 Civ. 9057 (TPG) (U.S.D.C., S.D.N.Y.); Anikstein v. Tremont Group Holdings, Inc., 12 Civ. 9058 (TPG) (U.S.D.C., S.D.N.Y.); Becker v. Tremont Group Holdings, Inc., 12 Civ. 9060 (TPG) (U.S.D.C., S.D.N.Y.); Bilgore v. Tremont Group Holdings, Inc., 12 Civ. 9061 (TPG); Karasel II, L.P. v. Tremont Group Holdings, Inc., 12 Civ. 9062 (TPG) (U.S.D.C., S.D.N.Y.); Spectrum Select II, L.P. v. Tremont Group Holdings, Inc., 12 Civ. 9063 (TPG) (U.S.D.C., S.D.N.Y.); and Cocchi v. Tremont Group Holdings, Inc., 12 Civ. 9064 (TPG) (U.S.D.C., S.D.N.Y.).

For context, the Court recently readmitted our clients—who were called the "Settling Plaintiffs"—to the class action in connection with Lead Class Counsel's motion for approval of distribution of the Net Settlement Fund. (Dkt. No. 1071 (Court's order).)

The Ross Group agrees with HSBC regarding the merits of the Consensus Proposal, and we support that proposal. However, HSBC's memorandum also makes arguments regarding an issue that was expressly carved out of the Consensus Proposal: namely, the merits of HSBC's right to recover from the FDA on account of cross-investments that Rye Select Broad Market XL Fund, L.P. made into Rye Select Broad Market Fund, L.P. (HSBC Br. at 8-9.) The Consensus Proposal states, at paragraph 23:

> The scope of this FDA POA is limited to its terms and those terms contained in the Stipulation and is otherwise without prejudice to the rights of any party; provided that, notwithstanding anything to the contrary in this FDA POA or the Stipulation, *if HSBC Bank plc ("HSBC") is determined to have enforceable rights to XL's Cross Investment in Rye Onshore, HSBC shall be treated as a Fund Distribution Claimant with respect to any FDA distributions calculated on the basis of XL's Cross-Investment in Rye Onshore and will be entitled to receive such distributions from the FDA to the extent of its enforceable rights therein.*

(Dkt. No. 1089-1 ¶ 23 (emphasis added).) This carve-out was the product of significant negotiation. Because the merits of HSBC's claim is expressly not determined by the Consensus Proposal, there is no pending motion before the Court concerning the merits of HSBC's claim. If and when such motion is made, all parties who have an interest in the resolution of that claim (of which there are many) should be permitted to be heard on an appropriate briefing schedule and, if necessary, at oral argument.

Very truly yours,

ROSS & ORENSTEIN LLC

Jeff Ross

Cc:   All counsel of record