UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
IN RE TREMONT SECURITIES LAW,     :     Master File No.:
STATE LAW AND INSURANCE          :     08 Civ. 11117 (TPG)
LITIGATION                       :
                                  :
------------------------------------------------------- x
This Document Relates to:  All Actions     :
                                  :
------------------------------------------------------- x

## PHILADELPHIA FINANCIAL LIFE ASSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR APPROVAL OF FUND DISTRIBUTION ACCOUNT PLAN OF ALLOCATION, DISTRIBUTION PROCEDURES, ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

OTTERBOURG P.C.
230 Park Avenue
New York, New York
(212) 661-9100
Attorneys for Philadelphia Financial Life
Assurance Company

Of Counsel:

Richard G. Haddad
Andrew S. Halpern

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................... 1

BACKGROUND ............................................................................................................. 4

ARGUMENT .................................................................................................................. 7

      POINT I  -  THE COURT SHOULD NOT APPROVE
                  THE NON-CONSENSUS FDA POA ........................................................ 7

           A.  The Relief Sought in the Motion is Contrary to the Federal
               Rules of Civil Procedure and the Case or Controversy Doctrine ............... 7

           B.  The Relief Sought in the Motion Contradicts Prior
               Representations to the Court and Parties ................................................. 10

      POINT II  -  THERE IS NO BASIS FOR AWARDING
                  ATTORNEYS' FEES TO "CLASS COUNSEL" ..................................... 12

CONCLUSION ............................................................................................................. 14

<u>TABLE OF AUTHORITIES</u>

Page

<u>Cases</u>

*Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013) .............................................. 7-8

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006)..................................................8

*Greenspon v. Hurwitz*, 89 Va. Cir. 251 (Cir. Ct. Fairfax Co. Oct. 24, 2014) ............................ 9-10

*Prickett v. N.Y. Life Ins. Co.*, 896 F. Supp. 2d 236 (S.D.N.Y. 2012) .............................................9

*Rich v. Shrader*, 2011 U.S. Dist. LEXIS 4414 (S.D. Cal. Jan. 18, 2011)........................................8

<u>Statutes and Rules</u>

11 U.S.C. § 326(a) ............................................................................................13

Fed. R. Civ. P. 1 .................................................................................................8

Fed. R. Civ. P. 2 .................................................................................................8

Fed. R. Civ. P. 3 ..............................................................................................2, 8

Fed. R. Civ. P. 4 ..............................................................................................2, 8

Fed. R. Civ. P. 8 ..............................................................................................2, 8

Fed. R. Civ. P. 23 ......................................................................................2-3, 7, 8, 13

Fed. R. Civ. P. 81 ...............................................................................................8

U.S. Const. art. 3, § 2 .......................................................................................1, 7-8

PHILADELPHIA FINANCIAL LIFE ASSURANCE COMPANY ("PFLAC"), an insurance company organized pursuant to the laws of Pennsylvania, on behalf of itself and certain purchasers of its variable annuities and variable universal life insurance policies, submits this Memorandum of Law in Opposition to the Motion for Approval of the Fund Distribution Account Plan of Allocation, Distribution Procedures, Attorneys' Fees and Reimbursement of Expenses (the "Motion") submitted by the law firm of Entwistle & Cappucci, LLP ("Entwistle & Cappucci") together with certain other firms purportedly as "Class Counsel" (ECF Nos. 1088-91).

## PRELIMINARY STATEMENT

Unlike the Net Settlement Fund ("NSF"), the Fund Distribution Account ("FDA") consists of the remaining assets of the Rye and Tremont Funds including primarily the proceeds of distributions by Irving Picard ("Picard"), as SIPA Trustee for Bernard L. Madoff Investment Securities, LLC ("Madoff Securities") on bankruptcy claims by certain of the Rye Funds. Those funds were not generated as a result of the class action claims asserted in these consolidated class actions, and instead are the funds to be used in a "quasi-liquidation" of the Rye Funds that is not the subject of any pleading in this action.[1] Consequently, the request that this Court order that the monies held in the Fund Distribution Account ("FDA") be distributed in accordance with the Plan of Allocation proposed by "Class Counsel" (ECF No. 1089-1) (the "Non-Consensus FDA POA") should be denied for numerous reasons:

- Article 3, Section 2 of the United States Constitution requires that the Court may adjudicate only a "case" or "controversy." That requirement is not satisfied here

