UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                                    ECF CASE
------------------------------------------------------x
IN RE TREMONT SECURITIES LAW,          :
STATE LAW AND INSURANCE                :   **Master File No.:**
LITIGATION                                           :   **08 Civ. 11117 (TPG)**
                                                             :
------------------------------------------------------x
This Document Relates to:  All Actions     :
                                                             :
------------------------------------------------------x

**[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING PLAINTIFFS' SETTLEMENT CLASS COUNSEL'S MOTION FOR APPROVAL OF FUND DISTRIBUTION ACCOUNT PLAN OF ALLOCATION, DISTRIBUTION PROCEDURES, ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

Plaintiffs' Settlement Class Counsel ("Class Counsel") filed a motion with this Court (the "Motion") for an order approving the Consensus Fund Distribution Account ("FDA") Plan of Allocation ("FDA POA"), as amended, distribution procedures, attorneys' fees and reimbursement of expenses in the above-captioned actions (the "Actions"), and the Court having considered all the submissions and arguments in support of the Motion, including the Affidavit of Stephen J. Cirami of the Garden City Group, LLC ("GCG"), with exhibits (the "Cirami FDA Affidavit"), the Joint Declaration of Andrew J. Entwistle, Reed R. Kathrein and Jeffrey M. Haber, with exhibits, the Supplemental Joint Declaration of Andrew J. Entwistle, Reed R. Kathrein and Jeffrey M. Haber, with exhibits, the Declaration of Andrew J. Entwistle in Further Support of the Motion, with exhibits, the Declaration of Layn Philips, the Memorandum in Support of Motion for Approval of Fund Distribution Account Plan of Allocation, Distribution to Fund Distribution Claimants, Attorneys' Fees and Reimbursement of Expenses and the Memorandum in Further Support of Motion for Approval of Fund Distribution Account Plan of Allocation, Distribution to Fund Distribution Claimants, Attorneys' Fees and Reimbursement of

EC.59149.1

2

Expenses, and the Court also having considered the responses to the Motion filed by various investors;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order and Judgment incorporates by reference the definitions in the Consensus FDA POA, as amended, Stipulation of Partial Settlement dated as of February 23, 2011 (ECF No. 392-1) (the "Stipulation") and any additional definitions in the Cirami FDA Affidavit, and all terms used herein shall have the meanings as set forth in the Stipulation, the Consensus FDA POA, as amended, and the Cirami FDA Affidavit.

2. This Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including the Fund Distribution Claimants.

3. The portion of Class Counsel's Motion seeking approval of the Consensus FDA POA, as amended, attached hereto as Exhibit A, is **GRANTED**;

4. The portion of Class Counsel's Motion seeking approval of the administrative determinations by GCG with respect to calculating Fund Distribution Claimants' disbursements, the creation of the FDA Reserve, the claims resolution and related procedures described in the Cirami FDA Affidavit, the Initial Disbursement of the unreserved portion of the FDA to Fund Distribution Claimants, and the Further Disbursement and Unclaimed Balance procedures, with remaining balance after all Further Disbursements, if any, to be disbursed equally to the American National Red Cross and American Cancer Society, Inc., as appropriate, is **GRANTED**;

5. The portion of Class Counsel's Motion seeking attorneys' fees and the reimbursement of expenses is **GRANTED** as follows:

EC.59149.1

      a.      Class Counsel is awarded 3% of the current FDA and all future amounts deposited into the FDA (excluding: (i) the amounts used to repay the loan taken out by the two Rye Funds to complete the settlement with the Madoff Trustee; and (ii) the XL Priority Allocation) which may be paid on entry of this Order and Judgment and without further application to the Court, however, such award shall not exceed 2.5 times Class Counsel's lodestar, to be determined at the time of any subsequent FDA recoveries;

      b.      Class Counsel is reimbursed for $975,322.56 in total out-of-pocket costs and expenses that were reasonably and necessarily incurred in respect of post-May 6, 2011 litigation and related activities; and

      c.      To the extent any award of attorneys' fees and expenses to Class Counsel is paid before this Order and Judgment becomes Final, Class Counsel shall repay to the FDA the amounts so paid, plus accrued interest at the same rate as earned on the FDA, if and when, as a result of any appeal and/or further proceedings, or successful collateral attack, any fee or expense award is modified or reversed, or for any other reason this Order and Judgment does not become Final.

6.      The objections filed in response to the Motion are **OVERRULED**;

7.      The motion for approval of a plan of allocation, certification of a subclass and discovery filed by Michael S. Martin (ECF No. 1095) is **DENIED**; and

8.      The motion for approval of a plan of allocation (ECF No. 1123) and the motion for certification of subclasses (ECF No. 1097) filed by FutureSelect Prime Advisor II LLC, Telesis IIW, LLC and The Merriwell Fund, L.P. are **DENIED**.

3

EC.59149.1

9.  The provisions of this Order at par. 3, par. 4, par. 5, par. 6, par. 7 and par. 8 are independent of each other, and an appeal from any one (or more) of par. 3, par. 4, par. 5, par. 6, par. 7 and par. 8 shall not impact the effectiveness of the others.  Moreover, Class Counsel are hereby authorized to determine and proceed to distribute, in accordance with the Consensus FDA POA, as amended, and Distribution Plan and this Order, any portion of the FDA that is not directly impacted by any appeals.  This distribution shall proceed regardless of the pendency of any appeal.  The purpose of this provision is to assure the expeditious distribution of the FDA and, in particular, to assure that one or more self-interested investors do not seek to hold up the distribution of the FDA through post-judgment proceedings, including but not limited to an appeal of this Order and Final Judgment.

10.  Payments to Fund Distribution Claimants by GCG pursuant to the Consensus FDA POA, as amended, and Distribution Plan shall be conclusive against all Fund Distribution Claimants.  No Person shall have any claim against Class Counsel or GCG based upon disbursements or determinations made substantially in accordance with the Consensus FDA POA, as amended, and Distribution Plan or orders of this Court, except in the case of fraud or willful misconduct.

11.  The Court retains jurisdiction over the Actions and all parties thereto, including the Fund Distribution Claimants and over any further application or matter that may arise herein.

12.  In light of all the relevant circumstances, and in light of the factors appearing from the moving and reply papers, the Court expressly finds and determines that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure with respect to this Order and Final Judgment.  Further, the direction of the entry of

final judgment pursuant to Rule 54(b) is appropriate and proper because this Judgment will expedite the distribution of the FDA to Fund Distribution Claimants.

SO ORDERED

Dated:  New York, New York

      August \_\_\_, 2015

_____
HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE