UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE TREMONT SECURITIES LAW, STATE  :  Master File No.
LAW AND INSURANCE LITIGATION         :  08-Civ-11117 (TPG)
                                     :
This Document Relates To:            :  ECF CASE
All Actions                          :
                                     :
------------------------------------------------------------------x


# MEMORANDUM OF LAW OF MICHAEL S. MARTIN IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SUR-REPLY

**WOHL & FRUCHTER LLP**
570 Lexington Avenue, 16th Floor
New York, New York  10022
Telephone: (212) 758-4000

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Telephone: (845) 459-0001

*Co-Counsel for Michael S. Martin*

Michael S. Martin respectfully submits this memorandum of law in support of his motion (the "Sur-Reply Motion") seeking leave to file the short (5 page) sur-reply annexed to the Sur-Reply Motion as Exhibit B ("Martin Sur-Reply"). As discussed herein, the Martin Sur-Reply is limited to addressing points made in the *Declaration of Layn R. Phillips In Support of Motion for Approval of Fund Distribution Account Plan of Allocation*, dated August 17, 2015 (ECF 1160) ("Phillips Declaration"), which was first filed in connection with Class Counsel's reply papers in further support of their motion for approval of their Plan of Allocation for the Fund Distribution Account ("CC FDA POA") (ECF 1157, as amended at ECF 1161). A Proposed Order granting permission to file the Martin Sur-Reply is annexed to the Sur-Reply Motion as Exhibit A.

## ARGUMENT

**I.  A SUR-REPLY IS NECESSITATED BY THE FILING OF THE PHILLIPS DECLARATION TOGETHER WITH CLASS COUNSEL'S REPLY PAPERS**

When a new affidavit is submitted with reply papers in further support of a motion, the Court should permit the opposing party to file a sur-reply responding to the new affidavit prior to disposition of the motion (especially where the new affidavit surprises the opposing party). *See Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000). *Accord Bonnie & Co. Fashions v. Bankers Trust Co.*, 945 F. Supp. 693, 708 (S.D.N.Y. 1996). *See also Navarrete De Pedrero v. Schweizer Aircraft Corp.*, 635 F. Supp. 2d 251, 258 (W.D.N.Y. 2009) (granting request to file sur-reply in response to reply declaration).[1]

Here, as set forth below, the mediator in this Action, former U.S. District Court Judge Layn R. Phillips, only first submitted a declaration supporting the CC FDA POA (and opposing

---

[1] Indeed, the Court may in its discretion decline to consider an affidavit submitted for the first time on reply. *See, e.g., Anderson v. Nat'l Grid, PLC*, No. 12-CV-4422 JFB ARL, 2015 WL 1323977, at *19 n.17 (E.D.N.Y. Mar. 25, 2015).

Mr. Martin's July 13, 2015 motion; ECF 1093) on August 17, 2015 (ECF 1160), together with Class Counsel's reply papers in further support of the CC FDA POA. (ECF 1157, as amended at ECF 1161). This came as a surprise since there was no prior indication that Judge Phillips intended to either (i) urge approval of the CC FDA POA, or (ii) oppose Mr. Martin's motion for, *inter alia*, approval of his proposed plan of allocation for the FDA ("Martin FDA POA") (ECF 1094-1); disclosure of all agreements made in connection with the CC FDA POA under Federal Rule 23(e)(3); and limited post-judgment discovery (the "Martin Motion"). (ECF 1093). Therefore, Mr. Martin respectfully requests permission to file a sur-reply addressing certain points in the Phillips Declaration, as per the cases cited above.[2]

Briefly, beginning on July 28, 2014, Class Counsel and various other parties in this Action participated in a mediation presided over by former U.S. District Court Judge Layn R. Phillips in an attempt to forge a consensus concerning a plan of allocation ("POA") for the (i) Net Settlement Fund ("NSF"), and (ii) Fund Distribution Account ("FDA") created under the stipulation ("Stipulation"), dated February 25, 2011, partially settling this Action. (ECF 1160 at ¶¶ 5-6).[3]

---

[2] While "reply papers may properly address new material issues raised in the opposition papers," *Bayway*, 215 F.3d at 226-27, as set forth below (and as acknowledged in the Phillips Declaration; ECF 1160 at ¶ 21), Mr. Martin first noted the absence of a declaration by Judge Phillips in support of the CC FDA POA on July 13, 2015, in his initial brief in support of the Martin Motion (ECF 1095 at 20 n. 10), and not for the first time in his opposition papers. Additionally, to the extent the Phillips Declaration opposes the Martin Motion, it constitutes an impermissible sur-reply declaration to Mr. Martin's omnibus reply memorandum of law in response to opposition to the Martin Motion and in further support of the Martin Motion. (ECF 1150).

[3] Class Counsel continues to insist that the mediation spanned "almost two years." (ECF 1161 at 1). The Phillips Declaration confirms that the mediation commenced on July 28, 2014, just over a year ago. (ECF 1160 at ¶ 6). The discrepancy is significant since, as Mr. Martin has previously argued, to the extent Class Counsel engaged in negotiations with parties prior to the commencement of the mediation, those communications are indisputably not protected by any mediation privilege. *See* ECF 1150 at 30.

On December 15, 2014, Class Counsel moved for approval of the NSF POA. (ECF 987). That motion was accompanied by a *Declaration of Layn R. Phillips In Support of Motion for Approval of Net Settlement Fund Plan of Allocation*, dated December 15, 2014 (ECF 989), urging approval of the NSF POA as "the product of hard-fought, arm's-length negotiations." (ECF 989 at ¶ 12).

