# WOHL & FRUCHTER LLP

570 LEXINGTON AVENUE, 16TH FLOOR
NEW YORK, NY 10022

T 212 758 4000
F 212 758 4004

www.wohlfruchter.com

August 19, 2015

**VIA ECF**

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:  *In re Tremont Sec. Law, State Law and Ins. Litig.,* No. 08 Civ. 11117 (TPG) (S.D.N.Y.) – Reply to Opposition to Motion for Sur-Reply (ECF 1162)

Dear Judge Griesa:

In reply to Class Counsel's opposition (ECF 1164) to Mr. Martin's motion for leave to file a sur-reply (ECF 1162) ("Sur-Reply Motion"), Mr. Martin never purported to characterize the mediator's personal views. Instead, Mr. Martin highlighted that, unlike with respect to the NSF POA, the mediator had not filed a declaration in support of the CC FDA POA with Class Counsel's motion for approval of same. (ECF 1095 at 20 n. 10; ECF 1146 at 1).

As noted in Mr. Martin's memorandum of law in support of the Sur-Reply Motion, counsel did not reach out to the mediator because we understood from communications with Class Counsel that the mediation was over, and approval of an FDA POA would thereafter be litigated. (ECF 1163 at 3 n.4). Even after Mr. Martin's initial motion was filed (ECF 1093), we were never advised that the mediator was continuing to play a role, and there was no basis to believe otherwise.

The issue with the mediator having waited to issue a declaration until after reviewing all the objections, and weighing the arguments for and against the CC FDA POA, is that the Phillips Declaration now effectively functions as an expert opinion in favor of Class Counsel on an ultimate issue of law now before the Court, *i.e.*, whether the CC FDA is "fair, reasonable, and adequate" under Federal Rule 23(e)(2). Therefore, Mr. Martin respectfully submits that he should have an opportunity to respond. *See Baldwin v. EMI Feist Catalog, Inc.*, 989 F. Supp. 2d 344, 351 (S.D.N.Y. 2013) (testimony expressing legal conclusions "invades the province of the Court.") (citation omitted); *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) ("it is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court.") (citation omitted).

Judge Thomas P. Griesa
August 19, 2015
Page 2

**WOHL & FRUCHTER** LLP

Additionally, given that the mediator's arguments regarding mediation confidentiality represent a new submission on a contested issue, Mr. Martin respectfully submits that he should have an opportunity to respond to those arguments as well.

Mr. Martin's proposed Sur-Reply (annexed as Exhibit B to the Sur-Reply Motion) is limited to addressing the above two issues.[1]

Respectfully submitted,

*/s/ J. Elazar Fruchter*

J. Elazar Fruchter

cc: All counsel via ECF

---

[1] With respect to whether the negotiations concerning the CC FDA POA were arm's length, our prior submissions address the evidence of collusion (ECF 1095 at 11-15; ECF 1150 at 28-29), which the Phillips Declaration does not directly rebut.