UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
IN RE TREMONT SECURITIES LAW, STATE  : Master File No.
LAW AND INSURANCE LITIGATION          : 08-Civ-11117 (TPG)
                                      :
This Document Relates To:             : ECF CASE
All Actions                           :
                                      :
------------------------------------------------------------------x


**SUR-REPLY OF MICHAEL S. MARTIN IN RESPONSE TO DECLARATION
OF LAYN R. PHILLIPS IN SUPPORT OF MOTION FOR APPROVAL OF
FUND DISTRIBUTION ACCOUNT PLAN OF ALLOCATION**


**WOHL & FRUCHTER LLP**
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 758-4000

**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Telephone: (845) 459-0001

*Co-Counsel for Michael S. Martin*

Michael S. Martin respectfully submits this sur-reply in response to the *Declaration of Layn R. Phillips In Support of Motion for Approval of Fund Distribution Account Plan of Allocation*, dated August 17, 2015 ("Phillips Declaration"). (ECF 1160).

## ARGUMENT

I. **THE PHILLIPS DECLARATION NEITHER (I) CURES THE DEFECTS IN THE CC FDA POA, NOR (II) ENTITLES THE CC FDA POA TO DEFERENCE**

In his brief in opposition to the CC FDA POA, Mr. Martin argued that "*[e]ven had the mediator supported Class Counsel's proposed allocation* and/or collusion was absent, the Court should still reject the CC FDA POA on its merits because it is inconsistent with the Stipulation, and unjustifiably favors Rye Investors." (ECF 1146 at 21) (emphasis added). Thus, even though Judge Phillips has announced his support for the CC FDA POA, such support cannot cure the defects in the CC FDA POA that preclude its approval. (ECF 1146 at 9-20). Importantly, it is not a matter of achieving "a perfect allocation" as the Phillips Declaration suggests. (ECF 1160 at ¶ 21). Rather, as Mr. Martin has argued, it is a matter of approving an FDA POA that is consistent with the terms of the Stipulation (as this Court directed; ECF 1146 at 5), and complies with the relevant statutes and caselaw. (ECF 1146 at 5-20, 22).

Further, Second Circuit caselaw is clear that even the support of a mediator is not a basis to grant deference to a settlement where class counsel has a conflict of interest with a subset of class members that have been targeted for inferior treatment. (ECF 1146 at 22 n.11) (citing *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242 (2d Cir. 2011)). *See also Radcliffe v. Experian Info. Solutions Inc.,* 715 F.3d 1157, 1167 (9th Cir. 2013) (conflicted representation provides an independent ground for denying approval of a <u>mediated</u> settlement).

Additionally, in opining that the mediation has achieved "substantial consensus" on the CC FDA POA, the Phillips Declaration overlooks that the support for the CC FDA POA is self-

1

serving. (ECF 1146 at 1).[1]

Finally, because it opines that, upon review of "any and all objections to the FDA Consensus PoA, competing proposals, etc," the CC FDA POA is "fair and reasonable" (ECF 1160 at ¶¶ 21-22), the Phillips Declaration functions as an expert opinion that impermissibly offers a conclusion on an ultimate issue of law now before the Court (i.e., whether the CC FDA is "fair, reasonable, and adequate" under Federal Rule 23(e)(2)). *See Baldwin v. EMI Feist Catalog, Inc.*, 989 F. Supp. 2d 344, 351 (S.D.N.Y. 2013) (testimony expressing legal conclusions "invades the province of the Court.") (citation omitted); *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) ("it is axiomatic that an expert is not permitted to provide legal opinions, legal conclusions, or interpret legal terms; those roles fall solely within the province of the court.") (citation omitted). *See also* Declaration of Vincent Gresham, dated April 10, 2015, at ¶ 13 (quoting April 11, 2012 order of the United States District Court for the Western District of Washington in *FDIC vs. Killinger*, Case No C11-459 MJP (WD Wash.) that opinion of the mediator in that case (i.e., Judge Phillips) on the reasonableness of a settlement is not a substitute for the Court's independent analysis). (ECF 1031 at ¶ 13). The declaration of Judge Phillips in support of the NSF POA acknowledged these principles. (ECF 989 at ¶ 12).

---

[1] The Phillips Declaration also fails to indicate the basis for the opinion of "substantial" consensus. To the extent that opinion is based on Class Counsel's representation that the CC FDA POA has the "active support of the holders of approximately $3.62 billion in net investments" (ECF 1161 at 1), Mr. Martin questions what percentage of total investor losses that $3.62 billion truly represents in light of Class Counsel's mistaken position that Mr. Martin's maximum recovery under any FDA POA is only $40,257 even though Mr. Martin's "Recognized Claim," calculated under the provisions of the CC FDA POA, is $619,335. (ECF 1150 at 20 n. 15). Also, there has been no analysis concerning what percentage of all investors with losses (irrespective of the size of losses) support the plan.

