# ENTWISTLE & CAPPUCCI

Entwistle & Cappucci LLP
280 Park Avenue
26th Floor West
New York, NY 10017

(212) 894-7200 Main
(212) 894-7272 Fax
www.entwistle-law.com

August 20, 2015

**VIA ECF**

Honorable Thomas P. Griesa
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> **Re:** *In re Tremont Securities Law, State Law and Insurance Litigation*,
> <u>Master File No. 08 Civ. 11117 (TPG)</u>

Dear Judge Griesa:

We write in brief response to Mr. Gresham's request to file a proposed sur-reply (ECF No. 1167) ("Sur-Reply") and note that the proposed Sur-Reply, itself:

- Fails to cure the fact that Mr. Gresham's original group of client objectors (a group that includes objectors that held up the original Settlement for two years) all accepted tenders of their Madoff-related losses and, thus, have no standing or the fact that his two new apparent clients, John Johnson and West Trust, have never previously appeared and have just $104,367.60 in Madoff-related losses between them;

- Ignores the fact that, in addition to Class Counsel, the Tremont Funds had varied representation during the Mediation including, among others, Tremont Opportunity Fund II, L.P. investors HSBC and Mr. Martin, the Insurer Group of Tremont Opportunity Fund III, L.P. ("TOF III") investors, and for the Tremont Market Neutral Fund, L.P. ("TMNF") specifically, representation at the Mediation through Class Representative Group Defined Pension Plan and Trust;

- Ignores again and again the fact that the FDA is distributing the interests of the Rye Funds and that the FDA is not a vehicle for Tremont Fund investors, like his clients, to resolve their dispute with Tremont over money the Tremont Fund of Funds may have contributed to the Trustee Settlement in 2011 -- claims that are long since time-barred

and that were never part of this litigation in any event, as the Second Circuit observed in approving the Settlement;

- Mischaracterizes the 99% Swap Counterparty/NSF-related settlement as having any relationship to HSBC's now-settled collateral rights in the XL Fund's Cross Investment in Rye Onshore (as the long since final 99% agreement is wholly unrelated to the FDA);

- Ignores the fact that the final Court-approved Settlement vested in Class Counsel the authority (under the Court's supervision, of course) to act for and administer the assets of the Rye Funds in connection with the FDA, which includes the absolute right to negotiate on behalf of those Funds and resolve disputed claims like the XL Fund/HSBC collateral dispute -- the resolution of which provides an upfront payment to the XL Fund of an additional $25.45 million that it would not otherwise be entitled to, absent this settlement of HSBC's wholly enforceable contractual rights in a way that materially favors the XL Fund under the facts discussed in our reply brief (ECF No. 1161 at 25-27);

- Wrongly refers to the TMNF partnership agreement in the context of the FDA because, as noted above and in our papers (ECF No. 1161 at 8), the FDA does not liquidate Tremont Fund assets; the Second Circuit in the Madoff context has specifically rejected the last statement method Mr. Gresham advocates (*In re Bernard L. Madoff Inv. Securities LLC*, 654 F.3d 229, 238-39 (2d Cir. 2011)); the Consensus FDA POA preserves net Cross Investments (which Mr. Gresham incorrectly asserts are not preserved for TMNF and Tremont Market Neutral Fund II, L.P. ("TMNF II")). In fact, those Funds are credited with all of their net Cross Investments where they had not previously received more money back than was invested (*i.e.*, "net winner" investments). In this regard, TMNF and TMNF II were significant net winners in the Rye Onshore Fund -- TMNF was net positive $7.4 million and TMNF II was net positive $5.99 million (facts I personally advised Mr. Gresham about before his Sur-Reply filing). TMNF and TMNF II were net losers in the XL and Prime Funds and they receive credit for those net Cross Investments (ECF No. 1158-3);

- Grossly mischaracterizes the Mediator's Declaration, which we will let speak for itself in terms of the arm's-length nature of the process, vigor of the negotiations and fairness of the Consensus FDA POA;

- Mischaracterizes the correction of a math error in the earlier version of the FDA POA related to the Tremont Funds' allocation based upon their Virtual SIPC Claims as somehow improper. In fact, Mr. Gresham goes so far as to attempt to enforce this math error. The fact is the prior version of the FDA overstated the 80% Virtual SIPC Claims because of the inclusion of two Funds excluded by the terms of the Settlement. This created an inadvertent windfall to the Tremont Funds, to the detriment of Fund Distribution Claimants invested in Rye Onshore and Rye Offshore, with whom Class Counsel negotiated the Virtual SIPC Claims during the Mediation. All of this is explained in detail in the reply papers (ECF No. 1161 at 24), which also confirm that the largest investors in TOF III, Rye Onshore and Rye Offshore have all signed off on the corrections (ECF No. 1161 at 24-25);

- Ignores the fact that the adjustment to the Rye Insurance Fund Mr. Gresham complains about comes from investors in Rye Onshore and Rye Offshore, Funds his clients have no

2

interest in and as to which Fund Distribution Claimants in those Funds have agreed without objection (and with the active support of the bulk of the net investment in those Funds);

- Lastly, and perhaps most ironically, Mr. Gresham complains about the amount of time, energy and effort expended by Class Counsel when much of that time, energy and effort was expended in response to meritless motion practice and appeals by his clients.

The above notwithstanding (and while we think the Sur-Rely is as meritless as the Gresham group's prior filings), Class Counsel otherwise have no objection to the filing, and defer any further response to oral argument at the hearing (although we note we will file this letter on ECF and attached to an affidavit to preserve the record).

Respectfully submitted,

Andrew J. Entwistle

cc: All Counsel of Record (Via ECF)

3

EC.59188.1