UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/2/18

------------------------------------------------------------x

In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION

**ORDER**
08 Civ. 11117 (CM)

------------------------------------------------------------x

This Document Relates to: All Actions

------------------------------------------------------------x

**ORDER DENYING MOTION FOR RECUSAL**

McMahon, C.J.:

Now before the Court are the Tremont Fund Objectors' ("TFO") motions for recusal and relief in connection with their allegation that Judge Griesa had an "undisclosed financial interest" in two class members – Royal Bank of Scotland, N.V. and HSBC Holdings – during the time he presided over the underlying class and derivative action. Dkt. No. 1249; Dkt. No. 1252. TFO moves for relief due to Judge Griesa's alleged violation of 28 U.S.C. § 455. Dkt. No. 1252. TFO moves to recuse "all Southern District of New York judges" from adjudicating the aforementioned motion for relief because "many SDNY Judges have engaged in the same conduct" and thus cannot "adjudicate such motion without creating an appearance of partiality in violation of § 455(a)." Dkt. No. 1249, at 1-2.

Judge Griesa is deceased, so the motion as to him is moot. The case was reassigned to me from Judge Griesa's docket, so I will treat the motion as being addressed to this court. I have no "financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C.

§ 455(b)(4); ABA Model Code of Judicial Conduct Rule (4)(c). Therefore, there is no basis for me to recuse myself from hearing this case. The motion for recusal is DENIED.

Movants argue that no judge in this district shall be allowed to decide this recusal motion, because we have all engaged in behavior that demonstrates that we cannot impartially adjudicate the recusal motion. The only judge whose conduct is relevant is me, because I am the assigned judge. I deny the Objectors' suggestion that I am not qualified to decide whether I have a financial interest in the matter. That said, I confess that everyone in my chambers was mystified as to how my signature stamp came to be placed on an order *sua sponte* transferring a newly-filed *in forma pauperis* case from this court to the Eastern District of New York, before any substantive action could be taken in the matter. Under no circumstances should any order – including this non-substantive order to transfer – have been issued under my name in a case involving JetBlue. I have to thank Objectors for alerting me to a flaw in our screening protocol for *sua sponte* orders – which can now be corrected. However, the fact that an error was made in *that* case, has nothing to do with whether this court is disqualified from hearing *this* case.

The clerk is directed to deny the motion at docket numbers 1248 and 1251, and to remove them from the court's list of open motions.

Dated: February 2, 2018

U.S.D.J.

BY ECF TO ALL COUNSEL