---

[1]  *See* Entwistle & Cappucci's Memorandum of Law in Opposition to Michael Martin's Motion for Approval of Fund Distribution Account Plan of Allocation, Certification of Subclasses and Related Discovery (ECF No. 1134), filed on July 30, 2015 at 13, 20-21 ("Entwistle & Cappucci Opp. Memo"); Memorandum in Support of the Motion (ECF No. 1089) ("Moving Memo."), at 3.

because the Movants seek to have the Court "bless" their proposed plan for the liquidation of the Rye Funds and the distribution of their assets and assets of the Tremont Funds, but no litigation was ever commenced and no pleadings were ever filed in connection with that request.

- Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court," but the plaintiffs never filed or served a complaint setting forth a position with respect to the FDA, or even bringing those matters before the Court.

- Rule 4(c)(1) of the Federal Rules of Civil Procedure provides that "[a] summons must be served with a copy of the complaint," but the plaintiffs never filed or served a summons commencing a litigation against all of the parties having an interest in the funds being liquidated through the FDA.

- Rule 8(a) of the Federal Rules of Civil Procedures provides, in pertinent part, that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief ...," but the plaintiffs never filed a complaint or other pleading that includes "a short and plain statement of the claim ..." with respect to their request to distribute the FDA.

- Rule 23 of the Federal Rules of Civil Procedure permits cases to be maintained as class actions and class counsel appointed, and the Movants seek to have the FDA distributed as though they were distributing settlement funds from a class action. However, Rule 23 does not govern the disposition of the FDA because a class of Fund Distribution Claimants was never certified. *See* Entwistle & Cappucci Opp. Memo. at 20-21 ("Federal Rule of Civil Procedure 23 does not apply to the FDA

2

portion of the Settlement, as the Court never certified a class of Fund Distribution Claimants."); Response of Dolos X LLC, Dolos XI LLC and Dolos XII LLC in Opposition to the Motion of Michael S. Martin for Approval of Martin Fund Distribution Account Plan of Allocation, dated July 20, 2015, ECF No. 1129, at 8 ("We emphasize that Class Counsel's Consensus PoA is, in the final analysis, merely a *settlement* proposal in a non-class liquidation, not a class action settlement *agreement*.") (emphasis in original text).   In fact, Entwistle & Cappucci recently filed a memorandum of law with the Court *admitting* that the plan of allocation is "*not part of the settlement*" of the class action.  Entwistle & Cappucci Opp. Memo., ECF No. 1134, at 24 (emphasis in original text).   Since this motion brings up matters that are "not part of the settlement," there is no basis for this Court to exercise jurisdiction over this motion.

- Many of the "Eligible Hedge Funds" that would be the subject of the "quasi-liquidation" or make distributions under the Non-Consensus FDA POA are limited partnerships.  A limited partnership's dissolution, liquidation or right to make distributions to limited partners is generally governed by the relevant partnership agreements and state law.  However, the Motion fails to include the limited partnership agreements and, accordingly, fails to create a sufficient record to enable the Court to assess whether the "quasi-liquidation" and/or distributions effected pursuant to it are consistent with either the parties' agreements or applicable law.

The Non-Consensus FDA POA is also improper because it violates the express language of the Stipulation of Partial Settlement approved by the Court in the class actions, which requires

3

that each "'Fund Distribution Claimant' ... shall be entitled to receive a reimbursement from the Fund Distribution Account." Stipulation of Partial Settlement, ECF No. 438-1, at ¶ 1.18 (May 4, 2011).   Contrary to that requirement and express representations to this Court, the Non-Consensus FDA POA would only provide compensation to a certain subset of Rye and Tremont account holders.

Essentially, this Court is being asked to bless a privately negotiated "settlement" among some, but not all, of the investors in the Rye and Tremont Funds, without regard for the governing corporate and partnership documents, without regard for the Federal Rules of Civil Procedure and the critical limitation on federal jurisprudence to cases and controversies involving parties who are summoned to court to face a complaint seeking relief, and without regard for the Stipulation of Partial Settlement previously entered by this Court and upheld on appeal -- all while paying to a self-selected group of attorneys tens of millions of dollars of attorneys' fees in a proceeding that is admittedly not a class action.