On July 10, 2015, Class Counsel moved for approval of the CC FDA POA. (ECF 1088). That motion was not accompanied by any declaration by Judge Phillips. Nor did Class Counsel state that Judge Phillips intended to file a declaration urging approval of the CC FDA POA.

On July 13, 2015, Mr. Martin filed the Martin Motion seeking, *inter alia*, (i) approval of the Martin FDA POA (ECF 1094-1); (ii) disclosure of the terms of all agreements made in connection with the CC FDA POA pursuant to Rule 23(e)(3); and (iii) limited post-judgment discovery. (ECF 1093). As acknowledged in the Phillips Declaration (ECF 1160 at ¶ 21), the initial brief filed in support of the Martin Motion observed that "Judge Phillips did not submit an affirmation in connection with Class Counsel's submission of the CC FDA POA, as he did in connection with Class Counsel's submission of the Net Settlement Fund Plan of Allocation ("NSF POA") (ECF 989), which highlights the lack of consensus concerning the CC FDA POA." (ECF 1095 at 20 n. 10).[4]

---

[4] The Phillips Declaration states that Mr. Martin's counsel did not reach out to Judge Phillips prior to filing the Martin Motion. (ECF 1160 at ¶ 21). That is because, as far as Mr. Martin's counsel understood from communications with Class Counsel, the mediation was over after the May 8, 2015 session in terms of any entertaining any further material changes to the CC FDA POA. Corroborating that understanding is the fact that Tremont issued its tender to Mr. Martin on May 21, 2015, thus (in the mistaken view of Tremont and Class Counsel) purporting to eliminate any further need to consider Mr. Martin's views. *See* Exhibit J to the Declaration of J. Elazar Fruchter, dated August 10, 2015. (ECF 1094-10). *See also* ECF 1150 at 18-24 (rebutting Class Counsel's arguments that the May 21, 2015 tender deprived Mr. Martin of standing).

3

On July 30, 2015, Class Counsel (and various institutional investors) filed oppositions to the Martin Motion. (ECF 1128, 1129, 1131, 1132, 1133, 1134) ("Martin Oppositions"). The Martin Oppositions were <u>not</u> accompanied by a declaration by Judge Phillips opposing the Martin FDA POA, or the disclosure and discovery requested in the Martin Motion.

On August 10, 2015, Mr. Martin filed (i) a memorandum of law in opposition to, *inter alia*, the CC FDA POA (ECF 1146) ("Opposition Memo"); and (ii) a reply memorandum of law in response to the Martin Opposition and in further support of the Martin Motion. (ECF 1150). The Opposition Memo noted again that "the mediator did not file a declaration in support of the CC FDA POA urging its approval as "the product of hard-fought, arm's-length negotiations" (as he did for the NSF POA; see ECF 989 at ¶ 12)." (ECF 1146 at 1).

On August 17, 2015, Class Counsel filed their reply memorandum of law in further support of the CC FDA POA. (ECF 1157, as amended at ECF 1161). Simultaneously with the filing of Class Counsel's reply memorandum of law, Judge Phillips filed the Phillips Declaration, which supports the CC FDA POA, and "addresses" (as a practical matter, opposes) the Martin FDA POA, and Mr. Martin's requests for disclosure of all agreements made in connection with the CC FDA POA under Federal Rule 23(e)(3), and post-judgment discovery. (ECF 1160 at ¶ 1). As noted above, this came as a surprise.

Concerning the justification for not filing a declaration prior to August 17, 2015, the Phillips Declaration opines that it was not appropriate to submit a declaration until, among other things, Judge Phillips "had seen and reviewed any and all objections to the FDA Consensus PoA, competing proposals, etc." (ECF 1160 at ¶ 21). However, the Phillips Declaration also states that Judge Phillips was already intimately familiar with all of the positions of all the participants in the mediation as of the date (i.e., July 10, 2015) that Class Counsel filed their motion for

4

approval of the CC FDA POA. (*Id.* at ¶¶ 6, 10-20). Moreover, the above justification does not explain why a separate declaration was not filed immediately after the filing of the Martin Motion on July 13, 2015, to share the mediator's position on how mediation confidentiality impacted Mr. Martin's requests for disclosure and discovery, since the mediator's views on those issues were clearly already formed at that time. In any event, whatever the reason for the delayed filing, the fact remains that the Phillips Declaration is a new affidavit submitted in connection with Class Counsel's reply papers, and thus Mr. Martin respectfully requests an opportunity to respond to the points raised therein (as per the caselaw cited above).

## CONCLUSION

Based on the foregoing facts, and the authorities cited above, Mr. Martin respectfully requests entry of the Proposed Order annexed to the Sur-Reply Motion as Exhibit A granting permission to Mr. Martin to file the Martin Sur-Reply annexed to the Sur-Reply Motion as Exhibit B.

Dated:   New York, New York
         August 18, 2015                    Respectfully submitted,

| | |
|---|---|
| **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.** | **WOHL & FRUCHTER LLP** |
| By: */s/ Gary S. Graifman* | By: */s/ J. Elazar Fruchter* |
| Gary S. Graifman | J. Elazar Fruchter |
| 747 Chestnut Ridge Road | 570 Lexington Avenue, 16th Floor |
| Chestnut Ridge, NY 10977 | New York, New York 10022 |
| Telephone: (845) 459-0001 | Telephone: (212) 758-4000 |
| Facsimile: (845) 356-4335 | Facsimile: (212) 758-4004 |
| *Co-Counsel for Michael Martin* | *Co-Counsel for Michael Martin* |