## II. THE MEDIATION IS NOT AN ABSOLUTE BAR AGAINST (I) DISCLOSURE OF ALL AGREEMENTS MADE IN CONNECTION WITH THE CC FDA POA REQUIRED UNDER FEDERAL RULE 23(E)(3) AND (II) LIMITED POST-JUDGMENT DISCOVERY

Preliminarily, the Phillips Declaration alleges that Mr. Martin "selectively quotes" from the mediation confidentiality agreement ("Mediation Agreement") that all mediation participants signed at the outset of the mediation. (ECF 1160 at ¶ 8). That is incorrect. Mr. Martin attached a true and correct copy of the complete Mediation Agreement as Exhibit K to the Declaration of J. Elazar Fruchter, dated July 13, 2015 ("July 2015 Fruchter Declaration"), filed in support of the Martin Motion (ECF 1094-11), and then quoted in his brief from the portion referencing Rule 408 of the Federal Rules of Evidence ("Rule 408") (ECF 1095 at 15). The final paragraph of the Mediation Agreement omitted from the quote in the brief (beginning "in short…") simply purports to state the implications of the prior sentence, and thus does not qualify the reference to Rule 408. Moreover, the reference to Rule 408 tracks the reference to Rule 408 in Section 1.c of the *Procedures of Mediation Program of the Southern District of New York* ("The mediation process shall be treated as a compromise negotiation for purposes of Rule 408 of the Federal Rules of Evidence…"). *See* Exhibit Q to the Declaration of J. Elazar Fruchter, dated August 10, 2015. (ECF 1145-17 at § 1.c). Therefore, Mr. Martin respectfully submits that, as he has previously argued, principles governing the disclosure of settlement discussions under Rule 408 should govern disclosure of mediation-related communications here. (ECF 1095 at 15-16).

Mr. Martin respectfully submits that the intent of the participants in the mediation in this Action concerning the scope of protection afforded to mediation-related communications is clear and unambiguous from the language of the Mediation Agreement, and therefore testimony regarding the intent of additional oral instructions is inadmissible. *See RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 314 (2d Cir. 2003) (parties' intent must be gleaned from within four

corners of the instrument). However, even assuming *arguendo* that oral instructions at the mediation were intended to impose broader protections than those available under the Mediation Agreement that was signed (*see* ECF 1160 at ¶ 8), and evidence of such intent is admissible (which Mr. Martin does not concede), it is clear that in the Second Circuit, under *In re Teligent, Inc.*, 640 F.3d 53 (2d Cir. 2011), there is no absolute bar against disclosure of mediation-related communications that never yields to other considerations. Instead, the Second Circuit has stated that "[a] party seeking disclosure of confidential mediation communications must demonstrate (1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality." *Teligent*, 640 F.3d at 58. As previously argued, Mr. Martin respectfully submits that securing the information the Court requires to fulfill its fiduciary duty to evaluate the fairness of the CC FDA POA is precisely a circumstance in which mediation confidentiality must yield under *Teligent*. (ECF 1095 at 16-18).

Further, the Mediation Agreement only covers "statement[s] made during the course of the mediation" and "materials generated for the purpose of the mediation." (ECF 1094-11, July 2015 Fruchter Declaration, Exhibit K). It does not purport to shield agreements reached between Class Counsel and other mediation participants in connection with the CC FDA POA that must be disclosed under Federal Rule 23(e)(3) (providing that "[t]he parties seeking approval [of a proposal governed by Rule 23(e)] must file a statement identifying any agreement made in connection with the proposal." Fed. R. Civ. P. 23(e)(3)). As previously argued, courts distinguish between disclosure of settlement communications, and disclosure of settlement agreements resulting from such communications, and more readily authorize the latter. (ECF 1095 at 17; ECF 1150 at 27). Indeed, this Court has already recognized this distinction when, at the hearing

4

on May 28, 2015, it required counsel for 146 readmitted investors to disclose that his clients had received something extra in connection with their side deal with Class Counsel to support the CC FDA POA. (ECF 1095 at 13).

Finally, as previously argued, the mediation cannot (i) shield relevant communications between Class Counsel and others that preceded the mediation (which began on July 28, 2014, and not, as Class Counsel maintains, "almost two years ago;" ECF 1161 at 1), and (ii) preclude discovery of pre-existing facts or documents disclosed during the mediation. (ECF 1150 at 30). Such disclosure would be consistent with the Mediation Agreement, which only covers "statement[s] *made during the course of the mediation*" and "materials generated *for the purpose of the mediation*." (emphasis added). (ECF 1094-11, July 2015 Fruchter Declaration, Exhibit K).

## CONCLUSION

For the foregoing reasons, and others previously argued, the Court should (i) deny Class Counsel's motion in its entirety; (ii) grant the Martin Motion in its entirety; and (iii) grant such other relief as the Court deems just and proper.

Dated: New York, New York
August 18, 2015

Respectfully submitted,

| | |
|---|---|
| **KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.** | **WOHL & FRUCHTER LLP** |
| By: /s/ Gary S. Graifman | By: /s/ J. Elazar Fruchter |
| Gary S. Graifman<br>747 Chestnut Ridge Road<br>Chestnut Ridge, NY 10977<br>Telephone: (845) 459-0001<br>Facsimile: (845) 356-4335 | J. Elazar Fruchter<br>570 Lexington Avenue, 16th Floor<br>New York, New York 10022<br>Telephone: (212) 758-4000<br>Facsimile: (212) 758-4004 |
| *Co-Counsel for Michael Martin* | *Co-Counsel for Michael Martin* |