## BACKGROUND

PFLAC is an insurance company organized under Pennsylvania law that delivers strategic insurance products to its clientele.   In connection with those products, PFLAC's policyholders chose investments in four "Eligible Hedge Funds" referred to in the Non-Consensus FDA POA.  Each of PFLAC's policyholders had a separate account at PFLAC, a separate account number in the respective Rye and Tremont Funds (as established by Tremont) and directed its own investments in the Rye and Tremont Funds.

As of December 11, 2008, PFLAC's policyholders had, in the aggregate, positive balances as a limited partner in three of the "Eligible Hedge Funds":  Rye Select Broad Market Prime Fund, L.P. ("Prime"), Tremont Opportunity Fund III L.P. ("TOF III"), and Tremont

Strategic Insurance Fund, L.P. ("Strategic Insurance"). Upon information and belief, Prime was 100% exposed to Madoff Securities, TOF III was only approximately 20% exposed to Madoff Securities, and Strategic Insurance had minimal exposure to Madoff Securities. Chart, a copy of which is annexed to the accompanying Declaration of Richard G. Haddad (the "Haddad Decl.") as Exhibit "A."

The cases actually before the Court are consolidated class actions asserted on behalf of the purchasers of limited partnership interests or shareholders in the Rye and Tremont Funds who allegedly sustained damages because those invested in Madoff Securities. Consolidated and Amended Complaints, ECF Nos. 64-66 (Apr. 20, 2009); Opinion, ECF No. 1072, at 1 (June 5, 2015). The defendants in these consolidated class actions include the Rye and Tremont Funds and other defendants, but no claims were ever asserted against Madoff Securities or Bernie Madoff in these actions. (*Id.*)

Effective February 23, 2011, the plaintiffs and many of the defendants in these consolidated class actions entered into the Stipulation of Partial Settlement. ECF No. 438-1. The Stipulation of Partial Settlement was approved pursuant to Rule 23. PFLAC was not within the definition of the class as approved, and it was held by the Second Circuit that, as a result, PFLAC had no standing to challenge the class settlement (Motion Order Granting Motions to Dismiss, Case No. 11-3923 (ECF No. 64) (2d Cir. Apr. 24, 2012)), but was free to pursue its own separate claims against the defendants.

As to the FDA, however, there is no distinction between class and non-class members – which makes sense because this FDA purports to liquidate the funds, not settle claims against defendants. Paragraph 1.18 of the Stipulation of Partial Settlement provides that each "Fund Distribution Claimant" ***shall*** receive a payment from the FDA by providing:

"Fund Distribution Claimant" means any limited partner or shareholder in any of the Settling Funds, (excluding the Liquidating Funds) including Settling Funds that were invested in other Settling Funds as of December 11, 2008, *each of which shall be entitled to receive a disbursement from the Fund Distribution Account*.

ECF No. 438-1 (emphasis supplied).

In response to correspondence from PFLAC, in a letter dated March 11, 2011, Seth M. Schwartz, Esq., who signed the Stipulation of Partial Settlement as counsel for Tremont Capital Management, Inc., Tremont Group Holdings, Inc., Tremont Partners, Inc., Rye Investment Management and certain individual defendants, confirmed that under the Stipulation of Partial Settlement each "Fund Distribution Claimant" would receive a payment from the FDA, by writing:

> Finally, this will confirm that no fund assets will be tendered in payment of any of the Settlement consideration. Nevertheless, the Settlement provides that investors in the Settling Funds including TOF III, will receive their pro rata share of any cash remaining in the funds following resolution of the claims asserted by the trustee overseeing the liquidation of Bernard L. Madoff Securities LLC. AGL [a predecessor of PFLAC] and all other TOF III investors retain their right to this distribution regardless of whether they opt out of the Settlement Class.

Letter from Seth M. Schwartz, Esq., of Skadden, Arps, Slate, Meagher & Flom LLP to Susan M. Oberlies, Esq., of PFLAC dated March 11, 2011, a copy of which is annexed to the Haddad Decl. as Exhibit "B," at 2.

However, directly contrary to the Stipulation of Partial Settlement and the Fund Distribution Account Plan of Allocation originally proposed (the "Initial FDA POA," ECF No. 392-3 at 7 of 66 to 10 of 66), the Movants now propose the Non-Consensus FDA POA, which would only provide recovery from the FDA to limited partners or shareholders in an "Eligible Hedge Fund" to the extent they had "net losses" in that "Eligible Hedge Fund," and even then on terms and in amounts negotiated and agreed to by some, but not all, of the account holders.

(ECF Nos. 1088-91)  Although the Motion refers to this plan of allocation as the "Consensus FDA POA," PFLAC and others did not, and do not, consent to it, so the name "Non-Consensus FDA POA" is appropriate.

## ARGUMENT

## POINT I

## THE COURT SHOULD NOT APPROVE THE NON-CONSENSUS FDA POA

### A.  The Relief Sought in the Motion is Contrary to the Federal Rules of Civil Procedure and the Case or Controversy Doctrine

The Motion seeks approval of the Non-Consensus FDA POA, which "Class Counsel" has characterized as a "quasi-liquidation" of the Rye Funds.  Moving Memo. at 3; Entwistle & Cappucci Opp. Memo. at 13.  While a motion may be appropriate for seeking approval of the settlement of a class action under Fed. R. Civ. P. 23, "Federal Rule of Civil Procedure 23 does not apply to the FDA portion of the Settlement, as the Court never certified a class of Fund Distribution Claimants."  Entwistle & Cappucci Opp. Memo. at 20-21.  Nothing in the Stipulation of Partial Dismissal or the Final Judgment of the class actions states or implies that the United States Constitution or the procedures in the Federal Rules of Civil Procedure are somehow inapplicable to the monies held in the Fund Distribution Account, nor has PFLAC agreed to waive its rights thereunder.  No plaintiff filed a complaint regarding distribution of the monies in the FDA, served a summons on PFLAC, obtained certification of a class of Fund Distribution Claimants, or provided PFLAC with an opportunity to opt out of the Non-Consensus FDA POA.  Consequently, the Court cannot simply approve the Non-Consensus FDA POA, and the Motion should be denied.

Article 3, Section 2 of the United States Constitution limits the jurisdiction of the federal court only to certain "cases" and "controversies."  ""[N]o principle is more fundamental to the

7

judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "The Court's jurisdiction is strictly limited to the case and controversy before it, as defined by the operative pleading." *Rich v. Shrader*, 2011 U.S. Dist. LEXIS 4414, at *7 (S.D. Cal. Jan. 18, 2011). Here, there are no pleadings raising any "case" or "controversy" regarding the FDA POA. Accordingly, the Motion should be denied on that ground alone.

Rule 1 of the Federal Rules of Civil Procedure provides that those rules "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Rule 81 sets forth certain exceptions to Rule 1, including bankruptcy proceedings and other types of proceedings not at issue here. Nothing in the Partial Stipulation of Settlement creates an exception to Rule 1. Accordingly, the Federal Rules of Civil Procedure apply to the distribution of the FDA.

Rule 2 of the Federal Rules of Civil Procedure provides that "[t]here is one form of action – the civil action." Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint."

Rule 8(a) provides, in pertinent part:

A pleading that states a claim for relief must contain

*     *     *     *

(2)    a short and plain statement of the claim showing that the pleader is entitled to relief ....

Fed. R. Civ. P. 23(e) establishes procedures for the Court to approve the settlement of a class action, and Fed. R. Civ. P. 23(g) provides for the appointment of "Class Counsel" in a class action.

The Motion seeks approval of a proposed FDA POA that would effect a "quasi-liquidation" of the Rye Funds and distributions to certain limited partners or shareholders in the Tremont Funds. However, there is no complaint, no summons served upon PFLAC, no "short and plain statement of the claim" addressing the Fund Distribution Plan, no class action, and no order appointing any attorney as "Class Counsel" for any class of Fund Distribution Claimants. Instead, there is a self-declared group deciding how to allocate nearly $1 billion, without following the Federal Rules of Civil Procedure and without any pleading setting forth a justiciable controversy. While this might be appropriate if every limited partner or shareholder in every Rye or Tremont Fund having exposure to Madoff Securities had agreed to the Non-Consensus FDA POA at the mediation, that did not occur. Absent universal agreement, due process must be observed.

As a result of this complete lack of due process, the Court lacks a sufficient record to assess whether the Motion should be granted. Because there were no pleadings or discovery regarding the Non-Consensus FDA POA, no record was created enabling the Court to approve the Non-Consensus FDA POA. For example, the manner in which assets of the Rye and Tremont Funds should be distributed to limited partners or shareholders in a "quasi-liquidation" or distribution – including, for example, whether they should be distributed on a "net investment" basis or based on the equity reflected in the separate account statements issued by Tremont to the PFLAC policyholders – should be governed by limited partnership agreements, other agreements, incorporation documents and applicable state law. *See, e.g., Prickett v. N.Y.*

9

*Life Ins. Co.*, 896 F. Supp. 2d 236, 250 (S.D.N.Y. 2012) ("New York Life entered into a limited partnership agreement when it invested in the Tremont Fund, which governed the rights and obligations of investors in the Tremont Fund...."); *Greenspon v. Hurwitz*, 89 Va. Cir. 251, 260 (Cir. Ct. Fairfax County Oct. 24, 2014) ("[T]his Court is ... not aware of any legal authority that would allow it to discard AHT's OA [operating agreement].").

## B. The Relief Sought in the Motion Contradicts Prior Representations to the Court and the Parties

In support of the Initial FDA POA, Andrew Entwistle, Reed R. Kathrein and Jeffrey M. Haber wrote:

> We determined that disbursement of the Fund Distribution Account was more akin to a liquidation and were guided by the language in the liquidation/termination provisions of the Settling Funds' operating agreements. For example, the limited partnership agreement for the Rye Select Prime Fund states that distributions after winding down the fund are to be made to partners "in the proportion of the value of their respective Capital Accounts."

Supplemental Joint Declaration of Andrew Entwistle, Reed R. Kathrein and Jeffrey M. Haber in Further Support of the Plans of Allocation dated May 25, 2011, at ¶ 13 (ECF No. 514) (a copy of which is attached to the Haddad Decl. as Exhibit "C"). Yet, the Movants failed to provide such documents to the Court in support of the current Motion, and the docket reflects that proponents of this Motion are fighting attempts at discovery. On this record, the Court must deny the Motion.

The Non-Consensus FDA POA should also be rejected because it violates the Stipulation of Partial Dismissal, which was previously approved by this Court. Paragraph 1.18 of the Stipulation of Partial Settlement provides:

> "Fund Distribution Claimant" means any limited partner or shareholder in any of the Settling Funds, (excluding the Liquidating Funds) including Settling Funds that were invested in other Settling Funds as of December 11, 2008, ***each of***

10

> *which shall be entitled to receive a disbursement from the Fund Distribution*
> *Account*.  [Emphasis supplied.]

Stipulation of Partial Settlement, ECF No. 438-1 (May 4, 2011).

Consistent with this provision, counsel for the Tremont defendants previously confirmed that "the Settlement provides that investors in the Settling Funds including TOF III, will receive their pro rata share of any cash remaining in the funds following resolution of the claims asserted by the trustee overseeing the liquidation of Bernard L. Madoff Securities LLC."  Letter from Seth M. Schwartz, Esq., of Skadden, Arps, Slate, Meagher & Flom LLP to Susan M. Oberlies, Esq., of PFLAC dated March 11, 2011, Haddad Decl. Exh. "B," at 2.  Of course, a distribution to the limited partners of TOF III on the basis of ownership – rather than overall net losses in TOF III – is particularly appropriate because TOF III was not itself a Ponzi scheme and was only about 20% exposed to Madoff Securities, so that any gains or losses of investors may well have resulted from market fluctuations other than the fund's investment in Madoff Securities.  As a result, requiring distribution of TOF III's share of the FDA POA based solely upon the "net investment" method would result in a windfall to "net losers" in TOF III and is particularly inequitable.

Nevertheless, the Non-Consensus FDA POA would alter the definition of "Fund Distribution Claimant" under Section 1.18 of the FDA POA to read:

> "Fund Distribution Claimant" means any limited partner or shareholder invested in Eligible Securities of any Eligible Hedge Fund as of December 11, 2008 or its successors pursuant to any merger or other business combination or by valid assignment (including secondary market purchasers of such claims), who is entitled under the Stipulation and this FDA POA to share in the disbursement of the Fund Distribution Account.  *Only those Fund Distribution Claimants who suffered a net loss on their investments in Eligible Securities (determined separately for each Eligible Hedge Fund in which the Fund Distribution Claimant invested), are entitled to a payment from the Fund Distribution Account.*  Only Fund Distribution Claimants who were limited partners or shareholders as of December 11, 2008, or their successors pursuant to any merger

11

or other business combination or by valid assignment (including secondary market purchasers of such claims), may be entitled to a Disbursement from the Fund Distribution Account. ***For the avoidance of doubt, any person who purchased an interest in an Eligible Hedge Fund after December 11, 2008, shall receive distributions on account of such interest based on the net equity investment of the person who held such interest as of December 11, 2008.*** Nothing herein is intended to affect the Loan Agreements or the Claim Participation Agreement.

Non-Consensus FDA POA, ECF No. 1089-1, § B.9 (emphasis supplied).

That provision violates paragraph 1.18 of the Stipulation of Partial Settlement, which was previously approved by this Court, and will result in a windfall to certain TOF III account holders at the expense of others including PFLAC. Accordingly, the Non-Consensus FDA POA should be rejected for that reason as well.

## POINT II

## THERE IS NO BASIS FOR AWARDING ATTORNEYS' FEES TO "CLASS COUNSEL"

The law firms listed as "Class Counsel" on the Motion have also requested an award equal to 3% of the monies in the FDA, totaling approximately $18.7 million, plus 3% of all additional amounts that may come into the FDA. That request should be denied.

"Class Counsel" cannot recover fees for representing the Fund Distribution Claimants under Rule 23(h) of the Federal Rules of Civil Procedure because, as they readily concede, "Federal Rule of Civil Procedure 23 does not apply to the FDA portion of the Settlement, as the Court never certified a class of Fund Distribution Claimants." Entwistle & Cappucci Opp. Memo., at 20-21. Recognizing that Rule 23(h) is inapplicable to the FDA, counsel is relegated to arguing that "[a]ttorneys who represent a class of investors and recover a common fund or produce a substantial benefit for member of a class are entitled to payment for their efforts." Moving Memo. at 27.

However, the funds in the FDA actually resulted from payments made by Picard on Customer Claims filed by Rye Select Broad Market Fund, L.P. ("Rye Onshore"), Rye Select Broad Market Portfolio Limited ("Rye Offshore") and Rye Select Broad Market Insurance Fund, L.P. ("Rye Insurance") in the SIPA proceedings with respect to Madoff Securities.   *See* Customer Claims, copies of which are attached to the Haddad Decl. as Exhibit "D."  Picard – who has already distributed over $7.055 billion from the SIPA Estate of Madoff Securities – created that "common fund" by filing and prosecuting fraudulent conveyance claims against thousands of defendants, and has already received, or will receive, hundreds of millions of dollars, if not billions, in attorneys' fees on monies collected and distributed, including a commission of up to 3%.  11 U.S.C. § 326(a).  It is unfair to all Fund Distribution Claimants to add another 3% commission payable to "Class Counsel," particularly where, as here, no attorney was ever appointed as "Class Counsel" for any class of Fund Distribution Claimants pursuant to Fed. R. Civ. P. 23(g).  In this regard, it should be noted that other Madoff Feeder Funds have reached settlements with Picard without the need for the involvement of self-appointed "Class Counsel" claiming to represent the limited partners or shareholders who are owners of the fund. In fact, the Stipulation of Partial Settlement recognizes that "[t]he Settling Defendants shall negotiate the terms of the settlement in the Madoff Trustee Proceedings at their own cost, and shall periodically provide status reports to Plaintiffs' Settlement Counsel."  Stipulation of Partial Settlement, ¶ 2.22, ECF No. 438-1 (May 4, 2011).  As the Stipulation of Partial Settlement itself recognizes, the Rye and Tremont Funds – who are themselves represented by counsel – could have negotiated and obtained approval of a settlement with Picard, and the funds in question could have distributed any funds in accordance with their partnership documents, without

13

significant involvement of "Class Counsel." Accordingly, the request for attorneys' fees should be denied.

## CONCLUSION

By reason of all of the foregoing, it is respectfully requested that the Motion be denied in its entirety.

Dated:   New York, New York
       August 10, 2015

OTTERBOURG P.C.

By:    /s/ Richard G. Haddad     
      Richard G. Haddad
      A Member of the Firm
Attorneys for Philadelphia Financial Life
Assurance Company
230 Park Avenue
New York, New York 10169
Tel. No.: (212) 661-9100
E-mail: rhaddad@otterbourg.com